KAMALA D. HARRIS, State Bar No. 146672
Attorney General of California
TIMOTHY R. PATTERSON, State Bar No. 72209
Supervising Deputy Attorney General
THOMAS G. HELLER (Counsel for service)
State Bar No. 162561
DENNIS L. BECK, JR., State Bar No. 179492
Deputy Attorneys General
 300 South Spring Street, Suite 1702
 Los Angeles, CA 90013
 Telephone:  (213) 897-2628
 Fax:  (213) 897-2802
 E-mail:  Thomas.Heller@doj.ca.gov
*Attorneys for the California Department of Toxic Substances Control and the Toxic Substances Control Account*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| **CALIFORNIA DEPARTMENT OF TOXIC SUBSTANCES CONTROL and the TOXIC SUBSTANCES CONTROL ACCOUNT,**<br><br>Plaintiffs,<br><br>v.<br><br>**JIM DOBBAS, INC., a California corporation; CONTINENTAL RAIL, INC., a Delaware corporation; DAVID VAN OVER, individually; PACIFIC WOOD PRESERVING, a dissolved California corporation; and WEST COAST WOOD PRESERVING, LLC, a Nevada limited liability company,**<br><br>Defendants. | Case No.<br><br>**COMPLAINT FOR RECOVERY OF RESPONSE COSTS; DECLARATORY RELIEF; INJUNCTIVE RELIEF; TREBLE DAMAGES; AND CIVIL PENALTIES**<br><br>(Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), 42 U.S.C. § 9607(a) and 9613(g)(2), and supplemental state law claims) |

Plaintiffs, the California Department of Toxic Substances Control ("Department") and the Toxic Substances Control Account (together "Plaintiffs"), allege as follows:

## JURISDICTION

1. This Court has jurisdiction under 28 U.S.C. sections 1331 and 1367, and under section 113(b) of the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), 42 U.S.C. section 9613(b).

## VENUE

2. Venue is proper in this district under 42 U.S.C. section 9613(b) and 28 U.S.C. section 1391(b), because the releases and threatened releases of hazardous substances into the environment that are at issue occurred in this judicial district.

## INTRA-DISTRICT ASSIGNMENT

3. Under Local Rule 120(d), Plaintiffs are filing this action in the Sacramento Division of the Eastern District because it arose in Solano County.

## STATEMENT OF THE ACTION

4. Plaintiffs make a claim against Defendants under section 107(a) of CERCLA, 42 U.S.C. section 9607(a), for the recovery of response costs and interest on such response costs that Plaintiffs have incurred in connection with releases and threatened releases of hazardous substances, including arsenic, chromium, and copper, at, beneath, and/or from the approximately 7.5 acre property located northwest of the intersection of A Street and Holdener Road in the community of Elmira, Solano County, California. The property has a street address of 147 A Street, Elmira, California 95625, and is identified by Solano County Assessor's Parcel Number(s) 142-010-130, 142-010-140, and 142-042-010. The property, and the areal extent of the hazardous substances contamination that is, or has been, present at or has extended from the property, are referred to herein as "the Site."

5. Plaintiffs further make a claim for declaratory relief, under 28 U.S.C. section 2201 and section 113(g)(2) of CERCLA, 42 U.S.C. section 9613(g)(2), for a declaratory judgment that each of the Defendants is jointly and severally liable to Plaintiffs for future response costs

incurred by the Plaintiffs in responding to releases and threatened releases of hazardous substances at, beneath, and/or from the Site.

6. Plaintiffs also seek injunctive relief, treble damages, and civil penalties against certain Defendants pursuant to a supplemental state law claim under Chapter 6.8 of Division 20 of the California Health and Safety Code, for the Defendants' failure to comply with an Imminent or Substantial Endangerment Determination Order and Remedial Action Order that the Department issued to those Defendants, concerning the releases and threatened releases of hazardous substances referenced above.

**PLAINTIFFS**

7. The Department is a public agency of the State of California, organized and existing under California Health and Safety Code section 58000 et seq. The Department is responsible under state law for determining whether there has been a release and/or threatened release of a hazardous substance into the environment and for responding to releases and/or threatened releases of a hazardous substance into the environment.

