KAMALA D. HARRIS, State Bar No. 146672
Attorney General of California
SARAH E. MORRISON, State Bar No. 143459
Supervising Deputy Attorney General
THOMAS G. HELLER (Counsel for service)
State Bar No. 162561
DENNIS L. BECK, JR., State Bar No. 179492
Deputy Attorneys General
  300 South Spring Street, Suite 1702
  Los Angeles, CA 90013
  Telephone:  (213) 897-2628
  Fax:  (213) 897-2802
  E-mail:  Thomas.Heller@doj.ca.gov
*Attorneys for the California Department of Toxic
Substances Control and the Toxic Substances
Control Account*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| **CALIFORNIA DEPARTMENT OF TOXIC SUBSTANCES CONTROL and the TOXIC SUBSTANCES CONTROL ACCOUNT,**<br><br>Plaintiffs,<br><br>v.<br><br>**JIM DOBBAS, INC., a California corporation; CONTINENTAL RAIL, INC., a Delaware corporation; DAVID VAN OVER, individually; PACIFIC WOOD PRESERVING, a dissolved California corporation; and WEST COAST WOOD PRESERVING, LLC,  a Nevada limited liability company,**<br><br>Defendants. | Case No.:  2:14-cv-00595-WBS-EFB<br><br>**JOINT STATUS REPORT**<br><br>Date:   June 9, 2014<br>Time:  2:00 p.m.<br>Place:  Courtroom 5<br><br>Action filed:  March 3, 2014 |

1    Plaintiffs California Department of Toxic Substances Control (DTSC) and the Toxic

2    Substances Control Account, and defendants Jim Dobbas, Inc. (Dobbas), David van Over (Van

3    Over), and West Coast Wood Preserving, LLC (West Coast Wood) submit this Joint Status

4    Report as required by the Court's Order re: Status (Pretrial Scheduling) Conference.

5    In compliance with the status conference order, plaintiffs and the above defendants

6    conferred on May 19, 2014, twenty one days before the Status Conference, regarding the matters

7    specified in the Order.  Deputy Attorneys General Thomas Heller and Dennis Beck participated in

8    the conference as counsel for plaintiffs.  Jennifer Hartman King, Nicole Gleason, and Shelby

9    Gatlin participated as counsel for Dobbas.  Lester Brown and Anne Beaumont participated as

10   counsel for West Coast Wood.  Mr. Van Over participated pro se.

11   Defendants Continental Rail, Inc. (CRI), a Delaware corporation, and Pacific Wood

12   Preserving (PWP), a dissolved California corporation, have not responded to service of the

13   summons, complaint, and status conference order, and did not participate in the May 19, 2014

14   conference.  Plaintiffs served CRI and PWP with the summons, complaint, and status conference

15   order on April 18 and 27, 2014, respectively, and these defendants' deadlines to respond to the

16   complaint have passed.  No counsel for either corporation has contacted plaintiffs' counsel.

17   Plaintiffs will request entry of default and default judgments against these defendants.

18       **A.    Brief summary of the claims**

19           **1.    Plaintiffs' summary**

20   Plaintiff DTSC is a state agency responsible for responding to releases and/or threatened

21   releases of a hazardous substance into the environment, among other duties.  Plaintiff Toxic

22   Substances Control Account is an account within California's General Fund that DTSC's Director

23   administers.  Under California Health and Safety Code section 25361(a), the account is a proper

24   party in an action to recover response costs or expenditures incurred from the account under

25   Chapter 6.8 of Division 20 of the California Health and Safety Code.

26   Plaintiffs' complaint includes a claim against Defendants under section 107(a) of CERCLA,

27   42 U.S.C. section 9607(a), for the recovery of over $2.2 million in response costs, plus interest,

28

1

incurred in connection with releases and threatened releases of hazardous substances at, beneath, and/or from the approximately 7.5 acre property located at 147 A Street in Elmira, California (Site). The Site is a former wood treatment and preserving facility, and those operations released arsenic, chromium, and copper, all hazardous substances, into soil, surface water, and groundwater at and around the Site. Plaintiffs have incurred substantial costs to assess and clean up those hazardous substances. In addition, some contamination is still present in soil and groundwater at the Site, and will require further response actions and associated costs.

The elements of plaintiffs' CERCLA claim are: (1) the Site is a "facility"; (2) a "release" or "threatened release" of hazardous substance occurred; (3) plaintiffs incurred costs in responding to the release or threatened release; and (4) defendants are liable parties as described in CERCLA section 107(a). *United States v. Chapman*, 146 F.3d 1166, 1169 (9th Cir. 1998). Plaintiffs allege that the Site is a facility as defined in CERCLA, that plaintiffs incurred costs in responding to releases of hazardous substances at the Site, and that defendants are liable under CERCLA as current and former owners and/or operators of the Site.

