KAMALA D. HARRIS, State Bar No. 146672
Attorney General of California
SARAH E. MORRISON, State Bar No. 143459
Supervising Deputy Attorney General
THOMAS G. HELLER (Counsel for service)
State Bar No. 162561
DENNIS L. BECK, JR., State Bar No. 179492
Deputy Attorneys General
  300 South Spring Street, Suite 1702
  Los Angeles, CA 90013
  Telephone: (213) 897-2628
  Fax: (213) 897-2802
  E-mail: Thomas.Heller@doj.ca.gov
*Attorneys for the California Department of Toxic Substances Control and the Toxic Substances Control Account*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| **CALIFORNIA DEPARTMENT OF TOXIC SUBSTANCES CONTROL and the TOXIC SUBSTANCES CONTROL ACCOUNT,**<br><br>Plaintiffs,<br><br>v.<br><br>**JIM DOBBAS, INC., a California corporation; CONTINENTAL RAIL, INC., a Delaware corporation; DAVID VAN OVER, individually; PACIFIC WOOD PRESERVING, a dissolved California corporation; and WEST COAST WOOD PRESERVING, LLC, a Nevada limited liability company,**<br><br>Defendants. | Case No.: 2:14-cv-00595-WBS-EFB<br><br>**REQUEST TO ENTER DEFAULT OF DEFENDANT CONTINENTAL RAIL, INC.**<br><br>Action filed: March 3, 2014 |

1    TO:  THE CLERK OF THE ABOVE-ENTITLED COURT:

2    Plaintiffs California Department of Toxic Substances Control and the Toxic Substances
3    Control Account request, pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, that the
4    Clerk enter default in this matter against defendant Continental Rail, Inc., on the ground that said
5    defendant has failed to appear or otherwise respond to the complaint within the time prescribed
6    by law.

7    On April 18, 2014, plaintiffs served the Summons and Complaint on Continental Rail, Inc.,
8    a Delaware corporation, as evidenced by the Proof of Service on file with the Court.  (Docket No.
9    11, filed May 2, 2014.)  The Proof of Service reflects personal delivery of the Summons and
10   Complaint to The Corporation Trust Company, the registered agent for Continental Rail, Inc., in
11   the State of Delaware.  (*See id.*; Declaration of Thomas G. Heller, attached.)

12   A corporation may be served "by delivering a copy of the summons and of the complaint to
13   … any … agent authorized by appointment or by law to receive service of process and – if the
14   agent is one authorized by statute and the statute so requires – by also mailing a copy of each to
15   the defendant."  Fed. R. Civ. P. 4(h)(1)(B).  Here, the Summons and Complaint were personally
16   delivered to The Corporation Trust Company, the Delaware registered agent for Continental Rail,
17   Inc., (Docket No. 11), and Delaware state law regarding registered agents does not require
18   mailing of additional copies to the defendant.  Del. Code Ann. tit. 8, §§ 132, 321(a).[1]  Therefore,
19   plaintiffs' service of process satisfied Rule 4(h)(1)(B) of the Federal Rules of Civil Procedure.

20   A corporation may also be served by "following state law for serving a summons in an
21   action brought in courts of general jurisdiction in the state where the district court is located or
22   where service is made."  Fed. R. Civ. P. 4(e)(1), (h)(1)(A). The state law of Delaware, where
23   service was made, provides:

24   > Service of legal process upon any corporation of this State shall be made by
25   > delivering a copy personally to … the registered agent of the corporation in this State
     > … or at the registered office or other place of business of the corporation in this State.
     > If the registered agent be a corporation, service of process upon it as such agent may
26   > be made by serving, in this State, a copy thereof on the president, vice-president,

---

[1] While not required, plaintiffs also mailed copies of the Summons and Complaint to the President of Continental Rail, Inc. before serving its registered agent. (Heller Decl., ¶ 6.)

28

1

REQUEST TO ENTER DEFAULT OF DEFENDANT CONTINENTAL RAIL, INC.

secretary, assistant secretary or any director of the corporate registered agent…. Del. Code Ann. tit. 8, § 321(a).

Plaintiffs' service of the Summons and Complaint complied with Delaware state law, as the address to which the documents were personally delivered – 1209 Orange Street, Wilmington, Delaware – is listed in Continental Rail, Inc.'s Certificate of Incorporation as its "registered office in the State of Delaware." (Heller Decl. ¶ 3 & Ex. A.) Furthermore, plaintiffs' delivery of the Summons and Complaint to that address was directed to the president of the registered agent for Continental Rail, Inc., and served on a "Process Agent" of that registered agent. (Docket No. 11; Heller Decl., ¶ 5 & Ex. C.) Therefore, plaintiffs' service of process satisfied Delaware Code Annotated title 8, section 321(a), which in turn satisfied Rule 4(h)(1)(A) of the Federal Rules of Civil Procedure.

Despite being served with process, Continental Rail, Inc. has failed to appear or otherwise respond to the Complaint within twenty-one days of service as directed by the Summons.

Based on the above, the Clerk should enter the default of defendant Continental Rail, Inc.

Dated: May 30, 2014                          Respectfully submitted,

KAMALA D. HARRIS
Attorney General of California
SARAH E. MORRISON
Supervising Deputy Attorney General

*/s/ Thomas G. Heller*

THOMAS G. HELLER
DENNIS L. BECK, JR.
Deputy Attorneys General
*Attorneys for the California Department of Toxic Substances Control and the Toxic Substances Control Account*