1  JENNIFER HARTMAN KING (Bar No. 211313)
   NICOLE R. GLEASON (Bar No. 199655)
2  SHELBY M. GATLIN (Bar No. 272701)
   KING WILLIAMS & GLEASON LLP
3  520 Capitol Mall, Suite 750
   Sacramento, CA  95814
4  Telephone:    (916) 379-7530
   Facsimile:    (916) 379-7535
5  jhartmanking@kwgattorneys.com
   ngleason@kwgattorneys.com
6  sgatlin@kwgattorneys.com

7  Attorneys for Defendant Jim Dobbas, Inc.

8

9

10            IN THE UNITED STATES DISTRICT COURT

11          FOR THE EASTERN DISTRICT OF CALIFORNIA

12                  SACRAMENTO DIVISION

13  CALIFORNIA DEPARTMENT OF TOXIC          Case No.:  2:14-cv-00595-WBS-EFB
    SUBSTANCES CONTROL and the TOXIC
14  SUBSTANCES CONTROL ACCOUNT,             **ANSWER OF JIM DOBBAS, INC. TO**
                                            **COMPLAINT BY CALIFORNIA**
15           Plaintiffs,                    **DEPARTMENT OF TOXIC**
                                            **SUBSTANCES CONTROL and the**
16           v.                             **TOXIC SUBSTANCES CONTROL**
                                            **ACCOUNT & DEMAND FOR JURY**
17  JIM DOBBAS, INC., a California          **TRIAL**
    corporation; CONTINENTAL RAIL, INC., a
18  Delaware corporation; DAVID VAN OVER,   **DEMAND FOR JURY TRIAL**
    individually; PACIFIC WOOD
19  PRESERVING, a dissolved California      Action filed:  March 3, 2014
    corporation; and WEST COAST WOOD
20  PRESERVING, LLC,  a Nevada limited
    liability company,
21
             Defendants,
22

23  AND RELATED CROSSCLAIMS AND
    COUNTERCLAIMS.
24

25

26

27

28

00010784.2

ANSWER OF JIM DOBBAS, INC. TO DTSC'S COMPLAINT
2:14-cv-00595-WBS-EFB

KING WILLIAMS & GLEASON LLP
520 CAPITOL MALL, SUITE 750
SACRAMENTO, CA 95814
TELEPHONE: (916) 379-7530 FAX: (916)379-7535

1     Defendant Jim Dobbas, Inc. ("DOBBAS"), by and through its attorneys of record, hereby

2 answer Plaintiffs California Department of Toxic Substances Control and the Toxic Substances

3 Control Account ("PLAINTIFFS') Complaint for Recovery of Response Costs; Declaratory

4 Relief; Injunctive Relief; Treble Damages; And Civil Penalties, filed on March 3, 2014,

5 ("Complaint") as follows:

6 **GENERAL DENIAL**

7     Except as expressly admitted herein, DOBBAS denies each and every allegation in

8 PLAINTIFFS' Complaint. DOBBAS hereby demands trial by jury in this action.

9 **I.    JURISDICTION**

10     1.    Paragraph 1 of PLAINTIFFS' Complaint consists entirely of legal conclusions, to

11 which no response is required.  To the extent a response is required, DOBBAS denies that this

12 Court has jurisdiction over the claims pursuant to 28 U.S.C. sections 1331 and 1367, and section

13 113(b) of the Comprehensive Environmental Response, Compensation and Liability Act

14 ("CERCLA") 42 U.S.C. section 9613(b).

15 **II.    VENUE**

16     2.    Paragraph 2 of PLAINTIFFS' Complaint consists entirely of legal conclusions, to

17 which no response is required.  To the extent a response is required, DOBBAS lacks sufficient

18 knowledge or information to form a belief regarding the allegations contained therein and on that

19 basis denies, generally and specifically, each and every allegation.

20 **III.    INTRA-DISTRICT ASSIGNMENT**

21     3.    Paragraph 3 of PLAINTIFFS' Complaint consists entirely of legal conclusions, to

22 which no response is required.  To the extent a response is required, DOBBAS lacks sufficient

23 knowledge or information to form a belief regarding the allegations contained within Paragraph 3

24 of PLAINTIFFS' Complaint and on that basis denies, generally and specifically, each and every

25 allegation.

26 **IV.    STATEMENT OF THE ACTION**

27     4.    In answer to Paragraph 4 of PLAINTIFFS' Complaint, DOBBAS admits that the

28 real property at issue has a street address of 147 A Street, Elmira, California 95625 ("Site").

00010784.2         1

1  Except as expressly admitted herein, DOBBAS lacks sufficient knowledge or information to form

2  a belief regarding the allegations contained in paragraph 4 of PLAINTIFFS' Complaint and on

3  that basis denies, generally and specifically, each and every such allegation.

