JENNIFER HARTMAN KING (Bar No. 211313)
NICOLE R. GLEASON (Bar No. 199655)
SHELBY M. GATLIN (Bar No. 272701)
KING WILLIAMS & GLEASON LLP
520 Capitol Mall, Suite 750
Sacramento, CA 95814
Telephone: (916) 379-7530
Facsimile: (916) 379-7535
jhartmanking@kwgattorneys.com
ngleason@kwgattorneys.com
sgatlin@kwgattorneys.com

Attorneys for Defendant Jim Dobbas, Inc.

KING WILLIAMS & GLEASON LLP
520 CAPITOL MALL, SUITE 750
SACRAMENTO, CA 95814
TELEPHONE: (916) 379-7530 FAX: (916)379-7535

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

CALIFORNIA DEPARTMENT OF TOXIC SUBSTANCES CONTROL and the TOXIC SUBSTANCES CONTROL ACCOUNT,

Plaintiffs,

v.

JIM DOBBAS, INC., a California corporation; CONTINENTAL RAIL, INC., a Delaware corporation; DAVID VAN OVER, individually; PACIFIC WOOD PRESERVING, a dissolved California corporation; and WEST COAST WOOD PRESERVING, LLC, a Nevada limited liability company,

Defendants.

JIM DOBBAS, INC., a California corporation,

Cross-Claimant,

v.

Case No.: 2:14-cv-00595-WBS-EFB

**JIM DOBBAS, INC.'S CROSSCLAIMS FOR:**

1. **COST RECOVERY UNDER CERCLA § 107;**
2. **CONTRIBUTION UNDER CERCLA § 113(f);**
3. **DECLARATORY RELIEF UNDER CERCLA § 113(g);**
4. **CONTRIBUTION & INDEMNITY UNDER CALIFORNIA HEALTH AND SAFETY CODE SECTION 25300 ET SEQ.;**
5. **CONTINUING PUBLIC NUISANCE UNDER CIVIL CODE §§ 3479 & 3480;**
6. **DECLARATORY RELIEF UNDER 28 U.S.C. §2201;**
7. **NEGLIGENCE;**
8. **EQUITABLE INDEMNITY;**
9. **BREACH OF CONTRACT.**

[FILED CONCURRENTLY WITH ANSWER TO COMPLAINT AND DEMAND FOR JURY TRIAL]

Action filed: March 3, 2014

CONTINENTAL RAIL, INC., a Delaware corporation; DAVID VAN OVER, individually; PACIFIC WOOD PRESERVING, a dissolved California corporation; and WEST COAST WOOD PRESERVING, LLC, a Nevada limited liability company,

Cross-Defendants.

Defendant and cross-claimant, Jim Dobbas, Inc. ("DOBBAS") hereby crossclaims against Defendants, Continental Rail, Inc., David van Over, Pacific Wood Preserving, and West Coast Wood Preserving, LLC (collectively, "CROSS-DEFENDANTS"). DOBBAS makes the following allegations upon information and belief as to all matters, other than those allegations specifically referring to DOBBAS, which it makes based upon its own knowledge:

## I. JURISDICTION

1. The Court has jurisdiction over these crossclaims pursuant to 28 United States Code ("U.S.C.") section 1331, and 42 U.S.C. section 9613(b). The Court has supplemental jurisdiction pursuant to 28 U.S.C. section 1367, because the claims brought under California state law arise from the same nucleus of operative facts.

## II. VENUE

2. Venue is proper in this district pursuant to 28 U.S.C. 1391(b) and 42 U.S.C. section 9613(b) because the alleged acts and omissions relate to the alleged hazardous substances releases giving rise to the claims asserted in the Plaintiffs', the California Department of Toxic Substances Control ("DTSC") and the Toxic Substances Control Account, Complaint for Recovery of Response Costs; Declaratory Relief; Injunctive Relief; Treble Damages; and Civil Penalties ("Complaint") on file herein, and relate to the real property located at or near 147 A Street, Elmira, Solano County, California ("Site").

