1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

DAVID VAN OVER
216 F STREET, #108
DAVIS, CA 95616
Email: david.vanover@gmail.com
Telephone:    (775) 830-3888

IN PRO PER

**FILED**

JUN 1 0 2014

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
            DEPUTY CLERK

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

CALIFORNIA DEPARTMENT OF TOXIC
SUBSTANCES CONTROL and the TOXIC
SUBSTANCES CONTROL ACCOUNT,

          Plaintiffs,

     v.

JIM DOBBS, INC., a California corporation;
CONTINANTAL RAIL, INC., a Delaware
corporation; DAVID VAN OVER,
individually; PACIFIC WOOD
PRESERVING, a dissolved California
corporation; and WEST COAST WOOD
PERSERVING, LLC, a Nevada limited
liability company,

          Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

CIV. NO. 2:14-595 WBS EFB

**DEFENDANT DAVID VAN OVER'S
ANSWER TO THE COMPLAINT BY
PLAINTIFFS, CROSS-CLAIM AGAINST
PACIFIC WOOD PRESERVING AND
WEST COAST WOOD PRESERVING,
LLC AND DEMAND FOR JURY TRIAL**

     Defendant <u>DAVID VAN OVER</u> ("Van Over") hereby responds to the Complaint filed by

Plaintiff <u>CALIFORNIA DEPARTMETN OF TOXIC SUBSTANCES CONTROL</u> ("DTSC")

and the <u>TOXIC SUBSTANCES CONTROL ACCOUNT</u> ("TSCA") as follows:

          **<u>JURISDICTION, VENUE AND INTRA-DISTRICT ASSIGNMENT</u>**

    1.     Van Over admits the averments contained in paragraph 1.

    2.     Van Over admits the averments contained in paragraph 2.

    3.     Van Over admits the averments contained in paragraph 3.

907480

1

2 **STATEMENT OF THE ACTION**

3    4.    In response to the averments of paragraph 4 through 6, Van Over admits that

4 Plaintiffs seeks recovery under the legal theories that Plaintiffs generally describes.  Van Over

5 denies that Plaintiffs are entitled to relief against Van Over under any of its claims.

6 **PLAINTIFFS**

7    5.    Van Over admits the averments contained in paragraphs 7 and 8.

8 **DEFENDANTS**

9    6.    Van Over has insufficient knowledge to respond to the averments contained in

10 paragraphs 9, 10, 12 and 13 and based thereon, denies the averments therein.

11    7.    In response to paragraph 11, Van Over alleges that he resides in Yolo County.

12 Except as specifically alleged, Van Over admits the averments contained in paragraph 11.

13 **GENERAL ALLEGATIONS**

14    8.    Van Over has insufficient knowledge to respond to the averments contained in

15 paragraphs 13 through 25 and based thereon, denies the averments therein.

16    9.    Van Over admits the averments contained in paragraphs 26 and 27.

17    10.    Answering paragraphs 28 and 29, Van Over denies that it has failed to comply or

18 has had any duty to comply with the I/SE Order.  Except as denied, Van Over admits the

19 allegations therein.

20    11.    Van Over has insufficient knowledge to respond to the averments contained in

21 paragraphs 30 through 32 and based thereon, denies the averments therein.

22 **FIRST CLAIM FOR RELIEF**

23 **(Recovery for Response Costs Pursuant to Comprehensive Environmental Response,**

24 **Compensation and Liability Act, 42 U.S.C. § 9607(a))**

25    12.    In response to the averments contained in paragraph 33, Van Over incorporates by

26 reference, as though fully set forth herein, paragraphs 1 through 32, *supra*, inclusive.

27    13.    Van Over admits the averments contained in paragraph 34 through 37 on the basis

28 of information and belief.

907480

2

1       14.    Van Over has insufficient knowledge to respond to the averments contained in

2 paragraphs 38 and 39 and based thereon, denies the averments therein. Van Over denies that it

3 has any obligations or is responsible for any costs or sums that owed to Plaintiffs.

4 **SECOND CLAIM FOR RELIEF**

5 **(Declaratory Relief Under CERCLA)**

6       15.    In response to the averments contained in paragraph 40, Van Over incorporates by

7 reference, as though fully set forth herein, paragraphs 1 through 39, *supra*, inclusive.

8       16.    Van Over denies the averments contained in paragraph 41.

