JENNIFER HARTMAN KING (Bar No. 211313)
NICOLE R. GLEASON (Bar No. 199655)
SHELBY M. GATLIN (Bar No. 272701)
KING WILLIAMS & GLEASON LLP
520 Capitol Mall, Suite 750
Sacramento, CA 95814
Telephone: (916) 379-7530
Facsimile: (916) 379-7535
jhartmanking@kwgattorneys.com
ngleason@kwgattorneys.com
sgatlin@kwgattorneys.com

Attorneys for Defendant Jim Dobbas, Inc.

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| CALIFORNIA DEPARTMENT OF TOXIC SUBSTANCES CONTROL and the TOXIC SUBSTANCES CONTROL ACCOUNT,<br><br>Plaintiffs,<br><br>v.<br><br>JIM DOBBAS, INC., a California corporation; CONTINENTAL RAIL, INC., a Delaware corporation; DAVID VAN OVER, individually; PACIFIC WOOD PRESERVING, a dissolved California corporation; and WEST COAST WOOD PRESERVING, LLC, a Nevada limited liability company,<br><br>Defendants. | Case No.: 2:14-cv-00595-WBS-EFB<br><br>***ERRATA* TO JIM DOBBAS, INC.'S COUNTERCLAIM** |
| AND RELATED CROSS CLAIMS AND COUNTERCLAIMS | Action filed: March 3, 2014 |

Defendant, counterclaimant, and cross-claimant Jim Dobbas, Inc. ("DOBBAS") recently discovered that the Counterclaim filed June 10, 2014, as Docket Entry No. 23-1, contained an error in that the filed document inadvertently omitted page six (6).

/ / /

/ / /

00011055.2

     Therefore, attached hereto as Exhibit A, please find a complete copy of the Counterclaim, including the previously inadvertently omitted page. In all other respects this document is identical to the version that was filed.

Dated: June 24, 2014                      KING WILLIAMS & GLEASON LLP

                                           By: /s/ Jennifer Hartman King
                                               Jennifer Hartman King
                                               Nicole R. Gleason
                                               Shelby M. Gatlin

                                       Attorneys for Defendant JIM DOBBAS, INC.

# EXHIBIT A

Case 2:14-cv-00595-WBS-JDP   Document 25   Filed 06/24/14   Page 3 of 12

JENNIFER HARTMAN KING (Bar No. 211313)
NICOLE R. GLEASON (Bar No. 199655)
SHELBY M. GATLIN (Bar No. 272701)
KING WILLIAMS & GLEASON LLP
520 Capitol Mall, Suite 750
Sacramento, CA 95814
Telephone:    (916) 379-7530
Facsimile:    (916) 379-7535
jhartmanking@kwgattorneys.com
ngleason@kwgattorneys.com
sgatlin@kwgattorneys.com

Attorneys for Defendant Jim Dobbas, Inc.

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| CALIFORNIA DEPARTMENT OF TOXIC SUBSTANCES CONTROL and the TOXIC SUBSTANCES CONTROL ACCOUNT,<br><br>Plaintiffs,<br><br>v.<br><br>JIM DOBBAS, INC., a California corporation; CONTINENTAL RAIL, INC., a Delaware corporation; DAVID VAN OVER, individually; PACIFIC WOOD PRESERVING, a dissolved California corporation; and WEST COAST WOOD PRESERVING, LLC, a Nevada limited liability company,<br><br>Defendants. | Case No.: 2:14-cv-00595-WBS-EFB<br><br>**JIM DOBBAS, INC.'S COUNTERCLAIM FOR:**<br><br>1. **COST RECOVERY UNDER CERCLA § 107;**<br>2. **CONTRIBUTION UNDER CERCLA § 113(F);**<br>3. **DECLARATORY RELIEF UNDER CERCLA § 113(G);**<br>4. **CONTRIBUTION AND INDEMNITY UNDER CALIFORNIA HEALTH AND SAFETY CODE §§ 25300 ET SEQ.;**<br>5. **DECLARATORY RELIEF UNDER 28 U.S.C. § 2201.** |
| JIM DOBBAS, INC., a California corporation,<br><br>Counterclaimant,<br><br>v.<br><br>CALIFORNIA DEPARTMENT OF TOXIC SUBSTANCES CONTROL and the TOXIC SUBSTANCES CONTROL ACCOUNT,<br><br>Counterdefendants. | [FILED CONCURRENTLY WITH ANSWER TO COMPLAINT AND DEMAND FOR JURY TRIAL]<br><br>Action filed: March 3, 2014 |

