1   KAMALA D. HARRIS, State Bar No. 146672
    Attorney General of California
2   SARAH E. MORRISON, State Bar No. 143459
    Supervising Deputy Attorney General
3   THOMAS G. HELLER (Counsel for service)
    State Bar No. 162561
4   DENNIS L. BECK, JR., State Bar No. 179492
    Deputy Attorneys General
5     300 South Spring Street, Suite 1702
      Los Angeles, CA 90013
6     Telephone:  (213) 897-2628
      Fax:  (213) 897-2802
7     E-mail:  Thomas.Heller@doj.ca.gov
    *Attorneys for Plaintiffs California*
8   *Department of Toxic Substances Control and Toxic*
    *Substances Control Account*

9                  IN THE UNITED STATES DISTRICT COURT

10               FOR THE EASTERN DISTRICT OF CALIFORNIA

11                        SACRAMENTO DIVISION

12

13

| | |
|---|---|
| 14  **CALIFORNIA DEPARTMENT OF TOXIC SUBSTANCES CONTROL and the TOXIC SUBSTANCES CONTROL ACCOUNT,** | 2:14-cv-00595-WBS-EFB |
| 15 | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF** |
| 16                                    Plaintiffs, | **PLAINTIFFS' MOTION TO DISMISS DEFENDANT JIM DOBBAS, INC.'S** |
| 17                   **v.** | **COUNTERCLAIM, AND TO STRIKE PORTIONS OF ANSWERS OF** |
| 18  **JIM DOBBAS, INC., a California** | **DEFENDANTS JIM DOBBAS, INC., DAVID VAN OVER, AND WEST COAST** |
| 19  **corporation; CONTINENTAL RAIL, INC., a Delaware corporation; DAVID VAN** | **WOOD PRESERVING, LLC** |
| 20  **OVER, individually; PACIFIC WOOD PRESERVING, a dissolved California** | Date:        August 25, 2014 |
| 21  **corporation; and WEST COAST WOOD PRESERVING, LLC., a Nevada limited** | Time:        2:00 p.m. Place:       Courtroom 5, 14th Floor |
| 22  **liability company,** | Robert T. Matsui United States Courthouse |
| 23                              Defendants. | 501 I Street Sacramento, CA  95814 |
| 24   And related counterclaim and cross-claims. | Judge:        Hon. William B. Shubb Trial Date:   January 4, 2017 |
| 25 | Action Filed:  March 3, 2014 |

26

27

28

# TABLE OF CONTENTS

**Page**

Introduction ................................................................................................................. 1

Factual and procedural history .................................................................................... 2

Argument ..................................................................................................................... 5

    I.    The Court should dismiss Dobbas' counterclaim. ................................................. 5

        A.    Legal standard for motion to dismiss .................................................... 5

        B.    Dobbas fails to state a claim under CERCLA............................................ 5

            1.    Dobbas' allegations do not state a claim against DTSC as an "operator" or other liable person under CERCLA. ........................ 5

            2.    Dobbas' first CERCLA claim for relief is also defective because it fails to allege that Dobbas incurred response costs cognizable under CERCLA............................................................. 9

        C.    Dobbas' fourth claim for contribution and indemnity fails to state a claim under the HSAA. ............................................................................ 10

        D.    Dobbas' fifth claim for declaratory relief also fails to state a claim......... 10

    II.    The Court should grant Plaintiffs' motion to strike. ............................................ 11

        A.    Legal standard for motion to strike ......................................................... 11

        B.    The Court should strike the jury demands of Dobbas, Van Over, and WCWP. ............................................................................................ 12

        C.    The Court should strike the prayers for attorney's fees of Dobbas, Van Over, and WCWP. ........................................................................... 13

        D.    The Court should strike the challenged affirmative defenses of Dobbas, Van Over, and WCWP............................................................. 13

            1.    There are limited affirmative defenses available under CERCLA and the HSAA. ................................................................ 13

            2.    Many of the affirmative defenses that Dobbas, Van Over, and WCWP allege are not available under CERCLA or the HSAA. ................................................................................... 14

                 a.    Defendants allege many insufficient equitable defenses. ................................................................... 14

                 b.    Dobbas' affirmative defenses alleging that Plaintiffs are responsible parties are insufficient............................ 15

                 c.    Dobbas' and Van Over's comparative fault, contributory negligence, and assumption of risk affirmative defenses are insufficient. ...................... 16

                 d.    Dobbas and Van Over allege a variety of insufficient causation-based affirmative defenses............................ 17

                 e.    Defendants' alleged due care, compliance with law or other duties, and lack of duty are not available affirmative defenses. ...................................................... 18

i

**TABLE OF CONTENTS**
(continued)

Page

f.     Defendants' allegations of failure to mitigate
damages as affirmative defenses are improper. ................ 19

g.     Defendants' allegations of de minimis (or de
micromis) contribution to harm as affirmative
defenses are improper. ........................................ 20

h.     Failure to join indispensable parties is not an
available affirmative defense. ............................ 21

i.     The alleged necessity of Dobbas' actions is not an
available affirmative defense. ............................ 21

j.     Mistake of fact is not an available affirmative
defense.................................................... 21

E.    Allowing the challenged defenses to remain would prejudice
Plaintiffs. ......................................................... 21

Conclusion ................................................................... 22

# TABLE OF AUTHORITIES

**Page**

CASES

*Asarco, LLC v. Shore Terminals LLC*
    No. C 11–01384, 2011 WL 6182123 (N.D. Cal. Dec. 13, 2011)....................................... 8

*Ascon Properties, Inc. v. Mobil Oil Co.*
    866 F.2d 1149 (9th Cir. 1989)........................................................................... 8, 9, 10

*Ashcroft v. Iqbal*
    556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) ......................................... 5

*Bell Atl. Corp. v. Twombly*
    550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) ............................... 5, 9, 10

*Blasland, Bouck & Lee, Inc. v. City of North Miami*
    283 F.3d 1286 (11th Cir. 2002)........................................................................... 13

*Burlington N. & Santa Fe Ry. Co. v. United States*
    556 U.S. 599, 129 S. Ct. 1870, 173 L. Ed. 2d 812 (2009) ......................................... 18

*C & K Eng'g Contractors v. Amber Steel Co.*
    23 Cal. 3d 1 (1978) ........................................................................................... 12

*California Dept. of Toxic Substances Control v. Alco Pacific, Inc.*
    217 F. Supp. 2d 1028 (C.D. Cal. 2002)................................. 11, 12, 13, 15, 16, 17, 18, 19, 21

*California ex rel. Cal. Dept. of Toxic Substances Control v. Neville Chem. Co.*
    358 F.3d 661 (9th Cir. 2004)........................................................................... 9, 13, 15

*City of Colton v. American Promotional Events, Inc. - West*
    614 F.3d 998 (9th Cir. 2010)........................................................................... 11

*City of Colton v. American Promotional Events, Inc.*
    No. 09-1864, 2012 WL 32606 (C.D. Cal. Jan 5, 2012) ..................................... 20, 21

*Coppola v. Smith*
    935 F. Supp. 2d 993 (E.D. Cal. 2013)........................................................... 12, 14

*Coppola v. Smith*
    No. 1:11-cv–01257, 2014 WL 1922400 (E.D. Cal. May 14, 2014) ......................... 8

*Cruz v. Beto*
    405 U.S. 319, 92 S. Ct. 1079, 31 L. Ed. 2d 263 (1972) ......................................... 5

*Epstein v. Wash. Energy Co.*
    83 F.3d 1136 (9th Cir. 1996)........................................................................... 8

iii

1

## TABLE OF AUTHORITIES
### (continued)

2

Page

3

*Foster-Gardner, Inc. v. National Union Fire Ins. Co.*
  18 Cal. 4th 857 (1998) ...................................................................................... 14

4

5

*In re Paoli R.R. Yard PCB Litig.*
  790 F. Supp. 94, *aff'd without opinion*, 980 F.2d 724 (3d Cir. 1992)....................... 7

6

*Kalamazoo River Study Group v. Menasha Corp.*
  228 F.3d 648 (6th Cir. 2000)............................................................................ 8

7

8

*Kelley v. Thomas Solvent Co.*
  714 F. Supp. 1439 (W.D. Mich. 1989)......................................................... 11, 20

9

10

*Levin Metals Corp. v. Parr-Richmond Terminal Co.*
  799 F.2d 1312 (9th Cir. 1986)........................................................................ 13

11

*Long Beach Unified Sch. Dist. v. Dorothy B. Godwin Cal. Living Trust*
  32 F.3d 1364 (9th Cir. 1994)............................................................................ 6

12

13

*Nixon-Egli Equipment Co. v. John A. Alexander Co.*
  949 F. Supp. 1435 (C.D. Cal. 1996) .............................................................. 3, 12

14

15

*Pakootas v. Teck Cominco Metals, Ltd.*
  452 F.3d 1066 (9th Cir. 2006)........................................................................ 15

16

17

*Paulhus v. Fay Servicing, LLC*
  No. 2:14-cv-00736, 2014 WL 2453091 (E.D. Cal. May 30, 2014) ........................ 5

