Lester O. Brown, State Bar No. 160828
LBrown@perkinscoie.com
James G. Bernald, State Bar No. 205519
JBernald@perkinscoie.com
PERKINS COIE LLP
1888 Century Park East, Suite 1700
Los Angeles, CA  90067-1721
Telephone:  310.788.9900
Facsimile:  310.788.3399

Attorneys for Defendant
West Coast Wood Preserving, LLC

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIA DEPARTMENT OF TOXIC SUBSTANCES CONTROL and the TOXIC SUBSTANCES CONTROL ACCOUNT,<br><br>Plaintiffs,<br><br>v.<br><br>JIM DOBBAS, INC., a California corporation; CONTINENTAL RAIL, INC., a Delaware corporation; DAVID VAN OVER, individually; PACIFIC WOOD PRESERVING, a dissolved California corporation; and WEST COAST WOOD PRESERVING, LLC, a Nevada limited liability company,<br><br>Defendants.<br><br>AND RELATED CROSSCLAIMS AND COUNTERCLAIMS. | Case No. 2:14-cv-00595-WBS-EFB<br><br>**WEST COAST WOOD PRESERVING, LLC'S ANSWER AND AFFIRMATIVE DEFENSES, TO CROSSCLAIM OF JIM DOBBAS, INC. AND WEST COAST WOOD PRESERVING, LLC'S CROSSCLAIM AGAINST JIM DOBBAS, INC.**<br><br>**DEMAND FOR JURY TRIAL**<br><br>Judge:     William B. Shubb |

Cross-defendant West Coast Wood Preserving, LLC ("WCWP") files its answer to the crossclaim of Jim Dobbas, Inc. ("Dobbas") as follows:

## JURISDICTION

1. Paragraph 1 contains legal conclusions, to which WCWP is not required to respond. To the extent any allegation in this paragraph may be deemed to require a response, WCWP denies all such allegations.

## VENUE

2. Paragraph 2 contains legal conclusions, to which WCWP is not required to respond. To the extent any allegation in this paragraph may be deemed to require a response, WCWP denies all such allegations.

## DEMAND FOR JURY TRIAL

3. Paragraph 3 contains legal conclusions, to which WCWP is not required to respond. To the extent any allegation in this paragraph may be deemed to require a response, WCWP denies all such allegations.

## PARTIES

4. WCWP admits the allegations in Paragraph 4.
5. WCWP admits the allegations in Paragraph 5.
6. WCWP admits the allegations in Paragraph 6.
7. WCWP admits the allegations in Paragraph 7.
8. WCWP admits that it is a Nevada limited liability company with its principal place of business in Kern County, California. WCWP denies all other allegations in this paragraph (*i.e.*, that it is a successor-in-interest to cross-defendant Pacific Wood Preserving Corporation ("PWP Corp.")).

## GENERAL ALLEGATIONS

9. WCWP is without knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 9 and therefore denies them.
10. Paragraph 10 contains legal conclusions and Dobbas' characterization of its claims, to which WCWP is not required to respond. To the extent any

allegation in this paragraph may be deemed to require a response, WCWP denies all such allegations as to itself, but WCWP is without sufficient knowledge as to the other cross-defendants to form a belief regarding the truth of the allegations against the other cross-defendants and therefore denies the allegations.

11. Paragraph 11 contains legal conclusions and Dobbas' characterization of its claims, to which WCWP is not required to respond. To the extent any allegation in this paragraph may be deemed to require a response, WCWP denies all such allegations as to itself, but WCWP is without sufficient knowledge as to the other cross-defendants to form a belief regarding the truth of the allegations against the other cross-defendants and therefore denies the allegations.

