Lester O. Brown, State Bar No. 160828
LBrown@perkinscoie.com
James G. Bernald, State Bar No. 205519
JBernald@perkinscoie.com
PERKINS COIE LLP
1888 Century Park East, Suite 1700
Los Angeles, CA  90067-1721
Telephone:  310.788.9900
Facsimile:  310.788.3399

Attorneys for Defendant
West Coast Wood Preserving, LLC

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIA DEPARTMENT OF TOXIC SUBSTANCES CONTROL and the TOXIC SUBSTANCES CONTROL ACCOUNT,<br><br>Plaintiffs,<br><br>v.<br><br>JIM DOBBAS, INC., a California corporation; CONTINENTAL RAIL, INC., a Delaware corporation; DAVID VAN OVER, individually; PACIFIC WOOD PRESERVING, a dissolved California corporation; and WEST COAST WOOD PRESERVING, LLC, a Nevada limited liability company,<br><br>Defendants.<br><br>AND RELATED CROSSCLAIMS AND COUNTERCLAIMS. | Case No. 2:14-cv-00595-WBS-EFB<br><br>**WEST COAST WOOD PRESERVING, LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO CROSSCLAIM OF DAVID VAN OVER AND WEST COAST WOOD PRESERVING, LLC'S CROSSCLAIM AGAINST DAVID VAN OVER**<br><br>**DEMAND FOR JURY TRIAL**<br><br>Judge:    William B. Shubb |

Cross-respondent West Coast Wood Preserving, LLC ("WCWP") files its answer to the crossclaim of David Van Over ("Van Over") as follows:

## DESCRIPTION OF ACTION

1. Plaintiffs California Department of Toxic Substances Control and the Toxic Substances Control Account's (collectively, "Plaintiffs") Complaint speaks for itself.

2. WCWP is without knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 2 and therefore denies them.

3. Paragraph 3 contains legal conclusions, to which WCWP is not required to respond. To the extent any allegation in this paragraph is deemed to require a response, WCWP denies all such allegations.

## PARTIES

4. WCWP responds to Paragraph 4 by incorporating by reference Paragraphs 9–13 of WCWP's Answer to Complaint [Dkt. 22] (filed June 10, 2014). To the extent that allegations in this paragraph may be deemed to require further response, WCWP denies all such allegations.

## JURISDICTION

5. Paragraph 5 contains legal conclusions, to which WCWP is not required to respond. To the extent any allegation in this paragraph may be deemed to require a response, WCWP denies all such allegations.

## VENUE

6. Paragraph 6 contains legal conclusions, to which WCWP is not required to respond. To the extent any allegation in this paragraph may be deemed to require a response, WCWP denies all such allegations.

## FACTUAL ALLEGATIONS

7. Plaintiff's Complaint speaks for itself. The remaining allegations in Paragraph 7 are legal conclusions, to which WCWP is not required to respond. To

the extent any allegation in this paragraph may be deemed to require a response, WCWP denies all such allegations.

8. Paragraph 8 contains legal conclusions, to which WCWP is not required to respond. To the extent any allegation in this paragraph may be deemed to require a response, WCWP denies all such allegations.

9. Paragraph 9 contains legal conclusions and Van Over's characterization of his claims, to which WCWP is not required to respond. To the extent any allegation in this paragraph may be deemed to require a response, WCWP denies all such allegations.

10. Paragraph 10 contains legal conclusions and Van Over's characterization of his claims, to which WCWP is not required to respond. To the extent any allegation in this paragraph may be deemed to require a response, WCWP denies all such allegations.

11. WCWP responds to Paragraph 11 by incorporating by reference Paragraphs 13 and 16 of WCWP's Answer to Complaint [Dkt. 22] (filed June 10, 2014). To the extent that allegations in this paragraph may be deemed to require further response, WCWP denies all such allegations.

