1   KAMALA D. HARRIS, State Bar No. 146672
    Attorney General of California
2   SARAH E. MORRISON, State Bar No. 143459
    Supervising Deputy Attorney General
3   THOMAS G. HELLER (Counsel for service)
    State Bar No. 162561
4   DENNIS L. BECK, JR., State Bar No. 179492
    Deputy Attorneys General
5     300 South Spring Street, Suite 1702
      Los Angeles, CA 90013
6     Telephone:  (213) 897-2628
      Fax:  (213) 897-2802
7     E-mail:  Thomas.Heller@doj.ca.gov
    *Attorneys for Plaintiffs California*
8   *Department of Toxic Substances Control and Toxic*
    *Substances Control Account*

9                    IN THE UNITED STATES DISTRICT COURT

10                  FOR THE EASTERN DISTRICT OF CALIFORNIA

11

12

13

| | |
|---|---|
| 14  **CALIFORNIA DEPARTMENT OF TOXIC SUBSTANCES CONTROL and the TOXIC** | 2:14-cv-00595-WBS-EFB |
| 15  **SUBSTANCES CONTROL ACCOUNT,** | **REPLY IN SUPPORT OF PLAINTIFFS' MOTION TO DISMISS DEFENDANT** |
| 16                                  Plaintiffs, | **JIM DOBBAS, INC.'S COUNTERCLAIM, AND TO STRIKE** |
| 17                     v. | **PORTIONS OF ANSWERS OF DEFENDANTS JIM DOBBAS, INC.,** |
| 18  **JIM DOBBAS, INC., a California** | **DAVID VAN OVER, AND WEST COAST WOOD PRESERVING, LLC** |
| 19  **corporation; CONTINENTAL RAIL, INC., a Delaware corporation; DAVID VAN** | |
| 20  **OVER, individually; PACIFIC WOOD** Date:        September 8, 2014 |
| **PRESERVING, a dissolved California** Time:        2:00 p.m. |
| 21  **corporation; and WEST COAST WOOD** Place:       Courtroom 5, 14th Floor |
| **PRESERVING, LLC., a Nevada limited**              Robert T. Matsui United States |
| 22  **liability company,**                          Courthouse |
|                                                     501 I Street |
| 23                        Defendants. |              Sacramento, CA  95814 |
| 24 _____ | Judge:       Hon. William B. Shubb |
|                                 Trial Date:  January 4, 2017 |
| 25  And related counterclaim and cross-claims. | Action Filed:  March 3, 2014 |

26

27

28

# TABLE OF CONTENTS

**Page**

Introduction ................................................................................................................. 1

Argument ..................................................................................................................... 2

    I.    Nothing in Dobbas' opposition justifies denying the motion to dismiss. ............... 2

        A.    The counterclaim allegations do not state a plausible claim against DTSC as an "operator" under CERCLA. ..................................................... 2

        B.    Dobbas does not allege a plausible claim under CERCLA section 107(d). ...................................................................................................... 3

        C.    Dobbas fails to allege a cognizable response cost under CERCLA as required for its first cause of action. ........................................................ 4

        D.    Dobbas fails to state a claim under the HSAA. .......................................... 5

        E.    Dobbas' fifth claim for declaratory relief also fails to state a claim. .......... 5

    II.    Dobbas' partial opposition to the motion to strike is without merit. ..................... 5

        A.    The Court should strike Dobbas' jury demand. ......................................... 5

        B.    None of the challenged affirmative defenses of Dobbas is sufficient. ........ 6

Conclusion ................................................................................................................... 7

REPLY. IN SUPP. OF PLS.' MOT. TO DISMISS COUNTERCLAIM AND STRIKE PORTIONS OF ANSWERS
(2:14-cv-00595-WBS-EFB)

# TABLE OF AUTHORITIES

**Page**

CASES

*Ascon Properties v. Mobil Oil*
    866 F.2d 1149 (9th Cir. 1989)............................................................... 4

*Bell Atl. Corp. v. Twombly*
    550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) ....................... 2

*Fischer Imaging Corp. v. General Elec. Co.*
    187 F.3d 1165 (10th Cir. 1999)............................................................. 6

*Goe Eng'g Co., Inc. v. Physicians Formula Cosmetics, Inc.*
    No. CV 94-3576-WDK, 1997 WL 889278 (C.D. Cal. June 4, 1997)..................... 6

*Hatco Corp. v. W.R. Grace & Co. - Conn.*
    59 F.3d 400 (3d Cir. 1995) .................................................................. 6

