1    JENNIFER HARTMAN KING (Bar No. 211313)
     NICOLE R. GLEASON (Bar No. 199655)
2    LOUINDA V. LACEY (Bar No. 275888)
     KING WILLIAMS & GLEASON LLP
3    520 Capitol Mall, Suite 750
     Sacramento, CA  95814
4    Telephone:     (916) 379-7530
     Facsimile:      (916) 379-7535
5    jhartmanking@kwgattorneys.com
     ngleason@kwgattorneys.com
6    sgatlin@kwgattorneys.com

7    Attorneys for Defendant Jim Dobbas, Inc.

8

9                    IN THE UNITED STATES DISTRICT COURT

10               FOR THE EASTERN DISTRICT OF CALIFORNIA

11                           SACRAMENTO DIVISION

12

13   CALIFORNIA DEPARTMENT OF TOXIC          Case No.:  2:14-cv-00595-WBS-EFB
     SUBSTANCES CONTROL and the TOXIC
14   SUBSTANCES CONTROL ACCOUNT,             **AMENDED ANSWER OF JIM
                                             DOBBAS, INC. TO COMPLAINT BY
15             Plaintiffs,                    CALIFORNIA DEPARTMENT OF
                                             TOXIC SUBSTANCES CONTROL and
16             v.                            the TOXIC SUBSTANCES CONTROL
                                             ACCOUNT & DEMAND FOR JURY
17   JIM DOBBAS, INC., a California          TRIAL**
     corporation; CONTINENTAL RAIL, INC., a
18   Delaware corporation; DAVID VAN OVER,   **DEMAND FOR JURY TRIAL**
     individually; PACIFIC WOOD
19   PRESERVING, a dissolved California      Action filed:  March 3, 2014
     corporation; and WEST COAST WOOD
20   PRESERVING, LLC,  a Nevada limited
     liability company,
21
               Defendants,
22

23   AND RELATED CROSSCLAIMS AND
     COUNTERCLAIMS.
24

25

26

27

28
     00012973.1

Defendant Jim Dobbas, Inc. ("DOBBAS"), by and through its attorneys of record, hereby files its amended answer to Plaintiffs California Department of Toxic Substances Control and the Toxic Substances Control Account ("PLAINTIFFS") Complaint for Recovery of Response Costs; Declaratory Relief; Injunctive Relief; Treble Damages; And Civil Penalties, filed on March 3, 2014, ("Complaint") as follows:

## GENERAL DENIAL

Except as expressly admitted herein, DOBBAS denies each and every allegation in PLAINTIFFS' Complaint.  DOBBAS hereby demands trial by jury in this action.

## I.    JURISDICTION

1.    Paragraph 1 of PLAINTIFFS' Complaint consists entirely of legal conclusions, to which no response is required.  To the extent a response is required, DOBBAS denies that this Court has jurisdiction over the claims pursuant to 28 U.S.C. sections 1331 and 1367, and section 113(b) of the Comprehensive Environmental Response, Compensation and Liability Act ("CERCLA") 42 U.S.C. section 9613(b).

## II.    VENUE

2.    Paragraph 2 of PLAINTIFFS' Complaint consists entirely of legal conclusions, to which no response is required.  To the extent a response is required, DOBBAS lacks sufficient knowledge or information to form a belief regarding the allegations contained therein and on that basis denies, generally and specifically, each and every allegation.

## III.    INTRA-DISTRICT ASSIGNMENT

3.    Paragraph 3 of PLAINTIFFS' Complaint consists entirely of legal conclusions, to which no response is required.  To the extent a response is required, DOBBAS lacks sufficient knowledge or information to form a belief regarding the allegations contained within Paragraph 3 of PLAINTIFFS' Complaint and on that basis denies, generally and specifically, each and every allegation.

## IV.    STATEMENT OF THE ACTION

4.    In answer to Paragraph 4 of PLAINTIFFS' Complaint, DOBBAS admits that the real property at issue has a street address of 147 A Street, Elmira, California 95625 ("Site").

