JENNIFER HARTMAN KING (Bar No. 211313)
NICOLE R. GLEASON (Bar No. 199655)
LOUINDA V. LACEY (Bar No. 275888)
KING WILLIAMS & GLEASON LLP
520 Capitol Mall, Suite 750
Sacramento, CA  95814
Telephone:     (916) 379-7530
Facsimile:      (916) 379-7535
jhartmanking@kwgattorneys.com
ngleason@kwgattorneys.com
sgatlin@kwgattorneys.com

Attorneys for Defendant Jim Dobbas, Inc.

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| CALIFORNIA DEPARTMENT OF TOXIC SUBSTANCES CONTROL and the TOXIC SUBSTANCES CONTROL ACCOUNT,<br><br>Plaintiffs,<br><br>v.<br><br>JIM DOBBAS, INC., a California corporation; CONTINENTAL RAIL, INC., a Delaware corporation; DAVID VAN OVER, individually; PACIFIC WOOD PRESERVING, a dissolved California corporation; and WEST COAST WOOD PRESERVING, LLC, a Nevada limited liability company,<br><br>Defendants,<br><br>AND RELATED CROSSCLAIMS AND COUNTERCLAIMS. | Case No.: 2:14-cv-00595-WBS-EFB<br><br>**JIM DOBBAS, INC.'S ANSWER TO WEST COAST WOOD PRESERVING, LLC'S CROSSCLAIM**<br><br>Action filed:  March 3, 2014 |

00012624.2

Defendant Jim Dobbas, Inc. ("DOBBAS"), by and through its attorneys of record, hereby answers West Coast Wood Preserving, LLC's ("WCWP") Crossclaim against DOBBAS, filed on August 4, 2014, ("Crossclaim") as follows:

## GENERAL DENIAL

Except as expressly admitted herein, DOBBAS denies each and every allegation in WCWP's Crossclaim.

## SPECIFIC RESPONSES

### I.   JURISDICTION

1.   Paragraph 2 of WCWP's Crossclaim consists entirely of legal conclusions, to which no response is required. To the extent a response is required, DOBBAS denies that this Court has jurisdiction over the claims pursuant to 28 U.S.C. section 1367(a).

### II.   CROSSCLAIM AGAINST JIM DOBBAS, INC.
### (Contribution pursuant to 42 U.S.C. § 9613)

2.   Paragraph 1 of WCWP's Crossclaim incorporates by reference its responses from its Answer and Affirmative Defenses to Complaint [Dkt. 22] and its Answer and Affirmative Defenses to DOBBAS' Crossclaim [Dkt. 31], to which no response is required. To the extent a response is required, DOBBAS lacks sufficient knowledge or information to form a belief regarding these allegations and on that basis denies, generally and specifically, each and every allegation.

3.   Paragraph 3 of WCWP's Crossclaim consists entirely of legal conclusions, to which no response is required. To the extent a response is required, DOBBAS denies each and every allegation contained in Paragraph 3 that characterizes 42 U.S.C. section 9601(9) on the grounds that the statute speaks for itself. DOBBAS denies each and every other allegation in Paragraph 3.

4.   Paragraph 4 of WCWP's Crossclaim consists entirely of legal conclusions, to which no response is required. To the extent a response is required, DOBBAS denies each and every allegation contained in Paragraph 4 that characterizes 42 U.S.C. section 9607(a), on the grounds that the statute speaks for itself. DOBBAS denies, generally and specifically, each and

every allegation contained in Paragraph 4.

5. In response to Paragraph 5 of WCWP's Crossclaim, DOBBAS admits that it purchased an ownership interest in the Elmira Site in or around 1997, and transferred its ownership interest in the Elmira Site on or about February 11, 2011. DOBBAS denies the allegation that it contributed "to the release and/or threatened release of hazardous substances at the Elmira Site." The remainder of the allegations in Paragraph 5 consists entirely of legal conclusions, to which no response is required. To the extent a response is required, DOBBAS lacks sufficient knowledge or information to form a belief regarding the remaining allegations contained within Paragraph 5 of WCWP's Crossclaim and on that basis denies, generally and specifically, each and every allegation.

6. Paragraph 6 of WCWP's Crossclaim consists entirely of legal conclusions, to which no response is required. To the extent a response is required, DOBBAS denies that WCWP is "entitled to contribution from Dobbas for the costs sought by Plaintiffs to the extent they are recoverable under 42 U.S.C. § 9613." DOBBAS lacks sufficient knowledge or information to form a belief regarding the remaining allegations contained within Paragraph 6 of WCWP's Crossclaim and on that basis denies, generally and specifically, each and every allegation.

