KAMALA D. HARRIS, State Bar No. 146672
Attorney General of California
SARAH E. MORRISON, State Bar No. 143459
Supervising Deputy Attorney General
THOMAS G. HELLER (Counsel for service)
State Bar No. 162561
DENNIS L. BECK, JR., State Bar No. 179492
Deputy Attorneys General
  300 South Spring Street, Suite 1702
  Los Angeles, CA 90013
  Telephone: (213) 897-2628
  Fax: (213) 897-2802
  E-mail: Thomas.Heller@doj.ca.gov
*Attorneys for Plaintiffs California Department of Toxic Substances Control and Toxic Substances Control Account*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| **CALIFORNIA DEPARTMENT OF TOXIC SUBSTANCES CONTROL and the TOXIC SUBSTANCES CONTROL ACCOUNT,**<br><br>Plaintiffs,<br><br>v.<br><br>**JIM DOBBAS, INC., a California corporation; CONTINENTAL RAIL, INC., a Delaware corporation; DAVID VAN OVER, individually; PACIFIC WOOD PRESERVING, a dissolved California corporation; and WEST COAST WOOD PRESERVING, LLC., a Nevada limited liability company,**<br><br>Defendants.<br><br>AND RELATED COUNTERCLAIMS AND CROSS-CLAIMS. | 2:14-cv-00595-WBS-EFB<br><br>**ANSWER OF PLAINTIFFS CALIFORNIA DEPARTMENT OF TOXIC SUBSTANCES CONTROL AND TOXIC SUBSTANCES CONTROL ACCOUNT TO COUNTERCLAIM OF DEFENDANT JIM DOBBAS, INC.**<br><br>Judge:       Hon. William B. Shubb<br>Trial Date:  January 4, 2017<br>Action Filed: March 3, 2014 |

1

Plaintiffs California Department of Toxic Substances Control and the Toxic Substances Control Account (together "Plaintiffs") answer the Counterclaim of Defendant Jim Dobbas, Inc. ("Dobbas") as follows:

### I.   JURISDICTION

1. In response to Paragraph 1, Plaintiffs admit that the Court has jurisdiction over the counterclaims.

### II.   VENUE

2. In response to Paragraph 2, Plaintiffs admit that venue in this district is proper.

### III.   DEMAND FOR JURY TRIAL

3. In response to Paragraph 3, the paragraph is a demand of Dobbas for a jury trial to which no response is required.  To the extent that a response is required, Plaintiffs deny that Dobbas is entitled to a jury trial in this action.

### IV.   PARTIES

4. In response to Paragraph 4, Plaintiffs admit that Dobbas is a California corporation, and that Dobbas's principal place of business is in the County of Placer, in the State of California. Plaintiffs lack sufficient information to admit or deny that Dobbas is privately held, and on that basis deny that allegation in the paragraph.

5. In response to Paragraph 5, Plaintiffs admit that the California Department of Toxic Substances Control ("DTSC") is a public agency of the State of California, organized and existing under California Health and Safety Code section 58000 et seq.  Plaintiffs otherwise deny the allegations in the paragraph.

### V.   GENERAL ALLEGATIONS

6. In response to Paragraph 6, Plaintiffs deny the allegations in the paragraph.

7. In response to Paragraph 7, Plaintiffs admit that the Department of Health Services approved the storm water management, the ground water treatment and contaminated soils removal, and containment elements of a Remedial Action Plan in 1983, and that Exhibit A to the counterclaim is the Remedial Action Plan.  Plaintiffs otherwise deny the allegations in the paragraph.

8. In response to Paragraph 8, Plaintiffs admit the allegations in the paragraph.

9. In response to Paragraph 9, Plaintiffs admit the allegations in the paragraph.

10. In response to Paragraph 10, Plaintiffs deny the allegations in the paragraph.

11. In response to Paragraph 11, Plaintiffs deny the allegations in the paragraph.

12. In response to Paragraph 12, Plaintiffs deny the allegations in the paragraph.

## VI.   FIRST COUNTERCLAIM
### (Costs Recovery under § 107 of CERCLA)

13. In response to Paragraph 13, Plaintiffs admit or deny the allegations in the paragraph to the extent admitted or denied in the paragraphs re-alleged and incorporated by reference.

14. In response to Paragraph 14, Plaintiffs admit the allegations in the paragraph.

15. In response to Paragraph 15, Plaintiffs admit the allegations in the paragraph.

16. In response to Paragraph 16, Plaintiffs deny the allegations in the paragraph.

17. In response to Paragraph 17, Plaintiffs deny the allegations in the paragraph.

18. In response to Paragraph 18, Plaintiffs deny the allegations in the paragraph.

19. In response to Paragraph 19, Plaintiffs deny the allegations in the paragraph.

20. In response to Paragraph 20, Plaintiffs deny the allegations in the paragraph.

21. In response to Paragraph 21, Plaintiffs deny the allegations in the paragraph.

## VII.   SECOND COUNTERCLAIM
### (Contribution under CERCLA § 113(f))

22. In response to Paragraph 22, Plaintiffs admit or deny the allegations in the paragraph to the extent admitted or denied in the paragraphs incorporated by reference.

