**FILED**

SEP 29 2014

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
      DEPUTY CLERK

1. DAVID VAN OVER
2. 216 F STREET, #108
   DAVIS, CA 95616
   Email: david.vanover@gmail.com
3. Telephone: (775) 830-3888
4. IN PRO PER

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| CALIFORNIA DEPARTMENT OF TOXIC SUBSTANCES CONTROL and the TOXIC SUBSTANCES CONTROL ACCOUNT,<br><br>Plaintiffs,<br><br>v.<br><br>JIM DOBBS, INC., a California corporation; CONTINANTAL RAIL, INC., a Delaware corporation; DAVID VAN OVER, individually; PACIFIC WOOD PRESERVING, a dissolved California corporation; and WEST COAST WOOD PERSERVING, LLC, a Nevada limited liability company,<br><br>Defendants. | CIV. NO. 2:14-595 WBS EFB<br><br>**DAVID VAN OVER'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFFS' MOTION TO STRIKE PORTIONS OF ANSWERS OF DEFENDANT DAVID VAN OVER AND DEFENDANTS' DEMAND FOR JURY TRIAL** |

Defendant DAVID VAN OVER ("Van Over") hereby responds to the Motion to Strike filed by Plaintiff CALIFORNIA DEPARTMETN OF TOXIC SUBSTANCES CONTROL ("DTSC") and the TOXIC SUBSTANCES CONTROL ACCOUNT ("TSCA") on August 25, 2014 as follows:

### MOTION TO STRIKE

Although DTSC has been involved with the contamination at this Site for over three decades, Van Over had limited time to review the voluminous documents relating to the

907480

Site, and to assess and identify its potential affirmative defenses in response to the Complaint. In an abundance of caution and to preserve its rights, Van Over asserted the affirmative defenses in its Answer with the intent of conducting further inquiry into the allegations in the Complaint. Having had insufficient time, resources, and opportunity to do so to date, Van Over opposes DTSC's request to strike any of Van Over's affirmative defenses and to strike Van Over's jury demand.

The right to a jury trial is fundamental. "Maintenance of the jury as a fact-finding body is of such importance and occupies so firm a place in our history and jurisprudence that any seeming curtailment of the right to a jury trial should be scrutinized with the utmost care." *In re Acushnet River & New Bedford Harbor Proceedings re Alleged PCB Pollution, 712 F. Supp. 994, 998 (D. Mass. 1989).* Accordingly, the Court should err on the side of preserving the jury trial.

Conclusion:

Van Over maintains it had no part at any time in the contamination of the Property and should therefore be afforded with all protections by the Court including the denial of DTSC's motion to summarily strike any of Van Over's affirmative defenses as presented in its Answer Dated June 10, 2014. If the Court grants any part of DTSC's request to strike, Van Over requests that the Court allow Van Over leave to amend its defense. Van Over further requests that the Court deny the MTS as opposed herein and rule in favor of granting Van Over a jury trial.

Date: September 25, 2014

By: _____

David Van Over

907480