1 | Lester O. Brown, Bar No. 160828
　　| LBrown@perkinscoie.com
2 | James G. Bernald, Bar No. 205519
　　| JBernald@perkinscoie.com
3 | PERKINS COIE LLP
　　| 1888 Century Park East, Suite 1700
4 | Los Angeles, CA  90067-1721
　　| Telephone:  310.788.9900
5 | Facsimile:  310.788.3399

6 | Attorneys for Defendant and Cross-Defendant
　　| West Coast Wood Preserving, LLC
7 |

8 | UNITED STATES DISTRICT COURT

9 | EASTERN DISTRICT OF CALIFORNIA

10 |

| | |
|---|---|
| CALIFORNIA DEPARTMENT OF TOXIC SUBSTANCES CONTROL, et al., | Case No. 2:14-cv-00595-WBS-EFB |
| Plaintiffs, | **NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE COUNTERCLAIM** |
| v. | **[Filed concurrently with Declaration of Lester O. Brown and [Proposed] Order]** |
| JIM DOBBAS, INC., et al., | |
| Defendants. | Date:　　November 3, 2014<br>Time:　　2:00 p.m.<br>Place:　　Courtroom 5, 14th Floor<br>　　　　　501 I Street,<br>　　　　　Sacramento, CA 95814<br>Judge:　　William B. Shubb<br>Trial Date:　January 4, 2017<br>Action Filed:　March 3, 2014 |
| AND RELATED COUNTERCLAIM AND CROSSCLAIMS. | |

**TO ALL PARTIES AND COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on November 3, 2014 at 2:00 p.m., or as soon thereafter as counsel may be heard by the above-entitled Court, located at Robert T. Matsui United States Courthouse, 501 I Street, Sacramento, CA 95814, in Courtroom 5 of the Honorable William B. Shubb, defendant and cross-defendant West Coast Wood Preserving LLC ("WCWP") will and hereby does move for leave to file a counterclaim against plaintiffs California Department of Toxic Substances Control and the Toxic Substances Control Account (collectively "DTSC"), pursuant to Federal Rule of Civil Procedure 15(a)(2). A copy of the proposed counterclaim is attached as Exhibit A to the concurrently filed Declaration of Lester O. Brown.

WCWP makes this motion on the grounds that its proposed counterclaim is in the interests of justice in that it will allow the Court to resolve in one action all existing or potential disputes it has with DTSC, thus promoting judicial economy and convenience. Further, this motion and the proposed counterclaim are also in the interests of justice in that granting this motion will prevent a later plea of waiver or res judicata. WCWP also makes this motion on the grounds that the proposed counterclaim will not prejudice the other parties in the case, is not sought in bad faith, is not futile, and will not cause undue delay.

This motion is based upon this Notice of Motion and Motion and the accompanying Memorandum of Points and Authorities, the pleadings and papers filed in this case, and upon such other matters as may be presented to the Court at the time of hearing.

DATED: October 2, 2014        **PERKINS COIE LLP**

By: /s/ Lester O. Brown
    Lester O. Brown

Attorneys for Defendant and Cross-Defendant
West Coast Wood Preserving, LLC

## I. INTRODUCTION

By this motion, defendant, cross-defendant and cross-claimant West Coast Wood Preserving, LLC ("WCWP") seeks leave to file a counterclaim against Plaintiffs California Department of Toxic Substances Control and the Toxic Substances Control Account (collectively "DTSC") for contribution and declaratory judgment. WCWP makes this motion on several grounds.

Because WCWP's proposed counterclaim is compulsory, granting this motion will allow the Court to resolve all of WCWP's existing or potential disputes with DTSC in one action. Accordingly, WCWP's proposed counterclaim promotes judicial economy and convenience. Moreover, granting WCWP's motion for leave to file a counterclaim will prevent the waiver of WCWP's claims against DTSC.

In addition, WCWP's motion meets the applicable legal standards for motions to file amended pleadings, in that: (1) WCWP's proposed counterclaim will not prejudice DTSC or other parties, (2) it is not sought in bad faith, (3) it is not futile, and (4) it will not cause undue delay.

Accordingly, WCWP respectfully requests that the Court grant WCWP's motion for leave to file its proposed counterclaim.

