Lester O. Brown, Bar No. 160828
LBrown@perkinscoie.com
James G. Bernald, Bar No. 205519
JBernald@perkinscoie.com
PERKINS COIE LLP
1888 Century Park East, Suite 1700
Los Angeles, CA 90067-1721
Telephone: 310.788.9900
Facsimile: 310.788.3399

Attorneys for Defendant and Cross-Defendant
West Coast Wood Preserving, LLC

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIA DEPARTMENT OF TOXIC SUBSTANCES CONTROL and the TOXIC SUBSTANCES CONTROL ACCOUNT,<br><br>Plaintiffs,<br><br>v.<br><br>JIM DOBBAS, INC., a California corporation; CONTINENTAL RAIL, INC., a Delaware corporation; DAVID VAN OVER, individually; PACIFIC WOOD PRESERVING, a dissolved California corporation; and WEST COAST WOOD PRESERVING, LLC, a Nevada limited liability company,<br><br>Defendants.<br><br>AND RELATED CROSSCLAIMS AND COUNTERCLAIMS. | Case No. 2:14-cv-00595-WBS-EFB<br><br>**NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE THIRD-PARTY COMPLAINT AGAINST COLLINS & AIKMAN PRODUCTS, LLC**<br><br>**[Filed concurrently with Declaration of Lester O. Brown in support of Motion for Leave and Proposed Order]**<br><br>Date: November 3, 2014<br>Time: 2:00 p.m.<br>Place: Courtroom 5, 14th Floor<br>501 I Street,<br>Sacramento, CA 95814<br>Judge: William B. Shubb<br>Trial Date: January 4, 2017<br>Action Filed: March 3, 2014 |

**TO ALL PARTIES AND COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on November 3, 2014 at 2:00 p.m., or as soon thereafter as counsel may be heard by the above-entitled Court, located at Robert T. Matsui United States Courthouse, 501 I Street, Sacramento, CA 95814, in Courtroom 5 of the Honorable William B. Shubb, defendant and cross-defendant West Coast Wood Preserving LLC ("WCWP") will and hereby does move for leave to file a third-party complaint naming Collins & Aikman Products, LLC ("Collins & Aikman") and Does 1 through 10 as third-party defendants, pursuant to Federal Rule of Civil Procedure (a)(1). A copy of the proposed third-party complaint is attached as Exhibit A to the concurrently filed Declaration of Lester O. Brown.

WCWP makes this motion on the ground that the joinder of Collins & Aikman as a third-party defendant is proper because it is a potentially responsible party for the alleged response costs DTSC has incurred at the site, insurance coverage for Collins & Aikman may be available, and it will ensure that all potentially liable parties are not responsible for more than their equitable share of the alleged response costs, if any.

This motion is based upon this Notice of Motion and Motion and the accompanying Memorandum of Points and Authorities, the pleadings and papers filed in this case, and upon such other matters as may be presented to the Court at the time of hearing.

DATED:  October 2, 2014      PERKINS COIE LLP

By:  /s/ Lester O. Brown
    Lester O. Brown

Attorneys for Defendant and Cross-Defendant
West Coast Wood Preserving, LLC

## I. INTRODUCTION

Plaintiffs California Department of Toxic Substances Control and the Toxic Substances Control Account (collectively "DTSC") brought this action against various defendants, including West Coast Wood Preserving, LLC ("WCWP"). DTSC's complaint identified Collins & Aikman Products, LLC ("Collins & Aikman") as a source of a release or threatened release at the site at issue. Specifically, DTSC alleges that Collins & Aikman not only owned the site, but also conducted wood preserving operations that led to the release of hazardous substances. Nevertheless, DTSC did not name Collins & Aikman as a defendant, even though the complaint alleges facts demonstrating that Collins & Aikman is a potentially responsible party ("PRP").

By this motion, WCWP seeks leave to file a Third-Party Complaint (the "Proposed TPC") against Collins & Aikman. The joinder of Collins & Aikman is proper because it is a PRP for the alleged response costs DTSC has incurred at the site, insurance coverage for Collins & Aikman may be available, and it will ensure that all potentially liable parties are not responsible for more than their equitable share of the alleged response costs, if any.

Accordingly, WCWP respectfully requests that the Court grant WCWP's motion, and grant WCWP leave to file the Proposed TPC.

## II. BACKGROUND

### A. Procedural Posture

This case is a civil action brought by DTSC under the Comprehensive Environmental Response, Compensation, and Liability Act, 42 U.S.C. section 9601 *et seq.* ("CERCLA") and supplemental state law. DTSC alleges it has incurred response costs in connection with releases and threatened releases of hazardous substances, including arsenic, chromium, and copper, at, beneath, and/or from the approximately 7.5 acre property located northwest of the intersection of A Street and Holdener Road in the community of Elmira, Solano County, California ("the

Site"). Complaint, ECF Document Number ("Doc. No.") 1 at p. 2, ¶ 4.

