# EXHIBIT A

| | |
|---|---|
| 1 | Lester O. Brown, Bar No. 160828 |
| | LBrown@perkinscoie.com |
| 2 | James G. Bernald, Bar No. 205519 |
| | JBernald@perkinscoie.com |
| 3 | PERKINS COIE LLP |
| | 1888 Century Park E., Suite 1700 |
| 4 | Los Angeles, CA 90067-1721 |
| | Telephone: 310.788.9900 |
| 5 | Facsimile: 310.788.3399 |

Attorneys for Third-Party Plaintiff
West Coast Wood Preserving, LLC

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIA DEPARTMENT OF TOXIC SUBSTANCES CONTROL, et al., | Case No. 2:14-cv-00595-WBS-EFB |
| Plaintiffs, | **WEST COAST WOOD PRESERVING, LLC'S THIRD-PARTY COMPLAINT FOR CONTRIBUTION AND DECLARATORY RELIEF** |
| v. | |
| JIM DOBBAS, INC., et al., | **DEMAND FOR JURY TRIAL** |
| Defendants. | Judge: William B. Shubb |
| | Trial Date: January 4, 2017 |
| | Action Filed: March 3, 2014 |
| WEST COAST WOOD PRESERVING, LLC, a Nevada limited liability company, | |
| Third-Party Plaintiff, | |
| v. | |
| COLLINS & AIKMAN PRODUCTS, LLC, a dissolved Delaware limited liability company, and DOES 1 through 10, inclusive, | |
| Third-Party Defendants. | |
| AND RELATED COUNTERCLAIM AND CROSSCLAIMS. | |

LEGAL123505060.4

THIRD-PARTY COMPLAINT
2:14-cv-00595-WBS-EFB

-4-

Defendant, Cross-Defendant and Third-Party Plaintiff West Coast Wood Preserving, LLC ("WCWP") for its Third-Party Complaint against Collins & Aikman Products, LLC and Does 1 through 10, inclusive, alleges as follows:

## JURISDICTION

1. The court has jurisdiction over this third-party action pursuant to 28 United States Code ("U.S.C.") section 1331 and 42 U.S.C. section 9613(b). In addition, the claims for relief asserted in this third-party complaint arise out of the same transaction or occurrence that is the subject matter of Plaintiffs California Department of Toxic Substances Control and the Toxic Substances Control Account's claims in this action. The Court therefore also has subject matter jurisdiction over these claims pursuant to 28 U.S.C. section 1367(a).

## VENUE

2. Venue is proper in the Eastern District because the entire real property that is the subject of the action is situated in the Eastern District. 28 U.S.C. § 1391(b)(2).

## THE PARTIES

3. Plaintiffs California Department of Toxic Substances Control and the Toxic Substances Control Account (collectively "DTSC") initiated this cost recovery action for the alleged release or threatened release of hazardous materials at 147 A Street, Elmira, California 95625 (the "Site"). The California Department of Toxic Substances Control is a public agency responsible for responding to releases and/or threatened releases of hazardous substance into the environment. The Toxic Substances Control Account is an account within the State of California General Fund.

4. Defendant Pacific Wood Preserving ("PWP Corp.") is a dissolved California corporation. The corporation elected to wind up and dissolve in 1979. The last of its assets were distributed in 1981.

5.      Defendant and Third-Party Plaintiff WCWP is a Nevada limited liability company, with its principal place of business in Kern County, California. It never owned or operated a facility in or around Elmira, nor did it contribute to any release of hazardous substances there.

6.      Third-Party Defendant Collins & Aikman Products, LLC ("Collins & Aikman") is formerly known as Collins & Aikman Products Co. and is the successor by merger to The Wickes Corporation ("Wickes"). Collins & Aikman conducted wood preserving operations on the Site from approximately 1979 through 1982, and owned the Site until 1997. It continued to be involved in response actions at the Site until sometime in 2005.   In 2005 Collins and Aikman declared bankruptcy.  It became a cancelled Delaware limited liability company under Delaware Code title 6, section 18-203 in 2013.

7.      WCWP is ignorant of the true names and capacities, whether individual, corporate, associate, or otherwise of Third-Party Defendants Does 1 through 10, inclusive. WCWP is informed and believes and thereon alleges that each fictitious Third-Party Defendant was affiliated with Collins & Aikman in some manner, including but not limited to, as one of the following: parent company, subsidiary company, sister company, director, officer, or employee of Collins & Aikman. WCWP is informed and believes and thereon alleges that each fictitious Third-Party Defendant was in some manner responsible for, participated in, or contributed to the matters alleged in this third-party complaint, and therefore has legal responsibility. If the exact nature and identity of such fictitious Third-Party Defendants' responsibility for participation in, and contribution to the matters alleged in this third-party complaint are ascertained by WCWP, WCWP will seek leave to amend to set forth the same.

