KAMALA D. HARRIS, State Bar No. 146672
Attorney General of California
SARAH E. MORRISON, State Bar No. 143459
Supervising Deputy Attorney General
THOMAS G. HELLER (Counsel for service)
State Bar No. 162561
DENNIS L. BECK, JR., State Bar No. 179492
Deputy Attorneys General
 300 South Spring Street, Suite 1702
 Los Angeles, CA 90013
 Telephone: (213) 897-2628
 Fax: (213) 897-2802
 E-mail: Thomas.Heller@doj.ca.gov
*Attorneys for Plaintiffs California
Department of Toxic Substances Control and Toxic
Substances Control Account*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| **CALIFORNIA DEPARTMENT OF TOXIC SUBSTANCES CONTROL and the TOXIC SUBSTANCES CONTROL ACCOUNT,**<br><br>Plaintiffs,<br><br>v.<br><br>**JIM DOBBAS, INC., a California corporation; CONTINENTAL RAIL, INC., a Delaware corporation; DAVID VAN OVER, individually; PACIFIC WOOD PRESERVING, a dissolved California corporation; and WEST COAST WOOD PRESERVING, LLC., a Nevada limited liability company,**<br><br>Defendants.<br><br>And related counterclaim and cross-claims. | 2:14-cv-00595-WBS-EFB<br><br>**REPLY TO OPPOSITION OF DAVID VAN OVER TO PLAINTIFFS' MOTION TO DISMISS DEFENDANT JIM DOBBAS, INC.'S COUNTERCLAIM, AND TO STRIKE PORTIONS OF ANSWERS OF DEFENDANTS JIM DOBBAS, INC., DAVID VAN OVER, AND WEST COAST WOOD PRESERVING, LLC**<br><br>Date: October 20, 2014<br>Time: 2:00 p.m.<br>Place: Courtroom 5, 14th Floor<br>　　　　Robert T. Matsui United States Courthouse<br>　　　　501 I Street<br>　　　　Sacramento, CA 95814<br><br>Judge: Hon. William B. Shubb<br>Trial Date: January 4, 2017<br>Action Filed: March 3, 2014 |

The California Department of Toxic Substances Control and the Toxic Substances Control Account (collectively, Plaintiffs) moved to strike David van Over's (Van Over's) jury demand and request for attorney's fees, and seventeen of Van Over's forty-five affirmative defenses.[1] Van Over's opposition does not mention the request for attorney's fees, but does briefly address the challenged affirmative defenses and the jury demand. Plaintiffs' reply to Van Over's opposition is as follows:

## I. THE COURT SHOULD STRIKE VAN OVER'S REQUEST FOR ATTORNEY'S FEES.

Van Over offers no argument or authority as to why the Court should retain Van Over's request for attorney's fees. The Court previously granted Plaintiffs' motion to strike as to a similar request for attorney's fees in the answer of defendant Jim Dobbas, Inc. (Dobbas), because there was no right for a prevailing defendant to recover attorney's fees under the Comprehensive Environmental Response, Compensation, and Liability Act of 1980 (CERCLA) (42 U.S.C. § 9601 et seq.), or California's Carpenter-Presley-Tanner Hazardous Substance Account Act (HSAA) (Cal. Health & Safety Code § 25300 et seq.). (Mem. and Order, ECF No. 43, filed Sept. 16, 2014.) The Court should apply the same reasoning here and strike Van Over's request for attorney's fees.

## II. VAN OVER'S "ABUNDANCE OF CAUTION" IS NOT A REASON TO DENY PLAINTIFFS' MOTION TO STRIKE VAN OVER'S INSUFFICIENT AFFIRMATIVE DEFENSES.

Van Over asserts that he included the seventeen challenged affirmative defenses "in an abundance of caution and to preserve [his] rights" while "conducting further inquiry into the allegations in the Complaint." (Van Over Opp. at 2, ECF No. 48, filed Sept. 29, 2014.) But "abundance of caution" is not a reason to deny Plaintiffs' motion to strike these affirmative defenses, which are insufficient as a matter of law. Van Over does not cite any authority demonstrating that any of the challenged affirmative defenses are sufficient. The authorities cited in Plaintiffs' motion demonstrate that the challenged affirmative defenses are insufficient (see Mot. at 14-21); therefore, the Court should strike them.

---

[1] The seventeen challenged defenses are Van Over Affirmative Defenses 5, 6, 7, 9, 10, 11, 12, 13, 14, 27, 28, 34, 35, 39, 41, 42, and 44. (Not. of Mot. at 1:23-24, ECF No. 27, filed July 7, 2014.)

1

Three of the seventeen challenged Van Over defenses parallel causation-based affirmative defenses of Dobbas that the Court declined to strike in its September 16, 2014 Memorandum and Order.  (Van Over Answer 5:8-12, ¶ 9 (9th Defense - Cause In Fact), 5:13-17, ¶ 10 (10th Defense - Proximate Cause/Substantial Factor), 9:22-25, ¶ 34 (34th Defense – Causation – Not Fairly Traceable).)  Plaintiffs continue to assert that these causation-based defenses are insufficient, and that they do not allege each element of a "third party" defense under CERCLA section 107(b)(3) (42 U.S.C. § 9607(b)(3)).  The elements of that defense are:  (1) another party was the sole cause of the release of hazardous substances and the damages caused thereby; (2) the other, responsible party did not cause the release in connection with a contractual, employment, or agency relationship with the defendant; and (3) the defendant exercised due care and guarded against the foreseeable acts or omissions of the responsible party.  42 U.S.C. § 9607(b)(3).  None of the three causation-based Van Over defenses that Plaintiffs challenge alleges the lack of a contractual, employment, or agency relationship, or that Van Over exercised due care.  Furthermore, Van Over's sixteenth affirmative defense is a CERCLA section 107(b) defense,  and Plaintiffs have not moved to strike it.  (Van Over Answer 6:14-19, ¶ 16 (42 U.S.C. section 9607(b) defenses).)  Therefore, even if the three causation-based defenses did satisfy CERCLA section 107(b)(3), they would still be redundant of the CERCLA section 107(b) defense asserted elsewhere in Van Over's answer.

