Lester O. Brown, Bar No. 160828
LBrown@perkinscoie.com
James G. Bernald, Bar No. 205519
JBernald@perkinscoie.com
PERKINS COIE LLP
1888 Century Park East, Suite 1700
Los Angeles, CA  90067-1721
Telephone:  310.788.9900
Facsimile:  310.788.3399

Attorneys for Counterclaimant
West Coast Wood Preserving, LLC

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIA DEPARTMENT OF TOXIC SUBSTANCES CONTROL, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>JIM DOBBAS, INC., et al.,<br><br>Defendants.<br><hr>WEST COAST WOOD PRESERVING, LLC, a Nevada limited liability company<br><br>Counterclaimant,<br><br>v.<br><br>CALIFORNIA DEPARTMENT OF TOXIC SUBSTANCES CONTROL and the TOXIC SUBSTANCES CONTROL ACCOUNT,<br><br>Counter-defendants.<br><hr>AND RELATED CROSSCLAIMS AND COUNTERCLAIM | Case No. 2:14-cv-00595-WBS-EFB<br><br>**COUNTERCLAIMANT WEST COAST WOOD PRESERVING, LLC'S COUNTERCLAIM AGAINST COUNTER-DEFENDANTS CALIFORNIA DEPARTMENT OF TOXIC SUBSTANCES CONTROL AND THE TOXIC SUBSTANCES CONTROL ACCOUNT FOR:**<br><br>**(1) CONTRIBUTION**<br><br>**(2) DECLARATORY JUDGMENT**<br><br>Judge:          William B. Shubb<br>Trial Date:     January 4, 2017<br>Action Filed:   March 3, 2014 |

1    Defendant, cross-defendant and counterclaimant West Coast Wood

2   Preserving, LLC ("WCWP") hereby counterclaims against plaintiffs and counter-

3   defendants California Department of Toxic Substances Control and the Toxic

4   Substances Control Account (collectively "DTSC"). WCWP makes the following

5   allegations upon information and belief as to all matters, other than those

6   allegations specifically referring to WCWP, which it makes based upon its own

7   knowledge:

8                                    **JURISDICTION**

9    1.    The Court has jurisdiction over these counterclaims pursuant to 28

10   United States Code ("U.S.C.") section 1331, and 42 U.S.C. section 9613(b).

11                                       **VENUE**

12   2.    Venue is proper in this district pursuant to 28 U.S.C. 1391(b) and 42

13   U.S.C. section 9613(b) because the alleged acts and omissions relate to the alleged

14   hazardous substances releases giving rise to this counterclaim and DTSC's claims

15   asserted in its complaint filed in this case, and relate to the real property located at

16   or near 147 A Street, Elmira, Solano County, California ("the Site").

17                                       **PARTIES**

18   3.    WCWP is a Nevada limited liability company with its principal place

19   of business in Kern County, California. WCWP is not a successor to Defendant

20   Pacific Wood Preserving, a dissolved California corporation.

21   4.    The California Department of Toxic Substances Control is a public

22   agency responsible for responding to releases and/or threatened releases of

23   hazardous substance into the environment. Its predecessor agency was the

24   California Department of Health Services.

25   5.    The Toxic Substances Control Account is an account within the State

26   of California General Fund.

27

28

**GENERAL ALLEGATIONS**

6.      DTSC, and/or its predecessor agency, the California Department of Health Services, has been involved with the property located at or near the Site for more than thirty-five years.

7.      Collins & Aikman Products Company (and its predecessor-in-interest the Wickes Corporation) (collectively "C&A") owned the Site from 1979 to 1997. From the early 1980s to 2005, C&A undertook various actions directed, managed and conducted at the direction of the DTSC and its predecessor agency that resulted in the release of hazardous substances to the environment at and around the Site. Those actions included, leaving known concentrations of hazardous substances in the soil and groundwater at the Site resulting in the continuing release of hazardous substances to the environment, installing a defective groundwater extraction and treatment system that the DTSC knew or should have known would not stop the release of hazardous substances into the environment, failing to properly maintain the groundwater treatment system, and failing to undertake needed response actions at the site during the time Collins and Aikman was a solvent private party PRP and/or owned the site.

8.      DTSC and/or its predecessor agency approved a remedial action plan for the Site in or around the year 1983 ("1983 Remedial Action Plan"). A copy of the 1983 Remedial Action Plan is attached hereto as Exhibit A and incorporated by this reference as though fully stated herein.

9.      Subsequent to approval and implementation of the 1983 Remedial Action Plan, DTSC and/or its predecessor agency has undertaken additional response actions at, on, and/or near the Site and surrounding properties. Among other things, DTSC identified, approved, and ordered the implementation of the response actions in the 1983 Remedial Action Plan, including the installation of an asphalt cap and the use of a groundwater extraction and treatment system.

10. On or about March 6, 1996, DTSC issued a Certification of Remedial Action for the Site ("1996 Certification of Remedial Action"). A copy of the 1996 Certification of Remedial Action is attached hereto as Exhibit B and incorporated by this reference as though fully stated herein.

11. The 1996 Certification of Remedial Action states that the removal/remediation actions had been completed and acceptable engineering practices had been implemented.

12. Subsequent to DTSC's 1996 Certification of Remedial Action for the Site, DTSC continued to be actively involved in the Site and surrounding property.

13. In May 2005, C&A declared bankruptcy and shortly thereafter ceased remediation efforts at the Site.

14. In late 2005, DTSC began performing the response actions that C&A previously performed at the Site.

15. In July 2010, DTSC issued a Removal Action Workplan (the "2010 Workplan"). The 2010 Workplan called for contaminated soil excavation, off-site disposal, backfilling, confirmation sampling, demolition of the groundwater extraction and treatment system, and long-term groundwater monitoring.

