# EXHIBIT B

REMEDIAL ACTION CERTIFICATION FORM

1. Site Name and Location:

    Wickes Forest Industries
    147 A Street
    Solano County
    Elmira, California 95625

    A. List any other names that have been used to identify sites: Pacific Wood Preserving, Wickes Companies Inc.

    B. Address of site if different from above:

    C. Assessor's Parcel Numbers: 142-01-13 and 14

2. Responsible Parties:

    Collins & Aikman Products Co.
    701 McCullough Drive
    P. O. Box 32665
    Charlotte, North Carolina, 28232
    (707) 548-2091
    Attn: John B. Orgain, IV

    Relationship to site:

       Collins & Aikman Products Co. purchased the Wickes Forest Industries company which was the owner of the site.

3. Brief Description and History of the Site:

       Pacific Wood Preserving operated the wood treatment site until September 1979, when Wickes purchased the Site. Wickes operated the site until August 1982. During the operation period lumber was treated with preservative solutions containing arsenic, chromium, and copper. Investigations have shown that the Site soils have been contaminated by these inorganic metals. Groundwater beneath the Site and beneath adjacent properties has also been affected by chromium. Two Remedial Actions Plans (RAPs) have been completed to address the contamination. The September 9, 1983, RAP was prepared for the soil contamination, storm water control, and groundwater treatment in the southern portion of the Site, and the soil contamination in the northern portion was addressed in the February 25, 1994 RAP. The RAPs identify that contaminated soils in the northern and southern areas shall be remediated by asphalt capping; storm water to be

1

DTSC, et al. v. Jim Dobbas, Inc., et al.
ADMIN002281

Exhibit B - Page 32

STATE OF CALIFORNIA — ENVIRONMENTAL PROTECTION AGENCY PETE WILSON, Governor

**DEPARTMENT OF TOXIC SUBSTANCES CONTROL**
10151 CROYDON WAY, SUITE 3
SACRAMENTO, CA 95827-2106



(916) 255-3545

March 12, 1996

Mr. James D. Moore III
Environmental Manager
Collins & Aikman Products Co.
P.O. Box 32665
Charlotte, North Carolina 28232

WICKES FOREST INDUSTRIES, ELMIRA CALIFORNIA, SOLANO COUNTY: SITE CERTIFICATION

Dear Mr. Moore:

Enclosed is a copy of the signed final Operation and Maintenance Agreement (OMA) for the Wickes Forest Industries site in Elmira, California. The OMA incorporates the language that was agreed upon through negotiations between DTSC and the Collins & Aikman Products Co (CAPCo). With the approval of the October 16, 1995, Operation and Maintenance Manual (OMM) and the signing of the OMA, DTSC hereby certifies implementation of the final remedial actions at the Wickes Site. Be advised that, in addition to the implementation of the OMM, the OMA contains paragraphs which specify compliance conditions. It is CAPCo's responsibility to insure that these conditions are met.

DTSC has also completed a review of the March 4, 1996, transmittal of the sheet for Wickes. The fact sheet was prepared by Levine * Fricke on behalf of CAPCo and it is intended to present a description of the remedial actions conducted at the site as well as the activities to be conducted as part of ongoing operation and maintenance. By this letter DTSC approves the fact sheet. It shall be distributed to the recipients identified on the Wickes mailing list mail and the DTSC mandatory mailing list within 15 days of the date of this letter. Attached is the latest copy of DTSC,s mandatory mailing list.

If you have any questions or comments please contact Timothy Patenaude at (916) 255-3580.

Sincerely,

James L. Tjosvold, P.E.
Branch Chief
Central California Cleanup
Operations Branch

Enclosure

DTSC, et al. v. Jim Dobbas, Inc., et al.
ADMIN002277

cc: John B. Orgain, Esq.
    Senior Counsel
    Collins & Aikman Corporation
    P.O. Box 32665
    Charlotte, North Carolina 28232

    Mr. Frank Lorincz
    Levine-Fricke
    1900 Powell Street, 12th Floor
    Emeryville, California 94608

    Mr. Lawrence Pearson, P.E.
    Supervising Engineer
    Regional Water Quality Control Board
    Central Valley Region
    3443 Routier Road
    Sacramento, California 95827

    Greg Mackin
    Collins & Aikman Corporation
    P.O. Box 32665
    Charlotte, North Carolina 28232

