1    KAMALA D. HARRIS, State Bar No. 146672
     Attorney General of California
2    SARAH E. MORRISON, State Bar No. 143459
     Supervising Deputy Attorney General
3    THOMAS G. HELLER (Counsel for service)
     State Bar No. 162561
4    DENNIS L. BECK, JR., State Bar No. 179492
     Deputy Attorneys General
5     300 South Spring Street, Suite 1702
     Los Angeles, CA 90013
6     Telephone:  (213) 897-2628
     Fax:  (213) 897-2802
7     E-mail:  Thomas.Heller@doj.ca.gov
   *Attorneys for Plaintiffs California*
8    *Department of Toxic Substances Control and Toxic*
   *Substances Control Account*

9

           IN THE UNITED STATES DISTRICT COURT

10

        FOR THE EASTERN DISTRICT OF CALIFORNIA

11

              SACRAMENTO DIVISION

12

13

14    **CALIFORNIA DEPARTMENT OF TOXIC**    Case No. 2:14-cv-00595-WBS-EFB
     **SUBSTANCES CONTROL and the TOXIC**
15    **SUBSTANCES CONTROL ACCOUNT,**    **MEMORANDUM OF POINTS AND**
                                  **AUTHORITIES IN SUPPORT OF**
16                      Plaintiffs,    **PLAINTIFFS' MOTION FOR LEAVE TO**
                                    **FILE FIRST AMENDED COMPLAINT,**
17         v.    **ADDING COLLINS & AIKMAN**
                                    **PRODUCTS, LLC AS A DEFENDANT**
18
     **JIM DOBBAS, INC., a California**    (FRCP Rules 15(a)(2) and 21)
19    **corporation; CONTINENTAL RAIL, INC.,**
     **a Delaware corporation; DAVID VAN**    Date:           December 15, 2014
20    **OVER, individually; PACIFIC WOOD**    Time:           2:00 p.m.
     **PRESERVING, a dissolved California**    Place:          Courtroom 5, 14th Floor
21    **corporation; and WEST COAST WOOD**                   Robert T. Matsui United States
     **PRESERVING, LLC., a Nevada limited**                   Courthouse
22    **liability company,**                        501 I Street
                                      Sacramento, CA  95814
23                      Defendants.
                                Judge:          Hon. William B. Shubb
24                                     Trial Date:    January 4, 2017
                                    Action Filed:    March 3, 2014
25    And related counterclaims and cross-claims.

26

27

28

# TABLE OF CONTENTS

**Page**

Introduction ........................................................................................................................... 1

Factual and Procedural Background ....................................................................................... 2

Reason for the Proposed Amendment .................................................................................... 3

The Proposed First Amended Complaint ............................................................................... 3

Argument ............................................................................................................................... 4

     I.     Legal Standards ..................................................................................... 4

     II.    The Court should grant Plaintiffs leave to file the proposed First Amended Complaint. ............................................................................................. 5

          A.    C&A Products LLC may be joined as a defendant under Rule 20(a)(2). .................................................................................... 5

          B.    Allowing filing of the proposed First Amended Complaint would be in the interests of justice. ......................................................... 6

          C.    The proposed First Amended Complaint would not prejudice any other party. ............................................................................... 7

          D.    There is no evidence of undue delay, bad faith, or dilatory motive on Plaintiffs' part. ...................................................................... 8

          E.    The proposed First Amended Complaint would not be futile. ..................... 9

Conclusion ........................................................................................................................... 11

i

1

# TABLE OF AUTHORITIES

2

**Page**

3

**CASES**

4

*Bechtel v. Robinson*
    886 F.2d 644 (3d Cir. 1989) ............................................................................. 7

*DCD Programs, Ltd. v. Leighton*
    833 F.2d 183 (9th Cir. 1987) ............................................................................ 7

*Dilts v. Penske Logistics, LLC*
    769 F.3d 637 (9th Cir. 2014) .......................................................................... 10

*Eminence Capital, LLC v. Aspeon, Inc.*
    316 F.3d 1048 (9th Cir. 2003) .......................................................................... 7

*Foman v. Davis*
    371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962) .......................................... 5

*Fox Hollow of Turlock Owner's Ass'n v. Sinclair*
    No. 1:03-CV-5439, 2013 WL 1628260 (E.D. Cal. April 15, 2013) ................... 10

*In re Beeney*
    142 B.R. 360 (B.A.P. 9th Cir. 1992) ................................................................. 9

