Exhibit C

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

KAMALA D. HARRIS, State Bar No. 146672
Attorney General of California
~~TIMOTHY R. PATTERSON~~SARAH E. MORRISON, State
Bar No. ~~72209~~143459
Supervising Deputy Attorney General
THOMAS G. HELLER (Counsel for service)
State Bar No. 162561
DENNIS L. BECK, JR., State Bar No. 179492
Deputy Attorneys General
  300 South Spring Street, Suite 1702
  Los Angeles, CA 90013
  Telephone: (213) 897-2628
  Fax: (213) 897-2802
  E-mail: Thomas.Heller@doj.ca.gov
*Attorneys for the California Department of Toxic*
*Substances Control and the Toxic Substances*
*Control Account*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| **CALIFORNIA DEPARTMENT OF TOXIC SUBSTANCES CONTROL and the TOXIC SUBSTANCES CONTROL ACCOUNT,**<br><br>Plaintiffs,<br><br>**v.**<br><br>**JIM DOBBAS, INC., a California corporation; CONTINENTAL RAIL, INC., a Delaware corporation; DAVID VAN OVER, individually; PACIFIC WOOD PRESERVING, a dissolved California corporation;** ~~and~~ **WEST COAST WOOD PRESERVING, LLC, a Nevada limited liability company, and COLLINS & AIKMAN PRODUCTS, LLC, a Delaware limited liability company,**<br><br>Defendants. | Case No.<br><br>**FIRST AMENDED COMPLAINT FOR RECOVERY OF RESPONSE COSTS; DECLARATORY RELIEF; INJUNCTIVE RELIEF; TREBLE DAMAGES; AND CIVIL PENALTIES**<br><br>**(Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), 42 U.S.C. § 9607(a) and 9613(g)(2), and supplemental state law claims)** |

1

Plaintiffs, the California Department of Toxic Substances Control ("Department") and the Toxic Substances Control Account (together "Plaintiffs"), allege as follows:

## JURISDICTION

1. This Court has jurisdiction under 28 U.S.C. sections 1331 and 1367, and under section 113(b) of the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), 42 U.S.C. section 9613(b).

## VENUE

2. Venue is proper in this district under 42 U.S.C. section 9613(b) and 28 U.S.C. section 1391(b), because the releases and threatened releases of hazardous substances into the environment that are at issue occurred in this judicial district.

## INTRA-DISTRICT ASSIGNMENT

3. Under Local Rule 120(d), Plaintiffs are filing this action in the Sacramento Division of the Eastern District because it arose in Solano County.

## STATEMENT OF THE ACTION

4. Plaintiffs make a claim against Defendants under section 107(a) of CERCLA, 42 U.S.C. section 9607(a), for the recovery of response costs and interest on such response costs that Plaintiffs have incurred in connection with releases and threatened releases of hazardous substances, including arsenic, chromium, and copper, at, beneath, and/or from the approximately 7.5 acre property located northwest of the intersection of A Street and Holdener Road  in the community of Elmira, Solano County, California.  The property has a street address of 147 A Street, Elmira, California 95625, and is identified by Solano County Assessor's Parcel Number(s) 142-010-130, 142-010-140, and 142-042-010.  The property, and the areal extent of the hazardous substances contamination that is, or has been, present at or has extended from the property, are referred to herein as "the Site."

5. Plaintiffs further make a claim for declaratory relief, under 28 U.S.C. section 2201 and section 113(g)(2) of CERCLA, 42 U.S.C. section 9613(g)(2), for a declaratory judgment that each of the Defendants is jointly and severally liable to Plaintiffs  for future response costs

1  incurred by the Plaintiffs in responding to releases and threatened releases of hazardous

2  substances at, beneath, and/or from the Site.

3       6.   Plaintiffs also seek injunctive relief, treble damages, and civil penalties against

4  certain Defendants pursuant to a supplemental state law claim under Chapter 6.8 of Division 20

5  of the California Health and Safety Code, for the Defendants' failure to comply with an Imminent

6  or Substantial Endangerment Determination Order and Remedial Action Order that the

7  Department issued to those Defendants, concerning the releases and threatened releases of

8  hazardous substances referenced above.

