Exhibit D

IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE

IN RE:                                        )
COLLINS & AIKMAN PRODUCTS, LLC,  )   C.A. No. _____
a cancelled Delaware limited liability company )

**VERIFIED PETITION FOR THE APPOINTMENT OF A RECEIVER FOR A CANCELLED LIMITED LIABILITY COMPANY**

Petitioner California Department of Toxic Substances Control, a California state agency, on behalf of itself and California's Toxic Substances Control Account (collectively "DTSC"), petitions for appointment of a receiver under 6 Delaware Code § 18-805 as follows:

## INTRODUCTION

1. DTSC requests an order under the Delaware Limited Liability Company Act (the "Act"), section 18-805 appointing a receiver for Collins & Aikman Products, LLC (C&A Products LLC), a Delaware limited liability company for which a Certificate of Cancellation was filed on or about August 28, 2013. A true and correct copy of the Certificate of Cancellation attached as Exhibit 1.

2. DTSC petitions for appointment of a receiver to allow DTSC to add C&A Products LLC as an additional defendant in a pending federal environmental cost recovery case entitled *California Dept. of Toxic Substances Control, et al. v. Jim Dobbas, Inc., et al.*, No. 2:14-cv-00595 (E.D. Cal., filed March 3, 2014)

1

(hereinafter *DTSC v. Dobbas*). A copy of the complaint in that case is attached as Exhibit 2.

3. DTSC wants to add C&A Products LLC as a defendant in *DTSC v. Dobbas* as the first step in pursuing historic insurance coverage of C&A Products LLC for DTSC's costs of cleaning up a contaminated property in California. Under California law, a judgment against C&A Products LLC is necessary before DTSC can pursue a direct action against the company's historic insurers. DTSC seeks to add C&A Products LLC as a defendant in *DTSC v. Dobbas* to obtain such a judgment, which in turn would allow a direct action against the company's historic insurers. DTSC will not seek enforcement of the judgment directly against C&A Products LLC, but only as a means to pursue a direct action against the company's historic insurers. To ensure that C&A Products LLC has the capacity to be sued in *DTSC v. Dobbas*, DTSC requests that a receiver be appointed for the company under 6 *Del. C.* § 18-805.

## BACKGROUND

4. DTSC is a public agency of the State of California, organized and existing under California Health and Safety Code section 58000 et seq. It is responsible under California law for determining whether there has been, and for responding to, a release and/or threatened release of a hazardous substance into the environment. The Toxic Substances Control Account is an account within the

2

State of California General Fund that DTSC administers to help pay for environmental cleanups.

5.     C&A Products LLC was formed on or about December 6, 2007, as a conversion of the Delaware corporation Collins & Aikman Products Co. Collins & Aikman Products Co. was the successor by merger to the Delaware corporation Collins & Aikman Group, Inc., which was formerly known as Wickes Companies, Inc., and before that, The Wickes Corporation (collectively "Wickes"). True and correct copies of the records evidencing this corporate history are attached as Exhibit 3 through 7.

6.     From on or about September 12, 1979 through approximately 1982, Wickes conducted wood preserving operations at an approximately 7.5 acre property located northwest of the intersection of A Street and Holdener Road in the community of Elmira, Solano County, California. Wickes and its successor Collins & Aikman Products Co. also owned the property from on or about September 12, 1979 until on or about March 20, 1997. The property has a street address of 147 A Street, Elmira, Solano County, California 95625, and is referred to herein as "the Site."

7.     At various times since on or about September 12, 1979, Wickes and/or Collins & Aikman Products Co. released "hazardous substances" as defined in the Comprehensive Environmental Response, Compensation, and Liability Act

of 1980 ("CERCLA") (42 U.S.C. section 9601(14)), into the environment at and from the Site.  These hazardous substances included arsenic, chromium, and copper, which were constituents of wood preserving chemicals that Wickes used at the Site.  The releases of those hazardous substances, along with those of a prior owner and operator of the Site (Pacific Wood Preserving), contaminated the soil and groundwater.

