KAMALA D. HARRIS, State Bar No. 146672
Attorney General of California
SARAH E. MORRISON, State Bar No. 143459
Supervising Deputy Attorney General
THOMAS G. HELLER (Counsel for service)
State Bar No. 162561
DENNIS L. BECK, JR., State Bar No. 179492
Deputy Attorneys General
  300 South Spring Street, Suite 1702
  Los Angeles, CA 90013
  Telephone: (213) 897-2628
  Fax: (213) 897-2802
  E-mail: Thomas.Heller@doj.ca.gov
*Attorneys for Plaintiffs California Department of Toxic Substances Control and Toxic Substances Control Account*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| **CALIFORNIA DEPARTMENT OF TOXIC SUBSTANCES CONTROL and the TOXIC SUBSTANCES CONTROL ACCOUNT,**<br><br>Plaintiffs,<br><br>v.<br><br>**JIM DOBBAS, INC., a California corporation; CONTINENTAL RAIL, INC., a Delaware corporation; DAVID VAN OVER, individually; PACIFIC WOOD PRESERVING, a dissolved California corporation; and WEST COAST WOOD PRESERVING, LLC., a Nevada limited liability company,**<br><br>Defendants. | 2:14-cv-00595-WBS-EFB<br><br>**ANSWER OF PLAINTIFFS CALIFORNIA DEPARTMENT OF TOXIC SUBSTANCES CONTROL AND TOXIC SUBSTANCES CONTROL ACCOUNT TO COUNTERCLAIM OF DEFENDANT WEST COAST WOOD PRESERVING, LLC**<br><br>Judge:       Hon. William B. Shubb<br>Trial Date:  January 4, 2017<br>Action Filed: March 3, 2014 |
| AND RELATED COUNTERCLAIMS AND CROSS-CLAIMS. | |

Plaintiffs and Counter-Defendants California Department of Toxic Substances Control ("DTSC") and the Toxic Substances Control Account ("TSCA") (together "Plaintiffs") answer the Counterclaim of Defendant and Counterclaimant West Coast Wood Preserving, LLC ("WCWP") as follows:

## JURISDICTION

1. In response to Paragraph 1, Plaintiffs admit that the Court has jurisdiction over the counterclaims.

## VENUE

2. In response to Paragraph 2, Plaintiffs admit that venue in this district is proper.

## PARTIES

3. In response to Paragraph 3, Plaintiffs admit that WCWP is a Nevada limited liability company with its principal place of business in Kern County, California. Plaintiffs otherwise deny the allegations in the paragraph.

4. In response to Paragraph 4, Plaintiffs admit the allegations in the paragraph.

5. In response to Paragraph 5, Plaintiffs admit the allegations in the paragraph.

## GENERAL ALLEGATIONS

6. In response to Paragraph 6, Plaintiffs deny the allegations in the paragraph.

7. In response to Paragraph 7, Plaintiffs deny the allegations in the paragraph.

8. In response to Paragraph 8, Plaintiffs admit that the Department of Health Services approved the storm water management, the ground water treatment and contaminated soils removal, and containment elements of a Remedial Action Plan in 1983, and that Exhibit A to the counterclaim is the Remedial Action Plan. Plaintiffs otherwise deny the allegations in the paragraph.

9. In response to Paragraph 9, Plaintiffs admit that subsequent to the approval and implementation of the 1983 Remedial Action Plan, DTSC and/or its predecessor agency has undertaken additional response actions at, on, and/or near the Site and surrounding properties. Plaintiffs also admit that DTSC's predecessor agency approved the implementation of certain response actions in the 1983 Remedial Action Plan, including the installation of an asphalt cap

over part of the Site and the use of a groundwater extraction and treatment system.  Plaintiffs otherwise deny the allegations in the paragraph.

10. In response to Paragraph 10, Plaintiffs admit the allegations in the paragraph.

11. In response to Paragraph 11, Plaintiffs admit that the 1996 Certification of Remedial Action includes a statement that "[b]ased upon the information which is currently and actually known to DTSC,…DTSC has determined that all appropriate removal/remedial actions have been completed and that all acceptable engineering practices were implemented; however, the site requires ongoing operation and maintenance (O&M) and monitoring efforts."  Plaintiffs otherwise deny the allegations in the paragraph.

12. In response to Paragraph 12, Plaintiffs deny the allegations in the paragraph.

13. In response to Paragraph 13, Plaintiffs admit that Collins & Aikman Products Co. declared bankruptcy in May 2005, and in July or August 2005 ceased undertaking any activities at the Site.   Plaintiffs otherwise deny the allegations in the paragraph.

14. In response to Paragraph 14, Plaintiffs deny the allegations in the paragraph.

15. In response to Paragraph 15, Plaintiffs admit the allegations in the paragraph.

16. In response to Paragraph 16, Plaintiffs admit that in March 2011, DTSC issued an Imminent or Substantial Endangerment Determination Order and Remedial Action Order. Plaintiffs otherwise deny the allegations in the paragraph.

17. In response to Paragraph 17, Plaintiffs admit the allegations in the paragraph.

18. In response to Paragraph 18, Plaintiffs admit the allegations in the paragraph.

19. In response to Paragraph 19, Plaintiffs deny the allegations in the paragraph.

20. In response to Paragraph 20, Plaintiffs deny the allegations in the paragraph.

21. In response to Paragraph 21, Plaintiffs admit the allegations in the paragraph.

22. In response to Paragraph 22, Plaintiffs deny the allegations in the paragraph.

**FIRST COUNTERCLAIM**
**(Contribution pursuant to 42 U.S.C. § 9613)**

23. In response to Paragraph 23, Plaintiffs admit or deny the allegations in the paragraph to the extent admitted or denied in the paragraphs re-alleged and incorporated by reference.

