# Exhibit A

1  KAMALA D. HARRIS, State Bar No. 146672
   Attorney General of California
2  SARAH E. MORRISON, State Bar No. 143459
   Supervising Deputy Attorney General
3  THOMAS G. HELLER (Counsel for service)
   State Bar No. 162561
4  DENNIS L. BECK, JR., State Bar No. 179492
   Deputy Attorneys General
5    300 South Spring Street, Suite 1702
     Los Angeles, CA 90013
6    Telephone: (213) 897-2628
     Fax: (213) 897-2802
7    E-mail: Thomas.Heller@doj.ca.gov
   *Attorneys for Plaintiffs California*
8  *Department of Toxic Substances Control and Toxic*
   *Substances Control Account*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| **CALIFORNIA DEPARTMENT OF TOXIC SUBSTANCES CONTROL and the TOXIC SUBSTANCES CONTROL ACCOUNT,**<br><br>Plaintiffs,<br><br>v.<br><br>**JIM DOBBAS, INC., a California corporation; CONTINENTAL RAIL, INC., a Delaware corporation; DAVID VAN OVER, individually; PACIFIC WOOD PRESERVING, a dissolved California corporation; and WEST COAST WOOD PRESERVING, LLC., a Nevada limited liability company,**<br><br>Defendants.<br><br>And related counterclaims and cross-claims. | 2:14-cv-00595-WBS-EFB<br><br>**REQUEST FOR JUDICIAL NOTICE OF DELAWARE COURT OF CHANCERY ORDER APPOINTING RECEIVER FOR COLLINS & AIKMAN PRODUCTS, LLC RE PLAINTIFFS' MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT, ADDING COLLINS & AIKMAN PRODUCTS, LLC AS A DEFENDANT**<br><br>Date: December 15, 2014<br>Time: 2:00 p.m.<br>Place: Courtroom 5, 14th Floor<br>      Robert T. Matsui United States Courthouse<br>      501 I Street<br>      Sacramento, CA 95814<br><br>Judge: Hon. William B. Shubb<br>Trial Date: January 4, 2017<br>Action Filed: March 3, 2014 |

On November 14, 2014, Plaintiffs California Department of Toxic Substances Control and the Toxic Substances Control Account (collectively, "Plaintiffs"), moved for leave to file a first amended complaint adding Collins & Aikman Products, LLC (C&A Products LLC), a cancelled Delaware limited liability company, as a defendant. (ECF No. 68.) As described in the motion, Plaintiffs petitioned the Delaware Court of Chancery on November 13, 2014 to appoint a receiver for C&A Products LLC under Delaware law, to ensure that the company had the capacity to be sued in this case. (Memo. of Points and Authorities at 11.)

On December 8, 2014, the Delaware Court of Chancery appointed a receiver for C&A Products LLC under 6 Delaware Code § 18-805. A copy of the order appointing the receiver for the company is attached as Exhibit A. Under Federal Rule of Evidence 201, Plaintiffs request judicial notice of this order of the Delaware Court of Chancery in connection with Plaintiffs' motion, because the order is a matter of public record "whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2); *see NuCal Foods, Inc. v. Quality Egg LLC*, 887 F.Supp.2d 977, 984 (E.D. Cal. 2012) ("Courts have consistently held that courts may take judicial notice of documents filed in other court proceedings.")

