UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| CALIFORNIA DEPARTMENT OF TOXIC SUBSTANCES CONTROL and the TOXIC SUBSTANCES CONTROL ACCOUNT,<br><br>        Plaintiffs,<br><br>  v.<br><br>JIM DOBBAS, INC., a California corporation; CONTINENTAL RAIL, INC., a Delaware corporation; DAVID VAN OVER, individually; PACIFIC WOOD PRESERVING, a dissolved California corporation; and WEST COAST WOOD PRESERVING, LLC, a Nevada limited liability company,<br><br>        Defendants,<br><br>AND RELATED COUNTERCLAIMS AND CROSS-CLAIMS. | CIV. NO. 2:14-595 WBS EFB<br><br>ORDER |

----oo0oo----

        Plaintiffs move pursuant to Federal Rules of Civil Procedure 15 and 21 for leave to file a First Amended Complaint

1

("FAC") adding Collins & Aikman Products, LLC ("C&A Products LLC") as a defendant. (Docket No. 68.) All defendants who have appeared in this action have have filed notices of non-opposition to plaintiffs' motion pursuant to Local Rule 230(c). (Docket Nos. 70, 71, 72.) "[A] party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

As a preliminary matter, C&A Products LLC is a cancelled Delaware limited liability company. (See Pls.' Mem. at 4 (Docket No. 68-1).) To assure the court that C&A Products LLC has the capacity to be sued, plaintiffs have provided the court with an order issued by the Delaware Court of Chancery, dated December 8, 2014, appointing Brian Rostocki as a receiver for C&A Products LLC pursuant to 6 Delaware Code section 18-805.[1] (Pls.' Req. for Judicial Notice Ex. A at 4 (Docket No. 73-1).) The order grants Rostocki the power to act as receiver for the limited purpose of allowing C&A Products LLC to be sued in this action. (Id. at 1-2); see 28 U.S.C. § 959(a) (allowing suits against receivers); Fed. R. Civ. P. 17(b)(3).

---

[1] The court may take judicial notice of the Delaware Court of Chancery's order because it constitutes proceedings in another court that have a direct relation to the addition of C&A Products LLC as a party. See Schulze v. FBI, 2010 WL 2902518, at *1 (E.D. Cal. July 22, 2010) (Ishii, J.) ("A federal court may 'take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'" (quoting United States v. Black, 482 F.3d 1035, 1041 (9th Cir. 2007)); NuCal Foods, Inc. v. Quality Egg LLC, 887 F. Supp. 2d 977, 984 (E.D. Cal. 2012) (Mueller, J.) ("Courts have consistently held that courts may take judicial notice of documents filed in other court proceedings.").

1               Next, plaintiffs represent that, from 1979 to 1997, C&A
2    Products LLC and its predecessor companies owned the site that is
3    connected with the alleged cleanup costs that form the basis of
4    their CERCLA claim against defendants.  (Pls.' Mem. at 2; see
5    Compl. at ¶¶ 15, 17, 19, 21 (Docket No. 1).)  Plaintiffs did not
6    initially name C&A Products LLC as a defendant, but the parties
7    stated in their Joint Status Report that they may move to add C&A
8    Products LLC if plaintiffs obtained information suggesting that
9    there may be potential recovery from the cancelled company's past
10   insurance coverage.  (Pls.' Mem. at 2-3; Joint Status Report at 4
11   (Docket No. 15).)  Having obtained such information, plaintiffs
12   now make their motion to add C&A Products LLC as a defendant.
13   (Pls.' Mem. at 3-4; see Heller Decl. Ex. B (Docket No. 68-4).)
14            Good cause appearing therefor, IT IS HEREBY ORDERED
15   that plaintiffs' motion for leave to file a FAC be, and the same
16   hereby is, GRANTED.
17   Dated:  December 10, 2014

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE