Exhibit B

IN THE UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| COLLINS & AIKMAN CORPORATION, et al.[1] | ) Case No. 05-55927 (SWR) |
| | ) (Jointly Administered) |
| Debtors. | ) |
| | ) (Tax Identification #13-3489233) |
| | ) |
| | ) Honorable Steven W. Rhodes |

**STIPULATION REGARDING THE CLAIMS OF CALIFORNIA DEPARTMENT OF TOXIC SUBSTANCES CONTROL AND THE CENTRAL VALLEY REGIONAL WATER QUALITY CONTROL BOARD AND TO RESOLVE OBJECTIONS TO THE FIRST AMENDED JOINT PLAN OF COLLINS & AIKMAN CORPORATION AND ITS DEBTOR SUBSIDIARIES**

The above-captioned debtors and debtors-in-possession (collectively, the "Debtors") and the California Department of Toxic Substances Control ("DTSC") and the Central Valley Regional Water Quality Control Board (the "Regional Water Board") (collectively, "California Environmental Entities"),[2] each by and through their respective attorneys, stipulate and agree as follows:

---

[1] The Debtors in the jointly administered cases include: Collins & Aikman Corporation; Amco Convertible Fabrics, Inc., Case No. 05-55949; Becker Group, LLC (d/b/a/ Collins & Aikman Premier Mold), Case No. 05-55977; Brut Plastics, Inc., Case No. 05-55957; Collins & Aikman (Gibraltar) Limited, Case No. 05-55989; Collins & Aikman Accessory Mats, Inc. (f/k/a the Akro Corporation), Case No. 05-55952; Collins & Aikman Asset Services, Inc., Case No. 05-55959; Collins & Aikman Automotive (Argentina), Inc. (f/k/a Textron Automotive (Argentina), Inc.), Case No. 05-55965; Collins & Aikman Automotive (Asia), Inc. (f/k/a Textron Automotive (Asia), Inc.), Case No. 05-55991; Collins & Aikman Automotive Exteriors, Inc. (f/k/a Textron Automotive Exteriors, Inc.), Case No. 05-55958; Collins & Aikman Automotive Interiors, Inc. (f/k/a Textron Automotive Interiors, Inc.), Case No. 05-55956; Collins & Aikman Automotive International, Inc., Case No. 05-55980; Collins & Aikman Automotive International Services, Inc. (f/k/a Textron Automotive International Services, Inc.), Case No. 05-55985; Collins & Aikman Automotive Mats, LLC, Case No. 05-55969; Collins & Aikman Automotive Overseas Investment, Inc. (f/k/a Textron Automotive Overseas Investment, Inc.), Case No. 05-55978; Collins & Aikman Automotive Services, LLC, Case No. 05-55981; Collins & Aikman Canada Domestic Holding Company, Case No. 05-55930; Collins & Aikman Carpet & Acoustics (MI), Inc., Case No. 05-55982; Collins & Aikman Carpet & Acoustics (TN), Inc., Case No. 05-55984; Collins & Aikman Development Company, Case No. 05-55943; Collins & Aikman Europe, Inc., Case No. 05-55971; Collins & Aikman Fabrics, Inc. (d/b/a Joan Automotive Industries, Inc.), Case No. 05-55963; Collins & Aikman Intellimold, Inc. (d/b/a M&C Advanced Processes, Inc.), Case No. 05-55976; Collins & Aikman Interiors, Inc., Case No. 05-55970; Collins & Aikman International Corporation, Case No. 05-55951; Collins & Aikman Plastics, Inc., Case No. 05-55960; Collins & Aikman Products Co., Case No. 05-55932; Collins & Aikman Properties, Inc., Case No. 05-55964; Comet Acoustics, Inc., Case No. 05-55972; CW Management Corporation, Case No. 05-55979; Dura Convertible Systems, Inc., Case No. 05-55942; Gamble Development Company, Case No. 05-55974; JPS Automotive, Inc. (d/b/a PACJ, Inc.), Case No. 05-55935; New Baltimore Holdings, LLC, Case No. 05-55992; Owosso Thermal Forming, LLC, Case No. 05-55946; Southwest Laminates, Inc. (d/b/a Southwest Fabric Laminators Inc.), Case No. 05-55948; Wickes Asset Management, Inc., Case No. 05-55962; and Wickes Manufacturing Company, Case No. 05-55968.

