1  Lester O. Brown, Bar No. 160828
   LBrown@perkinscoie.com
2  James G. Bernald, Bar No. 205519
   JBernald@perkinscoie.com
3  PERKINS COIE LLP
   1888 Century Park East, Suite 1700
4  Los Angeles, CA  90067-1721
   Telephone:  310.788.9900
5  Facsimile:  310.788.3399

6  Attorneys for Defendant
   West Coast Wood Preserving, LLC
7

8              UNITED STATES DISTRICT COURT

9            EASTERN DISTRICT OF CALIFORNIA

10

11  CALIFORNIA DEPARTMENT OF          Case No. 2:14-cv-00595-WBS-EFB
    TOXIC SUBSTANCES CONTROL,
12  et al.,                          **DECLARATION OF LESTER O.
                                     BROWN IN SUPPORT OF MOTION
13            Plaintiffs,            FOR SUMMARY JUDGMENT BY
                                     WEST COAST WOOD
14      v.                           PRESERVING, LLC**

15  JIM DOBBAS, INC., et al.,         [Filed concurrently with Notice of
                                      Motion and Motion For Summary
16            Defendants.            Judgment, Statement of Undisputed
                                     Facts, Declaration of Stephen Ryan,
17                                    Request for Judicial Notice and
                                     [Proposed] Order]
18
                                     Date:       January 26, 2015
19                                   Time:       2:00 p.m.
                                     Place:      Courtroom 5, 14th Floor
20                                               501 I Street
                                                 Sacramento, CA 95814
21                                   Trial:      January 4, 2017
                                     Action Filed:    March 3, 2014
22  ─────────────────────────────
    AND RELATED
23  COUNTERCLAIMS AND CROSS-
    ACTIONS.
24

25

26

27

28

1    I, Lester O. Brown, declare as follows:

2        1.    I am an attorney admitted to practice before this Court and all courts of

3    the State of California. I am a member of the law firm of Perkins Coie LLP, counsel

4    of record for Defendant West Coast Wood Preserving, LLC ("WCWP") in this

5    action.

6        2.    I make this declaration in support of WCWP'S Motion for Summary

7    Judgment.

8        3.    I have personal knowledge of the facts recited herein, and if called as a

9    witness, could and would testify competently thereto.

10       4.    Attached hereto as Exhibit A is a true and correct copy of a May 9,

11   1979 letter from CH2M Hill to Stephen Ryan (bates No. DTSC029266-279),

12   produced by Plaintiffs California Department of Toxic Substances Control and the

13   Toxic Substances Control account (collectively "DTSC") in this case with its Initial

14   Disclosures on or about July 30, 2014.

15       5.    Attached hereto as Exhibit B is a true and correct copy of a March 16,

16   1979 letter from CH2M Hill to Stephen Ryan (bates No. DTSC029282-288),

17   produced by DTSC in this case with its Initial Disclosures on or about July 30,

18   2014.

19       6.    Attached hereto as Exhibit C is a true and correct copy of a November

20   19, 1979 letter from James A. Robertson to Richard F. Jackson enclosing a

21   November 19, 1979 Memorandum from Greg K. Vaughn to S. Phillippe (bates No.

22   DTSC029229-29230), produced by DTSC in this case with its Initial Disclosures

23   on or about July 30, 2014.

24       7.    Attached hereto as Exhibit D is a true and correct copy of a June 25,

25   1979 letter from Donald Stephenson to Walter Wunderlich (bates no.

26   DTSC008167-8168), produced by DTSC in this case with its Initial Disclosures on

27   or about July 30, 2014.

28

8.      Attached hereto as Exhibit E is a true and correct copy of a July 30, 1979 letter from Walter Wunderlich to the Law Offices of Dobbins, Weir, Thompson & Stephenson (bates no. DTSC0029255), produced by DTSC in this case with its Initial Disclosures on or about July 30, 2014.

9.      Attached hereto as Exhibit F is a true and correct copy of a New York Times article dated February 24, 1984 titled "Wickes Reaches an Agreement With Creditors."  This article was printed out on November 18, 2014 from and is accessible at http://www.nytimes.com/1984/02/24/business/wickes-reaches-an-agreement-with-creditors.html.

10.      Attached hereto as Exhibit G is a true and correct copy of the California Regional Water Quality Control Board Central Valley Region's Cleanup and Abatement Order for Wickes Forest Industries, The Wickes Corporation, Elmira, Solano County dated June 7, 1982 (bates no. DTSC029747-48), produced by DTSC in this case with its Initial Disclosures on or about July 30, 2014.

11.      Attached hereto as Exhibit H is a true and correct copy of the California Regional Water Quality Control Board Central Valley Region's Cleanup and Abatement Order for Wickes Forest Industries, The Wickes Corporation, Elmira, Solano County dated Oct. 4, 1982 (bates no. DTSC029332-35), produced by DTSC in this case with its Initial Disclosures on or about July 30, 2014.

12.      Attached hereto as Exhibit I is a true and correct copy of the Department of Health Services and California Regional Water Quality Control Board Central Valley Region's Settlement Agreement & Schedule of Compliance dated February 1984 (bates no. DTSC010034-41), produced by DTSC in this case with its Initial Disclosures on or about July 30, 2014.

13.      Attached hereto as Exhibit J is a true and correct copy of a September 9, 1983 letter from Wickes Companies, Inc. to Karen O'Haire of  the Regional Water Quality Control Board  (bates no. DTSC010116-10127), produced by DTSC in this case with its Initial Disclosures on or about July 30, 2014.

