# Exhibit D



LAW OFFICES OF
**DOBBINS, WEIR, THOMPSON & STEPHENSON**
A PROFESSIONAL CORPORATION
500 MAIN STREET
VACAVILLE, CALIFORNIA 95688

SINCLAIR M. DOBBINS (1899-1962)
WALTER W. WEIR, JR.
G. DOUGLAS THOMPSON
DONALD P. STEPHENSON

P. O. BOX 207
TELEPHONE
(707) 448-6894

June 25, 1979

Walter E. Wunderlich
Deputy Attorney General
555 Capitol Mall, Suite 350
Sacramento, Ca. 95814

Re: People of the State of California vs. Pacific Wood Preserving

Dear Mr. Wunderlich:

I apologize for the delay in this correspondence, but was awaiting the action by the Regional Water Quality Control Board on the Engineering Report of CH2M HILL of 9 May, 1979. It is my understanding that oral approval has been given by the Board for one of the proposals for corrective action, and that the cost of these steps to Pacific Wood Preserving would be in excess of $100,000.00 in addition to those sums already expended.

I realize that this cost, standing alone, would not be a basis upon which to mitigate the pending lawsuit concerning past violations, particularly if said violations had been, in fact, intentional as described in the language of the pleading.

I have been provided information concerning the steps taken by Pacific Wood in the matter and would like to detail those below.

   1. The Cleanup and Abatement Order was issued on March 2, 1978, and Pacific Wood had begun cleanup in February.

   2. In the months of February - May of 1978, Pacific Wood spend $36,628.12 to comply with the cleanup order and to construct improvements to assure adequate containment of future discharge of toxic materials.

   3. It is my understanding that a formal engineering report was not prepared, but that corrective action was taken after discussion between Pacific Wood and representatives of the Water Quality Control Board.

   4. The Board's recommendation of February 23, 1979 to the Attorney General's Office was based, in part, on the mistaken

DTSC, et al. v. Jim Dobbas, Inc., et al.
DTSC008167

-32-

Walter B. Wunderlich
June 25, 1979
Page two

  re: People vs. Pacific Wood Preserving

belief that Pacific Wood had intentionally ignored three or four reports of violation, and took no steps to insure nonrepetition of the reported violations. Apparently there was testimony at the hearing of memo's which are routinely sent by Board personnel after findings of violations.

At some point after the hearing, in telephone conversations, Mr. Richard Rose indicated to the plant manager of Pacific Wood that the only mailed notice to Pacific Wood was in June of 1978, and that nothing was sent on other occasions. I enclose herewith a copy of a memo typed by Mr. Ryan to this effect.

Apparently, oral notice was given by the inspector at the time of each violation to a Mr. Murphy, who was at that time the plant manager at Pacific Wood (this information comes from our discussion, not from any record of Pacific Wood), and Mr. Murphy no longer is employed at Pacific Wood. Richard Jackson, owner of Pacific Wood, indicates that he had no knowledge of these violations and that word was not passed on to him by his then manager.

I have discussed with my client the legal responsibility of the corporation for action (or inaction) by an employee, and the application of the law to our case. I have further relayed our discussion regarding your willingness to consider arguments to reduce an agreeable settlement figure from the sum of $16,000.00.

Due to the expense of the $100,000.00 cleanup project presently being implimented, but bearing in mind the expense to the State in initiating this suit, I have been authorized to offer $2500.00 as a full cost settlement.

Apparently the communication between Pacific Wood and the staff (Mr. Vaughn and Mr. Phillipi) has improved significantly with the replacement of Mr. Murphy by Steve Ryan, and we foresee no future problems. Please discuss the above with Board representatives and advise me of your decision.

Yours very truly,

DONALD P. STEPHENSON

DPS/be

DTSC, et al. v. Jim Dobbas, Inc., et al.
DTSC008168