-42-

# Exhibit H

CALIFORNIA REGIONAL WATER QUALITY CONTROL BOARD
CENTRAL VALLEY REGION

CLEANUP AND ABATEMENT ORDER
FOR
WICKES FOREST INDUSTRIES
THE WICKES CORPORATION
ELMIRA, SOLANO COUNTY

The California Regional Water Quality Control Board, Central Valley Region (hereafter Board), finds that:

1. Wood treatment at the Elmira facility was started in 1972. Since 12 September 1979 it has been owned by The Wickes Corporation and operated by Wickes Forest Industries. The previous owner and operator was Pacific Wood Preservation Corporation.

2. Contaminated soils threatened the quality of local ground and surface water, and a Cleanup and Abatement Order was issued on 7 June 1982, requiring that Wickes Forest Industries remove contaminated soils, as identified in the 25 June 1981 Engineering Report, to an approved disposal site.

3. Most of the contaminated soils identified by the 25 June 1981 Engineering Report were removed during the period of 9 August through 20 August 1982. Soils removed were those having concentrations exceeding 50 mg/kg chromium, 50 mg/kg arsenic and 150 mg/kg copper. Soils in the west storage area have not been removed although they exceed these levels.

4. Staff inspections were made on August 9, 11, 13, 16 and 18, during cleanup operations. Samples obtained during this period show high levels of copper, chromium and arsenic (up to 8840 mg/kg copper, 6780 mg/kg chromium, and 13,500 mg/kg arsenic) in soils remaining on-site. These contaminated soils, located primarily under concrete slabs, were not identified in the 25 June 1982 Engineering Report.

5. Contamination under the concrete may be a result of leakage through cracks and joints in the drying pad and from the sump at the west end of the treatment area which has a visible crack and evidence of repair.

6. The Engineering report, dated 25 June 1981, referring to production and monitoring well contamination, stated, "The source of apparent contamination has not been determined at this time and it is recommended that a monthly monitoring program be initiated in lieu of the current quarterly frequency. Future corrective action will be determined if the apparent contamination continues to persist."

7. Findings 2 through 12 of the Cleanup and Abatement Order issued to Wickes Forest Industries, The Wickes Corporation on 7 June 1982, are applicable to this Order and are hereby incorporated and made a part of this Order.

DTSC, et al. v. Jim Dobbas, Inc., et al.
DTSC029332

CLEANUP AND ABATEMENT ORDER                                                         -2-
WICKES FOREST INDUSTRIES
THE WICKES CORPORATION
ELMIRA, SOLANO COUNTY

8. Section 13304(a) of the California Water code provides that "Any person ... who has caused or permitted, causes or permits, or threatens to cause or permit any waste to be discharged or deposited where it is, or probably will be, discharged into the waters of the state and creates, or threatens to create, a condition of pollution or nuisance, shall upon order of the regional board cleanup such waste or abate the effects thereof or, in the case of threatened pollution or nuisance, take other necessary remedial action ..."

9. Issuance of this Order is exempt from the provisions of the California Environmental Quality Act (Public Resources Code Section 21000, et seq.) in accordance with Section 15121, Chapter 3, Title 14, California Administrative Code.

IT IS HEREBY ORDERED, that pursuant to California Water Code Section 13304, Wickes Forest Industries, owned by The Wickes Corporation, shall:

1. Submit a work plan for an investigation to define (a) the extent of contaminated soils beneath the plant site, particularly the treatment area and concrete drying pad; (b) the extent of deep and shallow ground water contamination, both on-site and off-site. This work plan shall be submitted by 1 November 1982.

2. Upon approval of the work plan, discussed in 1. above, by the Executive Officer, conduct an investigation defining the extent of the contaminated soils and contaminated ground water. The results of this investigation and an action plan shall be submitted by 15 December 1982.

3. Implement the action plan approved by the Executive Officer. The plan, which may include, but not necessarily be limited to, removal of contaminated soils identified in the investigation, must be implemented by 1 February 1983.

4. Ground water monitoring shall be continued as specified in the revised Monitoring Program No. 81-031. Additional cleanup actions may be required if ground water contamination persists after the action plan has been implemented.

JAMES A. ROBERTSON, Executive Officer

GCV:dg
10/4/82

DTSC, et al. v. Jim Dobbas, Inc., et al.
DTSC029333

-44-

CALIFORNIA REGIONAL WATER QUALITY CONTROL BOARD
CENTRAL VALLEY REGION

MONITORING AND REPORTING PROGRAM NO. 81-031
FOR
WICKES FOREST INDUSTRIES
WICKES WOOD PRESERVING
ELMIRA, SOLANO COUNTY

## MONITORING

Sampling of the on-site deep wells, WW1T, WW2T and WW3P and monitoring wells M-1, M-2 and M-3, shown on the attached map shall be conducted monthly. The following information shall be obtained on the schedule indicated:

### DEEP WELLS (MONTHLY)

| Well | Date | Total As | Total Cr | Total Cu |
|---|---|---|---|---|
| WW1T | | | | |
| WW2T | | | | |
| WW3P | | | | |

### MONITORING WELLS (MONTHLY)

| Well | Date | Water Level | Total As | Total Cr | Total Cu |
|---|---|---|---|---|---|
| M-1 | | | | | |
| M-2 | | | | | |
| M-3 | | | | | |

Samples from the deep wells shall be obtained after a minimum of four bore-volumes have been removed from the well.

The sampling method for the shallow monitoring wells shall be by mutual agreement with the Regional Board staff.

## REPORTING

Monthly monitoring reports shall be submitted to the Regional Board by the 15th day of the following month.

Ordered by _____
JAMES A. ROBERTSON, Executive Officer

4 October 1982
(DATE)

GCV:dg
9/22/82

Attachment

DTSC, et al. v. Jim Dobbas, Inc., et al.
DTSC029334

DTSC029335
DTSC, et al. v. Jim Dobbas, Inc., et al.



DTSC, et al. v. Jim Dobbas, Inc., et al.
DTSC029335