-47-

# Exhibit I

BEFORE THE
DEPARTMENT OF HEALTH SERVICES
AND
CALIFORNIA REGIONAL WATER QUALITY CONTROL BOARD
CENTRAL VALLEY REGION
STATE OF CALIFORNIA



In Re: )
)
Wickes Forest Industries, )
A Division of The Wickes )
Corporation, )
Elmira Facility )
_____)

SETTLEMENT AGREEMENT
AND
SCHEDULE OF COMPLIANCE

I

The State Department of Health Services (Department) alleges that The Wickes Corporation (Wickes) has violated, and is in violation of, specific provisions of the Hazardous Waste Control Laws (Act) and regulations adopted thereunder, as set forth more fully in Paragraph VII as a result of its alleged disposal of hazardous waste at its facility in Elmira, California (Site).

II

The California Regional Water Quality Control Board, Central Valley Region, (Board) alleges that Wickes' waste discharges at the Site have violated the Porter-Cologne Water Quality Control Act and regulations and orders adopted thereunder. The Board issued Cleanup and Abatement Orders on June 6, 1982 and October 4, 1982 after finding that on-Site soils were contaminated (in part by a toxic spill on November 7, 1980) and are threatening surface and ground waters in Elmira. The Board alleges that Wickes is in violation of the October 4, 1982 Order.

III

The Settlement Agreement (Agreement) and Schedule of Compliance (Order) have been agreed to by Wickes, the Department and the Board to resolve the matters found and alleged in Paragraphs II and VII without civil litigation and to facilitate implementation of the measures described herein.

IV

Wickes, the Department and the Board admit and agree that the Department and the Board have jurisdiction over these matters and the parties.

V

This Agreement and Order apply to and are binding upon the parties, their successors and assigns.

DTSC, et al. v. Jim Dobbas, Inc., et al.
DTSC010034

-48-

Wickes Forest Industries -2-
Elmira Facility

## VI

For the purposes of this Agreement and Order, Wickes agrees to waive any right to a hearing prior to issuance of the Order or to the reimbursement agreed to in Paragraph VIII of this Agreement. Wickes has denied all of the allegations in Paragraphs I, II, and VII. Any payments or actions by Wickes pursuant to this Agreement are not to be construed as an admission of guilt or liability. By means of this Agreement the Department and the Board make no finding of fact or conclusion of law that resolves issues of culpability or guilt on the part of Wickes.

## VII

The Department alleges that Wickes has violated, or is in violation of, the Act and regulations adopted thereunder for the following reasons:

1. Wickes has disposed of hazardous waste on-site without a permit or an Interim Status Document (ISD) for such disposal [Health and Safety Code, Sections 25142, 25154, 25189 and 25201 and Title 22, California Administrative Code (22 CAC), Sections 66387 and 66490].

2. As a result of its disposal of hazardous wastes, Wickes has committed the additional following violations of regulations adopted pursuant to the Act:

   a. As a producer of hazardous waste, Wickes did not take steps to ensure that its waste was taken to a facility permitted by the Department (22 CAC, Section 66505).

   b. Wickes did not operate, design or equip the facility to prevent discharge of hazardous wastes and to prevent hazards to public health, personal safety and wildlife [22 CAC, Sections 66525(a) and 66530(e)].

3. Wickes has not complied with closure requirements in Health and Safety Code, Section 25159.6 and 40 CFR 265.111 through 265.114.

4. Wickes has not complied with post-closure plan requirements in Health and Safety Code, Section 25159.6 and 40 CFR 265.118.

5. Wickes has not complied with financial assurance requirements in Health and Safety Code, Section 25159.6 and 40 CFR, Subpart H.

The Department is not aware of any fact regarding the Site which would constitute additional violations of the Act or regulations adopted thereunder.

## VIII

Wickes agrees to reimburse the Department $2,500 as full settlement for all resources previously expended on this matter and to contribute $10,000 to the Board's Cleanup and Abatement account. Payment will occur within sixty (60) days after execution of this Agreement. Such payment shall in no event be construed as a fine or penalty.

DTSC, et al. v. Jim Dobbas, Inc., et al.
DTSC010035

Wickes Forest Industries                                                           -3-
Elmira Facility

IX

Wickes has conducted sampling and analyses to define the extent of soil and surface and ground water contamination on and off the Site. In a letter dated 9 September 1983, Wickes submitted a "Remedial Action Plan" (Plan):

1. The Department and the Board approve the stormwater management, the ground water treatment and contaminated soils removal and containment elements of the Plan, as amended by Wickes' letter to the Board dated 29 September 1983 and any subsequent amendments agreed to in writing by the parties.

