Exhibit T

STATE OF CALIFORNIA — ENVIRONMENTAL PROTECTION AGENCY                                    PETE WILSON, *Governor*

## DEPARTMENT OF TOXIC SUBSTANCES CONTROL

10151 CROYDON WAY, SUITE 3
ACRAMENTO, CA 95827-2106



(916) 255-3545

March 12, 1996

Mr. James D. Moore III
Environmental Manager
Collins & Aikman Products Co.
P.O. Box 32665
Charlotte, North Carolina 28232

WICKES FOREST INDUSTRIES, ELMIRA CALIFORNIA, SOLANO COUNTY: SITE
CERTIFICATION

Dear Mr. Moore:

        Enclosed is a copy of the signed final Operation and
Maintenance Agreement (OMA) for the Wickes Forest Industries site
in Elmira, California.  The OMA incorporates the language that
was agreed upon through negotiations between DTSC and the Collins
& Aikman Products Co (CAPCo).  With the approval of the October
16, 1995, Operation and Maintenance Manual (OMM) and the signing
of the OMA, DTSC hereby certifies implementation of the final
remedial actions at the Wickes site.  Be advised that, in
addition to the implementation of the OMM, the OMA contains
paragraphs which specify compliance conditions.  It is CAPCo's
responsibility to insure that these conditions are met.

        DTSC has also completed a review of the March 4, 1996,
transmittal of the sheet for Wickes.  The fact sheet was prepared
by Levine * Fricke on behalf of CAPCo and it is intended to
present a description of the remedial actions conducted at the
site as well as the activities to be conducted as part of ongoing
operation and maintenance.  By this letter DTSC approves the fact
sheet.  It shall be distributed to the recipients identified on
the Wickes mailing list mail and the DTSC mandatory mailing list
within 15 days of the date of this letter.  Attached is the
latest copy of DTSC,s mandatory mailing list.

        If you have any questions or comments please contact Timothy
Patenaude at (916) 255-3580.

                        Sincerely,

                        James L. Tjosvold, P.E.
                        Branch Chief
                        Central California Cleanup
                                Operations Branch

Enclosure



DTSC, et al. v. Jim Dobbas, Inc., et al.
DTSC007960

-154-

cc:  John B. Orgain, Esq.
     Senior Counsel
     Collins & Aikman Corporation
     P.O. Box 32665
     Charlotte, North Carolina 28232

     Mr. Frank Lorincz
     Levine-Fricke
     1900 Powell Street, 12th Floor
     Emeryville, California 94608

     Mr. Lawrence Pearson, P.E.
     Supervising Engineer
     Regional Water Quality Control Board
     Central Valley Region
     3443 Routier Road
     Sacramento, California 95827

     Greg Mackin
     Collins & Aikman Corporation
     P.O. Box 32665
     Charlotte, North Carolina 28232

