-164-

# Exhibit U

UNITED STATES BANKRUPTCY COURT EASTERN DISTRICT OF MICHIGAN

**PROOF OF CLAIM**

In Re: Collins & Aikman Corporation, et al., Debtors.
Chapter 11 Case No. 05-55927 (SWR) (Jointly Administered)

Name of Debtor Against Which Claim is Held: Collins & Aikman Corporation
Case No. of Debtor: 05-55927

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

Name and address of Creditor:
Dept Of Toxic Substances
Control Accounting Unit
PO Box 806
Sacramento CA 95812-0806

Below is the Name & Address where notices are to be sent:
Pearl Lattaker, Deputy Attorney Gen.
Office of Attorney General
Telephone number: 300 S. Spring St., Ste. 1702
Los Angeles, CA 90013
(213) 897-2614

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.
☐ Check box if you have never received any notices from the bankruptcy court in this case.
☐ Check box if the address differs from the address on the envelope sent to you by the court.

COPY

Account or other number by which creditor identifies debtor:

Check here if this claim: ☐ replaces   ☐ amends a previously filed claim, dated: _____

1. Basis for Claim
   ☐ Goods sold
   ☐ Services performed
   ☐ Money loaned
   ☐ Personal injury/wrongful death
   ☐ Taxes
   ☒ Other  CERCLA/HSAA  (explain)
   See Attached Statement

   ☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)
   ☐ Wages, salaries and compensation (fill out below)
   Last four digits of your SS#: _____
   Unpaid compensation for services performed
   from _____ to _____

2. Date debt was incurred:

3. If court judgment, date obtained:

4. Total Amount of Claim at Time Case Filed: $_____ + _____ + _____ = _____
   (unsecured nonpriority)  (secured)  (unsecured priority)  (Total)
   If all or part of your claim is secured or entitled to priority, also complete Item 5 or 7 below.
   ☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

5. Secured Claim.
   ☐ Check this box if your claim is secured by collateral (including a right of setoff).
   Brief Description of Collateral:
   ☐ Real Estate   ☐ Motor Vehicle
   ☐ Other _____
   Value of Collateral: $_____
   Amount of arrearage and other charges at time case filed included in secured claim, if any: $_____

6. Unsecured Nonpriority Claim: $_____
   ☐ Check this box if: a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or if c) none or only part of your claim is entitled to priority.

7. Unsecured Priority Claim.
   ☒ Check this box if you have an unsecured priority claim
   Amount entitled to priority $17,074,068.20
   Specify the priority of the claim:
   ☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child - 11 U.S.C. § 507(a)(1).
   ☐ Wages, salaries or commissions (up to $10,000), earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4).
   ☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5).
   ☐ Up to $2,225 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).
   ☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).
   ☒ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)( 1 ).

8. Credits: The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.

9. Supporting Documents: Attach copies of supporting documents, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements and evidence of perfection of lien.
   DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.

10. Date-Stamped Copy: To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and a copy of this proof of claim.

Date: 1-10-06
Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any): Pearl Lattaker

THIS SPACE IS FOR COURT USE ONLY
RECEIVED
JAN 11 2006
KURTZMAN CARSON

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

0555927051004075410031964

1  BILL LOCKYER
   Attorney General
2  TOM GREENE
   Chief Assistant Attorney General
3  THEODORA P. BERGER
   Senior Assistant Attorney General
4  PEARL LATTAKER, State Bar No. 74680
   Deputy Attorneys General
5    300 South Spring Street, Suite 1702
     Los Angeles, California 90013
6    Telephone: (213) 897-2614
     Fax: (213) 897-2802
7
   Attorneys for California Department of
8  Toxic Substances Control

UNITED STATES BANKRUPTCY COURT

FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| In re:<br><br>COLLINS & AIKMAN CORPORATION,<br><br>Debtor(s). | Chapter 11<br><br>Case No.: 05-55927 (SWR)<br><br>Chapter 11<br><br>**SUPPLEMENTAL STATEMENT IN SUPPORT OF PROOF OF CLAIM OF CALIFORNIA DEPARTMENT OF TOXIC SUBSTANCES CONTROL**<br><br>(Proof of Claim)<br><br>Judge: Honorable Steven W. Rhodes |

