# EXHIBIT "B"

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

F I L E D
MAR 0 8 1993
Clerk, United States Bankruptcy Court
Eastern District of Calif.

In re:                        )    No.  91-28246-A-11
                              )    Chapter 11
PACIFIC WOOD PRESERVING OF    )
  BAKERSFIELD, INC.           )    PLAN OF REORGANIZATION
_____)

     Pacific Wood Preserving of Bakersfield, Inc. ("PWPB" or
"Debtor") proposes the following Debtor's Plan of Reorganization
(the "Plan"), pursuant to, and in accordance with Sections 1121
and 1123 of Title 11 of the United States Code (the "Bankruptcy
Code"), and is the proponent of the Plan pursuant to Section
1121(c) of the Bankruptcy Code.

## ARTICLE I
### DEFINITIONS

     As used in this Plan, the following terms shall have the
respective meanings specified below, which meanings shall be
equally applicable to the singular and plural and to the masculine
and feminine forms of the terms defined, unless the context of this
Plan otherwise requires.

     "ADMINISTRATIVE CLAIM" shall mean any allowed claim that is
defined in section 503(b) of the Bankruptcy Code as an
"administrative expense" within the meaning of that section and
includes all fees payable under 28 U.S.C. Section 1930.

     "ALLOWED CLAIM" shall mean a claim (as defined in Section
101(4) of the Bankruptcy Code (a) as to which a proof of claim was
filed with the Bankruptcy Court on or before the date fixed by the
Bankruptcy Court, by applicable law, by Court rule, or by this
Plan, as the last date for filing such a proof of claim with
respect to such claim; or (b) a claim listed on the Debtor's
schedules as filed with the Bankruptcy Court, including any
amendments thereto, and which are not listed as disputed,
contingent, or unliquidated as to amount; and further as to any
such claim either no objection to the allowance thereof has been
filed, or, if any objection has been filed, such objection has been
denied or the claim fixed as to amount by order or judgment which
has become final by reason of expiration of the period of appeal
therefrom, or from any decision on appeal without an appeal or
further appeal having been taken.

     "BANKRUPTCY CODE" shall mean the United States BAnkruptcy
Code, 11 U.S.C. Sections 101, et. seq., as amended from time to
time.

1

FILED MJP

DOCKETED MJP

WCWP000304

Exhibit B
Page 12

"BANKRUPTCY RULES" shall mean the Federal Rules of Bankruptcy Procedure promulgated pursuant to 28 U.S.C. Section 2075.

"BUSINESS DAY" shall mean a day other than a Saturday, Sunday or other day on which commercial banks in San Francisco, California are authorized or required by law to close.

"CONFIRMATION DATE" shall mean the date on which the Bankruptcy Court enters the confirmation order.

"CONFIRMATION ORDER" shall mean the order of the Bankruptcy Court confirming the Plan in accordance with the provisions of the Bankruptcy Code.

"CREDITORS FUND ACCOUNT" shall mean the account established by Credit Managers Association in accordance with Article VII of this Plan.

"CREDITORS FUND ACCOUNT TRUST AGREEMENT" shall mean the trust agreement agreed to by the Disbursing Agent and Debtor established for the purpose of administering the Creditors Fund Account.

"DEBTOR" shall mean Pacific Wood Preserving of Bakersfield, Inc.

"DISBURSING AGENT" shall mean Credit Managers Association.

"DISPUTED CLAIM" shall mean a claim listed on the Debtor's schedules of assets and liabilities as filed with the Bankruptcy Court, including any amendments thereto, as disputed, contingent or unliquidated as to amount, and/or a claim which the Debtor disputes and has or will file an objection to allowance which has not been resolved by a final order.

"EFFECTIVE DATE" shall mean the 11th day following entry of the order confirming the plan, if no appeal was timely filed, or in the event an appeal is timely filed, on the 11th day following entry of said order, unless the order is stayed by a court of competent jurisdiction.

"EXCESS CASH FLOW" shall mean, for each Fiscal Year of the Debtor, the sum of the following:
  (a)  Income before taxes on income, exclusive of any income resulting from forgiveness of debt,
  (b)  less the provision for taxes on income,
  (c)  plus depreciation,
  (d)  less principal payments on long term debt,
  (e)  less capital expenditures,
  (f)  less the amount of $50,000 to provide a reserve for environmental costs and expenses.

WCWP000305

Exhibit B
Page 13

"FINAL ORDER" shall mean an order or judgment of the Bankruptcy Court which has become final by expiration of the time for taking an appeal, or, if an appeal is taken, or any proceeding seeking review or rehearing have been commenced, said appeal or proceedings have been resolved so that such order or judgment has been affirmed and has not been reversed, stayed, modified, or amended, and the time for taking or seeking any further judicial or appellate review has expired.

"FISCAL YEAR" shall mean the year commencing on November 1 and ending on October 31.

"EQUITY INTERESTS" shall mean any equity interests in Debtor.

