JENNIFER HARTMAN KING (Bar No. 211313)
NICOLE R. GLEASON (Bar No. 199655)
LOUINDA V. LACEY (Bar No. 275888)
KING WILLIAMS & GLEASON LLP
520 Capitol Mall, Suite 750
Sacramento, CA  95814
Telephone:     (916) 379-7530
Facsimile:      (916) 379-7535
jhartmanking@kwgattorneys.com
ngleason@kwgattorneys.com
llacey@kwgattorneys.com

Attorneys for Defendant Jim Dobbas, Inc.

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| CALIFORNIA DEPARTMENT OF TOXIC SUBSTANCES CONTROL and the TOXIC SUBSTANCES CONTROL ACCOUNT,<br><br>          Plaintiffs,<br><br>               v.<br><br>JIM DOBBAS, INC., a California corporation; CONTINENTAL RAIL, INC., a Delaware corporation; DAVID VAN OVER, individually; PACIFIC WOOD PRESERVING, a dissolved California corporation; and WEST COAST WOOD PRESERVING, LLC,  a Nevada limited liability company,<br><br>          Defendants,<br><br>AND RELATED CROSSCLAIMS AND COUNTERCLAIMS. | Case No.:  2:14-cv-00595-WBS-EFB<br><br>**ANSWER OF JIM DOBBAS, INC. TO FIRST AMENDED COMPLAINT FOR RECOVERY OF RESPONSE COSTS; DECLARATORY RELIEF; INJUNCTIVE RELIEF; TREBLE DAMAGES; AND CIVIL PENALTIES BY CALIFORNIA DEPARTMENT OF TOXIC SUBSTANCES CONTROL and the TOXIC SUBSTANCES CONTROL ACCOUNT & DEMAND FOR JURY TRIAL**<br><br>**DEMAND FOR JURY TRIAL**<br><br>Action filed:  March 3, 2014 |

00015488.1

1    Defendant Jim Dobbas, Inc. ("DOBBAS"), by and through its attorneys of record, hereby

2    files its Answer to the First Amended Complaint for Recovery of Response Costs; Declaratory

3    Relief; Injunctive Relief; Treble Damages; And Civil Penalties, filed by Plaintiffs California

4    Department of Toxic Substances Control and the Toxic Substances Control Account

5    ("PLAINTIFFS") on December 11, 2014, ("Complaint") as follows:

6                                    **GENERAL DENIAL**

7    Except as expressly admitted herein, DOBBAS denies each and every allegation in

8    PLAINTIFFS' Complaint.  DOBBAS hereby demands trial by jury in this action.

9                                 **I.      JURISDICTION**

10    1.      Paragraph 1 of PLAINTIFFS' Complaint consists entirely of legal conclusions, to

11   which no response is required.  To the extent a response is required, DOBBAS denies that this

12   Court has jurisdiction over the claims pursuant to 28 U.S.C. sections 1331 and 1367, and section

13   113(b) of the Comprehensive Environmental Response, Compensation and Liability Act

14   ("CERCLA") 42 U.S.C. section 9613(b).

15                                    **II.      VENUE**

16    2.      Paragraph 2 of PLAINTIFFS' Complaint consists entirely of legal conclusions, to

17   which no response is required.  To the extent a response is required, DOBBAS lacks sufficient

18   knowledge or information to form a belief regarding the allegations contained therein and on that

19   basis denies, generally and specifically, each and every allegation.

20                          **III.      INTRA-DISTRICT ASSIGNMENT**

21    3.      Paragraph 3 of PLAINTIFFS' Complaint consists entirely of legal conclusions, to

22   which no response is required.  To the extent a response is required, DOBBAS lacks sufficient

23   knowledge or information to form a belief regarding the allegations contained within Paragraph 3

24   of PLAINTIFFS' Complaint and on that basis denies, generally and specifically, each and every

25   allegation.

