JENNIFER HARTMAN KING (Bar No. 211313)
NICOLE R. GLEASON (Bar No. 199655)
LOUINDA V. LACEY (Bar No. 275888)
KING WILLIAMS & GLEASON LLP
520 Capitol Mall, Suite 750
Sacramento, CA  95814
Telephone:     (916) 379-7530
Facsimile:      (916) 379-7535
jhartmanking@kwgattorneys.com
ngleason@kwgattorneys.com
llacey@kwgattorneys.com

Attorneys for Defendant Jim Dobbas, Inc.

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| CALIFORNIA DEPARTMENT OF TOXIC SUBSTANCES CONTROL and the TOXIC SUBSTANCES CONTROL ACCOUNT,<br><br>Plaintiffs,<br><br>v.<br><br>JIM DOBBAS, INC., a California corporation; CONTINENTAL RAIL, INC., a Delaware corporation; DAVID VAN OVER, individually; PACIFIC WOOD PRESERVING, a dissolved California corporation; and WEST COAST WOOD PRESERVING, LLC, a Nevada limited liability company,<br><br>Defendants,<br><br>AND RELATED CROSSCLAIMS AND COUNTERCLAIMS. | Case No.:  2:14-cv-00595-WBS-EFB<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT, CROSS-COMPLAINANT, AND CROSS-DEFENDANT JIM DOBBAS, INC.'S MOTION FOR LEAVE TO FILE ITS FIRST AMENDED CROSS-CLAIM**<br><br>Date:  **February 9, 2015**<br>Time:  **2:00 p.m.**<br>Place:  Courtroom 5, 14th Floor<br>           Robert T. Matsui United States<br>           Courthouse<br>           501 I Street<br>           Sacramento, CA  95814<br><br>Action filed:  March 3, 2014 |

00015569.2

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF JIM DOBBAS, INC.'S MOTION FOR LEAVE TO FILE ITS FIRST AMENDED CROSS-CLAIM
2:14-cv-00595-WBS-EFB

## I. INTRODUCTION

On November 14, 2014, Plaintiffs, the California Department of Toxic Substances Control and the Toxic Substances Control Account (collectively, "Plaintiffs"), requested leave to file their First Amended Complaint ("FAC") to add Collins & Aikman Products, LLC ("C&A Products LLC") as a Defendant in this litigation ("Plaintiffs' Motion for Leave").  None of the Defendants who had appeared in the litigation objected, and this Court granted Plaintiffs' request for relief on December 10, 2014.  Defendant, Cross-Complainant, and Cross-Defendant Jim Dobbas, Inc. ("Dobbas") now seeks leave to file its First Amended Cross-Claim ("FACC") to add C&A Products LLC, formerly known as Collins & Aikman Products Co., as a Cross-Defendant.  The cross-claims against C&A Products LLC are brought for the sole purpose of establishing its liability with respect to those claims, in order to pursue potential insurance proceeds.  The remaining revisions in the proposed FACC are typographical corrections and/or to clarify Dobbas' claims and allegations against the remaining Cross-Defendants.

Dobbas brings this motion in good faith and in compliance with the Court's December 31, 2014, deadline to move to amend the pleadings.  The allegations and claims contained in the proposed FACC arise from the same nucleus of operative facts and relate to the same property as the allegations in Plaintiffs' FAC, which will serve the interests of justice and promote judicial economy by resolving the related claims in one action.  Because there is no evidence of undue delay, bad faith, or dilatory motive by Dobbas, and because the proposed FACC would not prejudice any other party or be futile, Dobbas respectfully requests that the Court grant this motion.

## II. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs filed their Complaint on March 3, 2014, against Defendants Dobbas, Continental Rail, Inc. ("CRI"), David van Over ("Van Over"), Pacific Wood Preserving ("PWP"), and West Coast Wood Preserving, LLC ("WCWP") (collectively, "Defendants"). (Docket No. 1.)  The Complaint asserts claims for relief under, *inter alia*, the Comprehensive Environmental Response, Compensation, and Liability Act of 1980 ("CERCLA"), 42 U.S.C. §§ 9601 et seq., and the Carpenter-Presley-Tanner Hazardous Substance Account Act ("HSAA"), Cal. Health &

1 Saf. Code §§ 25300 et seq., relating to Plaintiffs' alleged costs incurred in response to the release and/or threatened release of hazardous substances into the environment at or from 147 A Street, Elmira, Solano County, California (the "Site"). (Compl. ¶¶ 33-50.) Only Defendants Dobbas, Van Over, and WCWP have appeared in this litigation. (Docket Nos. 22, 23, 24.) Plaintiffs received default judgments against CRI and PWP. (Docket Nos. 18, 19.)

