JENNIFER HARTMAN KING (Bar No. 211313)
NICOLE R. GLEASON (Bar No. 199655)
LOUINDA V. LACEY (Bar No. 275888)
KING WILLIAMS & GLEASON LLP
520 Capitol Mall, Suite 750
Sacramento, CA  95814
Telephone:    (916) 379-7530
Facsimile:     (916) 379-7535
jhartmanking@kwgattorneys.com
ngleason@kwgattorneys.com
llacey@kwgattorneys.com

Attorneys for Defendant Jim Dobbas, Inc.

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| CALIFORNIA DEPARTMENT OF TOXIC SUBSTANCES CONTROL and the TOXIC SUBSTANCES CONTROL ACCOUNT,<br><br>Plaintiffs,<br><br>v.<br><br>JIM DOBBAS, INC., a California corporation; CONTINENTAL RAIL, INC., a Delaware corporation; DAVID VAN OVER, individually; PACIFIC WOOD PRESERVING, a dissolved California corporation; and WEST COAST WOOD PRESERVING, LLC, a Nevada limited liability company,<br><br>Defendants,<br><br>AND RELATED CROSSCLAIMS AND COUNTERCLAIMS. | Case No.: 2:14-cv-00595-WBS-EFB<br><br>**DECLARATION OF JENNIFER HARTMAN KING IN SUPPORT OF DEFENDANT AND CROSS-COMPLAINANT JIM DOBBAS, INC.'S MOTION FOR LEAVE TO FILE ITS FIRST AMENDED CROSS-CLAIM**<br><br>Date: **February 9, 2015**<br>Time: **2:00 p.m.**<br>Place: Courtroom 5, 14th Floor<br>Robert T. Matsui United States Courthouse<br>501 I Street<br>Sacramento, CA  95814<br><br>Action filed: March 3, 2014 |

00015560.3

I, Jennifer Hartman King, declare:

1. I am an attorney at law duly licensed to practice in the State of California. I am the Managing Partner at the law firm of King Williams & Gleason LLP, counsel of record herein for Defendant, Cross-Complainant, and Cross-Defendant Jim Dobbas, Inc. ("Dobbas").

2. This declaration is filed in support of Dobbas' Motion for Leave to File its First Amended Cross-Claim ("FACC"). Except as to those matters which are stated on information and belief, I have personal knowledge of the matters set forth in this Declaration and if called upon as a witness, I could and would competently testify thereto. As to those matters that are stated on information and belief, I believe them to be true.

3. Dobbas did not initially name Collins & Aikman Products LLC ("C&A Products LLC") to its Cross-claim because: (1) Dobbas believed that Collins & Aikman Products Co. was subject to an order confirming its Chapter 11 bankruptcy in or around July 18, 2007 (and Collins & Aikman Products Co. was converted into C&A Products LLC in or around December 6, 2007, as a result); (2) Dobbas believed C&A Products LLC was a cancelled company under Delaware law; (3) Plaintiffs asserted that they were unaware of any potential applicable insurance coverage for C&A Products LLC relating to this litigation; and (4) Dobbas had no knowledge of or access to the insurance information for C&A Products LLC (or Collins & Aikman Products Co.) until the Plaintiffs requested leave to add C&A Products LLC to their Complaint ("Plaintiffs' Motion for Leave").

4. Dobbas requests to add C&A Products LLC as a Cross-Defendant in the FACC based on the new information gleaned from Plaintiffs' Motion for Leave, notice that a receiver has been appointed on behalf of C&A Products LLC, and this Court's subsequent order allowing Plaintiffs to add C&A Products LLC as a Defendant in this case.

5. Dobbas' intent to name C&A Products LLC as a Cross-Defendant in this action is the first step in pursuing any applicable insurance coverage for the claims against this entity.

6. In addition to naming C&A Products LLC as a Cross-Defendant, the proposed FACC makes typographical corrections in some instances, and clarifies Dobbas' claims and allegations against the remaining Cross-Defendants in other instances (as reflected in Exhibit A

attached hereto).

7. Dobbas added the eleventh and twelfth cross-claims for express indemnity and declaratory relief re: duty to defend to the proposed FACC to facilitate complete adjudication of those related current and future obligations in the present action.

8. The allegations and claims in the first cross-claim through the eighth cross-claim in the proposed FACC remain substantively unchanged from how those cross-claims were pled in Dobbas' Cross-claim, except for the addition of C&A Products LLC as a Cross-Defendant (see Exhibit A attached hereto).

9. To date, no discovery has been served on Dobbas and there are no pending motions by or against Dobbas in this litigation.

10. Attached as Exhibit A is a redline showing the changes between Dobbas' Cross-claim and the FACC.

11. Attached as Exhibit B is a true and correct copy of the proposed FACC.

I declare under penalty of perjury of the laws of the State of California that the foregoing is true and correct. Executed on December 31, 2014, at Sacramento, California.

                                                     */s/ Jennifer Hartman King*
                                                    Jennifer Hartman King