# EXHIBIT A

1   JENNIFER HARTMAN KING (Bar No. 211313)
    NICOLE R. GLEASON (Bar No. 199655)
2   LOUINDA V. LACEY (Bar No. 275888)
    KING WILLIAMS & GLEASON LLP
3   520 Capitol Mall, Suite 750
    Sacramento, CA 95814
4   Telephone:    (916) 379-7530
    Facsimile:    (916) 379-7535
5   jhartmanking@kwgattorneys.com
    ngleason@kwgattorneys.com
6   llacey@kwgattorneys.com

7   Attorneys for Defendant Jim Dobbas, Inc.

8

9                   IN THE UNITED STATES DISTRICT COURT

10                 FOR THE EASTERN DISTRICT OF CALIFORNIA

11                            SACRAMENTO DIVISION

12

13   CALIFORNIA DEPARTMENT OF TOXIC          Case No.:  2:14-cv-00595-WBS-EFB
     SUBSTANCES CONTROL and the TOXIC
14   SUBSTANCES CONTROL ACCOUNT,             **JIM DOBBAS, INC.'S FIRST
                                             AMENDED CROSS-CLAIMS FOR:**
15         Plaintiffs,
                                             1. COST RECOVERY UNDER
16         v.                                   CERCLA § 107;
                                             2. CONTRIBUTION UNDER
17   JIM DOBBAS, INC., a California             CERCLA § 113(f);
     corporation; CONTINENTAL RAIL, INC., a  3. DECLARATORY RELIEF UNDER
18   Delaware corporation; DAVID VAN OVER,      CERCLA § 113(g);
     individually; PACIFIC WOOD              4. CONTRIBUTION & INDEMNITY
19   PRESERVING, a dissolved California         UNDER CALIFORNIA HEALTH
     corporation; and WEST COAST WOOD           AND SAFETY CODE SECTION
20   PRESERVING, LLC, a Nevada limited          25300 ET SEQ.;
     liability company,                      5. CONTINUING PUBLIC NUISANCE
21                                              UNDER CIVIL CODE §§ 3479 &
           Defendants.                          3480;
22                                           6. DECLARATORY RELIEF UNDER 28
                                                U.S.C. §2201;
23                                           7. NEGLIGENCE;
                                             8. EQUITABLE INDEMNITY;
24                                           9. BREACH OF CONTRACT;
                                             10. BREACH OF CONTRACT;
25                                           11. EXPRESS INDEMNITY;
                                             9.12.   DECLARATORY RELIEF RE:
26                                              DUTY TO DEFEND.
27

28

─────────────────────────────────────
00015554.4

JIM DOBBAS, INC.'S FIRST AMENDED CROSS-CLAIM TO PLAINTIFFS' COMPLAINT
2:14-cv-00595-WBS-EFB

KING WILLIAMS & GLEASON LLP
520 CAPITOL MALL, SUITE 750
SACRAMENTO, CA 95814
TELEPHONE: (916) 379-7530 FAX: (916)379-7535

| | |
|---|---|
| 1<br>2 | JIM DOBBAS, INC., a California<br>corporation, | [~~FILED CONCURRENTLY WITH ANSWER TO~~<br>~~COMPLAINT AND~~ DEMAND FOR JURY TRIAL] |
| 3 | Cross-Claimant, | Action filed: March 3, 2014 |
| 4 | v. | |
| 5 | CONTINENTAL RAIL, INC., a Delaware<br>corporation; DAVID VAN OVER, | |
| 6 | individually; PACIFIC WOOD<br>PRESERVING, a dissolved California | |
| 7 | corporation,~~; and~~ WEST COAST WOOD<br>PRESERVING, LLC, a Nevada limited | |
| 8 | liability company; and COLLINS &<br>AIKMAN PRODUCTS, LLC, a Delaware<br>limited liability company, | |
| 9 | | |
| 10 | Cross-Defendants. | |

Defendant, ~~and C~~cross-~~C~~claimant, and Cross-Defendant Jim Dobbas, Inc. ("DOBBAS")

hereby files its First Amended ~~C~~cross-claim~~s~~ against Defendants, Continental Rail, Inc., David

van Over, Pacific Wood Preserving, ~~and~~ West Coast Wood Preserving, LLC, and Collins &

Aikman Products, LLC (collectively, "CROSS-DEFENDANTS").   DOBBAS makes the

following allegations upon information and belief as to all matters, other than those allegations

specifically referring to DOBBAS, which it makes based upon its own knowledge:

## I.   JURISDICTION

1.    The Court has jurisdiction over these cross-claims pursuant to 28 United States

Code ("U.S.C.") section 1331, and 42 U.S.C. section 9613(b).   The Court has supplemental

jurisdiction pursuant to 28 U.S.C. section 1367, because the claims brought under California state

law arise from the same nucleus of operative facts.

## II.   VENUE

2.    Venue is proper in this district pursuant to 28 U.S.C. 1391(b) and 42 U.S.C.

section 9613(b) because the alleged acts and omissions relate to the alleged hazardous substances

releases giving rise to the claims asserted in ~~the Plaintiffs',~~ the ~~California Department of Toxic~~

~~Substances Control ("DTSC") and the Toxic Substances Control Account,~~ First Amended

Complaint for Recovery of Response Costs; Declaratory Relief; Injunctive Relief; Treble

Damages; and Civil Penalties ~~("Complaint")~~ on file herein and any and all subsequent

00015554.4

1   amendments relating thereto ("Complaint") filed by California Department of Toxic Substances
2   Control ("DTSC") and the Toxic Substances Control Account (collectively, "Plaintiffs"), and
3   relate to the real property located at or near 147 A Street, Elmira, Solano County, California
4   ("Site").

