1  Lester O. Brown, Bar No. 160828
   LBrown@perkinscoie.com
2  James G. Bernald, Bar No. 205519
   JBernald@perkinscoie.com
3  PERKINS COIE LLP
   1888 Century Park East, Suite 1700
4  Los Angeles, CA  90067-1721
   Telephone: 310.788.9900
5  Facsimile: 310.788.3399

6  Attorneys for Defendant and Crossclaimant
   West Coast Wood Preserving, LLC
7

8              UNITED STATES DISTRICT COURT

9              EASTERN DISTRICT OF CALIFORNIA

10

11 | CALIFORNIA DEPARTMENT OF TOXIC SUBSTANCES CONTROL, et al., | Case No. 2:14-cv-00595-WBS-EFB |
|---|---|
| Plaintiffs, | **WEST COAST WOOD PRESERVING, LLC'S MOTION FOR LEAVE TO FILE CROSSCLAIM AGAINST COLLINS & AIKMAN PRODUCTS, LLC** |
| v. | |
| JIM DOBBAS, INC., et al., | **[Filed concurrently with Declaration of Lester O. Brown and (Proposed) Order]** |
| Defendants. | |
|  | Judge:         William B. Shubb |
|  | Trial Date:   January 4, 2017 |
| WEST COAST WOOD PRESERVING, LLC, a Nevada limited liability company, | Action Filed: March 3, 2014 |
|  | Hearing Date: February 9, 2015 |
|  | Time:          2:00 p.m. |
| Crossclaimant, | |
| v. | |
| COLLINS & AIKMAN PRODUCTS, LLC, a dissolved Delaware limited liability company, Cross-Defendant. | |
| AND RELATED CROSS-CLAIMS AND COUNTERCLAIMS. | |

LEGAL124661759.1

MOTION FOR LEAVE TO FILE
CROSSCLAIM 2:14-cv-00595-WBS-EFB

**TO ALL PARTIES AND COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on February 9, 2015 at 2:00 p.m., or as soon thereafter as counsel may be heard by the above-entitled Court, located at Robert T. Matsui United States Courthouse, 501 I Street, Sacramento, CA 95814, in Courtroom 5 of the Honorable William B. Shubb, defendant and cross-defendant West Coast Wood Preserving LLC ("WCWP") will and hereby does move for leave to file a crossclaim against defendant Collins & Aikman Products Company, LLC ("C&A Products LLC"). A copy of the proposed crossclaim is attached as Exhibit A to the concurrently filed Declaration of Lester O. Brown.

WCWP makes this motion on the ground that its proposed crossclaim is in the interests of justice in that it will allow the Court to resolve in one action all existing or potential disputes it has with C&A Products LLC, thus promoting judicial economy and convenience. WCWP also makes this motion on the ground that the proposed crossclaim will not prejudice the other parties in the case, is not sought in bad faith, is not futile, and will not cause undue delay.

This motion is based upon this Notice of Motion and Motion and the accompanying Memorandum of Points and Authorities, the pleadings and papers filed in this case, and upon such other matters as may be presented to the Court at the time of hearing.

DATED: January 5, 2015                    **PERKINS COIE LLP**

By: /s/ Lester O. Brown
           Lester O. Brown

Attorneys for Defendant and
Crossclaimant
West Coast Wood Preserving, LLC

LEGAL124661759.1             -1-             MOTION FOR LEAVE TO FILE
                                             CROSSCLAIM 2:14-cv-00595-WBS-EFB

## I. INTRODUCTION

On November 14, 2014, Plaintiffs, the California Department of Toxic Substances Control and the Toxic Substances Control Account (collectively, "Plaintiffs"), requested leave to file their First Amended Complaint ("FAC") to add Collins & Aikman Products, LLC ("C&A Products LLC") as a Defendant in this litigation ("Plaintiffs' Motion for Leave"). None of the Defendants who had appeared in the litigation objected, and this Court granted Plaintiffs' request for relief on December 10, 2014. Defendant, Crossclaimant, and Cross-Defendant West Coast Wood Preserving, LLC ("WCWP") now seeks leave to file a Crossclaim against C&A Products LLC. WCWP's crossclaims against C&A Products LLC are brought for the sole purpose of establishing its liability with respect to those claims, in order to pursue potential insurance proceeds.

