Lester O. Brown, Bar No. 160828
LBrown@perkinscoie.com
James G. Bernald, Bar No. 205519
JBernald@perkinscoie.com
PERKINS COIE LLP
1888 Century Park East, Suite 1700
Los Angeles, CA  90067-1721
Telephone:  310.788.9900
Facsimile:  310.788.3399

Attorneys for Defendant and Crossclaimant
West Coast Wood Preserving, LLC

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIA DEPARTMENT OF TOXIC SUBSTANCES CONTROL, et al.,<br><br>            Plaintiffs,<br><br>     v.<br><br>JIM DOBBAS, INC., et al.,<br><br>            Defendants. | Case No. 2:14-cv-00595-WBS-EFB<br><br>**DECLARATION OF LESTER O. BROWN IN SUPPORT OF WEST COAST WOOD PRESERVING, LLC'S MOTION FOR LEAVE TO FILE CROSSCLAIM AGAINST COLLINS & AIKMAN PRODUCTS, LLC**<br><br>[Filed concurrently with WCWP's Motion for Leave to File Crossclaim and (Proposed) Order]<br><br>Judge:         William B. Shubb<br>Trial Date:    January 4, 2017<br>Action Filed:  March 3, 2014<br>Hearing Date:  February 9, 2015<br>Time:          2:00 p.m. |
| WEST COAST WOOD PRESERVING, LLC, a Nevada limited liability company,<br><br>            Crossclaimant,<br><br>     v.<br><br>COLLINS & AIKMAN PRODUCTS, LLC, a dissolved Delaware limited liability company,<br>            Cross-Defendant. | |
| AND RELATED CROSSCLAIMS AND COUNTERCLAIMS. | |

# DECLARATION

I, Lester O. Brown, declare as follows:

1. I am an attorney at law duly licensed to practice before all the state courts in the State of California and this Court. I am a partner at Perkins Coie LLP, counsel for Defendant, Crossclaimant, Counterclaimant, and Cross-Defendant West Coast Wood Preserving, LLC ("WCWP").

2. I make this declaration in support of WCWP's Motion for Leave to File Crossclaim against Collins & Aikman Products LLC. I have personal knowledge regarding the facts stated in this declaration and am competent to testify regarding the same.

3. Attached as **Exhibit A** to my declaration is a true and correct copy of the Proposed Crossclaim that WCWP will file should the Court grant WCWP's Motion for Leave to File Crossclaim against Collins & Aikman Products LLC.

I declare under penalty of perjury under the laws of the State of California and this Court that the foregoing is true and correct. Executed on this 5th day of January 2015 at Los Angeles, California.

/s/ Lester O. Brown
Lester O. Brown

-2-

# Exhibit A

Lester O. Brown, Bar No. 160828
LBrown@perkinscoie.com
James G. Bernald, Bar No. 205519
JBernald@perkinscoie.com
PERKINS COIE LLP
1888 Century Park E., Suite 1700
Los Angeles, CA 90067-1721
Telephone: 310.788.9900
Facsimile: 310.788.3399

Attorneys for Crossclaimant
West Coast Wood Preserving, LLC

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIA DEPARTMENT OF TOXIC SUBSTANCES CONTROL, et al., <br><br>Plaintiffs,<br><br>v.<br><br>JIM DOBBAS, INC., et al.,<br><br>Defendants.<br><br>WEST COAST WOOD PRESERVING, LLC, a Nevada limited liability company,<br><br>Crossclaimant,<br><br>v.<br><br>COLLINS & AIKMAN PRODUCTS, LLC,<br><br>Cross-Defendant.<br><br>AND RELATED COUNTERCLAIMS AND CROSSCLAIMS. | Case No. 2:14-cv-00595-WBS-EFB<br><br>**WEST COAST WOOD PRESERVING, LLC'S CROSSCLAIM AGAINST COLLINS & AIKMAN PRODUCTS, LLC FOR CONTRIBUTION AND DECLARATORY RELIEF**<br><br>**DEMAND FOR JURY TRIAL**<br><br>Judge: William B. Shubb<br>Trial Date: January 4, 2017<br>Action Filed: March 3, 2014 |

