DAVID VAN OVER
216 F STREET, #108
DAVIS, CA 95616
Email: david.vanover@gmail.com
Telephone:    (775) 830-3888

IN PRO PER

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| CALIFORNIA DEPARTMENT OF TOXIC SUBSTANCES CONTROL and the TOXIC SUBSTANCES CONTROL ACCOUNT,<br><br>Plaintiffs,<br><br>v.<br><br>JIM DOBBS, INC., a California corporation; CONTINANTAL RAIL, INC., a Delaware corporation; DAVID VAN OVER, individually; PACIFIC WOOD PRESERVING, a dissolved California corporation; and WEST COAST WOOD PERSERVING, LLC, a Nevada limited liability company, and COLLINS & AIKMAN PRODUCTS, LLC, a Delaware limited liability company,<br><br>Defendants. | CIV. NO. 2:14-595 WBS EFB<br><br>**DEFENDANT DAVID VAN OVER'S FIRST AMENDED CROSS-CLAIM AGAINST COLLINS & AIKMAN PRODUCTS, LLC AND DEMAND FOR JURY TRIAL** |

907480

1

DEFENDANT DAVID VAN OVER'S ANSWER TO THE SECOND AMENDED COMPLAINT BY PLAINTIFFS, CROSS-CLAIM AND DEMAND FOR JURY TRIAL

**CROSS-CLAIM AGAINST COLLINS & AIKMAN PRODUCTS, LLC AND DEMAND FOR JURY TRIAL**

Van Over brings this Cross-Claim against <u>COLLINS & AIKMAN, LLC</u>, a Delaware limited liability company ("Cross-Claimant"), pursuant to Rule 13 of the Federal Rules of Civil Procedure, as follows:

**DESCRIPTION OF ACTION**

1. Plaintiffs filed in the United States District Court for the Eastern District of California, a Complaint against Van Over, pursuant to the Federal Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), 42 U.S.C. §§ 9601 <u>et seq</u>.

2. Van Over denies that it is liable to Plaintiffs and denies that Plaintiffs is entitled to any relief against Van Over as requested or otherwise.

3. Van Over's Cross-Claim is being filed and served in accordance with Rule 13(a) of the Federal Rules of Civil Procedure.

**PARTIES**

4. Based on information and belief, Van Over realleges the averments contained in the Complaint as they relate to the capacity of the Cross-Claimants as though fully alleged herein.

**JURISDICTION**

5. Jurisdiction over this action is based on 28 U.S.C. Section 1331 and on 42 U.S.C. section 9613(b). This suit is brought under CERCLA and arises out of contamination at and subject property. Jurisdiction of state law claims is based upon 28 U.S.C. Section 1367(a). These state law claims are so related to the federal claims in this action that they form part of the same case or controversy under Article III of the United States Constitution.

**VENUE**

6. Venue is proper in this Court pursuant to 28 U.S.C. section 1391(b) and 42 U.S.C. section 9613(b) because the alleged acts and omissions relate to hazardous waste and hazardous substances in the environment and emanating from property located in this District.

907480

**FACTUAL ALLEGATIONS**

7. Plaintiffs allege that the Site is a "facility" as defined by CERCLA. Therefore, on information and belief, Van Over also alleges that the Site is a "facility" as defined by CERCLA.

8. Van Over is informed and believes, and on that basis alleges, that Cross-Claimants are individually and collectively a "person," as that term is defined in 42 U.S.C. § 9601(21).

9. Van Over is informed and believes, and on that basis alleges, that Cross-Claimants are individually and collectively are an "owner and operator" as that term is defined in 42 U.S.C. § 9601(20), of the Site and that hazardous substances have been disposed at the Site during Plaintiffs' ownership.

10. Van Over is informed and believes, and on that basis alleges, that Cross-Claimants operations at the Site led to the "release" or "threatened release," as that term is defined in 42 U.S.C. § 9601(22), of "hazardous substances," as that term is defined in 42 U.S.C. § 9601(14), to the soil and groundwater underlying the Site.

11. Van Over is informed and believes, and on that basis alleges, that during the course of its operations at the Site, Cross-Claimants individually and collectively arranged for the disposal of hazardous substances to the soil, groundwater, and surface water of the Site.

