KAMALA D. HARRIS, State Bar No. 146672
Attorney General of California
SARAH E. MORRISON, State Bar No. 143459
Supervising Deputy Attorney General
LAURA J. ZUCKERMAN, State Bar No. 161896
THOMAS G. HELLER, State Bar No. 162561
Deputy Attorneys General
 1515 Clay Street, 20th Floor
 Oakland, CA 94612
 Telephone: (510) 622-2174
 Fax: (510) 622-2270
 E-mail: Laura.Zuckerman@doj.ca.gov
*Attorneys for Plaintiffs California
Department of Toxic Substances Control and Toxic
Substances Control Account*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| **CALIFORNIA DEPARTMENT OF TOXIC SUBSTANCES CONTROL and the TOXIC SUBSTANCES CONTROL ACCOUNT,**<br><br>Plaintiffs,<br><br>v.<br><br>**JIM DOBBAS, INC., a California corporation; CONTINENTAL RAIL, INC., a Delaware corporation; DAVID VAN OVER, individually; PACIFIC WOOD PRESERVING, a dissolved California corporation; WEST COAST WOOD PRESERVING, LLC., a Nevada limited liability company; and COLLINS & AIKMAN PRODUCTS, LLC, a Delaware limited liability company,**<br><br>Defendants.<br><br>**AND RELATED COUNTERCLAIMS AND CROSS-CLAIMS** | Case No. 2:14-cv-00595-WBS-EFB<br><br>**DECLARATION OF LAURA J. ZUCKERMAN IN SUPPORT OF PLAINTIFFS' OPPOSITION TO MOTION FOR SUMMARY JUDGMENT BY DEFENDANT WEST COAST WOOD PRESERVING, LLC**<br><br>Date: March 9, 2015<br>Time: 2:00 p.m.<br>Place: Courtroom 5, 14th Floor<br>   501 I Street<br>   Sacramento, CA 95814<br>Trial: January 4, 2017<br><br>Action Filed: March 3, 2014 |

I, Laura J. Zuckerman, declare:

1. I am a Deputy Attorney General with the California Department of Justice, Office of the Attorney General. In that capacity, I am one of the attorneys for plaintiffs California Department of Toxic Substances Control and the Toxic Substances Control Account (together, "DTSC") in this action. Except where stated on information and belief, I have personal knowledge of the facts stated herein, and, if called to do so, could and would testify competently thereto.

2. Attached as Exhibit 1 is a true and correct copy of a document dated June 2, 1972, concerning a Pacific Wood Preserving Corporation Board of Directors meeting that defendant West Coast Wood Preserving, LLC ("WCWP") produced to DTSC on January 15, 2015, in response to a DTSC document request.

3. Attached as Exhibit 2 is a true and correct copy of a document dated June 11, 1974, concerning a Pacific Wood Preserving Corporation Board of Directors meeting that WCWP produced to DTSC on January 15, 2015, in response to a DTSC document request.

4. Attached as Exhibit 3 is a true and correct copy of a document dated November 27, 1974, concerning a Pacific Wood Preserving Corporation Board of Directors meeting that WCWP produced to DTSC on January 15, 2015, in response to a DTSC document request.

5. Attached as Exhibit 4 is a true and correct copy of a document dated April 14, 1977, concerning a Pacific Wood Preserving Corporation Board of Directors meeting that WCWP produced to DTSC on January 15, 2015, in response to a DTSC document request.

6. Attached as Exhibit 5 is a true and correct copy of an Addendum to Purchase Agreement dated September 12, 1979, that WCWP produced to DTSC on January 15, 2015, in response to a DTSC document request.

7. Attached as Exhibit 6 is a true and correct copy of a letter from Pacific Wood Preserving Corporation to Safeco Title Insurance Company, dated September 26, 1979, that WCWP produced to DTSC on January 15, 2015, in response to a DTSC document request.

8. Attached as Exhibit 7 is a true and correct copy of WCWP's responses, served on January 15, 2015, to DTSC's Interrogatories (Set One) to WCWP.

2

DECL. OF LAURA J. ZUCKERMAN IN SUPPORT OF PLS.' OPPOSITION TO MOTION FOR SUMMARY JUDGMENT BY DEF. WEST COAST WOOD PRESERVING, LLC (2:14-cv-00595-WBS-EFB)

9.      Attached as Exhibit 8 is a true and correct copy of an online obituary for Richard F. Jackson from March 2012.

10.     Attached as Exhibit 9 is a true and correct copy of a Pacific Wood Preserving Companies brochure that WCWP produced to DTSC on January 15, 2015, in response to a DTSC document request.

11.     Attached as Exhibit 10 is a true and correct copy of DTSC's Interrogatories (Set One) to WCWP, served on December 19, 2014.

12.     Attached as Exhibit 11 is a true and correct copy of DTSC's Request for Production (Set One) to WCWP, served on December 19, 2014.

13.     Attached as Exhibit 12 is a true and correct copy of WCWP's responses, served on January 15, 2015, to DTSC's Request for Production (Set One) to WCWP.

