Exhibit 7

1  Lester O. Brown, Bar No. 160828
   LBrown@perkinscoie.com
2  Thomas M. McMahon, Bar No. 106074
   TMcmahon@perkinscoie.com
3  PERKINS COIE LLP
   1888 Century Park East, Suite 1700
4  Los Angeles, CA  90067-1721
   Telephone:  310.788.9900
5  Facsimile:  310.788.3399

6  Attorneys for Defendant
   West Coast Wood Preserving, LLC
7

8                 UNITED STATES DISTRICT COURT

9                 EASTERN DISTRICT OF CALIFORNIA

10

11  CALIFORNIA DEPARTMENT OF              Case No. 2:14-cv-00595-WBS-EFB
    TOXIC SUBSTANCES CONTROL, et
12  al.,                                  **DEFENDANT WEST COAST
                                          WOOD PRESERVING, LLC'S
13                 Plaintiffs,            RESPONSES TO PLAINTIFFS'
                                          CALIFORNIA DEPARTMENT OF
14       v.                               TOXIC SUBSTANCES CONTROL
                                          AND TOXIC SUBSTANCES
15  JIM DOBBAS, INC., et al.,             CONTROL ACCOUNT'S
                                          INTERROGATORIES (SET ONE)**
16                 Defendants.

17
    AND RELATED COUNTERCLAIMS
18  AND CROSS-CLAIMS

19

20  PROPOUNDING PARTY:        Plaintiffs California Department of Toxic

21                            Substances Control and the Toxic Substances

22                            Control Account

23  RESPONDING PARTY:         Defendant West Coast Wood Preserving LLC

24  SET NUMBER:               One

25

26

27

28

                                          13-CV-05662-RGK (Ex)
                                          LEGAL124778357.1

1       Pursuant to Federal Rule of Civil Procedure 33, Defendant West Coast Wood

2 Preserving, LLC ("WCWP") hereby objects and responds to Plaintiffs California

3 Department of Toxic Substances Control and the Toxic Substances Control

4 Account (collectively "DTSC")'s Interrogatories, Set One.

5       Investigation and discovery on behalf of WCWP are continuing and are not

6 complete.  These responses are based upon the investigation and discovery

7 conducted to date and are not intended as a complete summary of facts upon which

8 WCWP will rely at trial.  As discovery proceeds, witnesses, facts, and evidence

9 may be discovered which are not set forth herein but which may be responsive to

10 one or more of the interrogatories set forth below.  WCWP expressly reserves the

11 right to supplement the following responses or to offer at trial or other proceedings

12 in this action further or different information or evidence concerning matters

13 inquired into by the interrogatories which are subsequently discovered.  In addition,

14 facts and evidence now known may be imperfectly understood and, in good faith,

15 may not be included in these responses.  WCWP reserves all rights to conduct

16 discovery with reference to, or offer into evidence at trial or other proceedings in

17 this action, any and all witnesses, facts, and evidence, notwithstanding the absence

18 of references to such witnesses, facts and evidence herein.  In addition, WCWP has

19 not presently designated any expert witness to testify at trial and expressly reserves

20 the right to proffer expert testimony on the matters addressed by these

21 interrogatories, notwithstanding the absence of reference to the subject matter of

22 such testimony in these responses.

23 **GENERAL OBJECTIONS**

24     1.     WCWP objects to each interrogatory to the extent that it calls for

25 information or documents protected from discovery or disclosure by the attorney-

26 client privilege or work-product doctrine.

27

28

-2-

1    2.    WCWP objects to each interrogatory to the extent it purports to impose

2  upon Plaintiffs obligations beyond those imposed under the Federal Rules of Civil

3  Procedure.

4    3.    WCWP objects to each interrogatory to the extent it purports to require

5  WCWP to provide information contained in documents already produced in this

6  litigation.

7    4.    WCWP objects to each interrogatory to the extent it seeks information

8  equally available to DTSC from third-parties.

9    5.    WCWP objects to each interrogatory to the extent it seeks discovery or

10  disclosure of confidential proprietary information.

11    Without waiving these objections, which are incorporated by reference into

12  each specific response set forth below, WCWP responds to the interrogatories as

13  follows.

