Exhibit 12

1   Lester O. Brown, Bar No. 160828
    LBrown@perkinscoie.com
2   Thomas M. McMahon, Bar No. 106074
    TMcmahon@perkinscoie.com
3   PERKINS COIE LLP
    1888 Century Park East, Suite 1700
4   Los Angeles, CA  90067-1721
    Telephone:  310.788.9900
5   Facsimile:  310.788.3399

6   Attorneys for Defendant
    West Coast Wood Preserving, LLC
7

8                   UNITED STATES DISTRICT COURT

9                 EASTERN DISTRICT OF CALIFORNIA

10

11  CALIFORNIA DEPARTMENT OF            Case No. 2:14-cv-00595-WBS-EFB
    TOXIC SUBSTANCES CONTROL, et
12  al.,                                **DEFENDANT WEST COAST
                                        WOOD PRESERVING, LLC'S
13              Plaintiffs,             RESPONSES TO PLAINTIFFS
                                        CALIFORNIA DEPARTMENT OF
14     v.                               TOXIC SUBSTANCES CONTROL
                                        AND TOXIC SUBSTANCES
15  JIM DOBBAS, INC., et al.,           CONTROL ACCOUNT'S REQUEST
                                        FOR PRODUCTION (SET ONE)**
16              Defendants.

17
    AND RELATED COUNTERCLAIMS
18  AND CROSS-CLAIMS

19

20  PROPOUNDING PARTY:       Plaintiffs California Department of Toxic

21                           Substances Control and the Toxic Substances

22                           Control Account

23  RESPONDING PARTY:        Defendant West Coast Wood Preserving LLC

24  SET NUMBER:              One

25

26

27

28
                                  -1-

1    Pursuant to Federal Rule of Civil Procedure 34, Defendant West Coast Wood

2 Preserving, LLC ("WCWP") hereby objects and responds to Plaintiffs California

3 Department of Toxic Substances Control and the Toxic Substances Control

4 Account (collectively "DTSC")'s Request for Production, Set One.

5    Investigation and discovery on behalf of WCWP are continuing and are not

6 complete.  These responses are based upon the investigation and discovery

7 conducted to date and are not intended as a complete summary of facts upon which

8 WCWP will rely at trial.  As discovery proceeds, witnesses, facts, and evidence

9 may be discovered which are not set forth herein but which may be responsive to

10 one or more of the requests set forth below.  WCWP expressly reserves the right to

11 supplement the following responses or to offer at trial or other proceedings in this

12 action further or different information or evidence concerning matters inquired into

13 by the requests which are subsequently discovered.  In addition, facts and evidence

14 now known may be imperfectly understood and, in good faith, may not be included

15 in these responses.  WCWP reserves all rights to conduct discovery with reference

16 to, or offer into evidence at trial or other proceedings in this action, any and all

17 witnesses, facts, and evidence, notwithstanding the absence of references to such

18 witnesses, facts and evidence herein.  In addition, WCWP has not yet designated

19 any expert witness to testify at trial and expressly reserves the right to proffer

20 expert testimony on the matters addressed by these requests, notwithstanding the

21 absence of reference to the subject matter of such testimony in these responses.

22           **GENERAL OBJECTIONS**

23   1. WCWP objects to each request to the extent that it calls for

24 information or documents protected from discovery or disclosure by the attorney-

25 client privilege or the work-product doctrine.

26   2. WCWP objects to each request to the extent it purports to impose

27 obligations beyond those imposed by the Federal Rules of Civil Procedure.

28

-2-

2:14-cv-00595-WBS-EFB

1    3.      WCWP objects to each request to the extent it purports to require

2    WCWP to re-produce documents already produced in this litigation.

3    4.      WCWP objects to each request to the extent it seeks documents

4    equally available to DTSC from third-parties.

5    5.      WCWP objects to each request to the extent it seeks discovery or

6    disclosure of confidential proprietary information.

7    Without waiving these objections, which are incorporated by reference into

8    each specific response set forth below, WCWP responds to the Request for

9    Production as follows.

10

11   **REQUEST FOR PRODUCTION NO.1:**

12   All documents related to the formation of defendant Pacific Wood Preserving,

13   a dissolved California corporation ("PWP"), on or about March 5, 1972.

14   **RESPONSE 1:**

15   WCWP specifically incorporates by reference its General Objections.

16   WCWP further objects to this request on the grounds that it is vague, ambiguous,

17   and overbroad with respect to the phrase "All documents related to...."  WCWP

18   further objects to this request to the extent it erroneously assumes that WCWP is

19   the successor to, or the continuation of, PWP.  WCWP does not have within its

20   possession, custody or control all corporate records of PWP.  WCWP further

21   objects to this request on the ground that it is unduly burdensome and oppressive.

22   PWP was dissolved almost 35 years ago, its majority shareholder is deceased and

23   the requested documents are extremely difficult to reconstruct.

24   Subject to and without waiving the foregoing objections, WCWP will

25   produce non-privileged responsive documents, including PWP board minutes.

26   WCWP is unaware of any other responsive documents in its possession, custody, or

27   control beyond those documents already produced by the parties in their initial

28   disclosures, or by DTSC in its production of documents, or by WCWP in support of

-3-

1   its pending Motion for Summary Judgment. *See, e.g.,* Ex. F to the Request for

2   Judicial Notice ("RJN") in support of WCWP's Motion for Summary Judgment

3   ("MSJ").

