Exhibit 4

```
GEORGE DEUKMEJIAN, Attorney General
   of the State of California
R. H. CONNETT
   Assistant Attorney General
WALTER E. WUNDERLICH
JOEL S. MOSKOWITZ,
   Deputy Attorneys General
555 Capitol Mall, Suite 350
Sacramento, California  95814
Telephone:  (916) 445-4297

Attorneys for Plaintiff
```

FILED
MAR 30 1979
DIANE GARLAND
DEPUTY CLERK

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SOLANO

| | |
|---|---|
| THE PEOPLE OF THE STATE OF CALIFORNIA,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>PACIFIC WOOD PRESERVATION CORPORATION, a California Corporation; and DOES I through XX, inclusive,<br><br>　　　　　Defendants. | No. 72764<br><br>COMPLAINT FOR MANDATORY INJUNCTIVE RELIEF AND CIVIL MONETARY DAMAGES<br>(Division 7 of the Water Code) |

COMES NOW the plaintiff and alleges as follows:

(FIRST CAUSE OF ACTION)

Action for Injunctive Relief to Compel Compliance With a Cleanup and Abatement Order (Water Code § 13304).

1. That this action is brought by the People of the State of California, acting by and through the California Regional Water Quality Control Board, Central Valley region (hereinafter referred to as "Board"), pursuant to the provisions of division 7 of the Water Code.

1.

EXHIBIT 3

2. That the Board is a public agency of the State of California, duly created, organized and existing pursuant to the provisions of chapter 4 of division 7 of the Water Code.

3. That at all times material to the within action, defendant Pacific Wood Preservation Corporation (hereinafter referred to as "Pacific"), was and now is a corporation organized and existing under and by virtue of the laws of the State of California with offices in the County of Solano, State of California.

4. That the true names and capacities, whether corporate, individual, associate or otherwise of Does I through XX, inclusive, are unknown to the Board who therefore sues said defendants by such fictitious names, and the Board will ask leave of court to amend its complaint to show their true names and capacities when the same have been ascertained.

5. That any reference to any act of defendant Pacific, defendants Does I through XX, or defendants, means that the act was done by defendants and by each of them.

6. That subdivision (a) of section 13304 of the Water Code provides as follows:

> "(a) Any person who discharges waste into the waters of this state in violation of any waste discharge requirement or other order issued by a regional board or the state board, or who intentionally or negligently causes or permits any waste to be discharged or deposited

2.

where it is, or probably will be, discharged into the waters of the state and creates, or threatens to create, a condition of pollution or nuisance, shall upon order of the regional board clean up such waste or abate the effects thereof or, in the case of threatened pollution or nuisance, take other necessary remedial action. Upon failure of any person to comply with such cleanup or abatement order, the Attorney General, at the request of the board, shall petition the superior court for that county for the issuance of an injunction requiring such person to comply therewith. In any such suit, the court shall have jurisdiction to grant a prohibitory or mandatory injunction, either preliminary or permanent, as the facts may warrant."

7. That at all times material to the within action, defendant Pacific, defendants, and each of them, owned, operated, controlled or used a wood preserving and treating facility located at the community of Elmira within the County of Solano, State of California, from which defendant Pacific, defendants, and each of them, have intentionally or negligently permitted waste to be discharged or deposited where it was, or probably would be, discharged into the waters of the State of California and thereby created or threatened to create, a condition of pollution or nuisance.

3.

      8. That after performing all the conditions on its part required by division 7 of the Water Code, the Board, on or about March 2, 1978, duly and regularly issued a Clean-up and Abatement Order concerning said wood preserving and treating facility described in paragraph 7 of this complaint. A true and correct copy of said Clean-up and Abatement Order is attached hereto as exhibit 1 and incorporated herein by reference as though fully set forth herein at length. That said Clean-up and Abatement Order provides in part as follows:

> "IT IS HEREBY ORDERED, that pursuant to Section 13304 of the California Water Code, the Pacific Wood Preserving Corporation shall:
>
> "1. Clean-up contaminated water and soils in the drainage ditch along the north side of Holdener Road as far east as Lewis Road forthwith. Such waste shall be disposed of in an approved Class I site by a licensed liquid waste hauler. A report of completion shall be filed by 17 March 1978.
>
> "2. Develop an Engineering Report of methods to assure adequate containment of all storm runoff containing toxic materials to abate future discharge. Include interim measures to be taken to prevent further runoff.

4.

"3. Comply with the following time schedule to complete construction to implement No. 2 above:

| Task | Task Completion | Report Due |
|---|---|---|
| Drainage Ditch Clean-up | 9 Mar 1978 | 17 Mar 1978 |
| Engineering Report | | 17 Mar 1978 |
| Complete Construction and Full Compliance | 1 Jun 1978 | 15 Jun 1978" |

9. That on or about March 3, 1978, a true and correct copy of the Clean-up and Abatement Ordinance described in paragraph 8 of this complaint was served on defendant Pacific, defendants, and each of them.

