1  JENNIFER HARTMAN KING (Bar No. 211313)
   NICOLE R. GLEASON (Bar No. 199655)
2  LOUINDA V. LACEY (Bar No. 275888)
   KING WILLIAMS & GLEASON LLP
3  520 Capitol Mall, Suite 750
   Sacramento, CA  95814
4  Telephone:     (916) 379-7530
   Facsimile:      (916) 379-7535
5  jhartmanking@kwgattorneys.com
   ngleason@kwgattorneys.com
6  llacey@kwgattorneys.com

7  Attorneys for Defendant Jim Dobbas, Inc.

8

9              IN THE UNITED STATES DISTRICT COURT

10             FOR THE EASTERN DISTRICT OF CALIFORNIA

11                       SACRAMENTO DIVISION

| | |
|---|---|
| CALIFORNIA DEPARTMENT OF TOXIC SUBSTANCES CONTROL and the TOXIC SUBSTANCES CONTROL ACCOUNT,<br><br>Plaintiffs,<br><br>v.<br><br>JIM DOBBAS, INC., a California corporation; CONTINENTAL RAIL, INC., a Delaware corporation; DAVID VAN OVER, individually; PACIFIC WOOD PRESERVING, a dissolved California corporation; and WEST COAST WOOD PRESERVING, LLC, a Nevada limited liability company,<br><br>Defendants,<br><br>AND RELATED CROSSCLAIMS AND COUNTERCLAIMS. | Case No.:  2:14-cv-00595-WBS-EFB<br><br>**NOTICE OF MOTION AND MOTION OF DEFENDANT JIM DOBBAS, INC. FOR SUMMARY JUDGMENT**<br><br>Date:  **April 6, 2015**<br>Time:  **2:00 p.m.**<br>Place: Courtroom 5, 14th Floor<br>          Robert T. Matsui United States<br>          Courthouse<br>          501 I Street<br>          Sacramento, CA  95814<br><br>Action filed:  March 3, 2014 |

00017297.1

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on April 6, 2015, at 2:00 p.m., or as soon thereafter as the matter may be heard by the above-entitled Court, located at Robert T. Matsui United States Courthouse, 501 I Street, Sacramento, CA 95814, in Courtroom 5 of the Honorable William B. Shubb, Defendant Jim Dobbas, Inc. ("Dobbas") will and hereby does move for summary judgment against Plaintiffs and Counter-Defendants California Department of Toxic Substances Control and the Toxic Substances Control Account (collectively, "DTSC") on the grounds that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law for the following reasons:

1. Dobbas is entitled to judgment on DTSC's First and Second Claims for Relief because they are barred by the applicable statute of limitations as a matter of law, 42 U.S.C. § 9613(g)(2), there is no genuine issue as to any material fact relating to the foregoing, and no further discovery would alter this conclusion; and

2. Dobbas is entitled to judgment as a matter of law on DTSC's Third Claim for Relief because: (1) the Court should decline to exercise supplemental jurisdiction over the state law claim in the absence of federal subject matter jurisdiction (28 U.S.C., § 1367(c)); and (2) even if the Court were to elect to exercise supplemental jurisdiction over the state law claim, the claim fails as a matter of law because DTSC could not legally have required Dobbas to perform the remedial activities that form the subject of its Third Claim for Relief because the statute of limitations on the **one** remedial action allowed for the site at issue in this matter expired in 1999 and, therefore, no relief is available to DTSC under this claim. With respect to the latter basis for granting judgment on this Claim for Relief, there is no genuine issue as to any material fact and no further discovery would alter this conclusion.

/ / /

/ / /

/ / /

/ / /

/ / /

This motion is based on this Notice of Motion and Motion, the supporting Memorandum of Points and Authorities, the accompanying Statement of Undisputed Facts, the pleadings and other documents on file in this case, and any other matter that may be presented to the Court during the hearing on this motion.

Dated: March 2, 2015

Respectfully submitted,

KING WILLIAMS & GLEASON LLP

By: */s/ Jennifer Hartman King*
    Jennifer Hartman King
    Nicole R. Gleason
    Louinda v. Lacey

Attorneys for Defendant JIM DOBBAS, INC.