DAVID VAN OVER
216 F STREET, #108
DAVIS, CA 95616
Email: david.vanover@gmail.com
Telephone:    (775) 830-3888

IN PRO PER

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| CALIFORNIA DEPARTMENT OF TOXIC SUBSTANCES CONTROL and the TOXIC SUBSTANCES CONTROL ACCOUNT,<br><br>Plaintiffs,<br><br>v.<br><br>JIM DOBBS, INC., et al.,<br><br>Defendants. | CIV. NO. 2:14-595 WBS EFB<br><br>**DEFENDANT DAVID VAN OVER'S ANSWER TO THE FIRST AMENDED COMPLAINT BY PLAINTIFFS AND DEMAND FOR JURY TRIAL**<br><br>Judge:   William B. Shubb |

Defendant <u>DAVID VAN OVER</u> ("Van Over") hereby responds to the Complaint filed by Plaintiff <u>CALIFORNIA DEPARTMETN OF TOXIC SUBSTANCES CONTROL</u> ("DTSC") and the <u>TOXIC SUBSTANCES CONTROL ACCOUNT</u> ("TSCA") as follows:

**JURISDICTION, VENUE AND INTRA-DISTRICT ASSIGNMENT**

1.   Van Over admits the averments contained in paragraph 1.

2.   Van Over admits the averments contained in paragraph 2.

3.   Van Over admits the averments contained in paragraph 3.

907480

## STATEMENT OF THE ACTION

4. In response to the averments of paragraph 4 through 6, Van Over admits that Plaintiffs seeks recovery under the legal theories that Plaintiffs generally describes. Van Over denies that Plaintiffs are entitled to relief against Van Over under any of its claims.

## PLAINTIFFS

5. Van Over admits the averments contained in paragraphs 7 and 8.

## DEFENDANTS

6. Van Over has insufficient knowledge to respond to the averments contained in paragraphs 9, 10, 12, 13, 14, 15, and 16 based thereon, denies the averments therein.

7. In response to paragraph 11, Van Over alleges that he resides in Yolo County. Except as specifically alleged, Van Over admits the averments contained in paragraph 11.

## GENERAL ALLEGATIONS

8. Van Over has insufficient knowledge to respond to the averments contained in paragraphs 17 through 29 and based thereon, denies the averments therein.

9. Van Over admits the averments contained in paragraphs 30 and 31.

10. Answering paragraphs 30 and 31, Van Over denies that it has failed to comply or has had any duty to comply with the I/SE Order. Except as denied, Van Over admits the allegations therein.

11. Van Over has insufficient knowledge to respond to the averments contained in paragraphs 32 through 36 and based thereon, denies the averments therein.

## FIRST CLAIM FOR RELIEF

### (Recovery for Response Costs Pursuant to Comprehensive Environmental Response, Compensation and Liability Act, 42 U.S.C. § 9607(a))

12. In response to the averments contained in paragraph 37, Van Over incorporates by reference, as though fully set forth herein, paragraphs 1 through 36, *supra*, inclusive.

13. Van Over admits the averments contained in paragraph 37 through 41 on the basis of information and belief.

907480

14. Van Over has insufficient knowledge to respond to the averments contained in paragraphs 42 and 43 and based thereon, denies the averments therein. Van Over denies that it has any obligations or is responsible for any costs or sums that owed to Plaintiffs.

## SECOND CLAIM FOR RELIEF
### (Declaratory Relief Under CERCLA)

15. In response to the averments contained in paragraph 44, Van Over incorporates by reference, as though fully set forth herein, paragraphs 1 through 43, *supra*, inclusive.

16. Van Over denies the averments contained in paragraph 45.

## THIRD CLAIM FOR RELIEF
### (Failure and Refusal to Comply with Imminent or Substantial Determination Order and Remedial Action Order - California Health and Safety Code sections 25355.5,25358.3,25359,25359.2,25367)

17. In response to the averments contained in paragraph 46, Van Over incorporates by reference, as though fully set forth herein, paragraphs 1 through 45, *supra*, inclusive.

