KAMALA D. HARRIS, State Bar No. 146672
Attorney General of California
SARAH E. MORRISON, State Bar No. 143459
Supervising Deputy Attorney General
OLIVIA W. KARLIN, State Bar No. 150432
LAURA J. ZUCKERMAN (Counsel for service)
State Bar No. 161896
Deputy Attorneys General
 1515 Clay Street, 20th Floor
 Oakland, CA 94612
 Telephone: (510) 622-2174
 Fax: (510) 622-2270
 E-mail: Laura.Zuckerman@doj.ca.gov
*Attorneys for Plaintiffs California
Department of Toxic Substances Control and Toxic
Substances Control Account*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| CALIFORNIA DEPARTMENT OF TOXIC SUBSTANCES CONTROL and the TOXIC SUBSTANCES CONTROL ACCOUNT,<br><br>Plaintiffs,<br><br>v.<br><br>JIM DOBBAS, INC., a California corporation; CONTINENTAL RAIL, INC., a Delaware corporation; DAVID VAN OVER, individually; PACIFIC WOOD PRESERVING, a dissolved California corporation; WEST COAST WOOD PRESERVING, LLC., a Nevada limited liability company; and COLLINS & AIKMAN PRODUCTS, LLC, a Delaware limited liability company,<br><br>Defendants.<br><br>AND RELATED COUNTERCLAIMS AND CROSS CLAIMS | 2:14-cv-00595-WBS-EFB<br><br>STIPULATION REQUESTING EXTENSION OF CUT-OFF DATES AND TRIAL; DECLARATION OF LAURA J. ZUCKERMAN IN SUPPORT THEREOF; [PROPOSED] ORDER<br><br>Trial Date:   January 4, 2017<br>Action Filed: March 3, 2014 |

Plaintiffs the State of California Department of Toxic Substances Control and the Toxic Substances Control Account (collectively, "DTSC"), through their attorneys, and individual defendant David Van Over, acting *in pro per* ("Van Over"), hereby submit this stipulation requesting that the Court issue an order extending all court-ordered deadlines for four (4) months to permit the parties to undertake actions necessary to settle this litigation.

The foregoing Stipulation is based on the following facts:

1. In this action under the Comprehensive Environmental Response, Compensation, and Liability Act, 42 U.S.C. § 9601 ("CERCLA"), DTSC seeks to recover response costs it incurred or expects to incur in response to the release and/or threatened release of hazardous substances at, around, and/or beneath the property located at 147 A Street, Elmira, Solano County, CA, identified by Solano County Assessor's Parcel Numbers 142-010-130, 142-010-140 and 142-042-010 ("the Site") from six (6) defendants. The Court has entered and approved consent decrees resolving the liability of two defendants in this action and has entered default judgments against three (3) others. Van Over is the current owner and operator of the Site, and he is the last remaining defendant in the case.

2. The parties have been engaged in settlement discussions. Zuckerman Declaration, ¶ 2. Van Over has asserted an inability to pay any response costs owed to DTSC, and has agreed to submit documentation supporting an inability to pay claim by January 22, 2016. Zuckerman Declaration, ¶ 3. DTSC will evaluate Van Over's financial documentation. *Id.* If Van Over's financial documentation substantiates his inability to pay response costs claim, DTSC anticipates the parties will enter into a proposed consent decree to memorialize their settlement. *Id.*

3. For its CERCLA settlements, DTSC follows section 122(h) of CERCLA, and conducts a thirty (30) day public review and comment period on the proposed consent decree before moving for its approval by the Court. 42 U.S.C § 9622(h). Zuckerman Declaration, ¶ 5. A continuance of approximately four (4) months will allow sufficient time for the parties to evaluate Van Over's financial documentation, engage in settlement discussions, publish and notice any proposed consent decree entered into with Van Over for public comment, comply with

1

the statutorily required public comment period for the proposed consent decree, address public comments, and file a noticed motion for judicial approval of a settlement with Van Over. *Id.*

3. The parties prefer to expend their available resources focusing on settlement rather than conducting discovery and litigating the matter. Zuckerman Declaration, ¶ 4. The parties further agree that it would be mutually beneficial, and that it would conserve the judicial resources of this Court, to continue the discovery, pretrial, and trial dates by approximately four (4) months in order that the parties may conclude their settlement discussions. *Id.*

