# EXHIBIT A



**KAMALA D. HARRIS**
*Attorney General*

*State of California*
**DEPARTMENT OF JUSTICE**

300 SOUTH SPRING STREET, SUITE 1702
LOS ANGELES, CA 90013

Public: (213) 897-2000
Telephone: (213) 897-0473
Facsimile: (213) 897-2802
E-Mail: Olivia.Karlin@doj.ca.gov

August 1, 2016

**BY E-MAIL AND U.S. MAIL**

David Van Over
216 F Street #108
Davis, CA 95616
E-mail: david.vanover@gmail.com

RE:   *California Department of Toxic Substances Control and the Toxic Substances Control Account v. Jim Dobbas, Inc., et al.*, United States District Court for the Eastern District of California (Case No. 2:14-CV-00595-WBS-EFB)

Dear Mr. Van Over:

    As settlement discussions between the parties have not been fruitful and are now at an end, I write on behalf of the State of California Department of Toxic Substances Control ("DTSC") to request a pre-filing conference with you regarding DTSC's intent to file a motion for summary judgment with respect to your liability, as alleged in DTSC's First Amended Complaint in the above-referenced action. DTSC requests that the parties promptly schedule a telephonic conference regarding DTSC's proposed motion, and that such call be scheduled on or before August 15, 2016. Please let us know some dates and times you would be available for a call. We are available on Friday, August 5, between 1:30 and 4:30 p.m., Monday, August 8, between 10:00 a.m. and 12:00 noon, and Monday, August 8, between 3:30 and 4:30 p.m.

    A.   **Motion for Summary Judgment**

    Pursuant to Rule 56 of the Federal Rules of Civil Procedure, a party may move for a summary judgment on all or part of a claim. "The judgment should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). DTSC plans to file a motion for summary judgment regarding your liability because there is no triable issue of fact with respect to your liability under section 107(a)(1) of the Comprehensive Environmental Response, Compensation, and Liability Act of 1980 ("CERCLA"), 42 U.S.C. 9706(a)(1), as the current owner of the Wickes Forest Industry Site, located at 147 A Elmira Street, Elmira, CA 95625 (the "Site").

David Van Over
August 1, 2016
Page 2

---

### B. Elements of CERCLA Liability.

To establish your CERCLA liability, DTSC need only prove the following: "(1) the site is a 'facility'; (2) a 'release' or 'threatened release' of a hazardous substance occurred; (3) the government incurred costs in responding to the release or threatened release; and (4) you fall within one or more of the classes of liable parties, which are (a) the current owner or operator of the facility; (b) the owner or operator of the facility at the time of the disposal of hazardous substances; (c) a party who arranged for treatment or disposal of hazardous substance at the facility; and (d) a party who transported hazardous substances to the facility. *United States v. Chapman*, 146 F.3d 1166, 1169 (9th Cir. 1998). CERCLA imposes joint and several liability, and each responsible party, including you, is jointly and severally liable to the government for all costs unless it can carry its burden of proving that a reasonable basis for apportionment exists. *Burlington Northern & Santa Fe Ry Co. v. United States*, 556 U.S. 599, 614-15 (2009). Divisibility, however, is not a defense to liability – it is an argument to avoid *joint and several* liability.

### C. The Facts Supporting Your Liability Are Undisputed.

In its motion for summary judgment, DTSC will assert that the facts proving each of the elements of your CERCLA liability are undisputed.

#### 1. The Site is a "Facility."

The Site is a "facility" within the meaning of CERCLA. Section 101(9) of CERCLA defines "facility" as any site or area where a hazardous substance has been deposited, stored, disposed of, or placed or otherwise come to be located . . . ." 42 U.S.C. § 9601(9). The term includes virtually any place where a hazardous substances has come to be located. *3550 Stevens Creek Assoc. v. Barclays Bank*, 915 F.2d 1355, 1360 n. 10 (9th Cir. 1990). Arsenic, chromium, and copper, which were constituents of wood preserving chemicals, were released into the environment at the Site. Arsenic, chromium and copper each is a "hazardous substance" under CERCLA section 101(14), 42 U.S.C. section 9601(14). Thus the Site is a facility for purposes of CERCLA liability.

