XAVIER BECERRA
Attorney General of California
SARAH E. MORRISON, State Bar No. 143459
Supervising Deputy Attorney General
OLIVIA W. KARLIN, State Bar No. 150432
LAURA J. ZUCKERMAN (Counsel for service)
State Bar No. 161896 Deputy Attorneys General
  1515 Clay Street, 20th Floor
  Oakland, CA 94612
  Telephone: (510) 879-1299
  Fax: (510) 622-2270
  E-mail: Laura.Zuckerman@doj.ca.gov
*Attorneys for Plaintiffs California*
*Department of Toxic Substances Control and the*
*Toxic Substances Control Account*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| **CALIFORNIA DEPARTMENT OF TOXIC SUBSTANCES CONTROL and the TOXIC SUBSTANCES CONTROL ACCOUNT,**<br><br>Plaintiffs,<br><br>v.<br><br>Defendants.<br><br>**JIM DOBBAS, INC., a California corporation; CONTINENTAL RAIL, INC., a Delaware corporation; DAVID VAN OVER, individually; PACIFIC WOOD PRESERVING, a dissolved California corporation; WEST COAST WOOD PRESERVING, LLC., a Nevada limited liability company; and COLLINS & AIKMAN PRODUCTS, LLC, a Delaware limited liability company,**<br><br>Defendants.<br><br>**AND RELATED COUNTERCLAIMS AND CROSS-CLAIMS** | 2:14-cv-00595-WBS-EFB<br><br>**DECLARATION OF JASON XIAO IN SUPPORT OF PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT ON THE LIABILITY OF DEFENDANT DAVID VAN OVER; EXHIBITS**<br><br>Date: June 12, 2017<br>Time: 1:30 p.m.<br>Place: Courtroom 5, 14th Floor<br>      501 I Street<br>      Sacramento, CA 95814<br>Trial: September 13, 2017<br>Action Filed: March 3, 2014 |

1

DECLARATION OF JASON XIAO IN SUPPORT OF PLAINTIFFS' MOTION FOR PARTIAL SUMMARY
JUDGMENT ON THE LIABILITY OF DEFENDANT DAVID VAN OVER (2:14-cv-00595-WBS-EFB)

I, Jason Xiao, declare as follows:

I make this declaration in support of the Motion for Partial Summary Judgment on the Liability of David Van Over filed by Plaintiffs California Department of Toxic Substances Control and the Toxic Substances Control Account (collectively, DTSC). The facts stated in this declaration are based on my personal knowledge and on my review of files which DTSC maintains in the regular course of business. If called as a witness, I could and would competently testify to the following:

## Background and Qualifications

1. I have been employed by DTSC as the Accounting Administrator I (Supervisor) for DTSC's Cost Recovery Billing Unit (the "CRBU") since January 2014. My primary responsibility is the development and implementation of policies and procedures for the accounting and recording of payments, receivables, receipts, and the recovery of site mitigation, corrective action, and costs incurred by DTSC under the Comprehensive Environmental Response, Compensation and Liability Act, 42 U.S.C. section 9601 et seq. ("CERCLA").

2. I supervise, and provide guidance to, the CRBU's staff regarding accounting functions, helping to ensure that the CRBU accurately processes and records transactions related to accounts receivable, receipts, and cost recovery billing. I have a Bachelor's of Science in Business Administration with a concentration in Accounting from California State University at Sacramento.

3. I provide litigation support for DTSC for actions taken by the Office of the Attorney General to recover DTSC's costs incurred for site cleanup and oversight work in actions against responsible parties. The CRBU is responsible for billing responsible parties for site cleanup and oversight costs incurred by DTSC. The CRBU maintains documentation supporting costs incurred by DTSC for site cleanup and oversight costs.

## Response Costs Incurred by DTSC Between July 1, 1987 and December 31, 2016

4. I have obtained cost information for the real properties located at the intersection of A Street and Holdener Road, Elmira, Solano County, CA, identified by Solano County Assessor's Parcel Numbers 142-010-130, 142-010-140, and 142-042-010 (the "Site"), also known as the

2

Wickes Forest Industries – Solano site, from the CRBU and DTSC's Accounts Receivable Department in order to review and analyze information related to DTSC's costs incurred at the Site that have been invoiced but are unpaid. DTSC's response costs for a given site are included with each invoice on a document called a Summary By Activity Report ("SBA"). At the Site, there is one Project Number and Project Name for activities within the Site, and therefore there is one SBA for the Site.