8. The Toxic Substances Control Account is an account within the State of California General Fund. California Health and Safety Code section 25173.6 establishes the account, and the director of the Department administers it. Under California Health and Safety Code section 25361(a), the account shall be a party in any action for recovery of response costs or expenditures incurred from the account under Chapter 6.8 of Division 20 of the California Health and Safety Code.

**DEFENDANTS**

9. Defendant Jim Dobbas, Inc. ("Dobbas") is a California corporation, with its principal place of business in Placer County, California. It owned an undivided fifty percent interest in the Site from on or about March 20, 1997 to on or about February 11, 2011, and conducted business operations there during all or part of that time.

10. Defendant Continental Rail, Inc. ("CRI") is a Delaware corporation. Under Delaware Code, title 8, section 510, its charter is presently void, and all powers conferred by Delaware law on the corporation are presently inoperative. It owned an undivided fifty percent interest in the

3

COMPLAINT

1  Site from on or about March 20, 1997 to on or about February 11, 2011, and conducted business
2  operations there during all or part of that time.
3     11.  Defendant David van Over ("Van Over") is a citizen of California residing in Solano
4  County, California.  He currently owns and operates the Site.
5     12.  Defendant Pacific Wood Preserving ("PWP") is a dissolved California corporation.  It
6  conducted business operations at the Site from about 1972 to on or about September 12, 1979,
7  and owned it from 1977 to on or about September 12, 1979.
8     13.  Defendant West Coast Wood Preserving, LLC ("West Coast Wood") is a Nevada
9  limited liability company, with its principal place of business in Kern County, California.  It is a
10 successor to Defendant PWP, as evidenced by the following facts:

- PWP was incorporated in 1972.
- The sole or primary shareholder of PWP was non-party Richard F. Jackson (deceased March 2012).
- Mr. Jackson elected to wind up and dissolve PWP on or about December 30, 1979.
- Before PWP's dissolution, Mr. Jackson caused the formation of what is now West Coast Wood Preserving, LLC, which was originally organized as Pacific Wood Preserving of Bakersfield Inc. ("PWP-Bakersfield"), in October 1978.
- On information and belief, Mr. Jackson was the sole or primary shareholder of PWP-Bakersfield until his death in March 2012, just as he was the sole or primary shareholder of PWP.
- Mr. Jackson was a director of both PWP and PWP-Bakersfield.
- Mr. Jackson was the President of PWP during most of all of its corporate existence, and was also the President of PWP-Bakersfield from at least September 1980 until his death.
- In 1979, PWP-Bakersfield (now West Coast Wood) started business operations on property that PWP owned in Bakersfield, California, and has operated at that location through the present.

4

- Since 1979, PWP-Bakersfield (now West Coast Wood) has engaged in substantially the same wood preserving business at a facility in Bakersfield, California as PWP conducted at the Site in Elmira, California until 1979.
- PWP conveyed its Bakersfield, California property directly to PWP-Bakersfield in September 1981 for unknown consideration.
- PWP's transfer of its Bakersfield, California property to PWP-Bakersfield occurred almost two years *after* PWP certified that it had dissolved.
- PWP-Bakersfield (now West Coast Wood), which incorporated in October 1978, has stated in company brochures and elsewhere that it has operated since 1972, the year of PWP's incorporation.
- PWP-Bakersfield (West Coast Wood) has stated on its website that the proceeds from PWP's sale of the assets of its facility in Elmira, California were used to start the PWP-Bakersfield facility in Bakersfield, California.
- On or about November 19, 2013, PWP-Bakersfield filed Articles of Conversion with the Nevada Secretary of State that provided for the conversion of PWP-Bakersfield to West Coast Wood.
- The Articles of Conversion attached a plan of conversion stating that all debts, liabilities, and obligations of PWP-Bakersfield "shall be assumed and continue as debts, liabilities, and obligations" of West Coast Wood.

**GENERAL ALLEGATIONS**

14. Defendant PWP conducted wood preserving operations at the Site from approximately 1972 through on or about September 12, 1979.