Plaintiffs also make a claim for declaratory relief, under 28 U.S.C. section 2201 and section 113(g)(2) of CERCLA, 42 U.S.C. section 9613(g)(2), for a declaratory judgment that each of the Defendants is jointly and severally liable to plaintiffs for future response costs incurred by the Plaintiffs in responding to releases and threatened releases of hazardous substances at, beneath, and/or from the Site.

Plaintiffs also seek injunctive relief, treble damages, and civil penalties against Defendants Dobbas, CRI, and Van Over pursuant to a supplemental state law claim under Chapter 6.8 of Division 20 of the California Health and Safety Code, for their failure to comply with an Imminent or Substantial Endangerment Determination Order and Remedial Action Order that the Department of Toxic Substances Control issued to those defendants, concerning the releases and threatened releases of hazardous substances referenced above.

2

1          **2.     Defendants' summary**

2          To assist the Court in identifying the issues and claims before it, Defendants West Coast

3   Wood and Jim Dobbas, Inc. have briefly summarized their respective positions regarding

4   Plaintiffs' claims.

5          **West Coast Wood:** Defendant West Coast Wood's position is that Plaintiffs' claims

6   against it are barred by the Chapter 11 bankruptcy reorganization of PWP-Bakersfield (West

7   Coast Wood's predecessor).  In addition, West Coast Wood asserts it is not a successor to PWP's

8   liability, which is the foundation for Plaintiffs' claims against West Coast Wood. The Ninth

9   Circuit and California courts recognize several theories of successor liability where a corporation

10  purchases the assets of another, but none applies to PWP-Bakersfield's acquisition of the

11  Bakersfield property from PWP.  It was the Wickes Corporation, not PWP-Bakersfield, that took

12  over and continued the operations of the Site after PWP. Therefore, West Cost Wood cannot be a

13  successor to PWP's liability for cleanup costs at the Site.

14         Finally, West Coast Wood disagrees that liability would be joint and several. West Coast

15  Wood believes allocation is appropriate, to the extent that West Coast Wood is found to have any

16  liability. Should it be found to have any liability, West Coast Wood is entitled to seek

17  contribution from other responsible parties pursuant to 42 U.S.C. § 9613.

18         **Jim Dobbas, Inc.:**  Defendant Jim Dobbas, Inc. ("Dobbas") owned the property at issue in

19  this case from April 1996 through February 2011.  During Dobbas's ownership, none of the

20  chemicals of concern (or any other hazardous substances) were used or disposed at the Site and

21  no activities took place that could have exacerbated the pre-existing contamination.  The Site has

22  been has managed by DTSC, and its predecessor agency (the California Department of Health

23  Services), for more than thirty-five years in an effort to remove and remediate contamination that

24  occurred at the Site before Dobbas's brief period of ownership.  Dobbas asserts it is not a

25  responsible party under 42 U.S.C. section 9607 and that the claims alleged against it in this action

26  are barred by applicable law.  If Dobbas is determined to have any liability, it is entitled to

27  contribution and indemnity from other responsible parties pursuant to 42 U.S.C. section 9613.

28

3

**B.     Statement as to the status of service upon all defendants and cross defendants**

All defendants have been served or waived the service of the summons and complaint.

Defendants Dobbas, Van Over, and West Coast Wood each waived service of the summons, and also entered into stipulations with plaintiffs under Local Rule 144 to extend their times to respond to the complaint.  These defendants' responses to the complaint are all due on June 10, 2014.

Plaintiffs served defendant CRI with the summons, complaint, status conference order, and related documents on April 18, 2014, by serving its registered agent for service of process in the State of Delaware.  CRI has not responded.   Plaintiffs will be requesting entry of default and a default judgment against the corporation.

Plaintiffs served defendant PWP with the summons, complaint, status conference order, and related documents on April 27, 2014, by serving one of its directors at the time of its dissolution under California Code of Civil Procedure section 416.20 and California Corporations Code sections 2010-2011.  PWP has not responded.  Plaintiffs will be requesting entry of default and a default judgment against the dissolved corporation.  California law permits a judgment against the dissolved corporation for the claims in plaintiffs' complaint.  *See Penasquitos, Inc. v. Superior Court*, 53 Cal. 3d 1180, 1193 (Cal. 1991).