4       5.     Paragraph 5 of PLAINTIFFS' Complaint consists entirely of legal conclusions, to

5  which no response is required.  To the extent a response is required, DOBBAS lacks sufficient

6  knowledge or information to form a belief regarding the allegations contained within Paragraph 5

7  of PLAINTIFFS' Complaint and on that basis denies, generally and specifically, each and every

8  allegation.

9       6.     Paragraph 6 of PLAINTIFFS' Complaint consists entirely of legal conclusions, to

10  which no response is required.  To the extent a response is required, DOBBAS lacks sufficient

11  knowledge or information to form a belief regarding the allegations contained within Paragraph 6

12  of PLAINTIFFS' Complaint and on that basis denies, generally and specifically, each and every

13  allegation.

14            **V.    PLAINTIFFS**

15       7.     Paragraph 7 of PLAINTIFFS' Complaint consists entirely of legal conclusions, to

16  which no response is required.  To the extent a response is required, DOBBAS lacks sufficient

17  knowledge or information to form a belief regarding the allegations contained within Paragraph 7

18  of PLAINTIFFS' Complaint and on that basis denies, generally and specifically, each and every

19  allegation.

20       8.     Paragraph 8 of PLAINTIFFS' Complaint consists entirely of legal conclusions, to

21  which no response is required.  To the extent a response is required, DOBBAS lacks sufficient

22  knowledge or information to form a belief regarding the allegations contained within Paragraph 8

23  of PLAINTIFFS' Complaint and on that basis denies, generally and specifically, each and every

24  allegation.

25            **VI.    DEFENDANTS**

26       9.     In answer to Paragraph 9 of PLAINTIFFS' Complaint, DOBBAS admits that Jim

27  Dobbas, Inc. is a California corporation, with its principal place of business in Placer County,

28  California.  DOBBAS further admits that it owned an interest in the Site from in or about March

00010784.2

1997, to in or about 2011.   Except as expressly admitted herein, Dobbas lacks sufficient knowledge or information to form a belief regarding the allegations contained within Paragraph 9 of PLAINTIFFS' Complaint and on that basis denies, generally and specifically, each and every allegation.

10.    In answer to Paragraph 10 of PLAINTIFFS' Complaint, DOBBAS lacks sufficient knowledge or information to form a belief regarding the allegations contained within Paragraph 10 of PLAINTIFFS' Complaint and on that basis denies, generally and specifically, each and every allegation.

11.    In answer to Paragraph 11 of PLAINTIFFS' Complaint, DOBBAS lacks sufficient knowledge or information to form a belief regarding the allegations contained within Paragraph 11 of PLAINTIFFS' Complaint and on that basis denies, generally and specifically, each and every allegation.

12.    In answer to Paragraph 12 of PLAINTIFFS' Complaint, DOBBAS lacks sufficient knowledge or information to form a belief regarding the allegations contained within Paragraph 12 of PLAINTIFFS' Complaint and on that basis denies, generally and specifically, each and every allegation.

13.    In answer to Paragraph 13 of PLAINTIFFS' Complaint, DOBBAS lacks sufficient knowledge or information to form a belief regarding the allegations contained within Paragraph 13 of PLAINTIFFS' Complaint and on that basis denies, generally and specifically, each and every allegation.

## VII.   GENERAL ALLEGATIONS

14.    In answer to Paragraph 14 of PLAINTIFFS' Complaint, DOBBAS lacks sufficient knowledge or information to form a belief regarding the allegations contained within Paragraph 14 of PLAINTIFFS' Complaint and on that basis denies, generally and specifically, each and every allegation.

15.    In answer to Paragraph 15 of PLAINTIFFS' Complaint, DOBBAS lacks sufficient knowledge or information to form a belief regarding the allegations contained within Paragraph

/ / /

1   15 of PLAINTIFFS' Complaint and on that basis denies, generally and specifically, each and

2   every allegation.

3        16.    In answer to Paragraph 16 of PLAINTIFFS' Complaint, DOBBAS lacks sufficient

4   knowledge or information to form a belief regarding the allegations contained within Paragraph

5   16 of PLAINTIFFS' Complaint and on that basis denies, generally and specifically, each and

6   every allegation.

7        17.    In answer to Paragraph 17 of PLAINTIFFS' Complaint, DOBBAS lacks sufficient

8   knowledge or information to form a belief regarding the allegations contained within Paragraph

9   17 of PLAINTIFFS' Complaint and on that basis denies, generally and specifically, each and

10   every allegation.

11        18.    In answer to Paragraph 18 of PLAINTIFFS' Complaint, DOBBAS lacks sufficient

12   knowledge or information to form a belief regarding the allegations contained within Paragraph

13   18 of PLAINTIFFS' Complaint and on that basis denies, generally and specifically, each and

14   every allegation.