## III. DEMAND FOR JURY TRIAL

3. Cross-claimant, DOBBAS, hereby demands trial by jury in this action.

/ / /

/ / /

00010742.9

-1-

JIM DOBBAS, INC.'S CROSSCLAIMS TO DTSC'S COMPLAINT
2:14-cv-00595-WBS-EFB

## IV. PARTIES

4. Defendant and cross-claimant, DOBBAS, is a privately held California Corporation, located in the County of Placer, in the State of California.

5. Cross-defendant, Continental Rail, Inc. ("CRI") is a Delaware corporation. CRI owned an interest in the Site from in or about 1997, to in or about 2011.

6. Cross-defendant, David van Over ("Van Over") is a citizen of California residing in Solano County, California. Van Over currently owns and operates the Site.

7. Cross-defendant, Pacific Wood Preserving ("PWP") is a dissolved California corporation. It conducted business operations at the Site from in or about 1972 to in or about 1979, and owned it from in or about 1977 to in or about 1979.

8. Cross-defendant, West Coast Wood Preserving, LLC ("West Coast Wood") is a Nevada limited liability company, with its principal place of business in Kern County, California. It is a successor-in-interest to cross-defendant PWP.

## V. GENERAL ALLEGATIONS

9. DOBBAS did not cause or contribute to any "hazardous substance" "release" or "threatened release" at or from the Site, as alleged in Plaintiffs' Complaint.

10. Any "hazardous substance" "release" or "threatened release" at or from the Site, is the direct, legal, and proximate result of CROSS-DEFENDANTS' acts and/or omissions.

11. Accordingly, CROSS-DEFENDANTS are liable for any and all costs incurred as the result of the alleged release and threatened release of hazardous substances at the Site.

## VI. FIRST CROSSCLAIM

**(Costs Recovery Under CERCLA § 107 – Against All CROSS-DEFENDANTS)**

12. DOBBAS realleges and incorporates by reference the allegations contained in paragraphs 1 through 11, inclusive.

13. Plaintiffs the California Department of Toxic Substances Control and the Toxic Substances Control Act ("Plaintiffs") allege in their COMPLAINT that the Site is a "facility" within the meaning of section 101(9) of CERCLA, 42 U.S.C. section 9601(9). If such allegation is true, the Site is a "facility."

14. CROSS-DEFENDANTS are "persons" within the meaning of section 101(21) of CERCLA, 42 U.S.C. section 9601(21).

15. CROSS–DEFENDANTS are "owners" and/or "operators," or were "owners" and/or "operators," of the Site "at the time of disposal of a[] hazardous substance" there, as those terms are used in section 107(a) of CERCLA, 42 U.S.C. section 9607(a).

16. DOBBAS did not cause or contribute to any "hazardous substance" "release" or "threatened release" at or from the Site.

17. DOBBAS denies that it is liable for any costs incurred as the result of the alleged release or threatened release of hazardous substances at or from the Site. This denial notwithstanding, DOBBAS has incurred and/or may, in the future, incur costs in response to the release or threatened release of hazardous substances at or from the Site in a manner that satisfies the requirements of Section 107(a) of CERCLA, 42 U.S.C. section 9607(a).

18. CROSS-DEFENDANTS are jointly and severally liable, without regard to fault, under section 107(a) of CERCLA, 42 U.S.C. section 9607(a), for DOBBAS' costs incurred in response to the release or threatened release of hazardous substances at or from the Site.

## VII. SECOND CROSSCLAIM

**(Contribution under CERCLA § 113(f) – Against All CROSS-DEFENDANTS)**

19. DOBBAS realleges and incorporates by reference the allegations contained in paragraphs 1 through 18, inclusive.

20. Plaintiffs allege in their COMPLAINT that the Site is a "facility" within the meaning of section 101(9) of CERCLA, 42 U.S.C. section 9601(9). If such allegation is true, the Site is a "facility."

21. CROSS-DEFENDANTS are "persons" within the meaning of section 101(21) of CERCLA, 42 U.S.C. section 9601(21).

22. CROSS-DEFENDANTS are "owners" and/or "operators," or were "owners" and/or "operators," of the Site "at the time of disposal of a[] hazardous substance" there, as those terms are used in section 107(a) of CERCLA, 42 U.S.C. section 9607(a).