9 **THIRD CLAIM FOR RELIEF**

10 **(Failure and Refusal to Comply with Imminent or Substantial Determination Order**

11 **and Remedial Action Order - California Health and Safety Code sections**

12 **25355.5,25358.3,25359,25359.2,25367)**

13       17.    In response to the averments contained in paragraph 42, Van Over incorporates by

14 reference, as though fully set forth herein, paragraphs 1 through 41, *supra*, inclusive.

15       18.    Van Over admits the averments contained in paragraph 43.

16       19.    Van Over admits that the specified codes state what is alleged in paragraphs 44

17 through 47. Except as specifically admitted, Van Over denies the allegations therein.

18       20.    In response to the averments contained in paragraphs 48 and 49, Van Over denies

19 that he has failed to comply or is in violation of the I/SE Order. Except as specifically denied,

20 Van Over has insufficient information or belief to answer the allegations therein and based

21 thereon denied the allegations.

22       21.    In response to the averments contained in paragraphs 50, Van Over denies that he

23 has failed to comply or in violation of the I/SE Order. Except as specifically denied, Van Over

24 admits the allegations contained therein.

25 **AFFIRMATIVE DEFENSES**

26 **FIRST AFFIRMATIVE DEFENSE**

27 **(Failure to State a Claim)**

28 907480

3

1.     The Complaint and each claim therein fail to state a claim upon which relief can be granted against Van Over.

### SECOND AFFIRMATIVE DEFENSE

#### (Standing)

2.     Plaintiffs lack standing to bring this action.

### THIRD AFFIRMATIVE DEFENSE

#### (Uncertainty)

3.     The Complaint and each claim therein are uncertain.

### FOURTH AFFIRMATIVE DEFENSE

#### (Statute of Limitations)

4.     The Complaint and each claim therein are barred by the applicable statute of limitations.

### FIFTH AFFIRMATIVE DEFENSE

#### (Waiver)

5.     Plaintiffs waived each and every claimed.

### SIXTH AFFIRMATIVE DEFENSE

#### (Estoppel)

6.     By virtue of the acts, conduct and omissions of Plaintiffs, Plaintiffs are estopped from asserting the claims alleged in the Complaint.

### SEVENTH AFFIRMATIVE DEFENSE

#### (Contributory or Comparative Fault)

7.     Van Over is informed and believes and on such basis alleges that persons or entities other than Van Over caused or contributed to damages, if any, allegedly suffered by Plaintiffs by negligence or other wrongful conduct and said acts or omissions eliminate or comparatively reduce the percentage of liability, if any, of Van Over by virtue of the doctrine of comparative negligence.

907480

DEFENDANT DAVID VAN OVER'S ANSWER TO THE SECOND AMENDED COMPLAINT BY PLAINTIFFS, CROSS-CLAIM AND DEMAND FOR JURY TRIAL

1
2
3

## EIGHTH AFFIRMATIVE DEFENSE

### (Intervening Acts)

8.     Van Over is not liable to Plaintiffs because of the subsequent and intervening acts of Plaintiffs, other defendants, other third parties and/or acts of God, all of which caused the damages, if any, alleged in the Complaint.

## NINTH AFFIRMATIVE DEFENSE

### (Cause in Fact)

9.     Plaintiffs cannot prove any facts showing that the conduct of Van Over was the cause in fact of any threatened or actual releases of hazardous substances or hazardous wastes as alleged in the Complaint.

## TENTH AFFIRMATIVE DEFENSE

### (Proximate Cause/Substantial Factor)

10.     Plaintiffs cannot prove any facts showing that the conduct of Van Over was the proximate cause of, or a substantial factor in, any threatened or actual releases of hazardous substances or hazardous wastes as alleged in the Complaint.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Equitable Estoppel/Equitable Indemnity)

11.     The Complaint and each claim are barred by the doctrines of equitable estoppel and equitable indemnity.

## TWELFTH AFFIRMATIVE DEFENSE

### (Failure to Join Indispensable or Necessary Parties)

12.     Plaintiffs have failed to join all necessary and/or indispensable parties needed for a just adjudication of the subject matter of this action.

## THIRTEEENTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

907480

DEFENDANT DAVID VAN OVER'S ANSWER TO THE SECOND AMENDED COMPLAINT BY PLAINTIFFS, CROSS-CLAIM AND DEMAND FOR JURY TRIAL

1    13.    Plaintiffs have failed to mitigate their damages, if any, in connection with the

2  matter referred to in the Complaint, which failure to mitigate bars and/or diminishes Plaintiffs'

3  recovery, if any, against Van Over.