00010740.6

JIM DOBBAS, INC.'S COUNTERCLAIM TO DTSC'S COMPLAINT
2:14-cv-00595-WBS-EFB

Defendant and counter-claimant Jim Dobbas, Inc. ("DOBBAS") hereby counterclaims against Plaintiff California Department of Toxic Substances Control ("COUNTER-DEFNDANT"). DOBBAS makes the following allegations upon information and belief as to all matters, other than those allegations specifically referring to DOBBAS, which it makes based upon its own knowledge:

## I. JURISDICTION

1. The Court has jurisdiction over these counterclaims pursuant to 28 United States Code ("U.S.C.") section 1331, and 42 U.S.C. section 9613(b). The Court has supplemental jurisdiction pursuant to 28 U.S.C. section 1367, because the claims brought under California state law arise from the same nucleus of operative facts.

## II. VENUE

2. Venue is proper in this district pursuant to 28 U.S.C. 1391(b) and 42 U.S.C. section 9613(b) because the alleged acts and omissions relate to the alleged hazardous substances releases giving rise to COUNTER-DEFEDNANT's claims asserted in the Complaint for Recovery of Response Costs; Declaratory Relief; Injunctive Relief; Treble Damages; and Civil Penalties ("Complaint") on file herein, and relate to the real property located at or near 147 A Street, Elmira, Solano County, California.

## III. DEMAND FOR JURY TRIAL

3. Defendant and counter-claimant, DOBBAS, hereby demands trial by jury in this action.

## IV. PARTIES

4. Defendant and counter-claimant, DOBBAS, is a privately held California Corporation, located in the County of Placer, in the State of California.

5. DOBBAS is informed and believes, and thereon alleges, that COUNTER-DEFENDANT the California Department of Toxic Substances Control ("DTSC") is a public agency of the State of California, organized and existing under California Health and Safety Code section 58000 et seq. DTSC's predecessor agency was the California Department of Public Health.

## V. GENERAL ALLEGATIONS

6. DOBBAS is informed and believes, and thereon alleges that COUNTER-DEFENDANT, and/or its predecessor agency, the California Department of Health Services, has been involved with the property located at or near 147 A Street, Elmira, Solano County, California ("Site") for more than thirty-five years.

7. COUNTER-DEFENDANT approved a remedial action plan for the Site in or around the year 1983 ("1983 Remedial Action Plan"). A copy of the 1983 Remedial Action Plan is attached hereto as **Exhibit A** and incorporated by this reference as though fully stated herein.

8. Subsequent to approval and implementation of the 1983 Remedial Action Plan, COUNTER-DEFENDANT has undertaken additional response actions at, on, and/or near the Site and surrounding properties.

9. On or about March 6, 1996, COUNTER-DEFENDANT issued a Certification of Remedial Action for the Site ("1996 Certification of Remedial Action"). A copy of the 1996 Certification of Remedial Action is attached hereto as **Exhibit B** and incorporated by this reference as though fully stated herein.

10. Subsequent to COUNTER-DEFENDANT'S 1996 Certification of Remedial Action for the Site, COUNTER-DEFENDANT continued to be actively involved in the Site and surrounding property.

11. COUNTER-DEFENDANT'S selection and implementation of response actions at, on, and/or near the Site and surrounding properties were, and continue to be, negligent, grossly negligent and/or constitute intentional misconduct.

12. COUNTER-DEFENDANT, through its response actions at the Site, is a liable party pursuant to 42 U.S.C. section 9607(a), and California Health and Safety Code section 25323.5.

## VI. FIRST COUNTERCLAIM

### (Costs Recovery Under §107 of CERCLA)

13. DOBBAS realleges and incorporates by reference the allegations contained in paragraphs 1 through 12, inclusive.

00010740.6 -2-

14. COUNTER-DEFENDANT alleges in its COMPLAINT that the Site is a "facility" within the meaning of section 101(9) of CERCLA, 42 U.S.C. section 9601(9). If such allegation is true, the Site is a "facility."

15. COUNTER-DEFENDANT is a "person" within the meaning of section 101(21) of CERCLA, 42 U.S.C. section 9601(21).

16. COUNTER-DEFENDANT is an "operator," or was an "operator," of the Site "at the time of disposal of a[] hazardous substance" there, as those terms are used in section 107(a) of CERCLA, 42 U.S.C. section 9607(a).