18

19

*Prentice v. N. Am. Title Guar. Corp.*
  59 Cal. 2d 618 (1963) ................................................................................... 13

20

*Santa Fe Pacific Realty Corp. v. United States*
  780 F. Supp. 687 (E.D. Cal. 1991)................................................................. 12

21

22

*Scheuer v. Rhodes*
  416 U.S. 232, 94 S. Ct. 1683, 40 L. Ed. 2d 90 (1974), *overruled on other grounds*, 468
  U.S. 183, 104 S. Ct. 3012, 82 L. Ed. 2d 139 (1984)................................................. 5

23

24

*Stilloe v. Almy Bros., Inc.*
  782 F. Supp. 731 (N.D.N.Y. 1992) .................................................................. 7

25

26

*Team Enterprises, LLC v. W. Inv. Real Estate Trust*
  647 F.3d 901 (9th Cir. 2011)............................................................................ 6

27

*Union Station Assocs., LLC v. Puget Sound Energy, Inc.*
  238 F. Supp. 2d 1226 (W.D. Wash. 2002).......................................................... 10

28

MEM. IN SUPP. OF PLS.' MOT. TO DISMISS COUNTERCLAIM AND STRIKE PORTIONS OF ANSWERS
(2:14-cv-00595-WBS-EFB)

# TABLE OF AUTHORITIES
### (continued)

Page

*United States v. Atlas Minerals & Chems., Inc.*
    797 F. Supp. 411 (E.D. Pa. 1992) ........................................................ 11

*United States v. Bestfoods*
    524 U.S. 51 (1998) ............................................................................... 6

*United States v. Chapman*
    146 F.3d 1166 (9th Cir. 1998).......................................................... 3, 9

*United States v. Conservation Chemical Co.*
    619 F. Supp. 162 (M.D. Mo. 1985)................................................... 19

*United States v. Dart Indus., Inc.*
    847 F.2d 144 (4th Cir. 1988)............................................................ 6, 7

*United States v. Dickerson*
    640 F. Supp. 448 (D. Md. 1986) ....................................................... 11

*United States v. Fairchild Indus., Inc.*
    766 F. Supp. 405 (D. Md. 1991) ....................................................... 21

*United States v. Hunter*
    70 F. Supp. 2d 1100 (C.D. Cal. 1999)............................................ 16, 17

*United States v. Iron Mountain Mines, Inc.*
    881 F. Supp. 1432 (E.D. Cal. 1995).................................................. 7, 8

*United States v. Kramer*
    757 F. Supp. 397 (D.N.J. 1991) ............................... 11, 16, 17, 18, 19, 20

*United States v. Marisol, Inc.*
    725 F. Supp. 833 (M.D. Pa. 1989) .......................... 11, 17, 18, 19

*United States v. Monsanto Co.*
    858 F.2d 160 (4th Cir. 1988)............................................................ 18

*United States v. Rohm and Haas Co.*
    939 F. Supp. 1142 (D.N.J. 1996) ..................................................... 11

*United States v. Shell Oil Co.*
    No. 91–0589, 1992 WL 144296 (C.D. Cal. Jan 16, 1992)........................ 16, 17, 19

*United States v. Smuggler-Durant Mining Corp.*
    823 F. Supp. 873 (D. Colo. 1993) .................................................... 11

### TABLE OF AUTHORITIES
#### (continued)

Page

*United States v. Sterling Centrecorp Inc.*
No. 2:08–cv–02556, 2010 WL 6430190 (E.D. Cal. Feb. 23, 2010) ..................................... 12

*United States v. Stringfellow*
661 F. Supp. 1053 (C.D. Cal. 1987) .................................................................. 11

*United States v. Western Processing Co., Inc.*
761 F. Supp 725 (W.D. Wash. 1991) .................................................................. 7

STATUTES

28 U.S.C. § 2201 .......................................................................... 3, 4, 10

42 U.S.C. § 9601 .......................................................................... 6, 9, 14

42 U.S.C. § 9601 et seq. ....................................................................... 1

42 U.S.C. § 9607 ........................................................................... passim

42 U.S.C. § 9613 ......................................................... 4, 5, 8, 9, 10, 11, 13, 14, 15

Cal. Health & Safety Code § 25300 et seq. ........................................................ 1

Cal. Health & Safety Code § 25323.5 .......................................... 1, 3, 10, 14, 15, 16, 19, 20, 21

Cal. Health & Safety Code § 25362 .............................................................. 21

Cal. Health & Safety Code § 25363 .............................................................. 10

COURT RULES

Fed. R. Civ. P. 6 ............................................................................... 4

Fed. R. Civ. P. 12 .................................................................. 1, 4, 5, 11, 21, 22

OTHER AUTHORITIES

40 C.F.R. § 300.1 .............................................................................. 9

MEM. IN SUPP. OF PLS.' MOT. TO DISMISS COUNTERCLAIM AND STRIKE PORTIONS OF ANSWERS
(2:14-cv-00595-WBS-EFB)

**INTRODUCTION**

Plaintiffs California Department of Toxic Substances Control (DTSC) and the Toxic Substances Control Account (TSCA) (collectively, Plaintiffs) spent over $2.2 million in public funds to assess and clean up environmental contamination at a privately-owned property in Elmira, California (Site).  They seek a judgment for those response costs (plus interest) under the Comprehensive Environmental Response, Compensation, and Liability Act of 1980 (CERCLA), 42 U.S.C. § 9601 et seq., against five defendants:  Jim Dobbas, Inc. (Dobbas), Continental Rail, Inc. (CRI), David van Over (Van Over), Pacific Wood Preserving (PWP), and West Coast Wood Preserving, LLC (WCWP).  Plaintiffs also seek a declaratory judgment against these five defendants under CERCLA for future response costs, and an injunction, treble damages, and civil penalties against three of them (Dobbas, CRI, and Van Over) under California's Carpenter-Presley-Tanner Hazardous Substance Account Act (HSAA), Cal. Health & Safety Code § 25300 et seq., for their failure to comply with a DTSC order to clean up the Site themselves.

In response, Dobbas counterclaimed against Plaintiffs, asserting that DTSC is liable to Dobbas under CERCLA and the HSAA because DTSC allegedly mismanaged the Site cleanup. But the allegations of government response actions in the counterclaim are insufficient to state a claim that DTSC is an "operator" or other liable person under CERCLA or the HSAA.  42 U.S.C. § 9607(a); Cal. Health & Safety Code § 25323.5(a)(1).  Moreover, Dobbas' first CERCLA claim for cost recovery fails to state a claim that Dobbas incurred response costs cognizable under CERCLA.  Plaintiffs request that the Court dismiss Dobbas' entire counterclaim under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.

In addition, Dobbas, Van Over, and WCWP filed answers that contain jury demands, prayers for attorney's fees, and many insufficient affirmative defenses.  There is no right to a jury trial on Plaintiffs' complaint, no basis for defendants to recover attorney's fees, and not as many available affirmative defenses to CERCLA and HSAA claims as these three defendants (especially Dobbas and Van Over) allege.  These assertions in defendants' answers will complicate this case unnecessarily if allowed to remain.  Accordingly, the Court should strike them under Federal Rule of Civil Procedure 12(f).

1

1

**FACTUAL AND PROCEDURAL HISTORY**

2      DTSC is a state agency responsible for responding to releases or threatened releases of

3  hazardous substances into the environment, among other duties.  (Compl. 3:10-14, ¶ 7, Mar. 3,

4  2014, ECF No. 1.)  TSCA is a state account that DTSC's Director administers to help fund

5  environmental cleanups.  (Compl. 3:15-20, ¶ 8.)  The Site is a 7.5-acre, privately-owned former

6  wood treatment and preserving facility.  (Compl. 2:15-24, 4:3-4, 5:21-27, ¶¶ 4, 11, 14-15.)  Wood

7  preserving and treatment operations in the 1970's and 1980's released arsenic, chromium, and

8  copper, all hazardous substances, into the soil, surface water, and groundwater at the Site.

9  (Compl. 5:21-6:5, ¶¶ 14-16.)

10      Until 2005, a former owner and operator of the Site (non-party Collins & Aikman Products,

11  LLC, a now-cancelled Delaware company) conducted response actions there to address the

12  contamination.  (Compl. 5:23-27, 6:6-11, ¶¶ 15, 17.)  When that company filed for bankruptcy in

13  2005, it stopped conducting those response actions, and DTSC requested then-owners Dobbas

14  and CRI to take over.  (Compl. 6:24-7:2, ¶¶ 21-22.)  They did not, and DTSC began performing

15  the response actions itself.  (Compl. 7:3-8:2, ¶¶ 23-29.)  Since then, Plaintiffs have spent over

16  $2.2 million in government funds to assess and clean up the Site.  (Compl. 8:3-7, ¶¶ 30-31.)  In

17  addition, there is still contaminated soil and groundwater at the Site that will require further

18  response actions (and associated costs) in the future.  (Compl. 8:8-10, ¶ 32.)