## FIRST CROSSCLAIM

**(Cost Recovery under CERCLA § 107)**

12. WCWP incorporates by reference its answers to Paragraphs 1–11.

13. To the extent that Paragraph 13 contains a summary of allegations from Plaintiffs California Department of Toxic Substances Control and the Toxic Substances Control Account's (collectively "Plaintiffs") Complaint, the Complaint speaks for itself. Otherwise, Paragraph 13 contains legal conclusions, to which WCWP is not required to respond. To the extent any allegation in this paragraph may be deemed to require a response, WCWP denies all such allegations as to itself, but WCWP is without sufficient knowledge as to the other cross-defendants to form a belief regarding the truth of the allegations against the other cross-defendants and therefore denies the allegations.

14. Paragraph 14 contains legal conclusions, to which WCWP is not required to respond. To the extent any allegation in this paragraph may be deemed to require a response, WCWP denies all such allegations as to itself, but WCWP is without sufficient knowledge as to the other cross-defendants to form a belief regarding the truth of the allegations against the other cross-defendants and therefore denies the allegations.

15. Paragraph 15 contains legal conclusions, to which WCWP is not required to respond. To the extent any allegation in this paragraph may be deemed to require a response, WCWP denies all such allegations as to itself, but WCWP is without sufficient knowledge as to the other cross-defendants to form a belief regarding the truth of the allegations against the other cross-defendants and therefore denies the allegations.

16. WCWP is without knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 16 and therefore denies them.

17. WCWP denies Dobbas' assertion that it is not liable for any costs incurred as the result of the alleged release or threatened release of hazardous substances at or from the site. WCWP is without knowledge or information sufficient to form a belief regarding the truth of the allegation that Dobbas will incur additional costs. To the extent any allegation in paragraph 17 may be deemed to require a further response, WCWP denies all such allegations.

18. Paragraph 18 contains legal conclusions and Dobbas' characterization of its claims, to which WCWP is not required to respond. To the extent any allegation in this paragraph may be deemed to require a response, WCWP denies all such allegations as to itself, but WCWP is without sufficient knowledge as to the other cross-defendants to form a belief regarding the truth of the allegations against the other cross-defendants and therefore denies the allegations.

## SECOND CROSSCLAIM
### (Contribution under CERCLA § 113(f))

19. WCWP incorporates by reference its answers to Paragraphs 1–18.

20. To the extent that Paragraph 20 contains a summary of allegations from Plaintiffs' Complaint, the Complaint speaks for itself. Otherwise, Paragraph 20 contains legal conclusions, to which WCWP is not required to respond. To the extent any allegation in this paragraph may be deemed to require a response, WCWP denies all such allegations.

21. Paragraph 21 contains legal conclusions, to which WCWP is not required to respond. To the extent any allegation in this paragraph may be deemed to require a response, WCWP denies all such allegations as to itself, but WCWP is without sufficient knowledge as to the other cross-defendants to form a belief regarding the truth of the allegations against the other cross-defendants and therefore denies the allegations.

22. Paragraph 22 contains legal conclusions, to which WCWP is not required to respond. To the extent any allegation in this paragraph may be deemed to require a response, WCWP denies all such allegations as to itself, but WCWP is without sufficient knowledge as to the other cross-defendants to form a belief regarding the truth of the allegations against the other cross-defendants and therefore denies the allegations.

23. WCWP is without knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 23 and therefore denies them.

24. Paragraph 24 contains legal conclusions, to which WCWP is not required to respond. WCWP is without knowledge or information sufficient to form a belief regarding the truth of the allegation that Dobbas will incur additional costs. To the extent any allegation in this paragraph may be deemed to require a further response, WCWP denies all such allegations as to itself, but WCWP is without sufficient knowledge as to the other cross-defendants to form a belief regarding the truth of the allegations against the other cross-defendants and therefore denies the allegations.

25. Paragraph 25 contains legal conclusions and Dobbas' characterization of its claims, to which WCWP is not required to respond. To the extent any allegation in this paragraph may be deemed to require a response, WCWP denies all such allegations as to itself, but WCWP is without sufficient knowledge as to the other cross-defendants to form a belief regarding the truth of the allegations against the other cross-defendants and therefore denies the allegations.