12. WCWP is without knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 12 and therefore denies them.

## FIRST CLAIM FOR RELIEF

**(Contribution pursuant to CERCLA § 113[Dkt. 22] (f))**

13. WCWP incorporates by reference its answers to Paragraphs 1–12.

14. WCWP is without knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 14 and therefore denies them.

15. WCWP responds to Paragraph 15 by incorporating by reference Paragraphs 13 and 16 of WCWP's Answer to Complaint [Dkt. 22] (filed June 10, 2014). To the extent that allegations in this paragraph may be deemed to require further response, WCWP denies all such allegations.

16. Paragraph 16 contains legal conclusions and Van Over's characterization of his claims, to which WCWP is not required to respond. To the extent any allegation in this paragraph may be deemed to require a response, WCWP denies all such allegations.

## SECOND CLAIM FOR RELIEF

### (Declaratory Relief under Federal Law)

17. WCWP incorporates by reference its answers to Paragraphs 1–16.

18. WCWP is without knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 18 and therefore denies them.

19. Paragraph 19 contains legal conclusions and Van Over's characterization of his claims, to which WCWP is not required to respond. To the extent any allegation in this paragraph may be deemed to require a response, WCWP is without knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 19 and therefore denies them.

20. Paragraph 20 contains legal conclusions and Van Over's characterization of his claims, to which WCWP is not required to respond. To the extent any allegation in this paragraph may be deemed to require a response, WCWP denies all such allegations.

21. Paragraph 21 contains legal conclusions and Van Over's characterization of his claims, to which WCWP is not required to respond. To the extent any allegation in this paragraph may be deemed to require a response, WCWP denies all such allegations.

## THIRD CLAIM FOR RELIEF

### (Negligence)

22. WCWP incorporates by reference its answers to Paragraphs 1–21.

23. Paragraph 23 contains legal conclusions and Van Over's characterization of his claims, to which WCWP is not required to respond. To the

1 extent any allegation in this paragraph may be deemed to require a response, WCWP denies all such allegations.

24. WCWP denies the allegations in Paragraph 24.

25. WCWP denies the allegations in Paragraph 25.

26. WCWP denies the allegations in Paragraph 26.

## FOURTH CLAIM FOR RELIEF

### (Declaratory Relief under State Law)

27. WCWP incorporates by reference its answers to Paragraphs 1–26.

28. To the extent Van Over alleges contamination at the Site is the sole and actual and/or joint and several liability of Plaintiffs, WCWP is without knowledge or information sufficient to form a belief regarding the truth of this allegation. WCWP denies that Van Over is entitled to any declaratory relief. To the extent any remaining allegations in Paragraph 28 may be deemed to require further response, WCWP denies all such allegations.

## FIFTH CLAIM FOR RELIEF

### (Equitable Indemnification)

29. WCWP incorporates by reference its answers to Paragraphs 1–28.

30. WCWP denies the allegations in Paragraph 30.

31. WCWP is without knowledge or information sufficient to form a belief regarding the truth of the allegation that Van Over is without fault with respect to the matters alleged in the Complaint. WCWP denies all other allegations in Paragraph 31.

32. WCWP denies the allegations in Paragraph 32.

## SIXTH CLAIM FOR RELIEF

### (Contribution)

33. WCWP incorporates by reference its answers to Paragraphs 1–32.

34. Van Over's denial of liability is a legal conclusion to which WCWP is not required to respond. As to Van Over's summary of Plaintiffs' allegations

regarding Van Over's liability, Plaintiffs' Complaint speaks for itself. As to all other allegations in Paragraph 34, WCWP denies them.

## AFFIRMATIVE DEFENSES

In asserting the following affirmative defenses, WCWP does not admit that the burden of proving the allegations or denials contained therein is upon WCWP. Rather, the burden of proving the facts relevant to and/or the inverse of the allegations contained in the following defenses and other matters is on Van Over. Moreover, WCWP does not admit any liability in asserting the following affirmative defenses and other matters; rather, WCWP specifically denies any and all allegations of liability in Van Over's crossclaims.