*In re Paoli R.R. Yard PCB Litig.*
    790 F. Supp. 94, *aff'd without opinion*, 980 F.2d 724 (3d Cir. 1992)..................... 3

*Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*
    507 U.S. 163, 113 S. Ct. 1160, 122 L. Ed. 2d 517 (1993) ....................... 4

*Reese v. Malone*
    747 F.3d 557 (9th Cir. 2014)................................................................ 3

*Romeo v. General Chemical Corp.*
    922 F. Supp. 287 (N.D. Cal. 1994) ...................................................... 4

*Stilloe v. Almy Bros., Inc.*
    782 F. Supp. 731 (N.D.N.Y. 1992) ...................................................... 3

*Union Station Assocs., LLC v. Puget Sound Energy, Inc.*
    238 F. Supp. 2d 1226 (W.D. Wash. 2002)............................................. 5

*United States v. Bestfoods*
    524 U.S. 51 (1998)............................................................................. 2

*United States v. Dart Indus., Inc.*
    847 F.2d 144 (4th Cir. 1988)............................................................ 2, 3

*United States v. Iron Mountain Mines, Inc.*
    881 F. Supp. 1432 (E.D. Cal. 1995)...................................................... 3

*United States v. Western Processing Co., Inc.*
    761 F. Supp. 725 (W.D. Wash. 1991)................................................... 3

ii

# TABLE OF AUTHORITIES
### (continued)

Page

STATUTES

42 U.S.C. § 9607 ................................................................................................... 3, 4, 6, 7

42 U.S.C. § 9613 ......................................................................................................... 5, 6

COURT RULES

Fed. R. Civ. P. 12 ............................................................................................................ 5

# INTRODUCTION

Only defendant Jim Dobbas, Inc. (Dobbas) has opposed the motion to dismiss and to strike of plaintiffs California Department of Toxic Substances Control (DTSC) and the Toxic Substances Control Account (TSCA) (collectively "Plaintiffs").  Defendant West Coast Wood Preserving, LLC (WCWP) stipulated to the Court striking the challenged portions of its answer. (Stipulation and Order, Aug. 20, 2014, ECF No. 36.)  Defendant David van Over (Van Over) did not respond at all.  Even Dobbas has only opposed parts of the motion; it does not oppose Plaintiffs' motion to strike Dobbas' request for attorney's fees, or to strike fifteen of Dobbas' affirmative defenses.  (Dobbas Opp., Aug. 22, 2014, ECF No. 38, at 14:25-15:3.)

Dobbas does oppose Plaintiffs' motion to dismiss Dobbas' counterclaim, and to strike Dobbas' jury demand and ten additional affirmative defenses.  As stated in the motion to dismiss, the allegations in the counterclaim are insufficient to state a claim against Plaintiffs as an "operator" or other liable person under CERCLA[1] or the HSAA.[2]  Dobbas has also failed to allege that it incurred at least one type of response cost cognizable under CERCLA, as required for Dobbas' first claim for CERCLA cost recovery.  In addition, Dobbas' request for a jury trial on Plaintiffs' CERCLA and HSAA claims is inconsistent with the equitable nature of those claims.  Furthermore, all of the affirmative defenses of Dobbas that Plaintiffs move to strike are insufficient.  Therefore, the Court should grant Plaintiffs' motion in its entirety as to the answer and counterclaim of Dobbas, and also grant Plaintiffs' motion in its entirety as to the answer of Van Over.

---

[1] Comprehensive Environmental Response, Compensation, and Liability Act of 1980 (CERCLA), 42 U.S.C. § 9601 et seq.
[2] California's Carpenter-Presley-Tanner Hazardous Substance Account Act (HSAA), Cal. Health & Safety Code § 25300 et seq.

1

**ARGUMENT**

**I.    NOTHING IN DOBBAS' OPPOSITION JUSTIFIES DENYING THE MOTION TO DISMISS.**

   **A.    The counterclaim allegations do not state a plausible claim against DTSC as an "operator" under CERCLA.**

   Dobbas asserts that it has stated a claim against DTSC as an "operator" under CERCLA. (Dobbas Opp. at 8-11.)  But merely using that word in its counterclaim is not enough to state a claim against DTSC as a CERCLA "operator" that is "plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).  Where a CERCLA claim against a government agency is based on agency regulatory or response action, a pleading must allege "'hands-on' [agency] activities . . . that contributed to the release of hazardous wastes."  *United States v. Dart Indus., Inc.*, 847 F.2d 144, 146 (4th Cir. 1988).  The counterclaim alleges no such facts, and is thus insufficient to state a claim against DTSC as an "operator." (Mot. to Dismiss and to Strike, July 7, 2014, ECF No. 27, at 5-9.)