00012973.1                                                1

1   Except as expressly admitted herein, DOBBAS lacks sufficient knowledge or information to form
2   a belief regarding the allegations contained in paragraph 4 of PLAINTIFFS' Complaint and on
3   that basis denies, generally and specifically, each and every such allegation.

4          5.      Paragraph 5 of PLAINTIFFS' Complaint consists entirely of legal conclusions, to
5   which no response is required.  To the extent a response is required, DOBBAS lacks sufficient
6   knowledge or information to form a belief regarding the allegations contained within Paragraph 5
7   of PLAINTIFFS' Complaint and on that basis denies, generally and specifically, each and every
8   allegation.

9          6.      Paragraph 6 of PLAINTIFFS' Complaint consists entirely of legal conclusions, to
10  which no response is required.  To the extent a response is required, DOBBAS lacks sufficient
11  knowledge or information to form a belief regarding the allegations contained within Paragraph 6
12  of PLAINTIFFS' Complaint and on that basis denies, generally and specifically, each and every
13  allegation.

14                              **V.      PLAINTIFFS**

15         7.      Paragraph 7 of PLAINTIFFS' Complaint consists entirely of legal conclusions, to
16  which no response is required.  To the extent a response is required, DOBBAS lacks sufficient
17  knowledge or information to form a belief regarding the allegations contained within Paragraph 7
18  of PLAINTIFFS' Complaint and on that basis denies, generally and specifically, each and every
19  allegation.

20         8.      Paragraph 8 of PLAINTIFFS' Complaint consists entirely of legal conclusions, to
21  which no response is required.  To the extent a response is required, DOBBAS lacks sufficient
22  knowledge or information to form a belief regarding the allegations contained within Paragraph 8
23  of PLAINTIFFS' Complaint and on that basis denies, generally and specifically, each and every
24  allegation.

25                              **VI.     DEFENDANTS**

26         9.      In answer to Paragraph 9 of PLAINTIFFS' Complaint, DOBBAS admits that Jim
27  Dobbas, Inc. is a California corporation, with its principal place of business in Placer County,
28  California.  DOBBAS further admits that it owned an interest in the Site from in or about March

1  1997, to in or about 2011.  Except as expressly admitted herein, Dobbas lacks sufficient

2  knowledge or information to form a belief regarding the allegations contained within Paragraph 9

3  of PLAINTIFFS' Complaint and on that basis denies, generally and specifically, each and every

4  allegation.

5       10.     In answer to Paragraph 10 of PLAINTIFFS' Complaint, DOBBAS lacks sufficient

6  knowledge or information to form a belief regarding the allegations contained within Paragraph

7  10 of PLAINTIFFS' Complaint and on that basis denies, generally and specifically, each and

8  every allegation.

9       11.     In answer to Paragraph 11 of PLAINTIFFS' Complaint, DOBBAS lacks sufficient

10  knowledge or information to form a belief regarding the allegations contained within Paragraph

11  11 of PLAINTIFFS' Complaint and on that basis denies, generally and specifically, each and

12  every allegation.

13      12.     In answer to Paragraph 12 of PLAINTIFFS' Complaint, DOBBAS lacks sufficient

14  knowledge or information to form a belief regarding the allegations contained within Paragraph

15  12 of PLAINTIFFS' Complaint and on that basis denies, generally and specifically, each and

16  every allegation.

17      13.     In answer to Paragraph 13 of PLAINTIFFS' Complaint, DOBBAS lacks sufficient

18  knowledge or information to form a belief regarding the allegations contained within Paragraph

19  13 of PLAINTIFFS' Complaint and on that basis denies, generally and specifically, each and

20  every allegation.

21                          **VII.    GENERAL ALLEGATIONS**

22      14.     In answer to Paragraph 14 of PLAINTIFFS' Complaint, DOBBAS lacks sufficient

23  knowledge or information to form a belief regarding the allegations contained within Paragraph

24  14 of PLAINTIFFS' Complaint and on that basis denies, generally and specifically, each and

25  every allegation.