### III.   AFFIRMATIVE DEFENSES

DOBBAS alleges the following affirmative defenses to WCWP's Crossclaim:

**FIRST AFFIRMATIVE DEFENSE**

**(Failure to State a Claim)**

1. The Crossclaim fails to state any claim against DOBBAS upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

**(Not a Responsible Party)**

2. DOBBAS is not a "covered person," "responsible party," "potentially responsible party," or "liable person" within the meaning of CERCLA section 107(a), 42 U.S.C. section 9607(a).

### THIRD AFFIRMATIVE DEFENSE

### (Act of God)

3. Any release or threatened release of a hazardous substance, any damages allegedly resulting therefrom, and any response costs or expenditures allegedly incurred as a result thereof, were caused in whole or in part by an act or acts of God.

### FOURTH AFFIRMATIVE DEFENSE

### (Acts of Omissions of Others)

4. Any release or threatened release of a hazardous substance, any damages allegedly resulting therefrom, and any response costs or expenditures allegedly incurred as a result thereof, were caused in whole or in part by acts or omissions of other defendants in this action or of third parties, other than an employee or agent of, or one whose act or omission occurred in connection with a contractual relationship with, DOBBAS. DOBBAS exercised due care with respect to any hazardous substance, taking into consideration the characteristics of such hazardous substance, in light of all relevant facts and circumstances, and took precautions against foreseeable acts or omissions of such third parties and the consequences that could foreseeably result from such acts or omissions.

### FIFTH AFFIRMATIVE DEFENSE

### (Unrecoverable Costs)

5. Some or all of the costs alleged in the Crossclaim do not constitute response costs within the meaning of CERCLA section 101(25), 42 U.S.C. section 9601(25), do not constitute removal or remedial costs within the meaning of CERCLA sections 101(23) and 101(24), 42 U.S.C. sections 9601(23) and 9601(24), and are unreasonable, unnecessary, and inconsistent with the National Contingency Plan. Such costs, therefore, are unrecoverable.

### SIXTH AFFIRMATIVE DEFENSE

### (Future Costs Not Recoverable)

6. WCWP cannot recover future costs, if any, under CERCLA section 107(a)(4), 42 U.S.C. section 9607(a)(4).

**SEVENTH AFFIRMATIVE DEFENSE**

**(Innocent Party)**

7. DOBBAS is an innocent party pursuant to CERCLA section 101(35)(A), 42 U.S.C. section 9601(35)(A).

**EIGHTH AFFIRMATIVE DEFENSE**

**(Statute of Limitations)**

8. Each claim for relief in the Crossclaim is barred by the applicable statutes of limitations, including but not limited to, CERCLA section 113(g), 42 U.S.C. section 9613(g).

**NINETH AFFIRMATIVE DEFENSE**

**(Lack of Causation)**

9. No act or omission by DOBBAS, or by any person or entity for which DOBBAS is or was responsible, is the cause in fact or proximate cause of any costs or damages alleged in the Crossclaim.

**TENTH AFFIRMATIVE DEFENSE**

**(Divisibility and Apportionment)**

10. If DOBBAS is judged liable, which liability DOBBAS denies, for any contamination, condition, or harm alleged in the Crossclaim, such contamination, condition, and/or harm is divisible and DOBBAS is not jointly and severally liable.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Ripeness)**

11. WCWP's Crossclaim for relief is not ripe.

**TWELFTH AFFIRMATIVE DEFENSE**

**(No Standing)**

12. WCWP does not have standing to bring an action against DOBBAS under applicable law, including, but not limited to CERCLA section 107, 42 U.S.C. section 9607.

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(No Liability for Others' Releases)**

13. If DOBBAS is deemed liable for any of WCWP's response costs, which DOBBAS

denies, DOBBAS is not liable for any costs that were not incurred as a direct result of hazardous substance releases by DOBBAS.

### FOURTEENTH AFFIRMATIVE DEFENSE

**(Offset)**

14.     If WCWP is held entitled to recover any costs or damages against DOBBAS, which entitlement DOBBAS denies, such recovery must be reduced by the greater of (1) any amount previously obtained by WCWP for any harms alleged in Crossclaim, or (2) the equitable share of the liability of any person or entity from which WCWP previously received payment, whether by direct payment, offset or otherwise, for the harms alleged in the Crossclaim.

### FIFTEENTH AFFIRMATIVE DEFENSE

**(Joint and Several Liability Improper)**

15.     The Crossclaim fails to state a claim or set forth facts sufficient to support a finding that DOBBAS should be held jointly and severally liable for any harm or damages alleged in the Crossclaim.