23. In response to Paragraph 23, Plaintiffs admit the allegations in the paragraph.

24. In response to Paragraph 24, Plaintiffs admit the allegations in the paragraph.

25. In response to Paragraph 25, Plaintiffs deny the allegations in the paragraph.

26. In response to Paragraph 26, Plaintiffs deny the allegations in the paragraph.

27. In response to Paragraph 27, Plaintiffs deny the allegations in the paragraph.

28. In response to Paragraph 28, Plaintiffs deny the allegations in the paragraph.

29. In response to Paragraph 29, Plaintiffs deny the allegations in the paragraph.

1    30.    In response to Paragraph 30, Plaintiffs deny the allegations in the paragraph.

### III.    THIRD COUNTERCLAIM
(Declaratory Relief under CERCLA § 113(g), 42 U.S.C. § 9613(g))

31.    In response to Paragraph 31, Plaintiffs admit or deny the allegations in the paragraph to the extent admitted or denied in the paragraphs re-alleged incorporated by reference.

32.    In response to paragraph 32, Plaintiffs deny the allegations in the paragraph.

33.    In response to Paragraph 33, the paragraph is a request for relief of Dobbas to which no response is required.  To the extent that a response is required, Plaintiffs deny the allegations in the paragraph.

### IX.    FOURTH COUNTERCLAIM
(Contribution and Indemnity under California Health and Safety Code section 25300 et seq.)

34.    In response to Paragraph 34, Plaintiffs admit or deny the allegations in the paragraph to the extent admitted or denied in the paragraphs re-alleged incorporated by reference.

35.    In response to paragraph 35, Plaintiffs deny the allegations in the paragraph.

36.    In response to paragraph 36, Plaintiffs deny the allegations in the paragraph.

37.    In response to paragraph 37, Plaintiffs deny the allegations in the paragraph.

38.    In response to paragraph 38, Plaintiffs deny the allegations in the paragraph.

39.    In response to paragraph 39, Plaintiffs deny the allegations in the paragraph.

40.    In response to paragraph 40, Plaintiffs deny the allegations in the paragraph.

### X.    FIFTH COUNTERCLAIM
(Declaratory Relief under 28 U.S.C. § 2201)

41.    In response to Paragraph 41, Plaintiffs admit or deny the allegations in the paragraph to the extent admitted or denied in the paragraphs re-alleged and incorporated by reference.

42.    In response to Paragraph 42, Plaintiffs deny the allegations in the paragraph.

43.    In response to Paragraph 43, Plaintiffs admit that pursuant to 28 U.S.C. § 2201(a), the Court has jurisdiction to award declaratory relief in appropriate cases.  Plaintiffs deny that declaratory relief is appropriate in this case, and otherwise deny the allegations in the paragraph.

44. In response to Paragraph 44, the paragraph is a request for relief of Dobbas to which no response is required. To the extent that a response is required, Plaintiffs deny the allegations in the paragraph.

45. Except as otherwise expressly or admitted or denied above, Plaintiffs deny each and every allegation in the Counterclaim.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE
(Act or Omission of Third Party - CERCLA § 107(B)(3), 42 U.S.C. § 9607(B)(3))

1. The counterclaims are barred under section 107(b)(3) of CERCLA, 42 U.S.C. § 9607(b)(3), because the release or threat of release of a hazardous substance and the alleged damages to Dobbas resulting therefrom were caused solely by an act or omission of a third party other than an employee or agent of Plaintiffs, or by a third party other than one whose act or omission occured in connection with a contractual relationship with Plaintiffs. Plaintiffs exercised due care with respect to the hazardous substance concerned, taking into consideration the characteristics of such hazardous substance, in light of all relevant facts and circumstances, and took precautions against foreseeable acts or omissions of such third party and the consequences that could foreseeably result from such acts or omissions.

### SECOND AFFIRMATIVE DEFENSE
(Rendering Care or Advice - CERCLA § 107(d)(1), 42 U.S.C. § 9607(d)(1))

2. The counterclaims are barred under section 107(d)(1) of CERCLA, 42 U.S.C. § 9607(d)(1), because Plaintiffs' actions or omissions occurred in the course of rendering care, assistance, or advice in accordance with the National Contingency Plan ("NCP"), with respect to an incident creating a danger to public health or welfare or the environment as a result of releases of a hazardous substance or the threat thereof, and Plaintiffs were not negligent in such actions or omissions.

/ / /

/ / /

/ / /

### THIRD AFFIRMATIVE DEFENSE
### (Emergency Response - CERCLA § 107(d)(2), 42 U.S.C. § 9607(d)(2))

3.  The counterclaims are barred under section 107(d)(2) of CERCLA, 42 U.S.C. § 9607(d)(2), because Plaintiffs' actions were taken in response to an emergency created by the release or threatened release of a hazardous substance generated by or from a facility owned by another person, and Plaintiffs were not grossly negligent and did not commit intentional misconduct in such actions.