## II. BACKGROUND

### A. Procedural Posture

DTSC filed this case in March 2014 pursuant to the Comprehensive Environmental Response, Compensation, and Liability Act, 42 U.S.C. sections 9601 *et seq.* ("CERCLA") and supplemental state law. DTSC alleges it has incurred CERCLA response costs in connection with a property in Elmira, California ("the Site"). Complaint, ECF Document Number ("Doc. No.") 1 at p. 2, ¶ 4. DTSC named, among others, Jim Dobbas, Inc. ("Dobbas"), David Van Over ("Van Over"), and WCWP as defendants in its complaint. Doc. No. 1 at pp. 3-5, ¶¶ 9-13.

1   On June 2, 2014, the Court issued a scheduling order which states that
2   December 31, 2014 is the deadline for adding parties or amending pleadings. Doc.
3   No. 20 at p. 2. Trial in this case is set for January 4, 2017 and the discovery cut-off
4   is March 20, 2016. *Id.* at p. 2, 4.

5   WCWP answered DTSC's complaint and in response, DTSC filed a motion
6   to strike portions of WCWP's Answer. Doc. Nos. 22 and 27. DTSC and WCWP
7   resolved DTSC's motion to strike by written stipulation, which expressly provides
8   that the stipulation does not affect WCWP's rights under 42 U.S.C. section 9613(f)
9   regarding "allocation of response costs in resolving contribution claims among
10  liable persons." Doc. No. 35 at p. 1, ¶ 3.

11  Dobbas counterclaimed against DTSC for, *inter alia*, contribution pursuant to
12  42 U.S.C. section 9613(f) and declaratory judgment pursuant to 28 U.S.C. section
13  2201. Doc. No. 25, pp. 3-4 at ¶¶ 22-30 and p. 6 at ¶¶ 41-44. In response, DTSC
14  filed a Rule 12(b)(6) motion to dismiss Dobbas' counterclaims, arguing that
15  government regulatory and response actions do not make a government agency an
16  "operator" under CERCLA." Doc. No. 27-1, p. 6. DTSC further argued that private
17  parties cannot assert CERCLA counterclaims based solely upon a state government
18  agency's remedial clean-up activities. *Id.* at p. 7.

19  On September 16, 2014, the Court denied DTSC's motion to dismiss
20  Dobbas' counterclaim in its entirety. Doc. No. 43. The Court's ruling made clear
21  that government agencies can face CERCLA "operator" liability for their response
22  actions. *Id.* at p. 9. Pursuant to the Court's September 16, 2014 ruling, WCWP now
23  seeks leave to file a counterclaim similar to Dobbas' counterclaim. Declaration of
24  Lester O. Brown ("Brown Decl.") at ¶ 5.

25  This case it not completely at issue as the Court has yet to hear DTSC's
26  motion to strike portions of Van Over's answer, and Van Over has not answered
27  WCWP's crossclaim. Brown Decl. at ¶ 3. Further, the parties are in the early stages
28  of discovery. Brown Decl. at ¶ 4.

**B.     Relevant Factual Background**

From 1979 to 1997 Collins & Aikman Products Company (as successor by merger to The Wickes Corporation) ("Collins & Aikman") was the owner of the Site while hazardous substances were released into the environment. Doc. No. 1 at pp. 5-6, ¶¶ 15, 19. Moreover, Collins & Aikman conducted wood preserving operations at the Site from 1979 to 1982. Doc. No. 1 at p. 5, ¶ 15. The operations resulted in the release of hazardous substances from the Site. *Id*. at p. 6, ¶ 16. These hazardous substances included arsenic, chromium, and copper, which were constituents of wood preserving chemicals used at the Site. *Id*.

From the 1980s through 2005, DTSC required Collins & Aikman to perform response actions at the Site due to Collins & Aikman's release of hazardous substances. Doc. No. 1 at p. 6, ¶ 17. Following Collins & Aikman's 2005 bankruptcy and its cessation of remediation efforts, DTSC took certain response actions at the Site, including "efforts to repair and restart the groundwater extraction system, completion of a remedial investigation for site soils, preparation of the [July 2010] Removal Action Workplan, implementation of the [July 2010] Removal Action Workplan in October and November 2011, groundwater monitoring, and other tasks." *Id.*, at pp. 7-8, ¶ 29. DTSC claims that it has incurred over $2.2 million in response costs as a result of taking these response actions. *Id.* at p. 8, ¶¶ 30-31.