On March 3, 2014, DTSC filed the complaint, naming Jim Dobbas, Inc. ("Dobbas"), Continental Rail, Inc., David Van Over ("Van Over"), Pacific Wood Preserving, and WCWP as defendants. Doc. No. 1. Since that time, Dobbas, Van Over, and WCWP have filed crossclaims against one another. Doc. Nos. 23-4, 23-5, 24, 25, 31, and 32. Dobbas also filed a counterclaim against DTSC. Doc. No. 23-1.

In its June 2, 2014 Pretrial Scheduling Order, the Court stated that any additional defendant, including Collins & Aikman, should be joined prior to December 31, 2014. Doc. No. 20 at p. 2. To date, DTSC, Dobbas, and Van Over have not added or sought leave to add Collins & Aikman as a party to this case.

### B. Factual Background

From 1979 to 1997 Collins & Aikman was the owner of the Site while hazardous substances were released into the environment. Doc. No. 1 at pp. 5-6, ¶¶ 15, 19. Moreover, Collins & Aikman conducted wood preserving operations at the Site from 1979 to 1982. Doc. No. 1 at p. 5, ¶ 15. From the 1980s through 2005, DTSC required Collins & Aikman to perform response actions at the Site due to Collins & Aikman's release of hazardous substances. Doc. No. 1 at p. 6, ¶ 17.

In the parties' Joint Status Report filed May 23, 2014, DTSC stated that it "may move to join Collins & Aikman LLC [*sic*], a cancelled Delaware limited liability company, as an additional defendant, if [DTSC] obtain[s] information through discovery or other means indicating that there is a prospect of recovery from the cancelled company's past insurance coverage." Doc. No. 15 at p. 4.

WCWP is aware that Collins & Aikman filed for Chapter 11 bankruptcy and has been cancelled pursuant to Delaware Code title 6, section 18-203. Doc. No. 1 at pp. 5-6, ¶¶ 15–21; Declaration of Lester O. Brown, ("Brown Decl.") at ¶¶ 3-6, Exhibits B-D. Further, WCWP has been made aware of potential insurance policies for Collins & Aikman that could be used towards the recovery costs that DTSC is seeking. Brown Decl., ¶¶ 7-9, Ex. E.

## III. ARGUMENT

### A. Legal Standard for Adding a Third-Party Defendant

Under Rule 14(a)(1), a defendant "may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or a part of the claim against it." Fed. R. Civ. P. 14(a); *see also In re Street*, 283 B.R. 775, 780 (Bankr. D. Ariz. 2002) (third-party claims may only be asserted when third-party liability is dependent on the outcome of the main claim against the third-party plaintiff). Rule 14(a)(1) requires a party to seek leave of court to file a third-party complaint if more than fourteen days have elapsed since that party filed its original answer.

As long as a third-party action falls within the general contours outlined by Rule 14, does not contravene customary jurisdictional and venue requirements, and will not work unfair prejudice, a district court should not preclude its prosecution. *Marseilles Hydro Power, LLC v. Marseilles Land and Water Co.*, 299 F.3d 643, 650 (7th Cir. 2002); *see Farrell Family Ventures, LLC v. Sekas & Associates, LLC*, 863 F. Supp. 2d 324, 330-31 (S.D. N.Y. 2012) (timely motions for leave to implead nonparties should be freely granted to promote judicial efficiency unless to do so would prejudice the plaintiff, unduly complicate the trial, or foster an obviously unmeritorious claim).

Because WCWP is moving to join Collins & Aikman as a third-party defendant more than fourteen days after it served its original answer to DTSC's complaint, WCWP seeks leave of court to serve and file its third-party complaint through this motion.

### B. Collins & Aikman Is a PRP for the Elmira Site and Is Potentially Liable For All or Part of the Claims against WCWP.

CERCLA imposes liability on the owner or operator of a site at the time that disposal of a hazardous substance, pollutant or contaminant occurred. 42 U.S.C. § 9607(a)(2).

DTSC alleges that from on or about September 12, 1979 through approximately 1982, Collins & Aikman conducted wood preserving operations at the Site. Doc. No. 1 at p. 5, ¶ 15. The operations resulted in the release of hazardous substances from the Site. *Id*. at p. 6, ¶ 16. These hazardous substances included arsenic, chromium, and copper, which were constituents of wood preserving chemicals used at the Site. *Id.* Further, DTSC previously identified Collins & Aikman as a party responsible for remedial actions at the Site. *Id*. at p. 6, ¶¶ 17-21. Collins & Aikman also owned the Site from September 1979 until 1997. *Id.* at pp. 5-6, ¶¶ 15, 19. Based on the data collected by DTSC regarding environmental conditions at the Site, it is clear that hazardous substances were being released to the environment for the entire period of Collins & Aikman's ownership of the site and thereafter, including the time from 1997 until Collins & Aikman filed bankruptcy in 2005. *See* Imminent or Substantial Endangerment Determination Order and Remedial Action Order dated March 16, 2011, attached to DTSC's Complaint as Exhibit B, Doc. No. 1-2 at pp. 2-6.

Because it was both an "owner" and "operator" of the Site at the time hazardous substances were allegedly released from the Site, Collins & Aikman is liable under CERCLA for its equitable share of costs that DTSC has allegedly incurred. Thus, the joinder of Collins & Aikman is proper because it is a PRP with respect to the Site.