## FACTUAL ALLEGATIONS

**Pacific Wood Preserving's Cleanup at the Elmira Site.**

1       8.      PWP Corp. operated a wood preserving and treating facility at the Site
2  from 1972 until September 1979. During PWP Corp.'s operation of the facility,
3  there were no spills or leaks from the facility resulting from any disposal practices.
4       9.      In 1978, rain storms caused wood treatment chemicals to overflow
5  from the treatment area at the Elmira Site. The heavy rains washed the chemicals
6  into a nearby drainage ditch. After the storms, on March 2, 1978 the Central Valley
7  Regional Water Quality Control Board ("Regional Board") issued a Cleanup and
8  Abatement Order. The cleanup order required PWP Corp. to: (1) clean up and
9  dispose of all the contaminated soil from the spill; and (2) develop and implement
10 methods to contain contaminated storm waters in the future.
11      10.     In 1978 and 1979, PWP Corp. performed the work required by the
12 cleanup order. It hired IT Corporation and other companies to collect and dispose
13 the contaminated soils. PWP Corp. also expanded its wastewater collection by
14 constructing a 70,000 gallon holding tank to prevent further escapes of the
15 treatment chemicals in the event of large rain storms. PWP Corp. hired CH2M Hill
16 to provide engineering services to comply with the Regional Board's requirements.
17 CH2M Hill prepared a report dated May 9, 1979 on behalf of PWP Corp., which
18 was submitted to the Regional Board.
19      11.     In 1979, the Regional Board found that PWP Corp. satisfied the
20 cleanup order requirements.  The CH2M Hill report proved that PWP Corp.
21 accomplished "the complete removal of all contaminated soil to a Class I landfill
22 and its replacement with clean native soils." The Regional Board also concluded
23 that the expansion of the wood treatment facility's storm water capacity had been
24 completed, including the construction of the 70,000 gallon holding tank designed to
25 prevent further discharge in the event of heavy storms. The Regional Board Area
26 Engineer oversaw the cleanup on a regular basis, and he signed off on the work
27 conducted by PWP Corp. and its environmental consultants.
28

12. The events that led to the cleanup order also resulted in a civil enforcement lawsuit against PWP Corp. by the State of California. That action was later settled for $7,500 as PWP Corp. had completely complied with the cleanup and investigation requirements.

13. In summary, PWP Corp. was responsible only for one incident related to the spilling of hazardous waste at the Site, and it removed and remediated that waste to the satisfaction of the Regional Board and the State.

**Pacific Wood Preserving Sells the Cleaned Elmira Site to Wickes.**

14. In late 1978, PWP Corp. received an offer from Wickes to buy its Elmira facility and operation. Negotiations commenced, and on September 12, 1979, PWP Corp. and Wickes entered into a Purchase and Sale Agreement. Under that agreement, substantially all of the property and assets of PWP Corp. (including the Elmira Site) were sold to Wickes. All of those assets were transferred to Wickes by the Bill of Sale dated September 12, 1979.

15. Wickes took possession of a clean property. The Regional Board required the remediation to be completed before approving the sale of the business to Wickes free of liability. The sale occurred with Wickes having full knowledge of the cleanup order and the state lawsuit against PWP Corp. Shortly after the sale to Wickes, the Regional Board issued a memorandum concluding that PWP Corp. had successfully completed the cleanup and the construction measures required to expand the storm water capacity of the Elmira facility, as required by the cleanup order.

**Subsequent Acts by Wickes/Collins & Aikman at the Elmira Site.**

16. Wickes' operation of the facility resulted in several severe issues related to hazardous waste discharge.

17. For example, the Regional Board issued Cleanup and Abatement Orders on June 6, 1982 and October 4, 1982 after finding that on-Site soils were contaminated (in part by a toxic spill on November 7, 1980) and were threatening

1  surface and ground waters in Elmira.  The Board further charged that Wickes
2  violated the October 4 Order, and found that Wickes had disposed of hazardous
3  waste on-site without a permit.