Van Over's "abundance of caution" is not a reason for the Court to allow the three causation-based defenses, or any of the other challenged defenses, to remain in the case.  Based on the authorities cited in Plaintiffs' motion, the Court should strike all of the challenged affirmative defenses in Van Over's answer.

**III.   IF THE COURT DENIES THE MOTION TO STRIKE VAN OVER'S JURY DEMAND ON PLAINTIFF'S CERCLA CLAIMS, IT SHOULD REVISIT THE ISSUE AT OR BEFORE THE FINAL PRETRIAL CONFERENCE.**

Van Over opposes Plaintiffs' motion to strike his jury demand.  In the Court's September 16, 2014 Memorandum and Order, the Court "err[ed] on the side of preserving" the right to a jury trial as to Plaintiffs' and Dobbas's CERCLA claims and counterclaims, finding resolution of the jury issue as to such claims "inappropriate on a motion to strike."  (Mem. and Order at 14.)  The

Court also denied Plaintiffs' motion to strike Dobbas's request for a jury trial on Plaintiffs' claims under the HSAA. (*Id.* at 16.)

Plaintiffs' HSAA claim against Van Over is the same as Plaintiffs' HSAA claim against Dobbas. Therefore, the Court's prior analysis as to Dobbas's right to a jury trial on Plaintiffs' HSAA claim applies equally to Van Over. While Plaintiffs respectfully disagree with the Court's ruling on that issue, Plaintiffs will not re-argue that issue here.

As to the right to a jury trial under CERCLA, the Court's ruling as to Dobbas was based on: (1) uncertainty whether a jury right exists on a CERCLA cost recovery claim under section 107(a) (42 U.S.C. § 9607(a)), citing *AMW Materials Testing, Inc. v. Town of Babylon*, 584 F.3d 436, 452 (2d Cir. 2009); and (2) uncertainty whether a jury right exists on Dobbas's CERCLA contribution claim under section 113(f) (42 U.S.C. § 9613(f)). (Mem. and Order at 13-14.) As to Van Over's request for a jury trial, the latter uncertainty is not a factor, because Plaintiffs have not asserted a CERCLA contribution claim under section 113(f) against Van Over (or any other defendant). Instead, Plaintiffs have only asserted a cost recovery claim against Van Over under CERCLA section 107(a), and a declaratory relief claim for future cost recovery under CERCLA section 113(g)(2). In addition, Van Over has not filed a counterclaim against Plaintiffs under any theory.

With respect to a cost recovery claim under CERCLA section 107(a), the Court's Memorandum and Order noted that *AMW Materials Testing* did not actually hold that a jury trial right existed. (Mem. and Order at 13 n.4.) In addition, both the Third and Eighth Circuits have expressly held that there is no jury trial right in a cost recovery action under CERCLA section 107. *Hatco Corp. v. W.R. Grace & Co. - Conn.*, 59 F.3d 400, 411-12 (3d Cir. 1995); *United States v. Northeastern Pharmaceutical & Chem. Co.*, 810 F.2d 726, 749 (8th Cir. 1987). *Hatco* further noted that the Eighth Circuit's holding on this issue in *Northeastern Pharmaceutical* has been "widely accepted." *Hatco*, 59 F.3d at 412; *see also State of New York v. Lashins Arcade Co.*, 91 F.3d 353, 362 n.7 (2d Cir. 1996) (dicta stating that district court's finding of right to jury trial under CERCLA "stands alone (so far as we are aware) in opposition to the overwhelming weight of authority on this issue").

Accordingly, Plaintiffs continue to maintain that none of the defendants has a right to a jury trial on Plaintiffs' CERCLA cost recovery claims.  But given the Court's ruling in the Memorandum and Order that resolution of this issue is inappropriate on a motion to strike, Plaintiffs will not argue it further here.  Plaintiffs request that the Court revisit the jury trial issue as to the CERCLA claims and counterclaims in the case at or before the Final Pretrial Conference.

Dated:  October 6, 2014　　　　　　　　　　　　　Respectfully Submitted,

　　　　　　　　　　　　　　　　　　　　　　　　KAMALA D. HARRIS
　　　　　　　　　　　　　　　　　　　　　　　　Attorney General of California
　　　　　　　　　　　　　　　　　　　　　　　　SARAH E. MORRISON
　　　　　　　　　　　　　　　　　　　　　　　　Supervising Deputy Attorney General


　　　　　　　　　　　　　　　　　　　　　　　　*/s/ Thomas G. Heller*


　　　　　　　　　　　　　　　　　　　　　　　　THOMAS G. HELLER
　　　　　　　　　　　　　　　　　　　　　　　　DENNIS L. BECK, JR.
　　　　　　　　　　　　　　　　　　　　　　　　Deputy Attorneys General
　　　　　　　　　　　　　　　　　　　　　　　　*Attorneys for Plaintiffs California*
　　　　　　　　　　　　　　　　　　　　　　　　*Department of Toxic Substances Control*
　　　　　　　　　　　　　　　　　　　　　　　　*and Toxic Substances Control Account*