16. In March 2011, DTSC issued an Imminent or Substantial Endangerment Determination Order and Remedial Action Order (the "2011 Order"). Based on the data collected by DTSC regarding the environmental conditions as the Site (as set forth in the 2011 Order), hazardous substances were being released to the environment for the entire period of C&A's ownership of the Site and thereafter, up to and including April 2010.

17. From November 2005 to the present, DTSC has taken response actions at the Site, including, among other things, efforts to repair and restart the groundwater extraction and treatment system, completion of a remedial investigation for site soils, preparation of the 2010 Workplan, implementation of the 2010 Workplan, and groundwater monitoring.

-3-

1    18.    According to DTSC, from late 2005 to September 2013 it incurred

2    over $2.2 million in response costs related to the release and/or threatened release

3    of hazardous substances at, around and/or beneath the Site. In addition, DTSC

4    expects to incur additional response costs.

5    19.    As described above, DTSC managed, directed, and conducted

6    operations specifically related to pollution at the Site. Accordingly, DTSC is an

7    "operator" of the Site as that term is used in 42 U.S.C. section 9607(a).

8    20.    DTSC, through its response actions at the Site, is a liable party

9    pursuant to 42 U.S.C. section 9607(a).

10   21.    DTSC's complaint on file in this case includes a claim for recovery of

11   response costs pursuant to 42 U.S.C. section 9607(a) against, *inter alia*, WCWP.

12   22.    DTSC'S selection and implementation of response actions at, on,

13   and/or near the Site and surrounding properties were, and continue to be, negligent,

14   grossly negligent and/or constitute intentional misconduct.

15   **FIRST COUNTERCLAIM**

16   **Contribution pursuant to 42 U.S.C. § 9613**

17   23.    WCWP realleges and incorporates by reference the allegations

18   contained in paragraphs 1 through 22, inclusive.

19   24.    DTSC alleges in its complaint that the Site is a "facility" within the

20   meaning of section 101(9) of CERCLA, 42 U.S.C. section 9601(9). If such

21   allegation is true, the Site is a "facility."

22   25.    DTSC is a "person" within the meaning of section 101(21) of

23   CERCLA, 42 U.S.C. section 9601(21).

24   26.    DTSC is an "operator," or was an "operator," of the Site "at the time

25   of disposal of any hazardous substance" there, as those terms are used in section

26   107(a) of CERCLA, 42 U.S.C. section 9607(a).

27   27.    DTSC negligently selected and implemented response actions at, on,

28   and/or near the Site and surrounding properties.

1    28.    DTSC has engaged in gross negligence and/or intentional misconduct

2    at and with respect to the Site, in violation of 42 U.S.C. section 9607(d).

3    29.    WCWP did not cause or contribute to any "hazardous substance"

4    "release" or "threatened release" at or from the Site.

5    30.    WCWP denies that it is liable for any costs incurred as the result of the

6    alleged release or threatened release of hazardous substances at or from the Site.

7    31.    To the extent that any party has incurred recoverable response costs

8    and asserts liability for some or all of those costs against WCWP or asserts a

9    contribution claim against WCWP for such costs incurred by another party, WCWP

10   is entitled to contribution from DTSC for such costs to the extent they are

11   recoverable under 42 U.S.C. section 9613.

12   ## SECOND COUNTERCLAIM

13   ### Declaratory Judgment pursuant to 28 U.S.C. § 2201

14   32.    WCWP realleges and incorporates by reference the allegations

15   contained in paragraphs 1 through 31, inclusive.

16   33.    An actual controversy exists between WCWP and DTSC regarding

17   their respective rights and obligations for response costs that WCWP may incur to

18   respond to any release and/or threatened release of hazardous substances into the

19   soil and/or groundwater at and from the Site. Unless all of the rights, duties, and

20   obligations of WCWP are determined in this action, there will be a multiplicity of

21   actions. Judicial determination of the liability of DTSC is necessary and appropriate

22   at this time so that WCWP may ascertain its rights as against DTSC.

23   34.    Pursuant to 28 U.S.C. section 2201(a), this Court has jurisdiction to

24   award declaratory relief. WCWP, therefore, requests a judicial determination of its

25   rights, and the duties and obligations of DTSC, in responding to the release and/or

26   threatened release of hazardous substances into the soil and/or groundwater at and

27   from the Site.

28

35. Pursuant to 28 U.S.C. section 2202, WCWP further requests that this Court, after entering the declaratory judgment prayed for herein, retain jurisdiction of this action to grant WCWP such further relief against DTSC as necessary and proper to effectuate the Court's declaration.

## PRAYER FOR RELIEF

WHEREFORE, WCWP prays for judgment and relief as follows:

1. In the event WCWP is found to have any liability, it is entitled to contribution pursuant to 42 U.S.C. section 9613(f) from DTSC for any costs incurred and/or to be incurred by WCWP in response to the release and/or threatened release of hazardous substances at or from the Site;

2. For a declaration and judgment of this Court in favor of WCWP and against DTSC, that any alleged costs for all remedial actions at the Site to date and in the future should be allocated to DTSC, and an order retaining jurisdiction to effectuate a declaration that DTSC is liable for all costs incurred and/or to be incurred by WCWP in response to the release and/or threatened release of hazardous substances at and from the Site;

3. For costs of suit incurred herein; and

4. Such other relief as the Court deems equitable and just.

DATED:  October 27, 2014                **PERKINS COIE** LLP


By: /s/ Lester O. Brown
         Lester O. Brown

Attorneys for Counterclaimant,
Defendant and Cross-Defendant
West Coast Wood Preserving, LLC