DTSC, et al. v. Jim Dobbas, Inc., et al.
ADMIN002278

Exhibit B - Page 34

REGION 1
MANDATORY MAILING LIST
8-17-95

TOXICS ASSESSMENT GROUP
JODY SPARKS
P O BOX 73620
DAVIS   CA 95617

CA DEPT TOXICS
MARCIA MURPHY   CHIEF
PUBLIC PARTICIPATION
P O BOX 806
SACRAMENTO   CA 95812-0806

CA DEPT TOXICS-REGION 1
I   BAKER
EXTERNAL AFFAIRS LIAISON
10151 CROYDON WAY   SUITE 3
SACRAMENTO   CA 95827

ENVIRONMENTAL HEALTH COALITION
DIANE TAKVORIAN
1717 KETTNER   SUITE 100
SAN DIEGO   CA 92101

CA DEPT TOXICS-REGION 1
LARRY WOODSON
PUBLIC PARTICIPATION SUPERVISOR
10151 CROYDON WAY   SUITE 3
SACRAMENTO   CA 95827

LEAGUE OF WOMEN VOTERS
ANN COOMBS
5⁇1 GUADALUPE DRIVE
L   ALTOS   CA 94022

SIERRA CLUB
LIZ ALLEN
394 BLAISDELL
CLAREMONT   CA 91711

CA COUNCIL FOR ENVIRONMENT AND
   ECONOMIC BALANCE
LISA BICKER
100 SPEAR STREET   SUITE 805
SAN FRANCISCO   CA 94105

CA DEPT TOXICS
JESSE R. HUFF DIRECTOR
P O BOX 806
SACRAMENTO   CA 95812-0806

CITIZENS FOR A BETTER ENVIRONMENT
MIKE BELLIVEAU
501 SECOND STREET   SUITE 305
SAN FRANCISCO   CA 94107

GREENPEACE
BRADLEY ANGEL
568 HOWARD STREET   3RD FLOOR
SAN FRANCISCO   CA 94105-3008

CENTER FOR COMMUNITY ACTION
   AND ENVIRONMENTAL JUSTICE
PENNY NEWMAN
P O BOX 33124
RIVERSIDE   CA 92519

CALPIRG
MARY RAFTERY
LEGISLATIVE ADVOCATE
926 J STREET   SUITE 713
SACRAMENTO   CA 95814

DTSC, et al. v. Jim Dobbas, Inc., et al.
ADMIN002279

ENVIRONMENTAL DEFENSE FUND
DAVID ROE
ROCKRIDGE MARKET MALL
5655 COLLEGE AVENUE
OAKLAND   CA 94618

DEPT OF TOXIC SUBSTANCES CONTROL
PUBLIC PARTICIPATION OFFICE
SITE FILE
10151 CROYDON WAY   SUITE 3
SACRAMENTO   CA 95827
ATTN:  SUSIE FLOWERS

MORRISON KNUDSEN CORPORATION
JOHN BORS
180 HOWARD STREET
SAN FRANCISCO   CA 94105

SIERRA CLUB
BONNIE HOLMES
c/o JOHN WHITE ASSOCIATES
1100 11TH STREET   SUITE 311
SACRAMENTO   CA 95814

PLANNING AND CONSERVATION LEAGUE
GARY PATTON
926 J STREET   SUITE 612
SACRAMENTO   CA 95814

US EPA - REGION IX
GWENDOLYN ENG
REGIONAL REPRESENTATIVE
75 HAWTHORNE STREET
SAN FRANCISCO   CA 94105

CA DEPT TOXICS
PAUL BLAIS
SITE MITIGATION
P O BOX 806
SACRAMENTO   CA 95812-0806

WASTE MANAGEMENT OF NORTH AMERICA
GOVERNMENT AFFAIRS
CHUCK WHITE
915 L STREET   SUITE 1430
SACRAMENTO   CA 95814

DESERT CITIZENS AGAINST POLLUTION
STORMY WILLIAMS
3813 50TH STREET   WEST
ROSAMOND   CA 93560

DTSC, et al. v. Jim Dobbas, Inc., et al.
ADMIN002280

Exhibit B - Page 36

captured and routed off-site; and affected groundwater to be extracted and treated with an on-site electrochemical co-precipitation treatment system. The RAPs also set forth the chemicals to be remediated, remediation levels, requirements for monitoring capture zones, and reporting requirements.

4. **Type of Site:**

   RCRA-Permitted Facility \_\_\_\_    Bond-funded \_\_\_\_

   RCRA Facility Closure   \_\_\_\_    RP-funded   __X__

   Federal Facility        \_\_\_\_    NPL         \_\_\_\_

   Other:

   Explain Briefly:

5. **Size of Site:**

   Small \_\_\_\_   Medium \_\_\_\_   Large __X__   Extra Large \_\_\_\_

6. **Dates of Remedial Action**

   - Ground Water Extraction and Treatment - December 1983.
   - Soil removal, asphalt cap and expanded groundwater extraction and treatment - October 1994.