*In re EMC Corp.*
    677 F.3d 1351 (Fed. Cir. 2012) ........................................................................ 6

*Insituform Technologies, Inc. v. CAT Contracting, Inc.*
    385 F.3d 1360 (Fed. Cir. 2004) ........................................................................ 5

*Jones v. Robinson Prop. Group, LP*
    427 F.3d 987 (5th Cir. 2005) ............................................................................ 5

*League to Save Lake Tahoe v. Tahoe Regional Planning Agency*
    558 F.2d 914 (9th Cir. 1977) ............................................................................ 6

*Matthew v. Laudamiel*
    C.A. No. 5957-VCN, 2012 WL 605589 (Del. Ch. Feb. 21, 2012) ............... 10, 11

*Mesa Computer Utilities, Inc. v. Western Union Computer Utilities, Inc.*
    67 F.R.D. 634 (D. Del. 1975) ............................................................................ 6

*Parker v. Dean Transp., Inc.*
    No. CV 13-02621, 2013 WL 7083269 (C.D. Cal. Oct. 15, 2013) ............... 10, 11

*Royal Indem. Co. v. United Enterprises, Inc.*
    162 Cal.App.4th 194 (2008) .............................................................................. 7

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

### TABLE OF AUTHORITIES
(continued)

2

Page

3

*Shipner v. Eastern Air Lines, Inc.*
   868 F.2d 401 (11th Cir. 1989)................................................................................. 5

4

5

*Sonoma County Ass'n of Retired Employees v. Sonoma County*
   708 F.3d 1109 (9th Cir. 2013)............................................................................. 5, 8

6

*Sorosky v. Burroughs Corp.*
   826 F.2d 794 (9th Cir. 1987)................................................................................. 9

7

8

*United Mine Workers of Am. v. Gibbs*
   383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966) ........................................... 6

9

*United States v. Chapman*
   146 F.3d 1166 (9th Cir. 1998)............................................................................... 9

10

11

*Ynclan v. Dep't of Air Force*
   943 F.2d 1388 (5th Cir. 1991)............................................................................... 5

12

13

### STATUTES

14

6 Del. C. § 18-805 ........................................................................................... 1, 10, 11

15

42 U.S.C. §§ 9601 et seq............................................................................................ 1

16

42 U.S.C. § 9607 .................................................................................................. 9, 2

17

42 U.S.C. § 9613 ..................................................................................................... 2

18

Cal. Corp. Code § 17708.01 ................................................................................... 10

19

Cal. Health & Saf. Code §§ 25300 et seq. ............................................................... 2

20

Cal. Ins. Code § 11580 ............................................................................................ 7

21

22

### COURT RULES

23

Fed. R. Civ. P. 15 ............................................................................................. 1, 4, 5

24

Fed. R. Civ. P. 16 ..................................................................................................... 3

25

Fed. R. Civ. P. 17 ........................................................................................... 4, 10, 11

26

Fed. R. Civ. P. 20 ............................................................................................. 1, 5, 6

27

Fed. R. Civ. P. 21 ............................................................................................... 4, 5

28

**INTRODUCTION**

Plaintiffs California Department of Toxic Substances Control ("DTSC") and the Toxic Substances Control Account ("TSCA") (collectively, "Plaintiffs") request leave to file a First Amended Complaint ("FAC") to add Collins & Aikman Products, LLC ("C&A Products LLC") as a defendant.  The proposed FAC (attached as Exhibit A) alleges that between 1979 and 1997, predecessor companies to C&A Products LLC owned and operated the property in Elmira, California ("Site") that is the subject of this case, and conducted wood preserving operations there from 1979 to about 1982.  During that ownership and operation, those predecessor companies were responsible for releases of hazardous substances at the Site.  As a result, Plaintiffs allege that C&A Products LLC is liable under the Comprehensive Environmental Response, Compensation, and Liability Act of 1980 ("CERCLA"), 42 U.S.C. §§ 9601 et seq., for Plaintiffs' costs to assess and clean up the Site.  These allegations support Plaintiffs naming C&A Products LLC as an additional defendant in the case.

When Plaintiffs filed the original complaint, they were unaware of any unexhausted insurance coverage or other assets of C&A Products LLC that would have justified naming the company as a defendant.  But since then, Plaintiffs have found additional information suggesting that C&A Products LLC's historic insurance coverage may be a source of funds for reimbursement of Plaintiffs' response costs at the Site.  Plaintiffs want to name C&A Products LLC as an additional defendant as the first step in pursuing that historic insurance coverage.