9                 **PLAINTIFFS**

10       7.   The Department is a public agency of the State of California, organized and existing

11  under California Health and Safety Code section 58000 et seq.  The Department is responsible

12  under state law for determining whether there has been a release and/or threatened release of a

13  hazardous substance into the environment and for responding to releases and/or threatened

14  releases of a hazardous substance into the environment.

15       8.   The Toxic Substances Control Account is an account within the State of California

16  General Fund.  California Health and Safety Code section 25173.6 establishes the account, and

17  the director of the Department administers it.  Under California Health and Safety Code section

18  25361(a), the account shall be a party in any action for recovery of response costs or expenditures

19  incurred from the account under Chapter 6.8 of Division 20 of the California Health and Safety

20  Code.

21                 **DEFENDANTS**

22       9.   Defendant Jim Dobbas, Inc. ("Dobbas") is a California corporation, with its principal

23  place of business in Placer County, California.  It owned an undivided fifty percent interest in the

24  Site from on or about March 20, 1997 to on or about February 11, 2011, and conducted business

25  operations there during all or part of that time.

26       10.  Defendant Continental Rail, Inc. ("CRI") is a Delaware corporation.  Under Delaware

27  Code, title 8, section 510, its charter is presently void, and all powers conferred by Delaware law

28  on the corporation are presently inoperative.  It owned an undivided fifty percent interest in the

3

1  Site from on or about March 20, 1997 to on or about February 11, 2011, and conducted business

2  operations there during all or part of that time.

3      11.  Defendant David van Over ("Van Over") is a citizen of California residing in Solano

4  County, California.  He currently owns and operates the Site.

5      12.  Defendant Pacific Wood Preserving ("PWP") is a dissolved California corporation.  It

6  conducted business operations at the Site from about 1972 to on or about September 12, 1979,

7  and owned it from 1977 to on or about September 12, 1979.

8      13.  Defendant West Coast Wood Preserving, LLC ("West Coast Wood") is a Nevada

9  limited liability company, with its principal place of business in Kern County, California.  It is a

10  successor to Defendant PWP, as evidenced by the following facts:

11      • PWP was incorporated in 1972.

12      • The sole or primary shareholder of PWP was non-party Richard F. Jackson

13        (deceased March 2012).

14      • Mr. Jackson elected to wind up and dissolve PWP on or about December 30,

15        1979.

16      • Before PWP's dissolution, Mr. Jackson caused the formation of what is now

17        West Coast Wood Preserving, LLC, which was originally organized as Pacific

18        Wood Preserving of Bakersfield Inc. ("PWP-Bakersfield"), in October 1978.

19      • On information and belief, Mr. Jackson was the sole or primary shareholder of

20        PWP-Bakersfield until his death in March 2012, just as he was the sole or

21        primary shareholder of PWP.

22      • Mr. Jackson was a director of both PWP and PWP-Bakersfield.

23      • Mr. Jackson was the President of PWP during most of all of its corporate

24        existence, and was also the President of PWP-Bakersfield from at least

25        September 1980 until his death.

26      • In 1979, PWP-Bakersfield (now West Coast Wood) started business operations

27        on  property that PWP owned in Bakersfield, California, and has operated at

28        that location through the present.

                                           4

1    • Since 1979, PWP-Bakersfield (now West Coast Wood) has engaged in
2        substantially the same wood preserving business at a facility in Bakersfield,
3        California as PWP conducted at the Site in Elmira, California until 1979.

4    • PWP conveyed its Bakersfield, California property directly to PWP-Bakersfield
5        in September 1981 for unknown consideration.

6    • PWP's transfer of its Bakersfield, California property to PWP-Bakersfield
7        occurred almost two years *after* PWP certified that it had dissolved.

8    • PWP-Bakersfield (now West Coast Wood), which incorporated in October
9        1978, has stated in company brochures and elsewhere that it has operated since
10       1972, the year of PWP's incorporation.

11   • PWP-Bakersfield (West Coast Wood) has stated on its website that the
12       proceeds from PWP's sale of the assets of its facility in Elmira, California were
13       used to start the PWP-Bakersfield facility in Bakersfield, California.