8. Beginning in the 1980s, Wickes and Collins & Aikman Products Co. took various actions under the oversight of DTSC and its predecessor agency to address environmental contamination at, around, and/or beneath the Site.  Collins & Aikman Products Co. sold the Site in 1997 to two other owners (Jim Dobbas, Inc. and Continental Rail, Inc.), but continued to take those actions at the Site until 2005.  But in May 2005, Collins & Aikman Products Co. filed a Chapter 11 petition in the United States Bankruptcy Court for the Eastern District of Michigan, Case No. 05-55932, and stopped taking actions to address contamination at, around, and/or beneath the Site.  The two other owners of the Site also failed to take the actions necessary to address that contamination.

9. From November 2005 to the present, DTSC has taken "response" actions of the Site, as that term is defined in CERCLA (42 U.S.C. § 9601(25)), related to the release and/or threatened release of hazardous substances at the Site. DTSC incurred expenses taking response actions at the Site; DTSC's unpaid costs

4

related to the Site from November 2005 through September 2013 total $2,202,176.92, exclusive of interest.  DTSC expects to continue incurring additional response costs related to the release and/or threatened release of hazardous substances at, beneath, and/or from the Site

## BANKRUPTCY STIPULATION

10.     In the Chapter 11 bankruptcy of Collins & Aikman Products Co., the bankruptcy court preserved DTSC's ability to sue Collins & Aikman Products Co. in state or federal court in the future, and obtain a judgment against the company to allow DTSC to pursue a direct action against the company's past insurers concerning the Site.  True and correct copies of the stipulation containing these terms, and the bankruptcy court's order approving it, are attached as Exhibits 8 and 9, respectively.  The bankruptcy court ordered that the automatic stay and injunction under the confirmed plan of reorganization for Collins & Aikman Products Co. and other debtors be modified to permit DTSC to prosecute legal or administrative actions against the debtors with respect to the Site, up to and including the entry of judgment against the debtors, provided that no such judgment may be collected against the debtors, the trusts created under the confirmed plan, and each of their respective officers, directors, employees, agents and attorneys.  Furthermore, the bankruptcy court ordered that DTSC may file actions against the debtors to establish liability and to seek recovery of debtors'

insurance proceeds in any non-bankruptcy forums, whether administrative, or in state or federal court, including in California, and none of the debtors could object on the ground that such action is barred by the bankruptcy. Ex. 8 at 6-8, ¶¶ 6-11; Ex. 9 at 60, ¶ 114.

## BASIS FOR THIS PETITION

11.     Section 18-805 of the Act authorizes the Court of Chancery to appoint a receiver for a cancelled Delaware limited liability company on application of "any person who shows good cause therefor, at any time:"

> When the certificate of formation of any limited liability company formed under this chapter shall be canceled by the filing of a certificate of cancellation pursuant to § 18-203 of this title, the Court of Chancery, on application of any creditor, member or manager of the limited liability company, or any other person who shows good cause therefor, at any time, may either appoint 1 or more of the managers of the limited liability company to be trustees, or appoint 1 or more persons to be receivers, of and for the limited liability company, to take charge of the limited liability company's property, and to collect the debts and property due and belonging to the limited liability company, with the power to prosecute and defend, in the name of the limited liability company, or otherwise, all such suits as may be necessary or proper for the purposes aforesaid, and to appoint an agent or agents under them, and to do all other acts which might be done by the limited liability company, if in being, that may be necessary for the final settlement of the unfinished business of the limited liability company. The powers of the trustees or receivers may be continued as long as the Court of Chancery shall think necessary for the purposes aforesaid.

6

12. Here, there is good cause for appointment of a receiver for C&A Products LLC. DTSC seeks to add C&A Products LLC as an additional defendant in *DTSC v. Dobbas*, as the first step in pursuing historic insurance coverage of C&A Products LLC. DTSC has information that such historic policies exist and may not have been exhausted through other settlements or judgments in favor of other claimants. Therefore, these historic insurance policies may be a source of payment for DTSC's response costs at the Site.

13. Under California law, a judgment against an insured person or company is generally necessary before a third party claimant can pursue a direct action against the person's or company's insurer. Cal. Ins. Code § 11580(b)(2); *Royal Indem. Co. v. United Enterprises, Inc*., 162 Cal.App.4th 194, 205 (2008). None of the limited exceptions to this rule applies here, and DTSC therefore must obtain a judgment against C&A Products LLC for DTSC's response costs at the Site before DTSC can pursue a direct action against C&A Products LLC's historic insurers. To do so, DTSC must first add C&A Products LLC as a defendant in *DTSC v. Dobbas*.