24. In response to Paragraph 24, Plaintiffs admit the allegations in the paragraph.

25. In response to Paragraph 25, Plaintiffs admit the allegations in the paragraph.

26. In response to Paragraph 26, Plaintiffs deny the allegations in the paragraph.

27. In response to Paragraph 27, Plaintiffs deny the allegations in the paragraph.

28. In response to Paragraph 28, Plaintiffs deny the allegations in the paragraph.

29. In response to Paragraph 29, Plaintiffs deny the allegations in the paragraph.

30. In response to Paragraph 30, Plaintiffs deny WCWP's allegation that WCWP is not liable for any costs incurred as the result of the alleged release or threatened release of hazardous substances at or from the Site.

31. In response to Paragraph 31, Plaintiffs deny the allegations in the paragraph.

## VII.   SECOND COUNTERCLAIM
### (Declaratory Judgment pursuant to 28 U.S.C. § 2201)

32. In response to Paragraph 32, Plaintiffs admit or deny the allegations in the paragraph to the extent admitted or denied in the paragraphs incorporated by reference.

33. In response to Paragraph 33, Plaintiffs deny the allegations in the paragraph.

34. In response to Paragraph 34, the paragraph is a request for relief of WCWP to which no response is required. To the extent that a response is required, Plaintiffs deny the allegations in the paragraph.

35. In response to Paragraph 35, the paragraph is a request for relief of WCWP to which no response is required. To the extent that a response is required, Plaintiffs deny the allegations in the paragraph.

36. Except as otherwise expressly admitted or denied above, Plaintiffs deny each and every allegation in the Counterclaim.

# AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

1. The counterclaims fail to state a claim against Plaintiffs upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE
### (Act or Omission of Third Party - CERCLA § 107(B)(3), 42 U.S.C. § 9607(B)(3))

2. The counterclaims are barred under section 107(b)(3) of CERCLA, 42 U.S.C. § 9607(b)(3), because the release or threat of release of a hazardous substance and the alleged damages to WCWP resulting therefrom were caused solely by an act or omission of a third party other than an employee or agent of Plaintiffs, or by a third party other than one whose act or omission occurred in connection with a contractual relationship with Plaintiffs. Plaintiffs exercised due care with respect to the hazardous substance concerned, taking into consideration the characteristics of such hazardous substance, in light of all relevant facts and circumstances, and took precautions against foreseeable acts or omissions of such third party and the consequences that could foreseeably result from such acts or omissions.

## THIRD AFFIRMATIVE DEFENSE
### (Rendering Care or Advice - CERCLA § 107(d)(1), 42 U.S.C. § 9607(d)(1))

3. The counterclaims are barred under section 107(d)(1) of CERCLA, 42 U.S.C. § 9607(d)(1), because Plaintiffs' actions or omissions occurred in the course of rendering care, assistance, or advice in accordance with the National Contingency Plan ("NCP"), with respect to an incident creating a danger to public health or welfare or the environment as a result of releases of a hazardous substance or the threat thereof, and Plaintiffs were not negligent in such actions or omissions.

## FOURTH AFFIRMATIVE DEFENSE
### (Emergency Response - CERCLA § 107(d)(2), 42 U.S.C. § 9607(d)(2))

4. The counterclaims are barred under section 107(d)(2) of CERCLA, 42 U.S.C. § 9607(d)(2), because Plaintiffs' actions were taken in response to an emergency created by the

release or threatened release of a hazardous substance generated by or from a facility owned by another person, and Plaintiffs were not grossly negligent and did not commit intentional misconduct in such actions.

### FIFTH AFFIRMATIVE DEFENSE
(Equitable Allocation – CERCLA § 113(f)(1), 42 U.S.C. § 9613(f)(1))

5. To the extent that Plaintiffs are found liable for contribution, section 113(f)(1) of CERCLA, 42 U.S.C. § 9613(f)(1), allows the Court to allocate response costs among liable parties using such equitable factors as the Court determines appropriate, and DTSC is only liable for its equitable allocation of response costs, if any.

### PRAYER

Plaintiffs pray:

1. That WCWP take nothing by reasons of its counterclaim, and that judgment be rendered in favor of Plaintiffs;

2. That Plaintiffs be awarded costs of suit incurred in defense of the Counterclaim; and

3. For such other relief as the Court deems proper.

Dated: November 18, 2014         Respectfully Submitted,

KAMALA D. HARRIS
Attorney General of California
SARAH E. MORRISON
Supervising Deputy Attorney General

*/s/ Thomas G. Heller*

THOMAS G. HELLER
DENNIS L. BECK, JR.
Deputy Attorneys General
*Attorneys for Plaintiffs California Department of Toxic Substances Control and Toxic Substances Control Account*

# CERTIFICATE OF SERVICE

**Case Name:** *California Department of Toxic Substances Control, et al. v. Jim Dobbas, Inc., et al.*

**Case No.:** **2:14-cv-00595-WBS-EFB**

I certify that on <u>November 18, 2014</u>, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**ANSWER OF PLAINTIFFS CALIFORNIA DEPARTMENT OF TOXIC SUBSTANCES CONTROL AND TOXIC SUBSTANCES CONTROL ACCOUNT TO COUNTERCLAIM OF DEFENDANT WEST COAST WOOD PRESERVING, LLC**

Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

I declare under penalty of perjury that the foregoing is true and correct. Executed on <u>November 18, 2014</u>, at Los Angeles, California.

| Thomas G. Heller | */s/ Thomas G. Heller* |
|---|---|
| Declarant | Signature |