Dated:  December 8, 2014                          Respectfully Submitted,

KAMALA D. HARRIS
Attorney General of California
SARAH E. MORRISON
Supervising Deputy Attorney General


*/s/ Dennis L. Beck, Jr.*

THOMAS G. HELLER
DENNIS L. BECK, JR.
Deputy Attorneys General
*Attorneys for Plaintiffs California Department of Toxic Substances Control and Toxic Substances Control Account*

1

REQUEST FOR JUDICIAL NOTICE RE PLS.' MOT. FOR LEAVE TO FILE FIRST AMENDED COMPL.
(2:14-cv-00595-WBS-EFB)

# Exhibit A

**GRANTED WITH MODIFICATIONS**

IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| IN RE: | ) | |
| COLLINS & AIKMAN PRODUCTS, LLC, | ) | C.A. No. 10348-CB |
| a cancelled Delaware limited liability company | ) | |

**ORDER GRANTING VERIFIED PETITION FOR THE APPOINTMENT OF A RECEIVER FOR COLLINS & AIKMAN PRODUCTS, LLC**

The Court having considered the Verified Petition in this matter, and it appearing from the Verified Petition that:

a. Collins & Aikman Products, LLC is a Delaware limited liability company for which a Certificate of Cancellation was filed on or about August 28, 2013.

b. There is good cause to appoint a Receiver for Collins & Aikman Products, LLC under the Delaware Limited Liability Company Act (the "Act"), section 18-805.

NOW, THEREFORE, IT IS ORDERED, this _____ day of _____, 2014, that:

1. _____ is appointed as Receiver for Collins & Aikman Products, LLC under section 18-805 of the Act, for the limited purpose of allowing Collins & Aikman Products, LLC to be sued in the action entitled *California Department of Toxic Substances Control, et al. v. Jim Dobbas, Inc., et al.*, No. 2:14-cv-00595-WBS-EFB (E.D. Cal., filed Mar. 3, 2014) ("*DTSC v. Dobbas*"),

1

and with the power, but not the obligation, to defend, in the name of Collins & Aikman Products, LLC, any claims made against it in *DTSC v. Dobbas*.

2.   The Receiver shall act as registered agent in the State of Delaware for service of process on Collins & Aikman Products, LLC, including, without limitation, for service of process in *DTSC v. Dobbas*. The Receiver shall accept service of process on behalf of Collins & Aikman Products, LLC in *DTSC v. Dobbas*.

3.   The Receiver shall have no individual obligation to pay for any defense or settlement of, or any judgment against, Collins & Aikman Products, LLC in *DTSC v. Dobbas*.

4.   The Receiver shall remain appointed until the conclusion of *DTSC v. Dobbas* and any appeals thereof (the "Termination Date"), unless the Petitioner shows good cause for an earlier termination of the appointment or an extension thereto.

5.   The Petitioner shall pay the reasonable cost of the Receiver, unless and until the Petitioner shows good cause why Petitioner should no longer be required to pay that cost, and Petitioner reserves the right to apply for an order directing that the cost of the Receiver and the cost of bringing this Petition shall be shared by any other party who makes a claim against Collins & Aikman Products, LLC to pursue its insurance proceeds.

6.   Pursuant to Rule 148 of the Rules of this Court, Rules 149 through 168 shall not be applicable to this proceeding.  Instead, the Receiver shall, either prior to the Termination Date or within thirty (30) days thereafter, file with this Court a report advising the Court of the Termination Date and describing the actions taken by the Receiver pursuant to this order.

7.   The Receiver shall be discharged and this case shall be dismissed thirty (30) days following the filing of the report referred to in paragraph 6 hereof, unless the Receiver or any other interested person shall petition the Court within the thirty-day period following the filing of such report, showing good cause why the Receiver should not be discharged and the case dismissed.

_____
Chancellor

This document constitutes a ruling of the court and should be treated as such.

| | |
|---|---|
| **Court:** | DE Court of Chancery Civil Action |
| **Judge:** | Andre G Bouchard |
| **File & Serve Transaction ID:** | 56407953 |
| **Current Date:** | Dec 08, 2014 |
| **Case Number:** | 10348-CB |
| **Case Name:** | IMO Collins & Aikman Products LLC |
| **Court Authorizer:** | Bouchard, Andre G |

**Court Authorizer Comments:**

Brian Rostocki, Esquire is appointed as the Receiver.

**/s/ Judge Bouchard, Andre G**