[2] DTSC and the Regional Water Board each make this special limited appearance subject to and without waiving sovereign immunity by such appearance.

K&E 11948221.9
05-55927-swr    Doc 7799    Filed 07/16/07    Entered 07/16/07 13:38:02    Page 1 of 9

DTSC, et al. v. Jim Dobbas, Inc., et al.
AGO000292

A.   WHEREAS, on May 17, 2005 (the "Petition Date"), the Debtors filed their voluntary petitions for relief under chapter 11 of the Bankruptcy Code, 11 U.S.C. §§ 101-1330 (the "Bankruptcy Code").

B.   WHEREAS, the California Environmental Entities allege that before the Petition Date, the Debtors owned and/or operated a facility located in Elmira, California.

C.   WHEREAS, the California Environmental Entities allege that prior to the filing of the Debtors' chapter 11 cases (the "Chapter 11 Cases"), the Debtors performed remediation at the Elmira Site (as defined herein) pursuant to orders issued to them by, or agreements entered into with, DTSC, or its predecessor and the Regional Water Board.

D.   WHEREAS, on February 9, 2007, the Debtors filed their First Amended Joint Plan of Collins & Aikman Corporation and Its Debtor Subsidiaries (as may be amended from time to time, the "Plan").

E.   WHEREAS, DTSC and the Regional Water Board are environmental agencies of the State of California, and each of these agencies allege that it is authorized pursuant to state and federal statutes and regulations to protect the public welfare and environment of the State of California.

F.   WHEREAS, DTSC alleges that it regulates hazardous waste management in California and enforces laws related to the cleanup of hazardous substances in California's environment.

G.   WHEREAS, on January 10, 2006, DTSC filed a proof of claim alleging claims for pre-petition, post-petition and future estimated environmental response costs against the Debtors in the total amount of not less than $17,074,068.20, which claim was designated as Proof of Claim No. 7649 (the "DTSC Claim"). DTSC alleges that (a) part of the DTSC claim was filed as

2

K&E 11948221.9
05-55927-swr   Doc 7799   Filed 07/16/07   Entered 07/16/07 13:38:02   Page 2 of 9

DTSC, et al. v. Jim Dobbas, Inc., et al.
AGO000293

a protective measure and (b) it reserved its right to seek post-confirmation response costs and/or declaratory and injunctive relief against the Debtors for the Debtors to comply with environmental obligations, including injunctive orders.

H.  WHEREAS, the Regional Water Board alleges that it is part of the principal state agency that regulates water quality pursuant to state and federal environmental laws.

I.  WHEREAS, on January 10, 2006, the Regional Water Board filed a proof of claim alleging pre-petition, post-petition and future environmental oversight costs in an estimated amount of $44,546.35 and penalties for violations of the Water Code in the amount of $30,000, which claim was designated as Proof of Claim No. 4722 (the "RWB Claim"). The Regional Water Board alleges that (a) part of the RWB Claim was filed as a protective measure and (b) it reserved its right to seek post-confirmation oversight costs and/or injunctive relief against the Debtors for the Debtors to comply with environmental obligations, including injunctive orders.

J.  WHEREAS, the California Environmental Entities allege that the DTSC claim and RWB claim relate, in part, to the former Wickes Forest Industries Site located on approximately 7.5 acres in Elmira, California (the "Elmira Site").