1        14.     Attached hereto as Exhibit K is a true and correct copy of an

2    August 12, 1983 letter from the California Regional Water Quality Control Board

3    to Wickes Forest Industries (bates no. DTSC029607), produced by DTSC in this

4    case with its Initial Disclosures on or about July 30, 2014.

5        15.     Attached hereto as Exhibit L is a true and correct copy of a

6    September  19, 1983 letter from the California Regional Water Quality Control

7    Board to Wickes Forest Industries (bates no. DTSC029481-42), produced by DTSC

8    in this case with its Initial Disclosures on or about July 30, 2014.

9        16.     Attached hereto as Exhibit M is a true and correct copy of excerpts of

10   Levine-Fricke's Remedial Action Plan Wickes Companies Elmira Site, dated

11   February 25, 1994 (bates no. DTSC001007-1038), produced by DTSC in this case

12   with its Initial Disclosures on or about July 30, 2014.

13       17.     Attached hereto as Exhibit N is a true and correct copy of a December

14   19, 1983 letter from Johnson-Riddle-McConnell to Woodward-Clyde Consultants

15   (bates no. DTSC29141-44), produced by DTSC in this case with its Initial

16   Disclosures on or about July 30, 2014.

17       18.     Attached hereto as Exhibit O is a true and correct copy of a New York

18   Times article dated November 9, 1986 titled "Wickes to Buy Collins & Aikman for

19   1.16 Billion."  This article was printed out from and is accessible at

20   http://nytimes.com on November 18, 2014.

21       19.     Attached hereto as Exhibit P is a true and correct copy of a November

22   13, 2006 letter from James Tjosvold of the Department of Toxic Substances

23   Control to Jim Dobbas and Continental Rail Co. (bates no. DTSC018465-474),

24   produced by DTSC in this case with its Initial Disclosures on or about July 30,

25   2014.

26       20.     Attached hereto as Exhibit Q is a true and correct copy of the

27   February 5, 1992 Enforceable Agreement filed before the State of California EPA

28   Department of Toxic Substance Control and Collins & Aikman Group, Inc., f/k/a

Wickes Companies, Inc. (bates no. DTSC010099-10108), produced by DTSC in this case with its Initial Disclosures on or about July 30, 2014.

21.    Attached hereto as Exhibit R is a true and correct copy of a May 13, 1993 letter from the Department of Toxic Substance Control to Wickes Companies, Inc. (bates no. DTSC028315-323), produced by DTSC in this case with its Initial Disclosures on or about July 30, 2014.

22.    Attached hereto as Exhibit S is a true and correct copy of a document titled "Final RAP Checklist" by Timothy Patenaude dated February 1994 (bates no. DTSC017833-836), produced by DTSC in this case with its Initial Disclosures on or about July 30, 2014.

23.    Attached hereto as Exhibit T is a true and correct copy of a March 12, 1996 letter from DTSC to James Moore of Collins & Aikman Products Co. (bates no. DTS007960-7969), produced by DTSC in this case with its Initial Disclosures on or about July 30, 2014.

24.    Attached hereto as Exhibit U is a true and correct copy of excerpts of DTSC's January 11, 2006 Proof of Claim filed in the U.S. Bankruptcy Court, Eastern District of Michigan in the bankruptcy of Collins &Aikman Corp. (bates no. DTSC009218-9224), produced by DTSC in this case with its Initial Disclosures on or about July 30, 2014.

25.    Attached hereto as Exhibit V is a true and correct copy of excerpts of the Final July 2010 Removal Action Workplan, Wickes Forest Industries Site, Elmira, California (bates no. DTSC004010-4064), produced by DTSC in this case with its Initial Disclosures on or about July 30, 2014.

26.    Attached hereto as Exhibit W are true and correct copies of letters dated March 17, 2011, June 21, 2011 and October 6, 2011 from the Department of Toxic Substances Control to Alan Gibbs of Arcadis U.S. Inc. (bates nos. DTSC019070-79, ADMIN 007186-96, and ADMIN 007587-7603), produced by DTSC in this case with its Initial Disclosures on or about July 30, 2014.

1    27.    Attached hereto as Exhibit X is a true and correct copy of a

2  September 20, 2010 letter from the Department of Toxic Substances Control to

3  Pacific Wood Preserving of Bakersfield, Inc. (bates no. DTSC027336-37),

4  produced by DTSC in this case with its Initial Disclosures on or about July 30,

5  2014.

6    28.    Attached hereto as Exhibit Y is a true and correct copy of a November

7  24, 2010 letter from Pacific Wood Preserving of Bakersfield, Inc.'s attorneys

8  Sheppard Mullin LLP to Marilee Hanson of the Department of Toxic Substances

9  Control (bates no. DTSC018744-853), produced by DTSC in this case with its

10  Initial Disclosures on or about July 30, 2014.

11    29.    Attached hereto as Exhibit Z is a true and correct copy of a printout

12  made from the Department of Toxic Substances Control's EnviroStor website

13  regarding the Wickes Forest Industries Site in Elmira, California.  This printout was

14  obtained on December 10, 2014 2014 from, and is accessible at,

15  http://www.envirostor.dtsc.ca.gov/public/profile_report.asp?global_id=4824000.

16  ////

17  ////

18  ////

19  ////

20  ////

21  ////

22  ////

23  ////

24  ////

25  ////

26  ////

27  ////

28  ////

1      I declare under penalty under the laws of the United States of America that

2 the foregoing is true and correct.

3

     Executed on December 15, 2014 at Los Angeles, California.

4

5

6            /s/ Lester O. Brown

7            Lester O. Brown

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

BROWN DECLARATION
2:14-cv-00595-WBS-EFB