2. Wickes shall implement the Plan and subsequent amendments agreed to in writing by the parties in compliance with the terms herein and shall complete corrective measures, other than the ground water treatment system, on-going treatment, maintenance and monitoring activities, within sixty (60) days from the date of this Agreement. Wickes shall complete the ground water treatment system within ninety (90) days from the date of this Agreement.

3. Wickes shall submit a Post-Closure Care Plan (PCCP) and a proposed financial assurance mechanism for post closure care to the Department for approval that meets the requirements of 40 CFR 265.118 within 60 days after the date of this agreement. Wickes shall implement the approved PCCP in compliance with the terms therein.

4. Wickes shall provide to the Department and the Board within thirty (30) days from the approval of the PCCP acceptable financial assurance documentation for post-closure care.

5. Wickes shall propose deed restrictions for the Department's approval. The restrictions shall limit the type and manner of future uses of the site and ensure the continued integrity of treatment and control facilities. The proposed restrictions shall be submitted within 60 days of the date of this Agreement.

6. Wickes shall record the approved deed restrictions within 30 days of the date of their approval. The deed restrictions may be removed upon written agreement of the parties.

7. Wickes shall comply with the Board's Monitoring and Reporting Program (MRP). The attached MRP is approved by the Board.

DTSC, et al. v. Jim Dobbas, Inc., et al.
DTSC010036

Wickes Forest Industries                                                                -4-
Elmira Facility

### X

The goals of the Plan discussed in Paragraph IX are:

1. Elimination of human and animal contact with contaminated soils at the Site within 60 days of the date of this Agreement.

2. Elimination of the migration of contaminated ground water away from the Site within 270 days of the date of this Agreement.

3. Elimination of off-Site contamination in ground water in approximately 5 years.*

4. Elimination of on-Site contamination in ground water in 5 to 10 years.*

   * The goals are based on current drinking water standards. Stricter standards may require review and revision of the time estimates.

### XI

Whenever the remaining elements of the Plan are submitted to the Department and the Board pursuant to this Agreement and Order, the Department and the Board shall review them and either approve them or request modifications within 15 working days of their receipt. If the Department or Board requests modifications to Wickes' submission, Wickes shall respond thereto within 15 working days of the receipt of the request.

### XII

If, for any reason, Wickes is unable to perform any activity or submit any document in compliance with the schedule set forth herein or in compliance with any work schedule submitted pursuant to this Agreement and approved by the Department and Board, Wickes may request, in writing, an extension of the time specified. The extension request shall include a justification for the delay.

### XIII

If the Department and the Board reasonably determine that good cause exists for an extension, they will grant the request and specify in writing a new schedule. Wickes shall comply with the new schedule. No penalty shall be imposed or paid pursuant to Paragraph XIV for any time period included within an extension granted under this paragraph. Extensions may be granted retroactively. Wickes shall notify the Board or Department as soon as possible and in no event later than 24 hours of its knowledge of non-compliance.

DTSC, et al. v. Jim Dobbas, Inc., et al.
DTSC010037

-51-

Wickes Forest Industries -5-
Elmira Facility

The Department and Board will find that good cause exists for an extension if the delay is caused by factors totally beyond Wickes' reasonable control despite Wickes' best efforts to comply.

### XIV

In the event that Wickes fails to perform work on pad sealing, roof construction, stormwater diversions, soil removal, french drain trench for the treatment system, or ground water treatment system within the times specified in the Order Wickes shall pay a civil penalty of $2,500 to the Department and a contribution of $2,500 to the Board's Cleanup and Abatement account for each day of non-compliance. If Wickes fails to submit other documents or perform other activities within the time specified in the Order Wickes shall pay civil penalties of $250 to the Department and a contribution of $250 to the Board's Cleanup and Abatement Account for each day of each item of non-compliance. The provisions of this paragraph do not apply if Wickes establishes that the failure to comply with a deadline is due solely to an Act of God.