DTSC, et al. v. Jim Dobbas, Inc., et al.
DTSC007961

REGION 1
MANDATORY MAILING LIST
8-17-95

TOXICS ASSESSMENT GROUP
JODY SPARKS
P O BOX 73620
DAVIS   CA 95617

CA DEPT TOXICS
MARCIA MURPHY   CHIEF
PUBLIC PARTICIPATION
P O BOX 806
SACRAMENTO   CA 95812-0806

CA DEPT TOXICS-REGION 1
I    BAKER
EXTERNAL AFFAIRS LIAISON
10151 CROYDON WAY   SUITE 3
SACRAMENTO   CA 95827

ENVIRONMENTAL HEALTH COALITION
DIANE TAKVORIAN
1717 KETTNER   SUITE 100
SAN DIEGO   CA 92101

CA DEPT TOXICS-REGION 1
LARRY WOODSON
PUBLIC PARTICIPATION SUPERVISOR
10151 CROYDON WAY   SUITE 3
SACRAMENTO   CA 95827

LEAGUE OF WOMEN VOTERS
ANN COOMBS
5?? GUADALUPE DRIVE
L  ALTOS   CA 94022

SIERRA CLUB
LIZ ALLEN
394 BLAISDELL
CLAREMONT   CA 91711

CA COUNCIL FOR ENVIRONMENT AND
   ECONOMIC BALANCE
LISA BICKER
100 SPEAR STREET   SUITE 805
SAN FRANCISCO   CA 94105

CA DEPT TOXICS
JESSE R. HUFF DIRECTOR
P O BOX 806
SACRAMENTO   CA 95812-0806

CITIZENS FOR A BETTER ENVIRONMENT
MIKE BELLIVEAU
501 SECOND STREET   SUITE 305
SAN FRANCISCO   CA 94107

GREENPEACE
BRADLEY ANGEL
568 HOWARD STREET   3RD FLOOR
SAN FRANCISCO   CA 94105-3008

CENTER FOR COMMUNITY ACTION
 AND ENVIRONMENTAL JUSTICE
PENNY NEWMAN
P O BOX 33124
RIVERSIDE   CA 92519

CALPIRG
MARY RAFTERY
LEGISLATIVE ADVOCATE
926 J STREET   SUITE 713
SACRAMENTO   CA 95814

DTSC, et al. v. Jim Dobbas, Inc., et al.
DTSC007962

-156-

ENVIRONMENTAL DEFENSE FUND
DAVID ROE
ROCKRIDGE MARKET MALL
5655 COLLEGE AVENUE
OAKLAND  CA 94618

US EPA - REGION IX
GWENDOLYN ENG
REGIONAL REPRESENTATIVE
75 HAWTHORNE STREET
SAN FRANCISCO  CA 94105

DEPT OF TOXIC SUBSTANCES CONTROL
PUBLIC PARTICIPATION OFFICE
SITE FILE
10151 CROYDON WAY  SUITE 3
SACRAMENTO  CA 95827
ATTN:  SUSIE FLOWERS

CA DEPT TOXICS
PAUL BLAIS
SITE MITIGATION
P O BOX 806
SACRAMENTO  CA 95812-0806

MORRISON KNUDSEN CORPORATION
JOHN BORS
180 HOWARD STREET
SAN FRANCISCO  CA 94105

WASTE MANAGEMENT OF NORTH AMERICA
GOVERNMENT AFFAIRS
CHUCK WHITE
915 L STREET  SUITE 1430
SACRAMENTO  CA 95814

SIERRA CLUB
BONNIE HOLMES
c  J JOHN WHITE ASSOCIATES
1100 11TH STREET  SUITE 311
SACRAMENTO  CA 95814

DESERT CITIZENS AGAINST POLLUTION
STORMY WILLIAMS
3813 50TH STREET  WEST
ROSAMOND  CA 93560

PLANNING AND CONSERVATION LEAGUE
GARY PATTON
926 J STREET  SUITE 612
SACRAMENTO  CA 95814

DTSC, et al. v. Jim Dobbas, Inc., et al.
DTSC007963

REMEDIAL ACTION CERTIFICATION FORM

1.  **Site Name and Location:**

    Wickes Forest Industries
    147 A Street
    Solano County
    Elmira, California 95625

    A.   List any other names that have been used to identify
         sites: Pacific Wood Preserving, Wickes Companies Inc.

    B.   Address of site if different from above:

    C.   Assessor's Parcel Numbers: 142-01-13 and 14

2.  **Responsible Parties:**

    Collins & Aikman Products Co.
    701 McCullough Drive
    P. O. Box 32665
    Charlotte, North Carolina, 28232
    (707) 548-2091
    Attn: John B. Orgain, IV

    **Relationship to site:**

        Collins & Aikman Products Co. purchased the Wickes Forest
    Industries company which was the owner of the site.