## INTRODUCTION

The California Department of Toxic Substances Control ("DTSC"), by and through its attorney, the California Attorney General, submits this supplemental statement in support of DTSC's Proof of Claim for environmental response costs in the bankruptcy proceeding of debtor Collins & Aikman Corporation ("Debtor"). Presently, DTSC submits a claim for pre-petition, post-petition, and estimated future

1

DTSC, et al. v. Jim Dobbas, Inc., et al.
DTSC009219

environmental response costs[1] against Debtor in the total amount of not less than $17,074,068.20, with the express right to amend this amount, and to seek administrative expense priority payment for that portion of response costs which DTSC incurs post petition and pre confirmation..

The filing of this proof of claim does not waive DTSC's right to take any enforcement action against the Debtor to ensure compliance with the requirements of environmental laws and regulations within DTSC's jurisdiction.

By filing this proof of claim, DTSC does not waive its sovereign immunity, except as otherwise provided by law. DTSC makes this claim for itself and no other agency, unit, or entity of the State of California. Any waiver of sovereign immunity under the law resulting from the filing of this claim is by DTSC, and no other agency, unit, or entity of the State of California, and is strictly limited to said claim. Further, the filing of this proof of claim shall not be deemed or construed as a waiver of any objections or defenses that DTSC or any other agency, unit, or entity of the State of California may have to this Court's jurisdiction over DTSC or such other agency, unit, or entity based upon the Eleventh Amendment or related principles of sovereign immunity or otherwise, all of which are hereby preserved.

## BACKGROUND

### A. The California Department of Toxic Substances Control ("DTSC")

DTSC is a California state government agency. It regulates all aspects of hazardous waste management in California, and enforces laws related to the cleanup of hazardous substances in California's environment. The laws that DTSC enforces include California's Hazardous Substances Account Act, California Health and Safety

---

1. The part of DTSC's claim for post confirmation response costs is filed as a protective measure. DTSC asserts that where reorganized debtor continues to own property which is contaminated, or operates at such property post confirmation, the reorganized debtor will be obligated under environmental laws to cleanup the contaminated property. See, In re CMC Heartland Partners, 966 F. 2d 1143 (7th Cir. 1992). DTSC also reserves the right to seek injunctive relief against the Debtor to comply with environmental obligations.

2

DTSC, et al. v. Jim Dobbas, Inc., et al.
DTSC009220

-167-

Code section 25300 *et seq.*, and California's Hazardous Waste Control Law ("HWCL"), California Health and Safety Code section 25100 *et seq.*

California's Hazardous Substances Account Act ("HSAA") establishes a comprehensive program for the cleanup of hazardous substances that have been released or threatened to be released into the environment. The HSAA also authorizes and directs DTSC to recover costs that it incurs in connection with such cleanup activities from liable parties. Cal. Health & Saf. Code § 25360.

Under California Health and Safety Code section 25323.5, liable parties are those parties described in section 107 of the federal Comprehensive Environmental Response, Compensation and Liability Act ("CERCLA"), 42 U.S.C. § 9607. CERCLA section 107(a) (42 U.S.C. § 9607(a)) makes the following persons liable for all costs of removal or remedial action incurred by DTSC:

(1) the owner and operator of a vessel or a facility;

(2) any person who at the time of disposal of any hazardous substances owned or operated any facility at which such hazardous substances were disposed of;

(3) any person who by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, of hazardous substances owned or possessed by such person, by any other party or entity, at any facility or incineration vessel owned or operated by another party or entity and containing such hazardous substances; and

(4) any person who accepts or accepted any hazardous substances for transport to disposal or treatment facilities, incineration vessels or sites selected by such person, from which there is a release, or a threatened release which causes the incurrence of response costs, of a hazardous substance. 42 U.S.C. § 9607(a).

In addition to its authority to recover costs under the HSAA, DTSC may also

3

DTSC, et al. v. Jim Dobbas, Inc., et al.
DTSC009221

-168-

bring a cost recovery action against liable parties directly under CERCLA. 42 U.S.C. § 9607(a)(4)(A).