"MARKET RATE" shall mean the Union Bank Reference Rate.

"PLAN" shall mean this Plan of Reorganization, all exhibits thereto, and any amendments or modifications hereof.

"POST-CONFIRMATION ADMINISTRATIVE CLAIMS" shall mean any claim incurred under the Creditors Fund Account Trust Agreement by the Disbursing Agent subsequent to the confirmation of the Plan.

"PRIORITY TAX CLAIMS" shall mean Allowed Claims against the Debtor for the payment of taxes which are entitled to priority pursuant to Section 507(a)(J) of the Bankruptcy Code, plus any interest and penalties to Confirmation Date.

"PRO RATA" shall mean, with respect to an amount of cash to be distributed to the holder of a Class 5 Allowed Claim, the proportion that such Allowed Claim bears to the aggregate of all Allowed Claims of Class 4 and Class 5 entitled to share in the distribution on a particular date.

ARTICLE II
CLASSIFICATION OF CLAIMS AND INTERESTS

The claims of creditors and equity security holders of the Debtor are divided into the classes described below. A claim or interest will be placed in a particular class only to the extent that the claim or interest qualifies within the description of that class and may be in a different class to the extent that the remainder of such claim or interest qualifies within the description of a such different class. A claim will be entitled to treatment accorded to a particular class only to the extent that such claim is an allowed claim.

Class 1 Claims – Obligations Incurred Since Filing Chapter 11. Claims entitled to priority pursuant to Section 507(a) of the Code

3

WCWP000306

Exhibit B
Page 14

consisting of obligations incurred by the Debtor in the ordinary course of business since the Chapter 11 filing on October 31, 1991.

Class 2 Claims - All Allowed Secured Claims of Union Bank.

Class 3 Claims - Small Unsecured Claims. All allowed unsecured claims that are equal to or less than $2,000, and claimants willing to reduce their claims to $2,000.

Class 4 Claims - Unsecured Claims in Excess of $2,000 Electing the Marzetta Option. All allowed unsecured claims that are in excess of $2,000 who do not elect to be included in Class 3 and who do elect to exchange their claim for rights to discounts on purchases of signs from Marzetta Signs, Inc.

Class 5 Claims - All Other Unsecured Claims. All other allowed unsecured claims in excess of $2,000 not electing to be included in Class 3 or Class 4.

Class 6 Claims - Equity Interests. All interests of holders of stock or other equity securities of the Debtor.

## ARTICLE III
## TREATMENT OF ADMINISTRATIVE CLAIMS AND PRIORITY TAX CLAIMS

In addition to the six classes of claims and interests, the Plan provides for treatment of Administrative and Priority Tax Claims as follows:

Section 3.1. Administrative Claims - All allowed claims for administrative expense shall be paid in full, in cash, upon the later of (i) the Effective Date or (II) final allowance of such Claim by order of the Court.

Section 3.2. Priority Tax Claims - Allowed Priority Tax Claims shall be paid in six annual installments of principal plus interest at the Market Rate in effect at the Confirmation Date, with the first payment due on the Effective Date.

Any claimant under this Article may agree in writing to a less favorable treatment.

## ARTICLE IV
## TREATMENT OF CLASSES OF CLAIMS AND INTERESTS

The claims and interests classified in Article II of this Plan shall be settled, satisfied, released and discharged in the following manner:

4

WCWP000307

Exhibit B
Page 15

Section 4.1.   Treatment of Class 1 Claims (Obligations Incurred since Filing of Chapter 11):

Class 1 claims are not impaired. Class 1 Claims shall be paid in cash in full in accordance with the ordinary business terms of payment for each such claim; provided further, that any holder of a Class 1 Claim arising from accrued vacation shall be paid in kind by Debtor and shall take his accrued vacation in the ordinary course of business in satisfaction of the Claim.

Section 4.2.   Treatment of Class 2 Claims (Allowed Secured Claims of Union Bank):

As of October 31, 1992, allowed secured claims of Union Bank consisted of the following:

1.   Indebtedness of Arizona Pacific Wood Preserving, guaranteed by PWPB, amounted to $1,934,524 under the Term Loan;

2.   Indebtedness of Texas Pacific Wood Preserving, guaranteed by PWPB and APWP, amounted to $264,533 under the Revolving Line of Credit and $264,533 under the Term Loan.

The allowed secured claims of Union Bank shall be paid as follows:

1.   For the period commencing on March 25, 1992 and ending on April 1, 1997, no interest shall accrue on and no periodic payments shall be due and payable on the Term Loan.

2.   Commencing on April 1, 1997, interest shall accrue on the Term Loan at the rate of the lower of (i) Union Bank Reference Rate plus 1.5% or (ii) 10%.

3.   Commencing on April 1, 1997, Arizona Pacific Wood Preserving shall pay to the Bank monthly payments of principal and interest, amortized on a twenty (20) year basis.

4.   The unpaid principal balance and accrued interest on the Term Loan shall be due and payable in full on April 1, 2012.