26                          **IV.      STATEMENT OF THE ACTION**

27    4.      In answer to Paragraph 4 of PLAINTIFFS' Complaint, DOBBAS admits that the

28   real property at issue has a street address of 147 A Street, Elmira, California 95625 ("Site").

00015488.1                                      1

Except as expressly admitted herein, DOBBAS lacks sufficient knowledge or information to form a belief regarding the allegations contained in paragraph 4 of PLAINTIFFS' Complaint and on that basis denies, generally and specifically, each and every such allegation.

5.     Paragraph 5 of PLAINTIFFS' Complaint consists entirely of legal conclusions, to which no response is required.  To the extent a response is required, DOBBAS lacks sufficient knowledge or information to form a belief regarding the allegations contained within Paragraph 5 of PLAINTIFFS' Complaint and on that basis denies, generally and specifically, each and every allegation.

6.     Paragraph 6 of PLAINTIFFS' Complaint consists entirely of legal conclusions, to which no response is required.  To the extent a response is required, DOBBAS lacks sufficient knowledge or information to form a belief regarding the allegations contained within Paragraph 6 of PLAINTIFFS' Complaint and on that basis denies, generally and specifically, each and every allegation.

### V.     PLAINTIFFS

7.     Paragraph 7 of PLAINTIFFS' Complaint consists entirely of legal conclusions, to which no response is required.  To the extent a response is required, DOBBAS lacks sufficient knowledge or information to form a belief regarding the allegations contained within Paragraph 7 of PLAINTIFFS' Complaint and on that basis denies, generally and specifically, each and every allegation.

8.     Paragraph 8 of PLAINTIFFS' Complaint consists entirely of legal conclusions, to which no response is required.  To the extent a response is required, DOBBAS lacks sufficient knowledge or information to form a belief regarding the allegations contained within Paragraph 8 of PLAINTIFFS' Complaint and on that basis denies, generally and specifically, each and every allegation.

### VI.     DEFENDANTS

9.     In answer to Paragraph 9 of PLAINTIFFS' Complaint, DOBBAS admits that Jim Dobbas, Inc. is a California corporation, with its principal place of business in Placer County, California.  DOBBAS further admits that it owned an interest in the Site from in or about March

1   1997, to in or about 2011.  Except as expressly admitted herein, Dobbas lacks sufficient

2   knowledge or information to form a belief regarding the allegations contained within Paragraph 9

3   of PLAINTIFFS' Complaint and on that basis denies, generally and specifically, each and every

4   allegation.

5          10.    In answer to Paragraph 10 of PLAINTIFFS' Complaint, DOBBAS lacks sufficient

6   knowledge or information to form a belief regarding the allegations contained within Paragraph

7   10 of PLAINTIFFS' Complaint and on that basis denies, generally and specifically, each and

8   every allegation.

9          11.    In answer to Paragraph 11 of PLAINTIFFS' Complaint, DOBBAS lacks sufficient

10  knowledge or information to form a belief regarding the allegations contained within Paragraph

11  11 of PLAINTIFFS' Complaint and on that basis denies, generally and specifically, each and

12  every allegation.

13         12.    In answer to Paragraph 12 of PLAINTIFFS' Complaint, DOBBAS lacks sufficient

14  knowledge or information to form a belief regarding the allegations contained within Paragraph

15  12 of PLAINTIFFS' Complaint and on that basis denies, generally and specifically, each and

16  every allegation.

17         13.    In answer to Paragraph 13 of PLAINTIFFS' Complaint, DOBBAS lacks sufficient

18  knowledge or information to form a belief regarding the allegations contained within Paragraph

19  13 of PLAINTIFFS' Complaint and on that basis denies, generally and specifically, each and

20  every allegation.

21         14.    In answer to Paragraph 14 of PLAINTIFFS' Complaint, DOBBAS lacks sufficient

22  knowledge or information to form a belief regarding the allegations contained within Paragraph

23  14 of PLAINTIFFS' Complaint and on that basis denies, generally and specifically, each and

24  every allegation.