The parties requested that the Court set a deadline of December 31, 2014, for any party to move to join additional parties or to amend its pleadings. (Docket No. 15 at 4:24-25.) The Court's Scheduling Order dated June 2, 2014, states that no further joinder of parties or amendments to pleadings would be allowed after December 31, 2014, except with leave of Court for good cause shown under Federal Rule of Civil Procedure 16(b). (Docket No. 20 at 2:7-12.)

Plaintiffs did not name C&A Products LLC, a cancelled company under Delaware law, as a Defendant in its original Complaint, because they were unaware of any applicable insurance coverage. (See Docket No. 15 at 4:20-23.) However, on November 14, 2014, after locating potential insurance coverage, Plaintiffs moved to amend their Complaint to add C&A Products LLC as a Defendant. (Docket No. 68.) Prior to the Court's ruling on Plaintiffs' Motion for Leave, Plaintiffs advised the Court that the Delaware Court of Chancery had appointed a receiver for C&A Products LLC under Delaware law, ensuring the company has capacity to be sued in this case. (Docket No. 73.) None of the Defendants opposed the requested relief, and the Court granted Plaintiffs' Motion for Leave on December 10, 2014. (Docket No. 75.) Plaintiffs filed their FAC on December 11, 2014. (Docket No. 77.)

### III.   LEGAL AUTHORITY

Rule 15(a) of the Federal Rules of Civil Procedure ("FRCP") governs a party's right to amend its pleadings. The rule provides that after the time to amend a pleading once as a matter of course has passed, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The provision in Rule 15(a) that leave to amend should be given freely "evinces a bias in favor of granting leave to amend." Jones v. Robinson Prop. Group, LP, 427 F.3d 987, 994 (5th Cir. 2005) (citation and internal quotation marks omitted).

Denial of a party's request to amend its pleadings is proper only in those limited circumstances where "there is strong evidence of 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment, etc.'" Sonoma County Ass'n of Retired Employees v. Sonoma County, 708 F.3d 1109, 1117 (9th Cir. 2013) (quoting Foman v. Davis, 83 S.Ct. 227, 230 (1962)). Accordingly, "unless a substantial reason exists to deny leave to amend, the discretion of the district court is not broad enough to permit denial." Shipner v. Eastern Air Lines, Inc., 868 F.2d 401, 407 (11th Cir. 1989).

## IV.   ARGUMENT

### A.   Dobbas' Request For Leave To Amend Is Made In Good Faith

Dobbas timely filed its Cross-claim against Cross-Defendants CRI, Van Over, PWP, and WCWP in this litigation on June 10, 2014. (Docket Nos. 23-4, 5.) At that time, Dobbas did not include C&A Products LLC (converted from Collins & Aikman Products Co.) as a Cross-Defendant because: (1) Dobbas believed that Collins & Aikman Products Co. was subject to an order confirming its Chapter 11 bankruptcy in or around July 18, 2007 (and Collins & Aikman Products Co. was converted into C&A Products LLC in or around December 6, 2007, as a result); (2) Dobbas believed that C&A Products LLC was a cancelled company under Delaware law; (3) Plaintiffs were unaware of any potential applicable insurance coverage for C&A Products LLC relating to this litigation (see Docket No. 15 at 4:20-23); and (4) Dobbas had no knowledge of or access to the insurance information for C&A Products LLC (or Collins & Aikman Products Co.) until the filing of Plaintiffs' Motion for Leave. (Declaration of Jennifer Hartman King ("King Decl.") ¶ 3.)