### III.   DEMAND FOR JURY TRIAL

6       3.       Cross-Celaimant, DOBBAS, hereby demands trial by jury in this action.

### IV.   PARTIES

8       4.       Defendant and Ceross-Celaimant, DOBBAS, is a privately held California
9   Corporation, located in the County of Placer, in the State of California.

10      5.       Cross-Ddefendant, Continental Rail, Inc. ("CRI") is a Delaware corporation.  CRI
11  owned an interest in the Site from in or about 1997, to in or about 2011.

12      6.       Cross-Ddefendant, David van Over ("Van Over") is a citizen of California residing
13  in Solano County, California.  Van Over currently owns and operates the Site.

14      7.       Cross-Ddefendant, Pacific Wood Preserving ("PWP") is a dissolved California
15  corporation.  It conducted business operations at the Site from in or about 1972 to in or about
16  1979, and owned it from in or about 1977 to in or about 1979.

17      8.       Cross-Ddefendant, West Coast Wood Preserving, LLC ("West Coast Wood") is a
18  Nevada limited liability company, with its principal place of business in Kern County, California.
19  It is a successor-in-interest to Ceross-Ddefendant PWP.

20      8.9.     Cross-Defendant, Collins & Aikman Products, LLC ("C&A Products LLC") is a
21  Delaware limited liability company.  C&A Products LLC was formed on or about December 6,
22  2007, as a conversion of Collins & Aikman Products Co., a Delaware corporation.  Collins &
23  Aikman Products Co. was the successor by merger to Collins & Aikman Group, Inc., a Delaware
24  corporation.  Collins & Aikman Group, Inc. was formerly known as Wickes Companies, Inc., and
25  before that, The Wickes Corporation (hereinafter, "Wickes").  Wickes purchased the Site on or
26  around September 12, 1979, and conducted business at the Site until approximately 1982.
27  Wickes and its successor, Collins & Aikman Products Co. (now C&A Products LLC), continued
28  to own the Site until on or around March 20, 1997.  Collins & Aikman Products Co. filed for

1    Chapter 11 bankruptcy on or around May 17, 2005, and, on or around July 18, 2007, the United

2    States Bankruptcy Court for the Eastern District of Michigan entered its "Order Confirming First

3    Amended Joint Plan of Collins & Aikman Corporation and Its Debtor Subsidiaries" relating to the

4    bankruptcy.  A Certificate of Cancellation for C&A Products LLC was filed with the Delaware

5    Secretary of State on or about August 28, 2013.  On or around December 8, 2014, pursuant to

6    Plaintiffs' motion, the Delaware Court of Chancery appointed a receiver for C&A Products LLC

7    under 6 Delaware Code § 18-805.  Based on the information presently available to DOBBAS, the

8    cross-claims by DOBBAS against Cross-Defendant C&A Products LLC are asserted herein solely

9    for purposes of establishing liability to recover against any available insurance proceeds.  See *In*

10   *re Beeney*, 142 B.R. 360 (9th Cir. B.A.P. 1992).  Any and all allegations contained herein that

11   reference Collins & Aikman Products Co. shall apply equally to and are asserted against its

12   successor-in-interest Cross-Defendant C&A Products LLC, and vice versa.

13                          **V.      GENERAL ALLEGATIONS**

14           10.     DOBBAS did not cause or contribute to any "hazardous substance" "release" or

15   "threatened release" at the Site or- emanating from the Site to surrounding propertiesfrom the

16   Site, as alleged in Plaintiffs' Complaint.  DOBBAS denies any and all liability for Plaintiffs'

17   claims in the Complaint and nothing contained herein with respect to the allegations against

18   CROSS-DEFENDANTS in this Cross-claim shall be deemed or construed to negate DOBBAS'

19   denial of such liability.

20           9.11.   Although DOBBAS denies any liability upon the operative Complaint, any of its

21   exhibits, and any subsequent amendments thereto, DOBBAS incorporates the operative

22   Complaint and its exhibits herein by this reference to assert the claims herein.

23           10.12.  Any "hazardous substance" "release" or "threatened release" at or emanating from

24   the Site to surrounding propertiesfrom the Site, is the direct, legal, and proximate result of

25   CROSS-DEFENDANTS' acts and/or omissions.

26           13.     Accordingly, CROSS-DEFENDANTS are liable for any and all costs incurred as

27   the result of the alleged release and threatened release of hazardous substances at the Site and

28   emanating from the Site to surrounding properties, and any alleged resultant damage to the Site or

00015554.4                                    -3-

1    any other properties.

2    / / /

3              VI.    FIRST CROSS-CLAIM

4    (Costs Recovery Under CERCLA § 107 – Against All CROSS-DEFENDANTS)

5         11.14.  DOBBAS incorporates by reference each and every paragraph of this pleading

6    necessary to state this cause of action as though fully set forth herein.realleges and incorporates

7    by reference the allegations contained in paragraphs 1 through 11, inclusive.

8         12.15.  Plaintiffs  the California Department of Toxic Substances Control and the Toxic

9    Substances Control Act ("Plaintiffs") allege in their COMPLAINT that the Site is a "facility"

10   within the meaning of section 101(9) of CERCLA, 42 U.S.C. section 9601(9).  If such allegation

11   is true, the Site is a "facility."