The allegations and claims contained in the proposed Crossclaim arise from the same nucleus of operative facts and relate to the same property as the allegations in Plaintiffs' FAC, which will serve the interests of justice and promote judicial economy by resolving the related claims in one action.

Because there is no evidence of undue delay, bad faith, or dilatory motive by WCWP, and because the proposed Crossclaim against C&A Products LLC would not prejudice any other party or be futile, WCWP respectfully requests that the Court grant this motion.

## II. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs filed their Complaint on March 3, 2014, against Defendants WCWP, Continental Rail, Inc. ("CRI"), David van Over ("Van Over"), Pacific Wood Preserving ("PWP"), and Jim Dobbas, Inc. ("Dobbas") (collectively, "Defendants"). (Docket No. 1.) The Complaint asserts claims for relief under, *inter alia*, the Comprehensive Environmental Response, Compensation, and Liability Act of 1980 ("CERCLA"), 42 U.S.C. §§ 9601 *et seq*., and the Carpenter-Presley-Tanner Hazardous Substance Account Act ("HSAA"), Cal. Health & Saf. Code

1  §§ 25300 et seq., relating to Plaintiffs' alleged costs incurred in response to the
2  release and/or threatened release of hazardous substances into the environment at or
3  from 147 A Street, Elmira, Solano County, California (the "Site").  (Compl. ¶¶ 33-
4  50.)  Only Defendants Dobbas, Van Over, and WCWP have appeared in this
5  litigation.  (Docket Nos. 22, 23, 24.)  Plaintiffs received default judgments against
6  CRI and PWP.  (Docket Nos. 18, 19.)

7        The parties requested that the Court set a deadline of December 31, 2014, for
8  any party to move to join additional parties or to amend its pleadings.  (Docket No.
9  15 at 4:24-25.)  The Court's Scheduling Order dated June 2, 2014, states that no
10 further joinder of parties or amendments to pleadings would be allowed after
11 December 31, 2014, except with leave of Court for good cause shown under
12 Federal Rule of Civil Procedure 16(b). (Docket No. 20 at 2:7-12.)

13       Plaintiffs did not name C&A Products LLC, a cancelled company under
14 Delaware law, as a Defendant in its original Complaint, because they were unaware
15 of any applicable insurance coverage.  (See Docket No. 15 at 4:20-23.)  However,
16 on November 14, 2014, after locating potential insurance coverage, Plaintiffs
17 moved to amend their Complaint to add C&A Products LLC as a Defendant.
18 (Docket No. 68.)  Prior to the Court's ruling on Plaintiffs' Motion for Leave,
19 Plaintiffs advised the Court that the Delaware Court of Chancery had appointed a
20 receiver for C&A Products LLC under Delaware law, ensuring the company has
21 capacity to be sued in this case.  (Docket No. 73.)  None of the Defendants opposed
22 the requested relief, and the Court granted Plaintiffs' Motion for Leave on
23 December 10, 2014.  (Docket No. 75.)  Plaintiffs filed their FAC on December 11,
24 2014. (Docket No. 77.)

25
26
27
28

## III. LEGAL ARGUMENT

### A. WCWP Has the Right to Bring Crossclaims Against a Newly Added Defendant.

An amended pleading like Plaintiffs' FAC supersedes the original complaint and renders it of no legal effect. *Valadez-Lopez v. Chertoff*, 656 F.3d 851, 857 (9th Cir. 2011). Thus, a new answer is required to the amended pleading. *See Nelson v. Adams USA, Inc.*, 529 U.S. 460, 466 (2000) ("This opportunity to respond, fundamental to due process, is the echo of the opportunity to respond to original pleadings secured by Rule 12").