Defendant and Crossclaimant West Coast Wood Preserving, LLC ("WCWP") in crossclaim against Collins & Aikman Products, LLC ("Collins & Aikman"), hereby alleges as follows:

1. WCWP incorporates its responses in its Answer and Affirmative Defenses to First Amended Complaint by this reference.

## **JURISDICTION**

2. This court has supplemental jurisdiction of this crossclaim under 28 U.S.C. § 1367(a) because it arises out of the same transaction and occurrence alleged in the Plaintiffs' Complaint so as to form a part of the same case or controversy within the meaning of Article III of the United States Constitution.

## **VENUE**

3. Venue is proper in the Eastern District because the entire real property that is the subject of the action is situated in the Eastern District. 28 U.S.C. § 1391(b)(2).

## **THE PARTIES**

4. Plaintiffs California Department of Toxic Substances Control and the Toxic Substances Control Account (collectively "DTSC") initiated this cost recovery action for the alleged release or threatened release of hazardous materials at 147 A Street, Elmira, California 95625 (the "Wickes Site"). The California Department of Toxic Substances Control is a public agency responsible for responding to releases and/or threatened releases of hazardous substance into the environment. The Toxic Substances Control Account is an account within the State of California General Fund.

5. Defendant Pacific Wood Preserving ("PWP Corp.") is a dissolved California corporation. The corporation elected to wind up and dissolve in 1979. The last of its assets were distributed in 1981.

6. Defendant and Crossclaimant WCWP is a Nevada limited liability company, with its principal place of business in Kern County, California. It never

owned or operated a facility in or around Elmira, nor did it contribute to any release of hazardous substances there.

7. Cross-Defendant Collins & Aikman Products, LLC is a Delaware limited liability company. Collins & Aikman Products LLC was formed on or about December 6, 2007, as a conversion of Collins & Aikman Products Co., a Delaware corporation. Collins & Aikman Products Co. was the successor by merger to Collins & Aikman Group, Inc., a Delaware corporation. Collins & Aikman Group, Inc. was formerly known and Wickes Companies, Inc. and before that, The Wickes Corporation ("Wickes"). Wickes conducted wood preserving operations on the Wickes Site from approximately 1979 through 1982, and owned the Wickes Site until 1997. It continued to be involved in response actions at the Wickes Site until sometime in 2005. Any and all allegations contained herein that reference Wickes shall apply equally to and are asserted against its successor-in-interest Cross-Defendant Collins & Aikman.

8. On or around May 17, 2005 Collins & Aikman filed for bankruptcy, and, on or around July 18, 2007, the United States Bankruptcy Court for the Eastern District of Michigan entered its "Order Confirming First Amended Joint Plan of Collins & Aikman Corporation and Its Debtor Subsidiaries" relating to the bankruptcy.

9. A Certificate of Cancellation for Collins & Aikman was filed with the Delaware Secretary of State on or about August 28, 2013. On or around December 8, 2014, pursuant to DTSC's motion, the Delaware Court of Chancery appointed a receiver for Collins & Aikman under 6 Delaware Code section 18-805.

10. Based on the information presently available to WCWP, the crossclaims by WCWP against Collins & Aikman are asserted herein solely for purposes of establishing liability to recover against any available insurance proceeds.

## FACTUAL ALLEGATIONS

**Pacific Wood Preserving's Cleanup at the Wickes Site.**

11. PWP Corp. operated a wood preserving and treating facility at the Wickes Site from 1972 until September 1979. During PWP Corp.'s operation of the facility, there were no spills or leaks from the facility resulting from any disposal practices.

12. In 1978, rain storms caused wood treatment chemicals to overflow from the treatment area at the Wickes Site. The heavy rains washed the chemicals into a nearby drainage ditch. After the storms, on March 2, 1978 the Central Valley Regional Water Quality Control Board ("Regional Board") issued a Cleanup and Abatement Order. The cleanup order required PWP Corp. to: (1) clean up and dispose of all the contaminated soil from the spill; and (2) develop and implement methods to contain contaminated storm waters in the future.