12. As a result of this release or threatened release, Van Over may incur response costs for remediation at the Site.

**FIRST CLAIM FOR RELIEF**

**(Contribution pursuant to CERCLA § 113(f))**

13. Van Over refers to and realleges paragraphs 1 through 24 of this Cross-Claim and incorporates them herein by reference.

14. Van Over did not contribute the alleged contamination at the Site.

15. Van Over is informed and believes and thereon alleges that the alleged contamination to the Site was contributed to or caused by the acts or omissions of Cross-Claimants.

16. To the extent any party has incurred recoverable response costs pursuant to CERCLA § 107(a), 42 U.S.C. § 9607(a), and asserts liability for some or all of those costs

907480

1 against Van Over pursuant to CERCLA § 107(a), 42 U.S.C. § 9607(a), or asserts a contribution
2 claim against Van Over for such costs incurred by another party pursuant to CERCLA
3 § 113(f)(1), 42 U.S.C. § 9613(f)(1), Van Over is entitled to one hundred percent (100%)
4 contribution, or contribution in such other percentage as this Court deems appropriate, pursuant
5 to CERCLA § 113(f)(1), 42 U.S.C. § 9613(f)(1), from Cross-Claimants.

## SECOND CLAIM FOR RELIEF
### (Declaratory Relief under Federal Law)

8   17.   Van Over refers to and realleges paragraphs 1 through 16 of this Cross-Claim and
9 incorporates them herein by reference.
10   18.   A dispute has arisen and an actual controversy exists between Van Over and the
11 other parties in that the other parties claim that Van Over is obligated to indemnify them for all
12 future damages and costs that may be suffered by it as a result of the contamination of the Site
13 or, in the alternative, to contribute and reimburse them for such damages and costs, including
14 costs or damages awarded in legal or administrative actions, costs of compliance with any
15 judicial or administrative order, and costs of litigation including attorneys' fees.
16   19.   Substantial costs will be incurred by Van Over over time and after conclusion of
17 this action.  Unless declaratory relief is granted, it will be necessary for Van Over to commence
18 many successive actions against other parties in order to secure compensation for the costs
19 incurred and damages sustained, thus requiring a multiplicity of suits.
20   20.   Van Over is entitled to and hereby seeks a declaratory judgment, pursuant to
21 CERCLA § 113(g)(2), 42 U.S.C. § 9613(g)(2), of Cross Claimants liability to Van Over for all
22 Response Costs incurred or to be incurred by Van Over for the Site and for responding to the
23 Releases and threatened Releases of wastes and adverse environmental consequences at issue
24 herein.
25   21.   Van Over is entitled to, and hereby seeks, a judicial determination pursuant to the
26 Federal Declaratory Relief Act, 28 U.S.C. § 2201, of Van Over's right to reimbursement from
27 and indemnification by Plaintiffs for all costs, jointly and severally, which Van Over may incur
28 resulting from Cross-Claimants' contribution to Release of wastes into the environment.

907480

**THIRD CLAIM FOR RELIEF**

**(Negligence)**

22.   Van Over refers to and realleges paragraphs 1 through 21 of this Cross-Claim and incorporates them herein by reference.

23.   Cross-Claimants had a duty of care not to dispose of its wastes in a negligent manner so as to damage Van Over.

24.   Van Over is informed and believes, and thereon alleges, that Cross-Claimants negligently disposed of wastes, or allowed such disposal, so as to cause the contamination of the Site and the environment, including the surface and sub-surface soils at and groundwater beneath and adjacent to the Site.  This harm was reasonably foreseeable to Cross-Claimants.

25.   Van Over is informed and believes, and thereon alleges, that Cross-Claimants acts and omissions in managing and maintaining the Site were negligent; that these same acts and omissions proximately caused contamination of the soil and groundwater in, at, around, and underlying the Site; that these same acts and omissions have exacerbated and increased the cost of remediating said contamination; and that Cross-Claimants, for these reasons, breached its duty to Van Over.

26.   As a result of Cross-Claimants acts and omissions, Van Over has been damaged as alleged herein.

**FOURTH CLAIM FOR RELIEF**

**(Declaratory Relief Under State Law)**

27.   Van Over refers to and realleges paragraphs 1 through 26 of this Cross-Claim and incorporates them herein by reference.