14.     DTSC requests that the Court deny WCWP's motion for summary judgment or defer considering it under Federal Rule of Civil Procedure 56(d). The fact discovery cutoff to which WCWP stipulated is over a year away, and there are specific facts that DTSC seeks from further discovery that are essential to oppose summary judgment on successor liability. The facts include more information about defendant Pacific Wood Preserving's ("PWP's") relationship to Pacific Wood Preserving of Bakersfield Inc. ("PWP-B"), WCWP's corporate predecessor, when PWP was winding down and PWP-B was starting. The sought-after facts concern not just PWP's post-dissolution transfer of its Bakersfield property to PWP-B in 1981, but also its transfer to PWP-B of the proceeds of PWP's 1979 sale of its Elmira operations and property. The facts also include information about what consideration, if any, PWP-B gave to PWP to use the Bakersfield property between 1979 and 1981, which is when PWP finally deeded it to PWP-B. The facts sought also include more information on PWP's and Mr. Jackson's ownership of PWP-B. All of these facts are relevant to WCWP's liability as PWP's successor.

15.     I am informed and believe that in 2010 PWP-B's website stated that the proceeds from the sale of the Elmira facility were used to start PWP-B's business in Bakersfield. (*See* MacNicholl Decl. ¶ 10, Ex. 6 at 29.) DTSC should be permitted to discover facts about what consideration, if any, was given for the transfer of these proceeds from PWP to PWP-B, and how

3

the transfer occurred.  As to the transfer of the Bakersfield property from PWP to PWP-B in September 1981, WCWP's documents state that it occurred almost two years after PWP certified it had already dissolved (WCWP Request for Judicial Notice ("WCWP RJN") Ex. H), and the grant deed states that the transfer was subject to no documentary transfer tax, suggesting minimal or no consideration.  (WCWP RJN Ex. M.)  DTSC should be permitted to discover facts about what consideration, if any, was given for this transfer.

16.   WCWP provides no evidence that PWP-B gave PWP any consideration to use PWP's Bakersfield property from 1979 until 1981, when PWP finally deeded it to PWP-B.  DTSC should be permitted to discover facts about whether any consideration was given for that use.  DTSC also should be permitted to discover more facts about PWP's and Mr. Jackson's ownership of PWP-B.  WCWP's interrogatory responses indicate that PWP owned PWP-B shares at the time of PWP-B's formation, and then transferred those shares to Mr. Jackson in September 1980.  According to WCWP's summary judgment motion, Mr. Jackson was the President and a board member of both companies, the sole shareholder of PWP, and the "majority shareholder" of PWP-B after that transfer.  (*See* WCWP Mot. at 21.)  Additional discovery about PWP-B's ownership is necessary to evaluate continuity of ownership between PWP and PWP-B.

17.   DTSC believes that more facts exist about PWP's transfers of assets to PWP-B than those WCWP has disclosed in its motion and supporting papers.  WCWP says nothing about the use of the proceeds of PWP's Elmira sale to start PWP-B's business in Bakersfield, or about why PWP certified it dissolved in 1979 when it still owned the Bakersfield property, which PWP-B was using.  DTSC also believes that more facts must exist about PWP's deed of that property to PWP-B in 1981, almost two years after PWP had certified it was dissolved.  Additional facts about the transfer of PWP-B shares from PWP to Mr. Jackson should also be ascertainable.

18.   All of these sought-after facts are essential to oppose WCWP's motion for summary judgment, because they are all relevant to WCWP's liability as PWP's successor.  Inadequate consideration for a transfer of assets is relevant to whether the receiving corporation is the successor of the transferring corporation as a "mere continuation" of the transferor.  *Ray v. Alad Corp*, 19 Cal. 3d 22, 28-29 (1977); *see also Atchison, Topeka & Santa Fe Ry. Co. v. Brown &*

4

*Bryant, Inc.*, 159 F.3d 358, 362 (9th Cir. 1997) (successor liability rules under CERCLA "mirror" traditional rules of most states, including California). Continuity of ownership between the corporations is also relevant to this form of successor liability. *Ray*, 19 Cal. 3d at 29; *Cleveland v. Johnson*, 209 Cal. App. 4th 1315, 1334 (2012).

19. After receiving WCWP's summary judgment motion on December 15, 2014, DTSC served document requests and interrogatories regarding the sought-after facts on December 19, 2014. WCWP served responses, objections, and over 300 pages of documents on January 15, 2015, and produced more documents on January 21, 2015. The documents include corporate minutes, stock certificates, and a PWP-B stock transfer ledger. The responses and documents provide some of the sought-after information, but DTSC needs more time to supplement that discovery with depositions or interviews of witnesses with knowledge of the relationship between PWP and PWP-B.

20. Based on the responses and documents, DTSC asked WCWP's counsel for available dates to depose Stephen Ryan, WCWP's main declarant on the motion, along with Darrel Nicholas, whom WCWP's discovery responses state was one of PWP-B's initial directors, its Vice President, and a minority shareholder. WCWP's counsel represents both of these witnesses. DTSC deposed Mr. Ryan yesterday, on February 19, 2015, which was the first day that WCWP's counsel said he was available. DTSC has not been able to depose Mr. Nicholas. According to WCWP's counsel, he resides somewhere in Mississippi but is currently outside the continental United States. Another witness that DTSC seeks to depose or interview is Marjorie Moore, whom WCWP's documents indicate was PWP's Secretary and a Board of Directors member when that company certified in December 1979 that it was dissolved. WCWP's discovery responses provide no address or telephone information for her, and DTSC needs more time to contact and interview or depose her.

I declare under penalty of perjury that the foregoing is true and correct. Executed on February 20, 2015, at Oakland, California.

*Laura J. Zuckerman*