14

15  **INTERROGATORY NO. 1:**

16    Identify (by name, address, phone number, and percentage of interest) all

17  stockholders of defendant Pacific Wood Preserving, a dissolved California

18  corporation ("PWP"), from its formation through its dissolution

19  **RESPONSE 1:**

20    WCWP specifically incorporates by reference its General Objections.

21  WCWP further objects to this interrogatory on the ground that it is compound.

22  WCWP further objects to this interrogatory on the ground that it is overbroad.

23  WCWP further objects to this interrogatory to the extent it erroneously assumes that

24  WCWP is a successor to, or the continuation of, PWP.  WCWP will respond to this

25  interrogatory concerning PWP only upon information and belief.  WCWP further

26  objects to this interrogatory on the ground that it is unduly burdensome and

27  oppressive.  PWP was dissolved almost 35 years ago, its majority shareholder is

28  deceased and the requested information is extremely difficult to reconstruct.

-3-

1   Subject to and without waiving the foregoing objections, WCWP responds as
2   follows.  Information sought by this interrogatory can be compiled from documents
3   produced in this action, including the PWP board minutes being produced herewith
4   and the corporate filings of PWP previously produced by  DTSC or WCWP in
5   initial disclosures, document productions or summary judgment papers.  Pursuant to
6   Fed.R.Civ. P.33(d), WCWP refers DTSC to those documents.  Upon information
7   and belief, Richard Jackson and Everett Johnston were the majority and minority
8   stockholders, respectively, in PWP at the time of its formation.  Upon information
9   and belief, Richard Jackson held a 100% interest in PWP at the time of its
10  dissolution.  Richard Jackson is deceased.  WCWP does not have current contact
11  information for Everett Johnston.  WCWP is unaware of the identity, contact
12  information and percentage interests of any other stockholders of PWP.
13  **INTERROGATORY NO. 2:**
14  Identify (by name, address, phone number, and percentage of interest) all
15  stockholders of Pacific Wood Preserving of Bakersfield Inc., a Nevada corporation
16  ("PWP-B"), from its formation until its conversion into WCWP.
17  **RESPONSE 2:**
18  WCWP specifically incorporates by reference its General Objections.
19  WCWP further objects to this interrogatory on the ground that it is compound.
20  WCWP further objects to this interrogatory on the ground that it is overbroad.
21  WCWP further objects to this interrogatory on the ground that it is unduly
22  burdensome and oppressive.
23  Subject to and without waiving the foregoing objections, WCWP responds as
24  follows.  Information sought by this interrogatory can be compiled from documents
25  produced in this action, including the PWP-B stock certificates and board minutes
26  being produced herewith, and the corporate filings of PWP-B previously produced
27  by DTSC or WCWP in initial disclosures, document productions or summary
28  judgment papers.  Pursuant to Fed. R. Civ. P. 33(d), WCWP refers DTSC to those

-4-

13-CV-05662-RGK (Ex)
LEGAL124778357.1

1  documents.  At the time of its formation, the stockholders of PWP-B were PWP,

2  Frank Boge, Darrell Nicholas, Alejandro Saucedo and Jeffrey Rodgers.  However,

3  the PWP-B shares held by PWP were transferred to Richard Jackson on September

4  11, 1980.  Upon information and belief, the foregoing stockholders are either

5  dissolved (PWP) or deceased (the individuals), with the exception of Darrel

6  Nicholas who is represented by, and can be contacted through, WCWP's counsel.

7  The identity, contact information and percentage interests of all stockholders of

8  PWP-B prior to the date it was converted to WCWP are not relevant to the subject

9  matter of this action, nor reasonably calculated to lead to the discovery of

10  admissible evidence.

11  **INTERROGATORY NO. 3:**

12       Identify (by name, address, phone number, position, and dates of service) all

13  officers of PWP from its formation through its dissolution.

14  **RESPONSE 3:**

15       WCWP specifically incorporates by reference its General Objections.

16  WCWP further objects to this interrogatory on the ground that it is compound.

17  WCWP further objects to this interrogatory on the ground that it is overbroad.

18  WCWP further objects to this interrogatory to the extent it erroneously assumes that

19  WCWP is a successor to, or the continuation of, PWP.  WCWP will respond to this

20  interrogatory concerning PWP only upon information and belief.  WCWP further

21  objects to this interrogatory on the ground that it is unduly burdensome and

22  oppressive.  PWP was dissolved almost 35 years ago, its majority shareholder is

23  deceased and the requested information is extremely difficult to reconstruct.