4   **REQUEST FOR PRODUCTION NO. 2:**

5        All documents related to the dissolution and winding up of PWP.

6   **RESPONSE 2:**

7        WCWP specifically incorporates by reference its General Objections.

8   WCWP further objects to this request on the grounds that it is vague, ambiguous,

9   and overbroad with respect to the phrase "All documents related to...." WCWP

10  further objects to this request to the extent it erroneously assumes that WCWP is

11  the successor to, or the continuation of, PWP. WCWP does not have within its

12  possession, custody or control all corporate records of PWP. WCWP further

13  objects to this request on the ground that it is unduly burdensome and oppressive.

14  PWP was dissolved almost 35 years ago, its majority shareholder is deceased and

15  the requested documents are extremely difficult to reconstruct.

16       Subject to and without waiving the foregoing objections, WCWP will

17  produce non-privileged responsive documents. WCWP is unaware of any other

18  responsive documents in its possession, custody, or control beyond those

19  documents already produced by the parties in their initial disclosures, or by DTSC

20  in its production of documents, or by WCWP in support of its pending Motion for

21  Summary Judgment. *See, e.g.,* Exs. H, I, J, K, L & M to the RJN in support of

22  WCWP's MSJ and Ex. A to the Declaration of Stephen Ryan ("Ryan Dec.") in

23  support of WCWP's MSJ.

24  **REQUEST FOR PRODUCTION NO. 3:**

25       All documents reflecting communications between Richard F. Jackson and

26  any other person concerning PWP' s dissolution and winding up.

27

28

-4-

1 **RESPONSE 3:**

2     WCWP specifically incorporates by reference its General Objections.

3 WCWP further objects to this request on the grounds that it is vague, ambiguous,

4 and overbroad with respect to the phrase "All documents reflecting...."  WCWP

5 further objects to this request to the extent it erroneously assumes that WCWP is

6 the successor to, or the continuation of, PWP.  WCWP does not have within its

7 possession, custody or control all corporate records of PWP.  WCWP further

8 objects to this request on the ground that it is unduly burdensome and oppressive.

9 PWP was dissolved almost 35 years ago, its majority shareholder is deceased and

10 the requested documents are extremely difficult to reconstruct.

11     Subject to and without waiving the foregoing objections, WCWP will

12 produce non-privileged responsive documents.  WCWP is unaware of any other

13 responsive documents in its possession, custody, or control beyond those

14 documents already produced by the parties in their initial disclosures, or by DTSC

15 in its production of documents, or by WCWP in support of its pending Motion for

16 Summary Judgment.  *See*, *e.g.*, Exs. H, I, J, K, L & M to the RJN in support of

17 WCWP's MSJ and Ex. A to the Declaration of Stephen Ryan ("Ryan Dec.") in

18 support of WCWP's MSJ.

19 **REQUEST FOR PRODUCTION NO. 4:**

20     All documents supporting the assertion in #18 of WCWP's Statement of

21 Undisputed Facts in Support of Motion for Summary Judgment (Docket No. 79-1)

22 that "[t]he dissolution [of PWP] was not complete until sometime in late 1981."

23 **RESPONSE 4:**

24     WCWP specifically incorporates by reference its General Objections.

25 WCWP further objects to this request on the grounds that it is vague, ambiguous,

26 and overbroad with respect to the phrase "All documents supporting...."  WCWP

27 further objects to this request to the extent it erroneously assumes that WCWP is

28 the successor to, or the continuation of, PWP.  WCWP does not have within its

-5-

LEGAL124778876.1

1   possession, custody or control all corporate records of PWP.  WCWP further

2   objects to this request on the ground that it is unduly burdensome and oppressive.

3   PWP was dissolved almost 35 years ago, its majority shareholder is deceased and

4   the requested documents are extremely difficult to reconstruct.

5         Subject to and without waiving the foregoing objections, WCWP responds

6   that it is unaware of any responsive documents in its possession, custody, or control

7   beyond those documents produced by the parties in their initial disclosures, or by

8   DTSC or WCWP in their production of documents, or by WCWP in support of its

9   pending Motion for Summary Judgment.  *See, e.g.*, Exs. H, I, J, K, L & M to RJN

10   in support of WCWP's MSJ.

11   **REQUEST FOR PRODUCTION NO .5:**

12         All documents related to the formation of Pacific Wood Preserving of

13   Bakersfield Inc., a California corporation, on or about October 18, 1978.

14   **RESPONSE 5:**

15         WCWP specifically incorporates by reference its General Objections.

16   WCWP further objects to this request on the grounds that it is vague, ambiguous,

17   and overbroad with respect to the phrase "All documents related to…."  WCWP

18   further objects to this request on the ground that it is unduly burdensome and

19   oppressive.

20         Subject to and without waiving the foregoing objections, WCWP responds

21   that it is unaware of any responsive documents in its possession, custody, or control

22   beyond those documents already produced by the parties in their initial disclosures,

23   or by DTSC in its production of documents.

24   **REQUEST FOR PRODUCTION NO. 6:**

25         All documents reflecting communications between Richard F. Jackson and

26   any other person concerning the formation of Pacific Wood Preserving of

27   Bakersfield Inc., a California corporation.

28

-6-

LEGAL124778876.1

1   **RESPONSE 6:**

2          WCWP specifically incorporates by reference its General Objections.

3   WCWP further objects to this request on the grounds that it is vague, ambiguous,

4   and overbroad with respect to the phrase "All documents reflecting…."  WCWP

5   further objects to this request on the ground that it is unduly burdensome and

6   oppressive.

7          Subject to and without waiving the foregoing objections, WCWP responds

8   that it is unaware of any responsive documents in its possession, custody, or control

9   beyond those documents already produced by the parties in their initial disclosures,

10  or by DTSC in its production of documents.