10. That since March 3, 1978, defendant Pacific, defendants, and each of them, have <u>failed</u>, <u>refused</u> and <u>neglected</u> <u>to comply with the terms and conditions of said Clean-up and</u> Abatement Order and have instead intentionally or negligently continued to permit waste to be discharged or deposited where it was, or probably would be, discharged into the waters of the State of California and created or threatened to create a condition of pollution or nuisance.

11. That subdivision (c) of section 13361 of the Water Code provides as follows:

"(c) In any civil action brought pursuant to this division in which a temporary restraining order, preliminary injunction, or permanent injunction is sought, it shall not be necessary to allege or prove at any stage of the

5.

```
 1        proceeding that irreparable damage will occur
 2        should the temporary restraining order,
 3        preliminary injunction, or permanent injunction
 4        not be issued, or that the remedy at law is
 5        inadequate, and the temporary restraining order,
 6        preliminary injunction, or permanent injunction
 7        shall issue without such allegations and without
 8        such proof."
 9            12.  That by reason of the foregoing, this is a proper
10   case for the issuance of temporary restraining order, a
11   preliminary injunction and a permanent injunction, pursuant to
12   the provisions of subdivision (a) of section 13304 of the Water
13   Code ordering and requiring defendant Pacific, defendants, and
14   each of them, their agents, employees, assistants,
15   representatives, or any and all person or persons acting in
16   concert or participating with any and all of them, to comply with
17   the terms and conditions of the Clean-up and Abatement Order
18   issued by the Board on March 2, 1978, and described in paragraph
19   8 of this complaint.
20                        (SECOND CAUSE OF ACTION)
21        Action for Civil Monetary Damages for
          Negligently or Intentionally Permitting
22        Waste to be Discharged or Deposited Where
          it Was or Probably Would Be, Discharged
23        Into the Waters of the State of California
          Thereby Creating or Threatening to Create
24        a Condition of Pollution or Nuisance in
          Violation of a Clean-up and Abatement Order
25     *  (Water Code, § 13350(a)(2).
26           13.  That the Board realleges and incorporates herein
27   by reference each and every matter, fact, and allegation
```

6.

1  contained in paragraphs 1, 2, 3, 4, 5, 7, 8, 9, and 10 of this
2  complaint and makes the same a part hereof with the same force
3  and effort as though fully set forth herein at length.
4       14. That subdivisions (a) and (b) of section 13350 of
5  the Water Code provides as follows:
6       "(a) Any person who (1) intentionally or
7       negligently violates any cease and desist
8       order hereafter issued, reissued, or amended
9       by a regional board or the state board, or (2)
10      in violation of any waste discharge
11      requirement or other order issued, reissued,
12      or amended by a regional board or the state
13      board, intentionally or negligently discharges
14      waste or causes or permits waste to be
15      deposited where it is discharged into the
16      waters of the state and creates a condition of
17      pollution or nuisance, or (3) causes or
18      permits any oil or any residuary product of
19      petroleum to be deposited in or on any of the
20      waters of the state, except in accordance with
21      waste discharge requirements or other
22      provisions of this division, may be liable
23      civilly in a sum of not to exceed six thousand
24      dollars ($6,000) for each day in which such
25      violation or deposit occurs.
26      "(b) The Attorney General, upon request
27      of * * * a regional board or the state board,

7.

shall petition the superior court to impose, assess and recover such sums. Except in the case of a violation of a cease and desist order, a regional board or the state board shall make such request only after a hearing, with due notice of the hearing given to all affected persons. In determining such amount, the court shall take into consideration all relevant circumstances, including but not limited to, the extent of harm caused by the violation, the nature and persistence of the violation, the length of time over which the violation occurs and corrective action, if any, taken by the discharger."

15. That this action is brought in the name of the People of the State of California by the Attorney General upon the request of the Board after a public hearing held by the Board on or about February 23, 1979, in accordance with subdivision (b) of section 13350 of the Water Code.

16. That by reason of the foregoing, defendant Pacific, defendants, and each of them, have become liable to the Board in the sum of six thousand dollars ($6,000) for each and every day during which defendant Pacific, defendants, and each of them, intentionally or negligently permitted waste to be discharged or deposited where it was, or probably would be,

/
/

8.

discharged into the waters of the State of California and created or threatened to create a condition of pollution or nuisance.

(THIRD CAUSE OF ACTION)

Action for Civil Penalties for Discharging Pollutants (Water Code, § 13385)

17. That the Board realleges and incorporates herein by reference each and every matter, fact, and allegation contained in paragraphs 1, 2, 3, 4, and 5 of this complaint and makes the same a part hereof with the same force and effort as though fully set forth herein at length.

18. That section 13385 of the Water Code provides as follows:

> "Any person who discharges pollutants or dredged or fill material, except as permitted by waste discharge requirements or a dredged or fill material permit, or who violates any cease and desist order, prohibition, waste discharge requirement dredged or fill material permit, effluent limitation, water quality related effluent limitation, national standard of performance, pretreatment or toxicity standard or who refuses to comply with the requirements adopted pursuant to Section 13382 shall be subject to a civil penalty not to exceed ten thousand dollars ($10,000) for each day in which such discharge, violation, or

9.

refusal occurs. Funds collected shall be paid to the State Water Pollution Cleanup and Abatement Account."