18. Van Over admits the averments contained in paragraph 43.

19. Van Over admits that the specified codes state what is alleged in paragraphs 48 through 51. Except as specifically admitted, Van Over denies the allegations therein.

20. In response to the averments contained in paragraphs 52 and 53, Van Over denies that he has failed to comply or is in violation of the I/SE Order. Except as specifically denied, Van Over has insufficient information or belief to answer the allegations therein and based thereon denied the allegations.

21. In response to the averments contained in paragraphs 54, Van Over denies that he has failed to comply or in violation of the I/SE Order. Except as specifically denied, Van Over admits the allegations contained therein.

## AFFIRMATIVE DEFENSES
## FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

907480

1. The Complaint and each claim therein fail to state a claim upon which relief can be granted against Van Over.

## SECOND AFFIRMATIVE DEFENSE
### (Standing)

2. Plaintiffs lack standing to bring this action.

## THIRD AFFIRMATIVE DEFENSE
### (Uncertainty)

3. The Complaint and each claim therein are uncertain.

## FOURTH AFFIRMATIVE DEFENSE
### (Statute of Limitations)

4. The Complaint and each claim therein are barred by the applicable statute of limitations.

## FIFTH AFFIRMATIVE DEFENSE
### (Waiver)

5. Plaintiffs waived each and every claimed.

## SIXTH AFFIRMATIVE DEFENSE
### (Estoppel)

6. By virtue of the acts, conduct and omissions of Plaintiffs, Plaintiffs are estopped from asserting the claims alleged in the Complaint.

## SEVENTH AFFIRMATIVE DEFENSE
### (Contributory or Comparative Fault)

7. Van Over is informed and believes and on such basis alleges that persons or entities other than Van Over caused or contributed to damages, if any, allegedly suffered by Plaintiffs by negligence or other wrongful conduct and said acts or omissions eliminate or comparatively reduce the percentage of liability, if any, of Van Over by virtue of the doctrine of comparative negligence.

### EIGHTH AFFIRMATIVE DEFENSE

**(Intervening Acts)**

8. Van Over is not liable to Plaintiffs because of the subsequent and intervening acts of Plaintiffs, other defendants, other third parties and/or acts of God, all of which caused the damages, if any, alleged in the Complaint.

### NINTH AFFIRMATIVE DEFENSE

**(Cause in Fact)**

9. Plaintiffs cannot prove any facts showing that the conduct of Van Over was the cause in fact of any threatened or actual releases of hazardous substances or hazardous wastes as alleged in the Complaint.

### TENTH AFFIRMATIVE DEFENSE

**(Proximate Cause/Substantial Factor)**

10. Plaintiffs cannot prove any facts showing that the conduct of Van Over was the proximate cause of, or a substantial factor in, any threatened or actual releases of hazardous substances or hazardous wastes as alleged in the Complaint.

### ELEVENTH AFFIRMATIVE DEFENSE

**(Equitable Estoppel/Equitable Indemnity)**

11. The Complaint and each claim are barred by the doctrines of equitable estoppel and equitable indemnity.

### TWELFTH AFFIRMATIVE DEFENSE

**(Failure to Join Indispensable or Necessary Parties)**

12. Plaintiffs have failed to join all necessary and/or indispensable parties needed for a just adjudication of the subject matter of this action.

### THIRTEEENTH AFFIRMATIVE DEFENSE

**(Failure to Mitigate Damages)**

907480

13. Plaintiffs have failed to mitigate their damages, if any, in connection with the matter referred to in the Complaint, which failure to mitigate bars and/or diminishes Plaintiffs' recovery, if any, against Van Over.

## FOURTEENTH AFFIRMATIVE DEFENSE
### (Due Care - Conformance With Laws)

14. At all times relevant herein, Van Over acted reasonably and with due care, complied with all statutory, regulatory, and common law requirements in connection with activities that are the subject matter of this action.