4. These parties have made no prior request to extend the discovery or trial deadlines. Zuckerman Declaration, ¶ 6.

5. Based on the foregoing, DTSC and Van Over hereby jointly request that the Court enter an order continuing the remaining court deadlines for approximately four (4) months as follows:

    A. **Fact Discovery Cutoff** – from March 30, 2016 to August 3, 2016.
    B. **Expert Report Due Date** – from April 29, 2016 to August 31, 2016.
    C. **Expert Discovery Cutoff** – from June 30, 2016 to October 31, 2016.
    D. **Motion Filing Deadline** – from September 2, 2016 to January 6, 2017.
    E. **Final Pretrial Conference** – from November 7, 2016 to March 13, 2017.

///
///
///
///
///
///
///
///
///

2

STIPULATION REQUESTING EXTENSION OF CUT-OFF DATES AND TRIAL; DECLARATION OF LAURA J. ZUCKERMAN IN SUPPORT THEREOF; [PROPOSED] ORDER (2:14-cv-00595-WBS-EFB)

F.  Trial – from January 4, 2017 to May 10, 2017.

IT IS SO STIPULATED.

Dated: 1/19/16

KAMALA D. HARRIS
Attorney General of California

/s/

LAURA J. ZUCKERMAN
Deputy Attorney General
*Attorneys for Plaintiffs State of California Department of Toxic Substances Control and Toxic Substances Account*

Dated: 01/14/16

DAVID VAN OVER
Defendant

DAVID VAN OVER

### [PROPOSED] ORDER

**IT IS ORDERED** that the deadlines for the above-captioned case are extended as follows:

A. **Fact Discovery Cutoff** – from March 30, 2016 to August 3, 2016.

B. **Expert Report Due Date** – from April 29, 2016 to August 31, 2016.

C. **Expert Discovery Cutoff** – from June 30, 2016 to October 31, 2016.

D. **Motion Filing Deadline** – from September 2, 2016 to January 6, 2017.

E. **Final Pretrial Conference** – from November 7, 2016 to March 13, 2017.

F. **Trial** – from January 4, 2017 to May 10, 2017.

IT IS SO ORDERED.

Dated: _____

HON. WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

3

## DECLARATION OF LAURA J. ZUCKERMAN

I, Laura J. Zuckerman, declare as follows:

1. I am a Deputy Attorney General with the California Department of Justice, Office of the Attorney General. In that capacity, I am one of the attorneys for plaintiffs California Department of Toxic Substances Control and the Toxic Substances Control Account (collectively, "DTSC") in this action. I have personal knowledge of the facts stated herein, and, if called to do so, could and would testify competently thereto.

2. DTSC and defendant David Van Over ("Van Over"), the last remaining defendant in this action, have been engaged in settlement discussions in an effort to resolve this matter without further litigation.

3. Van Over is representing himself *in pro per*. Van Over has asserted an inability to pay any response costs owed to DTSC, and has agreed to submit documentation supporting an inability to pay claim by January 22, 2016. DTSC will evaluate Van Over's financial documentation. If Van Over's financial documentation substantiates his inability to pay response costs claim, DTSC anticipates the parties will enter into a proposed consent decree to memorialize their settlement.

4. The parties would prefer to expend their available resources focusing on settlement rather than conducting discovery and litigating the matter. The parties have discussed and agreed that it would be mutually beneficial, and would conserve the judicial resources of this Court, to continue the discovery, pretrial, and trial dates by approximately four (4) months in order that the parties may conclude their settlement discussions.

5. For its CERCLA settlements, Plaintiffs follow section 122(h) of CERCLA, and conduct a thirty (30) day public review and comment period on the proposed consent decree before moving for its approval by the Court. 42 U.S.C. § 9622(h). A continuance of approximately four (4) months will allow sufficient time for the parties to engage in settlement discussions and publish and notice any proposed consent decree entered into for public comment, comply with the statutorily required public comment period for the proposed consent decree,

4

1  address public comments, and file a noticed motion for judicial approval of any settlement with
2  Van Over.
3      6.  These parties have made no prior request to extend the discovery or trial deadlines.
4  I declare under penalty of perjury that the foregoing is true and correct. Executed on
5  1/19/16 _____, at Oakland, California.

_____
Laura J. Zuckerman