#### 2. Releases of Hazardous Substances Occurred at the Site.

A "release" for purposes of CERCLA is defined as " . . . any spilling, leaking, pumping, pouring, emitting, emptying, discharging, injecting, escaping, leaching, dumping, or disposing into the environment. . . ." 42 U.S.C. 9601(22). "To establish that there has been a release, the government need only show that any hazardous substance as defined by CERCLA in any amount was found at the site." *United States v. Carolina Transform Co.*, 739 F.Supp. 1030, 1036 (E.D.N.C. 1989), *aff'd.*, 978 F.2d 832 (4th Cir. 1992). Arsenic, chromium and copper were found in numerous locations at the Site. There is no dispute that releases occurred at the Site.

David Van Over
August 1, 2016
Page 3

### 3. Releases of Hazardous Substances Caused DTSC to Incur Response Costs.

It is undisputed that DTSC has incurred costs responding to releases of hazardous substances at the Site. DTSC's response costs include costs incurred for administration, oversight, personnel, litigation, enforcement, and payment of government contractors for response work to address releases or threatened releases of hazardous substances at the Site. Summaries of DTSC's response costs for the Site have been provided to you. DTSC is incurring response costs currently, and expects to continue to do so in the future; these future costs include oversight, enforcement activities, and continued remediation. Such costs constitute costs of response within the meaning of CERCLA. *See, e.g., Ascon Properties v. Mobil Oil Co.*, 866 F.2d 1149, 1153-54 (9th Cir. 1989); *Cadillac Fairview/California Inc. v. Dow Chemical Co.*, 840 F.2d 691, 695 (9th Cir. 1988).

### 4. You Are an Owner of the Site Under 42 U.S.C. 9607(a)(1).

CERCLA section 107(a)(1) imposes liability on the current owner of a facility. 42 U.S.C. 9607(a)(1). "[M]ere ownership of the property on which the release [of hazardous substances] took place is sufficient to impose liability under 107(a) regardless of any control or lack of control over the disposal activities. *United States v. Monsanto*, 858 F.2d 160, 269 (4th Cir. 1988). CERCLA imposes liability on current owners for hazardous substances released by previous owners. *State of Idaho v. Hanna Min. Co.*, 882 F.2d 392, 395 (9th Cir. 1989). It is undisputed that you own the Site. You purchased the Site in 2011, with knowledge of its contamination, from Jim Dobbas and Continental Rail, Inc. for $2.00, and you remain the current owner today.

### 5. Declaration of Liability for Future Response Costs.

DTSC will also seek a declaration of your liability under section 9613(g)(2) of CERCLA, which provides, in relevant part, that a court shall enter declaratory judgment on liability for response costs or damages that will be binding on any subsequent action or actions to recover future response costs or damages.

DTSC requests that you confer regarding DTSC's intent to file the above-referenced motion. The case law supports DTSC's motion, and DTSC would like to discuss further the reasons you should consider stipulating to being the current owner of a facility, as well as to entry of summary judgment on that basis. We would like to schedule the conference on or before August 15, 2016, and have listed above some dates we are available. We would appreciate a response regarding your availability no later than August 5, 2016.

David Van Over
August 1, 2016
Page 4

---

Please contact me if you have any questions.

                                 Sincerely,

                                  */s/ Olivia W. Karlin*
                                  OLIVIA W. KARLIN
                                  Deputy Attorney General

                       For    KAMALA D. HARRIS
                              Attorney General

cc:    Charlie Ridenour, Department of Toxic Substances Control
       Vivian S. Murai, Esq., Department of Toxic Substances Control – Sacramento HQ OLC