5. My review of the SBA for the Site indicates that DTSC's response costs at the Site consist of the types of costs typically incurred when DTSC performs oversight work on site cleanup or corrective action projects. These costs include direct labor (which includes salaries), travel costs, electricity costs, contractor costs, and indirect costs. Documentation supporting these different costs is maintained by DTSC and includes, but is not limited to, employee time sheets, travel claims, contract billing invoices, and indirect cost rate allocation plans.

6. For the purposes of tracking costs relating to the Site, as with other sites, DTSC used the California State Accounting & Reporting System ("CALSTARS") for expenses incurred from July 1, 1987, to June 30, 2015, and the Financial Information System for California ("FI$Cal") for expenses incurred from July 1, 2015, to December 31, 2016. CALSTARS had its own series of codes that identify the type of each cost, the activity to which the cost is related, and, if appropriate, the specific site or project where the cost was incurred. The type of cost and the activity to which the cost is related are defined by the Project Cost Account ("PCA") code. Each DTSC program has its own series of direct and indirect PCAs. A direct PCA is one that can be identified with a specific direct program activity, contract, or project. An indirect PCA defines an activity which is necessary to support direct activities, benefits more than one direct activity, and cannot be easily attributed to specific direct activities. These indirect costs are allocated back to direct activities by DTSC's indirect cost allocation plan. The site/project code identifies costs with a specific site, or a project within a Site. FI$Cal collects and identifies cost data in the same way CALSTARS does. However, there are two changes in the naming convention in FI$Cal. PCA and Project ID, used in CALSTARS, have been replaced by Activity ID and Customer ID in FI$Cal.

7.  Employee time sheets form the basis for direct labor charges to specific sites or projects. DTSC employees record time in the daily log system (DTSC's timekeeping software) using the appropriate PCA and site codes for all the various activities performed during the pay period, including direct activities, indirect activities, and paid time off. At the end of the pay period, the daily log system generates a time sheet. Employees certify the accuracy of their time sheets by their signatures, and the time sheets are reviewed by the employees' direct supervisors, who also certify the time sheets with their signatures. The certified time sheets are then forwarded to DTSC's Fiscal Systems Unit, which enters the time sheet data into CALSTARS and FI$Cal. The CALSTARS and FI$Cal system's labor distribution process then distributes the cost of the individual salaries to those activities and sites identified on the time sheets.

8.  Travel claims form the basis for travel charges to specific sites or projects. DTSC staff generally complete travel claims on a monthly basis. The travel claims indicate the purpose of the trip, identify the costs incurred, and are coded with the appropriate PCA and site codes. Original receipts to support the travel costs are attached to the travel claims as necessary. The claimant incurring the travel charges certifies the costs by signing the travel claim, and the claimant's direct supervisor also reviews and certifies the travel claim with his or her signature. The certified travel claim is then forwarded to DTSC's Accounts Payable Unit, which reviews the travel claim for compliance with State travel policies and reimbursement rates and makes adjustments to the claim as necessary.

9.  Contract charges are supported by billing invoices received from DTSC contractors. The invoices are submitted to the Business Contracts & Business Management Unit, which reviews the invoices to ensure that the amounts charged are consistent with the contract terms. The Business Contracts & Business Management Unit forwards a copy of the invoice to DTSC's Contract Manager, who reviews the invoice and certifies that the costs were incurred for work performed in accordance with the contract's statement of work. The Contract Manager also puts the appropriate CALSTARS or FI$Cal coding on the billing invoice. The Contract Manager then forwards the approved invoice to the Accounting Unit, and the Accounting Unit enters the invoice into the CALSTARs or FI$Cal system for payment.

10. Indirect costs charged to the Site are calculated by applying the indirect cost rates, which are determined by the indirect cost allocation plans, to the direct labor costs. DTSC's Fiscal Systems Unit is responsible for the development of the indirect cost allocation plans and the calculation of the indirect cost rates. Indirect cost rates are calculated every six months and are based on the prior 12 months of accounting data. Indirect costs are grouped into logical, homogenous cost pools representing the various levels of overhead and indirect costs incurred to maintain DTSC's ability to perform its functions. Each cost pool is allocated to the appropriate direct activities benefiting from that cost pool on the basis of relative ratio of direct labor costs. After all the cost pools are allocated to direct activities, an indirect cost rate for each of the three direct DTSC programs is calculated by dividing total indirect costs allocated to each program by the total direct labor costs for each program. This leads to the indirect cost rate which is applied to the site-specific direct labor costs in order to allocate an appropriate share of indirect costs to each site.

11. DTSC's Cost Recovery Billing Unit maintains and operates the Cost Recovery Billing System ("CRBS") which takes the site-specific cost data from the CALSTARS and/or FI$Cal system and generates SBAs for each site cleanup project and bills the responsible parties for each site on a quarterly basis. The costs are reconciled by DTSC's Cost Recovery Billing Unit to CALSTARS or FI$Cal accounting reports to insure that all the site-specific costs in CALSTARS or FI$Cal are accounted for in the CRBS database.