15. From on or about September 12, 1979 through approximately 1982, non-party Collins & Aikman Products, LLC, a cancelled Delaware limited liability company under Delaware Code, title 6, section 18-203 (formerly known as Collins & Aikman Products Co., and the successor by merger to The Wickes Corporation) ("C&A Products") conducted wood preserving operations at the Site.

16. At various times since 1972, hazardous substances within the definition of section 101(14) of CERCLA, 42 U.S.C. section 9601(14), were released into the environment at and from the Site within the meaning of section 101(22) of CERCLA, 42 U.S.C. section 9601(22). These hazardous substances included arsenic, chromium, and copper, which were constituents of wood preserving chemicals used at the Site.

17. From the 1980's through 2005, C&A Products took various actions under oversight of the Department and its predecessor agency to address environmental contamination at, around, and/or beneath the Site. Those actions included, among other things, soil excavation, installing an asphalt cap over contaminated soils, constructing a building and a drainage system over another contaminated area of the Site, installing and operating a groundwater extraction and treatment system, and groundwater monitoring.

18. On or about October 27, 1995, the Department and C&A Products recorded a Covenant to Restrict Use of Property ("Land Use Covenant") concerning the Site under California Health and Safety Code sections 25355.5 and 25356.1 that restricted the permissible uses of the Site based on environmental conditions there. A copy of the Land Use Covenant is attached as Exhibit A and incorporated by this reference.

19. On or about March 20, 1997, C&A Products sold the Site to Defendants Dobbas and CRI, while continuing to take actions to address environmental contamination at, around, and/or beneath the Site.

20. On or about May 17, 2005, C&A Products (then known as Collins & Aikman Products Co.) filed a Chapter 11 petition in the United States Bankruptcy Court for the Eastern District of Michigan, Case No. 05-55932. That bankruptcy case was jointly administered with the bankruptcy cases of numerous other debtors under Case No. 05-55927.

21. In July or August 2005, while in Chapter 11 bankruptcy proceedings, C&A Products stopped operating the groundwater extraction and treatment system, and stopped taking other action to address contamination at, around, and/or beneath the Site. The Department was verbally notified that C&A Products had stopped operating the groundwater extraction and treatment system in early November 2005.

22. In 2006, the Department requested that Defendants Dobbas and CRI, the then-owners and operators of the Site, resume such actions to address contamination.

23. In December 2007, Defendant Dobbas agreed to perform certain actions at the Site, which included limited maintenance of the asphalt cap and repair of a roof drainage system for a building over an area that was a source of contamination at the Site.  However, Defendants Dobbas and CRI failed and refused to perform most of the actions formerly conducted by C&A Products to address contamination at, around, and/or beneath the Site.

24. On or about October 16, 2008, CRI filed a Chapter 7 petition in the United States Bankruptcy Court for the Eastern District of California (Sacramento), Case No. 08-34986 (closed December 7, 2010).

25. In July 2010, the Department finalized a Removal Action Workplan for the Site that called for contaminated soil excavation, off-site disposal, backfilling, confirmation sampling, demolition of the groundwater extraction and treatment system, and long-term groundwater monitoring.

26. On or about February 11, 2011, Defendants Dobbas and CRI sold the Site to Defendant Van Over for $2.00.

27. On March 16, 2011, the Department issued an Imminent or Substantial Endangerment Determination Order and Remedial Action Order ("I/SE Order") ordering Defendants Dobbas, CRI, and Van Over to conduct the actions described in the Removal Action Workplan, and to take other response actions.  A copy of the I/SE Order is attached as Exhibit B and incorporated by this reference.

28. Defendants Dobbas, CRI, and Van Over failed to complete the actions described in the Removal Action Workplan, and to take other response actions described in the I/SE Order.