**C.     Statement as to the possible joinder of additional parties**

Plaintiffs may move to join Collins & Aikman LLC, a cancelled Delaware limited liability company, as an additional defendant, if Plaintiffs obtain information through discovery or other means indicating that there is a prospect of recovery from the cancelled company's past insurance coverage. *See Penasquitos, Inc. v. Superior Court*, 53 Cal.3d at 1191-1192.

The parties request that the Court set a deadline of December 31, 2014 for any party to move to join any additional parties.

**D.     Any contemplated amendments to the pleadings**

Plaintiffs do not contemplate amendments to the complaint, apart from a possible amendment to join additional parties, as described above.

4

**E.      The statutory basis of jurisdiction and venue**

The Court has jurisdiction under 28 U.S.C. sections 1331 and 1367, and under section 113(b) of CERCLA, 42 U.S.C. section 9613(b).

Venue is proper in this district under 42 U.S.C. section 9613(b) and 28 U.S.C. section 1391(b), because the releases and threatened releases of hazardous substances into the environment that are at issue occurred in this judicial district.

**F.      A written report outlining the proposed discovery plan required by Federal Rule of Civil Procedure 26(f)**

The parties propose the following discovery plan under Federal Rule of Civil Procedure 26(f)(3)(A)-(F):

**(A)      Changes to Rule 26(a) schedule.**  The parties stipulate and agree that initial disclosures under Federal Rule of Civil Procedure 26(a)(1) shall be made on or before July 30, 2014.  The parties also propose that initial and rebuttal expert disclosures occur thirty and sixty days, respectively, after a March 30, 2016 non-expert discovery cut-off.  No other changes should be made in the timing, form, or requirement for disclosures under Rule 26(a).

**(B)      Subjects of discovery, when it should be completed, and phasing or focusing of discovery.**  The parties expect to complete non-expert discovery by March 30, 2016.  At this juncture, the parties do not see a need to conduct discovery in phases or limit discovery to particular issues.  Plaintiffs anticipate that the subjects on which discovery may be needed include, but are not limited to:

- Releases of hazardous substances at the Site
- Nature and extent of contamination at the Site
- Response costs of plaintiffs, including oversight and other costs, expenses, damages, or fees sought by plaintiffs
- Defendants' liability for plaintiffs' response costs and other damages

5

1    • Defendants Dobbas', CRI's, and Van Over's alleged non-compliance with DTSC's

2    Imminent and Substantial Endangerment Determination Order and Remedial Action

3    Order

4    • Defendants' insurance policies with potential coverage for plaintiffs' claims,

5    including insurer contact information

6    • Insurance policies of other entities with potential coverage for plaintiffs' claims

7    • The corporate relationship between defendants West Coast Wood and Pacific Wood

8    Preserving, and plaintiffs' allegation that West Coast Wood is the successor to Pacific

9    Wood Preserving

10   • The bankruptcy of Pacific Wood Preserving of Bakersfield, Inc. in 1991

11   Defendants are reviewing the claims asserted in the action and are in the process of

12   formulating their discovery plan.

13   **(C)   Discovery of electronically stored information.**  The parties agree to produce

14   electronically stored information in Portable Document Format (pdf) or, upon request, Tagged

15   Image File (tif) format with associated database load files, except for Microsoft Excel documents,

16   audio or video files, or other electronically stored information where .pdf or .tif formats are not

17   feasible.  Optical character recognition (OCR) shall be provided in both .pdf and .tif formats.  If

18   any party reasonably requires electronic information in a different format, and has good cause for

19   the different format, then the parties shall meet and confer in an attempt to resolve the issue.  The

20   party seeking the electronic information in a different format will pay the costs of retrieving and

21   producing the documents in that format.  The parties are not presently aware of any other issues

22   about discovery of electronically stored information.

23   (D)   **Claims of privilege or of protection as trial-preparation materials.**  The

24   parties discussed entering into a "claw back" agreement to establish procedures to avoid

25   inadvertent waiver of privilege or work product protection as to information produced.  The

26   parties do not request at this time that the Court include an agreement in an order.

27   **(E)   Changes in limitations on discovery.**  No changes should be made in the

28   limitations on discovery imposed under the Federal Rules or by local rule.

6

(F)   **Other orders.**   There are no other orders that the Court should issue under Rule 26(c) or under Rule 16(b) and (c).

**G.   A proposed cut−off date by which all discovery shall be concluded**

The parties propose June 30, 2016 as the cut-off date by which all discovery shall be concluded, as follows:

- March 30, 2016 - cut-off date for non-expert discovery
- April 29, 2016 – cut-off date for initial expert disclosures
- May 31, 2016 – cut-off date for rebuttal expert disclosures
- June 30, 2016 – cut-off date for expert discovery.