15        19.    In answer to Paragraph 19 of PLAINTIFFS' Complaint, DOBBAS admits that in

16   or about 1997, Collins & Aikman Products LLC ("C&A Products") sold an interest in the Site to

17   Defendant DOBBAS. Except as expressly admitted herein, DOBBAS lacks sufficient knowledge

18   or information to form a belief regarding the allegations contained within Paragraph 19 of

19   PLAINTIFFS' Complaint and on that basis denies each and every allegation.

20        20.    In answer to Paragraph 20 of PLAINTIFFS' Complaint, DOBBAS lacks sufficient

21   knowledge or information to form a belief regarding the allegations contained within Paragraph

22   20 of PLAINTIFFS' Complaint and on that basis denies, generally and specifically, each and

23   every allegation.

24        21.    In answer to Paragraph 21 of PLAINTIFFS' Complaint, DOBBAS lacks sufficient

25   knowledge or information to form a belief regarding the allegations contained within Paragraph

26   21 of PLAINTIFFS' Complaint and on that basis denies, generally and specifically, each and

27   every allegation.

28   / / /

00010784.2

-4-

22.     In answer to Paragraph 22 of PLAINTIFFS' Complaint, DOBBAS lacks sufficient knowledge or information to form a belief regarding the allegations contained within Paragraph 22 of PLAINTIFFS' Complaint and on that basis denies, generally and specifically, each and every allegation.

23.     In answer to Paragraph 23 of PLAINTIFFS' Complaint, DOBBAS denies the allegation that in December 2007, Defendant DOBBAS agreed to perform certain actions at the Site.    DOBBAS lacks sufficient knowledge or information to form a belief regarding the remaining allegations contained within Paragraph 23 of PLAINTIFFS' Complaint and on that basis denies, generally and specifically, each and every allegation.

24.     In answer to Paragraph 24 of PLAINTIFFS' Complaint, DOBBAS lacks sufficient knowledge or information to form a belief regarding the allegations contained within Paragraph 24 of PLAINTIFFS' Complaint and on that basis denies, generally and specifically, each and every allegation.

25.     In answer to Paragraph 25 of PLAINTIFFS' Complaint, DOBBAS lacks sufficient knowledge or information to form a belief regarding the allegations contained within Paragraph 25 of PLAINTIFFS' Complaint and on that basis denies, generally and specifically, each and every allegation.

26.     In answer to Paragraph 26 of PLAINTIFFS' Complaint, DOBBAS admits that on or about February 11, 2011, DOBBAS and Continental Rail, Inc. ("CRI") sold the Site to David Van Over ("Van Over") for $2.00.

27.     In answer to Paragraph 27 of PLAINTIFFS' Complaint, DOBBAS admits the allegation that on or about March 16, 2011, the Department of Toxic Substances Control ("DTSC") issued an Imminent or Substantial Endangerment Determination and Remedial Action Order to Defendants DOBBAS, CRI, and Van Over.   DOBBAS lacks sufficient knowledge or information to form a belief regarding the remaining allegations contained within Paragraph 27 of PLAINTIFFS' Complaint and on that basis denies, generally and specifically, each and every allegation.

/ / /

1    28.    In answer to Paragraph 28 of PLAINTIFFS' Complaint, DOBBAS lacks sufficient

2    knowledge or information to form a belief regarding the allegations contained within Paragraph

3    28 of PLAINTIFFS' Complaint and on that basis denies, generally and specifically, each and

4    every allegation.

5    29.    In answer to Paragraph 29 of PLAINTIFFS' Complaint, DOBBAS lacks sufficient

6    knowledge or information to form a belief regarding the allegations contained within Paragraph

7    29 of PLAINTIFFS' Complaint and on that basis denies, generally and specifically, each and

8    every allegation.

9    30.    In answer to Paragraph 30 of PLAINTIFFS' Complaint, DOBBAS lacks sufficient

10   knowledge or information to form a belief regarding the allegations contained within Paragraph

11   30 of PLAINTIFFS' Complaint and on that basis denies, generally and specifically, each and

12   every allegation.

13   31.    In answer to Paragraph 31 of PLAINTIFFS' Complaint, DOBBAS lacks sufficient

14   knowledge or information to form a belief regarding the allegations contained within Paragraph

15   31 of PLAINTIFFS' Complaint and on that basis denies, generally and specifically, each and

16   every allegation.

17   32.    In answer to Paragraph 32 of PLAINTIFFS' Complaint, DOBBAS lacks sufficient

18   knowledge or information to form a belief regarding the allegations contained within Paragraph

19   32 of PLAINTIFFS' Complaint and on that basis denies, generally and specifically, each and

20   every allegation.