///

23. DOBBAS did not cause or contribute to any "hazardous substance" "release" or "threatened release" at or from the Site.

24. DOBBAS denies that it is liable for any costs incurred as the result of the alleged release or threatened release of hazardous substances at or from the Site.   This denial notwithstanding, DOBBAS has incurred and/or may, in the future, incur costs in response to the release or threatened release of hazardous substances at or from the Site.

25. CROSS-DEFENDANTS are liable to DOBBAS for contribution under CERCLA section 113(f), 42 U.S.C. section 9613(f) for some of all amounts DOBBAS incurred and may, in the future, incur as a result of any release or threatened release of hazardous substances at and from the Site, in that CROSS-DEFENDANTS are liable parties under CERCLA section 107(a), 42 U.S.C. section 9607(a).

## VIII.   THIRD CROSSCLAIM

**(Declaratory Relief under CERCLA § 113(g), 42 U.S.C. § 9613(g)
– Against All CROSS-DEFENDANTS)**

26. DOBBAS realleges and incorporates by reference the allegations contained in paragraphs 1 through 25, inclusive.

27. An actual, substantial, and justiciable controversy exists between DOBBAS and CROSS-DEFENDANTS, and each of them, regarding their respective rights and obligations for response costs that DOBBAS may incur to respond to the release and/or threatened release of hazardous substances into the soil and/or groundwater at and from the Site.

28. DOBBAS seeks declaratory judgment against CROSS-DEFENDANTS under CERCLA section 133(g)(2), 42 U.S.C. section 9613(g)(2), that will be binding in any subsequent action to recover further response costs, holding CROSS-DEFENDANTS liable for an equitable share (all or some portion) of any response costs DOBBAS may pay to respond to any release and/or threatened release of hazardous substances into the soil and/or ground water at and from the Site.

/ / /

/ / /

## IX. FOURTH CROSSCLAIM

**(Contribution and Indemnity Under California Health and Safety Code Section 25300 et seq. – Against All CROSS-DEFENDANTS)**

29. DOBBAS realleges and incorporates by reference the allegations contained in paragraphs 1 through 28, inclusive.

30. CROSS-DEFENDANTS caused or permitted a release or threatened release of substances governed by the Hazardous Substances Account Act ("HSAA") (California Health and Safety Code section 25300 et seq.) into, on, or about the Site and surrounding properties.

31. CROSS-DEFENDANTS are "liable persons" within the meaning of California Health and Safety Code section 25323.5.

32. DOBBAS has not caused or contributed to any release or threatened release of substances governed by the HSAA into, on, about or from the Site or surrounding properties and, therefore, is not a "liable person" as defined by California Health and Safety Code section 25323.5.

33. As a direct, legal, and proximate result of CROSS-DEFENDANTS' acts and/or omissions, pursuant to California Health and Safety Code sections 25320 and 25323.5, DOBBAS is entitled to contribution and/or indemnity under California Health and Safety Code section 25363(e) and 25323.5 for some or all the costs DOBBAS has incurred or might incur in the future as a result of the alleged release or threatened release at and from the Site.

34. As a direct, legal, and proximate result of CROSS-DEFENDANT acts and/or omissions, pursuant to California Health and Safety Code sections 25320 and 25323.5, DOBBAS has suffered injury and is entitled to monetary compensation and other relief and remedies.

## X. FIFTH CROSSCLAIM

**(Continuing Public Nuisance Pursuant to Cal. Civ. Code §§ 3479 & 3480 – Against All CROSS-DEFENDANTS)**

35. DOBBAS realleges and incorporates by reference the allegations contained in paragraphs 1 through 34, inclusive.

/ / /

36. CROSS-DEFENDANTS' actions have caused, created, maintained, contributed to, and neglected to abate, a public nuisance at, on, and/or near the Site, as defined by California Civil Code section 3479 and 3480.

37. CROSS-DEFENDANTS' actions at, on and/or near the Site, have adversely affected the quality and comfortable enjoyment of the environment by the community by creating the public nuisance conditions and endangering health and property at, on and/or near the Site.

38. DOBBAS is, and has been, specially and adversely affected by the public nuisance conditions caused and/or created by CROSS-DEFENDANTS' actions at, on and/or near the Site.