### FOURTEENTH AFFIRMATIVE DEFENSE

### (Due Care - Conformance With Laws)

6    14.    At all times relevant herein, Van Over acted reasonably and with due care,

7  complied with all statutory, regulatory, and common law requirements in connection with

8  activities that are the subject matter of this action.

### FIFTEENTH AFFIRMATIVE DEFENSE

### (Response Costs)

11    15.    The costs incurred or to be incurred do not constitute recoverable response,

12  remedial, or removal costs within the meaning of CERCLA, and are unreasonable, unnecessary,

13  and inconsistent with the National Contingency Plan.  Therefore, such costs are not recoverable.

### SIXTEENTH AFFIRMATIVE DEFENSE

### (Act of God, War or Third Party)

16    16.    The release or threatened release of hazardous substances was caused solely by

17  one or more acts of God, an act of war, by the acts or omissions of a third party or parties, other

18  than Van Over, or an agent of Van Over, and with whom Van Over had no contractual

19  agreements.

### SEVENTEENTH AFFIRMATIVE DEFENSE

### (No Liability for Future Costs)

22    17.    Plaintiffs cannot recover future costs as this is inconsistent with CERCLA 42

23  U.S.C. §9607(a)(4).

### EIGHTEENTH AFFIRMATIVE DEFENSE

### (No Joint and Several Liability)

26    18.    Van Over is not jointly and severally liable for any damage alleged in the

27  Complaint because any effect of any act or omission of Van Over or any other defendant is

28  divisible and distinct from any compensable damage, if any, incurred by Plaintiffs.

907480

6

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### NINETEENTH AFFIRMATIVE DEFENSE

#### (Joint and Several Liability Improper)

19.     The Complaint and each claim therein are barred because they failed to state a claim or set forth facts sufficient to support a finding of joint and several liability against Van Over.

### TWENTIETH AFFIRMATIVE DEFENSE

#### (Offset)

20.     If Plaintiffs is held entitled to recover any costs or damages against Van Over, which entitlement Van Over denies, such recovery must be reduced and offset by: (1) any amount previously obtained for any damages alleged in the Complaint, by Plaintiffs, from any person and; (2) the equitable share of the liability of any person or entity from which Plaintiffs previously received payment, whether by direct payment, or by offset, or a release from contribution or covenant not to sue with respect to any of the damages alleged in the Complaint.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

#### (Failure to Incur Response Costs)

21.     Plaintiffs have failed to incur necessary and recoverable response costs before filing suit.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

#### (Preemption of State Claims)

22.     Plaintiffs' state law claims are preempted by federal law.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

#### (Violation of Regulatory Standards)

23.     The Complaint and each claim therein are barred to the extent their costs, if any, were incurred as a violation of regulatory standards or failure to cooperate with public officials.

907480

1
2
3
4

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Failure to Meet Prerequisites)

24.     The Complaint and each cause of action therein are barred in whole or in part to the extent that Plaintiffs failed to meet the statutory and legislative prerequisites for filing and maintaining a lawsuit under CERCLA.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (Substantial Compliance)

25.     Van Over has substantially complied with the requirements of state law as they pertain to this lawsuit and such substantial compliance bars Plaintiffs' claims.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (Substantial Factor)

26.     Any acts or omissions, if any, of Van Over were not substantial factors in bringing about the alleged damages and were not a contributing cause thereof, but were superseded by the acts or omissions of third parties, which were independent intervening and the proximate cause of any damages suffered by Plaintiffs.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (Failure to Perform Obligations)

27.     The claims for relief alleged in the Complaint are barred, in whole or in part, by Plaintiffs' failure to perform their obligations owed to Van Over or to other third parties and such obligations were not excused, prevented or waived.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

### (Due Care)

28.     Van Over exercised due care with respect to all matters alleged in the Complaint.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

### (Speculative Damages)

907480

8

29.     Plaintiffs' damages, if any, are speculative and may not be recovered.


## THIRTIETH AFFIRMATIVE DEFENSE

### (Attorneys' Fees)

30.     Plaintiffs are not entitled to recover attorneys' fees with respect to any of Plaintiffs' claims against Van Over.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