17. COUNTER-DEFENDANT negligently selected and implemented response actions at, on, and/or near the Site and surrounding properties.

18. COUNTER-DEFENDANT has engaged in gross negligence and/or intentional misconduct at and with respect to the Site, in violation of 42 U.S.C. section 9607(d).

19. DOBBAS did not cause or contribute to any "hazardous substance" "release" or "threatened release" at or from the Site.

20. DOBBAS denies that it is liable for any costs incurred as the result of the alleged release or threatened release of hazardous substances at or from the Site. This denial notwithstanding, DOBBAS has incurred and/or may, in the future, incur costs in response to the release or threatened release of hazardous substances at or from the Site in a manner that satisfies the requirements of Section 107(a) of CERCLA, 42 U.S.C. section 9607(a).

21. COUNTER-DEFENDANT is jointly and severally liable, without regard to fault, under section 107(a) of CERCLA, 42, U.S.C. section 9607(a), for DOBBAS' costs incurred in response to the release or threatened release of hazardous substances at or from the Site.

### VII.   SECOND COUNTERCLAIM

**(Contribution under CERCLA § 113(f))**

22. DOBBAS realleges and incorporates by reference the allegations contained in paragraphs 1 through 21, inclusive.

///

///

23. COUNTER-DEFENDANT alleges in its COMPLAINT that the Site is a "facility" within the meaning of section 101(9) of CERCLA, 42 U.S.C. section 9601(9). If such allegation is true, the Site is a "facility."

24. COUNTER-DEFENDANT is a "person" within the meaning of section 101(21) of CERCLA, 42 U.S.C. section 9601(21).

25. COUNTER-DEFENDANT is an "operator," or was an "operator," of the Site "at the time of disposal of a [] hazardous substance" there, as those terms are used in section 107(a) of CERCLA, 42 U.S.C. section 9607(a).

26. COUNTER-DEFENDANT negligently selected and implemented response actions at, on, and/or near the Site and surrounding properties.

27. COUNTER-DEFENDANT has engaged in gross negligence and/or intentional misconduct at and with respect to the Site, in violation of 42 U.S.C. section 9607(d).

28. DOBBAS did not cause or contribute to any "hazardous substance" "release" or "threatened release" at or from the Site.

29. DOBBAS denies that it is liable for any costs incurred as the result of the alleged release or threatened release of hazardous substances at or from the Site. This denial notwithstanding, DOBBAS has incurred and/or may, in the future, incur costs in response to the release or threatened release of hazardous substances at or from the Site.

30. COUNTER-DEFENDANT is liable to DOBBAS for contribution under CERCLA section 113(f), 42 U.S.C. section 9613(f) for some of all amounts DOBBAS incurred and may, in the future, incur as a result of any release or threatened release of hazardous substances at and from the Site, in that COUNTER-DEFENDANT is a liable party under CERCLA section 107(a), 42 U.S.C. section 9607(a).

### VIII.  THIRD COUNTERCLAIM

(Declaratory Relief under CERCLA § 113(g), 42 U.S.C. § 9613(g))

31. DOBBAS realleges and incorporates by reference the allegations contained in paragraphs 1 through 30, inclusive.

///

32. An actual, substantial, and justiciable controversy exists between DOBBAS and COUNTER-DEFENDANT, and each of them, regarding their respective rights and obligations for response costs that DOBBAS may incur to respond to the release and/or threatened release of hazardous substances into the soil and/or groundwater at and from the Site.

33. DOBBAS seeks declaratory judgment against COUNTER-DEFENDANT under CERCLA section 133(g)(2), 42 U.S.C. section 9613(g)(2), that will be binding in any subsequent action to recover further response costs, holding COUNTER-DEFENDANT liable for an equitable share (all or some portion) of any response costs DOBBAS may pay to respond to any release and/or threatened release of hazardous substances into the soil and/or ground water at and from the Site.

## IX. FOURTH COUNTERCLAIM

(Contribution and Indemnity Under California Health and Safety Code Section 25300 et seq.)

34. DOBBAS realleges and incorporates by reference the allegations contained in paragraphs 1 through 33, inclusive.

35. COUNTER-DEFENDANT caused or permitted a release or threatened release of substances governed by the Hazardous Substances Account Act ("HSAA") (California Health and Safety Code section 25300 et seq.) into, on, or about the Site and surrounding properties.