19      Plaintiffs allege that Dobbas and CRI owned the Site and conducted business there from

20  1997 to 2011, and sold it to defendant Van Over for $2.00 in 2011, while Plaintiffs' taxpayer-

21  funded response actions were underway.  (Compl. 3:22-4:2, 7:15-16, ¶¶ 9-10, 26.)  Plaintiffs also

22  allege that defendant PWP, a dissolved California corporation, released hazardous substances at

23  the Site while conducting wood preserving operations from 1972 through 1979 (and owning the

24  Site from 1977 to 1979).  (Compl. 4:5-7, 5:21-22, 6:1-5, ¶¶ 12, 14, 16.)  Plaintiffs further allege

25  that defendant WCWP (formerly known as Pacific Wood Preserving of Bakersfield, Inc.) is

26  PWP's successor, and thus liable along with PWP.  (Compl. 4:8-5:19, ¶ 13.)

27      Plaintiffs' March 3, 2014 complaint includes three claims for relief.  The first two claims

28  are against all five defendants under CERCLA, and seek:  (1) recovery of Plaintiffs'

2

1  environmental response costs, plus interest; and (2) a declaratory judgment that each defendant is

2  jointly and severally liable for Plaintiffs' future environmental response costs at the Site.  (Compl.

3  8:11-9:17, 11:12-22, ¶¶ 33-41.)  Plaintiffs allege each element of these CERCLA claims for

4  government response costs, (Compl. 6:1-5, 8:17-9:3, ¶¶ 16, 34-38), which are:  (1) the Site is a

5  "facility"; (2) a "release" or "threatened release" of hazardous substance occurred; (3) Plaintiffs

6  incurred costs responding to the release or threatened release; and (4) defendants are liable

7  persons as described in CERCLA section 107(a) (42 U.S.C. § 9607(a)).  *United States v.*

8  *Chapman*, 146 F.3d 1166, 1169 (9th Cir. 1998).

9      The third claim is a supplemental state law claim against Dobbas, CRI, and Van Over under

10  the HSAA.  (Compl. 9:18-11:10, ¶¶ 42-50.)  The HSAA is "the California version of CERCLA."

11  *Nixon-Egli Equipment Co. v. John A. Alexander Co.*, 949 F. Supp. 1435, 1438 (C.D. Cal. 1996).

12  Liable persons under the HSAA are the same as those under CERCLA, and the defenses available

13  under the HSAA and CERCLA are also the same.  Cal. Health & Safety Code § 25323.5(a)(1),

14  (b).  Plaintiffs allege that Dobbas, CRI, and Van Over violated an "Imminent or Substantial

15  Endangerment Determination Order and Remedial Action Order" (I/SE Order) for the Site that

16  DTSC issued to those defendants under the HSAA.  (Compl. 9:18-11:10, ¶¶ 42-50.)  Plaintiffs

17  seek an injunction directing these three defendants to comply with the I/SE Order, and to pay

18  treble damages and civil penalties for not doing so.  (Compl. 11:23-12:8.)

19      Dobbas, Van Over, and WCWP all responded to the complaint on June 10, 2014.  (ECF No.

20  22, 23, 24.)  CRI and PWP defaulted.  (Clerk's Certificates of Entry of Default, June 2, 2014,

21  ECF No. 18, 19.)  Dobbas' response includes an answer, a counterclaim against Plaintiffs, and

22  cross-claims against the other defendants.  (Dobbas Answer, Counterclaim, and Cross-Claims,

23  June 10, 2014, ECF No. 23; Errata to Dobbas Counterclaim, June 24, 2014, ECF No. 25.)  The

24  answer includes a jury trial demand, a prayer for attorney's fees and other litigation expenses, and

25  forty-four affirmative defenses.  (Dobbas Answer 10:1-20:4.)

26      Dobbas' counterclaim includes four claims for relief against Plaintiffs under CERCLA and

27  the HSAA, and a fifth for declaratory relief under 28 U.S.C. section 2201.  (Dobbas Counterclaim

28  2:25-6:26, ¶¶ 13-44, June 25, 2014, ECF No. 25.)  The counterclaim's allegations are against

1  DTSC alone (*see id.*); plaintiff TSCA is mentioned only in the caption.  Dobbas alleges that

2  DTSC, "through its response actions at the Site, is a liable party" under CERCLA and the HSAA.

3  (*Id.* at 2:22-24, ¶ 12.)  Dobbas further alleges that DTSC "negligently selected and implemented

4  response actions" and "engaged in gross negligence and/or intentional misconduct" concerning

5  the Site.  (*Id.* at 2:19-21, 3:9-12, 4:9-12, 5:21-22, ¶¶ 11, 17-18, 26-27, 37.)  Dobbas also alleges

6  that it "has incurred and/or may, in the future, incur costs in response to the release or threatened

7  release of hazardous substances at and from the Site."  (*Id.* at 3:17-19, 4:16-18, ¶¶ 20, 29.)

8  Notably, Dobbas does not allege what it did to incur those costs, or how much those costs are.

9  Dobbas requests a judgment against DTSC for Dobbas' alleged response costs under CERCLA

10  section 107(a) (42 U.S.C. § 9607(a)), contribution under CERCLA section 113(f) (42 U.S.C. §

11  9613(f)), contribution and indemnification under the HSAA, declaratory relief under CERCLA

12  section 113(g) (42 U.S.C. § 9613(g)) and 28 U.S.C. section 2201, attorney's fees and other

13  litigation expenses, and interest.  (Dobbas Counterclaim 7:4-22.)

14       Van Over's pleading includes an answer with a demand for jury trial, prayer for attorney's

15  fees, and forty-five affirmative defenses, plus a cross-claim against defendants PWP and WCWP.

16  (Van Over Answer and Cross-Claim, June 10, 2014, ECF No. 24.)  WCWP's pleading is an

17  answer with a jury demand, prayer for attorney's fees, and twelve affirmative defenses.  (WCWP

18  Answer, June 10, 2014, ECF No. 22.)

19       Dobbas and WCWP filed and served their responsive pleadings on June 10, 2014 using the

20  CM/ECF system.  (ECF No. 22, 23.)  Plaintiffs received notice of the June 10 paper filing of Van

21  Over's responsive pleading through the CM/ECF system on June 12, 2014.  (*See* ECF No. 24.)

22  Dobbas filed a notice of errata concerning a missing page of its counterclaim on June 24, 2012.

23  (ECF No. 25.)  This motion to dismiss and to strike is filed within the time periods in Federal

24  Rule of Civil Procedure 12, as extended by Federal Rule of Civil Procedure 6.  Fed. R. Civ. P.

25  12(b), (f)(2); 6(a), (d).

26

27

28

MEM. IN SUPP. OF PLS.' MOT. TO DISMISS COUNTERCLAIM AND STRIKE PORTIONS OF ANSWERS
(2:14-cv-00595-WBS-EFB)

1    **ARGUMENT**

2    **I.    THE COURT SHOULD DISMISS DOBBAS' COUNTERCLAIM.**

3        **A.    Legal standard for motion to dismiss**

4        To survive this motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), Dobbas

5    must plead "'enough facts to state a claim to relief that is plausible on its face,'" with the Court

6    accepting the counterclaim's allegations as true and drawing all reasonable inferences in Dobbas'

7    favor:

8            On a motion to dismiss, the court must accept the allegations in the complaint as
         true and draw all reasonable inferences in favor of the plaintiff.  *Scheuer v. Rhodes*,
9        416 U.S. 232, 236, 94 S. Ct. 1683, 40 L. Ed. 2d 90 (1974), *overruled on other
         grounds by Davis v. Scherer*, 468 U.S. 183, 104 S. Ct. 3012, 82 L. Ed. 2d 139 (1984);
10       *Cruz v. Beto*, 405 U.S. 319, 322, 92 S. Ct. 1079, 31 L. Ed. 2d 263 (1972).  To survive
         a motion to dismiss, a plaintiff needs to plead "only enough facts to state a claim to
11       relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570,
         127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).  This "plausibility standard," however,
12       "asks for more than a sheer possibility that a defendant has acted unlawfully," and
         where a complaint pleads facts that are "merely consistent with" a defendant's
13       liability, it "stops short of the line between possibility and plausibility."  *Ashcroft v.
         Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting
14       *Twombly*, 550 U.S. at 556–57).

15   *Paulhus v. Fay Servicing, LLC*, No. 2:14-cv-00736, 2014 WL 2453091, at *2 (E.D. Cal.

16   May 30, 2014).

17       **B.    Dobbas fails to state a claim under CERCLA.**

18            **1.    Dobbas' allegations do not state a claim against DTSC as an
               "operator" or other liable person under CERCLA.**

19

20       Dobbas' first three claims allege that DTSC is liable to Dobbas for:  (1) response costs

21   under CERCLA section 107(a) (42 U.S.C. § 9607(a)); (2) contribution under CERCLA section

22   113(f) (42 U.S.C. § 9613(f)); and (3) declaratory relief under CERCLA section 113(g) (42 U.S.C.