## THIRD CROSSCLAIM

### (Declaratory Relief under CERCLA § 113(g))

26. WCWP incorporates by reference its answers to Paragraphs 1–25.

27. Paragraph 27 contains legal conclusions and Dobbas' characterization of its claims, to which WCWP is not required to respond. To the extent any allegation in this paragraph may be deemed to require a response, WCWP denies all such allegations as to itself, but WCWP is without sufficient knowledge as to the other cross-defendants to form a belief regarding the truth of the allegations against the other cross-defendants and therefore denies the allegations.

28. WCWP denies Dobbas is entitled to any declaratory or other relief against WCWP. To the extent any allegation in Paragraph 28 may be deemed to require a further response, WCWP denies all such allegations as to itself, but WCWP is without sufficient knowledge as to the other cross-defendants to form a belief regarding the truth of the allegations against the other cross-defendants and therefore denies the allegations.

## FOURTH CROSSCLAIM

### (Contribution and Indemnity under

### Cal. Health & Safety Code §§ 25300 *et seq.*)

29. WCWP incorporates by reference its answers to Paragraphs 1–28.

30. WCWP responds to Paragraph 30 by incorporating by reference Paragraphs 13 and 16 of WCWP's Answer to Complaint [Dkt. 22] (filed June 10, 2014). To the extent that allegations in this paragraph may be deemed to require a further response, WCWP denies all such allegations as to itself, but WCWP is without sufficient knowledge as to the other cross-defendants to form a belief regarding the truth of the allegations against the other cross-defendants and therefore denies the allegations.

31. Paragraph 31 contains legal conclusions, to which WCWP is not required to respond. To the extent any allegation in this paragraph may be deemed

1  to require a response, WCWP denies all such allegations as to itself, but WCWP is
2  without sufficient knowledge as to the other cross-defendants to form a belief
3  regarding the truth of the allegations against the other cross-defendants and
4  therefore denies the allegations.

5        32.    Paragraph 32 contains legal conclusions, to which WCWP is not
6  required to respond. To the extent any allegation in this paragraph may be deemed
7  to require a response, WCWP is without sufficient knowledge to form a belief
8  regarding the truth of the allegations and therefore denies all such allegations.

9        33.    Paragraph 33 contains legal conclusions and Dobbas' characterization
10 of its claims, to which WCWP is not required to respond. To the extent any
11 allegation in this paragraph may be deemed to require a response, WCWP denies all
12 such allegations as to itself, but WCWP is without sufficient knowledge as to the
13 other cross-defendants to form a belief regarding the truth of the allegations against
14 the other cross-defendants and therefore denies the allegations.

15       34.    Paragraph 34 contains legal conclusions and Dobbas' characterization
16 of its claims, to which WCWP is not required to respond. To the extent any
17 allegation in this paragraph may be deemed to require a response, WCWP denies all
18 such allegations as to itself, but WCWP is without sufficient knowledge as to the
19 other cross-defendants to form a belief regarding the truth of the allegations against
20 the other cross-defendants and therefore denies the allegations.

## FIFTH CROSSCLAIM

**(Continuing Public Nuisance pursuant to Cal. Civ. Code §§ 3479 & 3480)**

23       35.    WCWP incorporates by reference its answers to Paragraphs 1–34.
24       36.    Paragraph 36 contains legal conclusions and Dobbas' characterization
25 of its claims, to which WCWP is not required to respond. To the extent any
26 allegation in this paragraph may be deemed to require a response, WCWP denies all
27 such allegations as to itself, but WCWP is without sufficient knowledge as to the
28

other cross-defendants to form a belief regarding the truth of the allegations against the other cross-defendants and therefore denies the allegations.

37. Paragraph 37 contains legal conclusions and Dobbas' characterization of its claims, to which WCWP is not required to respond. To the extent any allegation in this paragraph may be deemed to require a response, WCWP denies all such allegations as to itself, but WCWP is without sufficient knowledge as to the other cross-defendants to form a belief regarding the truth of the allegations against the other cross-defendants and therefore denies the allegations.