Without admitting liability as to any of Van Over's claims for relief and reserving its right to amend its Answer to assert additional defenses as they may become known during discovery, WCWP asserts the following defenses and other matters:

## FIRST AFFIRMATIVE DEFENSE

1. <u>No successor liability for PWP</u>. As described in Paragraph 13 of WCWP's Answer to Complaint [Dkt. 22] (filed June 10, 2014), which is realleged and incorporated by this reference, WCWP did not succeed to any of PWP's liabilities related to the Elmira Site, and, as a consequence, Van Over's claims against WCWP are barred.

## SECOND AFFIRMATIVE DEFENSE

2. <u>Failure to state a claim</u>. Van Over's crossclaim against WCWP, and each and every purported count and cause of action therein, fails to state a claim for which relief can be granted.

## THIRD AFFIRMATIVE DEFENSE

3. <u>Discharged by bankruptcy</u>. For the reasons discussed in Paragraphs 1–3 of WCWP's Affirmative Defenses to Complaint [Dkt. 22] (filed June 10, 2014), which are incorporated herein by this reference, Van Over's claims against WCWP

are barred in whole or in part by PWP-Bakersfield's Chapter 11 bankruptcy reorganization.

**FOURTH AFFIRMATIVE DEFENSE**

4. <u>Statute of limitations</u>. Van Over's claims against WCWP are barred by the applicable statutes of limitations or repose, including, but not limited to, 42 U.S.C. section 9613(g)(2).

**FIFTH AFFIRMATIVE DEFENSE**

5. <u>Laches</u>. Van Over's claims against WCWP, to the extent they are equitable in nature, are barred in whole or in part by the doctrine of laches.

**SIXTH AFFIRMATIVE DEFENSE**

6. <u>Costs inconsistent with National Contingency Plan</u>. For the reasons discussed in Paragraphs 8–12 of WCWP's Affirmative Defenses to Complaint [Dkt. 22] (filed June 10, 2014), which are incorporated herein by this reference, and potentially other reasons, Van Over's claims against WCWP are barred in whole or in part insofar as Van Over seeks to recover costs that are not reasonable or necessary response costs or are otherwise inconsistent with the National Contingency Plan.

**SEVENTH AFFIRMATIVE DEFENSE**

7. <u>Costs not related to recovery</u>. For the reasons discussed in Paragraphs 8–12 of WCWP's Affirmative Defenses to Complaint [Dkt. 22] (filed June 10, 2014), which are incorporated herein by this reference, and potentially other reasons, Van Over's claims against WCWP are barred in whole or in part insofar as Van Over seeks to recover costs and expenses other than response costs, as the term is defined in CERCLA.

**EIGHTH AFFIRMATIVE DEFENSE**

8. <u>Third-party</u>. The discharge, release, and/or disposal of hazardous substances at the Elmira Site, and any resulting harms, were caused by the acts or omissions of other third parties or entities unrelated to WCWP, and WCWP has no

liability for such damages under CERCLA. 42 U.S.C. § 9607(b)(3). To the extent Van Over asserts some contamination by PWP, PWP is not responsible for the conditions because it fully cleaned the Elmira Site before the sale to the Wickes Corporation, and regardless, WCWP is not a successor to PWP.

### NINTH AFFIRMATIVE DEFENSE

9. <u>Several liability</u>. WCWP denies any liability, but to the extent WCWP is held liable, its liability is divisible and it is only liable for its several share of liability. Costs should be apportioned accordingly.

### TENTH AFFIRMATIVE DEFENSE

10. <u>Minimal contribution</u>. WCWP's share of liability, if any, is d*e minimis*, *de micromis*, or both.

### ELEVENTH AFFIRMATIVE DEFENSE

11. <u>Waiver</u>. Van Over's claims are barred in whole or in part by waiver.

### TWELFTH AFFIRMATIVE DEFENSE

12. <u>Failure to mitigate</u>. Van Over has failed to mitigate damages, if any.

### THIRTEENTH AFFIRMATIVE DEFENSE

13. <u>Unclean hands</u>. Van Over's claims are barred by the doctrine of unclean hands.