   Dobbas asserts that the factual allegations in its counterclaim make it plausible that the "operations ordered and performed by DTSC caused or contributed to the release of contamination at the Site," or that DTSC had authority to control the cause of the contamination when it occurred.  (Dobbas Opp. at 9.)  But nothing in the counterclaim suggests this is plausible. Instead, Dobbas merely alleges that DTSC:  (1) approved a remedial action plan for the Site in about 1983; (2) took unspecified additional response actions afterwards; (3) issued a "Certification of Remedial Action" for the Site in 1996; (4) "continued to be actively involved in the Site and surrounding property" after that; and (5) committed unspecified "negligen[ce], gross[] negligen[ce], and/or . . . intentional misconduct" in selecting and implementing response actions concerning the Site.  (Dobbas Counterclaim at 2:6-21, ¶¶ 7-11, June 24, 2014, ECF No. 25.) These allegations do not state a plausible claim that DTSC "caused or contributed to the release of contamination," or had authority to control the cause of the contamination when it occurred. (Dobbas Opp. at 9.)

   Dobbas asserts that these allegations are sufficient to survive a motion to dismiss under *United States v. Bestfoods*, 524 U.S. 51 (1998).  (Dobbas Opp. at 9-10.)  But *Bestfoods* did not

2

1  involve allegations that a government agency that had taken response actions was an "operator,"

2  and multiple cases hold that allegations such as those in the counterclaim are insufficient to state

3  a claim that DTSC is an "operator" under CERCLA.  (Mot. at 6-7; *see In re Paoli R.R. Yard PCB*

4  *Litig.*, 790 F. Supp. 94, 96-97, *aff'd without opinion*, 980 F.2d 724 (3d Cir. 1992); *Dart Indus.*,

5  847 F.2d at 146; *United States v. Iron Mountain Mines, Inc.*, 881 F. Supp. 1432, 1450 (E.D. Cal.

6  1995); *Stilloe v. Almy Bros., Inc.*, 782 F. Supp. 731, 736 (N.D.N.Y. 1992); *United States v.*

7  *Western Processing Co., Inc.*, 761 F. Supp. 725, 731 (W.D. Wash. 1991).)  Dobbas' argument

8  that two of those cases – *Dart Indus.* and *Iron Mountain Mines* – are "factually distinguishable"

9  does not undermine the reasoning and holdings of all of them.  Dobbas' counterclaim does not

10  allege facts sufficient to state a claim that DTSC is liable as an CERCLA "operator."

11    **B.**  **Dobbas does not allege a plausible claim under CERCLA Section 107(d).**

12    Dobbas also asserts that it has stated a plausible claim under CERCLA section 107(d) (42

13  U.S.C. § 9607(d)), and that "DTSC does not address these grounds for Dobbas's counterclaims."

14  (Dobbas Opp. at 11.)  But DTSC does address why Dobbas' allegations of negligence, gross

15  negligence, or intentional misconduct do not state a claim under CERCLA section 107(d).  (Mot.

16  at 8.)  This provision does not excuse Dobbas from alleging facts sufficient to state a claim that

17  DTSC is a CERCLA "operator" or other liable person, which Dobbas has not done.  (*See* Mot. at

18  5-9.)  Moreover, Dobbas' allegations of negligence or other wrongdoing are conclusory and

19  therefore insufficient.  (Mot. at 8).

20    In its opposition, Dobbas lists ten pleading allegations and asserts that those allegations are

21  sufficient to state a plausible claim of negligence or other wrongdoing.  (Dobbas Opp. at 11-12.)

22  But Dobbas cites to the complaint for most of them, and to the counterclaim for only four:  (1)

23  DTSC approved a 1983 Remedial Action Plan; (2) DTSC certified in 1996 that the

24  removal/remediation actions had been completed; (3) wood preserving and treatment operations

25  at the Site ceased prior to the certification; and (4) soil and groundwater analysis after 2007

26  indicated unacceptable levels of contamination.   (Dobbas Opp. at 11-12 (Dobbas Facts No. 1, 2,

27  3, 9).)  On this motion to dismiss the counterclaim, the Court should consider that pleading's

28  allegations, documents incorporated by reference, and matters of judicial notice.  *Reese v. Malone*,

1   747 F.3d 557, 568-569 (9th Cir. 2014).  These four allegations in the counterclaim are insufficient

2   to state claims that DTSC was negligent, grossly negligent, or committed intentional misconduct.