26      15.     In answer to Paragraph 15 of PLAINTIFFS' Complaint, DOBBAS lacks sufficient

27  knowledge or information to form a belief regarding the allegations contained within Paragraph

28  / / /

AMENDED ANSWER OF JIM DOBBAS, INC. TO DTSC'S COMPLAINT
2:14-cv-00595-WBS-EFB

1   15 of PLAINTIFFS' Complaint and on that basis denies, generally and specifically, each and
2   every allegation.

3         16.      In answer to Paragraph 16 of PLAINTIFFS' Complaint, DOBBAS lacks sufficient
4   knowledge or information to form a belief regarding the allegations contained within Paragraph
5   16 of PLAINTIFFS' Complaint and on that basis denies, generally and specifically, each and
6   every allegation.

7         17.      In answer to Paragraph 17 of PLAINTIFFS' Complaint, DOBBAS lacks sufficient
8   knowledge or information to form a belief regarding the allegations contained within Paragraph
9   17 of PLAINTIFFS' Complaint and on that basis denies, generally and specifically, each and
10  every allegation.

11        18.      In answer to Paragraph 18 of PLAINTIFFS' Complaint, DOBBAS lacks sufficient
12  knowledge or information to form a belief regarding the allegations contained within Paragraph
13  18 of PLAINTIFFS' Complaint and on that basis denies, generally and specifically, each and
14  every allegation.

15        19.      In answer to Paragraph 19 of PLAINTIFFS' Complaint, DOBBAS admits that in
16  or about 1997, Collins & Aikman Products LLC ("C&A Products") sold an interest in the Site to
17  Defendant DOBBAS.  Except as expressly admitted herein, DOBBAS lacks sufficient knowledge
18  or information to form a belief regarding the allegations contained within Paragraph 19 of
19  PLAINTIFFS' Complaint and on that basis denies each and every allegation.

20        20.      In answer to Paragraph 20 of PLAINTIFFS' Complaint, DOBBAS lacks sufficient
21  knowledge or information to form a belief regarding the allegations contained within Paragraph
22  20 of PLAINTIFFS' Complaint and on that basis denies, generally and specifically, each and
23  every allegation.

24        21.      In answer to Paragraph 21 of PLAINTIFFS' Complaint, DOBBAS lacks sufficient
25  knowledge or information to form a belief regarding the allegations contained within Paragraph
26  21 of PLAINTIFFS' Complaint and on that basis denies, generally and specifically, each and
27  every allegation.

28  / / /

00012973.1                                    -4-

22.     In answer to Paragraph 22 of PLAINTIFFS' Complaint, DOBBAS lacks sufficient knowledge or information to form a belief regarding the allegations contained within Paragraph 22 of PLAINTIFFS' Complaint and on that basis denies, generally and specifically, each and every allegation.

23.     In answer to Paragraph 23 of PLAINTIFFS' Complaint, DOBBAS denies the allegation that in December 2007, Defendant DOBBAS agreed to perform certain actions at the Site.   DOBBAS lacks sufficient knowledge or information to form a belief regarding the remaining allegations contained within Paragraph 23 of PLAINTIFFS' Complaint and on that basis denies, generally and specifically, each and every allegation.

24.     In answer to Paragraph 24 of PLAINTIFFS' Complaint, DOBBAS lacks sufficient knowledge or information to form a belief regarding the allegations contained within Paragraph 24 of PLAINTIFFS' Complaint and on that basis denies, generally and specifically, each and every allegation.

25.     In answer to Paragraph 25 of PLAINTIFFS' Complaint, DOBBAS lacks sufficient knowledge or information to form a belief regarding the allegations contained within Paragraph 25 of PLAINTIFFS' Complaint and on that basis denies, generally and specifically, each and every allegation.

26.     In answer to Paragraph 26 of PLAINTIFFS' Complaint, DOBBAS admits that on or about February 11, 2011, DOBBAS and Continental Rail, Inc. ("CRI") sold the Site to David Van Over ("Van Over") for $2.00.