### SIXTEENTH AFFIRMATIVE DEFENSE

**(Subject Matter Jurisdiction)**

16.     The Court lacks subject matter jurisdiction to consider WCWP's Crossclaim and each cause of action therein.

### SEVENTEENTH AFFIRMATIVE DEFENSE

**(Lack of Control)**

17.     The discharges referred to in WCWP's Crossclaim, if any, were caused by acts or omissions of entities or persons other than DOBBAS and over whom DOBBAS had no control.

### EIGHTEENTH AFFIRMATIVE DEFENSE

**(Independent, Intervening, and/or Superseding Claims)**

18.     Any act or omission of DOBBAS was not a substantial factor in bringing about WCWP's alleged injuries and was not a contributing cause thereof.  If WCWP sustained losses or injuries, such losses or injuries were the result of independent, intervening, or superseding forces and/or actions or omissions of third parties over which DOBBAS had no control and did not in

any way participate in and for which DOBBAS is not liable.

### NINETEENTH AFFIRMATIVE DEFENSE

**(Uncertainty)**

19. The Crossclaim is uncertain as to the wrongful acts of DOBBAS.

### TWENTIETH AFFIRMATIVE DEFENSE

**(Failure to Plead with Sufficient Particularity/Reservation of Rights)**

20. WCWP does not describe its factual allegations or claims for relief with sufficient particularity to allow DOBBAS to ascertain what other affirmative defenses may exist, and DOBBAS therefore reserves the right to assert all affirmative defenses which may pertain to WCWP's Crossclaim once the precise nature of the factual allegations and claims for relief is ascertained. DOBBAS also reserves the right to assert all other defenses that arise through discovery, at trial, or otherwise.

### IV.   PRAYER FOR RELIEF

WHEREFORE, DOBBAS prays for judgment as follows:

1. That this matter be tried before a jury;
2. That WCWP takes nothing by way of its Crossclaim against DOBBAS;
3. That judgment be entered in favor of DOBBAS and WCWP's Crossclaim be dismissed with prejudice;
4. That in the event DOBBAS is deemed liable to WCWP in any manner, that such liability be apportioned among all parties, including WCWP, proportionate to each party's degree of fault; and

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

5.  That the Court grant such other and further relief as it may deem just and proper.

Dated: September 25, 2014  KING WILLIAMS & GLEASON LLP

By: */s/ Jennifer Hartman King*
    Jennifer Hartman King
    Nicole R. Gleason
    Louinda v. Lacey

Attorneys for Defendant JIM DOBBAS, INC.

**DEMAND FOR JURY TRIAL**

Defendant Jim Dobbas, Inc. hereby requests a jury trial on all issues raised in this answer to WCWP's Crossclaim.

Dated: September 25, 2014              KING WILLIAMS & GLEASON LLP

                                       By: :        /s/ Jennifer Hartman King
                                              Jennifer Hartman King
                                              Nicole R. Gleason
                                              Louinda V. Lacey

                                       Attorneys for Defendant JIM DOBBAS, INC.

## CERTIFICATE OF SERVICE

I, Deborah Brazell, declare:

I certify that on September 25, 2014, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

- **JIM DOBBAS, INC.'S ANSWER TO WEST COAST WOOD PRESERVING, LLC'S CROSSCLAIM**

☐ by transmitting via facsimile the document(s) listed above to the Attorney for Plaintiff at fax number(s) set forth below on this date.

☑ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Sacramento, California, addressed as set forth below.

☐ I caused such envelope to be delivered via overnight delivery addressed as indicated on the attached service list. Such envelope was deposited for delivery by Federal Express following the firm's ordinary business practices.

☐ via electronic/e-mail service. The document(s) listed above were served via e-mail.

## SEE ATTACHED SERVICE LIST

Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

I am employed by Jennifer Hartman King, a member of the California State Bar, and admitted in this district. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at King Williams & Gleason, LLP ("KWG") for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system of KWG and is deposited with the United States Postal Service with postage thereon fully prepaid that same day in the ordinary course of business.

I further certify that some of the participants in the case are not registered CM/ECF users. On September 25, 2014, I have caused to be mailed in the internal mail system of KWG, the foregoing document(s) by First-Class Mail, postage prepaid, to the following non-CM/ECF participants:

Executed on September 25, 2014, at Sacramento, California.

Deborah K. Brazell

00012264.1

## SERVICE LIST

| | |
|---|---|
| David van Over<br>216 F Street #108<br>Davis, CA 95616-4515 | In Pro Per |