### FOURTH AFFIRMATIVE DEFENSE
### (Equitable Factors - Unclean Hands)

4.  Plaintiffs are not liable to Dobbas for contribution under the second counterclaim, for contribution and indemnity under the fourth counterclaim, or for declaratory relief under the fifth counterclaim concerning either of the foregoing, because Dobbas has unclean hands. Dobbas purchased the Site with knowledge of the contamination there, and did not take adequate response actions of its own during its ownership and operation of the property to address releases of hazardous substances at the Site. Dobbas also sold its interest in the property for $1.00 to a person unable or unwilling to perform necessary response actions there, in an effort to avoid liability itself for those response actions.

### FIFTH AFFIRMATIVE DEFENSE
### (Equitable Factors – Failure to Mitigate Damages)

5.  Plaintiffs are not liable to Dobbas for contribution under the second counterclaim, for contribution and indemnity under the fourth counterclaim, or for declaratory relief under the fifth counterclaim concerning either of the foregoing, because Dobbas failed to mitigate its alleged damages. Dobbas did not take adequate response actions of its own during its ownership and operation of the Site to address releases of hazardous substances there.

### SIXTH AFFIRMATIVE DEFENSE
### (Equitable Allocation – CERCLA § 113(f)(1), 42 U.S.C. § 9613(f)(1))

6.  To the extent that Plaintiffs are found liable for contribution under the second counterclaim, section 113(f)(1) of CERCLA, 42 U.S.C. § 9613(f)(1), allows the Court to allocate

response costs among liable parties using such equitable factors as the Court determines appropriate, and DTSC is only liable for its equitable allocation of response costs, if any.

**SEVENTH AFFIRMATIVE DEFENSE**
**(California Health & Safety Code section 25363(a))**

7. To the extent that Plaintiffs are found liable for any costs or expenditures under the fourth counterclaim, or for declaratory relief under the fifth counterclaim concerning the foregoing, Plaintiffs are liable under California Health and Safety Code section 25363(a) for only the portion of those costs or expenditures that are attributable to Plaintiffs' actions.

**EIGHTH AFFIRMATIVE DEFENSE**
**(Abatement of Hazards - California Health and Safety Code section 25400)**

8. Plaintiffs are not liable to Dobbas for contribution and/or indemnity under the fourth counterclaim, or for declaratory relief under the fifth counterclaim concerning the foregoing, under California Health and Safety Code section 25400, because employees of and persons authorized by DTSC were attempting to abate hazards reasonably believed to be an imminent peril to public health and safety caused by the discharge, spill, or presence of a hazardous substance, and those employees and persons did not act or fail to act in bad faith or in a grossly negligent manner.

**PRAYER**

Plaintiffs pray:

1. That Dobbas take nothing by reasons of its counterclaim, and that judgment be rendered in favor of Plaintiffs;

2. That Plaintiffs be awarded costs of suit incurred in defense of the counterclaim; and

3. For such other relief as the Court deems proper.

/ / /
/ / /
/ / /
/ / /
/ / /

Dated: September 30, 2014

Respectfully Submitted,

KAMALA D. HARRIS
Attorney General of California
SARAH E. MORRISON
Supervising Deputy Attorney General

*/s/ Dennis L. Beck, Jr.*

THOMAS G. HELLER
DENNIS L. BECK, JR.
Deputy Attorneys General
*Attorneys for Plaintiffs California Department of Toxic Substances Control and Toxic Substances Control Account*

# CERTIFICATE OF SERVICE

**Case Name:** *California Department of Toxic Substances Control, et al. v. Jim Dobbas, Inc., et al.*

**Case No.:**     2:14-cv-00595-WBS-EFB

I certify that on September 30, 2014, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**ANSWER OF PLAINTIFFS CALIFORNIA DEPARTMENT OF TOXIC SUBSTANCES CONTROL AND TOXIC SUBSTANCES CONTROL ACCOUNT TO COUNTERCLAIM OF DEFENDANT JIM DOBBAS, INC.**

Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

I am employed in the Office of the Attorney General, a member of the California State Bar, and admitted in this district. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service with postage thereon fully prepaid that same day in the ordinary course of business.

I further certify that some of the participants in the case are not registered CM/ECF users. On September 30, 2014, I have caused to be mailed in the Office of the Attorney General's internal mail system, the foregoing document(s) by First-Class Mail, postage prepaid, to the following non-CM/ECF participants:

David Van Over
216 F Street, #108
Davis, CA  95616-4515

I declare under penalty of perjury that the foregoing is true and correct. Executed on September 30, 2014, at Sacramento, California.

| Dennis L. Beck, Jr. | */s/ Dennis L. Beck, Jr.* |
|---|---|
| Declarant | Signature |