Based on the data collected by DTSC regarding environmental conditions at the Site, it is clear that hazardous substances were being released to the environment for the entire period of Collins & Aikman's ownership of the site and thereafter, including the time from 1997 until Collins & Aikman filed bankruptcy in 2005. *See* Imminent or Substantial Endangerment Determination Order and Remedial Action Order dated March 16, 2011, attached to DTSC's Complaint as Exhibit B, Doc. No. 1-2 at pp. 2-6.

1  WCWP is informed and believes that Collins & Aikman operated the Site
2  along with DTSC from the 1980s to 2005, and further, that DTSC has been an
3  operator of the Site since November 2005. *See, e.g.,* Memorandum and Order Re:
4  Motion to Dismiss Counterclaims and Motion to Strike, Doc. No. 43, at pp. 8-9
5  (exhibits attached to Dobbas' counterclaim and allegations in DTSC's complaint
6  give rise to plausible claim that DTSC was an "operator" of the Site).

## III.  ARGUMENT

### A.  Legal Standard for Leave to Add a Counterclaim

Motions for leave to add a counterclaim are controlled by Rule 15, governing amendments of pleadings generally. Fed. R. Civ. P. 15; 6 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1430 (3d ed. 2010). If more than 21 days have elapsed since a party has filed its answer, the party must obtain the opposing party's written consent or leave of court to file a counterclaim, which is to be freely given "where justice so requires." Fed. R. Civ. P. 15(a)(1)(A). This language "evinces a bias in favor of granting leave to amend." *Jones v. Robinson Prop. Group, L.P.*, 427 F.3d 987, 994 (5th Cir. 2005)(citation and internal quotation marks omitted).

Under Rule 13(a), a counterclaim is designated as compulsory if it arises out of the same transaction or occurrence that is the subject matter of the opposing party's claim. Fed. R. Civ. P. 13(a). Compulsory counterclaims must be asserted in the pending case, and a failure to do so will result in its being barred in any subsequent action. *Id.*; *see* 6 Wright & Miller, *supra* § 1409. Further, the purpose of Rule 13(a) "is to enable the court to settle all related claims in one action, thereby avoiding a wasteful multiplicity of litigation…." 6 Wright & Miller, *supra* § 1409.

Accordingly, leave to add a compulsory counterclaim is normally freely granted so as to prevent a later plea of waiver or res judicata. *See T.J. Stevenson & Co., Inc. v. 81,193 Bags of Flour*, 629 F.2d 338, 370 (5th Cir. 1980) (interpreting former Rule 13(f)); *Unispec Develop. Corp. v. Harwood K. Smith & Partners*, 124

F.R.D. 211, 213 (also interpreting former Rule 13(f)). "[T]he court normally will be more willing to grant leave to amend when a Rule 13(a) counterclaim is involved than when a Rule 13(b) counterclaim is at stake." 6 Wright & Miller, *supra* § 1430.

A district court reviewing a motion to amend pleadings should be guided by consideration of the following four factors: (1) "whether the amendment would prejudice the opposing party," (2) "whether it is sought in bad faith," (3) "whether the proposed amendment would be futile," and (4) "whether the amendment would cause undue delay." *Kuschner v. Nationwide Credit, Inc.*, 256 F.R.D. 684, 687 (E.D. Cal. 2009), *citing Loehr v. Ventura County Community College Dist.*, 743 F.2d 1310, 1319 (9th Cir. 1984).

**B.    Leave Should Be Granted for WCWP to File a Counterclaim**

Pursuant to Federal Rule of Civil Procedure 15(a) and other applicable law, the Court should grant leave to WCWP to file a counterclaim for the following reasons: (1) WCWP's counterclaim is compulsory and accordingly, granting the motion is in the interests of justice, (2) the counterclaim will not result in any prejudice to DTSC (or any other party), (3) WCWP's motion for leave was not filed in bad faith, (4) WCWP's counterclaim is not futile, and (5) the counterclaim will not cause undue delay.

**1.    WCWP's Counterclaim is Compulsory**

WCWP's counterclaims for contribution and declaratory relief arise out of the same transactions or occurrences forming the basis of DTSC's CERCLA claims, specifically, the alleged environmental contamination at the Site, and the parties' respective liability for response costs. Thus, WCWP's counterclaim is compulsory and as such, the Court should grant WCWP leave to file its counterclaim in order to promote judicial economy and avoid the harsh consequences of Rule 13(a). 6 Wright & Miller, *supra* §§ 1409, 1430.