### C. The Proposed TPC Will Assist in the Efficient Administration of Justice.

The purpose of the Proposed TPC is to allow WCWP to seek equitable contribution and declaratory relief from Collins & Aikman pursuant to Section 113(f) of CERCLA[1] for costs that WCWP may pay in the future as a result of DTSC's pending claims against WCWP. Thus, proceeding without Collins & Aikman would be inefficient, and would risk inequitable apportionment of Collins

---

[1] 42 U.S.C. §9613(f).

& Aikman's share of the alleged liability to WCWP and the other potentially liable parties. Specifically, it would be a waste of the parties' and the Court's resources to proceed with discovery, liability determinations, or allocation with a significant PRP absent.

Moreover, allowing WCWP to file and serve the Proposed TPC will bring all of the alleged parties responsible for the contamination to the Site before the Court in a single action. This is appropriate given DTSC's assertion of joint and several liability, and will allow for the efficient and equitable allocation of the alleged liability.

Of course, WCWP has denied any liability under CERCLA. Nevertheless, in the unlikely event WCWP is found liable for DTSC's alleged recovery costs, all identified PRPs at the site should be party to this case for purposes of allocation and contribution. Thus, the Proposed TPC will allow the Court to administer "complete and evenhanded justice expeditiously and economically." *LASA per L'Industria Del Marmo Societa per Azioni v. Alexander*, 414 F.2d 143, 146 (9th Cir. 1969) (*quoting Blair v. Cleveland Twist Drill Co.*, 197 F.2d 842, 845 (7th Cir. 1952)).

### D.  WCWP Has Been Made Aware of Collins & Aikman's Insurance Policies That Could Be Used towards DTSC's Recovery Costs.

Courts regularly allow bankrupt companies to be joined to establish liability. *See, e.g.*, *In re Beeney*, 142 B.R. 360, 362–363 (B.A.P. 9th Cir. 1992) (permitting creditor to pursue action against debtor to collect on insurance policy). Moreover, California law allows dissolved corporations[2] to be sued "to the extent of its undistributed assets, including, without limitation, any insurance held by the corporation." Cal. Corp. Code § 2011(a)(1)(A); *see California v. Randtron*, 69 F. Supp. 2d 1264, 1266 (E.D. Cal. 1999) (dissolved corporation can be sued pursuant

---

[2] Collins & Aikman was cancelled effective August 28, 2013. Brown Decl., ¶ 6, Ex. D. Under Delaware law, a dissolved corporation may be sued within three years of its dissolution. 8 Del. Code § 273. Thus, any action against Collins & Aikman is still timely.

to Section 2011 in order to reach corporation's insurance assets) *aff'd sub nom. People of California v. Randtron*, 268 F.3d 891 (9th Cir. 2001) *opinion amended and superseded on denial of reh'g sub nom. California v. Randtron*, 284 F.3d 969 (9th Cir. 2002).

WCWP has recently been made aware of insurance policies held by Collins & Aikman that might be used towards DTSC's alleged recovery costs. Brown Decl., ¶¶ 7-9, Ex. E. By naming Collins & Aikman as a third-party defendant, funds from these insurance policies may be made available to pay for DTSC's alleged recovery costs.

## IV. CONCLUSION

For the foregoing reasons, WCWP respectfully requests that its motion for leave to file a third-party complaint be granted, thus adding Collins & Aikman as a party to this case.

DATED: October 2, 2014           Respectfully submitted,

PERKINS COIE LLP

By:   /s/ Lester O. Brown
        Lester O. Brown

Attorneys for Defendant and Cross-Defendant
West Coast Wood Preserving, LLC

# CERTIFICATE OF SERVICE

Case Name: *California Department of Toxic Substances Control, et al. v. Jim Dobbas, Inc. et al*

Case No.:   **2:14-cv-00595-WBS-EFB**

I certify that on October 2, 2014, I electronically filed the following document(s) with the Clerk of the Court by using the CM/ECF system:

**NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE THIRD-PARTY COMPLAINT AGAINST COLLINS & AIKMAN PRODUCTS, LLC**

Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

I am a partner of the law firm of Perkins Coie, LLP, a member of the California State Bar, and admitted in this district.  I am 18 years of age or older and not a party to this matter.  I am familiar with the business practice at Perkins Coie LLP for collection and processing of correspondence for mailing with the United States Postal Service.  In accordance with that practice, correspondence placed in the internal mail collection system at Perkins Coie LLP is deposited with the United States Postal Service with postage thereon fully prepaid that same day in the ordinary course of business.

I further certify that some of the participants in the case are not registered CM/ECF users.  On October 2, 2014, I have caused to be mailed in Perkins Coie LLP's internal mail system, the foregoing document(s) by First-Class Mail, postage prepaid, to the following non-CM/ECF participants:

David Van Over
216 F Street, #108
Davis, CA  95616

I declare under penalty of perjury that the foregoing is true and correct.  Executed on October 2, 2014, at Los Angeles, California

| Lester O. Brown | /s/ Lester O. Brown |
|---|---|
| Declarant | Signature |

38020-0017/LEGAL123670837.1