4      18.    From the 1980s through 2005, Collins & Aikman undertook various
5  actions directed, managed and conducted by the DTSC and its predecessor agency
6  that resulted in the release of hazardous substances to the environment at and
7  around the Site. Those actions included, leaving known concentrations of hazardous
8  substances in the soil and groundwater at the Site resulting in the continuing release
9  of hazardous substances to the environment, installing a defective groundwater
10 extraction and treatment system that the DTSC knew or should have known would
11 not stop the release of hazardous substances into the environment, failing to
12 properly maintain the groundwater treatment system, and failing to undertake
13 needed response actions at the site during the time Collins & Aikman was a solvent
14 private party PRP and/ or owned the site.

15 **WCWP Had No Involvement in or at the Elmira Site.**

16     19.    WCWP never operated the facility nor contributed to the release of
17 hazardous materials at the Site.

18     20.    Before September 2010, neither DTSC or any other state agency had
19 notified or found WCWP responsible for any hazardous waste cleanup at the Site.

20                            **FIRST CLAIM FOR RELIEF**
21                    **Contribution pursuant to 42 U.S.C. § 9613**
22                                 **(Against All Defendants)**

23     21.    The allegations above are incorporated as though set out in full herein
24 by this reference.

25     22.    Collins & Aikman is a "person" within the meaning of 42 U.S.C.
26 section 9601(9).

27
28

LEGAL123505060.4     -5-     THIRD-PARTY COMPLAINT
    2:14-cv-00595-WBS-EFB

23. Collins & Aikman is an "owner" and/or "operator" of the Elmira Site "at the time of disposal of a hazardous substance" there as those terms are used in 42 U.S.C. section 9607(a).

24. WCWP is not responsible for any of the Elmira Site contamination.

25. To the extent that any party, including the State of California has incurred recoverable response costs, asserts liability for some or all of those costs against WCWP, or asserts a contribution claim against WCWP for such costs incurred by another party, WCWP is entitled to contribution from Collins & Aikman for the costs sought by Plaintiffs to the extent they are recoverable under 42 U.S.C. section 9613.

## SECOND CLAIM FOR RELIEF

### Declaratory Judgment pursuant to 28 U.S.C. § 2201

### (Against All Defendants)

26. The allegations above are incorporated as though set out in full herein by this reference.

27. An actual controversy exists between WCWP and Collins & Aikman regarding their respective rights and obligations for response costs that WCWP may incur to respond to any release and/or threatened release of hazardous substances into the soil and/or groundwater at and from the Site. Unless all of the rights, duties, and obligations of WCWP are determined in this action, there will be a multiplicity of actions. Judicial determination of the liability of Collins & Aikman is necessary and appropriate at this time in order that WCWP may ascertain its rights as against DTSC.

28. Pursuant to 28 U.S.C. section 2201(a), this Court has jurisdiction to award declaratory relief. WCWP, therefore, requests a judicial determination of its rights, and the duties and obligations of Collins & Aikman, in responding to the release and/or threatened release of hazardous substances into the soil and/or groundwater at and from the Site.

1    29.    Pursuant to 28 U.S.C. section 2202, WCWP further requests that this Court, after entering the declaratory judgment prayed for herein, retain jurisdiction of this action to grant WCWP such further relief against Collins & Aikman as necessary and proper to effectuate the Court's declaration.

## PRAYER FOR RELIEF

WHEREFORE, WCWP prays for judgment and relief as follows:

1. In the event WCWP is found to have any liability, it is entitled to contribution pursuant to 42 U.S.C. section 9613(f) from Collins & Aikman for any costs incurred and/or to be incurred by WCWP in response to the release and/or threatened release of hazardous substances at or from the Site;

2. For a declaration and judgment of this Court in favor of WCWP and against Collins & Aikman such that Collins & Aikman is declared solely responsible for the contamination at the Site, that all alleged costs for all remedial actions at the Site to date and in the future should be allocated to Collins & Aikman, and an order retaining jurisdiction to effectuate a declaration that Collins & Aikman is liable for all costs that WCWP may incur to respond to the release and/or threatened release of hazardous substances at and from the Site;

3. For costs of suit incurred herein; and

4. Such other relief as the Court deems equitable and just

DATED: October 2, 2014                **PERKINS COIE LLP**

By:/s/ Lester O. Brown
    Lester O. Brown

Attorneys for Defendant, Cross-Defendant and Third-Party Plaintiff West Coast Wood Preserving, LLC

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## JURY DEMAND

Third-Party Plaintiff West Coast Wood Preserving, LLC hereby demands a jury trial in this action.

DATED: October 2, 2014

**PERKINS COIE LLP**

By: /s/ Lester O. Brown
    Lester O. Brown

Attorneys for Defendant, Cross-Defendant and Third-Party Plaintiff West Coast Wood Preserving, LLC