7. **Response Action Taken on Site:**

   \_\_\_\_ Initial Removal or Remedial Action (site inspection/sampling)
   __X__ Final Remedial Action
   \_\_\_\_ RCRA enforcement/closure action
   \_\_\_\_ No action, further investigation verified that no cleanup action at site was needed.

   A. Type of Remedial Action:

   - Soil excavation and off-site disposal.
   - Asphalt cap.
   - Ground water extraction and treatment in an on-site chemical treatment plant.
   - Deed Restriction.

   B. Estimated quantity of waste associated with the site:

   1. __X__ removed soil            Amount: 3,040 Cu Yrds
   2. __X__ untreated (capped sites) Amount: 4.3 acres
   3. __X__ treated ground water    Amount: 45,000,000 gallons to date

2

DTSC, et al. v. Jim Dobbas, Inc., et al.
ADMIN002282

8. **Cleanup Levels/Standards**

   A. What were the cleanup standards established by DTSC/EPA pursuant to the final RAP or workplan (if cleanup occurred as the result of a removal action (RA) or interim remedial measures (IRM) prior to development of a RAP)?

   50 part per billion total chromium in groundwater

   B. Were the specified cleanup standards met? Yes____ No _X_

   C. If "no", why not:

   Ground water is continuing to be extracted and treated pursuant to an operation and maintenance agreement.

9. **DTSC Involvement in the Remedial Action:**

   A. Did DTSC order the Remedial Action?

   Yes _X_ No ____

   Date of order: 02/26/84

   B. Did DTSC/EPA review and approve:

   _X_ Sampling Analysis Procedures   Date: 02/25/94

   _X_ Health & Safety Protections    Date: 02/25/94

   _X_ Removal/Disposal Procedures    Date: 02/25/94

   _X_ Remedial Action Plan           Date: 02/25/94

   C. If site was abated by a responsible party, did DTSC receive a signed statement from a licensed professional on all Remedial Action?

   Yes _X_ No ___   Dates (from) 10/30/84 (to) 06/30/95

   D. Did a registered engineer or geologist verify that acceptable engineering practices were implemented?

   Yes _X_ No ___   Name: Mark Knox

   Date of verification: 12/13/94

   E. Did DTSC confirm completion of all Remedial Action?

   Yes ___ No _X_ Date of verification: 03/16/95

3

DTSC, et al. v. Jim Dobbas, Inc., et al.
ADMIN002283

F.  Did DTSC actually perform the Remedial Action?

   Yes___ No_X_ Name of Contractor:

G.  Was there a community relations plan in place?

   Yes_X_ No___

H.  Was a remedial action plan developed for this site?

   Yes_X_ No___

I.  Did DTSC/USEPA hold a public meeting regarding the draft RAP?

   Yes_X_ No___

J.  Were public comments address?  Yes_X_ No___

   Date of DTSC/USEPA analysis and response: 02/25/94

K.  Are all of the facts cited above adequately documented in DTSC files?  Yes_X_ No___

   If no, identify areas where documentation is lacking:

10. EPA Involvement in the Remedial Action:

   A.  Was the EPA involved in the site cleanup?  Yes___ No_X_

      If yes, did EPA concur with all remedial actions?

      Yes___ No___

   B.  EPA comments:

   C.  EPA staff involved in cleanup:

11. Other Regulatory Agency Involvement in the Cleanup Action:

   Agency:         Activity:

   _X_ RWQCB       Waste Discharge Requirements, NPDES

   ___ ARB         _____

   ___ CHP         _____

   ___ Caltrans    _____

   ___ Other       _____

   Name of contact persons and agency: RWQCB - Issac Kiang

4

DTSC, et al. v. Jim Dobbas, Inc., et al.
ADMIN002284

Exhibit B - Page 39

12. **Post-Closure Activities:**

   A. Will there be post-closure activities at this site?

      Yes __X__ No _____

      If yes, describe:

      Pursuant to an operation and maintenance agreement, the Collins & Aikman Products Co. will continue to extract, treat, sample and analyze ground water from the site. There are also operation, maintenance, sample and analysis procedures associated with the on-site chemical treatment system and asphalt cap which are described in the June 20, 1995, Operation and Maintenance Plan.

   B. Have post-closure plans been prepared and approved by the DTSC/USEPA? Yes __X__ No _____

   C. What is the estimated duration of post-closure activities? 10 years.

   D. Are deed restrictions proposed or in place? Yes __X__ No _____

      If yes, have deed restrictions been recorded with the County Recorder? Yes __X__ No _____ Date: 10/27/95

      If no, who is responsible for assuring that the deed restrictions are recorded?