C&A Products LLC is a cancelled Delaware limited liability company.  To ensure that Plaintiffs can sue C&A Products LLC in this case, Plaintiffs have petitioned the Delaware Court of Chancery to appoint a receiver for the company under 6 Delaware Code § 18-805.  To meet this Court's December 31, 2014 deadline for adding new parties or amending the pleadings, Plaintiffs make this motion while that Delaware petition is pending, and have requested that the Delaware Court of Chancery expedite proceedings on that petition.

As set forth below, the requirements for amending the pleadings under Rules 15(a)(2) and 21 have been met.  C&A Products LLC may be joined as a defendant under Federal Rule of Civil Procedure 20(a)(2), and allowing filing of the proposed FAC would be in the interests of justice.

1

1   Furthermore, there is no evidence of undue delay, bad faith, or dilatory motive on Plaintiffs' part,

2   and the proposed FAC would not prejudice any other party or be futile.  Therefore, the Court

3   should grant this motion.

4                          **FACTUAL AND PROCEDURAL BACKGROUND**

5          Plaintiffs filed their complaint on March 3, 2014 against defendants Jim Dobbas, Inc.

6   ("Dobbas"), Continental Rail, Inc. ("CRI"), David van Over (Van Over), Pacific Wood

7   Preserving ("PWP"), and West Coast Wood Preserving, LLC ("WCWP") (collectively,

8   "Defendants").  (Compl., Mar. 3, 2014, ECF No. 1.)  The first two causes of action in the

9   complaint allege that each of these Defendants is jointly and severally liable under sections 107(a)

10  and 113(g)(2) of CERCLA, 42 U.S.C. sections 9607(a) and 9613(g)(2), for costs that Plaintiffs

11  incurred in response to the release and/or threatened release of hazardous substances into the

12  environment at or from the Site.  (Compl. 8:11-9:17, 11:12-22, ¶¶ 33-41.)  Plaintiffs' third cause

13  of action is a supplemental state law claim against Dobbas, CRI, and Van Over for an injunction,

14  treble damages, and civil penalties under the Carpenter-Presley-Tanner Hazardous Substance

15  Account Act ("HSAA"), Cal. Health & Saf. Code §§ 25300 et seq.  (Compl. 9:18-11:10, ¶¶ 42-

16  50.)  Dobbas, Van Over, and WCWP all responded to the complaint on June 10, 2014.  (ECF No.

17  22, 23, 24.)  CRI and PWP defaulted.  (Clerk's Certificates of Entry of Default, June 2, 2014,

18  ECF No. 18, 19.)

19         In the original complaint, Plaintiffs allege that C&A Products LLC's predecessor

20  companies, including Collins & Aikman Products Co. and The Wickes Corporation, owned the

21  Site from 1979 to 1997, and conducted wood preserving operations at the Site from 1979 to 1982.

22  (Compl. 5:23-27 & 6:17-19, ¶¶ 15, 19.)  The complaint also alleges that those predecessors took

23  certain response actions at the Site under DTSC oversight from the 1980s until Collins & Aikman

24  Products Co. entered Chapter 11 bankruptcy in 2005.  (Compl. 6:6-11 & 6:24-28, ¶¶ 17, 21.)

25  Plaintiffs did not name C&A Products LLC as a defendant in the original complaint, but the

26  parties agreed in the initial Joint Status Report that "Plaintiffs may move to join [C&A Products

27  LLC] as an additional defendant, if Plaintiffs obtain information through discovery or other

28  means indicating that there is a prospect of recovery from the cancelled company's past insurance

2

1   coverage." (Joint Status Report 4:20-23, May 23, 2014, ECF No. 15.)  The parties requested that

2   the Court set December 31, 2014 as the deadline for any party to move to join additional parties.