14   • On or about November 19, 2013, PWP-Bakersfield filed Articles of Conversion
15       with the Nevada Secretary of State that provided for the conversion of PWP-
16       Bakersfield to West Coast Wood.

17   • The Articles of Conversion attached a plan of conversion stating that all debts,
18       liabilities, and obligations of PWP-Bakersfield "shall be assumed and continue
19       as debts, liabilities, and obligations" of West Coast Wood.

20       14.  Defendant Collins & Aikman Products, LLC (C&A Products LLC) is a Delaware

21   limited liability company.  A Certificate of Cancellation for Defendant C&A Products LLC was

22   filed with the Delaware Secretary of State on or about August 28, 2013.  On November 13, 2014,

23   Plaintiffs petitioned the Delaware Court of Chancery for appointment of a receiver for the

24   company under 6 Delaware Code § 18-805.  Plaintiffs will file this First Amended Complaint

25   following the Delaware Court of Chancery's grant of relief on that petition.

26       15.  According to records of the Delaware Secretary of State, Defendant C&A Products

27   LLC was formed on or about December 6, 2007, as a conversion of the Delaware corporation

28   Collins & Aikman Products Co.  Collins & Aikman Products Co. was the successor by merger to

5

1   the Delaware corporation Collins & Aikman Group, Inc.  Collins & Aikman Group, Inc. was

2   formerly known as Wickes Companies, Inc., and before that, The Wickes Corporation

3   (hereinafter Wickes).

4        16.  On or about September 12, 1979, Wickes purchased the Site, and conducted business

5   operations at the Site until approximately 1982.  Wickes and its successor Collins & Aikman

6   Products Co. (which is now Defendant C&A Products LLC) also continued to own the Site until

7   on or about March 20, 1997.

8                                    **GENERAL ALLEGATIONS**

9        ~~14.~~17.    Defendant PWP conducted wood preserving operations at the Site from

10   approximately 1972 through on or about September 12, 1979.

11        ~~15.~~18.    From on or about September 12, 1979 through approximately 1982, ~~non-party~~

12   ~~Collins & Aikman Products, LLC, a cancelled Delaware limited liability company under~~

13   ~~Delaware Code, title 6, section 18-203 (formerly known as Collins & Aikman Products Co., and~~

14   ~~the successor by merger to The Wickes Corporation) ("C&A Products")~~Wickes conducted wood

15   preserving operations at the Site.

16        ~~16.~~19.    At various times since 1972, hazardous substances within the definition of

17   section 101(14) of CERCLA, 42 U.S.C. section 9601(14), were released into the environment at

18   and from the Site within the meaning of section 101(22) of CERCLA, 42 U.S.C. section

19   9601(22).  These hazardous substances included arsenic, chromium, and copper, which were

20   constituents of wood preserving chemicals used at the Site.

21        ~~17.~~20.    From the 1980's through 2005, ~~C&A~~Wickes and its successor Collins &

22   Aikman Products Co. took various actions under oversight of the Department and its predecessor

23   agency to address environmental contamination at, around, and/or beneath the Site.  Those

24   actions included, among other things, soil excavation, installing an asphalt cap over contaminated

25   soils, constructing a building and a drainage system over another contaminated area of the Site,

26   installing and operating a groundwater extraction and treatment system, and groundwater

27   monitoring.

28

1    18.21.    On or about October 27, 1995, the Department and C&ACollins & Aikman

2    Products Co. recorded a Covenant to Restrict Use of Property ("Land Use Covenant") concerning

3    the Site under California Health and Safety Code sections 25355.5 and 25356.1 that restricted the

4    permissible uses of the Site based on environmental conditions there.  A copy of the Land Use

5    Covenant is attached as Exhibit A and incorporated by this reference.

6    19.22.    On or about March 20, 1997, C&ACollins & Aikman Products Co. sold the Site

7    to Defendants Dobbas and CRI, while continuing to take actions to address environmental

8    contamination at, around, and/or beneath the Site.

9    20.23.    On or about May 17, 2005, C&A Products (then known as Collins & Aikman

10   Products Co.). filed a Chapter 11 petition in the United States Bankruptcy Court for the Eastern

11   District of Michigan, Case No. 05-55932.  That bankruptcy case was jointly administered with the

12   bankruptcy cases of numerous other debtors under Case No. 05-55927.