14. To add C&A Products LLC as a defendant in *DTSC v. Dobbas*, DTSC must ensure that C&A Products LLC has the capacity to be sued in that case under Federal Rule of Civil Procedure 17(b)(3). Under Rule 17(b)(3), capacity to be sued is generally determined "by the law of the state where the court is located,"

7

which for *DTSC v. Dobbas* is in California.  California law provides that "The law of the state or other jurisdiction under which a foreign limited liability company [such as C&A Products LLC] is formed governs . . . [t]he organization of the limited liability company, its internal affairs, and the authority of its members and managers."  Cal. Corp. Code § 17708.01(a).  Under this language and California's choice of law rules, Delaware law governs the capacity of a Delaware limited liability company to be sued in federal court in California.  *Parker v. Dean Transportation, Inc.*, No. CV 13–02621, 2013 WL 7083269, *12 (C.D. Cal. Oct. 15, 2013), *abrogated on other grounds by Dilts v. Penske Logistics, LLC*, 769 F.3d 637 (9th Cir. 2014).  Under Delaware law, a cancelled limited liability company may not be sued, unless a trustee or receiver is appointed under the procedure described in section 18-805 of the Act or the certificate of cancellation is nullified.  6 Del. C. § 18-803(b); *Matthew v. Laudamiel*, C.A. No. 5957–VCN, 2012 WL 605589, *21 (Del. Ch. Feb. 21, 2012).  These authorities indicate that there is good cause to appoint a receiver, to ensure that C&A Products LLC has the capacity to be sued in *DTSC v. Dobbas*.

15.   Appointing a receiver for C&A Products LLC will not cause prejudice to the limited liability company.  DTSC will not seek enforcement of any judgment directly against C&A Products LLC; in fact, the bankruptcy court stipulation and

8

order described above prevent it.  DTSC only seeks such a judgment as a means to pursue a direct action against the company's historic insurers.

16.  C&A Products LLC has no known assets apart from the historic insurance policies referenced above.  Therefore, DTSC agrees to pay the reasonable costs of the receiver appointed by the Court, unless and until an insurer of C&A Products LLC begins defending the company.

WHEREFORE, DTSC respectfully requests that the Court enter an Order pursuant to 6 *Del. C.* § 18-805, in the form filed herewith, appointing a receiver for Collins & Aikman Products, LLC.

| | |
|---|---|
| Dated: November 13, 2014 | PINCKNEY, WEIDINGER, URBAN & JOYCE LLC |
| | |
| |  */s/ Michael A. Weidinger* |
| | Michael A. Weidinger (DE No. 3330) |
| | 1220 N. Market Street, Suite 950 |
| | Wilmington, DE 19801 |
| | Telephone:  (302) 504-1497 |
| | Facsimile:   (302) 655-5123 |
| | Email:         mweidinger@pwujlaw.com |
| | |
| | *Counsel for Petitioner* |

9

## IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE

IN RE:                                              )
COLLINS & AIKMAN PRODUCTS, LLC,                     )   C.A. No. _____
a cancelled Delaware limited liability company      )

### VERIFICATION OF PETITION

I, the undersigned, Charles Ridenour, on behalf of Petitioner California Department of Toxic Substances Control, for itself and the Toxic Substances Control Account, do hereby depose and say that I am authorized to make this verification and I have read the foregoing Verified Petition for the Appointment of a Receiver for a Cancelled Limited Liability Company and the factual allegations therein are true and correct to the best of my knowledge, information, and belief.

*[signature: Charles Ridenour]*

SWORN TO AND SUBSCRIBED before me this 12th day of November, 2014

*[signature: Florence L. Howard]*
NOTARY PUBLIC

FLORENCE L. HOWARD
Commission # 1949953
Notary Public - California
Sacramento County
My Comm. Expires Sep 23, 2015

# California Jurat

State of California } SS.
County of SACRAMENTO

Subscribed and sworn to (or affirmed) before me on 12 day of November
Year 2014, by Charles Ridenour and
                   Name of Signer
_____, proved to me on the basis
of satisfactory evidence to be the person(s) who appeared before me.

FLORENCE L. HOWARD
Commission # 1949953
Notary Public - California
Sacramento County
My Comm. Expires Sep 23, 2015

_Florence L. Howard_
Signature of Notary Public