K.  WHEREAS, the California Environmental Entities allege that: (1) on September 9, 1983, DTSC, the Regional Water Board and Wickes Companies, Inc. entered into an Agreement requiring the Wickes Companies to remove and treat groundwater and manage storm water at the site; (2) on February 26, 1996, DTSC and Collins & Aikman Products Co. entered into an Operations and Maintenance Agreement requiring the Debtors to (a) maintain an asphalt cap, which was placed on the Elmira Site to contain the contamination and (b) operate a groundwater extraction and treatment system; (3) on June 4, 2004, the Regional Water Board

3

K&E 11948221.9
05-55927-swr    Doc 7799    Filed 07/16/07    Entered 07/16/07 13:38:02    Page 3 of 9

DTSC, et al. v. Jim Dobbas, Inc., et al.
AGO000294

issued the National Pollution Discharge Permit No. CA0081531, WDR No. R5-2004-0066 to Collins & Aikman Products Co.; (4) on January 27 2005, Collins & Aikman Products Co. was issued WDR Order No. R5-2005-0022, which permitted a pilot study that includes the subsurface injection of calcium polysulfide for the treatment of soil and groundwater polluted with hexavalent chromium; and the Debtors reserve their rights with respect to all such allegations.

L.  WHEREAS, on May 4, 2007 and May 7, 2007, the California Environmental Entities filed joint objections to the Plan [Docket Nos. 4611, 4652] (collectively, the "Objections") on the grounds that (a) the discharge, injunction and release language in the Plan is overly broad in many respects and, as such, is contrary to the provisions of the Bankruptcy Code and (b) the Plan fails to provide compliance with existing orders and agreements between the Debtors and the California Environmental Entities with respect to the Elmira Site.

NOW, THEREFORE, in consideration of the mutual premises contained herein, and for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, it is hereby stipulated and agreed to by and between the Debtors and the California Environmental Entities as follows:

1.  The following language will be inserted into the Confirmation Order (as defined in the Plan):

> Notwithstanding anything to the contrary in the Plan or this Order, the California Environmental Entities shall not be Releasing Parties and shall not be subject to the obligation to provide Third Party Releases set forth herein or in Article XII.C of the Plan.
>
> Notwithstanding anything to the contrary in the Plan or this Order, the California Environmental Entities shall not be

4

K&E 11948221.9
05-55927-swr    Doc 7799    Filed 07/16/07    Entered 07/16/07 13:38:02    Page 4 of 9

DTSC, et al. v. Jim Dobbas, Inc., et al.
AGO000295

subject to the provisions of Article XII.E and Paragraph 5 of this Order.

Nothing in the Plan or this Order discharges, releases or precludes any liability to the California Environmental Entities that is not a Claim.

Any relief provided under the Plan or this Order to non-Debtors shall not release, discharge, enjoin or preclude any liability of such non-Debtors to the California Environmental Entities under any federal, state or local environmental law or regulation.

Nothing in the Plan or this Order discharges, releases or precludes any claim of the California Environmental Entities that arises on or after the Effective Date.

Nothing in the Plan or this Order releases any entity from liability under environmental law as the owner or operator of property located in the State of California that such entity owns or operates after the Effective Date.

The Stipulation between the Debtors and the California Environmental Entities is hereby approved and incorporated in this Order by reference.

2. Upon the Court entering an order approving this Stipulation and incorporating this Stipulation in the Confirmation Order and the Debtors complying with Paragraph 1 hereof, the Objections shall be deemed withdrawn effective immediately.

3. The Regional Water Board shall have an allowed Class 5 Claim in the amount of $74,546.35, which shall (a) not be subordinated and (b) receive a distribution under the terms of the Plan. Subject to Paragraph 7 of this Stipulation, the Debtors and the Regional Water Board agree that the unliquidated portion of the RWB Claim as well as the unpaid portions of the RWB Claim will survive for recovery.

4. Notwithstanding anything contrary in the Plan or Confirmation Order, subject to Paragraph 7 of this Stipulation, the Debtors and the Regional Water Board agree that the entire RWB Claim will survive for recovery and notwithstanding the Chapter 11 Cases, the Regional

5

K&E 11948221.9
05-55927-swr   Doc 7799   Filed 07/16/07   Entered 07/16/07 13:38:02   Page 5 of 9

DTSC, et al. v. Jim Dobbas, Inc., et al.
AGO000296

Water Board can pursue the RWB Claim against the Debtors and be paid from insurance proceeds.