The Department and the Board will allow additional days for performance of work on pad sealing, stormwater diversions, soil removal, and the french drain trenches if the following rainfall occurs. For each day rainfall exceeds 0.20", Wickes will be granted an extension of 1 day. For each day rainfall equals or exceeds 0.50", Wickes will be granted an extension of 1 additional day per each 0.50" increment of rain. For example, if rainfall equals 3.00" on a given day, Wickes shall be entitled to an extension of 7 days. Rainfall measurements for the site shall be those recorded by the United States Weather Service at the Vacaville Station.



### XV

If, through the discovery of new facts or otherwise, Wickes, the Department or the Board believes corrective measures are inadequate or unnecessary to achieve goals discussed in Paragraph X; or if the Department and Board do not approve elements submitted pursuant to Paragraph IX or modifications submitted pursuant to Paragraph XI; or do not approve removal of deed restrictions; the parties shall seek agreement. If agreement is not reached within 45 days, or if the Department or Board believes that Wickes is not in compliance with this Agreement, any of the parties may seek judicial relief.

In the case of any proposed changes in the MRP, the Board shall provide notice to Wickes and the Department 30 days before amending it. The MRP shall be amended only by written agreement of the parties or by action of the Board at a Board Meeting.

The Department may amend the PCCP to reflect changes in the MRP or changes in applicable federal or state laws or regulations. The Department will provide 30 days notice to Wickes and the Board before amending the PCCP.

DTSC, et al. v. Jim Dobbas, Inc., et al.
DTSC010038

-52-

Wickes Forest Industries -6-
Elmira Facility

### XVI

In consideration of Wickes' performance under this Agreement, the Department and Board hereby convenant not to seek civil or criminal penalties, fines or similar sanctions against Wickes, its parent, subsidiary or affiliated companies on matters alleged in Paragraphs I, II, & VII.

### XVII

Except as specifically provided in Paragraph XVI, nothing in this Agreement or Order shall be construed to prevent or limit the Department or the Board, as part of any judicial relief pursuant to paragraph XV, from taking any additional action authorized by law in regard to those matters alleged in Paragraphs I, II and VII, including, but not limited to removal, remedial, or cost recovery actions pursuant to the Hazardous Substances Act, Health and Safety Code, Section 25300, et seq., or to the Porter-Cologne Water Quality Control Act.

### XVIII

In consideration of Wickes' performance under this agreement, the Board rescinds the Cleanup and Abatement Orders dated October 4, 1982 and June 6, 1982.

### XIX

Wherever notification or submission of documents are required under this Agreement, they shall be addressed to: Enforcement Coordinator, Toxic Substances Control Division, 714/744 P Street, Sacramento, CA 95816; Executive Officer, Regional Board, 3201 S Street, Sacramento, CA 95816 and to the General Counsel, Wickes Companies Inc. 3340 Ocean Park Boulevard, Santa Monica, California 90405. If these persons or addresses change, the affected party shall immediately notify the other parties.

### XX

Wickes, the Department and the Board hereby consent to this Agreement and the issuance of the Order by their duly authorized representative and stipulate that without the necessity of a hearing or findings of fact and conclusions of law the Director of the Department of Health Services or his duly authorized representative may enter an order binding on the parties in accordance with this Settlement Agreement and Order.

DTSC, et al. v. Jim Dobbas, Inc., et al.
DTSC010039

BEFORE THE
DEPARTMENT OF HEALTH SERVICES
STATE OF CALIFORNIA

In Re: )
Wickes Forest Industries ) ORDER
A Division of The Wickes ) AND
Corporation, ) SCHEDULE OF COMPLIANCE
<u>Elmira Facility</u> )

The attached Settlement Agreement and Schedule of Compliance is hereby adopted by the Department of Health Services as an Order and Schedule of Compliance pursuant to Health and Safety Code Section 25187.

This Order shall become effective on <u>  2/26/84  </u>.

IT IS SO ORDERED on this <u>26th</u> day of <u> February </u>.

_(signature)_

(Signature)

DTSC, et al. v. Jim Dobbas, Inc., et al.
DTSC010040

Wickes Forest Industries
Elmira Facility

-7-

___2/26/84___
Date

Peter Rank
Director
Department of Health Services
State of California

_____
DATE

William H. Crooks, Executive Officer
California Regional Water
  Quality Control Board
Central Valley Region

___Feb 9, 1984___
DATE

VICE PRESIDENT
The Wickes Corporation

DTSC, et al. v. Jim Dobbas, Inc., et al.
DTSC010041

-55-