3.  **Brief Description and History of the Site:**

        Pacific Wood Preserving operated the wood treatment
    site until September 1979, when Wickes purchased the Site.
    Wickes operated the site until August 1982.   During the
    operation period lumber was treated with preservative
    solutions containing arsenic, chromium, and copper.
    Investigations have shown that the Site soils have been
    contaminated by these inorganic metals.   Groundwater beneath
    the Site and beneath adjacent properties has also been
    affected by chromium. Two Remedial Actions Plans (RAPs) have
    been completed to address the contamination. The September 9,
    1983, RAP was prepared for the soil contamination, storm water
    control, and groundwater treatment in the southern portion of
    the Site, and the soil contamination in the northern portion
    was addressed in the February 25, 1994 RAP. The RAPs identify
    that contaminated soils in the northern and southern areas
    shall be remediated by asphalt capping; storm water to be

    1

DTSC, et al. v. Jim Dobbas, Inc., et al.
DTSC007964

-158-

captured and routed off-site; and affected groundwater to be extracted and treated with an on-site electrochemical co-precipitation treatment system. The RAPs also set forth the chemicals to be remediated, remediation levels, requirements for monitoring capture zones, and reporting requirements.

4.   <u>Type of Site:</u>

RCRA-Permitted Facility _____        Bond-funded _____

RCRA Facility Closure    _____        RP-funded    _X_

Federal Facility         _____        NPL          _____

Other:

Explain Briefly:

5.   <u>Size of Site:</u>

Small _____    Medium _____    Large _X_    Extra Large _____

6.   <u>Dates of Remedial Action</u>

• Ground Water Extraction and Treatment – December 1983.

• Soil removal, asphalt cap and expanded groundwater extraction and treatment – October 1994.

7.   <u>Response Action Taken on Site:</u>

_____   Initial Removal or Remedial Action (site inspection/sampling)
_X_     Final Remedial Action
_____   RCRA enforcement/closure action
_____   No action, further investigation verified that no cleanup action at site was needed.

A.   Type of Remedial Action:

• Soil excavation and off-site disposal.
• Asphalt cap.
• Ground water extraction and treatment in an on-site chemical treatment plant.
• Deed Restriction.

B.   Estimated quantity of waste associated with the site:

1. _X_ removed soil             Amount: 3,040 Cu Yrds
2. _X_ untreated (capped sites) Amount: 4.3 acres
3. _X_ treated ground water     Amount:  45,000,000 gallons to date

2

DTSC, et al. v. Jim Dobbas, Inc., et al.
DTSC007965

-159-

8.   **Cleanup Levels/Standards**

    A.   What were the cleanup standards established by DTSC/EPA pursuant to the final RAP or workplan (if cleanup occurred as the result of a removal action (RA) or interim remedial measures (IRM) prior to development of a RAP)?

        50 part per billion total chromium in groundwater

    B.   Were the specified cleanup standards met? Yes____ No_X__

    C.   If "no", why not:

        Ground water is continuing to be extracted and treated pursuant to an operation and maintenance agreement.

9.   **DTSC Involvement in the Remedial Action:**

    A.   Did DTSC order the Remedial Action?

        Yes __X__ No _____

        Date of order: 02/26/84

    B.   Did DTSC/EPA review and approve:

        __X__ Sampling Analysis Procedures  Date: 02/25/94

        __X__ Health & Safety Protections   Date: 02/25/94

        __X__ Removal/Disposal Procedures   Date: 02/25/94

        __X__ Remedial Action Plan         Date: 02/25/94

    C.   If site was abated by a responsible party, did DTSC receive a signed statement from a licensed professional on all Remedial Action?