Under the HSAA and CERCLA, responsible parties are liable for response costs, including direct, administrative and oversight costs, incurred by DTSC in conducting and/or overseeing an environmental cleanup. Liability is joint and several.

California's Hazardous Waste Control Law ("HWCL") is a "cradle to grave" scheme for regulating the transportation, storage, and disposal of hazardous waste. Under the HWCL, an owner or operator of a present or former hazardous waste facility must perform a DTSC approved "closure" of a hazardous waste facility, and commit to performing any necessary "postclosure" actions, before the facility may be used for other purposes. This ensures that the hazardous waste facility is safe for its new proposed use.

### B. Basis for this proof of claim

This proof of claim is for DTSC's pre-petition, post-petition, and estimated future environmental response costs to remediate contamination on and around the Wickes Forest Industries Site ("Site"). The site is a former wood treatment facility located on approximately 7.5 acres in Elmira, California. Pacific Wood Preserving (a Domestic Corporation, dissolved effective September 11, 1980) operated a wood treatment facility at the Site until September 1979. Collins and Aikman Products Company (CAPCO); formerly known as Collins and Aikman Group; formerly known as Wickes Companies; formerly known as The Wickes Corporation; operating through its former Wickes Forest Industries Division, purchased the Site from Pacific Wood Preserving and then operated the Wood treatment facility at the Site until August 1982. Operations at the Site included treating lumber with preservative solutions containing arsenic, chromium, and copper. Investigations have shown that the Site soils have been affected by these inorganic metals. Groundwater beneath the Site and beneath adjacent properties has also been contaminated by chromium.

4

DTSC, et al. v. Jim Dobbas, Inc., et al.
DTSC009222

-169-

On September 9, 1983 the DTSC, the California State Water Resources Control Board, and Wickes Companies, Inc. entered into an Enforceable Agreement requiring the Wickes Company to remove and treat groundwater and manage storm water at the site. On February 26, 1996, DTSC and Collins & Aikman Products Company entered into an Operations and Maintenance Agreement requiring debtor to maintain an asphalt cap (placed to contain the contamination) and to operate a groundwater extraction and treatment system. Copies of these agreement are attached hereto. These activities are performed under DTSC oversight.

The Debtor is jointly and severally liable to DTSC for response costs, including, but not limited to, direct, administrative and oversight costs, incurred by DTSC in conducting and/or overseeing remediation at these sites, DTSC has estimated that total pre-petition oversight costs at the site are in excess of $36,255.20. DTSC has estimated that total post-petition costs are in excess of $17,037,813.00.

These post-petition costs include figures which provide for the contingency that DTSC may have to take over the site and perform the remediation itself rather than mere oversight costs. Notwithstanding this protective filing, DTSC contends that the reorganized Debtor is responsible as owner of the property for complying with all environmental laws. DTSC specifically reserves the right to take any action necessary to compel compliance with such laws including the issuance of orders and assessment of penalties.

DTSC reserves the right to contend that future costs it will incur subsequent to the filing of the petition and prior to confirmation of a plan of reorganization are recoverable as priority administrative expenses. DTSC reserves its right to seek payment of these post-petition response costs as administrative expenses. DTSC also reserves its right to claim these post-petition costs as general, unsecured claims in the event that the Court declines to afford these costs administrative expense priority.

### SUPPORTING DOCUMENTS

The documents that support this proof of claim are voluminous. Therefore,

5

DTSC, et al. v. Jim Dobbas, Inc., et al.
DTSC009223

-170-

DTSC has not attached the documents to this proof of claim. Documents supporting the claim include the site file, time sheets, daily logs and summary by activity reports. Copies of these documents can be requested by contracting the undersigned.

## COMMUNICATIONS

All communications pertaining to this proof of claim should be directed to the undersigned.

Dated: January 10, 2006

BILL LOCKYER
Attorney General

By: /s/ PEARL DALTAKER
PEARL DALTAKER
Deputy Attorney General
California Department of Justice
300 South Spring Street, Suite 1702
Los Angeles, CA 90013
(213) 897-2614
(213) 897-2802 (fax)

Attorneys for California Department of Toxic Substances Control

6

DTSC, et al. v. Jim Dobbas, Inc., et al.
DTSC009224

-171-