5.   All obligations of APWP shall be fully guaranteed by its parent company, PWPB. Both PWPB and APWP have guaranteed the obligations of Texas Wood Preserving Products, Inc.

6.   Upon receipt of $175,000 by March 25, 1994, the Bank has agreed that the unpaid balance of the Revolving Line of Credit shall become part of the Term Loan and be subject to the payment schedule described above. In the event

5

WCWP000308

that the Bank does not receive said payment by March 25, 1994, Bank is free to exercise any and all legal and contractual rights against APWP and PWPB allowed under its various agreements.

While it is anticipated that all or a portion of the $175,000 payment will be generated by the sale of assets at the Texas company, PWPB and AWPB will be required to make up any shortfall in order to preserve the benefits of the agreement for deferred payments to Union Bank.

**Section 4.3.   Treatment of Class 3 Claims (Small Unsecured Claims):**

Claimants in Class 3 shall receive 25% of the amount of their claim up to a maximum of $500 per claimant on the Effective Date.

**Section 4.4.   Treatment of Class 4 Claims (Unsecured Claims in Excess of $2,000 Electing the Marzetta Option):**

1.  Each creditor with an allowed unsecured claim in excess of $2,000 will have the right to assign its allowed claim to Marzetta Signs, Inc. ("Marzetta"), a company in which Richard F. Jackson holds a one-third minority interest, for the right to discounts on purchases of indoor-outdoor vinyl and aluminum signs from Marzetta, with such discounts to be equal to two times the amount of the allowed claim.   Marzetta agrees to grant to such assignors for a period of 10 years discounts of 50% off the then-current published price list for any item contained in the then-current Marzetta catalogue, and 30% off the published price list for any custom order signs. The right to such discounts shall expire at the rate of 10% per year.

2.  Claims assigned to Marzetta will survive as Class 4 claims, and Marzetta shall receive an unsecured debt instrument equal in face value to 50% of the amount of the claims so acquired by Marzetta.

    Payments to Marzetta shall be deferred until such time as all Class 5 claims have been satisfied in accordance with the terms of this Plan.   Such debt will accrue interest at the rate of 6% per annum beginning November 1, 1996.   Marzetta shall thereafter receive annual payments of principal and interest equal to 25% of "Excess Cash Flow" until such time as their reduced claim has been satisfied in full.

3.  Upon assignment of any claims to Marzetta, Debtor will have no further obligation to creditors making such assignments.

6

Section 4.5.   Treatment of Class 5 Claims (All Other Unsecured Claims):   All other allowed unsecured claims in excess of $2,000 not electing to be included in Class 3 or Class 4.

1.   On the Effective Date of the Plan, holders of Class 5 claims shall receive a non-interest bearing unsecured debt instrument for 50% of the amount of the creditor's allowed Class 5 claim.

2.   Payments to holders of Class 5 claims will be made ninety days after the end of each of the Fiscal Years ending October 31, 1993 through October 31, 1996, with the first payment, if any, due January 31, 1994 and continuing annually thereafter with the final payment to be made on January 31, 1997 or, if sooner, when the Debt Instrument has been paid in full.

3.   Each holder of a Class 5 Claim will receive his Pro Rata share of 50% of the Excess Cash Flow of Debtor for the preceding Fiscal Year, with the first such calculation based on the Fiscal Year ending October 31, 1993 and the final calculation to be based on the Fiscal Year ending October 31, 1996.

4.   The Debtor may, at its option, redeem the Debt Instruments at any time, but only in conjunction with the redemption of all outstanding Debt Instruments upon payment of an amount equal to the difference between the following:   (a) the following sums (expressed as a percentage of the Allowed Unsecured Claim of each holder of a Debt Instrument) and (b) the sum of all payments made on account of the Instrument prior to the date fixed by the Debtor for redemption, if redeemed prior to the following dates:

| | |
|---|---|
| January 31, 1994 | 25% |
| January 31, 1995 | 30% |
| January 31, 1996 | 40% |
| January 31, 1997 | 50% |

Section 4.6.   Treatment of Class 6 Interests (Equity Interests):  Class 6 interests are unimpaired.   Each shareholder of PWPB stock shall retain his interest.

ARTICLE V
IDENTIFICATION OF IMPAIRED AND UNIMPAIRED CLASSES

7

Section 5.1.   Unimpaired Classes:   Class 1 (Obligations Incurred since Filing of Chapter 11) and Class 6 (Equity Interests) are unimpaired under this Plan pursuant to and in accordance with Section 1124 of the Bankruptcy Code.  By virtue of their statue of "unimpaired classes of claims", such classes are conclusively presumed to have accepted this Plan in accordance with Section 1126(f) of the Bankruptcy Code.