25         15.    In answer to Paragraph 15 of PLAINTIFFS' Complaint, DOBBAS lacks sufficient

26  knowledge or information to form a belief regarding the allegations contained within Paragraph

27  15 of PLAINTIFFS' Complaint and on that basis denies, generally and specifically, each and

28  every allegation.

16.     In answer to Paragraph 16 of PLAINTIFFS' Complaint, DOBBAS lacks sufficient knowledge or information to form a belief regarding the allegations contained within Paragraph 16 of PLAINTIFFS' Complaint and on that basis denies, generally and specifically, each and every allegation.

## VII.     GENERAL ALLEGATIONS

17.     In answer to Paragraph 17 of PLAINTIFFS' Complaint, DOBBAS lacks sufficient knowledge or information to form a belief regarding the allegations contained within Paragraph 17 of PLAINTIFFS' Complaint and on that basis denies, generally and specifically, each and every allegation.

18.     In answer to Paragraph 18 of PLAINTIFFS' Complaint, DOBBAS lacks sufficient knowledge or information to form a belief regarding the allegations contained within Paragraph 18 of PLAINTIFFS' Complaint and on that basis denies, generally and specifically, each and every allegation.

19.     In answer to Paragraph 19 of PLAINTIFFS' Complaint, DOBBAS lacks sufficient knowledge or information to form a belief regarding the allegations contained within Paragraph 19 of PLAINTIFFS' Complaint and on that basis denies, generally and specifically, each and every allegation.

20.     In answer to Paragraph 20 of PLAINTIFFS' Complaint, DOBBAS lacks sufficient knowledge or information to form a belief regarding the allegations contained within Paragraph 20 of PLAINTIFFS' Complaint and on that basis denies, generally and specifically, each and every allegation.

21.     In answer to Paragraph 21 of PLAINTIFFS' Complaint, DOBBAS lacks sufficient knowledge or information to form a belief regarding the allegations contained within Paragraph 21 of PLAINTIFFS' Complaint and on that basis denies, generally and specifically, each and every allegation.

22.     In answer to Paragraph 22 of PLAINTIFFS' Complaint, DOBBAS admits that it bought an interest in the Site in or about 1997.  Except as expressly admitted herein, DOBBAS lacks sufficient knowledge or information to form a belief regarding the allegations contained

within Paragraph 22 of PLAINTIFFS' Complaint and on that basis denies each and every allegation.

23.     In answer to Paragraph 23 of PLAINTIFFS' Complaint, DOBBAS lacks sufficient knowledge or information to form a belief regarding the allegations contained within Paragraph 23 of PLAINTIFFS' Complaint and on that basis denies, generally and specifically, each and every allegation.

24.     In answer to Paragraph 24 of PLAINTIFFS' Complaint, DOBBAS lacks sufficient knowledge or information to form a belief regarding the allegations contained within Paragraph 24 of PLAINTIFFS' Complaint and on that basis denies, generally and specifically, each and every allegation.

25.     In answer to Paragraph 25 of PLAINTIFFS' Complaint, DOBBAS lacks sufficient knowledge or information to form a belief regarding the allegations contained within Paragraph 25 of PLAINTIFFS' Complaint and on that basis denies, generally and specifically, each and every allegation.

26.     In answer to Paragraph 26 of PLAINTIFFS' Complaint, DOBBAS lacks sufficient knowledge or information to form a belief regarding the allegations contained within Paragraph 26 of PLAINTIFFS' Complaint and on that basis denies, generally and specifically, each and every allegation.

27.     In answer to Paragraph 27 of PLAINTIFFS' Complaint, DOBBAS denies the allegation that in December 2007, Defendant DOBBAS agreed to perform certain actions at the Site.   DOBBAS lacks sufficient knowledge or information to form a belief regarding the remaining allegations contained within Paragraph 27 of PLAINTIFFS' Complaint and on that basis denies, generally and specifically, each and every allegation.