Based on the new information obtained from Plaintiffs' Motion for Leave, notice that a receiver has been appointed on behalf of C&A Products LLC under Delaware law, and this Court's subsequent order allowing Plaintiffs to add C&A Products LLC as a Defendant in this case, Dobbas now requests leave to file its FACC to assert its claims and allegations against C&A Products LLC. (King Decl. ¶ 4.) Dobbas' cross-claims against C&A Products LLC all arise

from the same nucleus of operative facts as Plaintiffs' claims and relate to the same property, i.e., the Site. Thus, it will serve the interests of justice and promote judicial economy to achieve full resolution of those related claims in tandem with Plaintiffs' claims in a single action.

Indeed, eight of the eleven proposed cross-claims against C&A Products LLC are existing cross-claims asserted against the other Cross-Defendants in response to Plaintiffs' claims. (King Decl. Ex. A ¶¶ 14-54 (redline of proposed FACC.)  The three proposed additional cross-claims for breach of contract, express indemnity, and declaratory relief re: duty to defend, were added based on C&A Products LLC's breach of its contractual obligations relating to the work it was required to perform at the Site. (King Decl. Ex. B ¶¶ 63-87 (proposed FACC).)  Accordingly, all of the proposed cross-claims against C&A Products LLC are properly brought in this action. Naming C&A Products LLC as a Cross-Defendant in this action is the first step in pursuing any applicable insurance coverage for the claims against this entity. (King Decl. ¶ 5.)

Additionally, in light of the Court's December 31, 2014, deadline, Dobbas has taken this opportunity to make some typographical revisions in its FACC for consistency purposes, and to clarify its allegations and claims against the Cross-Defendants. (King Decl. ¶ 6.)  For example, while Dobbas previously detailed Cross-Defendant Van Over's indemnity and defense obligations relating to this litigation in the ninth cross-claim for breach of contract, Dobbas now adds two cross-claims (for express indemnity and declaratory relief re: duty to defend) to the proposed FACC to facilitate complete adjudication of those related current and future obligations. (See King Decl. ¶ 7, Ex. B ¶¶ 75-87 (proposed FACC).)

**B.      Dobbas' Cross-claims Against C&A Products LLC Comport With Federal Law**

**1.      The Cross-claims In The FACC Substantively Comport With FRCP, Rule 13(g)**

A cross-claim may be brought against any co-party, if the cross-claim: (1) arises out of the transaction or occurrence that is the subject matter of the original action; (2) arises out of the transaction or occurrence that is the subject matter of a counterclaim; or (3) relates to property that is the subject matter of the original action. Fed. R. Civ. P. 13(g).  Here, it is undisputed that C&A Products LLC is a co-party in this action, because both C&A Products LLC and Dobbas are named Defendants in Plaintiffs' FAC. (See Docket No. 77.)  Dobbas' proposed cross-claims

against C&A Products LLC also satisfy the remaining requirements of FRCP Rule 13(g), as explained below.

In its FAC, Plaintiffs state the following allegations to support their claims against C&A Products LLC:

- C&A Products LLC was formed as a conversion of Collins & Aikman Products Co., which was the successor to Collins & Aikman Group, Inc. Collins & Aikman Group, Inc. was formerly known as Wickes Companies, Inc., and before that, The Wickes Corporation (hereinafter, "Wickes"). (First Am. Compl. ¶ 26.)
- Between 1979 and 1997, the predecessor companies to C&A Products LLC (identified above) owned and operated the Site, and conducted wood preserving operations there from 1979 to about 1982. (Id. ¶¶ 12-19, 26, Ex. D.)
- During that ownership and operation, those predecessor companies were responsible for releases of hazardous substances at the Site and emanating from the Site to surrounding properties, resulting in C&A Products LLC's CERCLA liability for Plaintiffs' costs to assess and clean up the Site. (Id. ¶¶ 18, 37-45, Ex. D.)

Plaintiffs' claims against Dobbas similarly arise out of allegations relating to the recovery of costs purportedly required to cleanup the contamination that forms the basis of their FAC. (See id. ¶¶ 37-54, Ex. D.) While Dobbas denies any and all liability for Plaintiffs' claims, Dobbas incorporates Plaintiffs' allegations into its proposed FACC to support its claims against each Cross-Defendant. (King Decl. Ex. B ¶¶ 10-11 (proposed FACC).)