12        13.16.  Plaintiffs allege that CROSS-DEFENDANTS are "persons" within the meaning of

13   section 101(21) of CERCLA, 42 U.S.C. section 9601(21).  If such allegation is true, CROSS-

14   DEFENDANTS are "persons."

15        14.17.  Plaintiffs allege that CROSS–DEFENDANTS are "owners" and/or "operators," or

16   were "owners" and/or "operators," of the Site "at the time of disposal of a[] hazardous substance"

17   there, as those terms are used in section 107(a) of CERCLA, 42 U.S.C. section 9607(a).  If such

18   allegations are true, CROSS-DEFENDANTS are "owners" and/or "operators," or were "owners"

19   and/or "operators," of the Site.

20        15.18.  DOBBAS did not cause or contribute to any "hazardous substance" "release" or

21   "threatened release" at or from the Site or surrounding properties.

22        16.19.  DOBBAS denies that it is liable for any costs incurred as the result of the alleged

23   release or threatened release of hazardous substances at or from the Site and any alleged resultant

24   damage to the Site or any other properties.  This denial notwithstanding, DOBBAS has incurred

25   and/or may, in the future, incur costs in response to the release or threatened release of hazardous

26   substances at or from the Site in a manner that satisfies the requirements of Section 107(a) of

27   CERCLA, 42 U.S.C. section 9607(a).

28        20.    Based upon the above allegations, CROSS-DEFENDANTS are jointly and

00015554.4
                              -4-

1    severely liable, without regard to fault, under section 107(a) of CERCLA, 42 U.S.C. section

2    9607(a), for DOBBAS' costs incurred in response to the release or threatened release of

3    hazardous substances at or from the Site.

4    / / /

5    / / /

6              **VII.    SECOND CROSS-CLAIM**

7    **(Contribution under CERCLA § 113(f) – Against All CROSS-DEFENDANTS)**

8         17.21. DOBBAS incorporates by reference each and every paragraph of this pleading

9    necessary to state this cause of action as though fully set forth herein.DOBBAS realleges and

10   incorporates by reference the allegations contained in paragraphs 1 through 18, inclusive.

11        18.22. Plaintiffs allege in their COMPLAINT that the Site is a "facility" within the

12   meaning of section 101(9) of CERCLA, 42 U.S.C. section 9601(9).  If such allegation is true, the

13   Site is a "facility."

14        19.23. Plaintiffs allege that CROSS-DEFENDANTS are "persons" within the meaning of

15   section 101(21) of CERCLA, 42 U.S.C. section 9601(21).  If such allegation is true, CROSS-

16   DEFENDANTS are "persons."

17        20.    Plaintiffs allege that CROSS-DEFENDANTS are "owners" and/or "operators," or

18   were "owners" and/or "operators," of the Site "at the time of disposal of a[] hazardous substance"

19   there, as those terms are used in section 107(a) of CERCLA, 42 U.S.C. section 9607(a).  If such

20   allegations are true, CROSS-DEFENDANTS are "owners" and/or "operators," or were "owners"

21   and/or "operators," of the Site.

22        21.24.

23        22.25. DOBBAS did not cause or contribute to any "hazardous substance" "release" or

24   "threatened release" at or from the Site or surrounding properties.

25        23.26. DOBBAS denies that it is liable for any costs incurred as the result of the alleged

26   release or threatened release of hazardous substances at or from the Site and any alleged resultant

27   damage to the Site or any other properties.  This denial notwithstanding, DOBBAS has incurred

28   and/or may, in the future, incur costs in response to the release or threatened release of hazardous

00015554.4                                    -5-

1  substances at or from the Site.

2      27.    Based upon the above allegations, CROSS-DEFENDANTS are liable to DOBBAS

3  for contribution under CERCLA section 113(f), 42 U.S.C. section 9613(f) for some of all

4  amounts DOBBAS incurred and may, in the future, incur as a result of any release or threatened

5  release of hazardous substances at and from the Site, in that CROSS-DEFENDANTS are liable

6  parties under CERCLA section 107(a), 42 U.S.C. section 9607(a).

7  ///

8  ///

9              **VIII.   THIRD CROSS-CLAIM**

10       **(Declaratory Relief under CERCLA § 113(g), 42 U.S.C. § 9613(g)**
          **– Against All CROSS-DEFENDANTS)**
11

12     28.    DOBBAS incorporates by reference each and every paragraph of this pleading

13  necessary to state this cause of action as though fully set forth herein.

14     24.    DOBBAS realleges and incorporates by reference the allegations contained in

15  paragraphs 1 through 25, inclusive.

16     25. 29. An actual, substantial, and justiciable controversy exists between DOBBAS and

17  CROSS-DEFENDANTS, and each of them, regarding their respective rights and obligations for

18  response costs that DOBBAS may incur to respond to the release and/or threatened release of

19  hazardous substances into the soil and/or groundwater at and from the Site.

20     26.    DOBBAS seeks declaratory judgment against CROSS-DEFENDANTS under

21  CERCLA section 133(g)(2), 42 U.S.C. section 9613(g)(2), that will be binding in any subsequent

22  action to recover further response costs, holding CROSS-DEFENDANTS liable for an equitable

23  share (all or some portion) of any response costs DOBBAS may pay to respond to any release

24  and/or threatened release of hazardous substances into the soil and/or ground water at and from

25  the Site.

26  ///

27  ///

28              **IX.  FOURTH CROSS-CLAIM**

**(Contribution and Indemnity Under California Health and Safety Code
Section 25300 et seq. – Against All CROSS-DEFENDANTS)**

27.30. DOBBAS incorporates by reference each and every paragraph of this pleading necessary to state this cause of action as though fully set forth herein. DOBBAS realleges and incorporates by reference the allegations contained in paragraphs 1 through 28, inclusive.