Like counterclaims, a crossclaim is part of an answer, not a separate pleading. Fed. R. Civ. P. 7(a)(3).

To what extent a defendant may, without leave of court, add new counterclaims in response to an amended complaint is unsettled. According to *Elite Entertainment, Inc. v. Khela Bros. Entertainment*, 227 F.R.D. 444, 446-47 (E.D. Va. 2005), district courts have taken three views of whether new counterclaims can be filed in response to an amended complaint as a matter of right. Some courts permit wide latitude to a defendant to add counterclaims whenever a plaintiff amends its complaint. *Id.* at 446 (*citing American Home Prod. Corp. v. Johnson & Johnson*, 111 F.R.D . 448, 453(S.D. N.Y. 1986)). Other courts have held that a new counterclaim must track the changes made in the complaint. *Elite Entertainment*, 227 F.R.D. at 446 (*citing Nolan v. City of Yonkers*, 1996 WL 120685, at *4, (S.D.N.Y.1996)). Finally, some courts take a "moderate" view, that if "major" changes are made to the complaint, then major changes can be made to the responsive counterclaim. The "moderate" view is what the *Elite Entertainment* court chose. *Id.* at 447.

Unfortunately, there do not appear to be any reported decisions addressing whether new *crossclaims* can be filed as a matter of right in response to an amended complaint that adds a new defendant. However, every court that has addressed the

issue has permitted defendants to file new responsive *counterclaims* as a matter of right so long as the new counterclaims specifically track the changes made in the amended complaint. *Elite Entertainment*, 227 F.R.D. at 446-447.

Accordingly, WCWP should be permitted, as a matter of right, to file a new crossclaim which specifically tracks the changes made in Plaintiffs' FAC. WCWP's new crossclaims against C&A Products LLC are made in response to Plaintiffs' addition of C&A Products LLC as a Defendant in the FAC.

**B.     WCWP's Crossclaims Against C&A Products LLC Comport with Federal Law.**

**1.     The New Crossclaims Substantively Comport With FRCP, Rule 13(g).**

A crossclaim may be brought against any co-party, if the crossclaim: (1) arises out of the transaction or occurrence that is the subject matter of the original action; (2) arises out of the transaction or occurrence that is the subject matter of a counterclaim; or (3) relates to property that is the subject matter of the original action. Fed. R. Civ. P. 13(g). Here, it is undisputed that C&A Products LLC is a co-party in this action, because both C&A Products LLC and WCWP are named Defendants in Plaintiffs' FAC. (See Docket No. 77.) WCWP's proposed crossclaims against C&A Products LLC also satisfy the remaining requirements of FRCP Rule 13(g), as explained below.

In its FAC, Plaintiffs state the following allegations to support their claims against C&A Products LLC:

- C&A Products LLC was formed as a conversion of Collins & Aikman Products Co., which was the successor to Collins & Aikman Group, Inc. Collins & Aikman Group, Inc. was formerly known as Wickes Companies, Inc., and before that, The Wickes Corporation (hereinafter, "Wickes"). (First Am. Compl. ¶ 26.)
- Between 1979 and 1997, the predecessor companies to C&A Products LLC (identified above) owned and operated the Site, and conducted

   wood preserving operations there from 1979 to about 1982. (*Id*. ¶¶ 12-19, 26, Ex. D.)

- During that ownership and operation, those predecessor companies were responsible for releases of hazardous substances at the Site and emanating from the Site to surrounding properties, resulting in C&A Products LLC's CERCLA liability for Plaintiffs' costs to assess and clean up the Site. (*Id*. ¶¶ 18, 37-45, Ex. D.)

  Plaintiffs' claims against WCWP similarly arise out of allegations relating to the recovery of costs purportedly required to clean up the contamination that forms the basis of their FAC. (*See id*. ¶¶ 37-54, Ex. D.) While WCWP denies any and all liability for Plaintiffs' claims, WCWP incorporates Plaintiffs' allegations into its proposed Crossclaims to support its claims against C&A Products LLC.