13. In 1978 and 1979, PWP Corp. performed the work required by the cleanup order. It hired IT Corporation and other companies to collect and dispose the contaminated soils. PWP Corp. also expanded its wastewater collection by constructing a 70,000 gallon holding tank to prevent further escapes of the treatment chemicals in the event of large rain storms. PWP Corp. hired CH2M Hill to provide engineering services to comply with the Regional Board's requirements. CH2M Hill prepared a report dated May 9, 1979 on behalf of PWP Corp., which was submitted to the Regional Board.

14. In 1979, the Regional Board found that PWP Corp. satisfied the cleanup order requirements. The CH2M Hill report proved that PWP Corp. accomplished "the complete removal of all contaminated soil to a Class I landfill and its replacement with clean native soils." The Regional Board also concluded that the expansion of the wood treatment facility's storm water capacity had been completed, including the construction of the 70,000 gallon holding tank designed to prevent further discharge in the event of heavy storms. The Regional Board Area

1   Engineer oversaw the cleanup on a regular basis, and he signed off on the work
2   conducted by PWP Corp. and its environmental consultants.

3   15. The events that led to the cleanup order also resulted in a civil
4   enforcement lawsuit against PWP Corp. by the State of California. That action was
5   later settled for $7,500 as PWP Corp. had completely complied with the cleanup
6   and investigation requirements.

7   16. In summary, PWP Corp. was responsible only for one incident related
8   to the spilling of hazardous waste at the Wickes Site, and it removed and
9   remediated that waste to the satisfaction of the Regional Board and the State.

**Pacific Wood Preserving Sells the Cleaned Site to Wickes.**

11   17. In late 1978, PWP Corp. received an offer from Wickes to buy its
12   Elmira facility and operation. Negotiations commenced, and on September 12,
13   1979, PWP Corp. and Wickes entered into a Purchase and Sale Agreement. Under
14   that agreement, substantially all of the property and assets of PWP Corp. (including
15   the Wickes Site) were sold to Wickes. All of those assets were transferred to
16   Wickes by the Bill of Sale dated September 12, 1979.

17   18. Wickes took possession of a clean property.  The Regional Board
18   required the remediation to be completed before approving the sale of the business
19   to Wickes free of liability. The sale occurred with Wickes having full knowledge of
20   the cleanup order and the state lawsuit against PWP Corp. Shortly after the sale to
21   Wickes, the Regional Board issued a memorandum concluding that PWP Corp. had
22   successfully completed the cleanup and the construction measures required to
23   expand the storm water capacity of the Elmira facility, as required by the cleanup
24   order.

**Subsequent Acts by Wickes/Collins & Aikman at the Wickes Site.**

26   19. Wickes' operation of the facility resulted in several severe issues
27   related to hazardous waste discharge.

28

20.     For example, the Regional Board issued Cleanup and Abatement Orders on June 6, 1982 and October 4, 1982 after finding that on-Site soils were contaminated (in part by a toxic spill on November 7, 1980) and were threatening surface and ground waters in Elmira.  The Board further charged that Wickes violated the October 4 Order, and found that Wickes had disposed of hazardous waste on-site without a permit.

21.     From the 1980s through 2005, Collins & Aikman undertook various actions directed, managed and conducted by the DTSC and its predecessor agency that resulted in the release of hazardous substances to the environment at and around the Site. Those actions included, leaving known concentrations of hazardous substances in the soil and groundwater at the Site resulting in the continuing release of hazardous substances to the environment, installing a defective groundwater extraction and treatment system that the DTSC knew or should have known would not stop the release of hazardous substances into the environment, failing to properly maintain the groundwater treatment system, and failing to undertake needed response actions at the site during the time Collins & Aikman was a solvent private party PRP and/ or owned the site.