28.   Van Over is informed and believes, and on that basis alleges, that all legal liability, whether arising from federal or state statutory law, or from common law, which may in the future be asserted by any entity or individual, arising from or related to the contamination of and at the Site, as alleged, is the sole and actual and/or joint and several liability of Plaintiffs. Therefore, Van Over is entitled to a judicial declaration that Cross-Claimants is liable to indemnify Van Over for all future damages and costs that may be suffered by Van Over as a

907480

result of the contamination at the Site or, in the alternative, that Cross-Claimants are liable to contribute to and reimburse Van Over for such damages and costs including, without limitation, costs or damages awarded in legal or administrative actions, costs of compliance with any judicial or administrative order, and costs of litigation including attorneys' fees.

## FIFTH CLAIM FOR RELIEF
### (Equitable Indemnification)

29. Van Over realleges paragraphs 1 through 28 of this Cross-Claim and incorporates them herein by reference.

30. As a direct and proximate result of Cross-Claimants acts or omissions, Van Over has been required to act in the protection of its own interests by defending against the Complaint filed in this action and bringing this Cross-Claim.

31. Van Over is without fault with respect to the matters alleged in the Complaint, and any other claim or action arising directly or indirectly from the alleged contamination of the soil and/or groundwater in, at, around, and underlying the Site. To the extent Van Over has any liability for any relief sought in any judicial or administrative proceedings brought against them by any persons or entities with regard to the alleged contamination of the soil and/or groundwater in, at, around, and underlying the Site, including without limitation, the pending Complaint, such liability is purely secondary, imputed, vicarious or technical, and primary liability attaches to Plaintiffs and is attributable to Cross-Claimants acts or omissions.

32. Van Over is informed and believes and thereon further alleges that Cross-Claimants are responsible to indemnify Van Over for any liability arising from Cross-Claimants acts or omissions. Van Over further alleges that the liabilities of Cross-Claimants are either total or partial. If total, Van Over is entitled to total indemnity from Cross-Claimants for any liability that may be assessed against Van Over arising directly or indirectly from contamination of the soil and/or groundwater in, at, around, and underlying the Site. If partial, Cross-Claimants are in some manner partially responsible for said liability and in equity must reimburse Van Over for any liability assessed by the Court, based on Cross-Claimants own fault for alleged liability

907480

arising directly or indirectly from contamination of the soil and/or groundwater in, at, around, and underlying the Site.

### SIXTH CLAIM FOR RELIEF
### (Contribution)

33. Van Over realleges paragraphs 1 through 32 of this Cross-Claim and incorporates them herein by reference.

34. Van Over denies all liability with respect to the alleged contamination of the soil and/or groundwater in, at, around, and underlying the Site. However, Plaintiffs have alleged that Van Over is liable under a variety of legal theories. To the extent that Van Over may have any liability for any relief sought in any judicial or administrative proceedings brought against it in by any persons or entities with regard to contamination of the soil and/or groundwater in, at, around and underlying the Site, including without limitation, the Complaint, Cross-Claimants are liable to Van Over for contribution for all costs, expenses or damages incurred or awarded in legal or administrative actions, clean-up costs, attorneys' fees and consultants' fees, and costs of litigation.

WHEREFORE, Van Over prays as follows:

1. For contribution under CERCLA section 113(f), 42 U.S.C. section 9613(f), from Plaintiffs, if the Court concludes that Van Over is liable under CERCLA;

2. For recovery from Cross-Claimants for all response costs that will be incurred by Van Over in response to the release and threatened release of hazardous substances at the Site and in the enforcement of CERCLA's statutory liability scheme, according to proof at trial;

3. For a declaration that Plaintiffs is obligated to pay to Van Over all future response costs and any other costs incurred by Van Over hereafter in response, removal or remediation efforts incurred;

4. For incidental and consequential damages according to proof;

5. For pre-judgment interest at the legal rate;

6. For all costs of suit incurred herein;

7. For such other and further relief as this Court deems just and proper.

907480

1 | DEMAND FOR JURY TRIAL

2 |   Van Over demands a jury trial on all applicable issues.

3 | Date: January 7, 2015

4 |             DAVID VAN OVER

5 |            By: /s/ David van Over

6 |             David Van Over

907480