24       Subject to and without waiving the foregoing objections, WCWP responds as

25  follows.  Information sought by this interrogatory can be compiled from documents

26  produced in this action, including the corporate filings and board minutes of PWP.

27  Pursuant to Fed. R. Civ. P. 33(d), WCWP refers DTSC to those documents.  Upon

28  information and belief, Everett L. Johnston, President, Richard E. Jackson, Vice-

-5-

13-CV-05662-RGK (Ex)
LEGAL124778357.1

1   President, Carolyn Johnston, Secretary and Joan Jackson, Treasurer, were officers

2   of PWP at the time of its formation.  Upon information and belief, Gary Jackson,

3   Charles Wood, and Marjorie Moore later served as officers of PWP.  Upon

4   information and belief, Richard Jackson, President and Marjorie Moore, Secretary,

5   were the officers of PWP at the time of its dissolution.  Richard Jackson is

6   deceased.  Joan Jackson can be reached at (530) 601-8474 and at 3312 Canoe Place,

7   Davis, California, 95616.  WCWP does not have current contact information for

8   Everett and Carolyn Johnston, Charles Wood, Gary Jackson or Marjorie Moore.

9   WCWP is not aware of the identity, position, contact information and dates of

10  service of any other officers of PWP.

11  **INTERROGATORY NO. 4:**

12          Identify (by name, address, phone number, position, and dates 'of service) all

13  officers of PWP-B from its formation until its conversion into WCWP.

14  **RESPONSE 4:**

15          WCWP specifically incorporates by reference its General Objections.

16  WCWP further objects to this interrogatory on the ground that it is compound.

17  WCWP further objects to this interrogatory on the ground that it is overbroad.

18  WCWP further objects to this interrogatory on the ground that it is unduly

19  burdensome and oppressive.

20          Subject to and without waiving the foregoing objections, WCWP responds as

21  follows.  Information sought by this interrogatory can be compiled from documents

22  produced in this action, including the PWP-B board minutes produced herewith.

23  Pursuant to Fed. R. Civ. P. 33(d), WCWP refers DTSC to those documents.  The

24  following persons were officers of PWP-B between 1978 and 1984:

25          <u>1978</u>

26          Richard F. Jackson - President

27          Darrell Nicholas- Vice President

28          Jeffrey Rodgers- Secretary

-6-

1   Gary Jackson- Treasurer

2   <u>1980</u>

3   Richard F. Jackson - President

4   Darrell Nicholas- Vice President

5   Jeffrey Rodgers- Secretary/Treasurer

6   Olivia Joy Dewett- Assistant Secretary

7   <u>1981</u>

8   Richard F. Jackson - President

9   Darrell Nicholas- Vice President

10   Jeffrey Rodgers- Secretary/Treasurer

11   Stephen K. Ryan- - Assistant Secretary

12   Olivia Joy Dewett- Assistant Secretary

13   <u>1982</u>

14   Richard F. Jackson - President

15   Darrell Nicholas- Vice President

16   Stephen K. Ryan- Secretary/Treasurer

17   Olivia Joy Dewett- Assistant Secretary

18   <u>1983</u>

19   Richard F. Jackson - President

20   Darrell Nicholas- Vice President

21   Stephen K. Ryan- Secretary/Treasurer

22   Olivia Joy Dewett- Assistant Secretary

23   <u>1984</u>

24   Richard F. Jackson - President

25   Darrell Nicholas- Vice President

26   Frank Boge- Vice President

27   Stephen K. Ryan- Vice President

28   Lynn Shurtliff- Vice President

-7-

1     Stephen K. Ryan-Secretary/Treasurer

2     Stephen K. Ryan and Darrell Nicholas are represented by, and can be

3     contacted through, WCWP's counsel.  Richard Jackson is deceased.  Upon

4     information and belief, Jeffrey Rodgers and Frank Boge are deceased.  WCWP is

5     not aware of current contact information for the remaining officers identified.

6     The identity, position, contact information and dates of service of all other

7     officers of PWP-B prior to the date of its conversion to WCWP is not relevant to

8     the subject matter of this action nor reasonably calculated to lead to the discovery

9     of admissible evidence.