11  **REQUEST FOR PRODUCTION NO.7:**

12         All documents related to the name change of Pacific Wood Preserving of

13  Bakersfield Inc., a California corporation, to "The Ultimate Encounter," on or about

14  October 20, 1978.

15  **RESPONSE 7:**

16         WCWP specifically incorporates by reference its General Objections.

17  WCWP further objects to this request on the grounds that it is vague, ambiguous,

18  and overbroad with respect to the phrase "All documents related to…."  WCWP

19  further objects to this request on the ground that it is unduly burdensome and

20  oppressive.

21         Subject to and without waiving the foregoing objections, WCWP responds

22  that it is unaware of any responsive documents in its possession, custody, or control

23  beyond those documents already produced by the parties in their initial disclosures,

24  or by DTSC in its production of documents.

25  **REQUEST FOR PRODUCTION NO . 8:**

26         All documents related to the dissolution and winding up of "The Ultimate

27  Encounter."

28

-7-

1  **RESPONSE 8:**

2      WCWP specifically incorporates by reference its General Objections.

3  WCWP further objects to this request on the grounds that it is vague, ambiguous,

4  and overbroad with respect to the phrase "All documents related to...."  WCWP

5  further objects to this request on the ground that it is unduly burdensome and

6  oppressive.

7      Subject to and without waiving the foregoing objections, WCWP responds

8  that it is unaware of any responsive documents in its possession, custody, or control

9  beyond those documents already produced by the parties in their initial disclosures

10  or by DTSC in its production of documents.

11  **REQUEST FOR PRODUCTION NO . 9:**

12      All documents related to the formation of Pacific Wood Preserving of

13  Bakersfield Inc., a Nevada corporation ("PWP-B"), on or about October 20, 1978.

14  **RESPONSE 9:**

15      WCWP specifically incorporates by reference its General Objections.

16  WCWP further objects to this request on the grounds that it is vague, ambiguous,

17  and overbroad with respect to the phrase "All documents related to...."  WCWP

18  further objects to this request on the ground that it is unduly burdensome and

19  oppressive.

20      Subject to and without waiving the foregoing objections, WCWP responds

21  that it will produce non-privileged responsive documents, including PWP-B stock

22  certificates and board minutes.  WCWP is unaware of any other responsive

23  documents in its possession, custody, or control, beyond those documents already

24  produced by the parties in their initial disclosures, or by DTSC in its production of

25  documents, or by WCWP in support of its pending Motion for Summary Judgment.

26  *See, e.g.,* Ex. A to RJN in support of WCWP's MSJ.

27

28

-8-

LEGAL124778876.1

1 | **REQUEST FOR PRODUCTION NO . 10:**

2 |   All documents reflecting communications between Richard F. Jackson and

3 | any other person concerning PWP-B's formation.

4 | **RESPONSE 10:**

5 |   WCWP specifically incorporates by reference its General Objections.

6 | WCWP further objects to this request on the grounds that it is vague, ambiguous,

7 | and overbroad with respect to the phrase "All documents reflecting…."  WCWP

8 | further objects to this request on the ground that it is unduly burdensome and

9 | oppressive.

10 |   Subject to and without waiving the foregoing objections, WCWP responds

11 | that it will produce non-privileged responsive documents, including PWP-B stock

12 | certificates and board minutes.  WCWP is unaware of any other responsive

13 | documents in its possession, custody, or control, beyond those documents already

14 | produced by the parties in their initial disclosures, or by DTSC in its production of

15 | documents, or by WCWP in support of its pending Motion for Summary Judgment.

16 | *See, e.g.,* Ex. A to RJN in support of WCWP's MSJ.

17 | **REQUEST FOR PRODUCTION NO . 11:**

18 |   All documents related to the conversion of PWP-B into WCWP in November

19 | 2013.

20 | **RESPONSE 11:**

21 |   WCWP specifically incorporates by reference its General Objections.

22 | WCWP further objects to this request on the ground that it seeks documents not

23 | relevant to the subject matter of this action, nor reasonably calculated to lead to the

24 | discovery of admissible evidence.  WCWP further objects to this request on the

25 | grounds that it is vague, ambiguous, and overbroad with respect to the phrase "All

26 | documents related to…."  WCWP further objects to this request on the ground that

27 | it is unduly burdensome and oppressive.

28 |

-9-

2:14-cv-00595-WBS-EFB

LEGAL124778876.1

1    Subject to and without waiving the foregoing objections, WCWP responds

2  that it has already produced the document which converted PWP-B to WCWP.  *See*

3  Ex. E to RJN in support of WCWP's MSJ.

4  **REQUEST FOR PRODUCTION NO . 12:**

5    All documents related to PWP' s 1979 sale of property, including the real

6  property located at 147 A Street in Elmira, California that is the subject of this

7  action ("ELMIRA PROPERTY"), to The Wickes Corporation.

8  **RESPONSE 12:**

9    WCWP specifically incorporates by reference its General Objections.

10  WCWP further objects to this request on the grounds that it is vague, ambiguous,

11  and overbroad with respect to the phrase "All documents related to...."  WCWP

12  further objects to this request to the extent that it erroneously assumes that WCWP

13  is the successor to, or the continuation of, PWP.  WCWP does not have possession,

14  custody or control of all corporate records of PWP.  WCWP further objects to this

15  request on the ground that it is unduly burdensome and oppressive.  PWP was

16  dissolved almost 35 years ago, its majority shareholder is deceased and the

17  requested documents are extremely difficult to reconstruct.

18    Subject to and without waiving the foregoing objections, WCWP responds

19  that it will produce non-privileged responsive documents.  WCWP is unaware of

20  any other responsive and non-privileged documents in its possession, custody, or

21  control beyond those documents already produced by the parties in their initial

22  disclosures, or by DTSC in its production of documents, or by WCWP in support of

23  its pending Motion for Summary Judgment.  *See, e.g.*, Ex. A and B to Ryan Dec. in

24  support of WCWP's MSJ.