19. That on or about February 28, 1978, November 27, 1978, January 22, 1979, January 30, 1979, and February 1, 1979, defendant Pacific, defendants, and each of them, discharged into the waters of the State of California chemicals constituting "pollutants" as that term is used in said section 13385.

20. That as a result of the foregoing defendant Pacific, defendants, and each of them, have become liable to the Board in the sum of ten thousand dollars ($10,000) in civil penalties for each and every day during which defendant Pacific, defendants, and each of them, discharged said pollutants into the waters of the State of California.

WHEREFORE, the Board, prays for judgment against defendant Pacific, defendants, and each of them as follows:

1. For a temporary restraining order, preliminary injunction and a permanent injunction ordering and requiring defendant Pacific, defendants, and each of them, their agents, employees, assistants, representatives, or any and all person or persons acting in concert or participating with any and all of them, to comply with the terms and conditions of the Clean-up and Abatement Order described in paragraph 8 of this complaint;

2. For six thousand dollars ($6,000) for each and every day during which defendant Pacific, defendants, and each of them, intentionally, or negligently permitted waste to be discharged or deposited where it was, or probably would be,

COURT PAPER
STATE OF CALIFORNIA
STD. 113 (REV 9-72)
OSP

10.

discharged into the waters of the State of California and created or threatened to create a condition of pollutions or nuisance.

3. For ten thousand dollars ($10,000) for each and every day during which defendant Pacific, defendants, and each of them, discharged pollutants into the waters of the State of California.

4. For costs of suit incurred herein, and

5. For such other and further relief as the court deems just and proper.

GEORGE DEUKMEJIAN
Attorney General

R. H. CONNETT
Assistant Attorney General

WALTER E. WUNDERLICH
JOEL S. MOSKOWITZ
Deputy Attorneys General

By: *Walter E. Wunderlich*
Walter E. Wunderlich

Attorneys for Plaintiff

11.

DTSC, et al. v. Jim Dobbas, Inc., et al.
Page 025
DTSC018766

CALIFORNIA REGIONAL WATER QUALITY CONTROL BOARD
CENTRAL VALLEY REGION

CLEAN-UP AND ABATEMENT ORDER
FOR
PACIFIC WOOD PRESERVING CORPORATION
SOLANO COUNTY

The California Regional Water Quality Control Board, Central Valley Region, (hereafter Board) finds that:

1. The Pacific Wood Preserving Corporation operates a wood preserving and treating facility located along "A" Street between Hazen Street and Holdener Road in the community of Elmira, Solano County. Constituents used in the treatment process include: 47.5% chromate ($CrO_3$), 18.5% copper ($CuO$), and 34% arsenic ($As_2O_5$) compounds. The compounds combined strength is 1.5% of the total mixture.

2. Investigations by the Board's staff, the Solano County Health Department, and the Department of Fish and Game have determined that chemical wastes have been discharged into a stormwater drain that empties in a ditch on the north side of Holdener Road, proceeds north on Lewis Road and drains into Ulatis Creek and ultimately into Cache Slough.

3. The beneficial uses of Ulatis Creek are generally limited to agricultural supply and esthetic enjoyment.

4. The beneficial uses of Cache Slough are: domestic, municipal, agricultural, industrial supply; recreation, including body contact sports; esthetic enjoyment; navigation; and the preservation and enhancement of fish, wildlife and other aquatic resources.

5. Cache Slough is the domestic water supply for the City of Vallejo.

6. Precipitated residues found in the ditch were accumulative, beginning with the heavy rains in January until the complaint made on 28 February 1978. Discharge compounds were from stockpiled lumber. Rains washed residues off the still-wet lumber and formed a pond in the stockyard area until it overflowed into the stormwater drain.

7. Issuance of this Order is exempt from the provisions of the California Environmental Quality Act (Public Resources Code Section 21000, et seq.), in accordance with Section 15108, Chapter 3, Title 14, California Administrative Code.

IT IS HEREBY ORDERED, that pursuant to Section 13304 of the California Water Code, the Pacific Wood Preserving Corporation shall:

1. Clean-up contaminated water and soils in the drainage ditch along the north side of Holdener Road as far east as Lewis Road forthwith. Such waste shall be disposed of in an approved Class I site by a licensed liquid waste hauler. A report of completion shall be filed by 17 March 1978.

EXHIBIT 1

CLEAN-UP AND ABATEMENT ORDER
PACIFIC WOOD PRESERVING CORPORATION
SOLANO COUNTY

2. Develop an Engineering Report of methods to assure adequate containment of all storm runoff containing toxic materials to abate future discharge. Include interium measures to be taken to prevent further runoff.

3. Comply with the following time schedule to complete construction to implement No. 2 above:

| Task | Task Completion | Report Due |
|---|---|---|
| Drainage Ditch Clean-Up | 9 Mar 1978 | 17 Mar 1978 |
| Engineering Report | | 17 Mar 1978 |
| Complete Construction and Full Compliance | 1 Jun 1978 | 15 Jun 1978 |

JAMES A. ROBERTSON, Executive Officer

Dated: 3/2/78

GKV/ap

- 2 -