## FIFTEENTH AFFIRMATIVE DEFENSE
### (Response Costs)

15. The costs incurred or to be incurred do not constitute recoverable response, remedial, or removal costs within the meaning of CERCLA, and are unreasonable, unnecessary, and inconsistent with the National Contingency Plan. Therefore, such costs are not recoverable.

## SIXTEENTH AFFIRMATIVE DEFENSE
### (Act of God, War or Third Party)

16. The release or threatened release of hazardous substances was caused solely by one or more acts of God, an act of war, by the acts or omissions of a third party or parties, other than Van Over, or an agent of Van Over, and with whom Van Over had no contractual agreements.

## SEVENTEENTH AFFIRMATIVE DEFENSE
### (No Liability for Future Costs)

17. Plaintiffs cannot recover future costs as this is inconsistent with CERCLA 42 U.S.C. §9607(a)(4).

## EIGHTEENTH AFFIRMATIVE DEFENSE
### (No Joint and Several Liability)

18. Van Over is not jointly and severally liable for any damage alleged in the Complaint because any effect of any act or omission of Van Over or any other defendant is divisible and distinct from any compensable damage, if any, incurred by Plaintiffs.

907480

### NINETEENTH AFFIRMATIVE DEFENSE

**(Joint and Several Liability Improper)**

19. The Complaint and each claim therein are barred because they failed to state a claim or set forth facts sufficient to support a finding of joint and several liability against Van Over.

### TWENTIETH AFFIRMATIVE DEFENSE

**(Offset)**

20. If Plaintiffs is held entitled to recover any costs or damages against Van Over, which entitlement Van Over denies, such recovery must be reduced and offset by: (1) any amount previously obtained for any damages alleged in the Complaint, by Plaintiffs, from any person and; (2) the equitable share of the liability of any person or entity from which Plaintiffs previously received payment, whether by direct payment, or by offset, or a release from contribution or covenant not to sue with respect to any of the damages alleged in the Complaint.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

**(Failure to Incur Response Costs)**

21. Plaintiffs have failed to incur necessary and recoverable response costs before filing suit.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

**(Preemption of State Claims)**

22. Plaintiffs' state law claims are preempted by federal law.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

**(Violation of Regulatory Standards)**

23. The Complaint and each claim therein are barred to the extent their costs, if any, were incurred as a violation of regulatory standards or failure to cooperate with public officials.

907480

### TWENTY-FOURTH AFFIRMATIVE DEFENSE
### (Failure to Meet Prerequisites)

24. The Complaint and each cause of action therein are barred in whole or in part to the extent that Plaintiffs failed to meet the statutory and legislative prerequisites for filing and maintaining a lawsuit under CERCLA.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE
### (Substantial Compliance)

25. Van Over has substantially complied with the requirements of state law as they pertain to this lawsuit and such substantial compliance bars Plaintiffs' claims.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE
### (Substantial Factor)

26. Any acts or omissions, if any, of Van Over were not substantial factors in bringing about the alleged damages and were not a contributing cause thereof, but were superseded by the acts or omissions of third parties, which were independent intervening and the proximate cause of any damages suffered by Plaintiffs.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE
### (Failure to Perform Obligations)

27. The claims for relief alleged in the Complaint are barred, in whole or in part, by Plaintiffs' failure to perform their obligations owed to Van Over or to other third parties and such obligations were not excused, prevented or waived.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE
### (Due Care)

28. Van Over exercised due care with respect to all matters alleged in the Complaint.

907480

## TWENTY-NINTH AFFIRMATIVE DEFENSE

### (Speculative Damages)

29.     Plaintiffs' damages, if any, are speculative and may not be recovered.

## THIRTIETH AFFIRMATIVE DEFENSE

### (Attorneys' Fees)

30.     Plaintiffs are not entitled to recover attorneys' fees with respect to any of Plaintiffs' claims against Van Over.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

### (Offset of Voluntary Investigation/Remediation)

31.     If Van Over is adjudged liable to Plaintiffs, which liability is expressly denied, Van Over is entitled to offset any damages awarded by the amount of costs and fees incurred by Van Over in its voluntary investigation and remediation of the property at issue here.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