12. DTSC sent eighteen (18) invoices to defendant David Van Over ("Van Over"), each attaching the SBA report, between September 2012 and February 2017 demanding payment of DTSC's response costs for the Site. The invoiced amounts are set forth in the table below. True and correct copies of these eighteen (18) invoices are attached hereto as Exhibit A. Van Over did not pay any portion of any of these invoices.

///

///

///

5

DECLARATION OF JASON XIAO IN SUPPORT OF PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT ON THE LIABILITY OF DEFENDANT DAVID VAN OVER (2:14-cv-00595-WBS-EFB)

| Site or Project Code | Invoice No. | Invoice Date | Billing Period | Amount Invoiced |
|---|---|---|---|---|
| 100164 | 12SM0958 | 9/18/2012 | 01/2011 - 02/2011 | 27,267.30 |
| 100164 | 12SM0959 | 9/18/2012 | 03/2011 - 06/2012 | 1,151,575.50 |
| 100164 | 12SM1246 | 10/31/2012 | 07/2012 - 09/2012 | 50,212.19 |
| 100164 | 12SM2478 | 2/11/2013 | 10/2012 - 12/2012 | 9,499.25 |
| 100164 | 12SM3214 | 5/1/2013 | 01/2013 - 03/2013 | 7,367.77 |
| 100164 | 13SM0229 | 9/11/2013 | 04/2013 - 06/2013 | 38,118.83 |
| 100164 | 13SM1992 | 12/2/2013 | 07/2013 - 09/2013 | 9,049.06 |
| 100164 | 13SM4055 | 6/2/2014 | 10/2013 - 03/2014 | 110,971.90 |
| 100164 | 14SM1204 | 8/28/2014 | 04/2014 - 06/2014 | 82,084.71 |
| 100164 | 14SM2154 | 11/26/2014 | 07/2014 - 09/2014 | 36,235.16 |
| 100164 | 14SM3717 | 2/24/2015 | 10/2014 - 12/2014 | 23,322.40 |
| 100164 | 14SM4195 | 5/5/2015 | 01/2015 - 03/2015 | 111,018.20 |
| 100164 | 15SM0499 | 9/1/2015 | 04/2015 - 06/2015 | 43,656.31 |
| 100164 | 15SM2544 | 3/8/2016 | 07/2015 - 12/2015 | 46,540.21 |
| 100164 | 15SM4075 | 5/26/2016 | 01/2016 - 03/2016 | 6,068.80 |
| 100164 | 16SM0531 | 9/15/2016 | 04/2016 - 06/2016 | 13,777.03 |
| 100164 | 16SM2083 | 11/21/2016 | 07/2016 - 09/2016 | 33,474.64 |
| 100164 | 16SM3050 | 2/16/2017 | 10/2016 - 12/2016 | 31,595.62 |

**Interest**

13.   I have also overseen the calculation of interest for the Site under CERCLA. For costs that were invoiced to one or more of the Defendants, including Van Over, and which remain unpaid, my staff calculated interest from the date of the cost incurred through December 31, 2016 in the amount of $207,265.73. The use of these dates and the accrual of interest are in accordance

DECLARATION OF JASON XIAO IN SUPPORT OF PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT ON THE LIABILITY OF DEFENDANT DAVID VAN OVER (2:14-cv-00595-WBS-EFB)

with CERCLA, 42 U.S.C. §9607(a)(4). DTSC also incurred bond interest that was included in invoiced costs from July 1, 1987 through December 31, 1996 of $13,884.74.

### Total Unreimbursed Response Costs for the Site

14. I have determined from the invoices that DTSC has invoiced response costs at the Site, including bond interest, in an amount totaling $3,134,681.97 through December 31, 2016. DTSC has also incurred attorneys' fees for representation by the Attorney General's Office in prosecuting this cost recovery action, which are not included in these amounts. Taking into account all payments made by other defendants who have settled their liability in this case, and other offsets and adjustments, including the addition of CERCLA interest, DTSC's unreimbursed response costs for the Site through December 31, 2016 total $2,364,434.10. A true and correct copy of this calculation is attached as Exhibit B hereto.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and that this declaration was executed in Sacramento, California on May 5, 2017.

Jason Xiao
Accounting Administrator I
Cost Recovery Billing Unit
Dept. of Toxic Substances Control

DECLARATION OF JASON XIAO IN SUPPORT OF PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT ON THE LIABILITY OF DEFENDANT DAVID VAN OVER (2:14-cv-00595-WBS-EFB)