29. Based on the above, from November 2005 to the present, the Department has taken "response" actions of the Site, as that term is defined in section 101(25) of CERCLA, 42 U.S.C. section 9601(25), related the release and/or threatened release of hazardous substances at the Site. The response actions included, inter alia, efforts to repair and restart the groundwater extraction and treatment system, completion of a remedial investigation for site soils, preparation of the

Removal Action Workplan, implementation of the Removal Action Workplan in October and November 2011, groundwater monitoring, and other tasks.

30. As a result of taking response actions at the Site, Plaintiffs have incurred response costs related to the release and/or threatened release of hazardous substances at, around, and/or beneath the Site.

31. Plaintiffs' unpaid costs related to the Site from November 2005 through September 2013 total $2,202,176.92, exclusive of interest.

32. Plaintiffs have incurred and expect to continue to incur additional response costs related to the release and/or threatened release of hazardous substances at, beneath, and/or from the Site.

**FIRST CLAIM FOR RELIEF**

(Claim for Recovery of Response Costs Pursuant to

Section 107(a) of CERCLA, 42 U.S.C. § 9607(a))

(Against All Defendants)

33. Plaintiffs incorporate the allegations in each of the preceding paragraphs as though fully set forth herein.

34. The Site is a "facility" within the meaning of section 101(9) of CERCLA, 42 U.S.C. section 9601(9).

35. Each Defendant is a "person," within the meaning of section 101(21) of CERCLA, 42 U.S.C. section 9601(21).

36. The Department is a "State" for purposes of recovery of response costs under section 107(a) of CERCLA, 42 U.S.C. section 9607(a). Under this section, the Department may also recover interest on response costs incurred.

37. Each of the Defendants is an "owner" and/or "operator" of the Site, or was an "owner" and/or "operator" of the Site "at the time of disposal of a[] hazardous substance" there, as those terms are used in section 107(a) of CERCLA, 42 U.S.C. section 9607(a).

38. Plaintiffs have incurred costs in responding to the release or threatened release of hazardous substances at or from the Site in a manner that satisfies the requirements of Section

8

107(a)(4) of CERCLA, 42 U.S.C. section 9607(a)(4), in that the costs arose from activities that are not, and have not been, inconsistent with the applicable requirements of the National Contingency Plan, 40 C.F.R. Part 300.

39. Each of the Defendants is jointly and severally liable, without regard to fault, under section 107(a) of CERCLA, 42 U.S.C. section 9607(a), for Plaintiffs' costs incurred in response to the release or threatened release of hazardous substances at or from the Site.

**SECOND CLAIM FOR RELIEF**

(Declaratory Relief Pursuant to Section 113(g)(2) of

CERCLA, 42 U.S.C. § 9613(g)(2))

(Against All Defendants)

40. Plaintiffs incorporate the allegations of each of the preceding paragraphs as though fully set forth herein.

41. Under section 113(g)(2) of CERCLA, 42 U.S.C. section 9613(g)(2), Plaintiffs are entitled to a declaratory judgment that each of the Defendants is jointly and severally liable in any subsequent action or actions by the Plaintiffs to recover any further costs incurred in response to the release and/or threatened release of hazardous substances into the environment at or from the Site.

**THIRD CLAIM FOR RELIEF**

(Failure and Refusal to Comply with Imminent or Substantial Determination Order

and Remedial Action Order – California Health and Safety Code sections

25355.5, 25358.3, 25359, 25359.2, 25367)

(Against Defendants Dobbas, CRI, and Van Over)

42. Plaintiffs incorporate the allegations of each of the preceding paragraphs as though fully set forth herein.

43. The Department issued the I/SE Order to Defendants Dobbas, CRI, and Van Over under, inter alia, Chapter 6.8 of Division 20 of the California Health and Safety Code, specifically sections 25355.5 and 25358.3.

44. California Health and Safety Code section 25358.3(f) provides that upon the failure of any person to comply with any order issued under sections 25355.5 or 25358.3, the director may request the Attorney General to petition for the issuance of a temporary restraining order or preliminary or permanent injunction requiring that person to comply with the order.

45. California Health and Safety Code 25359(a) provides that any person liable for a release or threatened release of hazardous substances who "fails, without sufficient cause…to properly provide a removal or remedial action upon order of the director…pursuant to Section 25358.3," is liable for "damages equal to three times the…costs incurred by the state account…as a result of the failure to take proper action." The referenced "state account" is Plaintiff Toxic Substances Control Account.