**H.   A proposed date by which all motions shall be filed and heard**

The parties propose September 30, 2016 as the date by which all motions shall be filed and heard.

**I.   Any proposed modification of standard pretrial proceedings due to the special nature of the action**

The parties do not propose any modification of standard pretrial proceedings due to the special nature of the action.

**J.   The estimated length of trial**

The parties' preliminary estimate for the trial time in this matter is fourteen (14) Court days.

**K.   A statement as to whether the case is related to any other case, including any matters in bankruptcy**

This case is not related to any other case.

**L.   Anyother matters discussed in Local Rule 240 that may add to the just and expeditious disposition of this matter**

The parties discussed possible participation in Voluntary Dispute Resolution, and will determine in the near future whether to participate in that program.

7

1   **M.   A statement by any nongovernmental corporate party identifying all of its
2        parent and subsidiary corporations and listing any publicly held company
         that owns 10% or more of the party's stock.**

3   Defendant Dobbas makes the following statement:  Defendant Jim Dobbas, Inc. has no

4   subsidiary or parent corporations and there are no publicly held companies owning 10% or more

5   of its stock.

6   Defendant West Coast Wood makes the following statement:  Defendant West Coast Wood

7   has no parent corporations, and no publicly held company owns 10% or more of its stock. West

8   Coast Wood has three 100% wholly owned subsidiaries: West Coast Wood Preserving of Arizona,

9   LLC; West Coast Wood Preserving of Nevada, LLC; and West Coast Wood Preserving of

10  Oregon, LLC. West Coast Wood Preserving, LLC and subsidiaries recently changed their names

11  from various "Pacific Wood Preserving" Company names.

12

13  Dated: May 23, 2014                                    Respectfully submitted,

14                                                         KAMALA D. HARRIS
                                                           Attorney General of California
15                                                         SARAH E. MORRISON
                                                           Supervising Deputy Attorney General

16                                                         /s/ Thomas G. Heller

17                                                         THOMAS G. HELLER
18                                                         DENNIS L. BECK, JR.
                                                           Deputy Attorneys General
19                                                         *Attorneys for the California Department of
                                                           Toxic Substances Control and the Toxic
20                                                         Substances Control Account*

21

22  Dated: May 23, 2014                                    Respectfully submitted,

23

24                                                         DAVID VAN OVER

25

26

27

28

8

1  Dated:  May 23, 2014                    Respectfully submitted,

2                                          KING WILLIAMS & GLEASON LLP

3
                                           /s/ Jennifer Hartman King (as authorized on
4                                          5/23/14)

5
                                           JENNIFER HARTMAN KING
6                                          *Attorneys for defendant Jim Dobbas, Inc.*

7

8  Dated:  May 23, 2014                    Respectfully submitted,

9                                          PERKINS COIE LLP

10
                                           /s/ Lester O. Brown (as authorized on
11                                         5/23/14)

12
                                           LESTER O. BROWN
13                                         *Attorneys for defendant West Coast Wood
                                           Preserving, LLC*
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

9

## DECLARATION OF SERVICE BY U.S. MAIL

Case Name:  **California Department of Toxic Substances Control, et al. v. Jim Dobbas, Inc., et al.**

No.:  **2:14-cv-00595-WBS-EFB**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made.  I am 18 years of age or older and not a party to this matter; my business address is 300 South Spring Street, Suite 1702, Los Angeles, CA  90013.

On <u>May 23, 2014</u>, I served the attached **JOINT STATUS REPORT** by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the United States Mail at Los Angeles, California, addressed as follows:

### SEE ATTACHED SERVICE LIST

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on May 23, 2014, at Los Angeles, California.

_____
Carol Chow
Declarant

_____
Signature

LA2012602448
51520915.doc

**SERVICE LIST**
**Case No.:  2:14-cv-00595-WBS-EFB**

Jennifer Hartman King
King Williams & Gleason LLP
520 Capitol Mall, Suite 750
Sacramento, CA  95814
*Counsel for defendant Jim Dobbas, Inc.*

The Corporation Trust Company
Registered Agent for Continental Rail, Inc.
Corporation Trust Center
1209 Orange Street
Wilmington, DE  19801

David van Over
216 F Street #108
Davis, CA  95616-4515

Pacific Wood Preserving
c/o Joan Jackson
3312 Canoe Place
Davis, CA  95616

Lester O. Brown
Perkins Coie LLP
1888 Century Park East, Suite 1700
Los Angeles, CA  90067-1721
*Counsel for defendant West Coast Wood Preserving, LLC*