21   ## VIII.   FIRST CLAIM FOR RELIEF

22   ### (Claim for Recovery of Response Costs Pursuant to
     ### Section 107(a) of CERCLA, 42 U.S.C. § 9607(a))
23

24   33.    In answer to Paragraph 33 of PLAINTIFFS' Complaint, DOBBAS realleges and

25   incorporates by reference its answers to paragraphs 1 through 32, inclusive.

26   34.    Paragraph 34 of PLAINTIFFS' Complaint consists entirely of legal conclusions, to

27   which no response is required.  To the extent a response is required, DOBBAS lacks sufficient

28   knowledge or information to form a belief regarding the allegations contained within Paragraph

00010784.2                                      -6-

1   34 of PLAINTIFFS' Complaint and on that basis denies, generally and specifically, each and

2   every allegation.

3        35.   Paragraph 35 of PLAINTIFFS' Complaint consists entirely of legal conclusions, to

4   which no response is required. To the extent a response is required, DOBBAS lacks sufficient

5   knowledge or information to form a belief regarding the allegations contained within Paragraph

6   35 of PLAINTIFFS' Complaint and on that basis denies, generally and specifically, each and

7   every allegation.

8        36.   Paragraph 36 of PLAINTIFFS' Complaint consists entirely of legal conclusions, to

9   which no response is required. To the extent a response is required, DOBBAS lacks sufficient

10   knowledge or information to form a belief regarding the allegations contained within Paragraph

11   36 of PLAINTIFFS' Complaint and on that basis denies, generally and specifically, each and

12   every allegation.

13        37.   Paragraph 37 of PLAINTIFFS' Complaint consists entirely of legal conclusions, to

14   which no response is required. To the extent a response is required, DOBBAS denies each and

15   every allegation contained in Paragraph 37 that characterizes section 107(a) of CERCLA, 42

16   U.S.C. section 9607(a), on the grounds that the statute speaks for itself. DOBBAS denies that it

17   is an "owner" and/or "operator" of the Site, or was an "owner" and/or "operator" of the Site "at

18   the time of disposal of a[] hazardous substance" there, as those terms are used in section 107(a) of

19   CERCLA, 42 U.S.C. section 9607(a). DOBBAS denies each and every allegation contained in

20   Paragraph 37.

21        38.   Paragraph 38 of PLAINTIFFS' Complaint consists entirely of legal conclusions, to

22   which no response is required. To the extent a response is required, DOBBAS lacks sufficient

23   knowledge or information to form a belief regarding the allegations contained within Paragraph

24   38 of PLAINTIFFS' Complaint and on that basis denies, generally and specifically, each and

25   every allegation.

26        39.   Paragraph 39 of PLAINTIFFS' Complaint consists entirely of legal conclusions, to

27   which no response is required. To the extent a response is required, DOBBAS lacks sufficient

28   knowledge or information to form a belief regarding the allegations contained within Paragraph

1    39 of PLAINTIFFS' Complaint and on that basis denies, generally and specifically, each and

2    every allegation.

3                        **IX.   SECOND CLAIM FOR RELIEF**

4    **(Declaratory Relief Pursuant to Section 113(g)(2) of CERCLA, 42 U.S.C. § 9613(g)(2))**

5           40.    In answer to Paragraph 40 of PLAINTIFFS' Complaint, DOBBAS realleges and

6    incorporates by reference its answers to paragraphs 1 through 39, inclusive.

7           41.    Paragraph 41 of PLAINTIFFS' Complaint consists entirely of legal conclusions, to

8    which no response is required.  To the extent a response is required, DOBBAS lacks sufficient

9    knowledge or information to form a belief regarding the allegations contained within Paragraph

10   41 of PLAINTIFFS' Complaint and on that basis denies, generally and specifically, each and

11   every allegation.

12                        **X.   THIRD CLAIM FOR RELIEF**

13   **(Failure and Refusal to Comply with Imminent or Substantial Determination**
     **Order and Remedial Action Order – California Health and Safety Code**
14   **Sections 325355.5, 25358.3, 25359, 25359.2, 25367)**

15          42.    In answer to Paragraph 42 of PLAINTIFFS' Complaint, DOBBAS realleges and

16   incorporates by reference its answers to paragraphs 1 through 41, inclusive.

17          43.    Paragraph 43 of PLAINTIFFS' Complaint consists entirely of legal conclusions, to

18   which no response is required.  To the extent a response is required, DOBBAS lacks sufficient

19   knowledge or information to form a belief regarding the allegations contained within Paragraph

20   43 of PLAINTIFFS' Complaint and on that basis denies, generally and specifically, each and

21   every allegation.

22          44.    Paragraph 44 of PLAINTIFFS' Complaint consists entirely of legal conclusions, to

23   which no response is required.  To the extent a response is required, DOBBAS denies each and

24   every allegation contained in Paragraph 44 that characterizes California Health and Safety Code

25   section 25358.3(f) on the grounds that the statute speaks for itself.  DOBBAS denies each and

26   every allegation contained in Paragraph 44.