39. An ordinary person would be reasonably annoyed or disturbed by CROSS-DEFENDANTS' conduct.

40. As a direct, legal, and proximate result of the nuisance created by CROSS-DEFENDANTS, DOBBAS has been, and will be, damaged. DOBBAS is entitled to monetary compensation and other relief and remedies including, but not limited to, equitable relief in the form of an order requiring CROSS-DEFENDANTS to abate the nuisance.

**XI. SIXTH CROSSCLAIM**

**(Declaratory Relief under 28 U.S.C. § 2201 – Against All Cross-Defendants)**

41. DOBBAS realleges and incorporated by reference the allegations contained in paragraphs 1 through 40, inclusive.

42. An actual controversy exists between DOBBAS and CROSS-DEFENDANTS, and each of them, regarding their respective rights and obligations for response costs that DOBBAS may incur to respond to any release and/or threatened release of hazardous substances into the soil and/or groundwater at and from the Site. Unless all of the rights, duties and obligations of DOBBAS are determined in this action, there will be a multiplicity of actions. Judicial determination of the liability of CROSS-DEFENDANTS is necessary and appropriate at this time so that DOBBAS may ascertain its rights as against CROSS-DEFENDANTS.

43. Pursuant to 28 U.S.C. section 2201(a), this Court has jurisdiction to award declaratory relief. DOBBAS therefore requests a judicial determination of its rights, and the

///

duties and obligations of CROSS-DEFENDANTS, in responding to the release and/or threatened release of hazardous substances into the soil and/or groundwater at and from the Site.

44. Pursuant to 28 U.S.C. section 2202, DOBBAS further requests that this Court, after entering the declaratory judgment prayed for herein, retain jurisdiction of this action to grant DOBBAS such further relief against CROSS-DEFENDANTS as necessary and proper to effectuate the Court's declaration.

## XII. SEVENTH CROSSCLAIM

### (Negligence – Against All CROSSDEFENDANTS)

45. DOBBAS realleges and incorporated by reference the allegations contained in paragraphs 1 through 44, inclusive.

46. CROSS-DEFENDANTS owed a duty to refrain from injuring the Site and surrounding properties. Specifically, CROSS-DEFENDANTS owed a duty not to cause or allow any releases or threatened releases of environmental contamination at or from the Site.

47. CROSS-DEFENDANTS caused and/or permitted releases or threatened releases of environmental contamination at or from the Site and surrounding properties and, therefore, breached their duty and acted negligently in failing to protect such properties.

48. As a direct, legal and proximate result of CROSS-DEFENDANTS' negligent reckless and/or careless acts and/or omissions, DOBBAS has suffered injury and is entitled to monetary compensation and other relief and remedies as requested herein.

## XIII. EIGHTH CROSSCLAIM

### (Equitable Indemnity – Against All Cross-Defendants)

49. DOBBAS realleges and incorporated by reference the allegations contained in paragraphs 1 through 48, inclusive.

50. CROSS-DEFENDANTS were negligent, reckless, careless, in breach of duty and/or otherwise legally responsible with respect to the matters and things alleged in this Cross-complaint. Such negligence, breach of duty, or other legal fault or responsibility proximately or legally caused or contributed in whole or in part to the losses and liabilities DOBBAS has suffered and may suffer in the future.

51. DOBBAS has either provided, or does hereby provide, written notice to CROSS-DEFENDANTS of the matters for which DOBBAS is entitled to indemnity and has requested, or does hereby request, defense and indemnity for such matters.

52. DOBBAS has incurred and continues to incur, necessary and reasonable attorneys' fees and other costs and expenses in connection with the matters described in this cross-complaint. As a result, pursuant to California Code of Civil Procedure section 1021.6 and any and all other applicable provisions and principals of law and equity, DOBBAS is entitled to an order requiring CROSS-DEFENDANTS to reimburse DOBBAS in an amount equal to such fees, costs, and expenses.

53. As a direct, legal, and proximate result of CROSS-DEFENDANTS' failure to meet their obligation to hold harmless and indemnify DOBBAS, DOBBAS has suffered injury and is entitled to monetary compensation and other relief and remedies as requested herein.