### (Offset of Voluntary Investigation/Remediation)

31.     If Van Over is adjudged liable to Plaintiffs, which liability is expressly denied, Van Over is entitled to offset any damages awarded by the amount of costs and fees incurred by Van Over in its voluntary investigation and remediation of the property at issue here.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

### (Obligations Satisfied)

32.     Any obligations Van Over owed to Plaintiffs have been satisfied, released or otherwise discharged. Therefore, Plaintiffs has suffered no damages and is not entitled to bring this action.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

### (No Cost Recovery Under CERCLA)

33.     Plaintiffs is not entitled to the cost recovery sought under Section 107 of CERCLA, 42 U.S.C., § 9607, because it is not an innocent party.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

### (Causation – Not Fairly Traceable)

34.     The conditions described in Plaintiffs' Complaint are not "fairly traceable" to Van Over's acts or omissions.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

### (Full Performance under Permits, Standards, Regulations)

907480

1    35.     Van Over alleges that it has fully performed each and every obligation arising

2    under each of the permits, standards, regulations, conditions, requirements, prohibitions, or

3    orders required by law, or any implementing regulations, or judicial interpretations thereof, thus

4    the Complaint fails to state a claim against Van Over premised upon violation of any such law.

5                          **THIRTY-SIXTH AFFIRMATIVE DEFENSE**

6                                      **(Abstention)**

7    36.     The matters alleged in the Complaint are subject to ongoing agency enforcement,

8    thus the Court should abstain from exercising primary jurisdiction over such matters.

9                          **THIRTY-SEVENTH AFFIRMATIVE DEFENSE**

10                              **(Adequate Remedy at Law)**

11   37.     With respect to declaration or equitable relief requested by Plaintiffs, Plaintiffs

12   have adequate remedies at law and is therefore not entitled to any such relief whatsoever.

13                         **THIRTY-EIGHTH AFFIRMATIVE DEFENSE**

14                                     **(Necessity)**

15   38.     With respect to matters which are the subject of the Complaint, Van Over's

16   actions were reasonably necessary for the accomplishment of an important public interest.

17                          **THIRTY-NINTH AFFIRMATIVE DEFENSE**

18                                  **(De Minimis Harm)**

19   39.     The Complaint and each claim therein is barred on the ground that the

20   contribution of Van Over to the alleged contamination, if any, is de minimis.

21                            **FORTIETH AFFIRMATIVE DEFENSE**

22                               **(Conditions Precedent)**

23   40.     Plaintiffs have failed to perform conditions precedent necessary to commence this

24   action against Van Over.

25                          **FORTY-FIRST AFFIRMATIVE DEFENSE**

26                                      **(Mistake)**

27   41.     Plaintiffs' claims are barred by their mistake of fact and/or by third party mistake

28   of fact.
907480

1

## FORTY-SECOND AFFIRMATIVE DEFENSE

2

### (Substantial Compliance)

3        42.    Van Over has substantially complied with the requirements of state law as they

4    pertain to this lawsuit and such substantial compliance bars Plaintiffs' claims.

5

## FORTY-THIRD AFFIRMATIVE DEFENSE

6

### (Remedial Actions Not Cost Effective)

7        43.    Plaintiffs is not entitled to recovery of remedial costs from Van Over because

8    Plaintiffs' alleged remedial actions were not and are not "cost effective" pursuant to CERCLA,

9    42 U.S.C. §9621.

10

## FORTY-FOURTH AFFIRMATIVE DEFENSE

11

### (Action Authorized by Statute)

12        44.    Van Over alleges that the actions and conditions complained of by Plaintiffs are

13    expressly authorized by statute, ordinance, or administrative regulation, and may not be judged a

14    nuisance under Civil Code section 3482.

15

## FORTY-FIFTH AFFIRMATIVE DEFENSE

16

### (Reservation of Additional Affirmative Defenses)

17        45.    Van Over presently has insufficient knowledge or information upon which to

18    form a belief as to whether it may have additional affirmative defenses. Van Over reserves the

19    right to assert and rely on any additional affirmative defenses that may become available or

20    apparent during discovery proceedings and/or trial.

21        WHEREFORE, Van Over prays as follows:

22        1.    That the relief sought by way of the prayer for relief in Plaintiffs' is denied in its

23    entirety;

24        2.    That Plaintiffs take nothing by its action;

25        3.    That the Complaint be dismissed in its entirety;

26        4.    That Van Over be awarded its costs, expert consultants' fees, witness fees, and

27    reasonable attorneys' fees incurred in defense of this action; and

28        5.    For such other relief as the Court deems just and proper.