36. COUNTER-DEFENDANT is a "liable person" within the meaning of California Health and Safety Code section 25323.5.

37. COUNTER-DEFENDANT negligently selected and implemented response actions at, on, and/or near the Site and surrounding properties.

38. DOBBAS has not caused or contributed to any release or threatened release of substances governed by the HSAA into, on, about or from the Site or surrounding properties and, therefore, is not a "liable person" as defined by California Health and Safety Code section 25323.5.

39. As a direct, legal, and proximate result of COUNTER-DEFENDANT's acts and/or omissions, pursuant to California Health and Safety Code sections 25320 and 25323.5, DOBBAS

00010740.6

-5-

is entitled to contribution and/or indemnity under California Health and Safety Code section 25363(e) and 25323.5 for some or all the costs DOBBAS has incurred or might incur in the future as a result of the alleged release or threatened release at and from the Site.

40. As a direct, legal, and proximate result of COUNTER-DEFENDANT'S acts and/or omissions, pursuant to California Health and Safety Code sections 25320 and 25323.5, DOBBAS has suffered injury and is entitled to monetary compensation and other relief and remedies.

## X. FIFTH COUNTERCLAIM

### (Declaratory Relief under 28 U.S.C. § 2201)

41. DOBBAS realleges and incorporated by reference the allegations contained in paragraphs 1 through 40, inclusive.

42. An actual controversy exists between DOBBAS and COUNTER-DEFENDANT, and each of them, regarding their respective rights and obligations for response costs that DOBBAS may incur to respond to any release and/or threatened release of hazardous substances into the soil and/or groundwater at and from the Site. Unless all of the rights, duties and obligations of DOBBAS are determined in this action, there will be a multiplicity of actions. Judicial determination of the liability of COUNTER-DEFENDANT is necessary and appropriate at this time in order that DOBBAS may ascertain its rights as against COUNTER-DEFENDANT.

43. Pursuant to 28 U.S.C. section 2201(a), this Court has jurisdiction to award declaratory relief. DOBBAS, therefore, requests a judicial determination of its rights, and the duties and obligations of COUNTER-DEFENDANT, in responding to the release and/or threatened release of hazardous substances into the soil and/or groundwater at and from the Site.

44. Pursuant to 28 U.S.C. section 2202, DOBBAS further requests that this Court, after entering the declaratory judgment prayed for herein, retain jurisdiction of this action to grant DOBBAS such further relief against COUNTER-DEFENDANT as necessary and proper to effectuate the Court's declaration.

///

///

## XI. PRAYER FOR RELIEF

WHEREFORE, DOBBAS prays that judgment be entered for DOBBAS and against COUNTER-DEFENDANT as follows:

1. For judgment that PLAINTIFF is jointly and severally liable without regard to fault pursuant to CERCLA section 107(a), 42 U.S.C. section 9607(a), for all response costs incurred as a result of the release and threatened release of hazardous substances at and from the Site, in an amount according to proof;

2. For contribution pursuant to CERCLA section 113(f), 42 U.S.C. section 9613(f), in the amount of any judgment entered or settlement approved in favor of COUNTER-DEFENDANT, or any other party, against DOBBAS for costs incurred and/or to be incurred by in response to the release and/or threatened release of hazardous substances at or from the Site;

3. For contribution and indemnification pursuant to HSAA section 25300 *et seq*, for all costs incurred and/or to be incurred by DOBBAS in response to the release and/or threatened release of hazardous substances at or from the Site;

4. For litigation expenses and costs of suit incurred herein, including reasonable attorney's fees and expert fees;

5. For an award of interest at the maximum legal rate on any and all damages from the earliest date permitted by law;

6. For a declaration and judgment of this Court in favor of DOBBAS and against the COUNTER-DEFENDANT, and an order retaining jurisdiction to effectuate a declaration that COUNTER-DEFENDANT is liable for all costs that DOBBAS may incur to respond to the release and/or threatened release of hazardous substances at and from the Site;

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

6. For such other and further relief as the Court deems just and proper.

Dated: June 10, 2014

KING WILLIAMS & GLEASON LLP

By: _____
Jennifer Hartman King
Nicole R. Gleason
Shelby M. Gatlin

Attorneys for Defendant JIM DOBBAS, INC.