23   9613(g)).  (Dobbas Counterclaim 2:25-5:10, ¶¶ 13-33.)  Dobbas alleges that DTSC:  (1) approved

24   a remedial action plan for the Site in about 1983; (2) took unspecified additional response actions

25   afterwards; (3) issued a "Certification of Remedial Action" for the Site in 1996; (4) "continued to

26   be actively involved in the Site and surrounding property" after that; and (5) committed

27   unspecified "negligen[ce], gross[] negligen[ce], and/or . . . intentional misconduct" in selecting

28   and implementing response actions concerning the Site.  (*Id.* at 2:6-21, ¶¶ 7-11.)  Based on these

5

1   allegations, Dobbas asserts that DTSC is or was an "operator" of the Site, (*id.* at 3:6-8, 4:6-8, ¶¶

2   16, 25), which is among the four categories of liable persons[1] under CERCLA section 107(a) (42

3   U.S.C. § 9607(a)).  "These categories include: (1) the current owners and operators of a vessel or

4   facility, (2) the former owners or operators of a facility at the time of disposal of any hazardous

5   substance, (3) any persons who arranged for disposal or treatment of a hazardous substance at any

6   facility owned or operated by another party, and (4) transporters of such substances to a disposal

7   or treatment facility."  *Team Enterprises, LLC v. W. Inv. Real Estate Trust*, 647 F.3d 901, 907 n.

8   2 (9th Cir. 2011) (citing 42 U.S.C. § 9607(a)).

9        But to be an operator under CERCLA, a person must "play an active role in running the

10   facility, typically involving hands-on, day-to-day participation in the facility's management."

11   *Long Beach Unified Sch. Dist. v. Dorothy B. Godwin Cal. Living Trust*, 32 F.3d 1364, 1367 (9th

12   Cir. 1994).  That "active role" must be "specifically related to pollution."  *United States v.*

13   *Bestfoods*, 524 U.S. 51, 66-67 (1998) (An operator under CERCLA "must manage, direct or

14   conduct operations specifically related to pollution, that is, operations having to do with the

15   leakage or disposal of hazardous waste, or decisions about compliance with environmental

16   regulations."); *United States v. Dart Indus., Inc.*, 847 F.2d 144, 146 (4th Cir. 1988).  Dobbas'

17   allegations are insufficient to state a claim that DTSC "play[ed] an active role in running the

18   facility."  *Long Beach Unified Sch. Dist.*, 32 F.3d at 1367.  Instead, Dobbas alleges merely that

19   DTSC approved certain remedial actions of a non-party (Collins & Aikman Products, LLC) at the

20   Site in the 1980's and 1990's, that those approvals were wrongful, and that DTSC acted

21   wrongfully in selecting and implementing unspecified response actions itself at the Site.  (Dobbas

22   Counterclaim 2:6-21, 3:9-12, 4:9-12, ¶¶ 7-11, 17-18, 26-27.)

23        Multiple courts have held that such allegations of government regulatory and response

24   actions do not state a claim that a government agency is an "operator" under CERCLA.  For

25   instance, in *United States v. Dart Indus., Inc.*, allegations that a state agency "did not properly

26   ──────────────
       [1] Under CERCLA, "[t]he term 'person' means an individual, firm, corporation,

27   association, partnership, consortium, joint venture, commercial entity, United States Government, State, municipality, commission, political subdivision of a State, or any interstate body."  42 U.S.C. § 9601(21).

28

monitor the site or facilitate the cleanup fail[ed] to characterize [the state agency] as an . . .

operator," justifying dismissal of a third party complaint against the agency.  *Dart Indus.*, 847

F.2d at 146.  This was because the defendants and third party plaintiffs were "unable to specify

any 'hands on' activities . . . that contributed to the release of hazardous wastes."  *Id.*  Similarly

here, Dobbas' counterclaim fails to allege "any 'hands-on' activities" of DTSC that "contributed

to the release of hazardous wastes."  *Id.*

Likewise, in *Stilloe v. Almy Bros., Inc.*, 782 F. Supp. 731, 736 (N.D.N.Y. 1992), the court

dismissed CERCLA cost recovery and contribution claims and counterclaims against a state

agency, where there were no allegations that the state agency "had any nexus to the site other than

by reason of its remedial clean-up activities."  The court held that "when a state is acting *solely* in

its statutory capacity to clean up a hazardous waste site, this activity does not raise its status to

that of an operator within the meaning of CERCLA section 107."  *Id.*  In *United States v. Western

Processing Co., Inc.*, 761 F. Supp 725, 731 (W.D. Wash. 1991), allegations of the federal

government's "exclusively regulatory and remedial" activities failed to state a counterclaim

against the United States Environmental Protection Agency (EPA) as an operator under CERCLA.

Similarly, in *In re Paoli R.R. Yard PCB Litig.*, 790 F. Supp. 94, 96-97, *aff'd without opinion*, 980

F.2d 724 (3d Cir. 1992), allegations of EPA response actions that constituted "willful misconduct

or willful negligence" failed to state a claim against the agency as a CERCLA operator.

Several of these cases also hold that government agencies have sovereign immunity under

CERCLA for taking response actions.  *Paoli*, 790 F. Supp. at 97; *Stilloe*, 782 F. Supp. at 736;

*Western Processing*, 761 F. Supp. at 731.  In this district, Judge David F. Levi held that there is

no "immunity for government acts undertaken in a regulatory or remedial capacity."  *United

States v. Iron Mountain Mines, Inc.*, 881 F. Supp. 1432, 1448-49 (E.D. Cal. 1995).  But Dobbas'

allegations must still bring DTSC "within the definition of the terms 'owner,' 'operator,'

'arranger,' or 'transporter,'" which are the four classes of liable persons under CERCLA.  *Id.* at

1448; *see* 42 U.S.C. § 9607(a).  In *Iron Mountain Mines*, allegations that California "actively

participate[d] in operating" dams that affected sulfuric acid concentrations in the Sacramento

River, including "pled facts indicating the State is involved in the day-to-day control of the

7

1    dams," were sufficient to state a claim for operator liability against the state for acid mine

2    drainage contamination of the river.  *Id.* at 1452.  Here, there are no similar factual allegations in

3    Dobbas' counterclaim indicating that DTSC exercised "day-to-day control" over the Site or

4    otherwise "actively participate[d]" in operating it.  *Id.*

5            Dobbas' counterclaim includes allegations that DTSC "negligently selected and

6    implemented response actions" and "engaged in gross negligence and/or intentional misconduct

7    at and with respect to the Site, in violation of 42 U.S.C. section 9607(d)."  (Dobbas Counterclaim

8    3:9-12, 4:9-12, ¶¶ 17-18, 26-27.)  42 U.S.C. section 9607(d)(2) of CERCLA provides:

9            No State or local government shall be liable under this subchapter for costs or
             damages as a result of actions taken in response to an emergency created by the
10           release or threatened release of a hazardous substance generated by or from a facility
             owned by another person. This paragraph shall not preclude liability for costs or
11           damages as a result of gross negligence or intentional misconduct by the State or local
             government . . . .
12

13   This provision does not excuse Dobbas from alleging facts sufficient to state a claim that DTSC is

14   a CERCLA operator or other liable person, which Dobbas has not done.  Moreover, Dobbas'

15   counterclaim contains no facts supporting its allegations that DTSC's actions constituted

16   negligence, gross negligence, or intentional misconduct.  "[C]onclusory allegations of law and

17   unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim."

18   *Epstein v. Wash. Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996) (citation omitted); *see also*

19   *Asarco, LLC v. Shore Terminals LLC*, No. C 11–01384, 2011 WL 6182123, at *2 (N.D. Cal. Dec.

20   13, 2011) (dismissing complaint "comprised of vague and conclusory statements lifted from the

21   CERCLA statutes").

22           A plausible claim that DTSC "fall[s] within one of four classes of persons subject to

23   CERCLA's liability provisions" is a prerequisite to Dobbas' CERCLA claims for cost recovery,

24   contribution, and declaratory relief.  *Ascon Properties, Inc. v. Mobil Oil Co.*, 866 F.2d 1149,

25   1152-53 (9th Cir. 1989) (listing elements of CERCLA § 107 cost recovery claim); *Kalamazoo*

26   *River Study Group v. Menasha Corp.*, 228 F.3d 648, 653 (6th Cir. 2000) ("parties seeking

27   contribution under [CERCLA] § 113 must look to § 107 to establish the basis and elements of the

28   liability of the defendants" (citation omitted)); *Coppola v. Smith*, No. 1:11-cv–01257, 2014 WL

                                                      8

1922400, *11 (E.D. Cal. May 14, 2014) (*Coppola II*) ("A claim for declaratory relief under 42 U.S.C. § 9613(g)(2) is dependent upon a valid 42 U.S.C. § 9607 claim." (citation omitted)). Dobbas does not state a claim that DTSC is a CERCLA operator or other liable person that is "plausible on its face." *Bell Atl. Corp.*, 550 U.S. at 570.  Therefore, the Court should dismiss Dobbas' CERCLA claims.