38. Paragraph 38 contains legal conclusions and Dobbas' characterization of its claims, to which WCWP is not required to respond. To the extent any allegation in this paragraph may be deemed to require a response, WCWP denies all such allegations as to itself, but WCWP is without sufficient knowledge as to the other cross-defendants to form a belief regarding the truth of the allegations against the other cross-defendants and therefore denies the allegations.

39. Paragraph 39 contains legal conclusions and Dobbas' characterization of its claims, to which WCWP is not required to respond. To the extent any allegation in this paragraph may be deemed to require a response, WCWP denies all such allegations as to itself, but WCWP is without sufficient knowledge as to the other cross-defendants to form a belief regarding the truth of the allegations against the other cross-defendants and therefore denies the allegations.

40. Paragraph 40 contains legal conclusions and Dobbas' characterization of its claims, to which WCWP is not required to respond. To the extent any allegation in this paragraph may be deemed to require a response, WCWP denies all such allegations as to itself, but WCWP is without sufficient knowledge as to the other cross-defendants to form a belief regarding the truth of the allegations against the other cross-defendants and therefore denies the allegations.

## SIXTH CROSSCLAIM

**(Declaratory Relief under 28 U.S.C. § 2201)**

41.   WCWP incorporates by reference its answers to Paragraphs 1–40.

42.   Paragraph 42 contains legal conclusions and Dobbas' characterization of its claims, to which WCWP is not required to respond. To the extent any allegation in this paragraph may be deemed to require a response, WCWP denies all such allegations as to itself, but WCWP is without sufficient knowledge as to the other cross-defendants to form a belief regarding the truth of the allegations against the other cross-defendants and therefore denies the allegations.

43.   WCWP denies Dobbas is entitled to any declaratory or other relief against WCWP. To the extent any allegation in Paragraph 43 may be deemed to require any further response, WCWP denies all such allegations as to itself, but WCWP is without sufficient knowledge as to the other cross-defendants to form a belief regarding the truth of the allegations against the other cross-defendants and therefore denies the allegations.

44.   WCWP denies Dobbas is entitled to any declaratory or other relief against WCWP. To the extent any allegation in Paragraph 44 may be deemed to require any further response, WCWP denies all such allegations as to itself, but WCWP is without sufficient knowledge as to the other cross-defendants to form a belief regarding the truth of the allegations against the other cross-defendants and therefore denies the allegations.

## SEVENTH CROSSCLAIM

**(Negligence)**

45.   WCWP incorporates by reference its answers to Paragraphs 1–44.

46.   Paragraph 46 contains legal conclusions and Dobbas' characterization of its claims, to which WCWP is not required to respond. To the extent any allegation in this paragraph may be deemed to require a response, WCWP denies all such allegations as to itself, but WCWP is without sufficient knowledge as to the

1  other cross-defendants to form a belief regarding the truth of the allegations against
2  the other cross-defendants and therefore denies the allegations.

3        47.    Paragraph 47 contains legal conclusions and Dobbas' characterization
4  of its claims, to which WCWP is not required to respond. To the extent any
5  allegation in this paragraph may be deemed to require a response, WCWP denies all
6  such allegations as to itself, but WCWP is without sufficient knowledge as to the
7  other cross-defendants to form a belief regarding the truth of the allegations against
8  the other cross-defendants and therefore denies the allegations.

9        48.    Paragraph 48 contains legal conclusions and Dobbas' characterization
10 of its claims, to which WCWP is not required to respond. To the extent any
11 allegation in this paragraph may be deemed to require a response, WCWP denies all
12 such allegations as to itself, but WCWP is without sufficient knowledge as to the
13 other cross-defendants to form a belief regarding the truth of the allegations against
14 the other cross-defendants and therefore denies the allegations.

## EIGHTH CROSSCLAIM

**(Equitable Indemnity)**

17       49.    WCWP incorporates by reference its answers to Paragraphs 1–48.