### CROSSCLAIM AGAINST DAVID VAN OVER

**Contribution pursuant to 42 U.S.C. § 9613**

Defendant WCWP, in crossclaim against Van Over, hereby alleges as follows:

1. WCWP incorporates its responses in the Answer and Affirmative Defenses to Complaint [Dkt. 22] (filed June 10, 2014) and its above responses in the Answer and Affirmative Defenses to Van Over's crossclaim by this reference.

2. This court has supplemental jurisdiction of this crossclaim under 28 U.S.C. § 1367(a) because it arises out of the same transaction and occurrence

alleged in the plaintiffs' complaint so as to form a part of the same case or controversy within the meaning of Article III of the United States Constitution.

3. Plaintiffs allege that Van Over is a "person" within the meaning of 42 U.S.C. section 9601(9).

4. Plaintiffs allege that Van Over is an "owner" and/or "operator" of the Elmira Site "at the time of disposal of a hazardous substance" there as those terms are used in 42 U.S.C. section 9607(a).

5. Plaintiffs allege that Van Over is the current owner of the Elmira Site and, during his ownership, failed to undertake required remedial actions, thereby contributing to the release and/or threatened release of hazardous substances at the Elmira Site.

6. To the extent that any party has incurred recoverable response costs, asserts liability for some or all of those costs against WCWP, or asserts a contribution claim against WCWP for such costs incurred by another party, WCWP is entitled to contribution from Van Over for the costs sought by Plaintiffs to the extent they are recoverable under 42 U.S.C. § 9613.

## **PRAYER FOR RELIEF**

WHEREFORE, WCWP prays for judgment and relief as follows:

1. Dismissal of Van Over's crossclaim against WCWP with prejudice;
2. In the event WCWP is found to have any liability, it is liable only for its several share and is entitled to seek contribution from other responsible parties;
3. An award of reasonable attorneys' fees and costs to WCWP;
4. The relief against Van Over as specified in the crossclaim above; and
5. Such other relief as the Court deems equitable and just.

DATED:  August 4, 2014

/s/ Lester O. Brown
**PERKINS COIE LLP**
Lester O. Brown
Attorneys for Defendant
West Coast Wood Preserving, LLC

## DEMAND FOR JURY TRIAL

Cross-respondent WCWP hereby demands a trial by jury in this action.

DATED:  August 4, 2014

/s/ Lester O. Brown
**PERKINS COIE LLP**
Lester O. Brown
Attorneys for Defendant
West Coast Wood Preserving, LLC

# CERTIFICATE OF SERVICE

Case Name: *California Department of Toxic Substances Control, et al. v. Jim Dobbas, Inc. et al*

Case No.:   **2:14-cv-00595-WBS-EFB**

I certify that on August 4, 2014, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**WEST COAST WOOD PRESERVING, LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO CROSSCLAIM OF DAVID VAN OVER AND WEST COAST WOOD PRESERVING, LLC'S CROSSCLAIM AGAINST DAVID VAN OVER**

Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

I am a partner of the law firm of Perkins Coie, LLP, a member of the California State Bar, and admitted in this district. I am 18 years of age or older and not a party to this matter. I am familiar with the business at Perkins Coie LLP for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at Perkins Coie LLP is deposited with the United States Postal Service with postage thereon fully prepaid that same day in the ordinary course of business.

I further certify that some of the participants in the case are not registered CM/ECF users. On August 4, 2014, I have caused to be mailed in Perkins Coie LLP's internal mail system, the foregoing document(s) by First-Class Mail, postage prepaid, to the following non-CM/ECF participants:

David Van Over
216 F Street, #108
Davis, CA  95616
david.vanover@gmail.com
(775) 830-3888

I declare under penalty of perjury that the foregoing is true and correct. Executed on August 4, 2014, at Los Angeles, California

| Lester O. Brown | /s/ Lester O. Brown |
|---|---|
| Declarant | Signature |

LEGAL122454796.2