3        Furthermore, the other alleged facts from Plaintiffs' complaint upon which Dobbas relies

4   do not plausibly suggest that DTSC committed negligence or other wrongdoing.  At most, those

5   allegations indicate that DTSC has taken response actions at the Site since 2005 (Dobbas Fact No.

6   4), the Site's groundwater extraction and treatment system eventually stopped working effectively

7   and was demolished (Dobbas Facts No. 5-7), the asphalt cap on the Site cracked (Dobbas Fact No.

8   8), and hazardous substances have been released at the Site at various times since 1972 (Dobbas

9   Fact No. 10).  (Dobbas Opp. at 11-12.)  Dobbas implies in its opposition that DTSC allowed the

10  groundwater extraction and treatment system to operate too long (Dobbas Opp. at 12), but the

11  counterclaim includes no such allegation or explanation of how this allegedly affected the Site.

12  The conclusory allegations in the counterclaim of negligence, gross negligence, or intentional

13  misconduct are insufficient to state a claim under CERCLA section 107(d).

14       **C.    Dobbas fails to allege a cognizable response cost under CERCLA as
             required for its first cause of action.**

15       Dobbas asserts that the requirement established in *Ascon Properties v. Mobil Oil*, 866 F.2d

16  1149, 1154 (9th Cir. 1989) of pleading at least one type of cost cognizable under CERCLA in a

17  cost recovery claim was "abrogated" in *Leatherman v. Tarrant County Narcotics Intelligence and*

18  *Coordination Unit*, 507 U.S. 163, 113 S. Ct. 1160, 122 L. Ed. 2d 517 (1993).  (Dobbas Opp. at

19  13.)  But *Leatherman* is not a CERCLA case, and requiring Dobbas to allege just one type of

20  response cost cognizable under CERCLA is not a "heightened pleading standard" as described in

21  that case.  *Leatherman*, 507 U.S. at 167.  Furthermore, this minimal pleading requirement from

22  *Ascon Properties* has been applied in other cases decided after *Leatherman*.  *E.g., Romeo v.*

23  *General Chemical Corp.*, 922 F. Supp. 287, 289-92 (N.D. Cal. 1994).  Contrary to Dobbas'

24  assertion, the Ninth Circuit decision in *Ascon Properties* is not "inapplicable."  (Dobbas Opp. at

25  13.)

26

27

28

4

**D.      Dobbas fails to state a claim under the HSAA.**

Dobbas asserts that its HSAA claim should survive because Plaintiffs' arguments that Dobbas has failed to state a claim under CERCLA "do not prevail." (Dobbas Opp. at 13.) But Plaintiffs' CERCLA arguments are correct, and liable persons under the HSAA are the same as liable persons under CERCLA. (Mot. at 3, 10.) Since Dobbas has not alleged facts sufficient to state a claim against DTSC as a CERCLA operator or other liable person, Dobbas has also failed to state a claim under the HSAA.

**E.      Dobbas' fifth claim for declaratory relief also fails to state a claim.**

Dobbas also asserts that its fifth claim for relief under the Declaratory Judgment Act is a proper counterpart to Dobbas' claim for contribution under CERCLA section 113(f) (42 U.S.C. § 9613(f)). But all of Dobbas' CERCLA claims, including its claim under CERCLA section 113(f), should be dismissed under Federal Rule of Civil Procedure 12(b)(6) (Mot. at 5-9), and the declaratory relief claim cannot stand "in the absence of a substantive cause of action." *Union Station Assocs., LLC v. Puget Sound Energy, Inc.*, 238 F. Supp. 2d 1226, 1230 (W.D. Wash. 2002) (citation omitted); *see* Mot. at 10-11. Therefore, the Court should also dismiss this Declaratory Judgment Act claim.

**II.      DOBBAS' PARTIAL OPPOSITION TO THE MOTION TO STRIKE IS WITHOUT MERIT.**

Dobbas does not oppose Plaintiffs' motion to strike Dobbas' request for attorney's fees, or to strike fifteen of Dobbas' affirmative defenses. (Dobbas Opp. at 14:25-15.) The arguments that Dobbas makes in opposition to the rest of Plaintiffs' motion to strike are without merit.