27.     In answer to Paragraph 27 of PLAINTIFFS' Complaint, DOBBAS admits the allegation that on or about March 16, 2011, the Department of Toxic Substances Control ("DTSC") issued an Imminent or Substantial Endangerment Determination and Remedial Action Order to Defendants DOBBAS, CRI, and Van Over.   DOBBAS lacks sufficient knowledge or information to form a belief regarding the remaining allegations contained within Paragraph 27 of PLAINTIFFS' Complaint and on that basis denies, generally and specifically, each and every allegation.

/ / /

28.     In answer to Paragraph 28 of PLAINTIFFS' Complaint, DOBBAS lacks sufficient knowledge or information to form a belief regarding the allegations contained within Paragraph 28 of PLAINTIFFS' Complaint and on that basis denies, generally and specifically, each and every allegation.

29.     In answer to Paragraph 29 of PLAINTIFFS' Complaint, DOBBAS lacks sufficient knowledge or information to form a belief regarding the allegations contained within Paragraph 29 of PLAINTIFFS' Complaint and on that basis denies, generally and specifically, each and every allegation.

30.     In answer to Paragraph 30 of PLAINTIFFS' Complaint, DOBBAS lacks sufficient knowledge or information to form a belief regarding the allegations contained within Paragraph 30 of PLAINTIFFS' Complaint and on that basis denies, generally and specifically, each and every allegation.

31.     In answer to Paragraph 31 of PLAINTIFFS' Complaint, DOBBAS lacks sufficient knowledge or information to form a belief regarding the allegations contained within Paragraph 31 of PLAINTIFFS' Complaint and on that basis denies, generally and specifically, each and every allegation.

32.     In answer to Paragraph 32 of PLAINTIFFS' Complaint, DOBBAS lacks sufficient knowledge or information to form a belief regarding the allegations contained within Paragraph 32 of PLAINTIFFS' Complaint and on that basis denies, generally and specifically, each and every allegation.

## VIII.   FIRST CLAIM FOR RELIEF

### (Claim for Recovery of Response Costs Pursuant to
### Section 107(a) of CERCLA, 42 U.S.C. § 9607(a))

33.     In answer to Paragraph 33 of PLAINTIFFS' Complaint, DOBBAS realleges and incorporates by reference its answers to paragraphs 1 through 32, inclusive.

34.     Paragraph 34 of PLAINTIFFS' Complaint consists entirely of legal conclusions, to which no response is required.  To the extent a response is required, DOBBAS lacks sufficient knowledge or information to form a belief regarding the allegations contained within Paragraph

1   34 of PLAINTIFFS' Complaint and on that basis denies, generally and specifically, each and

2   every allegation.

3       35.   Paragraph 35 of PLAINTIFFS' Complaint consists entirely of legal conclusions, to

4   which no response is required.  To the extent a response is required, DOBBAS lacks sufficient

5   knowledge or information to form a belief regarding the allegations contained within Paragraph

6   35 of PLAINTIFFS' Complaint and on that basis denies, generally and specifically, each and

7   every allegation.

8       36.   Paragraph 36 of PLAINTIFFS' Complaint consists entirely of legal conclusions, to

9   which no response is required.  To the extent a response is required, DOBBAS lacks sufficient

10  knowledge or information to form a belief regarding the allegations contained within Paragraph

11  36 of PLAINTIFFS' Complaint and on that basis denies, generally and specifically, each and

12  every allegation.