### 2. The Proposed Counterclaim Will Not Result in any Prejudice to Any Opposing Party.

Prejudice to the opposing party is the most important factor for a court to consider in determining whether to grant a motion for leave to amend a pleading. *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987). The principal test for whether a party opposing a motion for leave to amend a pleading will be prejudiced is whether the opposing party would be unfairly disadvantaged, or deprived of the opportunity to present facts or evidence had the amendment been timely. *Bechtel v. Robinson*, 886 F.2d 644, 652 (3rd Cir. 1989). "The party opposing amendment bears the burden of showing prejudice." *DCD Programs*, 833 F.2d at 187. To justify denial of leave to amend, the prejudice must be substantial. *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990). DTSC cannot meet this considerable burden.

WCWP's counterclaim arises out of the same facts as DTSC's own complaint, including but not limited to the environmental contamination at the Site and DTSC's management, direction, and operation of the pollution-related activities at the Site. Further, WCWP's counterclaim is primarily based upon CERCLA, as is DTSC's complaint. Moreover, Dobbas' counterclaim is based upon the same facts, evidence, and law as WCWP's proposed counterclaim. Thus, no party will be unfairly disadvantaged or deprived of an opportunity to present evidence if the Court grants this motion.

In addition, no party can point to any prejudice it has suffered as a result of the timing of WCWP's filing of this motion. The pleadings have not yet closed insofar as DTSC's motion to strike portions of Van Over's Answer has not yet been heard, and Van Over has yet to answer WCWP's crossclaim. Brown Decl. ¶ 3. Further, the parties are still in the early stages of discovery, having only served their initial disclosures and exchanged documents. Brown Decl. ¶ 4. Finally, trial in this case is set for January 2017. Thus, all parties will have ample time to present facts

or evidence concerning WCWP's counterclaim. *See Scott v. Family Dollar Stores, Inc.*, 733 F.3d 105, 117-19 (4th Cir. 2013) (no prejudice where parties were still in discovery and many steps removed from trial).

In sum, no party will be able to meet the burden of showing substantial prejudice to defeat WCWP's motion for leave to file a counterclaim.

### 3. The Proposed Counterclaim Is Not Sought in Bad Faith.

In the context of ruling on a motion to amend a pleading, the Ninth Circuit has held that bad faith consists of a "wrongful motive" for the motion. *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987). An example of "bad faith" or "wrongful motive" is found in the case *Sorosky v. Burroughs Corp.*, 826 F.2d 794, 805 (9th Cir. 1987), where the district court held that a party's attempt to add a defendant in order to destroy diversity and thus the court's jurisdiction constituted bad faith. Another example is from *Morris v. Fresno Police Dep't*, No. 09-CV-01422-OWW-GSA, 2010 WL 4977626 at *2-3 (E.D. Cal. Dec. 2, 2010), where the court found an inference of bad faith where the plaintiffs had previously violated the court's instructions in filing an amended pleading.

Here, no evidence of wrongful motive or bad faith on the part of WCWP exists. WCWP is not seeking to add a party to destroy jurisdiction, nor has it violated prior court orders in filing amended pleadings.

Upon learning of the Court's ruling on DTSC's motion to dismiss Dobbas' counterclaim, WCWP diligently sought leave to amend in order to add a counterclaim of its own modeled on Dobbas' counterclaim. Brown Decl., ¶ 5. Accordingly, "bad faith" is not a ground for denial of WCWP's motion for leave.

### 4. The Proposed Counterclaim is Not Futile.

Leave to amend may be denied if the proposed amendment is futile or would be subject to dismissal. *See Carrico v. City & County of San Francisco*, 656 F.3d 1002, 1008 (9th Cir. 2011). Before discovery is complete, a proposed amendment is futile only if it is "clear … that the [pleading] could not be saved by any

1 amendment." *Krainski v. State of Nevada ex rel. Bd. of Regents of Nevada System of Higher Ed.*, 616 F.3d 963, 972 (9th Cir. 2010). In situations where controlling precedent changes midway through litigation, courts may grant leave to amend. *Sonoma County Ass'n of Retired Employees v. Sonoma County*, 708 F.3d 1109, 1118 (9th Cir. 2013).