      Who is the Division contact?

   E. Has cost recovery been initiated? Yes __X__ No _____

      If yes, amount received: $43,731.83

   F. Were local planning agencies notified of the cleanup action? Yes _____ No __X__

      If yes, the name and address of agency:

13. **Expenditure of Funds and Source:**

   _____ HWCA   $_____      _____ HSA   $_____

   _____ HSCF   $_____      _____ RCRA  $_____

   __X__ RP     $5,500,000 Aprox     _____ Other $_____

   _____ Federal Cooperative Agreement $_____

5

DTSC, et al. v. Jim Dobbas, Inc., et al.
ADMIN002285

Exhibit B - Page 40

14. **Certification Statement:** Based upon the information which is currently and actually known to DTSC,

    \_\_\_ DTSC has determined that all appropriate response actions have been completed, that all acceptable engineering practices were implemented and that no further removal/remedial action is necessary.

    \_\_\_ DTSC has determined, based upon a remedial investigation or site characterization that the site poses no significant threat to public health, welfare or the environment and therefore implementation of removal/remedial measures is not necessary.

    _X_ DTSC has determined that all appropriate removal/remedial actions have been completed and that all acceptable engineering practices were implemented; however, the site requires ongoing operation and maintenance (O&M) and monitoring efforts. The site will be deleted from the "active" site list following (1) a trial operation and maintenance period and (2) execution of a formal written settlement between DTSC and the responsible parties, if appropriate. However, the site will be placed on DTSC's list of sites undergoing O&M to ensure proper monitoring of long-term clean-up efforts.

15. **Additional Comments:**

    Chromium sludge generated from the treatment of ground water is disposed in an off-site permitted disposal facility. Treated ground water is used to recharge the aquifer by means of existing drainage ditches.

16. **Certification of Remedial Action:**

    I hereby certify that the foregoing information is true and correct to the best of my knowledge.

    1. _____   3/6/96
       Project Manager           Date

    2. _____   3/6/96
       Unit Chief                Date

    3. _____   3/7/96
       Branch Chief              Date

6

DTSC, et al. v. Jim Dobbas, Inc., et al.
ADMIN002286

## SITE CERTIFICATION SYNOPSIS

**NAME AND LOCATION OF SITE:**

    Wickes Forest Industries
    147 A Street
    Solano County
    Elmira, California 95625

**DATE PROJECT BEGAN:** February 1983

**DATE PROJECT CERTIFIED:** March 1996

**DESCRIPTION OF THE SITE AND CONTAMINANTS:**

    During the 1970's the site was used as a wood treatment facility. Lumber was treated with preserving solutions containing arsenic, chromium, and copper. Preserving fluid spills and dribble from treated lumber contaminated the soils at the site with these metals. Chromium has migrated through the soils and contaminated the ground water beneath the site and beneath the adjacent properties.

**DESCRIPTION OF REMOVALS AND REMEDIAL ACTIONS:**

    Soils with concentrations of metals that exceeded the hazardous waste threshold were excavated and disposed at a permitted off-site disposal facility (89 cubic yards). An asphalt cap was constructed on the site to prevent direct exposure to metals in concentrations above background (25,150 square yards). A ground water extraction and treatment system was constructed to remediate chromium ground water contamination (15 gallons per minute average flow).

**DESCRIPTION OF PROBLEMS ENCOUNTERED WHICH CAUSE MAJOR DELAYS:**

    For the purpose of investigation, the site was divide into two operable units, wood treatment unit (south) and the wood storage unit (north). During the remedial investigation, preliminary sampling data indicated that the northern portion of the site was not contaminated. A remedial action plan was prepared and implemented for the southern portion of the site. Subsequent confirmation sampling identified additional soil contamination in the northern portion. Consequently, a second remedial action plan, design, and implementation had to be conducted.

DTSC, et al. v. Jim Dobbas, Inc., et al.
ADMIN002287

DESCRIPTION OF ACCOMPLISHMENTS UNIQUE TO THIS PROJECT:

    To date, approximately 45 millions gallons of ground water has been extract and treated to below clean up goals. Sludge from the treatment process is disposed at an off-site disposal facility. Treated ground water recharges the existing aquifer by means of an existing drainage ditch. A storm water management system has been constructed to divert collected rain water away from the asphalt cap.

FINAL USE OF SITE:

    The site is currently fenced and is vacant. However, the responsible party is conducting research into potential use of the site as a railroad equipment or highway maintenance equipment storage facility.

DTSC, et al. v. Jim Dobbas, Inc., et al.
ADMIN002288

Exhibit B - Page 43