3   (*Id.* at 4:24-25.)  The Court noted this information in its Scheduling Order of June 2, 2014, and

4   stated that no further joinder of parties or amendments would be allowed after December 31,

5   2014, except with leave of Court and good cause having been shown under Federal Rule of Civil

6   Procedure 16(b).  (Status (Pretrial Scheduling) Order 2:7-12, June 2, 2014, ECF No. 20.)

7   **REASON FOR THE PROPOSED AMENDMENT**

8       When Plaintiffs filed their original complaint, they were unaware of any unexhausted

9   insurance coverage or other assets of C&A Products LLC that would have justified naming the

10  company as a defendant.  (Decl. of Thomas G. Heller 1, ¶ 3.)  But since then, Plaintiffs have

11  undertaken an extensive insurance investigation and discovered more information regarding C&A

12  Products LLC's historic insurance coverage, including a list of primary, excess, and umbrella

13  insurance carriers, policy numbers, and high coverage limits between 1979 and 1985.  (Heller

14  Decl. 1, ¶ 3 & Ex. B, at 16.)  This historic insurance coverage may not be exhausted, and may be

15  a source of funds for reimbursement of Plaintiffs' response costs at the Site.  Plaintiffs want to

16  add C&A Products LLC as an additional defendant on their CERCLA causes of action, as the first

17  step in pursuing that possible historic insurance coverage.  (Heller Decl. 1, ¶ 4.)

18  **THE PROPOSED FIRST AMENDED COMPLAINT**

19      Plaintiffs' proposed FAC adds C&A Products LLC as a defendant on Plaintiffs' two

20  CERCLA causes of action.  New paragraphs fourteen through sixteen of the proposed FAC

21  identify the company as an additional defendant, and allege that it was formed as the conversion

22  of Collins & Aikman Products Co., which was the successor to Collins & Aikman Group, Inc.

23  Collins & Aikman Group, Inc. was formerly known as Wickes Companies, Inc., and before that,

24  The Wickes Corporation (collectively Wickes).  (Heller Decl. Ex. A, at 5-6, ¶¶ 14-16; see also Ex.

25  C, at 5-6, ¶¶ 14-16 (redline showing changes in proposed FAC).)  Like the original complaint, the

26  proposed FAC alleges that there have been releases of hazardous substances from the Site at

27  various times since 1972, which includes the time of Wickes' and Collins & Aikman Products

28  Co.'s ownership and operation of the Site.  (Heller Decl. Ex. A, at 6, ¶ 19.)  Based on these

3

1  allegations, the proposed FAC alleges that C&A Products LLC is liable to Plaintiffs under

2  CERCLA, along with the other defendants, for Plaintiffs' response costs incurred to address

3  releases of hazardous substances at the Site.  (Heller Decl. Ex. A, at 9-10, ¶¶ 37-45.)

4       The proposed FAC also alleges that C&A Products LLC is a cancelled Delaware limited

5  liability company, and that Plaintiffs have petitioned the Delaware Court of Chancery for

6  appointment of a receiver for the company.  (Heller Decl. Ex. A, at 5, ¶ 14; see also Ex. D-E

7  (Delaware petition and motion to expedite).)  The purpose of Plaintiffs' Delaware petition is to

8  ensure that C&A Products has the capacity to be sued in this case under Federal Rule of Civil

9  Procedure 17(b)(3).  *See infra* at 9-11.  The proposed FAC notes that it will be filed following the

10  Delaware Court of Chancery's grant of relief on that petition.  (Heller Decl. Ex. A, at 5, ¶ 14.)

11       Finally, the proposed FAC includes additional information concerning the Chapter 11

12  bankruptcy of Collins & Aikman Products Co., which later became C&A Products LLC.  (Heller

13  Decl. Ex. A, at 7-8, ¶ 26.)  The proposed FAC alleges that the court in that bankruptcy preserved

14  DTSC's right to sue Collins & Aikman Products Co. in state or federal court in the future, and

15  obtain a judgment against the company to allow DTSC to pursue a direct action against the

16  company's historic insurers concerning the Site, as long as DTSC did not attempt to collect the

17  judgment from Collins & Aikman Products Co. or related debtors, trusts, or personnel.  (*Id.*)

18  Copies of the 2007 stipulation and bankruptcy court order that preserved these rights of DTSC are

19  attached as new exhibits to the proposed FAC.  (Heller Decl. Ex. A, at 28-100 (FAC Ex. B-C).)

20                     **ARGUMENT**

21  **I.   LEGAL STANDARDS**

22       Two provisions of the Federal Rules of Civil Procedure govern the amendment of pleadings

23  to add a new party.  Rule 15(a) provides that after the time to amend a pleading once as a matter

24  of course passes, "a party may amend its pleading only with the opposing party's written consent

25  or the court's leave. The court should freely give leave when justice so requires."  Fed. R. Civ. P.