13   21.24.    In  July or August 2005, while in Chapter 11 bankruptcy proceedings,

14   C&ACollins & Aikman Products Co. stopped operating the groundwater extraction and treatment

15   system, and stopped taking other action to address contamination at, around, and/or beneath the

16   Site.  The Department was verbally notified that C&ACollins & Aikman Products Co. had

17   stopped operating the groundwater extraction and treatment system in early November 2005.

18   22.25.    In 2006, the Department requested that Defendants Dobbas and CRI, the then-

19   owners and operators of the Site, resume such actions to address contamination.

20   26.  In July 2007, the bankruptcy court for Collins & Aikman Products Co. preserved the

21   Department's ability to sue Collins & Aikman Products Co. in state or federal court in the future,

22   and obtain a judgment against the company to allow the Department to pursue a direct action

23   against the company's past insurers concerning the Site.  Copies of the stipulation containing

24   these terms, and the bankruptcy court's order approving it, are attached as Exhibits B and C,

25   respectively.  The bankruptcy court ordered that the automatic stay and injunction under the

26   confirmed plan of reorganization for Collins & Aikman Products Co. and other debtors be

27   modified to permit the Department to prosecute legal or administrative actions against the debtors

28   with respect to the Site, up to and including the entry of judgment against the debtors, provided

7

that no such judgment may be collected against the debtors, the trusts created under the confirmed plan, and each of their respective officers, directors, employees, agents and attorneys. Furthermore, the bankruptcy court ordered that the Department may file actions to establish liability and to seek recovery of debtors' insurance proceeds in any non-bankruptcy forums, whether administrative, or in state or federal court, including in California, and none of the debtors could object on the ground that such action is barred by the bankruptcy.  Ex. B at 6-8, ¶¶ 6-11; Ex. C at 60, ¶ 114.

23.27.    In December 2007, Defendant Dobbas agreed to perform certain actions at the Site, which included limited maintenance of the asphalt cap and repair of a roof drainage system for a building over an area that was a source of contamination at the Site.  However, Defendants Dobbas and CRI failed and refused to perform most of the actions formerly conducted by C&A Products to address contamination at, around, and/or beneath the Site.

24.28.    On or about October 16, 2008, CRI filed a Chapter 7 petition in the United States Bankruptcy Court for the Eastern District of California (Sacramento), Case No. 08-34986 (closed December 7, 2010).

25.29.    In July 2010, the Department finalized a Removal Action Workplan for the Site that called for contaminated soil excavation, off-site disposal, backfilling, confirmation sampling, demolition of the groundwater extraction and treatment system, and long-term groundwater monitoring.

26.30.    On or about February 11, 2011, Defendants Dobbas and CRI sold the Site to Defendant Van Over for $2.00.

27.31.    On March 16, 2011, the Department issued an Imminent or Substantial Endangerment Determination Order and Remedial Action Order ("I/SE Order") ordering Defendants Dobbas, CRI, and Van Over to conduct the actions described in the Removal Action Workplan, and to take other response actions.  A copy of the I/SE Order is attached as Exhibit BD and incorporated by this reference.

8

28.32.    Defendants Dobbas, CRI, and Van Over failed to complete the actions described in the Removal Action Workplan, and to take other response actions described in the I/SE Order.

29.33.    Based on the above, from November 2005 to the present, the Department has taken "response" actions of the Site, as that term is defined in section 101(25) of CERCLA, 42 U.S.C. section 9601(25), related the release and/or threatened release of hazardous substances at the Site.  The response actions included, inter alia, efforts to repair and restart the groundwater extraction and treatment system, completion of a remedial investigation for site soils, preparation of the Removal Action Workplan, implementation of the Removal Action Workplan in October and November 2011, groundwater monitoring, and other tasks.

30.34.    As a result of taking response actions at the Site, Plaintiffs have incurred response costs related to the release and/or threatened release of hazardous substances at, around, and/or beneath the Site.

31.35.    Plaintiffs' unpaid costs related to the Site from November 2005 through September 2013 total $2,202,176.92, exclusive of interest.