5.    DTSC shall have an allowed Class 5 Claim in the amount of $224,725.71, which shall (a) not be subordinated and (b) receive a distribution under the terms of the Plan. Subject to Paragraph 7 of this Stipulation, the Debtors and DTSC agree that the unliquidated portion of the DTSC Claim as well as the unpaid portions of the DTSC Claim will survive for recovery.

6.    Notwithstanding anything contrary in the Plan or Confirmation Order, subject to Paragraph 7 of this Stipulation, the Debtors and DTSC agree that the entire DTSC Claim will survive for recovery and notwithstanding the Chapter 11 Cases, DTSC can pursue the DTSC Claim against the Debtors and be paid from insurance proceeds.

7.    Notwithstanding anything contrary in the Plan or Confirmation Order, after the Effective Date, the automatic stay and any injunction pursuant to the Plan shall be modified to permit the California Environmental Entities to prosecute legal or administrative actions against the Debtors with respect to the Elmira Site to and including the entry of judgment against or settlement with the Debtors (collectively, the "Elmira Site Action"); provided, however, that notwithstanding anything in this Stipulation, the Plan, the order approving this Stipulation and the Confirmation Order (a) no judgment or settlement based on the Elmira Site Action may be collected against the Debtors or the Trusts (as defined in the Plan), and each of their respective officers, directors, employees, agents and attorneys and (b) the California Environmental Entities shall not collect any money or other forms of remuneration or relief to which the California Environmental Entities may be entitled to in connection with the Elmira Site Action, if any, from the Debtors, the Trusts (as defined in the Plan), or any of the Debtors or the Trusts' officers, directors, employees, agents or attorneys.

6

K&E 11948221.9
05-55927-swr    Doc 7799    Filed 07/16/07    Entered 07/16/07 13:38:02    Page 6 of 9

DTSC, et al. v. Jim Dobbas, Inc., et al.
AGO000297

8. Notwithstanding anything contrary in the Plan or Confirmation Order, including insurance provisions, subject to Paragraph 7 of this Stipulation, the Debtors specifically acknowledge and agree that any actions by the California Environmental Entities, whether administrative, or in state or federal court, may be filed in any non-bankruptcy forums, including California, and that the Debtors will not object to any action filed against the Debtors to establish liability and to seek recovery of insurance proceeds on the ground that such action is barred by this bankruptcy proceeding.

9. Subject to Paragraph 7 of this Stipulation, nothing in the Plan or the Confirmation Order releases or nullifies any liability to the California Environmental Entities under environmental statutes or regulations that any entity or person would be subject to as the current or past owner, operator, responsible party, or person as defined in the California Water Code and the California Health and Safety Code after the Confirmation Hearing (as defined in the Plan).

10. Subject to Paragraph 7 of this Stipulation, nothing in the Plan or the Confirmation Order impairs or restricts the California Environmental Entities' ability to pursue all of their applicable rights and remedies with respect to insurance claims, proceeds, or policies.

11. Notwithstanding any provisions in the Plan or Confirmation Order to the contrary, all rights, claims and interests of the California Environmental Entities shall not be discharged, impaired, or adversely affected by the Plan and Chapter 11 Cases, shall survive the Chapter 11 Cases as if the Chapter 11 Cases had not been commenced, and shall be determined in the manner and by the non-bankruptcy administrative or judicial tribunals in which such rights, claims, or interests would have been resolved or adjudicated if the Chapter 11 Cases had not been commenced"); provided, however, that notwithstanding anything in this Stipulation, the Plan, the order approving this Stipulation and the Confirmation Order (a) no judgment or

7

K&E 11948221.9
05-55927-swr    Doc 7799    Filed 07/16/07    Entered 07/16/07 13:38:02    Page 7 of 9

DTSC, et al. v. Jim Dobbas, Inc., et al.
AGO000298

settlement based on the Elmira Site Action may be collected against the Debtors or the Trusts (as defined in the Plan), and each of their respective officers, directors, employees, agents and attorneys and (b) the California Environmental Entities shall not collect any money or other forms of remuneration or relief to which the California Environmental Entities may be entitled to in connection with the Elmira Site Action, if any, from the Debtors, the Trusts (as defined in the Plan), or any of the Debtors or the Trusts' officers, directors, employees, agents or attorneys.