        Yes_X_ No___      Dates (from) 10/30/84 (to) 06/30/95

    D.   Did a registered engineer or geologist verify that acceptable engineering practices were implemented?

        Yes_X_ No___      Name: Mark Knox

        Date of verification: 12/13/94

    E.   Did DTSC confirm completion of all Remedial Action?

        Yes___ No_X_ Date of verification: 03/16/95

3

F.   Did DTSC actually perform the Remedial Action?

Yes___ No_X_ Name of Contractor:

G.   Was there a community relations plan in place?

Yes_X_ No___

H.   Was a remedial action plan developed for this site?

Yes_X_ No___

I.   Did DTSC/USEPA hold a public meeting regarding the draft RAP?

Yes_X_ No___

J.   Were public comments address?  Yes_X_ No___

Date of DTSC/USEPA analysis and response: 02/25/94

K.   Are all of the facts cited above adequately documented in DTSC files?  Yes_X_ No___

If no, identify areas where documentation is lacking:

10.  EPA Involvement in the Remedial Action:

A.   Was the EPA involved in the site cleanup?  Yes___ No_X_

If yes, did EPA concur with all remedial actions?

Yes___ No___

B.   EPA comments:

C.   EPA staff involved in cleanup:

11.  Other Regulatory Agency Involvement in the Cleanup Action:

Agency:          Activity:

_ X _ RWQCB     Waste Discharge Requirements, NPDES _____

_____ ARB      _____

_____ CHP      _____

_____ Caltrans _____

_____ Other    _____

Name of contact persons and agency: RWQCB - Issac  Kiang

4

DTSC, et al. v. Jim Dobbas, Inc., et al.
DTSC007967

-161-

12. **Post-Closure Activities:**

    A.   Will there be post-closure activities at this site?

         Yes__X__ No_____

         If yes, describe:

              Pursuant to an operation and maintenance agreement, the Collins & Aikman Products Co. will continue to extract, treat, sample and analyze ground water from the site. There are also operation, maintenance, sample and analysis procedures associated with the on-site chemical treatment system and asphalt cap which are described in the June 20, 1995, Operation and Maintenance Plan.

    B.   Have post-closure plans been prepared and approved by the DTSC/USEPA? Yes__X__ No_____

    C.   What is the estimated duration of post-closure activities? 10 years.

    D.   Are deed restrictions proposed or in place? Yes_X_ No___

         If yes, have deed restrictions been recorded with the County Recorder? Yes_X_ No___ Date: 10/27/95

         If no, who is responsible for assuring that the deed restrictions are recorded?

         Who is the Division contact?

    E.   Has cost recovery been initiated? Yes__X__ No_____

         If yes, amount received: $43,731.83

    F.   Were local planning agencies notified of the cleanup action? Yes_____ No_X_

         If yes, the name and address of agency:

13. **Expenditure of Funds and Source:**

    _____HWCA  $_____  _____HSA  $_____

    _____HSCF  $_____  _____RCRA  $_____

    _X_RP  $5,500,000 Aprox  _____Other $_____

    _____Federal Cooperative Agreement $_____

5

14.  **Certification Statement:**  Based upon the information which is currently and actually known to DTSC,

____  DTSC has determined that all appropriate response actions have been completed, that all acceptable engineering practices were implemented and that no further removal/remedial action is necessary.

____  DTSC has determined, based upon a remedial investigation or site characterization that the site poses no significant threat to public health, welfare or the environment and therefore implementation of removal/remedial measures is not necessary.

__X__  DTSC has determined that all appropriate removal/remedial actions have been completed and that all acceptable engineering practices were implemented; however, the site requires ongoing operation and maintenance (O&M) and monitoring efforts.  The site will be deleted from the "active" site list following (1) a trial operation and maintenance period and (2) execution of a formal written settlement between DTSC and the responsible parties, if appropriate.  However, the site will be placed on DTSC's list of sites undergoing O&M to ensure proper monitoring of long-term clean-up efforts.

15.  **Additional Comments:**

Chromium sludge generated from the treatment of ground water is disposed in an off-site permitted disposal facility. Treated ground water is used to recharge the aquifer by means of existing drainage ditches.

16.  **Certification of Remedial Action:**

I hereby certify that the foregoing information is true and correct to the best of my knowledge.

1.  _____      3/6/96
          Project Manager              Date

2.  _____      3/6/96
          Unit Chief                   Date

3.  _____      3/7/96
          Branch Chief                 Date

6