Section 5.2.   Impaired Classes:   The claims in Class 2 (Allowed Secured Claims of Union Bank), Class 3 (Small Unsecured Claims), Class 4 (Unsecured Claims in Excess of $2,000 Electing the Marzetta Option), and Class 5 (All Other Unsecured Claims) are impaired under this Plan and the holders of such claims shall be entitled to vote to accept or reject the Plan.  Such class shall have accepted the Plan if the Plan is accepted by the holders of at least two-thirds in amount and more than one-half in number of the claims in such class.  Ballots that are signed and returned, but not expressly voted either for acceptance or rejection of the Plan will be considered as acceptances.

## ARTICLE VI
### EXECUTORY CONTRACTS AND LEASES

Except as to those executory contracts listed in Exhibit A attached hereto, which executory contracts the Debtor hereby assumes, all executory contracts of the Debtor which were in existence at the time of filing of the Chapter 11 petition on October 31, 1991, which have not already been rejected or assumed pursuant to Court Order, are rejected.

## ARTICLE VII
### MEANS FOR IMPLEMENTATION OF THE PLAN

Section 7.1 - Establishment of Creditors Fund Account:

Under the Plan, a Creditors Fund Account will be established and administered by Credit Managers Association, who will act as the Disbursing Agent for the account.  All payments made by Debtor in accordance with the Plan will be deposited to the Creditors Fund Account.  The Disbursing Agent shall hold the account in trust for the benefit of the holders of Allowed Claims in Class 5 to be administered as set forth in the Plan and as more specifically described in the Creditors Fund Account Trust Agreement which shall be executed by the parties thereto and approved by the Court on or before the Confirmation Hearing Date.

The Agreement will provide for (a) the payment of fees and expenses of the Disbursing Agent, and (b) the mechanism and

8

schedule for distributions from the Account by the Disbursing Agent. Under the terms of the Plan, funds will be deposited by the Debtor into the Account on or before January 31 of each year in an amount equal to 50% of the Excess Cash Flow of the Debtor for each of the fiscal years ending October 31, 1993 through 1996. Such amounts will be distributed as expeditiously as possible by the Disbursing Agent on a Pro Rata basis to all holders of Allowed Claims in Class 5 in accordance with the terms of the Plan.

In the event that the Debtor elects to make an early redemption of Debt Instruments in accordance with the Plan, the Disbursing Agent will distribute such funds as are deposited into the Account as expeditiously as possible on a Pro Rata basis.

Section 7.2 - Procedure for Handling Disputed Claims:

In determining amounts to be retained in the Creditors Fund Account for holders of Disputed Claims, the Disbursing Agent shall treat all Disputed Claims as if they were Allowed Claims and shall set aside funds sufficient to make distributions as provided under the Plan to each holder of a Disputed Claim, as if such holder were entitled to receive a distribution as a holder of an Allowed Claim. Within 30 days after a Disputed Claim has been determined to be an Allowed Claim in whole or in part, the Disbursing Agent shall make distributions to holders of each such claim from funds retained for the purpose in the Account. To the extent that Disputed Claims are disallowed by Final Order in whole or in part, funds otherwise distributable will be retained in the Account until the following January 31, at which time they will be included in any Pro Rata distribution to holders of Class 5 claims.

Section 7.3 - Procedure for Handling Unclaimed Distributions:

Any distribution under the Plan that is unclaimed for 90 days after the date of issuance of a check in payment of such distribution shall be held without interest for the benefit of the holder of each such Allowed Claim. To the extent that any unclaimed distributions exist eleven following the date of issuance of checks in payment of Allowed Claims, such amounts shall be included in the distributions to be made the following January 31 on a Pro Rata basis to holders of Class 5 claims.

## ARTICLE VIII
### JURISDICTION OF THE BANKRUPTCY COURT

Section 8.1 - Revesting of Assets: As of the Effective Date, the Debtor shall be revested with all assets not distributed to creditors under this Plan. As of the Effective Date, the Debtor shall be entitled to manage its affairs without further order of the Bankruptcy Court and shall be discharged from all debts, except as otherwise provided in the Bankruptcy Code and this Plan.

9

Section 8.2 – Retention of Jurisdiction:   Subject to Section 8.1 of this Plan, the Bankruptcy Court shall retain jurisdiction for the following purposes:

(a)   Determination of objections to the allowance of claims, classification of claims, and the re-examination of claims which have been allowed for purposes of voting for or against the Plan. Failure by the Debtor to object or to examine any claim which has been allowed solely for purposes of voting shall not be deemed to be a waiver of the Debtor's right to object to, or to reexamine, such claim in whole or in part;

(b)   Except as otherwise provided in this Plan, determination of any and all controversies, suits, causes of action, or disputes involving the Debtor or its assets arising prior to the Confirmation Date, whether or not subject to an action pending as of the Confirmation Date, between and/or among the Debtor and any other party, including without limitation any right of the Debtor to recover assets or assert any power or right, pursuant to and in accordance with the Bankruptcy Code;

(c)   Review and determination of any and all applications for the payment of fees by the Debtor's attorneys and other professionals pursuant to and in accordance with Section 330 or 503 of the Bankruptcy Code, and any other fees and expenses authorized to be paid or reimbursed by the Debtor pursuant to and in accordance with the Bankruptcy Code, and all objections thereto;

(d)   Determination of any disputes regarding proposed distributions from the Creditors Fund Account by Credit Managers Association, including, but not limited to, the review and determination of disputes over proposed fees or expenses to be paid to attorneys or professionals on behalf of Creditors Managers Association, if and only if a dispute arises over such proposed distributions.