28.     In answer to Paragraph 28 of PLAINTIFFS' Complaint, DOBBAS lacks sufficient knowledge or information to form a belief regarding the allegations contained within Paragraph 28 of PLAINTIFFS' Complaint and on that basis denies, generally and specifically, each and every allegation.

/ / /

ANSWER OF JIM DOBBAS, INC. TO DTSC'S FIRST AMENDED COMPLAINT
2:14-cv-00595-WBS-EFB

29.     In answer to Paragraph 29 of PLAINTIFFS' Complaint, DOBBAS lacks sufficient knowledge or information to form a belief regarding the allegations contained within Paragraph 29 of PLAINTIFFS' Complaint and on that basis denies, generally and specifically, each and every allegation.

30.     In answer to Paragraph 30 of PLAINTIFFS' Complaint, DOBBAS admits that on or about February 11, 2011, DOBBAS and Continental Rail, Inc. ("CRI") sold the Site to David Van Over ("Van Over") for $2.00.

31.     In answer to Paragraph 31 of PLAINTIFFS' Complaint, DOBBAS admits the allegation that on or about March 16, 2011, the Department of Toxic Substances Control ("DTSC") issued an Imminent or Substantial Endangerment Determination and Remedial Action Order to Defendants DOBBAS, CRI, and Van Over.  DOBBAS lacks sufficient knowledge or information to form a belief regarding the remaining allegations contained within Paragraph 31 of PLAINTIFFS' Complaint and on that basis denies, generally and specifically, each and every allegation.

32.     In answer to Paragraph 32 of PLAINTIFFS' Complaint, DOBBAS lacks sufficient knowledge or information to form a belief regarding the allegations contained within Paragraph 32 of PLAINTIFFS' Complaint and on that basis denies, generally and specifically, each and every allegation.

33.     In answer to Paragraph 33 of PLAINTIFFS' Complaint, DOBBAS lacks sufficient knowledge or information to form a belief regarding the allegations contained within Paragraph 33 of PLAINTIFFS' Complaint and on that basis denies, generally and specifically, each and every allegation.

34.     In answer to Paragraph 34 of PLAINTIFFS' Complaint, DOBBAS lacks sufficient knowledge or information to form a belief regarding the allegations contained within Paragraph 34 of PLAINTIFFS' Complaint and on that basis denies, generally and specifically, each and every allegation.

35.     In answer to Paragraph 35 of PLAINTIFFS' Complaint, DOBBAS lacks sufficient knowledge or information to form a belief regarding the allegations contained within Paragraph

1   35 of PLAINTIFFS' Complaint and on that basis denies, generally and specifically, each and

2   every allegation.

3        36.      In answer to Paragraph 36 of PLAINTIFFS' Complaint, DOBBAS lacks sufficient

4   knowledge or information to form a belief regarding the allegations contained within Paragraph

5   36 of PLAINTIFFS' Complaint and on that basis denies, generally and specifically, each and

6   every allegation.

7                      **VIII.   FIRST CLAIM FOR RELIEF**

8               **(Claim for Recovery of Response Costs Pursuant to
                Section 107(a) of CERCLA, 42 U.S.C. § 9607(a))**

9

10       37.      In answer to Paragraph 37 of PLAINTIFFS' Complaint, DOBBAS realleges and

11  incorporates by reference its answers to paragraphs 1 through 36, inclusive.

12       38.      Paragraph 38 of PLAINTIFFS' Complaint consists entirely of legal conclusions, to

13  which no response is required.  To the extent a response is required, DOBBAS lacks sufficient

14  knowledge or information to form a belief regarding the allegations contained within Paragraph

15  38 of PLAINTIFFS' Complaint and on that basis denies, generally and specifically, each and

16  every allegation.

17       39.      Paragraph 39 of PLAINTIFFS' Complaint consists entirely of legal conclusions, to

18  which no response is required.  To the extent a response is required, DOBBAS lacks sufficient

19  knowledge or information to form a belief regarding the allegations contained within Paragraph

20  39 of PLAINTIFFS' Complaint and on that basis denies, generally and specifically, each and

21  every allegation.