The first cross-claim through the eighth cross-claim asserted against C&A Products LLC in the proposed FACC are the same cross-claims asserted against the remaining Cross-Defendants, and substantively remain unchanged. (See King Decl. ¶ 8, Ex. A ¶¶ 14-54 (redline showing changes in the proposed FACC).) Each of those cross-claims states a claim for affirmative relief against each Cross-Defendant. Jones v. Illinois Dept. of Rehab. Services, 689 F.2d 724, 733 (7th Cir. 1982).

The CERCLA, HSAA, and equitable indemnity claims in the first, second, third, fourth, and eighth cross-claims are permissible claims that are contingent upon adjudication of the

allegations set forth in the main action (i.e., Plaintiffs' claims). <u>Atlantic Aviation Co. v. Estate of Costas</u>, 332 F.Supp. 1002 (E.D. N.Y. 1971). In other words, to the extent Plaintiffs can prove its allegations against Dobbas and the Cross-Defendants under their CERCLA and HSAA claims, Dobbas is entitled to pursue recovery against those co-parties who may be liable to Dobbas for all or part of Plaintiffs' claims against Dobbas. Fed. R. Civ. P. 13(g). The remaining existing cross-claims also arise out of the same alleged contamination at and from the Site, as set forth in Plaintiffs' FAC (i.e., the negligence and public nuisance cross-claims), which satisfy the requirements under FRCP Rule 13(g).

The three new proposed cross-claims set forth in the tenth cross-claim through the twelfth cross-claim for breach of contract, express indemnity, and declaratory relief re: duty to defend against C&A Products LLC arise from the written contracts between Dobbas and C&A Products LLC's predecessor-in-interest Collins & Aikman Products Co, as detailed in the proposed FACC (See King Decl. Ex. B ¶¶ 63-87 (proposed FACC).) In a nutshell, C&A Products LLC breached its contractual obligations to perform certain remediation, mitigation, inspection, testing, sampling, monitoring, and reporting requirements with regard to the contamination that forms the basis of Plaintiffs' claims. (<u>Id</u>.) C&A Products LLC has also breached its obligations to defend and indemnify Dobbas with respect to Plaintiffs' claims arising from the alleged contamination. (<u>Id</u>.) Because these claims arise from the same nucleus of facts alleged in Plaintiffs' FAC, and relate to the same property (the Site), the tenth, eleventh, and twelfth cross-claims also satisfy the requirements under FRCP Rule 13(g).

Moreover, all of the proposed cross-claims against C&A Products LLC are consistent with the purpose of a cross-claim, i.e., to avoid multiplicity of suits and inconsistent adjudications on related claims. <u>Donovan v. Robbins</u>, 588 F.Supp. 1268, 1273 (N.D. Ill. 1984) (citing <u>Providential Development Co. v. United States Steel Co.</u>, 236 F.2d 277, 281 (10th Cir. 1956)) (cross-claims are "intended to promote the expeditious and economical adjudication of an entire subject matter arising from the same set of facts within a single action"). Therefore, Dobbas respectfully submits that its motion for leave to file its FACC should be granted.

/ / /

### 2. C&A Products LLC Has Capacity To Be Sued In This Court

C&A Products LLC is now a named Defendant in this litigation.  (See Docket No. 77.) Plaintiffs have provided proof to this Court that C&A Products LLC has the capacity to be sued in this case by submitting an order indicating that the Delaware Court of Chancery has appointed a receiver for C&A Products LLC under Delaware law.  (Docket No. 73.)  Accordingly, Dobbas may pursue its cross-claims against C&A Products LLC in this action and in this Court.

### 3. Dobbas Is Entitled To Pursue Its Claims To Collect Insurance Proceeds

Dobbas is informed and believes that Collins & Aikman Products Co. filed for Chapter 11 bankruptcy on or around May 17, 2005, and that the United States Bankruptcy Court for the Eastern District of Michigan entered its "Order Confirming First Amended Joint Plan of Collins & Aikman Corporation and Its Debtor Subsidiaries" relating to the bankruptcy on or around July 18, 2007.  Dobbas' cross-claims against C&A Products LLC are expressly asserted solely for purposes of establishing C&A Products LLC's liability, in order to recover any available insurance proceeds.  (See King Decl. Ex. B ¶ 9 (proposed FACC).)  Dobbas' cross-claims are consistent with the Ninth Circuit's decision in *In re Beeney*, 142 B.R. 360 (9th Cir. B.A.P. 1992).