28.31. Plaintiffs allege that CROSS-DEFENDANTS caused or permitted a release or threatened release of substances governed by the Hazardous Substances Account Act ("HSAA") (California Health and Safety Code section 25300 et seq.) into, on, or about the Site and surrounding properties.

29.32. Plaintiffs allege that CROSS-DEFENDANTS are "liable persons" within the meaning of California Health and Safety Code section 25323.5. If such allegation is true, CROSS-DEFENDANTS are "liable persons."

30.33. DOBBAS has not caused or contributed to any release or threatened release of substances governed by the HSAA into, on, about or from the Site or surrounding properties and, therefore, is not a "liable person" as defined by California Health and Safety Code section 25323.5.

31.34. As a direct, legal, and proximate result of CROSS-DEFENDANTS' alleged acts and/or omissions, pursuant to California Health and Safety Code sections 25320 and 25323.5, DOBBAS is entitled to contribution and/or indemnity under California Health and Safety Code section 25363(e) and 25323.5 for some or all the costs DOBBAS has incurred or might incur in the future as a result of the alleged release or threatened release at and from the Site.

32.35. As a direct, legal, and proximate result of CROSS-DEFENDANT alleged acts and/or omissions, pursuant to California Health and Safety Code sections 25320 and 25323.5, DOBBAS has suffered injury and is entitled to monetary compensation and other relief and remedies.

## X. FIFTH CROSS-CLAIM

**(Continuing Public Nuisance Pursuant to Cal. Civ. Code §§ 3479 & 3480
– Against All CROSS-DEFENDANTS)**

1    33.   DOBBAS incorporates by reference each and every paragraph of this pleading

2    necessary to state this cause of action as though fully set forth herein. DOBBAS realleges and

3    incorporates by reference the allegations contained in paragraphs 1 through 34, inclusive.

4    34.36.

5    35.37.  CROSS-DEFENDANTS' actions have caused, created, maintained, contributed to,

6    and neglected to abate, a public nuisance at, on, and/or near the Site, as defined by California

7    Civil Code section 3479 and 3480.

8    36.38.  CROSS-DEFENDANTS' actions at, on and/or near the Site, have adversely

9    affected the quality and comfortable enjoyment of the environment by the community by creating

10   the public nuisance conditions and endangering health and property at, on and/or near the Site.

11   37.39.  DOBBAS is, and has been, specially and adversely affected by the public nuisance

12   conditions caused and/or created by CROSS-DEFENDANTS' actions at, on and/or near the Site.

13   38.40.  An ordinary person would be reasonably annoyed or disturbed by CROSS-

14   DEFENDANTS' conduct.

15   39.41.  As a direct, legal, and proximate result of the nuisance created by CROSS-

16   DEFENDANTS, DOBBAS has been, and will be, damaged.  DOBBAS is entitled to monetary

17   compensation and other relief and remedies including, but not limited to, equitable relief in the

18   form of an order requiring CROSS-DEFENDANTS to abate the nuisance.

19                        **XI.  SIXTH CROSS-CLAIM**

20          **(Declaratory Relief under 28 U.S.C. § 2201 – Against All CROSS-DEFENDANTS)**

21   40.42.  DOBBAS incorporates by reference each and every paragraph of this pleading

22   necessary to state this cause of action as though fully set forth herein. DOBBAS realleges and

23   incorporated by reference the allegations contained in paragraphs 1 through 40, inclusive.

24   41.43.  An actual controversy exists between DOBBAS and CROSS-DEFENDANTS, and

25   each of them, regarding their respective rights and obligations for response costs that DOBBAS

26   may incur to respond to any release and/or threatened release of hazardous substances into the

27   soil and/or groundwater at and from the Site.  Unless all of the rights, duties and obligations of

28   DOBBAS are determined in this action, there will be a multiplicity of actions.  Judicial

00015554.4                                    -8-

1   determination of the liability of CROSS-DEFENDANTS is necessary and appropriate at this time
2   so that DOBBAS may ascertain its rights as against CROSS-DEFENDANTS.
3        42.   Pursuant to 28 U.S.C. section 2201(a), this Court has jurisdiction to award
4   declaratory relief.  DOBBAS therefore requests a judicial determination of its rights, and the
5        43.44.  ///
6   duties and obligations of CROSS-DEFENDANTS, in responding to the release and/or threatened
7   release of hazardous substances into the soil and/or groundwater at and from the Site and any
8   resultant damage to the Site or off-site relating thereto.
9        44.45.  Pursuant to 28 U.S.C. section 2202, DOBBAS further requests that this Court,
10  after entering the declaratory judgment prayed for herein, retain jurisdiction of this action to grant
11  DOBBAS such further relief against CROSS-DEFENDANTS as necessary and proper to
12  effectuate the Court's declaration.

13                    **XII.   SEVENTH CROSS-CLAIM**

14                 **(Negligence – Against All CROSS-DEFENDANTS)**

15       45.46.  DOBBAS incorporates by reference each and every paragraph of this pleading
16  necessary to state this cause of action as though fully set forth herein.DOBBAS realleges and
17  incorporated by reference the allegations contained in paragraphs 1 through 44, inclusive.
18       46.47.  CROSS-DEFENDANTS owed a duty to refrain from injuring the Site and
19  surrounding properties.  Specifically, CROSS-DEFENDANTS owed a duty not to cause or allow
20  any releases or threatened releases of environmental contamination at or from the Site.
21       47.48.  CROSS-DEFENDANTS caused and/or permitted releases or threatened releases
22  of environmental contamination at or from the Site and surrounding properties, causing resultant
23  damage to the Site and other properties, and, therefore, breached their duty and acted negligently
24  in failing to protect such properties.
25       48.49.  As a direct, legal and proximate result of CROSS-DEFENDANTS' negligent
26  reckless and/or careless acts and/or omissions, DOBBAS has suffered injury and is entitled to
27  monetary compensation and other relief and remedies as requested herein.