  The CERCLA and declaratory relief claims in the first and second crossclaims are permissible claims that are contingent upon adjudication of the allegations set forth in the main action (*i.e*., Plaintiffs' claims). *Atlantic Aviation Co. v. Estate of Costas*, 332 F.Supp. 1002 (E.D. N.Y. 1971). In other words, to the extent Plaintiffs can prove its allegations against WCWP and C&A Products LLC under their CERCLA claims, WCWP is entitled to pursue recovery against C&A Products LLC who may be liable to WCWP for all or part of Plaintiffs' claims against WCWP. Fed. R. Civ. P. 13(g).

  Moreover, all of the proposed crossclaims against C&A Products LLC are consistent with the purpose of a crossclaim, *i.e*., to avoid multiplicity of suits and inconsistent adjudications on related claims. *Donovan v. Robbins*, 588 F.Supp. 1268, 1273 (N.D. Ill. 1984) (*citing Providential Development Co. v. United States Steel Co*., 236 F.2d 277, 281 (10th Cir. 1956)) (crossclaims are "intended to promote the expeditious and economical adjudication of an entire subject matter arising from the same set of facts within a single action"). Therefore, WCWP

respectfully submits that its motion for leave to file its Crossclaim against C&A Products LLC should be granted.

### 2. C&A Products LLC Has Capacity To Be Sued In This Court.

C&A Products LLC is now a named Defendant in this litigation. (See Docket No. 77.) Plaintiffs have provided proof to this Court that C&A Products LLC has the capacity to be sued in this case by submitting an order indicating that the Delaware Court of Chancery has appointed a receiver for C&A Products LLC under Delaware law. (Docket No. 73.) Accordingly, WCWP may pursue its crossclaims against C&A Products LLC in this action and in this Court.

### 3. WCWP Is Entitled To Pursue Its Claims To Collect Insurance Proceeds.

WCWP is informed and believes that Collins & Aikman Products Co. filed for Chapter 11 bankruptcy on or around May 17, 2005, and that the United States Bankruptcy Court for the Eastern District of Michigan entered its "Order Confirming First Amended Joint Plan of Collins & Aikman Corporation and Its Debtor Subsidiaries" relating to the bankruptcy on or around July 18, 2007. WCWP's crossclaims against C&A Products LLC are expressly asserted solely for purposes of establishing C&A Products LLC's liability, in order to recover any available insurance proceeds. (See Brown Decl. Ex. A ¶10 (proposed Crossclaim).)

### 4. Allowing WCWP to File a Crossclaim against C&A Products LLC is in the Interests of Justice.

Allowing WCWP to file its Crossclaim against C&A Products LLC would be in the interests of justice because a judgment against C&A Products LLC is necessary before WCWP can pursue a direct action against C&A Products LLC's insurers. Cal. Ins. Code § 11580(b)(2); *Royal Indem. Co. v. United Enterprises, Inc.*, 162 Cal.App.4th 194, 205 (2008).

Further, there is no evidence that WCWP delayed its filing of this motion, or that it brought this motion in bad faith or with a dilatory motive. Indeed, WCWP is

filing this motion based on new information gleaned from Plaintiffs' recent filings, *i.e.*, the revival of C&A Products, LLC.

In addition, the proposed crossclaim would not be futile because Plaintiffs have identified potential insurance coverage relating to this action. As explained above, WCWP is entitled to pursue its claims against C&A Products LLC for purposes of securing such applicable insurance proceeds.

Based on the foregoing, WCWP does not anticipate an objection by any party in this action to the proposed filing of this Crossclaim.

## IV. CONCLUSION

In accordance with the arguments outlined herein, WCWP respectfully requests leave from the Court to file its proposed Crossclaim against C&A Products LLC.

DATED: January 5, 2015                 **PERKINS COIE LLP**

By: /s/ Lester O. Brown
    Lester O. Brown

Attorneys for Defendant and Crossclaimant
West Coast Wood Preserving, LLC