**WCWP Had No Involvement in or at the Wickes Site.**

22.     WCWP never operated the facility nor contributed to the release of hazardous materials at the Site.

23.     Before September 2010, neither DTSC or any other state agency had notified or found WCWP responsible for any hazardous waste cleanup at the Site.

### FIRST CLAIM FOR RELIEF

**Contribution pursuant to 42 U.S.C. § 9613**

**(Against Collins & Aikman)**

24.     The allegations above are incorporated as though set out in full herein by this reference.

25.     Collins & Aikman is a "person" within the meaning of 42 U.S.C. section 9601(9).

26.     Collins & Aikman is an "owner" and/or "operator" of the Wickes Site "at the time of disposal of a hazardous substance" there as those terms are used in 42 U.S.C. section 9607(a).

27.     WCWP is not responsible for any of the Wickes Site contamination.

28.     To the extent that any party, including the State of California has incurred recoverable response costs, asserts liability for some or all of those costs against WCWP, or asserts a contribution claim against WCWP for such costs incurred by another party, WCWP is entitled to contribution from Collins & Aikman for the costs sought by Plaintiffs to the extent they are recoverable under 42 U.S.C. section 9613.

## SECOND CLAIM FOR RELIEF

### Declaratory Judgment pursuant to 28 U.S.C. § 2201

### (Against Collins & Aikman)

29.     The allegations above are incorporated as though set out in full herein by this reference.

30.     An actual controversy exists between WCWP and Collins & Aikman regarding their respective rights and obligations for response costs that WCWP may incur to respond to any release and/or threatened release of hazardous substances into the soil and/or groundwater at and from the Site. Unless all of the rights, duties, and obligations of WCWP are determined in this action, there will be a multiplicity of actions. Judicial determination of the liability of Collins & Aikman is necessary and appropriate at this time in order that WCWP may ascertain its rights as against DTSC.

31.     Pursuant to 28 U.S.C. section 2201(a), this Court has jurisdiction to award declaratory relief. WCWP, therefore, requests a judicial determination of its rights, and the duties and obligations of Collins & Aikman, in responding to the

release and/or threatened release of hazardous substances into the soil and/or groundwater at and from the Site.

32.   Pursuant to 28 U.S.C. section 2202, WCWP further requests that this Court, after entering the declaratory judgment prayed for herein, retain jurisdiction of this action to grant WCWP such further relief against Collins & Aikman as necessary and proper to effectuate the Court's declaration.

## PRAYER FOR RELIEF

WHEREFORE, WCWP prays for judgment and relief as follows:

1. In the event WCWP is found to have any liability, it is entitled to contribution pursuant to 42 U.S.C. section 9613(f) from Collins & Aikman for any costs incurred and/or to be incurred by WCWP in response to the release and/or threatened release of hazardous substances at or from the Site;

2. For a declaration and judgment of this Court in favor of WCWP and against Collins & Aikman such that Collins & Aikman is declared solely responsible for the contamination at the Site, that all alleged costs for all remedial actions at the Site to date and in the future should be allocated to Collins & Aikman, and an order retaining jurisdiction to effectuate a declaration that Collins & Aikman is liable for all costs that WCWP may incur to respond to the release and/or threatened release of hazardous substances at and from the Site;

3. For costs of suit incurred herein; and

4. Such other relief as the Court deems equitable and just.

| | | |
|---|---|---|
| 1 | | |
| 2 | DATED: January 5, 2015 | **PERKINS COIE LLP** |
| 3 | | By: /s/ Lester O. Brown |
| 4 | | Lester O. Brown |
| 5 | | Attorneys for Defendant and Crossclaimant, West Coast Wood Preserving, LLC |

# JURY DEMAND

Crossclaimant West Coast Wood Preserving, LLC hereby demands a jury trial in this action.

DATED: January 5, 2015

**PERKINS COIE LLP**

By:/s/ Lester O. Brown
  Lester O. Brown

Attorneys for Defendant and Crossclaimant, West Coast Wood Preserving, LLC