10    **INTERROGATORY NO. 5:**

11    Identify (by name, address, phone number, position, and dates of service) all

12    directors of PWP from its formation through its dissolution.

13    **RESPONSE 5:**

14    WCWP specifically incorporates by reference its General Objections.

15    WCWP further objects to this interrogatory on the ground that it is compound.

16    WCWP further objects to this interrogatory on the ground that it is overbroad.

17    WCWP further objects to this interrogatory to the extent it erroneously assumes that

18    WCWP is a successor to, or the continuation of, PWP.  WCWP will respond to this

19    interrogatory concerning PWP only upon information and belief.  WCWP further

20    objects to this interrogatory on the ground that it is unduly burdensome and

21    oppressive.  PWP was dissolved almost 35 years ago, its majority shareholder is

22    deceased and the requested information is extremely difficult to reconstruct.

23    Subject to and without waiving the foregoing objections, WCWP responds as

24    follows.  Information sought by this interrogatory can be compiled from documents

25    produced in this action, including the PWP board minutes and corporate filings.

26    Pursuant to Fed. R. Civ. P. 33(d), WCWP refers DTSC to those documents.  Upon

27    information and belief, at the time of its formation, the directors of PWP were

28    Everett Johnston, Richard Jackson, Carolyn Johnston and Joan Jackson.  Upon

-8-

1  information and belief, at the time of its dissolution, the directors of PWP were

2  Richard Jackson, Marjorie Moore and Joan Jackson.  Richard Jackson is deceased.

3  Joan Jackson can be reached at (530) 601-8474 and at 3312 Canoe Place, Davis,

4  California 95616.  WCWP does not have current contact information for Everett

5  and Carolyn Johnston or Marjorie Moore.  WCWP is unaware of the identity,

6  position, contact information and dates of service of any other directors of PWP.

7  **INTERROGATORY NO. 6:**

8      Identify (by name, address, phone number, position, and dates of service) all

9  directors of PWP-B from its formation until its conversion into WCWP.

10  **RESPONSE 6:**

11      WCWP specifically incorporates by reference its General Objections.

12  WCWP further objects to this interrogatory on the ground that it is compound.

13  WCWP further objects to this interrogatory on the ground that it is overbroad.

14  WCWP further objects to this interrogatory on the ground that it is unduly

15  burdensome and oppressive.

16      Subject to and without waiving the foregoing objections, WCWP responds as

17  follows.  Information sought by this interrogatory can be compiled from documents

18  produced in this action, including the PWP-B board minutes.  Pursuant to Fed. R.

19  Civ. P. 33(d), WCWP refers DTSC to those documents.  Between 1978 and 1984,

20  the following persons were directors of PWP-B:

21      <u>1978</u>

22      Richard Jackson

23      Frank E. Boge

24      Darrell D. Nicholas

25      Alejandro Saucedo

26      Jeffrey Rodgers

27

28

-9-

13-CV-05662-RGK (Ex)
LEGAL124778357.1

1    11-3-1978 resigned as director

2    John A. Doerst

3    Stephen Hollingsworth

4    George J. Siegel

5    <u>1980</u>

6    Richard Jackson

7    Frank E. Boge

8    Darrell D. Nicholas

9    Alejandro Saucedo

10   Jeffrey Rodgers

11   <u>1981</u>

12   Richard Jackson

13   Frank E. Boge

14   Darrell D. Nicholas

15   Alejandro Saucedo

16   Jeffrey Rodgers

17   <u>1982</u>

18   Richard Jackson

19   Frank E. Boge

20   Darrell D. Nicholas

21   Stephen Ryan

22   Alejandro Saucedo

23   Jeffrey Rodgers

24   <u>1983</u>

25   Richard Jackson

26   Frank E. Boge

27   Darrell D. Nicholas

28   Stephen Ryan

-10-

1   Alejandro Saucedo

2   Jeffrey Rodgers

3   <u>1984</u>

4   Richard Jackson

5   Frank E. Boge

6   Darrell D. Nicholas

7   Stephen Ryan

8   Lynn Shurtliff

9       Darrell Nicholas and Stephen Ryan are represented by, and can be contacted

10   through, WCWP's counsel.  Richard Jackson is deceased.  Upon information and

11   belief, Jeffrey Rodgers, Frank Boge and Alejandro Saucedo are deceased.  WCWP

12   does not have current contact information for the remaining directors identified.