25  **REQUEST FOR PRODUCTION NO . 13:**

26    All documents related to PWP' s use or distribution of proceeds from the

27  1979 sale of property, including the ELMIRA PROPERTY, to The Wickes

28  Corporation.

-10-

2:14-cv-00595-WBS-EFB

LEGAL124778876.1

**RESPONSE 13:**

WCWP specifically incorporates by reference its General Objections. WCWP further objects to this request on the grounds that it is vague, ambiguous, and overbroad with respect to the phrases "All documents related to…" and "use or distribution of proceeds." WCWP further objects to this request to the extent that it erroneously assumes that WCWP is the successor to, or the continuation of, PWP. WCWP does not have possession, custody or control of all corporate records of PWP. WCWP further objects to this request on the ground that it is unduly burdensome and oppressive. PWP was dissolved almost 35 years ago, its majority shareholder is deceased and the requested documents are extremely difficult to reconstruct.

Subject to and without waiving the foregoing objections, WCWP responds that it is unaware of any responsive documents in its possession, custody, or control, beyond the additional Wickes transaction documents being produced herewith.

**REQUEST FOR PRODUCTION NO . 14:**

All documents reflecting communications between PWP and The Wickes Corporation or its successors (including Wickes Companies, Inc . Collins & Aikman Group, Inc., and Collins & Aikman Products Co.) about the ELMIRA PROPERTY.

**RESPONSE 14:**

WCWP specifically incorporates by reference its General Objections. WCWP further objects to this request on the grounds that it is vague, ambiguous, and overbroad with respect to the phrase "All documents reflecting.…" WCWP further objects to this request to the extent that it erroneously assumes that WCWP is the successor to, or the continuation of, PWP. WCWP does not have possession, custody or control of all corporate records of PWP. WCWP further objects to this request on the ground that it is unduly burdensome and oppressive. PWP was

-11-

2:14-cv-00595-WBS-EFB

1    dissolved almost 35 years ago, its majority shareholder is deceased and the

2    requested documents are extremely difficult to reconstruct.

3         Subject to and without waiving the foregoing objections, WCWP responds

4    that it will produce non-privileged and responsive documents.  WCWP is unaware

5    of any other non-privileged responsive documents in its possession, custody, or

6    control beyond those documents already produced by the parties in their initial

7    disclosures, or by DTSC in its production of documents, or by WCWP in support of

8    its pending Motion for Summary Judgment.  *See, e.g.*, Exs. A and B to Ryan Dec.

9    in support of WCWP's MSJ.

10   **REQUEST FOR PRODUCTION NO . 15:**

11        All documents reflecting communications between PWP-B and The Wickes

12   Corporation or its successors (including Wickes Companies, Inc., Collins &

13   Aikman Group, Inc., and Collins & Aikman Products Co.) about the ELMIRA

14   PROPERTY.

15   **RESPONSE 15:**

16        WCWP specifically incorporates by reference its General Objections.

17   WCWP further objects to this request on the grounds that it is vague, ambiguous,

18   and overbroad with respect to the phrase "All documents reflecting...."  WCWP

19   further objects to this request on the ground that it is unduly burdensome and

20   oppressive.

21        Subject to and without waiving the foregoing objections, WCWP responds

22   that it is unaware of any responsive documents in its possession, custody, or

23   control.

24   **REQUEST FOR PRODUCTION NO . 16:**

25        All documents related to each and every RELEASE of a HAZARDOUS

26   SUBSTANCE that has occurred at the ELMIRA PROPERTY.  (As used herein,

27   "RELEASE" has the same meaning as in 42 U.S.C. § 9601(22), and

28   "HAZARDOUS SUBSTANCE" has the same meaning as in 42 U.S.C. § 9601(14).)

-12-

**RESPONSE 16:**

WCWP specifically incorporates by reference its General Objections. WCWP further objects to this request on the grounds that it is vague, ambiguous, and overbroad with respect to the phrase "All documents related to...." WCWP further objects to this request on the ground that it calls for a legal conclusion with respect to any "RELEASE" of any "HAZARDOUS SUBSTANCE." WCWP further objects to this request to the extent that it erroneously assumes that WCWP is the successor to, or the continuation of, PWP. WCWP does not have possession, custody or control of all corporate records of PWP. WCWP further objects to this request on the ground that it is unduly burdensome and oppressive. PWP was dissolved almost 35 years ago, its majority shareholder is deceased and the requested documents are extremely difficult to reconstruct.

Subject to and without waiving the foregoing objections, WCWP responds that it is unaware of any non-privileged responsive documents in its possession, custody, or control beyond those documents already produced by the parties in their initial disclosures, or by DTSC in its document production, or that are available on DTSC's own website regarding such alleged releases of hazardous substances.

**REQUEST FOR PRODUCTION NO . 17:**

All documents reflecting any claims, demands, or litigation by The Wickes Corporation or its successors (including Wickes Companies, Inc., Collins & Aikman Group, Inc., or Collins & Aikman Products Co.) against PWP or PWP-B concerning the ELMIRA PROPERTY.

**RESPONSE 17:**

WCWP specifically incorporates by reference its General Objections. WCWP further objects to this request on the grounds that it is vague, ambiguous, and overbroad with respect to the phrase "All documents reflecting...." WCWP further objects to this request to the extent that it erroneously assumes that WCWP is the successor to, or the continuation of, PWP. WCWP does not have possession,

-13-

1  custody or control of all corporate records of PWP.  WCWP further objects to this

2  request on the ground that it is unduly burdensome and oppressive.  PWP was

3  dissolved almost 35 years ago, its majority shareholder is deceased and the

4  requested documents are extremely difficult to reconstruct.