### (Obligations Satisfied)

32.     Any obligations Van Over owed to Plaintiffs have been satisfied, released or otherwise discharged. Therefore, Plaintiffs has suffered no damages and is not entitled to bring this action.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

### (No Cost Recovery Under CERCLA)

33.     Plaintiffs is not entitled to the cost recovery sought under Section 107 of CERCLA, 42 U.S.C., § 9607, because it is not an innocent party.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

### (Causation – Not Fairly Traceable)

34.     The conditions described in Plaintiffs' Complaint are not "fairly traceable" to Van Over's acts or omissions.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

### (Full Performance under Permits, Standards, Regulations)

907480

35. Van Over alleges that it has fully performed each and every obligation arising under each of the permits, standards, regulations, conditions, requirements, prohibitions, or orders required by law, or any implementing regulations, or judicial interpretations thereof, thus the Complaint fails to state a claim against Van Over premised upon violation of any such law.

### THIRTY-SIXTH AFFIRMATIVE DEFENSE
### (Abstention)

36. The matters alleged in the Complaint are subject to ongoing agency enforcement, thus the Court should abstain from exercising primary jurisdiction over such matters.

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE
### (Adequate Remedy at Law)

37. With respect to declaration or equitable relief requested by Plaintiffs, Plaintiffs have adequate remedies at law and is therefore not entitled to any such relief whatsoever.

### THIRTY-EIGHTH AFFIRMATIVE DEFENSE
### (Necessity)

38. With respect to matters which are the subject of the Complaint, Van Over's actions were reasonably necessary for the accomplishment of an important public interest.

### THIRTY-NINTH AFFIRMATIVE DEFENSE
### (De Minimis Harm)

39. The Complaint and each claim therein is barred on the ground that the contribution of Van Over to the alleged contamination, if any, is de minimis.

### FORTIETH AFFIRMATIVE DEFENSE
### (Conditions Precedent)

40. Plaintiffs have failed to perform conditions precedent necessary to commence this action against Van Over.

### FORTY-FIRST AFFIRMATIVE DEFENSE
### (Mistake)

41. Plaintiffs' claims are barred by their mistake of fact and/or by third party mistake of fact.

907480

## FORTY-SECOND AFFIRMATIVE DEFENSE

### (Substantial Compliance)

42. Van Over has substantially complied with the requirements of state law as they pertain to this lawsuit and such substantial compliance bars Plaintiffs' claims.

## FORTY-THIRD AFFIRMATIVE DEFENSE

### (Remedial Actions Not Cost Effective)

43. Plaintiffs is not entitled to recovery of remedial costs from Van Over because Plaintiffs' alleged remedial actions were not and are not "cost effective" pursuant to CERCLA, 42 U.S.C. §9621.

## FORTY-FOURTH AFFIRMATIVE DEFENSE

### (Action Authorized by Statute)

44. Van Over alleges that the actions and conditions complained of by Plaintiffs are expressly authorized by statute, ordinance, or administrative regulation, and may not be judged a nuisance under Civil Code section 3482.

## FORTY-FIFTH AFFIRMATIVE DEFENSE

### (Reservation of Additional Affirmative Defenses)

45. Van Over presently has insufficient knowledge or information upon which to form a belief as to whether it may have additional affirmative defenses.  Van Over reserves the right to assert and rely on any additional affirmative defenses that may become available or apparent during discovery proceedings and/or trial.

WHEREFORE, Van Over prays as follows:

1. That the relief sought by way of the prayer for relief in Plaintiffs' is denied in its entirety;

2. That Plaintiffs take nothing by its action;

3. That the Complaint be dismissed in its entirety;

4. That Van Over be awarded its costs, expert consultants' fees, witness fees, and reasonable attorneys' fees incurred in defense of this action; and

5. For such other relief as the Court deems just and proper.

907480

DEMAND FOR JURY TRIAL

Van Over demands a jury trial on all applicable issues.

Date:   January 05, 2014

By: /s/ David van Over

David Van Over IN PRO PER

907480