46. California Health and Safety Code section 25359.2 provides that any person who does not comply with an order under section 25355.5 or 25358.3 without sufficient cause shall be subject to a civil penalty of not more than twenty-five thousand dollars ($25,000) for each day of noncompliance.

47. California Health and Safety Code section 25367(c) provides that any person who refuses, without sufficient cause, any activity authorized under section 25358.1 or 25358.3 is subject to a civil penalty not to exceed twenty-five thousand dollars ($25,000) for each separate violation, or for each day of a continuing violation.

48. Defendants Dobbas, CRI, and Van Over have failed and refused, without sufficient cause, to comply with the I/SE Order, including, without limitation, as follows:

- Defendants failed and refused to restore groundwater monitoring at the Site, as specified in section 5.1 of the I/SE Order.
- Defendants failed and refused to implement the Removal Action Workplan for the Site, as specified in section 5.2 of the I/SE Order.
- Defendants failed and refused to conduct operation and maintenance activities, including maintenance of the asphalt cap, as specified in section 5.4 of the I/SE Order.

1
2
3
- Defendants failed and refused to demonstrate and maintain financial assurance for operation and maintenance and monitoring, as specified in section 5.9 of the I/SE Order.

4
5
- Defendant Van Over has used and is using the Site as a residence, in violation of section 5.3 of the I/SE Order and the Land Use Covenant.

49. Plaintiffs have incurred costs as a result of the failure of Defendants Dobbas, CRI, and Van Over to take proper action as directed in the I/SE Order.

50. The director of the Department has requested the Attorney General to petition for injunctive and other relief concerning the failure and refusal of Defendants Dobbas, CRI, and Van Over to comply with the I/SE Order.

**PRAYER FOR RELIEF**

Plaintiffs pray for relief as follows:

A. For a judgment that each Defendant is jointly and severally liable without regard to fault to the Department under section 107(a) of CERCLA, 42 U.S.C. section 9607(a), for all response costs incurred by the Plaintiffs as a result of the release and threatened release of hazardous substances from the Site, in an amount to be proven at trial, but at least $2,202,176.92;

B. For interest on the above sums from each Defendant as provided under section 107(a) of CERCLA, 42 U.S.C. section 9607(a);

C. For a declaratory judgment that each Defendant is jointly and severally liable without regard to fault to the Plaintiffs under section 113(g)(2) of CERCLA, 42 U.S.C. section 9613(g)(2), for all future response costs incurred by the Plaintiffs as a result of the release and threatened release of hazardous substances at and/or from the Site;

D. For an injunction ordering Defendants Jim Dobbas, Inc., Continental Rail, Inc., and David van Over to comply with the I/SE Order, including, without limitation, by performing groundwater monitoring and operation and maintenance activities, including asphalt cap maintenance, as required by the I/SE Order, and by obtaining financial assurance as required by that order;

E. For an injunction ordering Defendant David van Over to stop using the Site as a residence, in violation of the I/SE Order and the Land Use Covenant;

F. For treble damages against Defendants Jim Dobbas, Inc., Continental Rail, Inc., and David van Over under California Health and Safety Code section 25359, in an amount to be proven at trial;

G. For civil penalties against Defendants Jim Dobbas, Inc., Continental Rail, Inc., and David van Over under California Health and Safety Code sections 25359.2 and/or 25367, in an amount to be proven at trial;

H. For enforcement costs against each Defendant, including costs of this suit and attorneys' fees; and

I. For all other relief the Court deems just and appropriate.

Dated: March 3, 2014

Respectfully submitted,

KAMALA D. HARRIS
Attorney General of California
TIMOTHY R. PATTERSON
Supervising Deputy Attorney General

/s/ Thomas G. Heller

THOMAS G. HELLER
DENNIS L. BECK, JR.
Deputy Attorneys General
*Attorneys for the California Department of Toxic Substances Control and the Toxic Substances Control Account*