27          45.    Paragraph 45 of PLAINTIFFS' Complaint consists entirely of legal conclusions, to

28   which no response is required.  To the extent a response is required, DOBBAS denies each and

1  every allegation contained in Paragraph 45 that characterizes California Health and Safety Code

2  section 25359(a) on the grounds that the statute speaks for itself.  DOBBAS denies each and

3  every allegation contained in Paragraph 45.

4       46.    Paragraph 46 of PLAINTIFFS' Complaint consists entirely of legal conclusions, to

5  which no response is required.  To the extent a response is required, DOBBAS denies each and

6  every allegation contained in Paragraph 46 that characterizes California Health and Safety Code

7  section 25359.2 on the grounds that the statute speaks for itself.  DOBBAS denies each and every

8  allegation contained in Paragraph 46.

9       47.    Paragraph 47 of PLAINTIFFS' Complaint consists entirely of legal conclusions, to

10  which no response is required.  To the extent a response is required, DOBBAS denies each and

11  every allegation contained in Paragraph 46 that characterizes California Health and Safety Code

12  section 25367(c) on the grounds that the statute speaks for itself.  DOBBAS denies each and

13  every allegation contained in Paragraph 47.

14       48.    In answer to Paragraph 48 of PLAINTIFFS' Complaint, DOBBAS denies that it

15  failed and refused, without sufficient cause, to comply with the Imminent or Substantial

16  Endangerment Determination Order and Remedial Action Order.  In addition to the allegation

17  expressly denied herein, DOBBAS lacks sufficient knowledge or information to form a belief

18  regarding the allegations contained within Paragraph 48 of PLAINTIFFS' Complaint and on that

19  basis denies, generally and specifically, each and every allegation.

20       49.    In answer to Paragraph 49 of PLAINTIFFS' Complaint, DOBBAS lacks sufficient

21  knowledge or information to form a belief regarding the allegations contained within Paragraph

22  49 of PLAINTIFFS' Complaint and on that basis denies, generally and specifically, each and

23  every allegation.

24       50.    In answer to Paragraph 50 of PLAINTIFFS' Complaint, DOBBAS lacks sufficient

25  knowledge or information to form a belief regarding the allegations contained within Paragraph

26  50 of PLAINTIFFS' Complaint and on that basis denies, generally and specifically, each and

27  every allegation.

28  ///

00010784.2

-9-

1

## XI.   AFFIRMATIVE DEFENSES

2  DOBBAS alleges the following affirmative defenses to PLAINTIFFS' Complaint:

3

### FIRST AFFIRMATIVE DEFENSE

4

### (Failure to State a Claim)

5      1.    The Complaint fails to state any claim against DOBBAS upon which relief can be

6  granted.

7

### SECOND AFFIRMATIVE DEFENSE

8

### (Not a Responsible Party)

9      2.    DOBBAS is not a "covered person," "responsible party," "potentially responsible

10  party," or "liable person" within the meaning of CERCLA section 107(a), 42 U.S.C. section

11  9607(a) or California Health and Safety Code section 25323.5(a).

12

### THIRD AFFIRMATIVE DEFENSE

13

### (PLAINTIFFS are Responsible Parties)

14      3.    PLAINTIFFS are "covered persons," "responsible parties," "potentially

15  responsible parties," and "liable persons" within the meaning of CERCLA section 107(a), 42

16  U.S.C. section 9607(a) or California Health and Safety Code section 25323.5(a).   As such,

17  PLAINTIFFS' claims against DOBBAS are barred or should be reduced in proportion to

18  PLAINTIFFS' own liability.

19

### FOURTH AFFIRMATIVE DEFENSE

20

### (Act of God)

21      4.    Any release or threatened release of a hazardous substance, any damages allegedly

22  resulting therefrom, and any response costs or expenditures allegedly incurred as a result thereof,

23  were caused in whole or in part by an act or acts of God.

24

### FIFTH AFFIRMATIVE DEFENSE

25

### (Acts of Omissions of Others)

26      5.    Any release or threatened release of a hazardous substance, any damages allegedly

27  resulting therefrom, and any response costs or expenditures allegedly incurred as a result thereof,

28  were caused in whole or in part by acts or omissions of other defendants in this action or of third

00010784.2

-10-

1   parties, other than an employee or agent of, or one whose act or omission occurred in connection

2   with a contractual relationship with, DOBBAS.  DOBBAS exercised due care with respect to any

3   hazardous substance, taking into consideration the characteristics of such hazardous substance, in

4   light of all relevant facts and circumstances, and took precautions against foreseeable acts or

5   omissions of such third parties and the consequences that could foreseeably result from such acts

6   or omissions.