## XIV. NINTH CROSSCLAIM

**(Breach of Contract – Against Van Over)**

54. DOBBAS realleges and incorporated by reference the allegations contained in paragraphs 1 through 53, inclusive.

55. On or around February 11, 2011, DOBBAS and Cross-Defendant Van Over entered into an Agreement of Purchase and Sale ("February 2011 Sales Agreement"). A copy of the February 2011 Sales Agreement is attached hereto as **Exhibit A** and incorporated by this reference as though fully stated herein.

56. Cross-Defendant Van Over has breached the February 2011 Sales Agreement by failing and refusing to comply with the provisions of that agreement, including but not limited to failing and refusing to assume responsibility and liability for any hazardous substances on, at, or beneath the Site, and by failing and refusing to indemnify DOBBAS for the same.

57. Cross-Defendant Van Over, through execution of the February 2011 Sales Agreement, assumed all responsibility and liability for the hazardous substances on, at, beneath, or emanating from the Site.

/ / /

58. Cross-Defendant Van Over, through execution of February 2011 Sales Agreement, also agreed to indemnify, defend, and hold harmless DOBBAS against claims, costs, cost recovery actions, government orders, expenses, fees, losses, penalties, liens, related to or arising from the hazardous substances on, at, beneath or emanating from the Site, regardless of when the claims arose.

59. DOBBAS has delivered a written demand on Cross-Defendant Van Over, demanding his compliance with the February 2011 Sales Agreement.

60. DOBBAS has performed all conditions, covenants and promises required of DOBBAS in accordance with the terms and conditions of the February 2011 Sales Agreement.

61. As a direct and proximate result of Cross-Defendant Van Over's breach of the February 2011 Sales Agreement, DOBBAS has incurred and will incur, costs and expenses and has suffered and will suffer direct, indirect, consequential, general, and special damages, attorneys' fees, and interest thereon in an amount according to proof at trial.

## XV. PRAYER FOR RELIEF

WHEREFORE, DOBBAS prays that judgment be entered for DOBBAS and against all CROSS-DEFENDANTS as follows:

1. For judgment that CROSS-DEFENDANTS are jointly and severally liable without regard to fault pursuant to CERCLA section 107(a), 42 U.S.C. section 9607(a), for all response costs incurred as a result of the release and threatened release of hazardous substances at and from the Site, in an amount according to proof;

2. For contribution pursuant to CERCLA section 113(f), 42 U.S.C. section 9613(f), in the amount of any judgment entered or settlement approved in favor of CROSS-DEFENDANTS, or any other party, against DOBBAS for costs incurred and/or to be incurred in response to the release and/or threatened release of hazardous substances at or from the Site;

3. For contribution and indemnification pursuant to HSAA section 25300 *et seq,* for all costs incurred and/or to be incurred by DOBBAS in response to the release and/or threatened release of hazardous substances at or from the Site;

/ / /

4. For award of money damages as compensation for economic and non-economic harm in the amount to be determined by proof at trial;

5. For litigation expenses and costs of suit incurred herein, including reasonable attorney's fees and expert fees;

6. For an award of interest at the maximum legal rate on any and all damages from the earliest date permitted by law;

7. For a declaration and judgment of this Court in favor of DOBBAS and against all CROSS-DEFENDANTS:

a. Awarding monetary damages to DOBBAS as alleged herein;

b. Requiring CROSS-DEFENDANTS to indemnify and hold harmless DOBBAS from and against all claims, losses, liabilities, and expenses incurred by DOBBAS as a result of CROSS-DEFENDANTS' acts and/or omissions, including, but not limited to any and all existing and future claims by third parties relating to such contamination;

c. Retaining jurisdiction to effectuate a declaration that CROSS-DEFENDANTS are liable for all costs that DOBBAS may incur to respond to the release and/or threatened release of hazardous substances at and from the Site; and

8. For such other and further relief as the Court deems just and proper.

Dated: June 10, 2014

KING WILLIAMS & GLEASON LLP

By: ______________________
Jennifer Hartman King
Nicole R. Gleason
Shelby M. Gatlin

Attorneys for Defendant JIM DOBBAS, INC.