907480

11

## CROSS-CLAIM AGAINST PACIFIC WOOD PRESERVING AND WEST COAST WOOD PRESERVING, LLC AND DEMAND FOR JURY TRIAL

Van Over brings this Cross-Claim against PACIFIC WOOD PRESERVING, a dissolved California corporation; and WEST COAST WOOD PRESERVING, LLC, a Nevada limited liability company ("Cross-Claimants"), pursuant to Rule 13 of the Federal Rules of Civil Procedure, as follows:

### DESCRIPTION OF ACTION

1.      Plaintiffs filed in the United States District Court for the Eastern District of California, a Complaint against Van Over, pursuant to the Federal Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), 42 U.S.C. §§ 9601 et seq.

2.      Van Over denies that it is liable to Plaintiffs and denies that Plaintiffs is entitled to any relief against Van Over as requested or otherwise.

3.      Van Over's Cross-Claim is being filed and served in accordance with Rule 13(a) of the Federal Rules of Civil Procedure.

### PARTIES

4.      Based on information and belief, Van Over realleges the averments contained in the Complaint as they relate to the capacity of the Cross-Claimants as though fully alleged herein.

### JURISDICTION

5.      Jurisdiction over this action is based on 28 U.S.C. Section 1331 and on 42 U.S.C. section 9613(b). This suit is brought under CERCLA and arises out of contamination at and subject property. Jurisdiction of state law claims is based upon 28 U.S.C. Section 1367(a). These state law claims are so related to the federal claims in this action that they form part of the same case or controversy under Article III of the United States Constitution.

907480

12

1

**VENUE**

2      6.      Venue is proper in this Court pursuant to 28 U.S.C. section 1391(b) and 42

3   U.S.C. section 9613(b) because the alleged acts and omissions relate to hazardous waste and

4   hazardous substances in the environment and emanating from property located in

5   this District.

6

**FACTUAL ALLEGATIONS**

7      7.      Plaintiffs allege that the Site is a "facility" as defined by CERCLA.  Therefore, on

8   information and belief, Van Over also alleges that the Site is a "facility" as defined by CERCLA.

9      8.      Van Over is informed and believes, and on that basis alleges, that Cross-Claimants

10   are individually and collectively a "person," as that term is defined in 42 U.S.C. § 9601(21).

11      9.      Van Over is informed and believes, and on that basis alleges, that Cross-Claimants

12   are individually and collectively are an "owner and operator" as that term is defined in 42 U.S.C.

13   § 9601(20), of the Site and that hazardous substances have been disposed at the Site during

14   Plaintiffs' ownership.

15      10.      Van Over is informed and believes, and on that basis alleges, that Cross-Claimants

16   operations at the Site led to the "release" or "threatened release," as that term is defined in 42

17   U.S.C. § 9601(22), of "hazardous substances," as that term is defined in 42 U.S.C. § 9601(14), to

18   the soil and groundwater underlying the Site.

19      11.      Van Over is informed and believes, and on that basis alleges, that during the

20   course of its operations at the Site, Cross-Claimants individually and collectively arranged for the

21   disposal of hazardous substances to the soil, groundwater, and surface water of the Site.

22      12.      As a result of this release or threatened release, Van Over may incur response

23   costs for remediation at the Site.

24

**FIRST CLAIM FOR RELIEF**

25

**(Contribution pursuant to CERCLA § 113(f))**

26      13.      Van Over refers to and realleges paragraphs 1 through 24 of this Cross-Claim and

27   incorporates them herein by reference.

28      14.      Van Over did not contribute the alleged contamination at the Site.

907480

---

13

DEFENDANT DAVID VAN OVER'S ANSWER TO THE SECOND AMENDED COMPLAINT BY PLAINTIFFS, CROSS-CLAIM
AND DEMAND FOR JURY TRIAL

1       15.    Van Over is informed and believes and thereon alleges that the alleged

2   contamination to the Site was contributed to or caused by the acts or omissions of Cross-

3   Claimants.

4       16.    To the extent any party has incurred recoverable response costs pursuant to

5   CERCLA § 107(a), 42 U.S.C. § 9607(a), and asserts liability for some or all of those costs

6   against Van Over pursuant to CERCLA § 107(a), 42 U.S.C. § 9607(a), or asserts a contribution

7   claim against Van Over for such costs incurred by another party pursuant to CERCLA

8   § 113(f)(1), 42 U.S.C. § 9613(f)(1), Van Over is entitled to one hundred percent (100%)

9   contribution, or contribution in such other percentage as this Court deems appropriate, pursuant

10  to CERCLA § 113(f)(1), 42 U.S.C. § 9613(f)(1), from Cross-Claimants.