> **2. Dobbas' first CERCLA claim for relief is also defective because it fails to allege that Dobbas incurred response costs cognizable under CERCLA.**

Even apart from the above, Dobbas' first CERCLA claim for cost recovery fails to state a claim that Dobbas incurred response costs cognizable under CERCLA.

To state a claim for CERCLA cost recovery under 42 U.S.C. § 9607(a), Dobbas must allege:

> (1) the waste disposal site is a "facility" within the meaning of 42 U.S.C. § 9601(9); (2) a "release" or "threatened release" of any "hazardous substance" from the facility has occurred; and (3) such "release" or "threatened release" has caused the plaintiff to incur response costs that are "consistent with the national contingency plan"[2] . . . .  In addition, the defendant must fall within one of four classes of persons subject to CERCLA's liability provisions . . . .

*Ascon Properties*, 866 F.2d at 1152 (citations omitted).  Dobbas must allege that it incurred "at least one type of response cost cognizable under CERCLA" to state a claim.  *Id.* at 1154.  Merely alleging that it incurred unspecified response costs is not enough.  *See id.*

Here, Dobbas does not specify any type of response cost that Dobbas incurred, cognizable or otherwise.  Dobbas also does not allege that it incurred response costs "consistent with the national contingency plan."  42 U.S.C. § 9607(a)(4)(B).  Instead, Dobbas vaguely alleges that it "has incurred and/or may, in the future, incur costs in response to the release or threatened release of hazardous substances at or from the Site in a manner that satisfies the requirements of Section 107(a) of CERCLA, 42 U.S.C. section 9607(a)."  (Dobbas Counterclaim 3:17-19, 4:17-18, ¶¶ 20,

---

[2] "The national contingency plan [NCP] is promulgated by the EPA and 'provide[s] the organizational structure and procedures for preparing and responding to . . . releases of hazardous substances.'"  *California ex rel. Cal. Dept. of Toxic Substances Control v. Neville Chem. Co.*, 358 F.3d 661, 673 (9th Cir. 2004) (alteration in original) (citing 40 C.F.R. § 300.1).  While private parties such as Dobbas must allege NCP consistency, "consistency with the NCP is presumed" for Plaintiffs' response costs.  *See Chapman*, 146 F.3d at 1170.

29.)  Under *Ascon Properties*, this allegation is insufficient to state a claim for cost recovery

under CERCLA section 107(a).

### C. Dobbas' fourth claim for contribution and indemnity fails to state a claim under the HSAA.

Likewise, Dobbas' fourth claim for contribution and indemnity under the HSAA fails to

state a claim that is "plausible on its face."  *Bell Atl. Corp.*, 550 U.S. at 570.  As noted above,

liable persons under the HSAA are the same as liable persons under CERCLA.  *See supra* at 3, 10;

Cal. Health & Safety Code § 25323.5(a)(1) ("'Responsible party' or 'liable person,' for the

purposes of this chapter, means those persons described in Section 107(a) of the federal act (42

U.S.C. Sec. 9607(a)).").  Since Dobbas has not alleged facts sufficient to state a claim against

DTSC as a CERCLA operator or other liable person*, see supra* at 5-9, Dobbas also fails to state

claim against DTSC as a liable person under the HSAA.  Accordingly, Dobbas has not stated a

claim for contribution or indemnity against DTSC under the HSAA.  Cal. Health & Safety Code

§ 25363(e) (a defendant in an HSAA contribution or indemnity action must be a "person who is

liable pursuant to [the HSAA]").

### D. Dobbas' fifth claim for declaratory relief also fails to state a claim.

Dobbas' fifth claim is for declaratory relief under the Declaratory Judgment Act (28 U.S.C.

§ 2201), and requests a judicial determination of the liability of DTSC and of Dobbas' rights,

duties, and obligations concerning the contamination at the Site.  (Dobbas Counterclaim at 6:12-

18, ¶ 42.)  Specifically, Dobbas seeks "a declaration and judgment of this Court . . . that [DTSC]

is liable for all costs that Dobbas may incur to respond to the release and/or threatened release of

hazardous substances at and from the Site."  (*Id.* at 7:19-22.)

This claim is entirely derivative of Dobbas' first four claims under CERCLA and the

HSAA, which the Court should dismiss for the reasons described above.  It cannot survive

dismissal of the other four.  *Union Station Assocs., LLC v. Puget Sound Energy, Inc.*, 238 F. Supp.

2d 1226, 1230 (W.D. Wash. 2002) ("[Plaintiff] has asserted two claims for federal declaratory

relief, one under CERCLA § 113(g)(2) and the other under the Declaratory Judgment Act, 28

U.S.C. § 2201 . . . . [N]either can stand in the absence of a substantive cause of action." (citation

10

1   omitted)).  Furthermore, CERCLA's more detailed declaratory judgment provision (42 U.S.C. §

2   9613(g)(2)) governs this action, not the general provision in the Declaratory Judgment Act.  *City

3   of Colton v. American Promotional Events, Inc. - West*, 614 F.3d 998, 1007 (9th Cir. 2010)

4   ("Although [plaintiff's] complaint referred to the Declaratory Judgment Act rather than CERCLA

5   section 113(g)(2), the latter provision clearly governs this initial cost-recovery action.")  Since

6   Dobbas has not stated a claim for declaratory relief under CERCLA, *see supra* at 5-9, Dobbas'

7   fifth claim for declaratory relief also fails to state a claim.

8   II.   **THE COURT SHOULD GRANT PLAINTIFFS' MOTION TO STRIKE.**

9        **A.   Legal standard for motion to strike**

10       Upon a party's or the Court's own motion, the Court may order stricken from any pleading

11   "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Fed.

12   R. Civ. P. 12(f).  While courts "disfavor[]" such motions, "they are often granted where the

13   insufficiency of the defense is clearly apparent . . . .  These motions, when granted, save 'time and

14   expense which would otherwise be spent in litigating issues which would not affect the outcome

15   of the case.'"  *United States v. Rohm and Haas Co.*, 939 F. Supp. 1142, 1150-51 (D.N.J. 1996)

16   (citations omitted).  In particular, many courts have granted motions to strike insufficient

17   CERCLA defenses, as the defenses allowed under CERCLA are limited and such orders enable

18   courts to narrow the issues in the earliest, most efficient manner.  *Id.* at 1151-54; *see also*

19   *California Dept. of Toxic Substances Control v. Alco Pacific, Inc.*, 217 F. Supp. 2d 1028, 1033

20   (C.D. Cal. 2002); *United States v. Smuggler-Durant Mining Corp.*, 823 F. Supp. 873, 875-78 (D.

21   Colo. 1993); *United States v. Atlas Minerals & Chems., Inc.*, 797 F. Supp. 411, 413-14 (E.D. Pa.

22   1992); *United States v. Kramer*, 757 F. Supp. 397, 409-10 (D.N.J. 1991); *United States v.*

23   *Marisol, Inc.*, 725 F. Supp. 833, 836 (M.D. Pa. 1989); *Kelley v. Thomas Solvent Co.*, 714 F. Supp.

24   1439, 1442 (W.D. Mich. 1989); *United States v. Stringfellow*, 661 F. Supp. 1053, 1061-1062

25   (C.D. Cal. 1987); *United States v. Dickerson*, 640 F. Supp. 448, 450-53 (D. Md. 1986).

26       In addition, the Court may strike elements of a prayer for relief not recoverable as a matter

27   of law, and a demand for a jury trial where no such right exists.  *Alco Pacific,* 217 F. Supp. 2d at

28   1046-1047.

MEM. IN SUPP. OF PLS.' MOT. TO DISMISS COUNTERCLAIM AND STRIKE PORTIONS OF ANSWERS
(2:14-cv-00595-WBS-EFB)

**B.    The Court should strike the jury demands of Dobbas, Van Over, and WCWP.**

Dobbas, Van Over, and WCWP all demand jury trials in their answers.  (ECF No. 22, 23, 24.)  But "[i]t is clear that no right to jury trial attaches to a CERCLA cost recovery action." *United States v. Sterling Centrecorp Inc.*, No. 2:08–cv–02556, 2010 WL 6430190, at *2 (E.D. Cal. Feb. 23, 2010) (citation omitted).  "Substantial case law supports the conclusion that CERCLA cost recovery actions are equitable in nature and thus that no jury trial is available." *Alco Pacific*, 217 F. Supp. 2d at 1046 (citing cases).

While no reported case addresses this issue under the HSAA, the HSAA does not specify a right to a jury trial.  Furthermore, it is "the California version of CERCLA."  *Nixon-Egli Equipment Co.*, 949 F. Supp. at 1438.  "Although the HSAA is not identical to CERCLA, the HSAA expressly incorporates the same liability standards, defenses, and classes of responsible persons as those set forth in CERCLA.  As such, the HSAA is generally interpreted consistent with CERCLA."  *Coppola v. Smith*, 935 F. Supp. 2d 993, 1011 (E.D. Cal. 2013) (*Coppola I*) (citations omitted).  Therefore, the CERCLA cases holding that there is no right to a jury trial, and that CERCLA cost recovery actions are equitable in nature, suggest that there is also no right to a jury trial in an HSAA action.  *See C & K Eng'g Contractors v. Amber Steel Co.*, 23 Cal. 3d 1, 9 (1978) (no right to jury trial under California law "if the action is essentially one in equity and the relief sought 'depends upon the application of equitable doctrines' . . . ." (citations omitted)).