18       50.    Paragraph 50 contains legal conclusions and Dobbas' characterization
19 of its claims, to which WCWP is not required to respond. To the extent any
20 allegation in this paragraph may be deemed to require a response, WCWP denies all
21 such allegations as to itself, but WCWP is without sufficient knowledge as to the
22 other cross-defendants to form a belief regarding the truth of the allegations against
23 the other cross-defendants and therefore denies the allegations.

24       51.    WCWP denies Dobbas is entitled to any indemnification or defense
25 from WCWP. To the extent any allegation in Paragraph 51 may be deemed to
26 require a further response, WCWP denies all such allegations as to itself, but
27 WCWP is without sufficient knowledge as to the other cross-defendants to form a

belief regarding the truth of the allegations against the other cross-defendants and therefore denies the allegations.

52. Paragraph 52 contains legal conclusions and Dobbas' characterization of its claims, to which WCWP is not required to respond. To the extent any allegation in this paragraph may be deemed to require a response, WCWP denies all such allegations as to itself, but WCWP is without sufficient knowledge as to the other cross-defendants to form a belief regarding the truth of the allegations against the other cross-defendants and therefore denies the allegations.

53. Paragraph 53 contains legal conclusions and Dobbas' characterization of its claims, to which WCWP is not required to respond. To the extent any allegation in this paragraph may be deemed to require a response, WCWP denies all such allegations as to itself, but WCWP is without sufficient knowledge as to the other cross-defendants to form a belief regarding the truth of the allegations against the other cross-defendants and therefore denies the allegations.

## NINTH CROSSCLAIM
### (Breach of Contract)

54. The allegations set forth in Paragraph 54 concern parties other than WCWP, and therefore no response is required. To the extent any allegations in this paragraph may be deemed to require a response, WCWP denies all such allegations.

55. The allegations set forth in Paragraph 55 concern parties other than WCWP, and therefore no response is required. To the extent any allegations in this paragraph may be deemed to require a response, WCWP denies all such allegations.

56. The allegations set forth in Paragraph 56 concern parties other than WCWP, and therefore no response is required. To the extent any allegations in this paragraph may be deemed to require a response, WCWP denies all such allegations.

57. The allegations set forth in Paragraph 57 concern parties other than WCWP, and therefore no response is required. To the extent any allegations in this paragraph may be deemed to require a response, WCWP denies all such allegations.

58. The allegations set forth in Paragraph 58 concern parties other than WCWP, and therefore no response is required. To the extent any allegations in this paragraph may be deemed to require a response, WCWP denies all such allegations.

59. The allegations set forth in Paragraph 59 concern parties other than WCWP, and therefore no response is required. To the extent any allegations in this paragraph may be deemed to require a response, WCWP denies all such allegations.

60. The allegations set forth in Paragraph 60 concern parties other than WCWP, and therefore no response is required. To the extent any allegations in this paragraph may be deemed to require a response, WCWP denies all such allegations.

61. The allegations set forth in Paragraph 61 concern parties other than WCWP, and therefore no response is required. To the extent any allegations in this paragraph may be deemed to require a response, WCWP denies all such allegations.

**AFFIRMATIVE DEFENSES**

In asserting the following affirmative defenses, WCWP does not admit that the burden of proving the allegations or denials contained therein is upon WCWP. Rather, the burden of proving the facts relevant to and/or the inverse of the allegations contained in the following defenses and other matters is on Dobbas. Moreover, WCWP does not admit any liability in asserting the following affirmative defenses and other matters; rather, WCWP specifically denies any and all allegations of liability in Dobbas' crossclaim.

Without admitting liability as to any of the Plaintiffs' causes of action and reserving its right to amend its Answer to assert additional defenses as they may become known during discovery, WCWP asserts the following defenses and other matters:

**FIRST AFFIRMATIVE DEFENSE**

1. <u>No successor liability for PWP</u>. As described in Paragraph 13 of the Answer to Complaint [Dkt. 22] (filed June 10, 2014), which is incorporated herein

LEGAL122453838.4                                -11-        WCWP'S ANSWER & AFF. DEF. TO JIM DOBBAS' CROSSCLAIM
2:14-CV-00595-WBS-EFB

by this reference, WCWP did not succeed to any of PWP's liabilities related to the Elmira Site, and, as a consequence, Dobbas' claims against WCWP are barred.