**A.      The Court should strike Dobbas' jury demand.**

Dobbas asserts that its jury demand should be preserved "[d]ue to the combination of legal and equitable issues common to the Complaint, Answer, and Counterclaim . . . ." (Dobbas Opp. at 16.) But Dobbas does not identify what the "legal . . . issues" are that allegedly trigger the right to a jury trial. The complaint alleges claims under CERCLA and the HSAA, and the answer responds to those claims. (*See* Mot. at 2-3.) The counterclaim also asserts claims under CERCLA and the HSAA, and a derivative claim under the Declaratory Judgment Act. (*See* Mot. at 3-4.) Claims under CERCLA and the HSAA are equitable, not legal, and there is no right to a

5

1  jury trial on such claims.  (Mot. at 12 (citing cases).)  *See also Hatco Corp. v. W.R. Grace & Co. -*

2  *Conn.*, 59 F.3d 400, 411-14 (3d Cir. 1995) (no right to jury trial under CERCLA); *Goe Eng'g Co.,*

3  *Inc. v. Physicians Formula Cosmetics, Inc.*, No. CV 94-3576-WDK, 1997 WL 889278, *6 n.4

4  (C.D. Cal. June 4, 1997) ("Because the [HSAA] provides equitable remedies which parallel those

5  provided by CERCLA, the Court concludes that there is no right to a jury trial over claims

6  brought under the [HSAA].").  Furthermore, the Declaratory Judgment Act "does not create a

7  right to a jury trial, but merely preserves the right where one already exists." *Fischer Imaging*

8  *Corp. v. General Elec. Co.*, 187 F.3d 1165, 1168 (10th Cir. 1999) (citation omitted).  The right to

9  a jury trial does not already exist under CERCLA or the HSAA.

10  Dobbas acknowledges that there is no right to a jury trial on a cost recovery claim under

11  CERCLA section 107 (42 U.S.C. § 9607), but asserts that "Courts are split" about the right to a

12  jury trial on a contribution claim under CERCLA section 113 (42 U.S.C. § 9613).  (Dobbas Opp.

13  at 16.)  Dobbas' counterclaim includes a CERCLA contribution claim; Plaintiffs' complaint does

14  not.  But in *Hatco*, the Third Circuit Court of Appeals addressed this district court split and held

15  that there was no right to a jury trial on a CERCLA contribution or cost recovery claim.  59 F.3d

16  at 412-14.  The analysis in *Hatco* is persuasive, and the Court should strike Dobbas' demand for a

17  jury trial on the complaint and the counterclaim.

**B.  None of the challenged affirmative defenses of Dobbas is sufficient.**

19  Finally, Dobbas asserts that the nine "remaining affirmative defenses" that Plaintiffs move

20  to strike "each fall squarely within the bounds of the [CERCLA] section 107(b)(3) defenses."

21  (Dobbas Opp. at 17.)  As described in Plaintiffs' motion, the elements of a CERCLA section

22  107(b)(3) defense are that:  (1) another party was the sole cause of the release of hazardous

23  substances and the damages caused thereby; (2) the other, responsible party did not cause the

24  release in connection with a contractual, employment, or agency relationship with the defendant;

25  and (3) the defendant exercised due care and guarded against the foreseeable acts or omissions of

26  the responsible party.  42 U.S.C. § 9607(b)(3).  None of the "remaining affirmative defenses"

27  alleges each of the elements of a CERCLA section 107(b)(3) defense.  Instead, the "remaining

28  affirmative defenses" allege traditional tort concepts of comparative or contributory fault,

6

causation, and failure to mitigate damages.  The many cases cited in Plaintiffs' motion hold that these traditional defenses are unavailable under CERCLA and the HSAA.  (Mot. at 17-20.) Furthermore, Dobbas has alleged a CERCLA section 107(b)(3) defense elsewhere in its answer, and Plaintiffs have not moved to strike it.  (Dobbas Answer, June 10, 2014, ECF No. 23, at 10:24-11:6, ¶ 5 (Fifth Affirmative Defense – "Acts or Omissions of Others.")  Therefore, even if the "remaining affirmative defenses" relate to CERCLA section 107(b)(3), they are duplicative and should be stricken.

**CONCLUSION**

Based on the above, the Court grant Plaintiffs' motion in its entirety as to the answer and counterclaim of Dobbas, and in its entirety as to the answer of Van Over (who failed to respond).


Dated:  August 29, 2014                          Respectfully Submitted,

                                                 KAMALA D. HARRIS
                                                 Attorney General of California
                                                 SARAH E. MORRISON
                                                 Supervising Deputy Attorney General


                                                 */s/ Thomas G. Heller*


                                                 THOMAS G. HELLER
                                                 DENNIS L. BECK, JR.
                                                 Deputy Attorneys General
                                                 Attorneys for Plaintiffs California
                                                 Department of Toxic Substances Control
                                                 and Toxic Substances Control Account

7