13      37.   Paragraph 37 of PLAINTIFFS' Complaint consists entirely of legal conclusions, to

14  which no response is required.  To the extent a response is required, DOBBAS denies each and

15  every allegation contained in Paragraph 37 that characterizes section 107(a) of CERCLA, 42

16  U.S.C. section 9607(a), on the grounds that the statute speaks for itself.  DOBBAS denies that it

17  is an "owner" and/or "operator" of the Site, or was an "owner" and/or "operator" of the Site "at

18  the time of disposal of a[] hazardous substance" there, as those terms are used in section 107(a) of

19  CERCLA, 42 U.S.C. section 9607(a).  DOBBAS denies each and every allegation contained in

20  Paragraph 37.

21      38.   Paragraph 38 of PLAINTIFFS' Complaint consists entirely of legal conclusions, to

22  which no response is required.  To the extent a response is required, DOBBAS lacks sufficient

23  knowledge or information to form a belief regarding the allegations contained within Paragraph

24  38 of PLAINTIFFS' Complaint and on that basis denies, generally and specifically, each and

25  every allegation.

26      39.   Paragraph 39 of PLAINTIFFS' Complaint consists entirely of legal conclusions, to

27  which no response is required.  To the extent a response is required, DOBBAS lacks sufficient

28  knowledge or information to form a belief regarding the allegations contained within Paragraph

39 of PLAINTIFFS' Complaint and on that basis denies, generally and specifically, each and every allegation.

## IX.    SECOND CLAIM FOR RELIEF

### (Declaratory Relief Pursuant to Section 113(g)(2) of CERCLA, 42 U.S.C. § 9613(g)(2))

40.    In answer to Paragraph 40 of PLAINTIFFS' Complaint, DOBBAS realleges and incorporates by reference its answers to paragraphs 1 through 39, inclusive.

41.    Paragraph 41 of PLAINTIFFS' Complaint consists entirely of legal conclusions, to which no response is required.  To the extent a response is required, DOBBAS lacks sufficient knowledge or information to form a belief regarding the allegations contained within Paragraph 41 of PLAINTIFFS' Complaint and on that basis denies, generally and specifically, each and every allegation.

## X.    THIRD CLAIM FOR RELIEF

### (Failure and Refusal to Comply with Imminent or Substantial Determination Order and Remedial Action Order – California Health and Safety Code Sections 325355.5, 25358.3, 25359, 25359.2, 25367)

42.    In answer to Paragraph 42 of PLAINTIFFS' Complaint, DOBBAS realleges and incorporates by reference its answers to paragraphs 1 through 41, inclusive.

43.    Paragraph 43 of PLAINTIFFS' Complaint consists entirely of legal conclusions, to which no response is required.  To the extent a response is required, DOBBAS lacks sufficient knowledge or information to form a belief regarding the allegations contained within Paragraph 43 of PLAINTIFFS' Complaint and on that basis denies, generally and specifically, each and every allegation.

44.    Paragraph 44 of PLAINTIFFS' Complaint consists entirely of legal conclusions, to which no response is required.  To the extent a response is required, DOBBAS denies each and every allegation contained in Paragraph 44 that characterizes California Health and Safety Code section 25358.3(f) on the grounds that the statute speaks for itself.  DOBBAS denies each and every allegation contained in Paragraph 44.

45.    Paragraph 45 of PLAINTIFFS' Complaint consists entirely of legal conclusions, to which no response is required.  To the extent a response is required, DOBBAS denies each and

1  every allegation contained in Paragraph 45 that characterizes California Health and Safety Code

2  section 25359(a) on the grounds that the statute speaks for itself.  DOBBAS denies each and

3  every allegation contained in Paragraph 45.

4        46.    Paragraph 46 of PLAINTIFFS' Complaint consists entirely of legal conclusions, to

5  which no response is required.  To the extent a response is required, DOBBAS denies each and

6  every allegation contained in Paragraph 46 that characterizes California Health and Safety Code

7  section 25359.2 on the grounds that the statute speaks for itself.  DOBBAS denies each and every

8  allegation contained in Paragraph 46.

9        47.    Paragraph 47 of PLAINTIFFS' Complaint consists entirely of legal conclusions, to

10  which no response is required.  To the extent a response is required, DOBBAS denies each and

11  every allegation contained in Paragraph 46 that characterizes California Health and Safety Code

12  section 25367(c) on the grounds that the statute speaks for itself.  DOBBAS denies each and

13  every allegation contained in Paragraph 47.