Based on these standards, WCWP's proposed counterclaim is not futile. In particular, WCWP's proposed counterclaim is not subject to dismissal, as confirmed by the Court's denial of DTSC's motion to dismiss Dobbas' similar counterclaim. Indeed, WCWP's proposed counterclaim mirrors Dobbas' counterclaim in many important respects. The gravamen of both counterclaims is that DTSC was, and is, an "operator" when it mismanaged the cleanup at the Site. *See* Brown Decl., Ex. A. at p. 4, ¶ 22, Doc. No. 25 at p. 2, ¶ 11. In addition, WCWP's causes of action for 42 U.S.C. section 9613(f) contribution and 22 U.S.C. section 2201 declaratory judgment are strikingly similar to Dobbas' second counterclaim for contribution and fifth counterclaim for declaratory relief. *See* Brown Decl., Ex. A at pp. 4 - 5, ¶¶ 23 - 35 and Doc. No. 25 at pp. 3-4, ¶¶ 22-30 and p. 6, ¶¶ 41-44.

Further, although this Court's ruling on DTSC's motion to dismiss may not be a change in controlling precedent, the ruling nevertheless clarified the law that private parties may bring a CERCLA counterclaim against a state government agency even if the only connection between the state and the site at issue is the state's response actions. Because WCWP's motion for leave is made pursuant to this Court's clarification of private party CERCLA claims, leave to amend may be granted.

Accordingly, WCWP's counterclaim is not futile.

### 5. The Proposed Counterclaim Will Not Cause Undue Delay.

Delay alone is not enough to support denial of a motion for leave to amend, although "undue" delay can be considered. *Loehr*, 743 F.2d at 1319-20 and

*Morongo Band of Mission Indians*, 893 F.2d at 1079. The fact that an amendment is offered late in the case is not enough to bar it. *Sonoma County Ass'n of Retired Employees*, 708 F.3d at 1118. Further, if a motion for leave to amend is brought before the deadline for such motions in the court's scheduling order, leave should be freely given pursuant to Federal Rule of Civil Procedure 15(a). *See Bush v. Ruth's Chris Steak House, Inc.*, 277 F.R.D. 214, 216 (D.D.C. 2011) (no undue delay when motion was filed within court's deadline, even if motion could have been filed prior to briefing of dispositive motions).

WCWP's motion for leave to file a counterclaim was filed well in advance of the Court's December 31, 2014 deadline for amending pleadings. Further, the trial date in this case is not until January 2017, and discovery will not close until March 2016. Thus, the parties will still have ample time to prepare for trial and conduct discovery even if WCWP's motion is granted.

Accordingly, WCWP's motion is not unduly late, nor will it cause undue delay to any opposing party.

## IV. CONCLUSION

WCWP's counterclaim arises out of the same transaction or occurrence as DTSC's complaint. Thus, granting WCWP leave to file its proposed counterclaim will promote judicial convenience and economy. On the other hand, denial of this motion would likely bar WCWP from presenting its claims against DTSC.

Further, WCWP's proposed counterclaim will not cause undue prejudice, was not put forward in bad faith, is not futile, and will not unduly delay the case.

For these and all other foregoing reasons set forth above, WCWP respectfully requests that the Court grant its motion for leave to file a counterclaim.

| | |
|---|---|
| DATED: October 2, 2014 | Respectfully submitted, |
| | PERKINS COIE LLP |
| | By: /s/ Lester O. Brown<br>     Lester O. Brown |
| | Attorneys for Defendant and Cross-Defendant<br>West Coast Wood Preserving, LLC |

# **CERTIFICATE OF SERVICE**

Case Name: *California Department of Toxic Substances Control, et al. v. Jim Dobbas, Inc. et al*

Case No.:   **2:14-cv-00595-WBS-EFB**

  I certify that on October 2, 2014, I electronically filed the following document(s) with the Clerk of the Court by using the CM/ECF system:

**NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE COUNTERCLAIM**

  Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

  I am a partner of the law firm of Perkins Coie, LLP, a member of the California State Bar, and admitted in this district. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at Perkins Coie LLP for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at Perkins Coie LLP is deposited with the United States Postal Service with postage thereon fully prepaid that same day in the ordinary course of business.

  I further certify that some of the participants in the case are not registered CM/ECF users. On October 2, 2014, I have caused to be mailed in Perkins Coie LLP's internal mail system, the foregoing document(s) by First-Class Mail, postage prepaid, to the following non-CM/ECF participants:

  David Van Over
  216 F Street, #108
  Davis, CA  95616

  I declare under penalty of perjury that the foregoing is true and correct. Executed on October 2, 2014, at Los Angeles, California

| Lester O. Brown | /s/ Lester O. Brown |
|---|---|
| Declarant | Signature |

38020-0017/LEGAL123670837.1