26  15(a)(2).  Rule 21 provides in pertinent part that "[o]n motion or on its own, the court may at any

27  time, on just terms, add or drop a party."  Fed. R. Civ. P. 21.

28

MEMORANDUM IN SUPPORT OF PLS.' MOT. FOR LEAVE TO FILE FIRST AMENDED COMPL.
(2:14-cv-00595-WBS-EFB)

The provision in Rule 15(a) that leave to amend should be given freely "evinces a bias in favor of granting leave to amend." *Jones v. Robinson Prop. Group, LP*, 427 F.3d 987, 994 (5th Cir. 2005) (citation and internal quotation marks omitted). Further, in applying Rule 21 on a motion to add a party, the Court is "governed by the liberal amendment standards of Rule 15(a)." *Insituform Technologies, Inc. v. CAT Contracting, Inc.*, 385 F.3d 1360, 1372 (Fed. Cir. 2004). While leave to amend under Rule 15(a) should not be granted automatically, "the circumstances in which the rule permits denial of leave to amend are limited." *Ynclan v. Dep't of Air Force*, 943 F.2d 1388, 1391 (5th Cir. 1991). "[U]nless a substantial reason exists to deny leave to amend, the discretion of the district court is not broad enough to permit denial." *Shipner v. Eastern Air Lines, Inc.*, 868 F.2d 401, 407 (11th Cir. 1989). Leave should be granted unless "there is strong evidence of 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment, etc.'" *Sonoma County Ass'n of Retired Employees v. Sonoma County*, 708 F.3d 1109, 1117 (9th Cir. 2013) (quoting *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962)).

## II. THE COURT SHOULD GRANT PLAINTIFFS LEAVE TO FILE THE PROPOSED FIRST AMENDED COMPLAINT.

Under the above standards, the Court should grant Plaintiffs leave to file the proposed FAC because: (1) C&A Products LLC may be joined as a defendant under Rule 20(a)(2); (2) allowing filing of the proposed FAC would be in the interests of justice; (3) the proposed FAC would not prejudice any other party; (4) there is no evidence of undue delay, bad faith, or dilatory motive on Plaintiffs' part; and (5) the proposed FAC would not be futile.

### A. C&A Products LLC may be joined as a defendant under Rule 20(a)(2).

First, C&A Products LLC may be joined as a defendant under Rule 20(a)(2). Under that rule, persons may be joined as defendants in a single action if: "(A) any right is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the same action." Fed. R. Civ. P. 20(a)(2). Joinder under Rule 20

1    "is to be construed liberally in order to promote trial convenience and to expedite the final

2    determination of disputes, thereby preventing multiple lawsuits." *League to Save Lake Tahoe v.*

3    *Tahoe Regional Planning Agency*, 558 F.2d 914, 917 (9th Cir. 1977)  "[T]he impulse is toward

4    entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of

5    claims, parties and remedies is strongly encouraged." *United Mine Workers of Am. v. Gibbs,* 383

6    U.S. 715, 724, 86 S.Ct. 1130, 1138, 16 L.Ed.2d 218 (1966).

7        As to the first requirement for joinder under Rule 20(a)(2)(A), "[i]t is clear that where

8    defendants are alleged to be jointly liable, they may be joined under Rule 20 because the

9    transaction-or-occurrence test is always satisfied." *In re EMC Corp.*, 677 F.3d 1351, 1356 (Fed.

10   Cir. 2012).  As to the second requirement under Rule 20(a)(2)(B), a common question of law or

11   fact "does not require precise congruence of all factual and legal issues; indeed, joinder may be

12   permissible if there is but one question of law or fact common to the parties." *Mesa Computer*

13   *Utilities, Inc. v. Western Union Computer Utilities, Inc.*, 67 F.R.D. 634, 637 (D. Del. 1975).

14       Plaintiffs allege in the proposed FAC that C&A Products LLC is jointly and severally liable

15   with the other defendants under CERCLA for Plaintiffs' past and future response costs in

16   responding to releases of hazardous substances at and from the Site.  (Heller Decl., Ex. A, at 10,

17   ¶¶ 43, 45.)  These allegations satisfy the first requirement for joinder under Rule 20(a)(2)(A).  In

18   addition, facts such as the extent of the environmental contamination at the Site; the activities that

19   resulted in that contamination; and the nature, extent, and cost of Plaintiffs' response activities at

20   the Site will be common issues to the current Defendants and C&A Products LLC.  Legal

21   questions concerning CERCLA liability will also be common to the current Defendants and C&A

22   Products LLC.  These common issues of law and fact satisfy the second requirement for joinder

23   under Rule 20(a)(2)(B).