32.36.    Plaintiffs have incurred and expect to continue to incur additional response costs related to the release and/or threatened release of hazardous substances at, beneath, and/or from the Site.

**FIRST CLAIM FOR RELIEF**

(Claim for Recovery of Response Costs Pursuant to

Section 107(a) of CERCLA, 42 U.S.C. § 9607(a))

(Against All Defendants)

33.37.    Plaintiffs incorporate the allegations in each of the preceding paragraphs as though fully set forth herein.

34.38.    The Site is a "facility" within the meaning of section 101(9) of CERCLA, 42 U.S.C. section 9601(9).

35.39.    Each Defendant is a "person," within the meaning of section 101(21) of CERCLA, 42 U.S.C. section 9601(21).

9

36.40.    The Department is a "State" for purposes of recovery of response costs under section 107(a) of CERCLA, 42 U.S.C. section 9607(a).  Under this section, the Department may also recover interest on response costs incurred.

37.41.    Each of the Defendants is an "owner" and/or "operator" of the Site, or was an "owner" and/or "operator" of the Site "at the time of disposal of a[] hazardous substance" there, as those terms are used in section 107(a) of CERCLA, 42 U.S.C. section 9607(a).

38.42.    Plaintiffs have incurred costs in responding to the release or threatened release of hazardous substances at or from the Site in a manner that satisfies the requirements of Section 107(a)(4) of CERCLA, 42 U.S.C. section 9607(a)(4), in that the costs arose from activities that are not, and have not been, inconsistent with the applicable requirements of the National Contingency Plan, 40 C.F.R. Part 300.

39.43.    Each of the Defendants is jointly and severally liable, without regard to fault, under section 107(a) of CERCLA, 42 U.S.C. section 9607(a), for Plaintiffs' costs incurred in response to the release or threatened release of hazardous substances at or from the Site.

**SECOND CLAIM FOR RELIEF**

(Declaratory Relief Pursuant to Section 113(g)(2) of

CERCLA, 42 U.S.C. § 9613(g)(2))

(Against All Defendants)

40.44.    Plaintiffs incorporate the allegations of each of the preceding paragraphs as though fully set forth herein.

41.45.    Under section 113(g)(2) of CERCLA, 42 U.S.C. section 9613(g)(2), Plaintiffs are entitled to a declaratory judgment that each of the Defendants is jointly and severally liable in any subsequent action or actions by the Plaintiffs to recover any further costs incurred in response to the release and/or threatened release of hazardous substances into the environment at or from the Site.

FIRST AMENDED COMPLAINT

**THIRD CLAIM FOR RELIEF**

(Failure and Refusal to Comply with Imminent or Substantial Determination Order

and Remedial Action Order – California Health and Safety Code sections

25355.5, 25358.3, 25359, 25359.2, 25367)

(Against Defendants Dobbas, CRI, and Van Over)

42.46.    Plaintiffs incorporate the allegations of each of the preceding paragraphs as though fully set forth herein.

43.47.    The Department issued the I/SE Order to Defendants Dobbas, CRI, and Van Over under, inter alia, Chapter 6.8 of Division 20 of the California Health and Safety Code, specifically sections 25355.5 and 25358.3.

44.48.    California Health and Safety Code section 25358.3(f) provides that upon the failure of any person to comply with any order issued under sections 25355.5 or 25358.3, the director may request the Attorney General to petition for the issuance of a temporary restraining order or preliminary or permanent injunction requiring that person to comply with the order.

45.49.    California Health and Safety Code 25359(a) provides that any person liable for a release or threatened release of hazardous substances who "fails, without sufficient cause…to properly provide a removal or remedial action upon order of the director…pursuant to Section 25358.3," is liable for "damages equal to three times the…costs incurred by the state account…as a result of the failure to take proper action."  The referenced "state account" is Plaintiff Toxic Substances Control Account.

46.50.    California Health and Safety Code section 25359.2 provides that any person who does not comply with an order under section 25355.5 or 25358.3 without sufficient cause shall be subject to a civil penalty of not more than twenty-five thousand dollars ($25,000) for each day of noncompliance.

47.51.    California Health and Safety Code section 25367(c) provides that any person who refuses, without sufficient cause, any activity authorized under section 25358.1 or 25358.3 is subject to a civil penalty not to exceed twenty-five thousand dollars ($25,000) for each separate violation, or for each day of a continuing violation.