12. The modification set forth herein of the automatic stay and the injunction set forth in the Plan and the Confirmation Order, shall have no effect as to parties that are not a party to this Stipulation, and the automatic stay and such injunction shall remain in full force and effect with respect to such parties and their claim or cause of action.

13. Neither this Stipulation, nor any terms contained herein shall be offered or received in evidence or in any way referred to in any legal action or administrative proceeding among or between the parties hereto, other than as may be necessary: (a) to obtain approval and to enforce this Stipulation; (b) to seek cost recovery, remediation, penalties, liabilities, declaratory relief, future response costs, damages or injunctive relief in connection therewith; (c) to prove that the automatic stay and the injunction have been modified as set forth herein; and (d) to prove the agreement in Paragraph 8 of this Stipulation.

14. This Stipulation may be executed in multiple counterparts, any of which may be transmitted by facsimile, and each of which shall be deemed an original, but all of which together shall constitute one instrument.

15. This Stipulation shall not be modified, altered, amended or vacated without written consent of all parties hereto.

8

K&E 11948221.9
05-55927-swr   Doc 7799   Filed 07/16/07   Entered 07/16/07 13:38:02   Page 8 of 9

DTSC, et al. v. Jim Dobbas, Inc., et al.
AGO000299

16. The terms and conditions of this Stipulation shall be immediately effective and enforceable conditioned upon the entry of the order approving this Stipulation and incorporating the Stipulation in the Confirmation Order.

Dated: July 12, 2007

| | |
|---|---|
| **KIRKLAND & ELLIS LLP** | **CENTRAL VALLEY REGIONAL WATER QUALITY CONTROL BOARD** |
| */s/ Marc J. Carmel* | */s/ Marilyn H. Levin* |
| Richard M. Cieri (NY RC 6062) | Marilyn H. Levin (CA Bar. No. 92800) |
| Citigroup Center | Deputy Attorney General |
| 153 East 53rd Street | 300 S. Spring St., 11th Floor |
| New York, New York  10022 | Los Angeles, California  90013 |
| Telephone:  (212) 446-4800 | Telephone: (213) 897-2612 |
| Facsimile:  (212) 446-4900 | Facsimile: (213) 897-2802 |
| -and- | |
| David L. Eaton (IL 3122303) | |
| Ray C. Schrock (IL 6257005) | |
| Marc J. Carmel (IL 6272032) | |
| 200 East Randolph Drive | |
| Chicago, Illinois  60601 | |
| Telephone:  (312) 861-2000 | |
| Facsimile:  (312) 861-2200 | |
| -and- | Counsel for the Regional Water Board |
| **CARSON FISCHER, P.L.C.** | **DEPARTMENT OF TOXICS SUBSTANCES CONTROL** |
| | */s/ Donald A. Robinson* |
| Joseph M. Fischer (P13452) | Donald A. Robinson (CA Bar No. 72402) |
| 4111 West Andover Road | 300 S. Spring St., 11th Floor |
| West - Second Floor | Los Angeles, California  90013 |
| Bloomfield Hills, Michigan  48302 | Telephone: (213) 897-2611 |
| Telephone:  (248) 644-4840 | Facsimile: (213) 897-2802 |
| Facsimile:  (248) 644-1832 | Deputy Attorney General |
| Co-Counsel for the Debtors | Counsel for the DTSC |

I hereby certify that the foregoing is a true copy of the original on file in this office.

CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
BY: /s/ Jennifer Mahar, Deputy Clerk
DATE: 2/10/14

9

K&E 11948221.9
05-55927-swr    Doc 7799    Filed 07/16/07    Entered 07/16/07 13:38:02    Page 9 of 9

DTSC, et al. v. Jim Dobbas, Inc., et al.
AGO000300