(e)   Determination of any and all pending applications for the rejection or assumption and assignment, as the case may be, of executory contracts and unexpired leases to which the Debtor is a party, or with respect to which the Debtor may be liable, and the determination of any and all claims arising therefrom;

(f)   Modification of this Plan or correction of any defect, curing of any omission, or reconciliation of any inconsistency in this Plan or the Confirmation Order to the extent authorized by the Bankruptcy Code, as may be necessary to carry out the purposes and intent of this Plan;

(g)   Enforcement, interpretation and implementation of this Plan, including any agreement for the satisfaction of any Allowed Claims; and

10

(h)   Entry of a final decree concluding and terminating the Debtor's bankruptcy case.

## ARTICLE IX
## MODIFICATION OF PLAN

Section 9.1 - Modification Before Confirmation:  The Debtor may modify this Plan at any time prior to the Confirmation Date, but may not modify the Plan so that the Plan as modified fails to meet the requirements of Sections 1122 and 1123 of the Bankruptcy Code.  After the Debtor has filed a modification of this Plan with the Bankruptcy Court, the Plan as modified shall become the Plan.

Section 9.2 - Modification After Confirmation:  The Debtor may modify this Plan at any time after the Confirmation Date and before substantial consummation of the Plan, but may not modify the Plan so that the Plan as modified fails to meet the requirements of Sections 1122 and 1123 of the Bankruptcy Code.  The Plan as modified pursuant to and in accordance with this section of the Plan shall become the Plan only if the Bankruptcy Court, after notice and a hearing, confirms such Plan, as modified, pursuant to and in accordance with Section 1129 of the Bankruptcy Code, and circumstances warrant such modification.

Section 9.3 - Defects, Omissions, and Inconsistencies in the Plan:    Before or after the Confirmation Date, or in the Confirmation Order, the Debtor may, with the approval of the Bankruptcy Court, and provided it does not materially and adversely affect the interests of creditors, remedy any defect or omission, or reconcile any inconsistency in the Plan, or amend the Plan in such manner as may be necessary to carry out the purposes and intent of the Plan.

## ARTICLE X
## MISCELLANEOUS PROVISIONS

Section 10.1 - Monitoring:   Union Bank and Credit Managers Association may perform on-going monitoring of the Debtor's financial performance until all payments due holders of Class 5 claims under the Plan have been paid.   The Debtor will provide Union Bank and Credit Managers Association with annual financial statements for each Fiscal Year through October 31, 1996, and to the Bank thereafter for the outstanding period of the Bank indebtedness.

Section 10.2 - Administrative Claims:   All applications for the allowance of Administrative Claims pursuant to and in accordance with Section 507(a)(1) of the Bankruptcy Code, including but not limited to applications for compensation of professionals

11

whose employment has been authorized by the Court, shall be filed and served upon the Debtor's counsel within 30 days after the Confirmation Date. Any such Administrative Claims not filed within the required time period are hereby discharged and barred.

Section 10.3 - Executory Contracts and Unexpired Leases: All claims arising from the rejection of executory contracts and unexpired leases under this Plan shall be filed with the Bankruptcy Court and served upon Debtor's counsel within 30 days after the Confirmation Date and shall be unsecured claims. All such claims shall be treated as disputed unless the Debtor specifically admits such claim. Any such claims not filed within the required time period are hereby discharged.

Section 10.4 - Transferability: Any holder of any claim may freely transfer to any other person any rights which it receives or shall receive pursuant to the terms of this Plan, but such transferee shall be subject to all of the terms and conditions set forth in this Plan. The foregoing does not excuse compliance with any securities law if applicable to such transfer.

Section 10.5 - Severability: Any provision of this Plan that is held to be inoperative, unenforceable, void, or invalid in any jurisdiction shall, as to that jurisdiction, be ineffective, unenforceable, void, or invalid, without affecting the remaining provisions in that jurisdiction, or the operation, enforceability, or validity of that provision in any other jurisdiction, and to this end the provisions of this Plan are declared to be severable.

Section 10.6 - Successors and Assigns: The rights and provisions of any person named or referred to in the Plan shall be binding upon, and shall inure to the benefit of, the successors and assigns of such person.

Section 10.7 - Headings: The headings and underscoring of the articles, sections and clauses used in this Plan have been inserted for convenience only, and neither constitute a portion of the Plan, nor in any manner shall affect or be considered in interpreting this Plan.

DATED: February 25, 1993

PACIFIC WOOD PRESERVING OF BAKERSFIELD, INC.