22       40.      Paragraph 40 of PLAINTIFFS' Complaint consists entirely of legal conclusions, to

23  which no response is required.  To the extent a response is required, DOBBAS lacks sufficient

24  knowledge or information to form a belief regarding the allegations contained within Paragraph

25  40 of PLAINTIFFS' Complaint and on that basis denies, generally and specifically, each and

26  every allegation.

27       41.      Paragraph 41 of PLAINTIFFS' Complaint consists entirely of legal conclusions, to

28  which no response is required.  To the extent a response is required, DOBBAS denies each and

00015488.1                              -7-

1   every allegation contained in Paragraph 41 that characterizes section 107(a) of CERCLA, 42

2   U.S.C. section 9607(a), on the grounds that the statute speaks for itself.  DOBBAS denies that it

3   is an "owner" and/or "operator" of the Site, or was an "owner" and/or "operator" of the Site "at

4   the time of disposal of a[] hazardous substance" there, as those terms are used in section 107(a) of

5   CERCLA, 42 U.S.C. section 9607(a).  DOBBAS lacks sufficient knowledge or information to

6   form a belief regarding the remaining allegations contained within Paragraph 41 of

7   PLAINTIFFS' Complaint and on that basis denies, generally and specifically, each and every

8   allegation.

9       42.     Paragraph 42 of PLAINTIFFS' Complaint consists entirely of legal conclusions, to

10  which no response is required.  To the extent a response is required, DOBBAS lacks sufficient

11  knowledge or information to form a belief regarding the allegations contained within Paragraph

12  42 of PLAINTIFFS' Complaint and on that basis denies, generally and specifically, each and

13  every allegation.

14      43.     Paragraph 43 of PLAINTIFFS' Complaint consists entirely of legal conclusions, to

15  which no response is required.  To the extent a response is required, DOBBAS denies that it is

16  jointly and severally liable, without regard to fault, under section 107(a) of CERCLA, 42 U.S.C.

17  section 9607(a), for any of PLAINTIFFS' costs.  DOBBAS lacks sufficient knowledge or

18  information to form a belief regarding the remaining allegations contained within Paragraph 43 of

19  PLAINTIFFS' Complaint and on that basis denies, generally and specifically, each and every

20  allegation.

## IX.     SECOND CLAIM FOR RELIEF

**(Declaratory Relief Pursuant to Section 113(g)(2) of CERCLA, 42 U.S.C. § 9613(g)(2))**

23      44.     In answer to Paragraph 44 of PLAINTIFFS' Complaint, DOBBAS realleges and

24  incorporates by reference its answers to paragraphs 1 through 43, inclusive.

25      45.     Paragraph 45 of PLAINTIFFS' Complaint consists entirely of legal conclusions, to

26  which no response is required.  To the extent a response is required, DOBBAS denies that

27  PLAINTIFF is entitled to a declaratory judgment that DOBBAS is jointly and severally liable in

28  any subsequent action or actions by the PLAINTIFFS to recover any further costs.  DOBBAS

1    lacks sufficient knowledge or information to form a belief regarding the remaining allegations

2    contained within Paragraph 45 of PLAINTIFFS' Complaint and on that basis denies, generally

3    and specifically, each and every allegation.

4                          **X.      THIRD CLAIM FOR RELIEF**

5    **(Failure and Refusal to Comply with Imminent or Substantial Determination
      Order and Remedial Action Order – California Health and Safety Code**

6    **Sections 325355.5, 25358.3, 25359, 25359.2, 25367)**

7        46.    In answer to Paragraph 46 of PLAINTIFFS' Complaint, DOBBAS realleges and

8    incorporates by reference its answers to paragraphs 1 through 45, inclusive.

9        47.    Paragraph 47 of PLAINTIFFS' Complaint consists entirely of legal conclusions, to

10   which no response is required.  To the extent a response is required, DOBBAS lacks sufficient

11   knowledge or information to form a belief regarding the allegations contained within Paragraph

12   47 of PLAINTIFFS' Complaint and on that basis denies, generally and specifically, each and

13   every allegation.