In that case, the Ninth Circuit explained that the bankruptcy laws are intended to shield the debtor from personal liability for certain future claims.  Id. at 362.  The Court further explained that neither the bankruptcy laws nor public policy prevents an individual from pursuing collection efforts against other entities, such as insurance companies.  Id.; see also Cal. Ins. Code § 11580.  In this regard, so long as the person asserting the claims against the bankrupt person/entity will seek to enforce any resulting judgment against a person/entity other than the debtor, the claims are viable.  Id. at 362-363.  Therefore, the party asserting the claims against the bankrupt person/entity need not seek to reopen the bankruptcy case to pursue its claims.  Id. at 363-364.

Importantly, even if the Chapter 11 bankruptcy order contemplated the release of claims against potential insurance proceeds, the Ninth Circuit has rejected such a construction.  The Ninth Circuit has determined that bankruptcy courts cannot discharge the liabilities of a non-

debtor as part of a reorganization plan. In re Lowenschuss, 67 F.3d 1394, 1401-1402 (9th Cir. 1995). Therefore, Dobbas' claims against C&A Products LLC for purposes of securing insurance proceeds should be allowed to proceed.

### C. Dobbas' Remaining Proposed Revisions Are Typographical Or For Clarification

The remainders of Dobbas' proposed revisions in the FACC are typographical in nature and/or clarify its claims against the Cross-Defendants. The only pertinent substantive change in terms of allegations is with regard to Cross-Defendant Van Over.

The ninth cross-claim in Dobbas' Crossclaim sets forth Cross-Defendant Van Over's contractual obligations, the breach of which gives rise to the breach of contract claim. (See Dobbas' Cross-cl. at ¶¶ 54-61.) Due to the addition of the cross-claims relating to C&A Products LLC, however, Dobbas intends to clarify its claims with respect to express indemnity and duty to defend obligations. Accordingly, Dobbas broke out the eleventh cross-claim (express indemnity) and the twelfth cross-claim (declaratory relief re: duty to defend) to facilitate complete adjudication of the obligations underlying these claims. Because Cross-Defendant Van Over owes Dobbas obligations with respect to express indemnity and duty to defend in response to Plaintiffs' claims, Dobbas asserts those express claims against Cross-Defendant Van Over in the added cross-claims. The remainder of the proposed revisions are reflected in Exhibit A to the Declaration of Jennifer Hartman King in support of this motion, detailing the revisions in redline format.

### 4. None of the Limited Circumstances Warranting Denial of the Motion Exists

Dobbas' motion for leave to file its FACC should be granted because none of the limited circumstances warranting denial of its motion exist. Specifically:

- To date, no discovery has been served on Dobbas and there are no pending motions by or against Dobbas in this litigation. (King Decl. ¶ 9.) Therefore, no party can claim prejudice with respect to allowing Dobbas to file its FACC. Each and every party to this action has the opportunity to present its facts or evidence with respect to the FACC.

///

- Allowing Dobbas to file its FACC would be in the interests of justice because a judgment against C&A Products LLC is necessary before Dobbas can pursue a direct action against C&A Products LLC's insurers. Cal. Ins. Code § 11580(b)(2); <u>Royal Indem. Co. v. United Enterprises, Inc.</u>, 162 Cal.App.4th 194, 205 (2008).
- There is no evidence that Dobbas delayed its filing of this motion, or that it brought this motion in bad faith or with a dilatory motive. Indeed, Dobbas is filing this motion consistent with the Court's December 31, 2014, deadline, and the motion is based on new information gleaned from Plaintiffs' recent filings.
- The proposed amendments would not be futile because Plaintiffs have identified potential insurance coverage relating to this action. As explained above, Dobbas is entitled to pursue its claims against C&A Products LLC for purposes of securing such applicable insurance proceeds.

Based on the foregoing, Dobbas does not anticipate an objection by any party in this action to the proposed filing of the FACC.

## V.   CONCLUSION

In accordance with the arguments outlined herein, Dobbas respectfully requests leave from the Court to file its proposed FACC.

Dated: December 31, 2014                    KING WILLIAMS & GLEASON LLP


By: */s/ Jennifer Hartman King*
    Jennifer Hartman King
    Nicole R. Gleason
    Louinda v. Lacey

Attorneys for Defendant JIM DOBBAS, INC.