28                    **XIII.   EIGHTH CROSS-CLAIM**

00015554.4                              -9-

**(Equitable Indemnity – Against All Cross-Defendants)**

~~49.~~50.  DOBBAS incorporates by reference each and every paragraph of this pleading necessary to state this cause of action as though fully set forth herein. ~~DOBBAS realleges and incorporated by reference the allegations contained in paragraphs 1 through 48, inclusive.~~

~~50.~~51.  CROSS-DEFENDANTS were negligent, reckless, careless, in breach of duty and/or otherwise legally responsible with respect to the matters and things alleged in this ~~Cross-complaint~~Cross-claim.  Such negligence, breach of duty, or other legal fault or responsibility proximately or legally caused or contributed in whole or in part to the losses and liabilities DOBBAS has suffered and may suffer in the future.

~~51.~~52.  DOBBAS has either provided, or does hereby provide, written notice to CROSS-DEFENDANTS of the matters for which DOBBAS is entitled to indemnity and has requested, or does hereby request, defense and indemnity for such matters.

~~52.~~53.  DOBBAS has incurred and continues to incur, necessary and reasonable attorneys' fees and other costs and expenses in connection with the matters described in this ~~cross-complaint~~Cross-claim.  As a result, pursuant to California Code of Civil Procedure section 1021.6 and any and all other applicable provisions and principals of law and equity, DOBBAS is entitled to an order requiring CROSS-DEFENDANTS to reimburse DOBBAS in an amount equal to such fees, costs, and expenses.

~~53.~~54.  As a direct, legal, and proximate result of CROSS-DEFENDANTS' failure to meet their obligation to hold harmless and indemnify DOBBAS, DOBBAS has suffered injury and is entitled to monetary compensation and other relief and remedies as requested herein.

**XIV.   NINTH CROSS-CLAIM**

**(Breach of Contract – Against Cross-Defendant Van Over)**

~~54.~~55.  DOBBAS incorporates by reference each and every paragraph of this pleading necessary to state this cause of action as though fully set forth herein. ~~DOBBAS realleges and incorporated by reference the allegations contained in paragraphs 1 through 53, inclusive.~~

~~55.~~56.  On or around February 11, 2011, DOBBAS and Cross-Defendant Van Over entered into an Agreement of Purchase and Sale ("February 2011 Sales Agreement").  A copy of

1  the February 2011 Sales Agreement is attached hereto as **Exhibit A** and incorporated by this

2  reference as though fully stated herein.

3  ~~56.~~57.  Cross-Defendant Van Over has breached the February 2011 Sales Agreement by

4  failing and refusing to comply with the provisions of that agreement, including but not limited to

5  failing and refusing to assume responsibility and liability for any hazardous substances on, at, or

6  beneath the Site, and by failing and refusing to indemnify DOBBAS for the same.

7  ~~57.~~  Cross-Defendant Van Over, through execution of the February 2011 Sales

8  Agreement, assumed all responsibility and liability for the hazardous substances on, at, beneath,

9  or emanating from the Site.

10  58.  ~~///~~

11  59.  Cross-Defendant Van Over, through execution of February 2011 Sales Agreement,

12  also agreed to indemnify, defend, and hold harmless DOBBAS against claims, costs, cost

13  recovery actions, government orders, expenses, fees, losses, penalties, liens, related to or arising

14  from the hazardous substances on, at, beneath or emanating from the Site, regardless of when the

15  claims arose.

16  60.  DOBBAS has delivered a written demand on Cross-Defendant Van Over,

17  demanding his compliance with the February 2011 Sales Agreement.

18  61.  DOBBAS has performed all conditions, covenants and promises required of

19  DOBBAS in accordance with the terms and conditions of the February 2011 Sales Agreement.

20  62.  As a direct and proximate result of Cross-Defendant Van Over's breach of the

21  February 2011 Sales Agreement, DOBBAS has incurred and will continue to incur, costs and

22  expenses and has suffered and will suffer direct, indirect, consequential, general, and special

23  damages, attorneys' fees, and interest thereon in an amount according to proof at trial.

24  **XV.   TENTH CROSS-CLAIM**

25  **(Breach of Contract – Against Cross-Defendant C&A Products LLC)**

26  63.  DOBBAS incorporates by reference each and every paragraph of this pleading

27  necessary to state this cause of action as though fully set forth herein.

28  64.  On or around March 21, 1997, DOBBAS and Cross-Defendant C&A Products

1    LLC's predecessor-in-interest Collins & Aikman Products Co. entered into an Agreement for

2    Purchase and Sale of Real Property and Escrow Instructions ("March 1997 Sales Agreement"),

3    through which DOBBAS purchased the Site from Collins & Aikman Products Co.