13       The identity, position, contact information and dates of service of any other

14   directors of PWP-B prior to the date of its conversion to WCWP is not relevant to

15   the subject matter of this action, nor reasonably calculated to lead to the discovery

16   of admissible evidence.

17   **INTERROGATORY NO. 7:**

18       Identify (by name, address, and phone number) each member of the "group

19   of investors [who in 1978] approached Richard Jackson about forming a new

20   company to provide wood treatment and preserving services to the growing

21   Bakersfield market," as asserted in paragraph 18 of Stephen K. Ryan's declaration

22   (Docket No. 79-2).

23   **RESPONSE 7:**

24       WCWP specifically incorporates by reference its General Objections. Subject

25   to and without waiving the foregoing objections, WCWP responds as follows.

26       Frank Boge, Darrell Nicholas, Alejandro Saucedo and Jeffrey Rodgers.

27   Upon information and believe, all are deceased except Darrell Nicholas, who is

28   represented by, and can be contacted through, WCWP's counsel.

-11-

13-CV-05662-RGK (Ex)
LEGAL124778357.1

1

2    DATED:  January 15, 2015               **PERKINS COIE** LLP

3

4                                           By:
                                                Lester O. Brown
5
                                            Attorneys for Defendant Cross-Defendant,
6                                           Cross-Claimant and Counterclaimant West
                                            Coast Wood Preserving LLC
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                -12-

                                                    13-CV-05662-RGK (Ex)
                                                    LEGAL124778357.1

**VERIFICATION**

I, Alan Jackson, declare:

I am an officer of West Coast Wood Preserving, LLC ("WCWP"), one of the Defendants in this action. I am authorized to make this verification on its behalf. I have read the interrogatories, set one, of Plaintiffs California Department of Toxic Substances Control and the Toxic Substances Control Account, as well as WCWP's responses to those interrogatories. Not all of the information in those responses is within my personal knowledge; there is no one officer of WCWP who has personal knowledge of all the information. The responses have been assembled by authorized employees of and counsel for WCWP, and are based on the records of WCWP and on information obtained from WCWP's employees. The answers are true and correct to the best of my information and belief.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed at 12:00 PM MST, on January 15, 2015.

_____
Alan Jackson

-13-

13-CV-05662-RGK (Ex)
LEGAL124621114.1

**PROOF OF SERVICE**

1

2        I, Cynthia L. Mejia, declare:

3        I am a citizen of the United States and employed in Los Angeles County, California.  I am

4   over the age of eighteen years and not a party to the within-entitled action.  My business address

5   is 1888 Century Park East, Suite 1700, Los Angeles, California  90067-1721.  On January 15,

6   2015, I served a copy of the within document(s):  **DEFENDANT WEST COAST WOOD**

7   **PRESERVING, LLC'S RESPONSES TO PLAINTIFFS' CALIFORNIA DEPARTMENT**

8   **OF TOXIC SUBSTANCES CONTROL AND TOXIC SUBSTANCES CONTROL**

9   **ACCOUNT'S INTERROGATORIES (SET ONE)**

10       ☒        by placing the document(s) listed above in a sealed envelope with postage thereon
                  fully prepaid, the United States mail at Los Angeles, California addressed as set
11                forth below.

12

13   Thomas G. Heller                    Jennifer Hartman King
     Dennis L. Beck, Jr.                 Nicole R. Gleason
14   California Department of Justice     Shelby M. Gatlin
     300 South Spring Street, Suite 1702 King Williams & Gleason LLP
15   Los Angeles, CA  90013              520 Capitol Mall, Suite 750
                                         Sacramento, CA  95814
16   David Van Over
     216 F Street, #108
17   Davis, CA  95616

18       I am readily familiar with the firm's practice of collection and processing correspondence

19   for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same

20   day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on

21   motion of the party served, service is presumed invalid if postal cancellation date or postage

22   meter date is more than one day after date of deposit for mailing in affidavit.

23       I declare that I am employed in the office of a member of the bar of this court at whose

24   direction the service was made.

25       Executed on January 15, 2015 at Los Angeles, California.

26

27                                              Cynthia L. Mejia

28

LEGAL124758528.1