5      Subject to and without waiving the foregoing objections, WCWP responds

6  that it is unaware of any responsive documents in its possession, custody, or

7  control.

8  **REQUEST FOR PRODUCTION NO . 18:**

9      All documents reflecting any claims, demands, or litigation by PWP or PWP-

10  B against The Wickes Corporation or its successors (including Wickes Companies,

11  Inc., Collins & Aikman Group, Inc., or Collins & Aikman Products Co.) concerning

12  the ELMIRA PROPERTY.

13  **RESPONSE 18:**

14      WCWP specifically incorporates by reference its General Objections.

15  WCWP further objects to this request on the grounds that it is vague, ambiguous,

16  and overbroad with respect to the phrase "All documents reflecting…."  WCWP

17  further objects to this request to the extent that it erroneously assumes that WCWP

18  is the successor to, or the continuation of, PWP.  WCWP does not have possession,

19  custody or control of all corporate records of PWP.  WCWP further objects to this

20  request on the ground that it is unduly burdensome and oppressive.  PWP was

21  dissolved almost 35 years ago, its majority shareholder is deceased and the

22  requested documents are extremely difficult to reconstruct.

23      Subject to and without waiving the foregoing objections, WCWP responds

24  that it is unaware of any responsive documents in its possession, custody, or

25  control, other than the motion for leave to file a cross-claim against C&A which

26  WCWP recently filed in this action.

27

28

-14-

2:14-cv-00595-WBS-EFB

LEGAL124778876.1

**REQUEST FOR PRODUCTION NO . 19:**

All insurance policies that name PWP, PWP-B, or Richard F. Jackson as an insured and that pertain to the ELMIRA PROPERTY.

**RESPONSE 19:**

WCWP specifically incorporates by reference its General Objections. WCWP further objects to this request on the grounds that it is vague, ambiguous, and overbroad with respect to the phrase "pertain to...." WCWP further objects to this request to the extent that it erroneously assumes that WCWP is the successor to, or the continuation of, PWP. WCWP does not have possession, custody or control of all corporate records of PWP. WCWP further objects to this request on the ground that it is unduly burdensome and oppressive. PWP was dissolved almost 35 years ago, its majority shareholder is deceased and the requested documents are extremely difficult to reconstruct.

Subject to and without waiving the foregoing objections, WCWP responds that it is unaware of any responsive documents in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO . 20:**

All documents relating to the insurance policies referenced in the foregoing request.

**RESPONSE 20:**

WCWP specifically incorporates by reference its General Objections. WCWP further objects to this request on the grounds that it is vague, ambiguous, and overbroad with respect to the phrase "pertain to...." WCWP further objects to this request to the extent that it erroneously assumes that WCWP is the successor to, or the continuation of, PWP. WCWP does not have possession, custody or control of all corporate records of PWP. WCWP further objects to this request on the ground that it is unduly burdensome and oppressive. PWP was dissolved

-15-

LEGAL124778876.1

2:14-cv-00595-WBS-EFB

1    almost 35 years ago, its majority shareholder is deceased and the requested
2    documents are extremely difficult to reconstruct.
3         Subject to and without waiving the foregoing objections, WCWP responds
4    that it is unaware of any responsive documents in its possession, custody, or
5    control.
6    **REQUEST FOR PRODUCTION NO . 21:**
7         All documents relating to communications between PWP and any insurer
8    concerning the ELMIRA PROPERTY.
9    **RESPONSE 21:**
10        WCWP specifically incorporates by reference its General Objections.
11   WCWP further objects to this the request on the grounds that it is vague,
12   ambiguous, and overbroad with respect to the phrase "All documents relating to...."
13   WCWP further objects to this request to the extent that it erroneously assumes that
14   WCWP is the successor to, or the continuation of, PWP.  WCWP does not have
15   possession, custody or control of all corporate records of PWP.  WCWP further
16   objects to this request on the ground that it is unduly burdensome and oppressive.
17   PWP was dissolved almost 35 years ago, its majority shareholder is deceased and
18   the requested documents are extremely difficult to reconstruct.
19        Subject to and without waiving the foregoing objections, WCWP responds
20   that it is unaware of any responsive documents in its possession, custody, or
21   control.
22   **REQUEST FOR PRODUCTION NO . 22:**
23        All documents relating to communications between PWP-B and any insurer
24   concerning the ELMIRA PROPERTY.
25   **RESPONSE 22:**
26        WCWP specifically incorporates by reference its General Objections.
27   WCWP further objects to this request on the grounds that it is vague, ambiguous,
28   and overbroad with respect to the phrase "All documents relating to...."  WCWP

-16-

1   further objects to this request on the ground that it is unduly burdensome and

2   oppressive.

3          Subject to and without waiving the foregoing objections, WCWP responds

4   that it will produce non-privileged responsive documents.

5   **REQUEST FOR PRODUCTION NO . 23:**

6          All documents relating to communications between Richard F. Jackson and

7   any insurer concerning the ELMIRA PROPERTY.

8   **RESPONSE 23:**

9          WCWP specifically incorporates by reference its General Objections.

10  WCWP further objects to this request on the grounds that it is vague, ambiguous,

11  and overbroad with respect to the phrase "All documents relating to...."  WCWP

12  further objects to this request on the ground that it is unduly burdensome and

13  oppressive.

14         Subject to and without waiving the foregoing objections, WCWP responds

15  that it is unaware of any responsive documents in its possession, custody, or

16  control.