7                                **SIXTH AFFIRMATIVE DEFENSE**

8                                **(Acts or Omissions of PLAINTIFFS)**

9           6.      Any release or threatened release of a hazardous substance, any damages allegedly

10  resulting therefrom, and any response costs or expenditures allegedly incurred as a result thereof,

11  were caused in whole or in part by acts and/or omissions by PLAINTIFFS.

12                               **SEVENTH AFFIRMATIVE DEFENSE**

13                               **(Unrecoverable Costs)**

14          7.      Some or all of the costs alleged in the Complaint do not constitute response costs

15  within the meaning of CERCLA section 101(25), 42 U.S.C. section 9601(25), do not constitute

16  removal or remedial costs within the meaning of CERCLA sections 101(23) and 101(24), 42

17  U.S.C. sections 9601(23) and 9601(24), and are unreasonable, unnecessary, and inconsistent with

18  the National Contingency Plan.  Such costs, therefore, are unrecoverable.

19                               **EIGHTH AFFIRMATIVE DEFENSE**

20                               **(Future Costs Not Recoverable)**

21          8.      PLAINTIFFS cannot recover future costs, if any, under CERCLA section 107(a)(4),

22  42 U.S.C. section 9607(a)(4).

23                               **NINTH AFFIRMATIVE DEFENSE**

24                               **(Innocent Party)**

25          9.      DOBBAS is an innocent party pursuant to CERCLA section 101(35)(A), 42 U.S.C.

26  section 9601(35)(A).

27  / / /

28  / / /

00010784.2                                  -11-

ANSWER OF JIM DOBBAS, INC. TO DTSC'S COMPLAINT
2:14-cv-00595-WBS-EFB

1        **TENTH AFFIRMATIVE DEFENSE**

2        **(Waiver, Equitable Estoppel and Equitable Indemnity)**

3        10.    PLAINTIFFS' claims are barred by the doctrines of waiver, equitable estoppel and

4   equitable indemnity.

5        **ELEVENTH AFFIRMATIVE DEFENSE**

6        **(Laches)**

7        11.    PLAINTIFFS' claims are barred by the doctrine of laches because of PLAINTIFFS'

8   inexcusable and unreasonable delay.

9        **TWELFTH AFFIRMATIVE DEFENSE**

10       **(Unclean Hands)**

11       12.    PLAINTIFFS' claims are barred by the doctrine of unclean hands.

12       **THIRTEENTH AFFIRMATIVE DEFENSE**

13       **(Failure to Join Indispensable Parties)**

14       13.    PLAINTIFFS have failed to join indispensable parties as required under state and

15   federal law.

16       **FOURTEENTH AFFIRMATIVE DEFENSE**

17       **(Comparative Fault)**

18       14.    The responsibility for damages alleged in the Complaint, assuming they are proven,

19   are the result of acts and/or omissions by the other defendants and/or PLAINTIFFS, and therefore,

20   responsibility must be apportioned pursuant to the principles of comparative fault.

21       **FIFTEENTH AFFIRMATIVE DEFENSE**

22       **(Statute of Limitations)**

23       15.    Each claim for relief in the Complaint is barred by the applicable statutes of

24   limitations, including but not limited to, CERCLA section 113(g), 42 U.S.C. section 9613(g),

25   California Health and Safety Code section 25360.4, and California Code of Civil Procedure section

26   338.

27   / / /

28   / / /

**SIXTEENTH AFFIRMATIVE DEFENSE**

**(Failure to Mitigate)**

16.   PLAINTIFFS have failed to take reasonable steps to mitigate the damages for which they seek relief in the Complaint.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

**(Lack of Causation)**

17.   No act or omission by DOBBAS, or by any person or entity for which DOBBAS is or was responsible, is the cause in fact or proximate cause of any costs or damages alleged in the Complaint.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

**(Assumption of Risk)**

18.   PLAINTIFFS have assumed the risk of the conditions and damages for which they seek relief in the Complaint.

**NINETEENTH AFFIRMATIVE DEFENSE**

**(Divisibility and Apportionment)**

19.   If DOBBAS is judged liable, which liability DOBBAS denies, for any contamination, condition, or harm alleged in the Complaint, such contamination, condition, and/or harm is divisible and DOBBAS is not jointly and severally liable.

**TWENTIETH AFFIRMATIVE DEFENSE**

**(Ripeness)**

20.   PLAINTIFFS' claims for relief are not ripe.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

**(De Minimis Contribution, If Any)**

21.   DOBBAS' contribution to the harm alleged by the Complaint, if any is proven to exist, is de minimis.

/ / /

/ / /

/ / /

00010784.2

-13-

1
**TWENTY-SECOND AFFIRMATIVE DEFENSE**

2
**(No Standing)**

3
22.   PLAINTIFFS do not have standing to bring an action against DOBBAS under

4
applicable law, including, but not limited to CERCLA section 107, 42 U.S.C. section 9607.