11  **SECOND CLAIM FOR RELIEF**

12  **(Declaratory Relief under Federal Law)**

13      17.    Van Over refers to and realleges paragraphs 1 through 16 of this Cross-Claim and

14  incorporates them herein by reference.

15      18.    A dispute has arisen and an actual controversy exists between Van Over and the

16  other parties in that the other parties claim that Van Over is obligated to indemnify them for all

17  future damages and costs that may be suffered by it as a result of the contamination of the Site

18  or, in the alternative, to contribute and reimburse them for such damages and costs, including

19  costs or damages awarded in legal or administrative actions, costs of compliance with any

20  judicial or administrative order, and costs of litigation including attorneys' fees.

21      19.    Substantial costs will be incurred by Van Over over time and after conclusion of

22  this action. Unless declaratory relief is granted, it will be necessary for Van Over to commence

23  many successive actions against other parties in order to secure compensation for the costs

24  incurred and damages sustained, thus requiring a multiplicity of suits.

25      20.    Van Over is entitled to and hereby seeks a declaratory judgment, pursuant to

26  CERCLA § 113(g)(2), 42 U.S.C. § 9613(g)(2), of Cross Claimants liability to Van Over for all

27  Response Costs incurred or to be incurred by Van Over for the Site and for responding to the

28  907480

DEFENDANT DAVID VAN OVER'S ANSWER TO THE SECOND AMENDED COMPLAINT BY PLAINTIFFS, CROSS-CLAIM
AND DEMAND FOR JURY TRIAL

1  Releases and threatened Releases of wastes and adverse environmental consequences at issue
2  herein.

3      21.    Van Over is entitled to, and hereby seeks, a judicial determination pursuant to the
4  Federal Declaratory Relief Act, 28 U.S.C. § 2201, of Van Over's right to reimbursement from
5  and indemnification by Plaintiffs for all costs, jointly and severally, which Van Over may incur
6  resulting from Cross-Claimants' contribution to Release of wastes into the environment.

7                          **THIRD CLAIM FOR RELIEF**
8                              **(Negligence)**

9      22.    Van Over refers to and realleges paragraphs 1 through 21 of this Cross-Claim and
10  incorporates them herein by reference.

11     23.    Cross-Claimants had a duty of care not to dispose of its wastes in a negligent
12  manner so as to damage Van Over.

13     24.    Van Over is informed and believes, and thereon alleges, that Cross-Claimants
14  negligently disposed of wastes, or allowed such disposal, so as to cause the contamination of the
15  Site and the environment, including the surface and sub-surface soils at and groundwater beneath
16  and adjacent to the Site.  This harm was reasonably foreseeable to Cross-Claimants.

17     25.    Van Over is informed and believes, and thereon alleges, that Cross-Claimants acts
18  and omissions in managing and maintaining the Site were negligent; that these same acts and
19  omissions proximately caused contamination of the soil and groundwater in, at, around, and
20  underlying the Site; that these same acts and omissions have exacerbated and increased the cost
21  of remediating said contamination; and that Cross-Claimants, for these reasons, breached its duty
22  to Van Over.

23     26.    As a result of Cross-Claimants acts and omissions, Van Over has been damaged as
24  alleged herein.

25                          **FOURTH CLAIM FOR RELIEF**
26                     **(Declaratory Relief Under State Law)**

27     27.    Van Over refers to and realleges paragraphs 1 through 26 of this Cross-Claim and
28  incorporates them herein by reference.
907480

15

1  28.    Van Over is informed and believes, and on that basis alleges, that all legal

2  liability, whether arising from federal or state statutory law, or from common law, which may in

3  the future be asserted by any entity or individual, arising from or related to the contamination of

4  and at the Site, as alleged, is the sole and actual and/or joint and several liability of Plaintiffs.