In *Santa Fe Pacific Realty Corp. v. United States*, 780 F. Supp. 687, 697 (E.D. Cal. 1991), the Court denied the United States' motion to strike a jury demand in a CERCLA and Federal Tort Claims Act (FTCA) case.  But in that case, the plaintiff conceded that it had no right to a jury trial against the United States under CERCLA or FTCA, but properly demanded a jury trial on other claims against other co-defendants.  *Id.*  Here, Dobbas, Van Over, and WCWP all apparently believe there is a right to a jury trial on Plaintiffs' CERCLA and HSAA claims.  The Court should correct that misperception now, and strike defendants' jury demands as other courts have done.  *See Sterling Centrecorp Inc.*, 2010 WL 6430190, at *2; *Alco Pacific*, 217 F. Supp. 2d at 1046-47 (citing cases).

12

**C.   The Court should strike the prayers for attorney's fees of Dobbas, Van Over, and WCWP.**

Dobbas, Van Over, and WCWP all request that they be awarded their attorney's fees on Plaintiffs' complaint.  (Dobbas Answer 18:27; Van Over Answer 11:27; WCWP Answer 14:10.)  But there is no basis for an award of attorney's fees to a prevailing defendant in a CERCLA cost recovery action.  *Alco Pacific*, 217 F. Supp. 2d at 1046 (striking defendants' prayers for attorney's fees).  Similarly, nothing in the HSAA, the state law counterpart to CERCLA, provides a basis for awarding attorney's fees to a prevailing defendant.  Under California law, "[i]n the absence of some special agreement, statutory provision, or exceptional circumstances, attorney's fees are to be paid by the party employing the attorney."  *Prentice v. N. Am. Title Guar. Corp.*, 59 Cal. 2d 618, 620 (1963) (citations omitted).  There is no statute in the HSAA that alters this rule as to a prevailing defendant.  Therefore, the Court should strike the prayers for attorney's fees from defendants' answers.

**D.   The Court should strike the challenged affirmative defenses of Dobbas, Van Over, and WCWP.**

**1.   There are limited affirmative defenses available under CERCLA and the HSAA.**

CERCLA section 107 imposes liability on parties that satisfy the elements under Section 107(a) "[n]otwithstanding any other provision or rule of law, and subject only to the defenses set forth in subsection (b) of this section . . . ."  42 U.S.C. § 9607(a).  Section 107(b) lists three specific defenses.  They are that the "release or threat of release of a hazardous substance and the damages resulting therefrom were caused solely by" an "act of God," an "act of war," or an act or omission of an unrelated third party (where certain specified conditions are met), or by a combination of these acts.  42 U.S.C. § 9607(b).  "[T]he three statutory defenses are the only ones available, and . . . traditional equitable defenses are not."  *Neville,* 358 F.3d at 672; *see also Levin Metals Corp. v. Parr-Richmond Terminal Co.*, 799 F.2d 1312, 1316-17 (9th Cir. 1986).[3]

---

[3] In legislation amending CERCLA, Congress set forth other standards that may bar or restrict liability in factually appropriate circumstances – for example, the limitations periods set forth in 42 U.S.C. section 9613.  But the availability of other enumerated exclusions or exceptions does not mean that defenses not specifically set forth in the statute are available.  *See Blasland,*

(continued…)

13

1    Defenses to liability under the HSAA are the same as those under CERCLA.  Cal. Health &

2    Safety Code § 25323.5(b) ("For the purposes of this chapter, the defenses available to a

3    responsible party or liable person shall be those defenses specified in Sections 101(35) and 107(b)

4    of the federal act (42 U.S.C. Secs. 9601(35) and 9607(b))."); *Coppola I*, 935 F. Supp. 2d at 1011

5    ("[T]he HSAA expressly incorporates the same liability standards, defenses, and classes of

6    responsible persons as those set forth in CERCLA." (citations omitted)).  Thus, like CERCLA,

7    "[t]he defenses under HSAA are limited, and include acts of God, war, or a third party, the

8    innocent landowner defense, and the statute of limitations."  *Foster-Gardner, Inc. v. National*

9    *Union Fire Ins. Co.*, 18 Cal. 4th 857, 866 (1998) (citations omitted).

10           **2.    Many of the affirmative defenses that Dobbas, Van Over, and**
             **WCWP allege are not available under CERCLA or the HSAA.**
11

12    Given the limited defenses available, courts in CERCLA cases have stricken many of the

13    same affirmative defenses that Dobbas, Van Over, and WCWP allege in their answers.  Given the

14    HSAA's similarity to CERCLA, the same decisions indicate that the affirmative defenses are also

15    unavailable under the HSAA.

16           **a.    Defendants allege many insufficient equitable defenses.**

17           Dobbas, Van Over, and WCWP all allege a variety of traditional equitable defenses,

18    including waiver, estoppel, unclean hands, laches, equitable indemnity, reliance, and similar

19    defenses.  Dobbas' answer includes six such defenses.  (Dobbas Answer 12:1-4, ¶ 10 (10th

20    Defense - Waiver, Equitable Estoppel and Equitable Indemnity), 12:5-8, ¶ 11 (11th Defense -

21    Laches), 12:9-11, ¶ 12 (12th Defense - Unclean Hands), 17:1-5, ¶ 36 (36th Defense - Reliance),

22    17:13-16, ¶ 38 (38th Defense - Release or Waiver), 17:17-22, ¶ 39 (39th Defense - Undue Delay).

23    Dobbas also asserts an "Equitable Factors" defense under CERCLA section 113(f) (42 U.S.C. §

24    9613(f)), alleging that unspecified equitable factors will prove that Dobbas is not liable.  (Dobbas

25    (…continued)
      *Bouck & Lee, Inc. v. City of North Miami*, 283 F.3d 1286, 1304 (11th Cir. 2002) ("Although [the
26    statute's statement that subsection (b) provides the "only" defenses] may be contradicted by other
      defenses provided elsewhere in the statute, that does not mean this Court has the same power as
27    Congress to create exceptions to section 107(a)'s bar on other defenses based on our own sense of
      what would be good policy.").
28

14

Answer 15:3-9, ¶ 28 (28th Defense).)  Van Over's answer includes three traditional equitable

defenses.  (Van Over Answer 4:13-15, ¶ 5 (5th Defense – Waiver), 4:16-19, ¶ 6 (6th Defense -

Estoppel), 5:18-21, ¶ 11 (11th Defense - Equitable Estoppel/Equitable Indemnity).)  WCWP's

answer includes two.  (WCWP Answer 12:14-16, ¶ 7 (5th Defense - Laches), 14:1-2, ¶ 17 (11th

Defense - Waiver).)

But traditional equitable defenses are not available in a CERCLA action.  The three

statutory defenses enumerated in § 9607(b), including defenses for "an act of God," "an act of

war," or "an act or omission of a third party . . ." are "the only ones available, and . . . traditional

equitable defenses are not."  *Neville*, 358 F.3d at 672.  *See also Pakootas v. Teck Cominco Metals,

Ltd.*, 452 F.3d 1066, 1078 n. 18 (9th Cir. 2006); *Alco Pacific*, 217 F. Supp. 2d at 1040

("[T]raditional equitable defenses to liability are not available to defendants in CERCLA cost

recovery actions under § 9607.")  Since these defenses are unavailable under CERCLA, they are

also unavailable under the HSAA.  *See* Cal. Health & Saf. Code § 25323.5(b).

As to Dobbas' "Equitable Factors" affirmative defense under CERCLA section 113(f)(1)

(42 U.S.C. § 9613(f)(1)), that section provides that the Court may consider equitable factors "in

resolving contribution claims."  42 U.S.C. § 9613(f)(1).  But Plaintiffs' complaint does not

include a contribution claim under CERCLA section 113(f).  (Compl. 8:11-11:10, ¶¶ 33-50.)

Accordingly, Dobbas' "Equitable Factors" defense under CERCLA section 113(f)(1) is also

insufficient.  *See Neville*, 358 F.3d at 672 ("Suits for *contribution* . . . are entirely distinct under

the statute from suits for *recovery of costs*.")

Therefore, the Court should strike Dobbas Affirmative Defenses 10, 11, 12, 28, 36, 38, and

39; Van Over Affirmative Defenses 5, 6, and 11; and WCWP Affirmative Defenses 5 and 11.