## SECOND AFFIRMATIVE DEFENSE

2. <u>Failure to state a claim</u>. The crossclaim against WCWP, and each and every purported count and cause of action therein, fails to state a claim for which relief can be granted.

## THIRD AFFIRMATIVE DEFENSE

3. <u>Discharged by bankruptcy</u>. For the reasons discussed in Paragraphs 1–3 of WCWP's Affirmative Defenses to Complaint [Dkt. 22] (filed June 10, 2014), which are incorporated herein by this reference, Dobbas' claims against WCWP are barred in whole or in part by PWP-Bakersfield's Chapter 11 bankruptcy reorganization.

## FOURTH AFFIRMATIVE DEFENSE

4. <u>Statute of limitations</u>. Dobbas' claims against WCWP are barred by the applicable statutes of limitations or repose, including, but not limited to, 42 U.S.C. section 9613(g)(2).

## FIFTH AFFIRMATIVE DEFENSE

5. <u>Laches</u>. Dobbas' claims against WCWP, to the extent they are equitable in nature, are barred in whole or in part by the doctrine of laches.

## SIXTH AFFIRMATIVE DEFENSE

6. <u>Costs inconsistent with National Contingency Plan</u>. For the reasons discussed in Paragraphs 8–12 of WCWP's Affirmative Defenses to Complaint [Dkt. 22] (filed June 10, 2014), which are incorporated herein by this reference, and potentially other reasons, Dobbas' claims against WCWP are barred in whole or in part insofar as Dobbas seeks to recover costs that are not reasonable or necessary response costs or are otherwise inconsistent with the National Contingency Plan.

## SEVENTH AFFIRMATIVE DEFENSE

7. <u>Costs not related to recovery</u>. For the reasons discussed in Paragraphs 8–12 of WCWP's Affirmative Defenses to Complaint [Dkt. 22] (filed June 10, 2014), which are incorporated herein by this reference, and potentially other reasons, Dobbas' claims against WCWP are barred in whole or in a part insofar as Dobbas seeks to recover costs and expenses other than response costs, as the term is defined in CERCLA.

## EIGHTH AFFIRMATIVE DEFENSE

8. <u>Third-party</u>. The discharge, release, and/or disposal of hazardous substances at the Elmira Site, and any resulting harms, were caused by the acts or omissions of other third parties or entities unrelated to WCWP, and WCWP has no liability for such damages under CERCLA. 42 U.S.C. § 9607(b)(3). To the extent Dobbas asserts some contamination by PWP, PWP is not responsible for the conditions because it fully cleaned the Elmira Site before the sale to the Wickes Corporation, and regardless, WCWP is not a successor to PWP.

## NINTH AFFIRMATIVE DEFENSE

9. <u>Several liability</u>. WCWP denies any liability, but to the extent WCWP is held liable, its liability is divisible and it is only liable for its several share of liability. Costs should be apportioned accordingly.

## TENTH AFFIRMATIVE DEFENSE

10. <u>Minimal contribution</u>. WCWP's share of liability, if any, is *de minimis*, *de micromis*, or both.

## ELEVENTH AFFIRMATIVE DEFENSE

11. <u>Waiver</u>. Dobbas' claims are barred in whole or in part by waiver.

## TWELFTH AFFIRMATIVE DEFENSE

12. <u>Failure to mitigate</u>. Dobbas has failed to mitigate damages, if any.

## THIRTEENTH AFFIRMATIVE DEFENSE

13. <u>Unclean hands</u>. Dobbas' claims are barred by the doctrine of unclean hands.