14        48.    In answer to Paragraph 48 of PLAINTIFFS' Complaint, DOBBAS denies that it

15  failed and refused, without sufficient cause, to comply with the Imminent or Substantial

16  Endangerment Determination Order and Remedial Action Order.  In addition to the allegation

17  expressly denied herein, DOBBAS lacks sufficient knowledge or information to form a belief

18  regarding the allegations contained within Paragraph 48 of PLAINTIFFS' Complaint and on that

19  basis denies, generally and specifically, each and every allegation.

20        49.    In answer to Paragraph 49 of PLAINTIFFS' Complaint, DOBBAS lacks sufficient

21  knowledge or information to form a belief regarding the allegations contained within Paragraph

22  49 of PLAINTIFFS' Complaint and on that basis denies, generally and specifically, each and

23  every allegation.

24        50.    In answer to Paragraph 50 of PLAINTIFFS' Complaint, DOBBAS lacks sufficient

25  knowledge or information to form a belief regarding the allegations contained within Paragraph

26  50 of PLAINTIFFS' Complaint and on that basis denies, generally and specifically, each and

27  every allegation.

28  / / /

# XI.   AFFIRMATIVE DEFENSES

DOBBAS alleges the following affirmative defenses to PLAINTIFFS' Complaint:

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

1.      The Complaint fails to state any claim against DOBBAS upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

### (Not a Responsible Party)

2.      DOBBAS is not a "covered person," "responsible party," "potentially responsible party," or "liable person" within the meaning of CERCLA section 107(a), 42 U.S.C. section 9607(a) or California Health and Safety Code section 25323.5(a).

## THIRD AFFIRMATIVE DEFENSE

### (Act of God)

3.      Any release or threatened release of a hazardous substance, any damages allegedly resulting therefrom, and any response costs or expenditures allegedly incurred as a result thereof, were caused in whole or in part by an act or acts of God.

## FOURTH AFFIRMATIVE DEFENSE

### (Acts of Omissions of Others)

4.      Any release or threatened release of a hazardous substance, any damages allegedly resulting therefrom, and any response costs or expenditures allegedly incurred as a result thereof, were caused in whole or in part by acts or omissions of other defendants in this action or of third parties, other than an employee or agent of, or one whose act or omission occurred in connection with a contractual relationship with, DOBBAS.  DOBBAS exercised due care with respect to any hazardous substance, taking into consideration the characteristics of such hazardous substance, in light of all relevant facts and circumstances, and took precautions against foreseeable acts or omissions of such third parties and the consequences that could foreseeably result from such acts or omissions.

///

00012973.1

-10-

1

**FIFTH AFFIRMATIVE DEFENSE**

2

**(Unrecoverable Costs)**

3    5.    Some or all of the costs alleged in the Complaint do not constitute response costs

4  within the meaning of CERCLA section 101(25), 42 U.S.C. section 9601(25), do not constitute

5  removal or remedial costs within the meaning of CERCLA sections 101(23) and 101(24), 42

6  U.S.C. sections 9601(23) and 9601(24), and are unreasonable, unnecessary, and inconsistent with

7  the National Contingency Plan.  Such costs, therefore, are unrecoverable.

8

**SIXTH AFFIRMATIVE DEFENSE**

9

**(Future Costs Not Recoverable)**

10    6.    PLAINTIFFS cannot recover future costs, if any, under CERCLA section 107(a)(4),

11  42 U.S.C. section 9607(a)(4).

12

**SEVENTH AFFIRMATIVE DEFENSE**

13

**(Innocent Party)**

14    7.    DOBBAS is an innocent party pursuant to CERCLA section 101(35)(A), 42 U.S.C.

15  section 9601(35)(A).

16

**EIGHTH AFFIRMATIVE DEFENSE**

17

**(Statute of Limitations)**

18    8.    Each claim for relief in the Complaint is barred by the applicable statutes of

19  limitations, including but not limited to, CERCLA section 113(g), 42 U.S.C. section 9613(g),

20  California Health and Safety Code section 25360.4, and California Code of Civil Procedure section

21  338.