24       **B.    Allowing filing of the proposed First Amended Complaint would be in the
                 interests of justice.**

25

26       Second, allowing filing of the proposed FAC would be in the interests of justice.  The

27   proposed FAC alleges that C&A Products LLC is liable to Plaintiffs under CERCLA, by virtue of

28   releases of hazardous substances that occurred when the company's predecessors owned and/or

6

operated the Site.  Plaintiffs want to add C&A Products LLC as an additional defendant on their CERCLA causes of action, as the first step in pursuing historic insurance coverage of C&A Products LLC.  (Heller Decl. 1, ¶ 4.)  Under California law, a judgment against an insured person or company is normally necessary before a third party claimant can pursue a direct action against the person's or company's insurer.  Cal. Ins. Code  § 11580(b)(2); *Royal Indem. Co. v. United Enterprises, Inc*., 162 Cal.App.4th 194, 205 (2008).  None of the limited exceptions to this rule applies here, and DTSC therefore must obtain a judgment against C&A Products LLC for DTSC's response costs at the Site before DTSC can pursue a direct action against C&A Products LLC's historic insurers.  It would be in the interests of justice to allow Plaintiffs to file the proposed FAC in order to seek recovery of Plaintiffs' response costs from C&A Products LLC's historic insurers.

## C.   The proposed First Amended Complaint would not prejudice any other party.

Third, the proposed FAC would not prejudice any other party.  Of the factors that a court is to consider in deciding whether to grant leave to amend, "it is the consideration of prejudice to the opposing party that carries the greatest weight." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).  The principal test for prejudice is whether the opposing party would be unfairly disadvantaged, or deprived of the opportunity to present facts or evidence due to the amended pleading. *Bechtel v. Robinson,* 886 F.2d 644, 652 (3d Cir. 1989).  "The party opposing amendment bears the burden of showing prejudice." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987).

Here, the proposed FAC would not prejudice C&A Products LLC.  Under the bankruptcy stipulation and order described above, Plaintiffs may not seek collection of any judgment against C&A Products LLC directly.  (See Heller Decl. Ex. A, at 7-8, ¶ 26.)  Instead, such a judgment is only a condition precedent to pursuing a direct action against C&A Products LLC's historic insurers for reimbursement of Plaintiffs' response costs at the Site.

MEMORANDUM IN SUPPORT OF PLS.' MOT. FOR LEAVE TO FILE FIRST AMENDED COMPL.
(2:14-cv-00595-WBS-EFB)

1    Allowing filing of the proposed FAC would also not prejudice the current Defendants,

2    because the new allegations in the proposed FAC pertain solely to C&A Products LLC.  Indeed,

3    the current Defendants may well benefit from C&A Products LLC being added as a defendant, as

4    any recovery from that company's insurers may ultimately reduce the amount of the response

5    costs the other defendants must pay.  The timing of the amendment at this early stage in the case

6    would also not prejudice the current Defendants.  In fact, all of the answering Defendants agreed

7    in the Joint Status Report to a deadline of December 31, 2014 for motions to add new parties.

8    (Joint Status Report 4:24-25.)

9    **D.    There is no evidence of undue delay, bad faith, or dilatory motive on**

10    **Plaintiffs' part.**

11    Fourth, there is no evidence of undue delay, bad faith, or dilatory motive on Plaintiffs' part.

12    Plaintiffs filed this case on March 3, 2014, and are filing this motion less than nine months later,

13    within the Court's December 31, 2014 deadline for adding parties and filing amended pleadings.

14    When Plaintiffs filed their original complaint, they were unaware of any unexhausted insurance

15    coverage or other assets of C&A Products LLC that would have justified naming the company as

16    a defendant.  (Heller Decl. 1, ¶ 3.)  But since then, Plaintiffs have undertaken an extensive

17    insurance investigation and discovered more information regarding C&A Products LLC's historic

18    insurance coverage, including a list of primary, excess, and umbrella insurance carriers, policy

19    numbers, and high coverage limits between 1979 and 1985.  (Heller Decl. 1, ¶ 3 & Ex. B, at 16.)