11

1   48.52.   Defendants Dobbas, CRI, and Van Over have failed and refused, without

2   sufficient cause, to comply with the I/SE Order, including, without limitation, as follows:

3       •   Defendants failed and refused to restore groundwater monitoring at the Site, as

4           specified in section 5.1 of the I/SE Order.

5       •   Defendants failed and refused to implement the Removal Action Workplan for

6           the Site, as specified in section 5.2 of the I/SE Order.

7       •   Defendants failed and refused to conduct operation and maintenance activities,

8           including maintenance of the asphalt cap, as specified in section 5.4 of the I/SE

9           Order.

10      •   Defendants failed and refused to demonstrate and maintain financial assurance

11          for operation and maintenance and monitoring, as specified in section 5.9 of the

12          I/SE Order.

13      •   Defendant Van Over has used and is using the Site as a residence, in violation

14          of section 5.3 of the I/SE Order and the Land Use Covenant.

15  49.53.   Plaintiffs have incurred costs as a result of the failure of Defendants Dobbas,

16  CRI, and Van Over to take proper action as directed in the I/SE Order.

17  50.54.   The director of the Department has requested the Attorney General to petition

18  for injunctive and other relief concerning the failure and refusal of Defendants Dobbas, and

19  Van Over to comply with the I/SE Order.

20                          **PRAYER FOR RELIEF**

21  Plaintiffs pray for relief as follows:

22  A.   For a judgment that each Defendant is jointly and severally liable without regard to

23  fault to the Department under section 107(a) of CERCLA, 42 U.S.C. section 9607(a), for all

24  response costs incurred by the Plaintiffs as a result of the release and threatened release of

25  hazardous substances from the Site, in an amount to be proven at trial, but at least $2,202,176.92;

26  B.   For interest on the above sums from each Defendant as provided under section 107(a)

27  of CERCLA, 42 U.S.C. section 9607(a);

28

12

1    C.    For a declaratory judgment that each Defendant is jointly and severally liable without

2    regard to fault to the Plaintiffs under section 113(g)(2) of CERCLA, 42 U.S.C. section 9613(g)(2),

3    for all future response costs incurred by the Plaintiffs as a result of the release and threatened

4    release of hazardous substances at and/or from the Site;

5    D.    For an injunction ordering Defendants Jim Dobbas, Inc., Continental Rail, Inc., and

6    David van Over to comply with the I/SE Order, including, without limitation, by performing

7    groundwater monitoring and operation and maintenance activities, including asphalt cap

8    maintenance, as required by the I/SE Order, and by obtaining financial assurance as required by

9    that order;

10    E.    For an injunction ordering Defendant David van Over to stop using the Site as a

11    residence, in violation of the I/SE Order and the Land Use Covenant;

12    F.    For treble damages against Defendants Jim Dobbas, Inc., Continental Rail, Inc., and

13    David van Over under California Health and Safety Code section 25359, in an amount to be

14    proven at trial;

15    G.    For civil penalties against Defendants Jim Dobbas, Inc., Continental Rail, Inc., and

16    David van Over under California Health and Safety Code sections 25359.2 and/or 25367, in an

17    amount to be proven at trial;

18    H.    For enforcement costs against each Defendant, including costs of this suit and

19    attorneys' fees; and

20    I.    For all other relief the Court deems just and appropriate.

21

22

23

24

25

26

27

28

FIRST AMENDED COMPLAINT

1   Dated:   ~~March 3~~November 14, 2014                    Respectfully submitted,

2                                                           KAMALA D. HARRIS

3                                                           Attorney General of California
                                                            ~~TIMOTHY R. PATTERSON~~
4                                                           SARAH E. MORRISON
                                                            Supervising Deputy Attorney General
5

6                                                           /s/ Thomas G. Heller

7                                                           THOMAS G. HELLER
                                                            DENNIS L. BECK, JR.
8                                                           Deputy Attorneys General
                                                            *Attorneys for the California Department of*
9                                                           *Toxic Substances Control and the Toxic*
                                                            *Substances Control Account*
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FIRST AMENDED COMPLAINT