By: _____
     Richard R. Jackson, President

12

WCWP000315

Exhibit B
Page 23

EXHIBIT "A"

EXECUTORY CONTRACTS AND UNEXPIRED LEASES

The following executory contracts and/or unexpired leases are assumed by Debtor:

1.   General Motors Acceptance Corporation - Unexpired lease of a GM pick-up truck.

## PROOF OF SERVICE BY MAIL

I declare that:

I am employed in the City and County of San Francisco, California. I am over the age of eighteen (18) years and not a party to the within cause. My business address is 1388 Sutter Street, Suite 705, San Francisco, CA 94109. I am readily familiar with my business' practice for collection and processing of correspondence for mailing with the United States Postal Service. Correspondence is deposited with the United States Postal Service the same day in the ordinary course of business. On the date set forth below at 1388 Sutter Street, Suite 705, San Francisco, CA 94109, I served the within **NOTICE OF TIME FOR FILING OBJECTIONS TO DISCLOSURE STATEMENT AND OF HEARING ON DISCLOSURE STATEMENT** on the following person(s), by placing for collection and mailing on that date following ordinary business practices a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid addressed as follows:

### SEE ATTACHED LIST

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated:   March 1, 1993

K. GRUNERT

P.O. Box 300
Leeds, AL 35094

Hickson
1100 Johnson Ferry Road, NE
Atlanta, GA 30342

Hickson Corporation
P.O. Box 371120M
Pittsburgh, PA 15251-7120

Huss Trucking
9209 Lower Azusa Road
Rosemead, CA 91770

Hyster Company
P.O. Box 45055
San Francisco, CA 94145

I.F. Florez Trucking
1520 Falcon Drive
Bakersfield, CA 93304

Independent Tank and Fabri
P.O. Box 2422
Bakersfield, CA 93303

J.D. Hulsey
P.O. Box 70576
Bakersfield, CA 93387-0576

J.H. Baxter and Co.
P.O. Box 5902
San Mateo, CA 94402

feco Transport
909 N. Upland Drive
Portland, OR 79203-6100

ennings Transfer and Storag
430 Getty Street
akersfield, CA 93308

imenez Trucking
520 Falcon Avenue
akersfield, CA 93304

ohn F. Diaz Trucking
0611 Habecker Road
amont, CA 93241

Juan Chavez Trucking
1520 Falcon Avenue
Bakersfield, CA 93304

K.L. Barton and Sons Tie Co
P.O. Box 5400
Garrison, TX 75946-0540

King Bearing, Inc.
P.O. Box 210
Corona, CA 91718-0210

Lance Forest Products
6531 Paso Drive
Redding, CA 96001

Landscape Ties of California
P.O. Box 40160
Santa Barbara, CA 93140

Larry Munger Enterprises, In
P.O. Box 25831
Salt Lake City, UT 84125

Lebeau, Thelen, Lampe,
McIntosh and Crear
5531 Business Park South #21
Bakersfield, CA 93309