14       48.    Paragraph 48 of PLAINTIFFS' Complaint consists entirely of legal conclusions, to

15   which no response is required.  To the extent a response is required, DOBBAS denies each and

16   every allegation contained in Paragraph 48 that characterizes California Health and Safety Code

17   section 25358.3(f) on the grounds that the statute speaks for itself.

18       49.    Paragraph 49 of PLAINTIFFS' Complaint consists entirely of legal conclusions, to

19   which no response is required.  To the extent a response is required, DOBBAS denies each and

20   every allegation contained in Paragraph 49 that characterizes California Health and Safety Code

21   section 25359(a) on the grounds that the statute speaks for itself.

22       50.    Paragraph 50 of PLAINTIFFS' Complaint consists entirely of legal conclusions, to

23   which no response is required.  To the extent a response is required, DOBBAS denies each and

24   every allegation contained in Paragraph 50 that characterizes California Health and Safety Code

25   section 25359.2 on the grounds that the statute speaks for itself.

26       51.    Paragraph 51 of PLAINTIFFS' Complaint consists entirely of legal conclusions, to

27   which no response is required.  To the extent a response is required, DOBBAS denies each and

28   / / /

1  every allegation contained in Paragraph 51 that characterizes California Health and Safety Code

2  section 25367(c) on the grounds that the statute speaks for itself.

3       52.     In answer to Paragraph 52 of PLAINTIFFS' Complaint, DOBBAS denies that it

4  failed and refused, without sufficient cause, to comply with the Imminent or Substantial

5  Endangerment Determination Order and Remedial Action Order.   DOBBAS lacks sufficient

6  knowledge or information to form a belief regarding the remaining allegations contained within

7  Paragraph 52 of PLAINTIFFS' Complaint and on that basis denies, generally and specifically,

8  each and every allegation.

9       53.     In answer to Paragraph 53 of PLAINTIFFS' Complaint, DOBBAS lacks sufficient

10  knowledge or information to form a belief regarding the allegations contained within Paragraph

11  53 of PLAINTIFFS' Complaint and on that basis denies, generally and specifically, each and

12  every allegation.

13       54.     In answer to Paragraph 54 of PLAINTIFFS' Complaint, DOBBAS lacks sufficient

14  knowledge or information to form a belief regarding the allegations contained within Paragraph

15  54 of PLAINTIFFS' Complaint and on that basis denies, generally and specifically, each and

16  every allegation.

17                 **XI.     AFFIRMATIVE DEFENSES**

18       DOBBAS alleges the following affirmative defenses to PLAINTIFFS' Complaint:

19                 **FIRST AFFIRMATIVE DEFENSE**

20                 **(Failure to State a Claim)**

21       1.     The Complaint fails to state any claim against DOBBAS upon which relief can be

22  granted.

23                 **SECOND AFFIRMATIVE DEFENSE**

24                 **(Not a Responsible Party)**

25       2.     DOBBAS is not a "covered person," "responsible party," "potentially responsible

26  party," or "liable person" within the meaning of CERCLA section 107(a), 42 U.S.C. section

27  9607(a) or California Health and Safety Code section 25323.5(a).

28  / / /

**THIRD AFFIRMATIVE DEFENSE**

**(Act of God)**

3.      Any release or threatened release of a hazardous substance, any damages allegedly resulting therefrom, and any response costs or expenditures allegedly incurred as a result thereof, were caused in whole or in part by an act or acts of God.

**FOURTH AFFIRMATIVE DEFENSE**

**(Acts of Omissions of Others)**

4.      Any release or threatened release of a hazardous substance, any damages allegedly resulting therefrom, and any response costs or expenditures allegedly incurred as a result thereof, were caused in whole or in part by acts or omissions of other defendants in this action or of third parties, other than an employee or agent of, or one whose act or omission occurred in connection with a contractual relationship with, DOBBAS.  DOBBAS exercised due care with respect to any hazardous substance, taking into consideration the characteristics of such hazardous substance, in light of all relevant facts and circumstances, and took precautions against foreseeable acts or omissions of such third parties and the consequences that could foreseeably result from such acts or omissions.