4         65.    DOBBAS is informed and believes and on that basis alleges that the March 1997

5    Sales Agreement contains the following pertinent terms and provisions, among others:

6              a.   The term "Existing Contamination" is defined as the contamination in the

7                   soil and groundwater at, in, under, or about the Site as described in and

8                   which forms the basis of the following documents: (1) Covenant to Restrict

9                   Use of Property recorded on or around October 27, 1995, in the Official

10                  Records of Solano County, California as Instrument No. 1995-00068154

11                  (the "Restrictive Covenant"); (2) An Agreement for Operation and

12                  Maintenance of the Groundwater Extraction and Treatment System, Storm

13                  Water Control System and The Asphalt Cap at the Former Wickes Forest

14                  Industries Site in Elmira, California executed between Collins & Aikman

15                  Products Co. and DTSC on or about February 26, 1996, and identified as

16                  Docket No. 95/96-038 in DTSC's administrative record for the Site (the

17                  "Operation and Maintenance Agreement"); and (3) Waste Discharge

18                  Requirements for the Wickes Forest Industries Ground Water Treatment

19                  Discharge, Solano County, California Regional Water Quality Control

20                  Board, Central Valley Region Order No. 94-093, NPDES No. CA0081531

21                  (the "Waste Discharge Requirements").

22              b.   The term "Environmental Documents" is collectively defined as the

23                   Restrictive Covenant, the Operation and Maintenance Agreement, the

24                   Waste Discharge Requirements and/or any other reports, studies, orders or

25                   other documents pertaining to the Site on file with the California Regional

26                   Water Quality Control Board or the DTSC.

27              c.   Following the close of escrow of the Site, DOBBAS and Collins &

28                   Aikman Products Co. would enter into an "Access and Remediation

00015554.4                                    -12-

Agreement," which would require Collins & Aikman Products Co. to, among other things, retain responsibility for all remediation, mitigation, inspection, testing, monitoring and reporting requirements pertaining to the Existing Contamination in accordance with the Environmental Documents until such time as such activities are no longer required by applicable governmental authority.

d.   Collins & Aikman Products Co. agrees to defend, hold harmless and indemnify DOBBAS, its former and present agents, employees, independent contractors, consultants, invitees, subsidiaries, affiliates, parent companies, shareholders, officers, directors, licensees, permittees, successors and assigns, from and against any and all losses, claims, demands, liabilities, fees, damages, expenses and professional fees (including, without limitation, attorneys' fees, appellate attorneys' fees and all costs and expenses related thereto) which relate to, are connected with or arise out of, among other things, any breach by Collins & Aikman Products Co. of the March 1997 Sales Agreement.  DOBBAS and Collins & Aikman Products Co. agree that such indemnification shall survive the close of escrow relating to the Site that forms the basis for the March 1997 Sales Agreement.

e.   In the event either DOBBAS or Collins & Aikman Products Co. is required to file an action in order to enforce the terms of the March 1997 Sales Agreement, or to recover damages for the violation of same, or for a declaration of rights thereunder, the prevailing party, as determined by the court in such action, in addition to whatever other remedies or damages it may be entitled, shall be entitled to recover all of its court costs and reasonable attorneys' fees as a result thereof from the losing party.

66.   On or around March 21, 1997, DOBBAS and Cross-Defendant C&A Products LLC's predecessor-in-interest Collins & Aikman Products Co. and Cross-Defendant CRI entered

1   into an Access and Remediation Agreement to govern certain activities at the Site, as required by

2   the March 1997 Sales Agreement.   The Access and Remediation Agreement was recorded as

3   Instrument No. 1997-00019503 in the Official Records of Solano County, California on or around

4   April 1, 1997.

5           67.     DOBBAS is informed and believes and on that basis alleges that the Access and

6   Remediation Agreement contains the following pertinent terms and provisions, among others:

7               a.   The same or substantially the same definitions for the terms Environmental

8                   Documents and Existing Contamination, as those terms are defined in the

9                   March 1997 Sales Agreement.

10              b.   The term "Remediation Systems" is defined as any and all systems and

11                  facilities that have been placed upon or that may be placed upon the Site in

12                  connection with the Existing Contamination, including without limitation

13                  the asphalt cap and groundwater extraction system and monitoring wells.

14              c.   Collins & Aikman Products Co. agrees to retain responsibility for the

15                  remediation of the Existing Contamination in accordance with the

16                  requirements of applicable law and in accordance with the provisions of the

17                  Operation and Maintenance Agreement and the Waste Discharge

18                  Requirements, subject to certain exceptions.   The activities for which

19                  Collins & Aikman Products Co. assumes responsibility include, but not

20                  limited to, all remediation, mitigation, inspection, testing, sampling,

21                  monitoring and reporting requirements pertaining to the Existing

22                  Contamination in accordance with applicable law and to install, alter,

23                  improve, repair and replace any and all "Remediation Systems," until such

24                  time as all such activities and all such facilities and systems are no longer

25                  required by applicable governmental authorities.

26              d.   Collins & Aikman Products Co.'s remediation obligations as described in

27                  subdivision (c) above only terminates or expires when it receives written

28                  notification from DTSC or other appropriate governmental authority that it

00015554.4

-14-

has achieved completion of the remediation of the Existing Contamination.

  e. The parties agree that the "Remediation Systems" belongs to and is the property of Collins & Aikman Products Co., and that Collins & Aikman Products Co. has the right, but not the obligation, to remove all or any portion of the "Remediation Systems" from the Site at such time as those systems are no longer required by applicable governmental authorities.

  68. DOBBAS is informed and believes and on that basis alleges that neither Cross-Defendant C&A Products LLC nor its predecessor-in-interest Collins & Aikman Products Co. has obtained written notification from DTSC or any other appropriate governmental authority that it has achieved completion relating to the remediation of the Existing Contamination at the Site.