17  **REQUEST FOR PRODUCTION NO . 24:**

18         All documents related to PWP's purchase in 1978 of property located at 5601

19  District Boulevard, Bakersfield, California ("BAKERSFIELD PROPERTY").

20  **RESPONSE 24:**

21         WCWP specifically incorporates by reference its General Objections.

22  WCWP further objects to this request on the grounds that it is vague, ambiguous,

23  and overbroad with respect to the phrase "All documents related to...."  WCWP

24  further objects to this request to the extent it erroneously assumes that WCWP is

25  the successor to, or the continuation of, PWP.  WCWP does not have possession,

26  custody or control of all corporate records of PWP.  WCWP further objects to this

27  request on the ground that it is unduly burdensome and oppressive.  PWP was

28

-17-

1  dissolved almost 35 years ago, its majority shareholder is deceased and the

2  requested documents are extremely difficult to reconstruct.

3       Subject to and without waiving the foregoing objections, WCWP responds

4  that it is unaware of any responsive documents in its possession, custody, or control

5  beyond those documents already produced by the parties in their initial disclosures,

6  or by DTSC in its production of documents, or by WCWP in support of its pending

7  Motion for Summary Judgment. *See, e.g.*, Exs I and J to the RJN in support of

8  WCWP's MSJ.

9  **REQUEST FOR PRODUCTION NO . 25:**

10       All documents related to the consideration that PWP gave or paid for the

11  BAKERSFIELD PROPERTY.

12  **RESPONSE 25:**

13       WCWP specifically incorporates by reference its General Objections.

14  WCWP further objects to this request on the grounds that it is vague, ambiguous,

15  and overbroad with respect to the phrase "All documents related to...." WCWP

16  further objects to this request to the extent that it erroneously assumes that WCWP

17  is the successor to, or the continuation of, PWP. WCWP does not have possession,

18  custody or control of all corporate records of PWP. WCWP further objects to this

19  request on the ground that it is unduly burdensome and oppressive. PWP was

20  dissolved almost 35 years ago, its majority shareholder is deceased and the

21  requested documents are extremely difficult to reconstruct.

22       Subject to and without waiving the foregoing objections, WCWP responds

23  that it is unaware of any responsive documents in its possession, custody, or control

24  beyond those documents already produced by the parties in their initial disclosures,

25  or by DTSC in its production of documents, or by WCWP in support of its pending

26  Motion for Summary Judgment. *See, e.g.*, Exs. I and J to the RJN in support of

27  WCWP's MSJ.

28

-18-

LEGAL124778876.1

1  **REQUEST FOR PRODUCTION NO . 26:**

2      All documents related to the transfer of the BAKERSFIELD PROPERTY

3  from PWP to PWP-B in 1981.

4  **RESPONSE 26:**

5      WCWP specifically incorporates by reference its General Objections.

6  WCWP further objects to this  request on the grounds that it is vague, ambiguous,

7  and overbroad with respect to the phrase "All documents related to...."  WCWP

8  further objects to this request to the extent that it erroneously assumes that WCWP

9  is the successor to, or the continuation of, PWP.  WCWP does not have possession,

10  custody or control of all corporate records of PWP.  WCWP further objects to this

11  request on the ground that it is unduly burdensome and oppressive.  PWP was

12  dissolved almost 35 years ago, its majority shareholder is deceased and the

13  requested documents are extremely difficult to reconstruct.

14      Subject to and without waiving the foregoing objections, WCWP responds

15  that it is unaware of any responsive documents in its possession, custody, or control

16  beyond those documents already produced by the parties in their initial disclosures,

17  or by DTSC in its production of documents, or by WCWP in support of its pending

18  Motion for Summary Judgment. *See, e.g.*, Exs. K, L and M to the RJN in support

19  of WCWP's MSJ.

20  **REQUEST FOR PRODUCTION NO . 27:**

21      All documents related to the consideration, if any, PWP-B paid to anyone for

22  the BAKERSFIELD PROPERTY.

23  **RESPONSE 27:**

24      WCWP specifically incorporates by reference its General Objections.

25  WCWP further objects to this  request on the grounds that it is vague, ambiguous,

26  and overbroad with respect to the phrase "All documents related to...."  WCWP

27  further objects to this request on the ground that it is unduly burdensome and

28  oppressive.

-19-

1    Subject to and without waiving the foregoing objections, WCWP responds

2  that it is unaware of any responsive documents in its possession, custody, or control

3  beyond those documents already produced by the parties in their initial disclosures,

4  or by DTSC in its production of documents, or by WCWP in support of its pending

5  Motion for Summary Judgment. *See, e.g.*, Exs. K, L and M to the RJN in support

6  of WCWP's MSJ.

7  **REQUEST FOR PRODUCTION NO . 28:**

8    All documents related to PWP' s use or distribution of proceeds, if any, from

9  the 1981 transfer of the BAKERSFIELD PROPERTY.

10  **RESPONSE 28:**

11    WCWP specifically incorporates by reference its General Objections.

12  WCWP further objects to this request on the grounds that it is vague, ambiguous,

13  and overbroad with respect to the phrase "All documents related to" and "use or

14  distribution of proceeds." WCWP further objects to this request to the extent that it

15  erroneously assumes that WCWP is the successor to, or the continuation of, PWP.

16  WCWP does not have possession, custody or control of all corporate records of

17  PWP. WCWP further objects to this request on the ground that it is unduly

18  burdensome and oppressive. PWP was dissolved almost 35 years ago, its majority

19  shareholder is deceased and the requested documents are extremely difficult to

20  reconstruct.

21    Subject to and without waiving the foregoing objections, WCWP responds

22  that it is unaware of any responsive documents in its possession, custody, or

23  control.