5
**TWENTY-THIRD AFFIRMATIVE DEFENSE**

6
**(No Duty)**

7
23.   DOBBAS owed no duty of care to PLAINTIFFS at any and all times relevant to

8
the allegations in the Complaint.  DOBBAS complied with all applicable laws and regulations

9
and has acted in a careful, reasonable, and prudent manner.

10
**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

11
**(Money Damages Adequate)**

12
24.   Declaratory relief is not appropriate for some or all of the allegations contained in the

13
Complaint because, if PLAINTIFFS are entitled to a remedy, which DOBBAS denies, money damages

14
would be an adequate remedy.

15
**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

16
**(Reasonableness and Good Faith)**

17
25.   DOBBAS acted reasonably and in good faith at all times material herein, based on

18
all relevant facts and circumstances known by DOBBAS at the time it so acted.  Accordingly,

19
PLAINTIFFS are barred from any recovery in this action.

20
**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

21
**(Performance of Duties)**

22
26.   DOBBAS has fully performed any and all contractual, statutory, and other duties

23
owed, and PLAINTIFFS therefore are estopped from asserting any cause of action against

24
DOBBAS.

25
**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

26
**(Aggravation of Harm)**

27
27.   DOBBAS is informed and believes, and based thereon alleges, that PLAINTIFFS'

28
actions caused the release or threatened release of hazardous substances, if any, or otherwise

00010784.2

-14-

1   aggravated the harm, if any, alleged in the Complaint.  Therefore, any recovery by PLAINTIFFS

2   under the Complaint should be barred or reduced accordingly.

3                          **TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

4                                      **(Equitable Factors)**

5          28.    Under CERCLA section 113(0(1), 42 U.S.C. section 9613(0(1), the Court is

6   directed to consider such equitable factors as the Court deems appropriate in resolving actions for

7   contribution under CERCLA.  DOBBAS is informed and believes, and based thereon alleges, that

8   upon reviewing such equitable factors, the Court in this action will determine that DOBBAS

9   bears no responsibility for any response costs under CERCLA.

10                          **TWENTY-NINTH AFFIRMATIVE DEFENSE**

11                              **(No Liability for Others' Releases)**

12          29.    If DOBBAS is deemed liable for any of PLAINTIFFS' response costs, which

13   DOBBAS denies, DOBBAS is not liable for any costs that were not incurred as a direct result of

14   hazardous substance releases by DOBBAS.

15                            **THIRTIETH AFFIRMATIVE DEFENSE**

16                                          **(Offset)**

17          30.    If PLAINTIFFS are held entitled to recover any costs or damages against

18   DOBBAS, which entitlement DOBBAS denies, such recovery must be reduced by the greater of

19   (1) any amount previously obtained by PLAINTIFFS for any harms alleged in Complaint, or (2)

20   the equitable share of the liability of any person or entity from which PLAINTIFFS previously

21   received payment, whether by direct payment, offset or otherwise, for the harms alleged in the

22   Complaint.

23                          **THIRTY-FIRST AFFIRMATIVE DEFENSE**

24                              **(Joint and Several Liability Improper)**

25          31.    The Complaint fails to state a claim or set forth facts sufficient to support a finding

26   that DOBBAS should be held jointly and severally liable for any harm or damages alleged in the

27   Complaint.

28   / / /

1                    **THITY-SECOND AFFIRMATIVE DEFENSE**

2                         **(Subject Matter Jurisdiction)**

3          32.    The Court lacks subject matter jurisdiction to consider PLAINTIFFS' Complaint

4    and each cause of action therein.

5                    **THIRTY-THIRD AFFIRMATIVE DEFENSE**

6                           **(Compliance with Laws)**

7          33.    DOBBAS is not liable to PLAINTIFFS because DOBBAS acted reasonably and

8    with due care and complied with all applicable statutes, regulations, ordinances, and/or other

9    laws.

10                   **THIRTY-FOURTH AFFIRMATIVE DEFENSE**

11                            **(Lack of Control)**

12         34.    The discharges referred to in PLAINTIFFS' Complaint, if any, were caused by

13   acts or omissions of entities or persons other than DOBBAS and over whom DOBBAS had no

14   control.

15                    **THIRTY-FIFTH AFFIRMATIVE DEFENSE**

16                          **(Reasonable Precaution)**

17         35.    The discharges alleged in PLAINTIFFS' Complaint, if any there are, were caused

18   by any or one or combination of the following:  an act of war; a unanticipated grave natural

19   disaster or other natural phenomenon of an exceptional, inevitable and irresistible character, the

20   effects of which could not have been prevented or avoided by the exercise of due care or

21   foresight; negligence on the part of the State, the United States, or any department or agency

22   thereof; or any other circumstances or event which caused the discharge despite the exercise of

23   every reasonable precaution to prevent and/or mitigate and/or avoid adverse consequences from

24   the alleged discharge.