5  Therefore, Van Over is entitled to a judicial declaration that Cross-Claimants is liable to

6  indemnify Van Over for all future damages and costs that may be suffered by Van Over as a

7  result of the contamination at the Site or, in the alternative, that Cross-Claimants are liable to

8  contribute to and reimburse Van Over for such damages and costs including, without limitation,

9  costs or damages awarded in legal or administrative actions, costs of compliance with any

10  judicial or administrative order, and costs of litigation including attorneys' fees.

11  ## FIFTH CLAIM FOR RELIEF

12  ## (Equitable Indemnification)

13  29.    Van Over realleges paragraphs 1 through 28 of this Cross-Claim and incorporates

14  them herein by reference.

15  30.    As a direct and proximate result of Cross-Claimants acts or omissions, Van Over

16  has been required to act in the protection of its own interests by defending against the Complaint

17  filed in this action and bringing this Cross-Claim.

18  31.    Van Over is without fault with respect to the matters alleged in the Complaint,

19  and any other claim or action arising directly or indirectly from the alleged contamination of the

20  soil and/or groundwater in, at, around, and underlying the Site.  To the extent Van Over has any

21  liability for any relief sought in any judicial or administrative proceedings brought against them

22  by any persons or entities with regard to the alleged contamination of the soil and/or

23  groundwater in, at, around, and underlying the Site, including without limitation, the pending

24  Complaint, such liability is purely secondary, imputed, vicarious or technical, and primary

25  liability attaches to Plaintiffs and is attributable to Cross-Claimants acts or omissions.

26  32.    Van Over is informed and believes and thereon further alleges that Cross-

27  Claimants are responsible to indemnify Van Over for any liability arising from Cross-Claimants

28  acts or omissions.  Van Over further alleges that the liabilities of Cross-Claimants are either total
907480

16

1  or partial.  If total, Van Over is entitled to total indemnity from Cross-Claimants for any liability

2  that may be assessed against Van Over arising directly or indirectly from contamination of the

3  soil and/or groundwater in, at, around, and underlying the Site.  If partial, Cross-Claimants are in

4  some manner partially responsible for said liability and in equity must reimburse Van Over for

5  any liability assessed by the Court, based on Cross-Claimants own fault for alleged liability

6  arising directly or indirectly from contamination of the soil and/or groundwater in, at, around,

7  and underlying the Site.

8                                   **SIXTH CLAIM FOR RELIEF**

9                                          **(Contribution)**

10         33.     Van Over realleges paragraphs 1 through 32 of this Cross-Claim and incorporates

11  them herein by reference.

12         34.     Van Over denies all liability with respect to the alleged contamination of the soil

13  and/or groundwater in, at, around, and underlying the Site.  However, Plaintiffs have alleged that

14  Van Over is liable under a variety of legal theories.  To the extent that Van Over may have any

15  liability for any relief sought in any judicial or administrative proceedings brought against it in

16  by any persons or entities with regard to contamination of the soil and/or groundwater in, at,

17  around and underlying the Site, including without limitation, the Complaint, Cross-Claimants are

18  liable to Van Over for contribution for all costs, expenses or damages incurred or awarded in

19  legal or administrative actions, clean-up costs, attorneys' fees and consultants' fees, and costs of

20  litigation.

21         WHEREFORE, Van Over prays as follows:

22         1.     For contribution under CERCLA section 113(f), 42 U.S.C. section 9613(f), from

23  Plaintiffs, if the Court concludes that Van Over is liable under CERCLA;

24         2.     For recovery from Cross-Claimants for all response costs that will be incurred by

25  Van Over in response to the release and threatened release of hazardous substances at the Site

26  and in the enforcement of CERCLA's statutory liability scheme, according to proof at trial;

27

28

907480

DEFENDANT DAVID VAN OVER'S ANSWER TO THE SECOND AMENDED COMPLAINT BY PLAINTIFFS, CROSS-CLAIM
AND DEMAND FOR JURY TRIAL

1    3.    For a declaration that Plaintiffs is obligated to pay to Van Over all future response

2    costs and any other costs incurred by Van Over hereafter in response, removal or remediation

3    efforts incurred;

4    4.    For incidental and consequential damages according to proof;

5    5.    For pre-judgment interest at the legal rate;

6    6.    For all costs of suit incurred herein;

7    7.    For such other and further relief as this Court deems just and proper.

8    DEMAND FOR JURY TRIAL

9    Van Over demands a jury trial on all applicable issues.

10   Date:   June 10, 2014

11

12   By

13                     David Van Over

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

907480

18