**b.    Dobbas' affirmative defenses alleging that Plaintiffs are
responsible parties are insufficient.**

Dobbas also asserts several affirmative defenses alleging that Plaintiffs are responsible for

contamination at the Site or caused or aggravated the harm there, thereby barring or limiting

Plaintiffs' recovery.  (Dobbas Answer 10:12-18, ¶ 3 (3rd Defense – "Plaintiffs are Responsible

Parties," and "[a]s such, Plaintiffs' claims against Dobbas are barred or should be reduced in

15

1   proportion to Plaintiffs' own liability."), 11:7-11, ¶ 6 (6th Defense - the hazardous substance

2   releases described in the complaint "were caused in whole or in part by acts and/or omissions by

3   Plaintiffs."), 14:25-15:2, ¶ 27 (27th Defense - Plaintiffs "aggravated the harm" at the Site).)

4          These affirmative defenses are not available in a government cost recovery action under

5   CERCLA. *Alco Pacific*, 217 F. Supp. 2d at 1036 (striking affirmative defense alleging that

6   DTSC was a liable party); *Kramer*, 757 F. Supp. at 419 ("[T]he defense that the United States

7   was contributorily negligent, caused the harm at the Site or assumed the risk of harm at the Site,

8   are all insufficient and must be stricken."). Even if it is a responsible party, the government may

9   bring a cost recovery suit under CERCLA section 107(a) (42 U.S.C. § 9607(a)) that seeks to

10  impose joint and several liability on the defendants. *Alco Pacific*, 217 F. Supp. 2d at 1036 (citing

11  *United States v. Hunter*, 70 F. Supp. 2d 1100 (C.D. Cal. 1999)). Since DTSC's alleged status as a

12  responsible party is not an affirmative defense under CERCLA, it is also not an affirmative

13  defense under the HSAA. *See supra* at 3; Cal. Health & Safety Code §25323.5(b) (CERCLA and

14  HSAA defenses are the same).

15         Therefore, the Court should strike Dobbas Affirmative Defenses 3, 6, and 27.

16                       **c.    Dobbas' and Van Over's comparative fault, contributory
                               negligence, and assumption of risk affirmative defenses are
17                             insufficient.**

18         Dobbas asserts as another defense that the damages alleged in the complaint are the results

19  of acts or omissions of the other defendants or of Plaintiffs, justifying "apportionment pursuant to

20  the principles of comparative fault." (Dobbas Answer 12:16-20, ¶ 14 (14th Defense –

21  Comparative Fault).) Dobbas' answer also includes a defense based on Plaintiffs' alleged

22  assumption of risk. (*Id.* at 13:10:13, ¶ 18 (18th Defense).) Van Over's answer includes a defense

23  of "Contributory or Comparative Fault." (Van Over Answer 4:20-26, ¶ 7 (7th Defense).) Van

24  Over also asserts another negligence-based defense, alleging that Plaintiffs cannot recover

25  because they "failed to perform their obligations owed to Van Over or to other third parties." (*Id.*

26  at 8:19-23, ¶ 27 (27th Defense).)

27         In *United States v. Shell Oil Co.*, No. 91–0589, 1992 WL 144296 (C.D. Cal. Jan 16, 1992),

28  the court struck affirmative defenses of contributory negligence, comparative fault, and

1  assumption of risk from answers to a CERCLA complaint of the United States and the California

2  state governments:

3        The oil company defendants have raised affirmative defenses based on
         contributory negligence and comparative fault. The McAuley defendant has raised
4        assumption of risk as its tenth defense[].

5        Again the Court refers to the language of § 107 which narrowly tailors the
         available defenses. Other courts have found that comparative fault and contributory
6        negligence are not defenses to CERCLA liability. Courts have also found that
         assumption of risk is an inappropriate defense. As such, these defenses are legally
7        insufficient and are stricken.

8

9  *Shell Oil Co.*, 1992 WL 144296, at *9 (citations omitted). Similarly, theses defenses are not

10 available here, because they are not among the limited defenses available under CERCLA (and by

11 extension the HSAA). *See also Alco Pacific*, 217 F. Supp. 2d at 1037 ("Courts have . . . rejected

12 negligence on the part of the government as a defense to liability." (citations omitted)); *Kramer*,

13 757 F. Supp. at 419 (striking contributory negligence and assumption of risk affirmative defenses).

14       Therefore, the Court should strike Dobbas Affirmative Defenses 14 and 18; and Van Over

15 Affirmative Defenses 7 and 27.

16              **d.      Dobbas and Van Over allege a variety of insufficient causation-
                          based affirmative defenses.**

17       Dobbas alleges affirmative defenses based on traditional tort concepts of causation.

18 (Dobbas Answer 13:5-9, ¶ 17 (17th Defense - Lack of Causation), 15:10-14, ¶ 29 (29th Defense –

19 "No Liability for Others' Releases"), 17:6-12, ¶ 37 (37th Defense - Independent, Intervening,

20 and/or Superseding Claims).) Van Over does the same. (Van Over Answer 5:8-12, ¶ 9 (9th

21 Defense - Cause In Fact), 5:13-17, ¶ 10 (10th Defense - Proximate Cause/Substantial Factor),

22 9:22-25, ¶ 34 (34th Defense – Causation – Not Fairly Traceable).)

23       These defenses fail as a matter of law. "[L]iability under CERCLA is strict, that is, without

24 regard to fault or willfulness." *Hunter*, 70 F. Supp. 2d at 1105. Given this strict liability,

25 "[d]efenses based on lack of actual or proximate causation are insufficient under CERCLA . . . ."

26 *Kramer*, 757 F. Supp. at 420 (striking such defenses); *Alco Pacific*, 217 F. Supp. 2d at 1037-38

27 (striking causation-based defenses); *Marisol*, 725 F. Supp. at 838-39 (striking proximate cause

28 defense).

17

1    CERCLA's causation affirmative defenses are limited to those in 42 U.S.C. section 9607(b),

2    and require allegations that a release or threatened release of hazardous substances and resulting

3    damages were "caused solely by" an act of God, an act of war, or under circumstances satisfying

4    CERCLA section 107(b)(3).  42 U.S.C. § 9607(b)(1)-(4); *see United States v. Monsanto Co.*, 858

5    F.2d 160, 166-69 (4th Cir. 1988).  The elements of a CERCLA section 107(b)(3) defense are that:

6    (1) another party was the "sole cause" of the release of hazardous substances and the damages

7    caused thereby; (2) the other, responsible party did not cause the release in connection with a

8    contractual, employment, or agency relationship with the defendant; and (3) the defendant

9    exercised due care and guarded against the foreseeable acts or omissions of the responsible party.

10   42 U.S.C. § 9607(b)(3).

11    None of the challenged causation defenses involves 42 U.S.C. section 9607(b).  They also

12   do not involve the "divisibility" defense, under which a CERCLA defendant may avoid joint and

13   several liability by proving "that a reasonable basis for apportionment exists" for multiple causes

14   to a single harm.  *Burlington N. & Santa Fe Ry. Co. v. United States*, 556 U.S. 599, 613-15, 129 S.

15   Ct. 1870, 173 L. Ed. 2d 812 (2009).  Dobbas and Van Over assert such defenses elsewhere in

16   their answers, and Plaintiffs have not moved to strike them.  *E.g.*, Dobbas Answer 13:14-18, ¶ 19

17   (divisibility defense); Van Over Answer 6:14-19, ¶ 16 (42 U.S.C. section 9607(b) defenses).

18   Instead, the challenged defenses are the types of causation defenses stricken in *Kramer*, 757 F.

19   Supp. at 420, *Alco Pacific*, 217 F. Supp. 2d at 1037-38, and *Marisol*, 725 F. Supp. at 838-39.

20    Therefore, the Court should strike Dobbas Affirmative Defenses 17, 29, and 37; and Van

21   Over Affirmative Defenses 9, 10, and 34.

**e.    Defendants' alleged due care, compliance with law or other
duties, and lack of duty are not available affirmative defenses.**

24    Dobbas asserts five affirmative defenses based on defendants' alleged due care, compliance

25   with laws or other duties, or lack of duty.  (Dobbas Answer 14:5-9, ¶ 23 (23rd Defense - No Duty),

26   14:15-19, ¶ 25 (25th Defense - Reasonableness and Good Faith), 14:20-24, ¶ 26 (26th Defense -

27   Performance of Duties), 16:5-9, ¶ 33 (33rd Defense - Compliance with Laws), 16:15-24, ¶ 35 (35th

28   Defense - Reasonable precaution).)  Van Over does the same.  (Van Over Answer 6:4-8, ¶ 14

18

1  (14th Defense - Due Care - Conformance with Laws), 8:24-26, ¶ 28 (28th Defense - Due Care),

2  9:26-10:4, ¶ 35 (35th Defense - Full Performance under Permits, Standards, and Regulations),

3  11:1-4, ¶ 42 (42nd Defense - Substantial Compliance), 11:10-14, ¶ 44 (44th Defense - Actions

4  Authorized by Statute).)

5       These defenses are also unavailable.  "Under CERCLA's strict liability scheme with its

6  limited affirmative defenses, claims by defendants that they were not negligent or that they

7  exercised due care cannot be used to avoid liability."  *Marisol*, 725 F. Supp. at 840 (citing *United*

8  *States v. Conservation Chemical Co.*, 619 F. Supp. 162, 204 (M.D. Mo. 1985)).  "[T]he question

9  of a defendant's use of due care is relevant only to the extent that it can be used as a component

10  of the statutory defense provided for by [CERCLA] § 107(b)(3)."  *Id.*  Other due care affirmative

11  defenses are properly stricken, *see id.*, as are all defenses based on defendants' duty of care or

12  compliance with law or industry practice.  *See Alco Pacific,* 217 F. Supp. 2d at 1038 ("[D]efenses

13  based on defendants' duty of care, must be stricken as insufficient.");  *Kramer,* 757 F. Supp. at

14  419 (striking defenses alleging due care and compliance with the law and industry practice).