## CROSSCLAIM AGAINST JIM DOBBAS, INC.

### Contribution pursuant to 42 U.S.C. § 9613

Defendant WCWP, in crossclaim against Dobbas, hereby alleges as follows:

1. WCWP incorporates its responses in its Answer and Affirmative Defenses to Complaint [Dkt. 22] (filed June 10, 2014) and its above responses in the Answer and Affirmative Defenses to Dobbas' crossclaim by this reference.

2. This court has supplemental jurisdiction of this crossclaim under 28 U.S.C. § 1367(a) because it arises out of the same transaction and occurrence alleged in the Plaintiffs' Complaint so as to form a part of the same case or controversy within the meaning of Article III of the United States Constitution.

3. Plaintiffs allege that Dobbas is a "person" within the meaning of 42 U.S.C. section 9601(9).

4. Plaintiffs allege that Dobbas is an "owner" and/or "operator" of the Elmira Site "at the time of disposal of a hazardous substance" there as those terms are used in 42 U.S.C. section 9607(a).

5. Plaintiffs allege that Dobbas owned a fifty percent interest in the Elmira Site from about March 20, 1997 to on or about February 11, 2011 and, during that period, failed to undertake required remedial actions, thereby contributing to the release and/or threatened release of hazardous substances at the Elmira Site.

6. To the extent that any party has incurred recoverable response costs, and asserts liability for some or all of those costs against WCWP, or asserts a contribution claim against WCWP for such costs incurred by another party, WCWP is entitled to contribution from Dobbas for the costs sought by Plaintiffs to the extent they are recoverable under 42 U.S.C. § 9613.

# PRAYER FOR RELIEF

WHEREFORE, WCWP prays for judgment and relief as follows:

1. Dismissal of Dobbas' crossclaim against WCWP with prejudice;
2. In the event WCWP is found to have any liability, it is liable only for its several share and is entitled to seek contribution from other responsible parties;
3. An award of reasonable attorneys' fees and costs to WCWP;
4. The relief against Dobbas as specified in the crossclaim above; and
5. Such other relief as the Court deems equitable and just.

DATED: August 4, 2014

/s/ Lester O. Brown
**PERKINS COIE LLP**
Lester O. Brown
Attorneys for Defendant
West Coast Wood Preserving, LLC

# DEMAND FOR JURY TRIAL

Defendant WCWP hereby demands a trial by jury in this action.

DATED: August 4, 2014

/s/ Lester O. Brown
**PERKINS COIE LLP**
Lester O. Brown
Attorneys for Defendant
West Coast Wood Preserving, LLC

# **CERTIFICATE OF SERVICE**

Case Name: *California Department of Toxic Substances Control, et al. v. Jim Dobbas, Inc. et al*

Case No.:   **2:14-cv-00595-WBS-EFB**

I certify that on August 4, 2014, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**WEST COAST WOOD PRESERVING, LLC'S ANSWER AND AFFIRMATIVE DEFENSES, TO CROSSCLAIM OF JIM DOBBAS, INC. AND WEST COAST WOOD PRESERVING, LLC'S CROSSCLAIM AGAINST JIM DOBBAS, INC.**

Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

I am a partner of the law firm of Perkins Coie, LLP, a member of the California State Bar, and admitted in this district. I am 18 years of age or older and not a party to this matter. I am familiar with the business at Perkins Coie LLP for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at Perkins Coie LLP is deposited with the United States Postal Service with postage thereon fully prepaid that same day in the ordinary course of business.

I further certify that some of the participants in the case are not registered CM/ECF users. On August 4, 2014, I have caused to be mailed in Perkins Coie LLP's internal mail system, the foregoing document(s) by First-Class Mail, postage prepaid, to the following non-CM/ECF participants:

David Van Over
216 F Street, #108
Davis, CA  95616
david.vanover@gmail.com
(775) 830-3888

I declare under penalty of perjury that the foregoing is true and correct. Executed on August 4, 2014, at Los Angeles, California

| Lester O. Brown | /s/ Lester O. Brown |
|---|---|
| Declarant | Signature |

LEGAL122453838.4