22

**NINETH AFFIRMATIVE DEFENSE**

23

**(Lack of Causation)**

24    9.    No act or omission by DOBBAS, or by any person or entity for which DOBBAS is or

25  was responsible, is the cause in fact or proximate cause of any costs or damages alleged in the

26  Complaint.

27  ///

28  ///

00012973.1

-11-

**TENTH AFFIRMATIVE DEFENSE**

**(Divisibility and Apportionment)**

10.     If DOBBAS is judged liable, which liability DOBBAS denies, for any contamination, condition, or harm alleged in the Complaint, such contamination, condition, and/or harm is divisible and DOBBAS is not jointly and severally liable.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Ripeness)**

11.     PLAINTIFFS' claims for relief are not ripe.

**TWELFTH AFFIRMATIVE DEFENSE**

**(No Standing)**

12.     PLAINTIFFS do not have standing to bring an action against DOBBAS under applicable law, including, but not limited to CERCLA section 107, 42 U.S.C. section 9607.

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(Money Damages Adequate)**

13.     Declaratory relief is not appropriate for some or all of the allegations contained in the Complaint because, if PLAINTIFFS are entitled to a remedy, which DOBBAS denies, money damages would be an adequate remedy.

**FOURTEENTH AFFIRMATIVE DEFENSE**

**(No Liability for Others' Releases)**

14.     If DOBBAS is deemed liable for any of PLAINTIFFS' response costs, which DOBBAS denies, DOBBAS is not liable for any costs that were not incurred as a direct result of hazardous substance releases by DOBBAS.

**FIFTEENTH AFFIRMATIVE DEFENSE**

**(Offset)**

15.     If PLAINTIFFS are held entitled to recover any costs or damages against DOBBAS, which entitlement DOBBAS denies, such recovery must be reduced by the greater of (1) any amount previously obtained by PLAINTIFFS for any harms alleged in the Complaint, or (2) the equitable share of the liability of any person or entity from which PLAINTIFFS previously

00012973.1                                          -12-

1  received payment, whether by direct payment, offset or otherwise, for the harms alleged in the
2  Complaint.

**SIXTEENTH AFFIRMATIVE DEFENSE**

**(Joint and Several Liability Improper)**

5      16.     The Complaint fails to state a claim or set forth facts sufficient to support a finding
6  that DOBBAS should be held jointly and severally liable for any harm or damages alleged in the
7  Complaint.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

**(Subject Matter Jurisdiction)**

10     17.     The Court lacks subject matter jurisdiction to consider PLAINTIFFS' Complaint
11  and each cause of action therein.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

**(Lack of Control)**

14     18.     The discharges referred to in PLAINTIFFS' Complaint, if any, were caused by
15  acts or omissions of entities or persons other than DOBBAS and over whom DOBBAS had no
16  control.

**NINETEENTH AFFIRMATIVE DEFENSE**

**(Independent, Intervening, and/or Superseding Claims)**

19     19.     Any act or omission of DOBBAS was not a substantial factor in bringing about
20  PLAINTIFFS' alleged injuries and was not a contributing cause thereof.  If PLAINTIFFS
21  sustained losses or injuries, such losses or injuries were the result of independent, intervening, or
22  superseding forces and/or actions or omissions of third parties over which DOBBAS had no
23  control and did not in any way participate in and for which DOBBAS is not liable.

**TWENTIETH AFFIRMATIVE DEFENSE**

**(No Declaratory Relief)**

26     20.     PLAINTIFFS are not entitled to declaratory relief against DOBBAS and such
27  claims are not ripe for adjudication.