20    Plaintiffs' counsel received that information in October 2014, (Heller Decl. 1, ¶ 3), and Plaintiffs

21    have acted diligently since then in hiring Delaware counsel to petition the Delaware Court of

22    Chancery to appoint a receiver for C&A Products LLC, and in preparing this motion to amend.

23    None of these facts is "strong evidence" of undue delay justifying denial of leave to amend.

24    *Sonoma County Ass'n of Retired Employees*, 708 F.3d at 1117.

25    Further, allowing filing of the proposed FAC would not unduly delay this case.  The

26    proposed FAC simply adds C&A Products LLC as an additional defendant, and includes the same

27    essential allegations about the Site and Plaintiffs' response costs as the original complaint.  The

28    trial in this case is set for January 2017, and fact discovery will not close until March 2016.  Thus,

1   the parties will have ample time to prepare for trial and conduct discovery on the allegations in

2   the proposed FAC.

3        In addition, Plaintiffs do not seek leave to file the proposed FAC in bad faith or for a

4   dilatory motive.  Plaintiffs do not have a wrongful motive for seeking leave to file the proposed

5   FAC, such as trying to deprive the Court of jurisdiction (*see Sorosky v. Burroughs Corp.*, 826

6   F.2d 794, 805 (9th Cir. 1987)), or trying to delay the case.  Plaintiffs want to file the proposed

7   FAC as the first step in pursuing historic insurance coverage of C&A Products LLC.  (Heller Decl.

8   1, ¶ 4.)

9        **E.    The proposed First Amended Complaint would not be futile.**

10       Finally, the proposed FAC is not futile.  It states valid CERCLA claims against C&A

11  Products LLC, for the purpose of allowing Plaintiffs to pursue the company's historic insurance

12  coverage.  Plaintiffs allege each element of these CERCLA claims against the company, which

13  are:  (1) the Site is a "facility"; (2) a "release" or "threatened release" of hazardous substance

14  occurred; (3) Plaintiffs incurred costs responding to the release or threatened release; and (4)

15  C&A Products is a liable person as described in CERCLA section 107(a) (42 U.S.C. § 9607(a)).

16  *United States v. Chapman*, 146 F.3d 1166, 1169 (9th Cir. 1998).

17       The fact that Collins & Aikman Product Co., which later became C&A Products LLC,

18  reorganized under Chapter 11 of the Bankruptcy Code does not make the proposed amendment

19  futile.  Courts regularly allow bankrupt debtors to be joined to establish liability to permit

20  creditors to collect on an insurance policy, "so long as no collection efforts would be made

21  against the debtor."  *E.g., In re Beeney*, 142 B.R. 360, 362-363 (B.A.P. 9th Cir. 1992).  This is

22  precisely why Plaintiffs want to add C&A Products LLC as a defendant in this case.  In addition,

23  the bankruptcy court in the Collins & Aikman Products Co. bankruptcy ordered that DTSC could

24  pursue such an action in the future, to seek recovery from the company's historic insurers.

25  (Heller Decl. Ex. A, at 7-8, ¶ 26.)

26       Furthermore, Plaintiffs have petitioned the Delaware Court of Chancery to appoint a

27  receiver for C&A Products LLC, to ensure that the company has the capacity to be sued under

28

9

1  Federal Rule of Civil Procedure 17(b)(3). (Heller Decl. Ex. D-E.)[1]  Rule 17(b)(3) provides in

2  pertinent part that capacity to be sued is determined "by the law of the state where the court is

3  located, except that…a partnership or other unincorporated association with no such capacity

4  under that state's law may…be sued in its common name to enforce a substantive right existing

5  under the United States Constitution or laws…."  Fed. R. Civ. P. 17(b)(3).  Here, California law

6  provides that "[t]he law of the state or other jurisdiction under which a foreign limited liability

7  company [such as C&A Products LLC] is formed governs…[t]he organization of the limited

8  liability company, its internal affairs, and the authority of its members and managers."  Cal. Corp.