Lillyblad Petroleum Inc.
P.O. Box 1556
Tacoma, WA 98401

Luft Environmental Consultan
3701 Pegasus Drive #121
Bakersfield, CA 93308

Masterwood Manufacturing
187 W. Olive Avenue
Proterville, CA 93257

Maurer Enterprises, Inc.
P.O. Box 1767
Grants Pass, OR 97526

McCambridge, Deixler, Marmar
2029 Century Park East #2700
Los Angeles, CA 90067

McCoy Truck and Tire Recap Co.
230 Golden State Avenue
Bakersfield, CA 93301

MCI Telecommunications,
P.O. Box 52214
Phoenix, AZ 85072-2214

Menke and Associates, In
114 Sansome Street, Sui
San Francisco, CA 94104-

Merchant Magazine
4500 Campus Drive #480
Newport Beach, CA 9266

Mission Uniform Servic
520 E. Mineral King Av
Visalia, CA 93277

Nalco Chemical Company
Dept. L863P
Pittsburg, PA 15264-086

National Automobile and
Casualty Insurance Co
Dept. 1530
Los Angeles, CA 90096-1

National Petroleum Sale
P.O. Box 35288
Tulsa, OK 74153-0288

Oaks Lumber Company
1965 1,000 Oaks Blvd.
Thousand Oaks, CA 91362

Osmose Wood Preserving,
980 Ellicott Street
Buffalo, NY 14209-2398

Pacific Bell
Payment Center
Sacramento, CA 95887-00

Perry H. Koplik and Sons
200 SW Market, Suite 18
Portland, OR 97201

PG and E
Box 52001
San Francisco, CA 94152

A-1 Battery Company
1230 S. Union Avenue
Bakersfield, CA 93307

A.M. Gomez Trucking
1520 Falcon Avenue
Bakersfield, CA 93304

Acco Cable Splicing, Inc.
3504 Pierce Road
Bakersfield, CA 93308

Aer Service Center
P.O. Box 4489
Rancho Dominguez, CA 90224-

Alex Moore CPA
190 S. Orchard #B201
Vacaville, CA 95688

All Coast Forest Prod. Inc.
P.O. Box M
Chino, CA 91708-1206

Allied Supply Co.
P.O. Box 2376 GMF
Los Angeles, CA 90051-0376

Allied-Signal, Inc.
P.O. Box 1797
Pasadena, CA 91050

American International Forest
Products, Inc.
P.O. Box 102128
Atlanta, GA 30368

American Pacific Wood Produc
P.O Box 515
Cumas, WA 98295

American Wood Preservers Ins
945 Gallows Road Suite 550
Vienna, VA 22182

Arnold Trucking
310 Fruitvale Avenue
Bakersfield, CA 93308

Brache, Clark & Potter
101 California Ave. #301
Bakersfield, CA 93309

Art Bliss Trucking, Inc.
6712 N.E. 88th Street
Vancouver, WA 98665

Automated Temporary Service
P.O. Box 1298
Bakersfield, CA 93303

Bakersfield Californian
P.O. Box 2996
Bakersfield, CA 93303-2996

Bakersfield Cellular Telephc
P.O. Box 10447
Bakersfield, CA 93389

Broadbent Mercantile
3540 Pine Avenue
Long Beach, CA 90807

Buckeye Pacific
P.O. Box 102128
Atlanta, GA 30368

Burgess Lumber Inc.
P.O. Box 200
Redwood Valley, CA 95470

Cal Wood Products
P.O. Box 934
Yucaipa, CA 92399

California Water Service
P.O. Box 940001
San Jose, CA 95194-0001

Call Forest Products, Inc.
6030 S. Yellowstone Hwy
Idaho Falls, ID 83402

Cash Advantage Group
4928 E. Clinton Avenue #100
Fresno, CA 93727

Chemical Specialties Sales
P.O. Box 640
Harrisburg, NC 28075

Computech Inc.
3501 Sunrise Blvd. #16
Rancho Cordova, CA 95742

Computer Rental Time
P.O. Box 40757
Bakersfield, CA 93304

Eastman Inc.
P.O. Box 81901
Los Angeles, CA 90074-1

Easy Valley Wood Produc
P.O. Box 1345
Grants Pass, OR 97526

Eel River Sawmills, INc.
P.O. Box 60000
San Francisco, CA 94160-

Fiberboard, Inc.
P.O. Box 44536
San Francisco, CA 94144

First Card
P.O. Box 5930
N. Suburban, IL 60197-59

Floyd's Stores, Inc.
P.O. Box 2940
Bakersfield, CA 93303

Frontier Terminal and
Trading Co.
P.O. Box 94571
Tulsa, OK 74194

Fullmer Lumber Company
P.O. Box C-34935
Seattle, WA 98124

Garcia Trucking
11625 Rose Street
Lamont, CA 93241

Gemini Forest Products
P.O. Box 105
Los Alamitos, CA 90720

GMAC
P.O. Box 1591
Bakersfield, CA 93302

GTE Mobilnet
P.O. Box 630007
Dallas, TX 75263-0007

Bakersfield, CA 93304

Pitney Bowes Inc.
P.O. Box 85390
Louisville, KY 40285-5390

Prentice Hall Profesional
Newsletters
P.O. Box 105361
Atlanta, GA 30368-5361

Quinn Company, Inc.
Dept. 2753
Pasadena, CA 91051

R. Gonzales Trucking
1520 Falcon Avenue
Bakersfield, CA 93304

R.Q. Florez Trucking
11625 Rose Street
Lamont, CA 93241

Reilly Industries, Inc.
151 North Delaware Street
Indianapolis, IN 46204

Reliable Wholesale Lumber
P.O. Box 311
Huntington Beach, CA 92648

Ricoh Corporation
P.O. Box 13750
Newark, NJ 07188-0750

Roseburg Forest Products Co
P.O. Box 100275
Pasadena, CA 91189-0275

ygel Lumber Sales
.O. Box 2328
os Angeles, CA 90051-0328

agebrush Sales, Inc.
.O. Box 25606