**FIFTH AFFIRMATIVE DEFENSE**

**(Unrecoverable Costs)**

5.      Some or all of the costs alleged in the Complaint do not constitute response costs within the meaning of CERCLA section 101(25), 42 U.S.C. section 9601(25), do not constitute removal or remedial costs within the meaning of CERCLA sections 101(23) and 101(24), 42 U.S.C. sections 9601(23) and 9601(24), and are unreasonable, unnecessary, and inconsistent with the National Contingency Plan.  Such costs, therefore, are unrecoverable.

**SIXTH AFFIRMATIVE DEFENSE**

**(Future Costs Not Recoverable)**

6.      PLAINTIFFS cannot recover future costs, if any, under CERCLA section 107(a)(4), 42 U.S.C. section 9607(a)(4).

/ / /

1      **SEVENTH AFFIRMATIVE DEFENSE**

2      **(Innocent Party)**

3          7.      DOBBAS is an innocent party pursuant to CERCLA section 101(35)(A), 42 U.S.C.

4      section 9601(35)(A).

5      **EIGHTH AFFIRMATIVE DEFENSE**

6      **(Statute of Limitations)**

7          8.      Each claim for relief in the Complaint is barred by the applicable statutes of

8      limitations, including but not limited to, CERCLA section 113(g), 42 U.S.C. section 9613(g),

9      California Health and Safety Code section 25360.4, and California Code of Civil Procedure section

10     338.

11     **NINETH AFFIRMATIVE DEFENSE**

12     **(Lack of Causation)**

13         9.      No act or omission by DOBBAS, or by any person or entity for which DOBBAS is or

14     was responsible, is the cause in fact or proximate cause of any costs or damages alleged in the

15     Complaint.

16     **TENTH AFFIRMATIVE DEFENSE**

17     **(Divisibility and Apportionment)**

18         10.     If DOBBAS is judged liable, which liability DOBBAS denies, for any contamination,

19     condition, or harm alleged in the Complaint, such contamination, condition, and/or harm is divisible and

20     DOBBAS is not jointly and severally liable.

21     **ELEVENTH AFFIRMATIVE DEFENSE**

22     **(Ripeness)**

23         11.     PLAINTIFFS' claims for relief are not ripe.

24     **TWELFTH AFFIRMATIVE DEFENSE**

25     **(No Standing)**

26         12.     PLAINTIFFS do not have standing to bring an action against DOBBAS under

27     applicable law, including, but not limited to CERCLA section 107, 42 U.S.C. section 9607.

28     / / /

00015488.1                              -12-

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(Money Damages Adequate)**

13.     Declaratory relief is not appropriate for some or all of the allegations contained in the Complaint because, if PLAINTIFFS are entitled to a remedy, which DOBBAS denies, money damages would be an adequate remedy.

**FOURTEENTH AFFIRMATIVE DEFENSE**

**(No Liability for Others' Releases)**

14.     If DOBBAS is deemed liable for any of PLAINTIFFS' response costs, which DOBBAS denies, DOBBAS is not liable for any costs that were not incurred as a direct result of hazardous substance releases by DOBBAS.

**FIFTEENTH AFFIRMATIVE DEFENSE**

**(Offset)**

15.     If PLAINTIFFS are held entitled to recover any costs or damages against DOBBAS, which entitlement DOBBAS denies, such recovery must be reduced by the greater of (1) any amount previously obtained by PLAINTIFFS for any harms alleged in the Complaint, or (2) the equitable share of the liability of any person or entity from which PLAINTIFFS previously received payment, whether by direct payment, offset or otherwise, for the harms alleged in the Complaint.