  69. DOBBAS is informed and believes and on that basis alleges that Cross-Defendant C&A Products LLC failed to perform its obligations as set forth in the 1997 March Sales Agreement and the Access and Remediation Agreement, because it has failed to perform in accordance with the Environmental Documents to remediate the Existing Contamination at the Site.

  70. Cross-Defendant C&A Products LLC has breached the March 1997 Sales Agreement by failing and refusing to comply with the provisions of that agreement, including but not limited to failing and refusing to perform its responsibilities regarding, and to assume its liability for, the Existing Contamination on, at, or beneath the Site, and by failing or refusing to indemnify DOBBAS for the same.

  71. DOBBAS has delivered or through the allegations in this Cross-claim does deliver a written demand on Cross-Defendant C&A Products LLC, demanding that it comply with its obligations under the March 1997 Sales Agreement and the Access and Remediation Agreement.

  72. DOBBAS has performed all conditions, covenants and promises required of DOBBAS in accordance with the terms and conditions of the March 1997 Sales Agreement and the Access and Remediation Agreement.

  73. As a direct and proximate result of Cross-Defendant C&A Products LLC's breach of the March 1997 Sales Agreement and the Access and Remediation Agreement, DOBBAS has

00015554.4

-15-

1   incurred and will incur, costs and expenses and has suffered and will suffer direct, indirect,

2   consequential, general, and special damages, attorneys' fees, and interest thereon in an amount

3   according to proof at trial.  These damages include, but are not limited to, the loss DOBBAS

4   suffered as a result of the diminution in property value of the Site, as evidenced by the sale of the

5   Site to Cross-Defendant Van Over in or about February 11, 2011 for $2.00.

6        74.    DOBBAS has defended and continues to defend itself against Plaintiffs'

7   allegations relating to "hazardous substance(s)" "release(s)" or "threatened release(s)" at or from

8   the Site and resultant damages, all of which result from and relate to Cross-Defendant C&A

9   Products LLC's breach of its contractual obligations.

10                      **XVI.   ELEVENTH CROSS-CLAIM**

11        **(Express Indemnity Against Cross-Defendants Van Over and C&A Products LLC)**

12        75.    DOBBAS incorporates by reference each and every paragraph of this pleading

13   necessary to state this cause of action as though fully set forth herein.

14        76.    Prior to the incidents alleged in Plaintiffs' Complaint, Cross-Defendants Van Over

15   and C&A Products LLC each, respectively, entered into written contracts with DOBBAS.  Each

16   of the contracts is intended for the benefit of DOBBAS.  As set forth therein and identified in

17   preceding paragraphs herein, said contracts require Cross-Defendants Van Over and C&A

18   Products LLC, and each of them respectively, to completely and fully defend, indemnify and hold

19   harmless DOBBAS from and against any and all claims, damages, and resultant damages relating

20   to any "hazardous substance" "release" or "threatened release" at or from the Site and any

21   associated resultant damage.

22        77.    As a result of the indemnity provisions in their respective contracts, DOBBAS is

23   informed and believes and based thereon alleges that Cross-Defendants Van Over and C&A

24   Products LLC, and each of them respectively, have a present duty to defend and indemnify

25   DOBBAS from the claims asserted by Plaintiffs in the Complaint.

26        78.    If DOBBAS is held liable to Plaintiffs or any other party by way of adjudication,

27   settlement, or otherwise, for the claims in Plaintiffs' Complaint, DOBBAS is entitled to complete

28   express contractual indemnity from Cross-Defendants Van Over and C&A Products LLC, and

1   each of them, for all damages incurred by way of settlement or judgment and for attorneys' fees

2   and costs incurred in the defense of this action and the prosecution of this Cross-claim.

3   **XVII.  TWELFTH CROSS-CLAIM**

4   **(Declaratory Relief Re: Duty to Defend Against Cross-Defendants C&A Products LLC and**

5   **Van Over)**

6         79.     DOBBAS incorporates by reference each and every paragraph of this pleading

7   necessary to state this cause of action as though fully set forth herein.

8         80.     Cross-Defendants Van Over and C&A Products LLC, and each of them

9   respectively, entered into written contracts with DOBBAS relating to the Site.  Each contract was

10  intended for the benefit of DOBBAS.

11        81.     The operative contracts, and each of them, contain indemnity provisions as

12  described herein, which provide, in pertinent part, that Cross-Defendants Van Over and C&A

13  Products LLC, and each of them respectively, will defend, indemnify and hold harmless

14  DOBBAS from and against any and all claims arising out of alleged "hazardous substance"

15  "release" or "threatened release" at or from the Site and any associated resultant damage.

16        82.     A claim within the meaning of each of the respective contracts has arisen by virtue

17  of the fact that Plaintiffs have filed a Complaint against DOBBAS relating to a "hazardous

18  substance" "release" or "threatened release" at or from the Site and associated resultant damage.

19        83.     Cross-Defendants Van Over and C&A Products LLC, and each of them

20  respectively, have a present duty to defend DOBBAS against all claims in this litigation pursuant

21  to the operative contracts, California Civil Code section 2778, and as a result of the assertion of a

22  claim or loss arising out of the performance or non-performance of certain activities by these

23  Cross-Defendants.  DOBBAS has a present legal right to be provided a defense by Cross-

24  Defendants Van Over and C&A Products LLC, and each of them respectively.

25        84.     DOBBAS has tendered or by way of this Cross-claim does tender its defense of

26  this action to Cross-Defendants Van Over and C&A Products LLC, and each of them

27  respectively, pursuant to the applicable contracts.  The foregoing shall in no way reset the

28  pertinent tender date to the extent an earlier tender date was established through prior

00015554.4

-17-

1  communication.