24  **REQUEST FOR PRODUCTION NO . 29:**

25    All documents related to any deed of trust or other lien on the

26  BAKERSFIELD PROPERTY from 1978 through the present.

27

28

-20-

**RESPONSE 29:**

    WCWP specifically incorporates by reference its General Objections. WCWP further objects to this request on the ground that it seeks documents not relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence. WCWP further objects to this request on the grounds that it is vague, ambiguous, and overbroad with respect to the phrase "All documents related to…." WCWP further objects to this request on the grounds that it is unduly burdensome and oppressive. WCWP further objects to this request on the ground that it seeks confidential business information and private personal financial information. WCWP further objects to this request on the ground that deeds of trust and liens are publically available to DTSC from the recorder's office.

    Subject to and without waiving the foregoing objections, WCWP responds as follows. WCWP has already produced responsive documents through 1981, relating to PWP-B's acquisition of the BAKERSFIELD PROPERTY. *See, e.g.*, Exs. I, J, K, L and M to the RJN in support of WCWP's MSJ.

**REQUEST FOR PRODUCTION NO . 30:**

    All documents reflecting communications between PWP and PWP-B about the BAKERSFIELD PROPERTY.

**RESPONSE 30:**

    WCWP specifically incorporates by reference its General Objections. WCWP further objects to this request on the ground that it seeks documents not relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence. WCWP further objects to this request on the grounds that it is vague, ambiguous, and overbroad with respect to the phrase "All documents reflecting…." WCWP further objects to this request to the extent that it erroneously assumes that WCWP is the successor to, or the continuation of, PWP. WCWP does not have possession, custody or control of all corporate records of PWP. WCWP further objects to this request on the ground that it is unduly

-21-

1   burdensome and oppressive.  PWP was dissolved almost 35 years ago, its majority

2   shareholder is deceased and the requested documents are extremely difficult to

3   reconstruct.

4       Subject to and without waiving the foregoing objections, WCWP responds

5   that it is unaware of any responsive documents in its possession, custody, or control

6   beyond those documents already produced by the parties in their initial disclosures,

7   or by DTSC in its production of documents, or by WCWP in support of its pending

8   Motion for Summary Judgment.  *See, e.g.*, Ex. M to the RJN in support of

9   WCWP's MSJ.

10  **REQUEST FOR PRODUCTION NO . 31:**

11      All documents related to the assertion in paragraph 23 of Stephen K. Ryan's

12  declaration (Docket No. 79-2) ("RYAN DECLARATION") that "[w]ith the

13  exception of Richard Jackson, PWP Corp. and PWP-Bakersfield had different

14  shareholders and board members."

15  **RESPONSE 31:**

16      WCWP specifically incorporates by reference its General Objections.

17  WCWP further objects to this request on the ground that it is vague, ambiguous,

18  and overbroad with respect to the phrase "All documents related to...."  WCWP

19  further objects to this request to the extent that it erroneously assumes that WCWP

20  is the successor to, or the continuation of, PWP.  WCWP does not have possession,

21  custody or control of all corporate records of PWP.  WCWP further objects to this

22  request on the ground that it is unduly burdensome and oppressive.  PWP was

23  dissolved almost 35 years ago, its majority shareholder is deceased and the

24  requested documents are extremely difficult to reconstruct.

25      Subject to and without waiving the foregoing objections, WCWP responds

26  that it will produce non-privileged responsive documents.  WCWP is unaware of

27  any other responsive documents in its possession, custody, or control, beyond those

28  documents already produced by the parties in their initial disclosures, or by DTSC

-22-

LEGAL124778876.1

1  in its production of documents, or by WCWP in support of its pending Motion for

2  Summary Judgment. *See, e.g.*, Ex. A to Ryan Dec. and Exs. A, F and H to the RJN

3  in support of WCWP's MSJ.

4  **REQUEST FOR PRODUCTION NO . 32**

5  All documents related to the assertion in paragraph 23 of the RYAN

6  DECLARATION that "the shareholders of PWP-Bakersfield were Richard Jackson,

7  Frank Boge, Darrell Nicholas, Alex Saucido and Jeff Rodgers."

8  **RESPONSE 32:**

9  WCWP specifically incorporates by reference its General Objections.

10  WCWP further objects to this request on the grounds that it is vague, ambiguous,

11  and overbroad with respect to the phrase "All documents related to...." WCWP

12  further objects to this request on the ground that it is unduly burdensome and

13  oppressive.

14  Subject to and without waiving the foregoing objections, WCWP responds

15  that it will produce non-privileged responsive documents. At the time of its

16  formation, the shareholders of PWP-B were PWP, Frank Boge, Darrell Nicholas,

17  Alex Saucido and Jeff Rodgers. However, PWP's shares of PWP-B were

18  transferred to Richard Jackson on September 11, 1980, establishing the ownership

19  interests set forth in the RYAN DECLARATION.

20  **REQUEST FOR PRODUCTION NO . 33**

21  All documents related to the assertion in paragraph 24 of the RYAN

22  DECLARATION that PWP-B's loan in September 1980 from Lloyds Bank

23  California "was used by PWP Bakersfield to purchase the [BAKERSFIELD

24  PROPERTY] from PWP Corp., as the final payment for the property was due and

25  owing and PWP Corp. no longer had any funds to pay it."

26  **RESPONSE 33:**

27  WCWP specifically incorporates by reference its General Objections.

28  WCWP further objects to this request on the grounds that it is vague, ambiguous,

-23-

1  and overbroad with respect to the phrase "All documents related to...."  WCWP

2  further objects to this request to the extent that it erroneously assumes that WCWP

3  is the successor to, or the continuation of, PWP.  WCWP does not have possession,

4  custody or control of all corporate records of PWP.  WCWP further objects to this

5  request on the ground that it is unduly burdensome and oppressive.  PWP was

6  dissolved almost 35 years ago, its majority shareholder is deceased and the

7  requested documents are extremely difficult to reconstruct.