25   / / /

26   / / /

27   / / /

28   / / /

00010784.2                                -16-

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

### (Reliance)

36.     DOBBAS, at all relevant times relative to the matters that form the subject of PLAINTIFFS' Complaint, acted in reliance upon the directions given it by the pertinent government authorities and regulations.

## THIRTY-SEVENTH AFFIRMATIVE DEFENSE

### (Independent, Intervening, and/or Superseding Claims)

37.     Any act or omission of DOBBAS was not a substantial factor in bringing about PLAINTIFFS' alleged injuries and was not a contributing cause thereof.  If PLAINTIFFS sustained losses or injuries, such losses or injuries were the result of independent, intervening, or superseding forces and/or actions or omissions of third parties over which DOBBAS had no control and did not in any way participate in and for which DOBBAS is not liable.

## THIRTY-EIGHTH AFFIRMATIVE DEFENSE

### (Release or Waiver)

38.     The Complaint and each claim therein, is barred, in whole or in part, by the doctrines of express or implied release or waiver.

## THIRTY-NINTH AFFIRMATIVE DEFENSE

### (Undue Delay)

39.     PLAINTIFFS have, contrary to their legal and equitable obligations, failed to take effective action to abate the harm alleged in the Complaint for several years, a delay that has resulted in great prejudice to DOBBAS.  Given this delay on the part of PLAINTIFFS, an award of equitable injunctive relief against DOBBAS would be inappropriate and inequitable.

## FORTIETH AFFIRMATIVE DEFENSE

### (No Declaratory Relief)

40.     PLAINTIFFS are not entitled to declaratory relief against DOBBAS and such claims are not ripe for adjudication.

/ / /

/ / /

00010784.2

-17-

## FORTY-FIRST AFFIRMATIVE DEFENSE

### (Preemption)

41.     PLAINTIFFS' claims and/or the remedies PLAINTIFFS seek are preempted, in whole or in part, by state and/or federal law.

## FORTY-SECOND AFFIRMATIVE DEFENSE

### (Necessity)

42.     Any alleged injuries were the result of intentional but reasonable and reasonably necessary actions to protect persons or property from harm.

## FORTY-THIRD AFFIRMATIVE DEFENSE

### (Uncertainty)

43.     The Complaint and each purported cause of action contained therein, is uncertain as to the wrongful acts of DOBBAS.

## FORTY-FOURTH AFFIRMATIVE DEFENSE

### (Failure to Plead with Sufficient Particularity/Reservation of Rights)

44.     PLAINTIFFS do not describe their factual allegations or claims for relief with sufficient particularity to allow DOBBAS to ascertain what other affirmative defenses may exist, and DOBBAS therefore reserves the right to assert all affirmative defenses which may pertain to PLAINTIFFS' Complaint once the precise nature of the factual allegations and claims for relief is ascertained.   DOBBAS also reserves the right to assert all other defenses that arise through discovery, at trial, or otherwise.

## XII.   PRAYER FOR RELIEF

WHEREFORE, DOBBAS prays for judgment as follows:

1.     That this matter be tried before a jury;

2.     That PLAINTIFFS take nothing by way of their Complaint against DOBBAS;

3.     That judgment be entered in favor of DOBBAS and the PLAINTIFFS' Complaint be dismissed with prejudice;

4.     That DOBBAS be awarded its reasonable attorneys' fees, costs of suit, expenses and disbursements, according to proof;

00010784.2

-18-

5.      That in the event DOBBAS is deemed liable to PLAINTIFFS in any manner, that such liability be apportioned among all parties, including PLAINTIFFS, proportionate to each party's degree of fault; and

6.      That the Court grant such other and further relief as it may deem just and proper.

Dated: June 10, 2014                      KING WILLIAMS & GLEASON LLP


By: _____
          Jennifer Hartman King
          Nicole R. Gleason
          Shelby M. Gatlin

Attorneys for Defendant JIM DOBBAS, INC.

**DEMAND FOR JURY TRIAL**

1

2

3        Defendant Jim Dobbas, Inc. hereby requests a jury trial on all issues raised in this answer

4   to Plaintiffs' Complaint.

5

6   Dated: June 10, 2014                          KING WILLIAMS & GLEASON LLP

7

8                                                 By: _____
                                                      Jennifer Hartman King
9                                                     Nicole R. Gleason
                                                      Shelby M. Gatlin
10
                                                  Attorneys for Defendant JIM DOBBAS, INC.
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

00010784.2                                   -20-

ANSWER OF JIM DOBBAS, INC. TO DTSC'S COMPLAINT
2:14-cv-00595-WBS-EFB