15  None of the challenged affirmative defenses pertain to the statutory defense under CERCLA

16  section 107(b)(3) (42 U.S.C. § 9607(b)(3)).  They are also unavailable under the HSAA.  *See*

17  *supra* at 3; Cal. Health & Safety Code §25323.5(b).

18       Therefore, the Court should strike Dobbas Affirmative Defenses 23, 25, 26, 33, and 35; and

19  Van Over Affirmative Defenses 14, 28, 35, 42, and 44.

20       **f.**     **Defendants' allegations of failure to mitigate damages as**
                     **affirmative defenses are improper.**

21

22       Dobbas, Van Over, and WCWP all assert affirmative defenses based on Plaintiffs' alleged

23  failure to mitigate damages.  (Dobbas Answer 13:1-4, ¶ 16 (16th Defense); Van Over Answer

24  5:26-6:3, ¶ 13 (13th Defense); WCWP Answer 14:3-4, ¶ 18 (12th Defense).)  But failure to

25  mitigate is not a defense under CERCLA.  *Alco Pacific*, 217 F. Supp. 2d at 1040-42 (striking

26  failure to mitigate affirmative defense); *Shell Oil Co.*, 1992 WL 144296, at *4 (CERCLA section

27  107 "does not require a plaintiff to mitigate his or her damages."); *Kramer*, 757 F. Supp. at 420

28  ("CERCLA does not impose a duty upon the Government to mitigate response costs."); *Marisol*,

1    725 F. Supp. at 841 ("[T]he court finds no persuasive authority which imposes a legal duty upon

2    the Government to mitigate damages in a CERCLA action"); *Kelley*, 714 F. Supp. at 1451

3    ("[T]he Court concludes that because § 107 imposes no duty upon the United States to mitigate

4    costs, this defense is insufficient as a matter of law and will be stricken.").  Given the HSAA's

5    similarity to CERCLA, failure to mitigate is also not a defense under the HSAA.  *See supra* at 3;

6    Cal. Health & Safety Code § 25323.5(b).

7            Therefore, the Court should strike Dobbas Affirmative Defense 16; Van Over Affirmative

8    Defense 13; and WCWP Affirmative Defense 12.

9                        **g.      Defendants' allegations of de minimis (or de micromis)**
                                **contribution to harm as affirmative defenses are improper.**
10

11           Dobbas, Van Over, and WCWP all assert affirmative defenses based on their alleged de

12   minimis (or de micromis) contribution to the harm alleged in the complaint.  (Dobbas Answer

13   13:22-25, ¶ 21 (21st Defense - "De Minimis Contribution, If Any"); Van Over Answer 10:17-20,

14   ¶ 39 (39th Defense - "De Minimis Harm"); WCWP Answer 13:26-28, ¶ 16 (10th Defense -

15   "WCWP's share of liability, if any, is de minimis, de micromis, or both."))

16           A de minimis defense is unavailable under CERCLA.  *Kramer*, 757 F. Supp. at 423

17   ("Defendants allege that their activities, or the toxicity and amount of their wastes, were *de*

18   *minimis* . . . .  However, CERCLA does not permit a *de minimis* defense to liability.  Therefore,

19   these defenses will be stricken.").  Furthermore, there is nothing in the HSAA that authorizes this

20   affirmative defense.  *See* Cal. Health & Safety Code § 25323.5(b).  As to WCWP's assertion of a

21   "de micromis" exception to CERCLA liability,[4] that exception is only applicable to actions

22   against parties liable as "arrangers" or "transporters" under CERCLA section 107(a)(3) and (a)(4).

23   *City of Colton v. American Promotional Events, Inc.*, No. 09-1864, 2012 WL 32606, at *6 (C.D.

24   Cal. Jan 5, 2012); *see* 42 U.S.C. § 9607(o).  Here, Plaintiffs allege that WCWP is liable as the

25   successor to an operator and owner of the Site, not as an arranger or a transporter.  (Compl. 4:5-

26   5:20, ¶¶ 12-13.)

27   _____

28           [4] WCWP is not a defendant on Plaintiffs' claim for relief under the HSAA.

                                                        20

1   Therefore, the Court should strike Dobbas Affirmative Defense 21; Van Over Affirmative

2   Defense 39; and WCWP Affirmative Defense 10.

3             **h.**      **Failure to join indispensable parties is not an available**
                        **affirmative defense.**

4

5   Both Dobbas and Van Over assert failure to join indispensable parties as a defense.

6   (Dobbas Answer 12:12-15, ¶ 13 (13th Defense); Van Over Answer 5:22-25, ¶ 12 (12th Defense).)

7   But Plaintiffs need not sue all potentially responsible parties under CERCLA.  *City of Colton*,

8   2012 WL 32606, at *6; *Alco Pacific*, 217 F. Supp. 2d at 1043; *United States v. Fairchild Indus.,*

9   *Inc.*, 766 F. Supp. 405, 410-13 (D. Md. 1991).  In an HSAA case, any party may move to join

10   "any person who may be liable," indicating that Plaintiffs' alleged failure to join indispensable

11   parties is not a defense.  *See* Cal. Health & Safety Code § 25362.

12   Therefore, the Court should strike:  Dobbas Affirmative Defense 13; and Van Over

13   Affirmative Defense 12.

14             **i.**       **The alleged necessity of Dobbas' actions is not an available**
                        **affirmative defense.**

15

16   Dobbas alleges as another defense that "[a]ny alleged injuries were the result of intentional

17   but reasonable and reasonably necessary actions to protect persons or property from harm."

18   (Dobbas Answer 18:5-8, ¶ 42 (42nd Defense).)  This is not an enumerated defense under

19   CERCLA or the HSAA.  *See* 42 U.S.C. § 9607(b); Cal. Health & Saf. Code § 25323.5(b).

20   Therefore, the Court should strike Dobbas Affirmative Defense 42.

21             **j.**       **Mistake of fact is not an available affirmative defense.**

22   Van Over alleges Plaintiffs' or a third party's mistake of fact as an affirmative defense.

23   (Van Over Answer 10:25-28, ¶ 41 (41st Defense).)  This is also not an enumerated defense under

24   CERCLA or the HSAA.  *See* 42 U.S.C. § 9607(b); Cal. Health & Saf. Code § 25325.5(b).

25   Therefore, the Court should strike Van Over Affirmative Defense 41.

26         **E.**     **Allowing the challenged defenses to remain would prejudice Plaintiffs.**

27   While Federal Rule of Civil Procedure 12(f) allows a court to strike matter from pleadings

28   without a showing of prejudice, not striking the above defenses and other averments would

21

1   prejudice Plaintiffs.  Absent a favorable ruling on this motion, Plaintiffs may unnecessarily have

2   to address various issues properly raised, if at all, only in cross-claims, prior to obtaining a ruling

3   resolving whether the defendants are liable to Plaintiffs.  Moreover, it is probable that Plaintiffs

4   will be subjected to discovery requests irrelevant to any proper defenses if the improper defenses

5   remain in the action.  In addition, absent an early ruling on these purely legal issues, they would

6   likely have to be resolved in any event on summary judgment or through pretrial motions.

7        By narrowing the case at the earliest opportunity, the Court may resolve uncertainty

8   regarding legal issues that otherwise would complicate future briefing and resolution of future

9   motions, and possibly impede settlement.  Much as it is appropriate to grant a motion to dismiss a

10  claim for relief under Federal Rule of Civil Procedure 12(b)(6) if the allegations of a pleading fail

11  to state a claim – in order to save a defendant the trouble and expense of having to respond to

12  irrelevant discovery or irrelevant factual contentions at summary judgment or trial – it is

13  appropriate here to limit the case to legally proper issues at the outset, so that Plaintiffs will not

14  have to waste time and resources in responding to irrelevant issues.

**CONCLUSION**

16       Based on the above, Plaintiffs request that the Court issue an order dismissing Dobbas'

17  counterclaim (with leave to amend in the Court's discretion) and striking the defendants' jury

18  demands, prayers for attorney's fees, and challenged defenses (without leave to amend).

Dated:  July 7, 2014                                    Respectfully Submitted,

KAMALA D. HARRIS
Attorney General of California
SARAH E. MORRISON
Supervising Deputy Attorney General

/s/ Thomas G. Heller

THOMAS G. HELLER
DENNIS L. BECK, JR.
Deputy Attorneys General
*Attorneys for Plaintiffs California
Department of Toxic Substances Control
and Toxic Substances Control Account*

22