28  / / /

00012973.1                                  -13-

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

**(Preemption)**

21.    PLAINTIFFS' claims and/or the remedies PLAINTIFFS seek are preempted, in whole or in part, by state and/or federal law.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

**(Uncertainty)**

22.    The Complaint and each purported cause of action contained therein, is uncertain as to the wrongful acts of DOBBAS.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

**(Failure to Plead with Sufficient Particularity/Reservation of Rights)**

23.    PLAINTIFFS do not describe their factual allegations or claims for relief with sufficient particularity to allow DOBBAS to ascertain what other affirmative defenses may exist, and DOBBAS therefore reserves the right to assert all affirmative defenses which may pertain to PLAINTIFFS' Complaint once the precise nature of the factual allegations and claims for relief is ascertained.   DOBBAS also reserves the right to assert all other defenses that arise through discovery, at trial, or otherwise.

**XII.    PRAYER FOR RELIEF**

WHEREFORE, DOBBAS prays for judgment as follows:

1.    That this matter be tried before a jury;

2.    That PLAINTIFFS take nothing by way of their Complaint against DOBBAS;

3.    That judgment be entered in favor of DOBBAS and the PLAINTIFFS' Complaint be dismissed with prejudice;

4.    That in the event DOBBAS is deemed liable to PLAINTIFFS in any manner, that such liability be apportioned among all parties, including PLAINTIFFS, proportionate to each party's degree of fault; and

/ / /

/ / /

/ / /

1         5.      That the Court grant such other and further relief as it may deem just and proper.

2

3    Dated: September 25, 2014            KING WILLIAMS & GLEASON LLP

4

5                       By:_____*/s/ Jennifer Hartman King*_____

6                          Jennifer Hartman King
                      Nicole R. Gleason

7                          Louinda V. Lacey

8                       Attorneys for Defendant JIM DOBBAS, INC.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

00012973.1                      -15-

1

**DEMAND FOR JURY TRIAL**

2

3          Defendant Jim Dobbas, Inc. hereby requests a jury trial on all issues raised in this answer

4   to Plaintiffs' Complaint.

5

6   Dated: September 25, 2014                    KING WILLIAMS & GLEASON LLP

7

8                                                By:_____/s/ Jennifer Hartman King_____
                                                      Jennifer Hartman King
9                                                     Nicole R. Gleason
                                                      Louinda v. Lacey
10
                                                 Attorneys for Defendant JIM DOBBAS, INC.
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

### CERTIFICATE OF SERVICE

I, Deborah Brazell, declare:

3

4

I certify that on September 25, 2014, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

5

6

- **AMENDED ANSWER OF JIM DOBBAS, INC. TO COMPLAINT BY CALIFORNIA DEPARTMENT OF TOXIC SUBSTANCES CONTROL and the TOXIC SUBSTANCES CONTROL ACCOUNT & DEMAND FOR JURY TRIAL**

7

8

☐ by transmitting via facsimile the document(s) listed above to the Attorney for Plaintiff at fax number(s) set forth below on this date.

9

10

☑ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Sacramento, California, addressed as set forth below.

11

12

13

☐ I caused such envelope to be delivered via overnight delivery addressed as indicated on the attached service list. Such envelope was deposited for delivery by Federal Express following the firm's ordinary business practices.

14

☐ via electronic/e-mail service. The document(s) listed above were served via e-mail.

15

16

# SEE ATTACHED SERVICE LIST

17

Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

18

19

20

21

I am employed by Jennifer Hartman King, a member of the California State Bar, and admitted in this district. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at King Williams & Gleason, LLP ("KWG") for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system of KWG and is deposited with the United States Postal Service with postage thereon fully prepaid that same day in the ordinary course of business.

22

23

I further certify that some of the participants in the case are not registered CM/ECF users. On September 25, 2014, I have caused to be mailed in the internal mail system of KWG, the foregoing document(s) by First-Class Mail, postage prepaid, to the following non-CM/ECF participants:

24

Executed on September 25, 2014, at Sacramento, California.

25

26

Deborah K. Brazell

27

28

00012264.1

1

## SERVICE LIST

2

3  David van Over                          In Pro Per
   216 F Street #108
4  Davis, CA 95616-4515

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

00012264.1                          -2-

PROOF OF SERVICE
2:14-cv-00595-WBS-EFB