9  Code § 17708.01(a).  Under this language and California's choice of law rules, Delaware law

10  governs the capacity of a Delaware limited liability company to be sued in federal court in

11  California.  *Parker v. Dean Transp., Inc.*, No. CV 13-02621, 2013 WL 7083269, *12 (C.D. Cal.

12  Oct. 15, 2013), *abrogated on other grounds by Dilts v. Penske Logistics, LLC*, 769 F.3d 637 (9th

13  Cir. 2014).

14      Under Delaware law, a cancelled limited liability company can be sued if the Delaware

15  Court of Chancery appoints a trustee or receiver for the company under 6 Delaware Code section

16  18-805, or nullifies the certificate of cancellation.  *Matthew v. Laudamiel*, C.A. No. 5957-VCN,

17  2012 WL 605589, *21 (Del. Ch. Feb. 21, 2012); *see also* 6 Del. C. § 18-805.[2]  6 Delaware Code

18  section 18-805 authorizes the Delaware Court of Chancery to appoint a trustee or receiver for a

19  cancelled limited liability company with the power to prosecute and defend lawsuits, and "do all

20  other acts which might be done by the limited liability company, if in being…necessary for the

21  final settlement of the [company's] unfinished business:"

22      When the certificate of formation of any limited liability company formed under this
       chapter shall be canceled…the Court of Chancery, on application of any creditor,
23      member or manager…, or any other person who shows good cause therefor, at any

24      [1] Rule 17(b)(3) applies because C&A Products LLC is a limited liability company, not an
       individual or corporation subject to Rule 17(b)(1) or (b)(2).

25

26      [2] Under California law, a cancelled domestic (i.e. California) limited liability company
       may not be sued.  *See Fox Hollow of Turlock Owner's Ass'n v. Sinclair*, No. 1:03-CV-5439, 2013
       WL 1628260, *4 (E.D. Cal. April 15, 2013).  Here, C&A Products LLC is a foreign (i.e.
27      Delaware) limited liability company for which California law incorporates Delaware law
       concerning the company's capacity to be sued.  *Parker*, 2013 WL 7083269 at *12.

28

MEMORANDUM IN SUPPORT OF PLS.' MOT. FOR LEAVE TO FILE FIRST AMENDED COMPL.
(2:14-cv-00595-WBS-EFB)

time, may either appoint 1 or more of the managers of the limited liability company to be trustees, or appoint 1 or more persons to be receivers…to take charge of the limited liability company's property, and to collect the debts and property due and belonging to the limited liability company, with the power to prosecute and defend, in the name of the limited liability company, or otherwise, all such suits as may be necessary or proper for the purposes aforesaid…and to do all other acts which might be done by the limited liability company, if in being, that may be necessary for the final settlement of the unfinished business of the limited liability company…. 6 Del. C. § 18-805.

Therefore, when the Delaware Court of Chancery appoints a receiver for C&A Products LLC, the company will have the capacity to be sued in this case under Rule 17(b)(3).  *See Matthew*, 2012 WL 605589 at *21; *Parker*, 2013 WL 7083269 at *12.

Plaintiffs filed their petition for appointment of a receiver for C&A Products LLC in the Delaware Court of Chancery on November 13, 2014.  (Heller Decl. Ex. D.)  To meet this Court's December 31, 2014 deadline for adding new parties, Plaintiffs make this motion while their Delaware Court of Chancery petition is pending.  Plaintiffs have requested that the Delaware Court of Chancery expedite proceedings on the petition, and notified that court of this Court's last available motion hearing date before the December 31, 2014 deadline.  (Heller Decl. Ex. E.)  If a receiver is not yet appointed by the hearing date, Plaintiffs respectfully request that the Court conditionally grant this motion, and allow filing of the proposed FAC upon the Delaware Court of Chancery's appointment of a receiver for C&A Products LLC and proper notice thereof given to this Court and the parties to this case.

## CONCLUSION

Based on the above, Plaintiffs request leave from the Court to file the proposed First Amended Complaint.

1    Dated:  November 14, 2014                    Respectfully Submitted,

2                                                 KAMALA D. HARRIS
                                                  Attorney General of California
3                                                 SARAH E. MORRISON
                                                  Supervising Deputy Attorney General
4
                                                  /s/ Thomas G. Heller
5
                                                  THOMAS G. HELLER
6                                                 DENNIS L. BECK, JR.
                                                  Deputy Attorneys General
7                                                 Attorneys for Plaintiffs California
                                                  Department of Toxic Substances Control
8                                                 and Toxic Substances Control Account

9    LA2012602448
     51638955.doc
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                       12
─────────────────────────────────────────────────────────────────
MEMORANDUM IN SUPPORT OF PLS.' MOT. FOR LEAVE TO FILE FIRST AMENDED COMPL.
                                                    (2:14-cv-00595-WBS-EFB)