an Joaquin Bank
.O. Box 9129
akersfield, CA 93389

P.O. Box 25242
Santa Ana, CA 92799-5242

Selma Treating of Nevada, Inc.
P.O. Box 89
Selma, CA 93662

Sierra Bag Company, Inc.
1620 E. Brundage Lane
Bakersfield, CA 93307-1545

Sierra Forest Products
P.O. Box 60
Terra Bella, CA 93270

Signode - Western Operations
P.O. Box 95313
Chicago, IL 60694-5313

Snider Lumber Products Co.
P.O. Box 670
Turlock, CA 95381

Solano County Tax Collector
Courthouse Annex
Fairfield, CA 94533

Sonitrol of Bakersfield
P.O. Box 1089
Bakersfield, CA 93714-1089

Southern Pacific Trans. Co.
P.O. Box 100328
Houston, TX 77212

Southside Sanitation
Del Kern Station
Bakersfield, CA 93307

State Board of Equalization
P.O. Box 647
Sacramento, CA 95803-0647

State Fund
P.O. Box 7854
San Francisco, CA 94120

Mary Stevens
746 Arbor Oaks Drive
Vacaville, CA 95688

Summit Properties
785 Alamo Drive
Bakersfield, CA 95688

Sundance Lumber Co.,
P.O. Box 1337
Shingle Springs, CA 95

Sunset Life Insurance
3200 Capitol Blvd.
Olympia, WA 98501-3372

The Railway Tie Associ
20246-RT 19
Evans City, PA 16033

Timber Products Inspec
P.O. Box 20455
Portland, OR 97220

Turn-Key Communication
18915 N, Hwy 99
Acampo, CA 95220

Twins Trucking
1130 James Road
Bakersfield, CA 93308

United Parcel Service
P.O. Box 344002
Merced, CA 95344-9002

Vari Pro Systems, Inc.
P.O. Box 127
Lodi, CA 95241

Viking Office Products
P.O. Box 92928
Los Angeles, CA 90009

Walter G. Talarek, P.C.
8330 Boone Blvd. - 8th
Vienna, VA 22182-2624

Western Wood Preserving
1815 S.W. Marlow, Suite
Portland, OR 97225

Western Woods Inc.
P.O. Box 4402
Chico, CA 95927

Dept 1 - 3141
Los Angeles CA 90088

Wholesale Fuels Inc.
P.O. Box 70097
Bakersfield CA 93387-0097

Wise & Kaku Acc't Corp
4928 E Clinton #209
Fresno CA 93727

Witco Corporation
Box 60000 File 8416
San Francisco CA 94160

Xerox Corporation
Box 25177
Santa Ana CA 927795177

Union Bank
460 Hegenberger Road
Oakland CA 94621

Internal Revenue Service
Fresno, CA

State Board of Equaliz.
Sacramento CA 95814

Gerard P. Thomas
235 Chadbourne Ave
Los Angeles CA 90049

Lee Snedaker
Pacific Wood Preserving
5190 District Blvd.
Bakersfield CA 93309

Richard F. Jackson
Marzetta Sign Company
1356 S. 50th St.
Richmond CA 94804

John Carlson, Esq.
Borton, Petrini & Conron
Box 2026
Bakersfield CA 93303

Ruth Leuchars
Continental Insurance
Box 2102
Cranbury, NJ 08570

John C. Thornton Esq.
Perona, Langer & Beck
Box 7948
Long Beach CA 908070948

John E. Davis Esq.
Myrick, Seagraves, Adams, Davis
600 NW 5th St.
Grant's Pass OR 975262024

Donna Tamanaha
US Department of Justice
915 L Street Suite 1150
Sacramento CA 95814

Robert C. Fracchia
Dobbins, Weir, Thompson
500 Main Street
Vacaville CA 95688

Judy Gibbs, Esq.
Box 6161
Folsom CA 95763

Robert Kidd Esq.
Graham & James
1 Maritime Plaza Thrd Fl.
San Francisco CA 94111

Office of the Attorney General
300 S Spring Street #500
Los Angeles, CA 90013

Glenn A. Devoll Esq.
McKnight & Gasaway
P.O. Box 1108
Enid OK 737021108

Tuttle & Tuttle
355 S. Grand Avenue 40th Fl.
Los Angeles CA 90071-3101

Lary Alan Rappaport Esq.
McCambridge, Deixler
2029 Century Park E #2700
Los Angeles CA 90067

Cheryl D. Muffoletto
American Credit Indemnity
300 St. Paul Place
Baltimore MD 21202-2183

Ronald B. Versteeg, Esq.
P.O. Box 378
Grants Pass OR 97526

Bradley Anderson Esq.
Haglund & Kirtley
101 SW Main Suite 700
Portland OR 97204

WCWP000321

1    **LAW OFFICES OF STANLEY PECK**
      State Bar No. 41007
2    1388 Sutter Street, Suite 705
      San Francisco, CA  94109
3    Telephone:  415-885-2375

4    **Attorneys for Debtor**

**FILED**

MAY 1 1 1993

**Clerk,** United St...  ....... .... ... .. ...y Court
        Eastern District of Cali...

5

6

7

8

9        UNITED STATES BANKRUPTCY COURT

10        EASTERN DISTRICT OF CALIFORNIA

11

12   In re:                  )     CHAPTER 11

13                      )
                       )    CASE NO.  91-28246-A-11

14   PACIFIC WOOD PRESERVING OF   )
    BAKERSFIELD               )

15                      )

16        Debtor.            )

17

18

19         **PROOF OF SERVICE BY MAIL**

20

21

22

23

24

25

26

27                                 FILED MJP

28

DOCKETED MJP                                  (41)

WCWP000322

Exhibit B
Page 30