**SIXTEENTH AFFIRMATIVE DEFENSE**

**(Joint and Several Liability Improper)**

16.     The Complaint fails to state a claim or set forth facts sufficient to support a finding that DOBBAS should be held jointly and severally liable for any harm or damages alleged in the Complaint.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

**(Subject Matter Jurisdiction)**

17.     The Court lacks subject matter jurisdiction to consider PLAINTIFFS' Complaint and each cause of action therein.

/ / /

00015488.1

-13-

**EIGHTEENTH AFFIRMATIVE DEFENSE**

**(Lack of Control)**

18.     The discharges referred to in PLAINTIFFS' Complaint, if any, were caused by acts or omissions of entities or persons other than DOBBAS and over whom DOBBAS had no control.

**NINETEENTH AFFIRMATIVE DEFENSE**

**(Independent, Intervening, and/or Superseding Claims)**

19.     Any act or omission of DOBBAS was not a substantial factor in bringing about PLAINTIFFS' alleged injuries and was not a contributing cause thereof.   If PLAINTIFFS sustained losses or injuries, such losses or injuries were the result of independent, intervening, or superseding forces and/or actions or omissions of third parties over which DOBBAS had no control and did not in any way participate in and for which DOBBAS is not liable.

**TWENTIETH AFFIRMATIVE DEFENSE**

**(No Declaratory Relief)**

20.     PLAINTIFFS are not entitled to declaratory relief against DOBBAS and such claims are not ripe for adjudication.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

**(Preemption)**

21.     PLAINTIFFS' claims and/or the remedies PLAINTIFFS seek are preempted, in whole or in part, by state and/or federal law.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

**(Uncertainty)**

22.     The Complaint and each purported cause of action contained therein, is uncertain as to the wrongful acts of DOBBAS.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

**(Failure to Plead with Sufficient Particularity/Reservation of Rights)**

23.     PLAINTIFFS do not describe their factual allegations or claims for relief with sufficient particularity to allow DOBBAS to ascertain what other affirmative defenses may exist,

1  and DOBBAS therefore reserves the right to assert all affirmative defenses which may pertain to

2  PLAINTIFFS' Complaint once the precise nature of the factual allegations and claims for relief is

3  ascertained.   DOBBAS also reserves the right to assert all other defenses that arise through

4  discovery, at trial, or otherwise.

5  **XII.   PRAYER FOR RELIEF**

6  WHEREFORE, DOBBAS prays for judgment as follows:

7  1.      That this matter be tried before a jury;

8  2.      That PLAINTIFFS take nothing by way of their Complaint against DOBBAS;

9  3.      That judgment be entered in favor of DOBBAS and the PLAINTIFFS' Complaint

10  be dismissed with prejudice;

11  4.      That in the event DOBBAS is deemed liable to PLAINTIFFS in any manner, that

12  such liability be apportioned among all parties, including PLAINTIFFS, proportionate to each

13  party's degree of fault; and

14  5.      That the Court grant such other and further relief as it may deem just and proper.

15

16  Dated: December 24, 2014                KING WILLIAMS & GLEASON LLP

17

18  By:_____*/s/ Nicole R. Gleason*_____

19  Jennifer Hartman King
   Nicole R. Gleason
   Louinda V. Lacey

20

21  Attorneys for Defendant JIM DOBBAS, INC.

22

23

24

25

26

27

28

00015488.1                          -15-

1

**DEMAND FOR JURY TRIAL**

2

3        Defendant Jim Dobbas, Inc. hereby requests a jury trial on all issues raised in this answer

4    to Plaintiffs' Complaint.

5

    Dated: December 24, 2014                    KING WILLIAMS & GLEASON LLP

6

7

                                                By:_____*/s/ Nicole R. Gleason*_____
8                                                   Jennifer Hartman King
                                                    Nicole R. Gleason
9                                                   Louinda v. Lacey

10                                              Attorneys for Defendant JIM DOBBAS, INC.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ANSWER OF JIM DOBBAS, INC. TO DTSC'S FIRST AMENDED COMPLAINT
2:14-cv-00595-WBS-EFB