2  85.   DOBBAS is informed and believes and based thereon alleges that Cross-

3  Defendants Van Over and C&A Products LLC, and each of them, have or will reject, ignore, or

4  fail to properly accept the tender of defense.

5  86.   A dispute has arisen and an actual controversy now exists between DOBBAS and

6  Cross-Defendants Van Over and C&A Products LLC, and each of them respectively, in that

7  DOBBAS contends that it is entitled to a present defense from Cross-Defendants Van Over and

8  C&A Products LLC, and each of them respectively, while Cross-Defendants Van Over and C&A

9  Products LLC are believed to deny such obligation under the applicable contracts.

10  87.   DOBBAS hereby seeks a declaration by the Court as to its rights on the one hand,

11  and the respective duties and obligations of Cross-Defendants Van Over and C&A Products LLC

12  on the other hand, regarding the present duty to defend in conjunction with the matters herein

13  alleged, and a judgment in DOBBAS' favor relating to any obligations by said Cross-Defendants,

14  and each of them, as to DOBBAS.

15  XV. XVIII.   **PRAYER FOR RELIEF**

16  WHEREFORE, DOBBAS prays that judgment be entered ~~for~~ in favor of DOBBAS ~~and~~

17  ~~against all CROSS-DEFENDANTS~~ as follows:

18  ~~1.      1.~~   For judgment that CROSS-DEFENDANTS, and each of them, are jointly

19  and severally liable without regard to fault pursuant to CERCLA section 107(a), 42 U.S.C.

20  section 9607(a), for all response costs incurred as a result of the release and threatened release of

21  hazardous substances at and from the Site, in an amount according to proof;

22  1.

23  ~~2.      2.~~   For judgment that CROSS-DEFENDANTS, and each of them, are liable

24  for contribution pursuant to CERCLA section 113(f), 42 U.S.C. section 9613(f), in the amount of

25  any judgment entered or settlement approved in favor of CROSS-DEFENDANTS, or any other

26  party, against DOBBAS for costs incurred and/or to be incurred in response to the release and/or

27  threatened release of hazardous substances at or from the Site;

28  2.

00015554.4                                        -18-

1    ~~3.      3.~~ For judgment that CROSS-DEFENDANTS, and each of them, are liable

2    for contribution and indemnification pursuant to HSAA section 25300 et seq, for all costs

3    incurred and/or to be incurred by DOBBAS in response to the release and/or threatened release of

4    hazardous substances at or from the Site;

5        3.

6        4.     For judgment that CROSS-DEFENDANTS, and each of them, are liable for

7    contribution, compensatory damages, and/or consequential damages based upon the respective

8    liability and/or comparative negligence of said CROSS-DEFENDANTS, and each of them,

9    according to proof;

10       5.     For judgment that Cross-Defendants Van Over and C&A Products LLC, and each

11   of them, are liable for compensatory damages for breach of contract;

12       6.     For judgment that DOBBAS is entitled to express indemnity from Cross-

13   Defendants Van Over and C&A Products LLC, and each of them, for all claims in this litigation;

14       ~~4.      ///~~

15       ~~5.      4.~~ For ~~award of~~ judgment that CROSS-DEFENDANTS are liable for

16   money damages as compensation for economic and non-economic harm in the amount to be

17   determined by proof at trial;

18       7.

19       ~~6.      5.~~ For an award of and judgment that CROSS-DEFENDANTS are liable for

20   litigation expenses and costs of suit incurred herein, including reasonable attorney's fees and

21   expert fees;

22       8.

23       ~~7.      6.~~ For an award of and judgment that CROSS-DEFENDANTS are ~~an~~

24   ~~award of~~ liable for interest at the maximum legal rate on any and all damages from the earliest

25   date permitted by law;

26       9.

27       ~~8.~~ 10.   ~~7.~~ For a declaration and judgment of this Court in favor of DOBBAS and

28   against all CROSS-DEFENDANTS:

1        a.     Awarding monetary damages to DOBBAS as alleged herein;

2        b.     Requiring CROSS-DEFENDANTS to indemnify and hold harmless

3                DOBBAS from and against all claims, losses, liabilities, and expenses

4                incurred by DOBBAS as a result of CROSS-DEFENDANTS' acts and/or

5                omissions, including, but not limited to any and all existing and future

6                claims by third parties relating to such contamination;

7        c.     Retaining jurisdiction to effectuate a declaration that CROSS-

8                DEFENDANTS are liable for all costs that DOBBAS may incur to respond

9                to the release and/or threatened release of hazardous substances at and from

10              the Site; ~~and~~

11    11.  ~~8.~~  For a judicial declaration that Cross-Defendants Van Over and C&A

12  Products LLC, and each of them, have a present duty to defend DOBBAS against the claims in

13  this litigation;

14    12.    For a judicial declaration and order requiring CROSS-DEFENDANTS to abate the

15  public nuisance at issue in this litigation; and

16    13.    For such other and further relief as the Court deems just and proper.

17

18  Dated: December 31, 2014           KING WILLIAMS & GLEASON LLP

19

20                    By:    */s/ Jennifer Hartman King*

21                        Jennifer Hartman King
                            Nicole R. Gleason

22                        Louinda V. Lacey

23                  Attorneys for Defendant JIM DOBBAS, INC.

24

25

26

27

28