8       Subject to and without waiving the foregoing objections, WCWP responds

9  that it is unaware of any responsive documents in its possession, custody or control

10  beyond those documents produced by the parties in their initial disclosures in this

11  action, or by DTSC in its production of documents.

12  **REQUEST FOR PRODUCTION NO . 34**

13       All "official pronouncements and industry reporting" of PWP-B, as

14  referenced in paragraph 25 of the RYAN DECLARATION.

15  **RESPONSE 34:**

16       WCWP specifically incorporates by reference its General Objections.

17  WCWP further objects to this request on the grounds that it is vague, ambiguous,

18  and overbroad.  WCWP further objects to this request on the ground that it is

19  unduly burdensome and oppressive.

20       Subject to and without waiving the foregoing objections, WCWP responds

21  that it is unaware of any responsive documents in its possession, custody, or control

22  beyond those documents already produced by the parties in their initial disclosures,

23  or by DTSC in its production of documents, or by WCWP in support of its pending

24  Motion for Summary Judgment.  *See, e.g.*, DTSC 075525-37.

25  **REQUEST FOR PRODUCTION NO . 35**

26       All "marketing materials" of PWP-B in which PWP was "inadvertently

27  referenced," as described in paragraph 26 of the RYAN DECLARATION.

28

-24-

2:14-cv-00595-WBS-EFB

LEGAL124778876.1

1  **RESPONSE 35:**

2          WCWP specifically incorporates by reference its General Objections.

3  WCWP further objects to this request on the ground that it is vague, ambiguous,

4  and overbroad.  WCWP further objects to this request on the grounds that it is

5  unduly burdensome and oppressive.

6          Subject to and without waiving the foregoing objections, WCWP responds

7  that it is unware of any responsive document in its possession or control beyond the

8  document produced with the Bates number DTSC 050733-776.

9  **REQUEST FOR PRODUCTION NO . 36**

10          All documents that describe or reference the history of PWP, PWP-B, or

11  "The Pacific Wood Preserving Companies," the group of companies that until

12  recently included PWP-B, Arizona Pacific Wood Preserving, Inc., Pacific Wood

13  Preserving of Oregon, Nevada Wood Preserving, and Pacific Wood Preserving

14  Texas.

15  **RESPONSE 36:**

16          WCWP specifically incorporates by reference its General Objections.

17  WCWP further objects to this request on the ground that it seeks documents not

18  relevant to the subject matter of this action nor reasonably calculated to lead to the

19  discovery of admissible evidence.  WCWP further objects to this request on the

20  grounds that it is vague, ambiguous, and overbroad.  WCWP further objects to this

21  request on the grounds that it is unduly burdensome and oppressive.

22  **REQUEST FOR PRODUCTION NO . 37**

23          All documents of PWP-B or The Pacific Wood Preserving Companies that

24  include the following as a graphic, sticker, or seal:

25

26

27

28

-25-



**RESPONSE 37:**

WCWP specifically incorporates by reference its General Objections. WCWP further objects to this request on the ground that it seeks documents not relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence. WCWP further objects to this request on the grounds that it is vague, ambiguous, and overbroad. WCWP further objects to this request on the grounds that it is unduly burdensome and oppressive.

Subject to and without waiving the foregoing objections, WCWP responds that it will produce non-privileged responsive documents. WCWP is unaware of any other responsive documents in its possession, custody or control, other than the document produced with the Bates number DTSC 050773-776.

**REQUEST FOR PRODUCTION NO . 38**

All versions of every internet web page of PWP-B or The Pacific Wood Preserving Companies, from the date of the first such page to the present.

**RESPONSE 38:**

WCWP specifically incorporates by reference its General Objections. WCWP further objects to this request on the ground that it seeks documents not relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence. WCWP further objects to this request on the grounds that it is vague, ambiguous, and overbroad. WCWP further objects to this request on the grounds that it is unduly burdensome and oppressive.

-26-

1        Subject to and without waiving the foregoing objections, WCWP responds

2  that it is unware of any responsive documents in its custody or control beyond the

3  document produced with the Bates number WCWP000530-532.  WCWP no longer

4  owns the website and retained no hard copies of its content.

5

6  DATED:  January 15, 2015          **PERKINS COIE** LLP

7

8                             By: _____

9                                 Lester O. Brown

10                     Attorneys for Defendant Cross-Defendant, Cross-Claimant and Counterclaimant West Coast Wood Preserving, LLC

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-27-

2:14-cv-00595-WBS-EFB

LEGAL124778876.1

**PROOF OF SERVICE**

I, Cynthia L. Mejia, declare:

I am a citizen of the United States and employed in Los Angeles County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 1888 Century Park East, Suite 1700, Los Angeles, California 90067-1721. On January 15, 2015, I served a copy of the within document(s): **DEFENDANT WEST COAST WOOD PRESERVING, LLC'S RESPONSES TO PLAINTIFFS CALIFORNIA DEPARTMENT OF TOXIC SUBSTANCES CONTROL AND TOXIC SUBSTANCES CONTROL ACCOUNT'S REQUEST FOR PRODUCTION (SET ONE)**

☒  by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, the United States mail at Los Angeles, California addressed as set forth below.

Thomas G. Heller
Dennis L. Beck, Jr.
California Department of Justice
300 South Spring Street, Suite 1702
Los Angeles, CA 90013

Jennifer Hartman King
Nicole R. Gleason
Shelby M. Gatlin
King Williams & Gleason LLP
520 Capitol Mall, Suite 750
Sacramento, CA 95814

David Van Over
216 F Street, #108
Davis, CA 95616

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on January 15, 2015, at Los Angeles, California.

Cynthia L. Mejia

LEGAL124758528.1