1 | XAVIER BECERRA
Attorney General of California
2 | SARAH E. MORRISON, State Bar No. 143459
Supervising Deputy Attorney General
3 | OLIVIA W. KARLIN, State Bar No. 150432
LAURA J. ZUCKERMAN (Counsel for service)
4 | State Bar No. 161896
Deputy Attorneys General
5 |  1515 Clay Street, 20th Floor
 Oakland, CA 94612
6 |  Telephone: (510) 879-1299
 Fax: (510) 622-2270
7 |  E-mail: Laura.Zuckerman@doj.ca.gov
*Attorneys for Plaintiffs California*
8 | *Department of Toxic Substances Control and the*
*Toxic Substances Control Account*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| **CALIFORNIA DEPARTMENT OF TOXIC SUBSTANCES CONTROL and the TOXIC SUBSTANCES CONTROL ACCOUNT,**<br><br>Plaintiffs,<br><br>v.<br><br>**JIM DOBBAS, INC., a California corporation; CONTINENTAL RAIL, INC., a Delaware corporation; DAVID VAN OVER, individually; PACIFIC WOOD PRESERVING, a dissolved California corporation; WEST COAST WOOD PRESERVING, LLC., a Nevada limited liability company; and COLLINS & AIKMAN PRODUCTS, LLC, a Delaware limited liability company,**<br><br>Defendants.<br><br>―――――――――――――――――――<br><br>**AND RELATED COUNTERCLAIMS AND CROSS CLAIMS** | 2:14-cv-00595-WBS-EFB<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT ON THE LIABILITY OF DEFENDANT DAVID VAN OVER**<br><br>Date:        June 12, 2017<br>Time:        1:30 p.m.<br>Place:       Courtroom 5, 14th Floor<br>                501 I Street<br>                Sacramento, CA 95814<br>Trial:        September 13, 2017<br><br>Action Filed: March 3, 2014 |

1

1

## TABLE OF CONTENTS

2
**Page**

3

INTRODUCTION ..................................................................................................... 6

STATEMENT OF FACTS ....................................................................................... 6

4

     I.     SITE HISTORY ............................................................................... 6

5

     II.    HISTORY OF THE LITIGATION............................................................ 9

6

STANDARD OF REVIEW ................................................................................... 10

7

ARGUMENT ......................................................................................................... 10

8

     I.     VAN OVER IS LIABLE FOR DTSC'S RESPONSE COSTS UNDER CERCLA SECTION 107. .......................................................................... 10

9

          A.    DTSC Has Established Its Prima Facie Case Under CERCLA. .............. 11

10

               1.     The Site is a "Facility." .................................................. 11

11

               2.     A Release or Threatened Release of Hazardous Substances Occurred at the Site........................................ 12

12

               3.     DTSC Incurred Costs in Response to the Releases and Threatened Releases at the Site..................................... 13

13

               4.     Van Over is a Responsible Party Under CERCLA as the Current Owner of the Site. ......................................... 15

14

          B.    CERCLA Imposes Joint and Several Liability on Responsible Parties........................................................................................ 15

15

          C.    CERCLA Imposes Strict Liability on Responsible Parties..................... 16

16

          D.    As the Current Owner of the Site, Van Over Cannot Prevail on any of His Affirmative Defenses to CERCLA Liability................................. 16

17

     II.    DTSC IS ENTITLED TO DECLARATORY RELIEF UNDER CERCLA ON VAN OVER'S LIABILITY FOR FUTURE RESPONSE COSTS................................. 16

18

CONCLUSION ...................................................................................................... 17

19

20

21

22

23

24

25

26

27

28

# TABLE OF AUTHORITIES

**Page**

**CASES**

*3550 Stevens Creek Associates v. Barclays Bank*
    915 F.2d 1355 (9th Cir. 1990)...................................................................11, 12, 16

*Burlington Northern & Santa Fe Ry Co. v. United States*
    556 U.S. 599 (2009) .....................................................................................15

*Carson Harbor Village, Ltd. v. Unocal Corp.*
    270 F.3d 863 (9th Cir. 2001).......................................................................11, 16

*Carson Harbor Village Ltd. v. Unocal Corp.*
    287 F.Supp.2d 1118 (C.D. Cal. 2003)...........................................................16

*Celotex Corp. v. Catrett*
    477 U.S. 317 (1986) .....................................................................................10

*Lincoln Property Ltd. v. Higgens*
    823 F. Supp. 1528 (E.D. Cal. 1992).............................................................12

*Louisiana-Pacific Corp. v. Beazer Materials & Services*
    811 F. Supp. 1421 (E.D. Cal. 1993).............................................................14

*Metro Water Reclamation Dist. v. N. Am. Galvanizing & Coatings, Inc.*
    473 F.3d 824 (7th Cir. 2007)........................................................................10

*Mid Valley Bank v. North Valley Bank*
    764 F. Supp. 1377 (E.D. Cal. 1991).............................................................11, 13

*State of Cal. Dept. of Toxic Substances Control v. Celtor Chem. Corp.*
    901 F. Supp. 1481 (N.D. Cal. 1995) ............................................................13, 14

*State of Cal. Dept. of Toxic Substances Control v. Snydergeneral Corp.*
    876 F. Supp. 222 (E.D. Cal. 1994)...............................................................13, 14

*State of California ex. rel. Cal. Dept. of Toxic Substances Control v. Neville Chem. Co.*
    358 F.3d 661 (9th Cir. 2004)........................................................................14

*UA Local 343 v. Nor-Cal Plumbing, Inc.*
    48 F.3d 1465 (9th Cir. 1994)........................................................................10

*Uniroyal Chemical Co., Inc. v. Deltech Corp.*
    160 F.3d 238 (5th Cir. 1998)........................................................................12

3

1

## <u>TABLE OF AUTHORITIES</u>

2

<u>Page</u>

3

*United States v. Carolina Transformer Co.*
  739 F.Supp. 1030 (E.D.N.C. 1989)....................................................11, 12

4

5

*United States v. Chapman*
  146 F.3d 1166 (9th Cir. 1998)....................................................11, 14, 16

6

*United States v. Hunter*
  70 F. Supp. 2d 1100 (C.D. Cal. 1999)....................................................11

7

8

*Washington State Dept. of Transp. v. Washington Natural Gas Co.*
  59 F.3d 793 (9th Cir. 1995)....................................................11, 13

9

10

**STATUTES**

11

42 U.S.C.

12

  § 9316(g)....................................................16

13

  § 9601(8)....................................................11, 12

14

  § 9601(9)....................................................11, 12

15

  § 9601(14)....................................................12

16

  § 9601(22)....................................................6, 11, 12

17

  § 9601(23)....................................................13

18

  § 9601(24)....................................................13

19

  § 9601(25)....................................................8, 13

20

  § 9607....................................................11

21

  § 9607(a)....................................................15, 17

22

  § 9607(a)(4)(A)....................................................11, 13

23

  § 9613(f)....................................................15

24

  § 9613(g)(2)....................................................9, 17

25

  § 9613(j)....................................................17

26

**COURT RULES**

27

Fed.R.Civ.P. 56(c)....................................................10

28

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION FOR PARTIAL
SUMMARY JUDGMENT ON THE LIABILITY OF DEF. DAVID VAN OVER (2:14-cv-00595-WBS-EFB)

# TABLE OF AUTHORITIES

**Page**

Fed.R.Civ.P. 56(d) ...................................................................................................................6

OTHER AUTHORITIES

40 C.F.R., pt. 302.4 ..............................................................................................................12

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION FOR PARTIAL
SUMMARY JUDGMENT ON THE LIABILITY OF DEF. DAVID VAN OVER (2:14-cv-00595-WBS-EFB)

**INTRODUCTION**

Plaintiffs California Department of Toxic Substances Control and the Toxic Substances Control Account (collectively, DTSC) submit this Memorandum of Points and Authorities in Support of their Motion for Partial Summary Judgment on the Liability of Defendant David Van Over ("Van Over").  Concurrently with this Memorandum of Points and Authorities, DTSC submits a Statement of Uncontroverted Facts and Conclusions of Law and the Declarations of Deena Stanley, Jason Xiao, and Olivia W. Karlin, and accompanying exhibits.

DTSC seeks a ruling from this Court that Van Over is a liable party under the Comprehensive Environmental Response, Compensation and Liability Act, 42 U.S.C. section 9601 et seq. ("CERCLA"), for costs incurred by DTSC in responding to the hazardous substance contamination at the real properties located at the intersection of A Street and Holdener Road, Elmira, Solano County, California, identified by Solano County Assessor's Parcel Numbers 142-010-130, 142-010-140, and 142-042-010 (the "Site").  As discussed below, there is undisputed evidence that Van Over is liable for DTSC's response costs under CERCLA's four-part test for section 107(a) liability: (1) the Site is a "facility," as that term is defined under CERCLA; (2) there was a "release or threatened release of hazardous substances" from the Site; (3) DTSC incurred costs responding to the release or threatened release of hazardous substances at and/or from the Site; and (4) Van Over is the current owner of the Site.  DTSC is also seeking a declaratory judgment that Van Over is liable under CERCLA for DTSC's future response costs at the Site.  If this motion is granted, at trial, the Court will determine the amount of response costs that are recoverable by DTSC under CERCLA.  Based on the law and the facts, DTSC respectfully requests that the Court grant DTSC's motion for partial summary judgment pursuant to Fed.R.Civ.P. 56(d).

**STATEMENT OF FACTS**

**I.   SITE HISTORY**

From approximately 1972 to 1982, named defendants in this action conducted wood-preserving operations at the Site.  At various times since 1972, hazardous substances within the definition of section 101(22) of CERCLA, 42 U.S.C. § 9601(22), were released at the Site.  These

hazardous substances included arsenic, chromium, and copper, which are constituents of the wood- preserving chemicals used at the Site.   *See* Declaration of Peter MacNicholl In Support of Plaintiffs' Motion for Judicial Approval of Consent Decree Between Plaintiffs and Defendant Jim Dobbas, Inc. ("MacNicholl Decl."), Docket No. 144, ¶ 4; Declaration of Deena Stanley in Support of Plaintiffs' Motion for Partial Summary Judgment on the Liability of Defendant David Van Over ("Stanley Decl."), ¶ 6.

From the late 1980's through 2005, defendant Collins & Aikman Products, Inc. ("C&A Products"), the then-current owner of the Site, took actions under DTSC oversight to address environmental contamination at, around, and/or beneath the Site.  Stanley Decl., ¶ 6.  In 1997, C&A Products sold the Site to defendants Jim Dobbas, Inc ("Dobbas") and Continental Rail, Inc. ("CRI").  *Ibid*.  Although C&A Products sold the Site to Dobbas and CRI, C&A Products continued performing the response actions required by the DTSC-approved October 16, 1995 Operation and Maintenance Manual at the Site, under DTSC oversight.  This work included, among other things, soil excavation, installing an asphalt cap over contaminated soils, constructing a building and a drainage system over another contaminated area of the Site, installing and operating a groundwater extraction and treatment system, and groundwater monitoring.  *Ibid*.

In 2005, C&A Products declared bankruptcy, and informed DTSC that it was unwilling to continue to perform the response actions specified by the October 16, 1995 Operation and Maintenance Manual at the Site.  MacNicholl Decl., Docket No. 144, ¶ 6; Stanley Decl., ¶ 7.  In 2006, DTSC requested that Dobbas and CRI, the owners of the Site, carry out response actions to address contamination at the Site.  Stanley Decl., ¶ 8.  Despite having entered into an Access and Remediation Agreement with DTSC in 1997 that required them to perform response actions, Dobbas and CRI refused.  *Ibid*.  As a result, DTSC issued an Imminent or Substantial Endangerment Determination on November 9, 2006, and reevaluated the proposed response actions at the Site.  *Ibid*.

In 2007 and 2008, DTSC tried to resume operating the groundwater treatment system at the Site, which had been abandoned when C&A Products stopped operating it, but the system would

1  have required too many repairs to clean up the groundwater to remediation goals in a timely

2  manner.  Stanley Decl., ¶ 8.  In July 2010, DTSC finalized a Removal Action Workplan

3  ("RAW") for the Site that called for excavation of contaminated soil, off-site disposal,

4  confirmation sampling, demolition of the groundwater extraction and treatment system, and long-

5  term groundwater monitoring.  *Ibid*.  The RAW noted that contaminated groundwater had

6  migrated from beneath the Site to the nearby residential area, which created the potential for

7  private irrigation wells located in the residential area to extract the groundwater and expand the

8  contaminated groundwater plume.  *Ibid*.

9       On or about February 11, 2011, Defendant Jim Dobbas and CRI sold the Site to Van Over

10  for $2.00.  Stanley Decl., ¶ 9 and Exs. A and B.  On March 16, 2011, DTSC issued an Imminent

11  or Substantial Endangerment Determination Order and Remedial Action Order ("I/SE Order")

12  ordering Dobbas, CRI, and Van Over to conduct the response actions described in the RAW and

13  to take additional response actions at the Site.  Stanley Decl., ¶ 10.  Settling Defendant, CRI, and

14  Van Over failed to comply with the I/SE Order.  *Ibid*.

15       DTSC is monitoring the condition of the asphalt cap at the Site, and is conducting periodic

16  stormwater monitoring and quarterly groundwater monitoring and reporting.  Stanley Decl., ¶ 12

17  and Exhibit E at 6-8 and Table 3.  Continued monitoring of stormwater and evaluation of the

18  condition of the asphalt cap is necessary to prevent exposure of contaminated soil to humans or

19  environmental receptors.  Stanley Decl., ¶ 12.  Continued groundwater monitoring and reporting

20  is necessary to ensure that the Site is not causing further groundwater contamination, and that

21  contaminant concentrations at the four off-site private irrigation wells do not exceed drinking

22  water standards.  *Ibid*.

23       DTSC has incurred costs for "response" as that term is defined in CERCLA section

24  101(25), 42 U.S.C. § 9601(25), in taking actions related to the release and/or threatened release of

25  hazardous substances at, around, and/or beneath the Site.  To date, DTSC's response actions

26  included, but were not limited to, the following activities:  efforts to repair and restart the

27  groundwater extraction and treatment system, completion of a remedial investigation for site

28  soils, preparation of the RAW, implementation of the RAW in October and November 2011,

8

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION FOR PARTIAL
SUMMARY JUDGMENT ON THE LIABILITY OF DEF. DAVID VAN OVER (2:14-cv-00595-WBS-EFB)

1  storm water and groundwater monitoring and reporting, and monitoring the condition of the

2  asphalt cap at the Site.  *Id.,* ¶ 11.

3      As of December 31, 2016, DTSC's unreimbursed response costs related to the Site

4  exceeded $2.3 million**,** inclusive of interest but excluding attorneys' fees.   Declaration of Jason

5  Xiao in Support of Plaintiffs' Motion for Partial Summary Judgment on the Liability of

6  Defendant David Van Over ("Xiao Decl."), ¶ 14 and Exhibit C; Stanley Decl., ¶ 15.  DTSC is

7  remediating the Site, and expects to incur future response costs related to the Site.  Stanley Decl.,

8  ¶ 15.  DTSC currently estimates that total future response costs for investigation and remediation

9  of the contaminated soil, as well as stormwater and groundwater monitoring at the Site, could

10  reach approximately $1.76 million over the next ten years, exclusive of interest, in the event

11  DTSC has to continue conducting all response actions at the Site.  Stanley Declaration, ¶ 15.

12  **II.   HISTORY OF THE LITIGATION.**

13      On December 11, 2014, DTSC filed a First Amended Complaint for recovery of response

14  costs and declaratory relief under CERCLA alleging Van Over and other defendants were liable

15  under CERCLA section 107(a) for costs incurred and to be incurred by DTSC in response to the

16  release of hazardous substances at and from the Site.  Docket No. 77.  The First Amended

17  Complaint alleges that Van Over and the other defendants, as owners and/or operators of the Site,

18  are jointly and severally liable for DTSC's costs incurred responding to releases of hazardous

19  substances into the soil and groundwater at and around the Site.  The First Amended Complaint

20  also seeks a declaratory judgment against the defendants for DTSC's future response costs

21  incurred at the Site pursuant to section 113(g)(2) of CERCLA, 42 U.S.C. § 9613(g)(2).  The First

22  Amended Complaint also alleges a supplemental state law claim against Van Over, CRI and

23  Dobbas for their failure to comply with DTSC's I/SE Order.

24      Van Over filed an Answer to DTSC's First Amended Complaint on May 15, 2015

25  ("Answer").  Docket No. 130.  Defendants West Coast Wood Preserving, LLC, and Dobbas

26  settled their liability as alleged in the First Amended Complaint.  The settlements are embodied in

27  consent decrees approved by the Court on September 16, 2015, and November 18, 2015.  Docket

28  Nos. 141, 150.  Default judgments were entered for  defendants CRI, Pacific Wood Preserving,

1  and C&A Products. Docket Nos. 18, 19, 129. Van Over is the only remaining defendant in the

2  case.

3  ### STANDARD OF REVIEW

4  The summary judgment procedure is an "integral part of the federal rules as a whole, which

5  are designed to secure the just, speedy and inexpensive determination of every action." *Celotex*

6  *Corp. v. Catrett* ("*Celotex*"), 477 U.S. 317, 327 (1986).  Summary judgment is appropriate where

7  no genuine issue as to any material fact exists and the moving party is entitled to judgment as a

8  matter of law.  Fed.R.Civ.P. 56(c).

9  The parties' respective burdens on summary judgment are inextricably tied to the burdens

10  of proof at trial.  If the moving party has the burden on an issue, it must show that there is no

11  genuine issue of material fact and that it is entitled to judgment as a matter of law.  *Celotex*, 477

12  U.S. at 331; *UA Local 343 v. Nor-Cal Plumbing, Inc.*, 48 F.3d 1465, 1471 (9th Cir. 1994).

13  Conversely, where the burden of proof on an issue lies with the non-moving party, the moving

14  party only needs to point to a lack of evidence supporting the non-moving party's burden.  The

15  non-moving party then has the burden to point to admissible evidence to establish genuine

16  material issues of fact from which a reasonable jury could conclude that the non-moving party has

17  met its burden of proof.  *Celotex*, 477 U.S. at 325.

18  ### ARGUMENT

19  **I.  VAN OVER IS LIABLE FOR DTSC'S RESPONSE COSTS UNDER CERCLA SECTION**

20  **107.**

21  As set forth below, there is undisputed evidence that Van Over, as the current owner of the

22  Site, is liable under section 107 of CERCLA for DTSC's costs of responding to the releases, and

23  potential releases, of hazardous substances at the Site.

24  Congress enacted CERCLA for two primary purposes:  (1) to ensure that hazardous

25  substances released to the environment are promptly and properly cleaned up; and (2) to ensure

26  cleanup costs are borne by those parties responsible for the releases rather than the public.  *See*

27  *Metro Water Reclamation Dist. v. N. Am. Galvanizing & Coatings, Inc.*, 473 F.3d 824, 827 (7th

28  Cir. 2007).  DTSC has undertaken a response action at the Site and filed this lawsuit to recover its

10

1   expenses from the defendants, who are liable parties pursuant to 42 U.S.C. section 9607.

2         To establish a defendant's liability under CERCLA, 42 U.S.C. section 9607, a plaintiff

3   must establish the following elements:  "(1) the site is a 'facility'; (2) a 'release' or 'threatened

4   release' of a hazardous substance occurred;[1] (3) the government incurred costs in responding to

5   the release or threatened release; and (4) the defendant is a liable party."  *United States v.*

6   *Chapman,* 146 F.3d 1166, 1169 (9th Cir. 1998).  The fourth element is met by establishing that a

7   defendant falls into one of the categories of "persons" set forth in CERCLA section 107(a).  *Id.*

8   As the owners and/or operators of the Site, the defendants are jointly and severally liable under

9   CERCLA for DTSC's response costs incurred at the Site.  *United States v. Hunter*, 70 F. Supp. 2d

10  1100, 1106 (C.D. Cal. 1999).   CERCLA imposes strict liability, without regard to the party's

11  fault or state of mind.  *Carson Harbor Village, Ltd. v. Unocal Corp.*, 270 F.3d 863, 870 (9th Cir.

12  2001); *3550 Stevens Creek Associates v. Barclays Bank*, 915 F.2d 1355, 1357 (9th Cir. 1990).

13        Once the four elements of CERCLA liability are established, CERCLA authorizes the

14  recovery of "all costs of removal or remedial action incurred by . . . a State . . . not inconsistent

15  with the national contingency plan."  42 U.S.C. § 9607(a)(4)(A).[2]

16  **A.    DTSC Has Established Its Prima Facie Case Under CERCLA.**

17        **1.    The Site is a "Facility."**

18        The first element of CERCLA section 107(a) liability is that the site is a "facility."

19  CERCLA defines "facility" as any site or area where a hazardous substance has been deposited,

20  stored, disposed of, or placed or otherwise come to be located . . . ." 42 U.S.C. § 9601(9).  The

---

21        [1] The term "release" means "any spilling, leaking, pumping, pouring, emitting, emptying, discharging, injecting, escaping, leaching, dumping, or disposing into the environment. . . ." 42

22  U.S.C. 9601(22).  "Environment" is broadly defined to include "surface water, ground water, drinking water supply, land surface or subsurface strata, or ambient air . . . ."  42 U.S.C. 9601(8).

23  These expansive definitions, taken together, provide that a release is established whenever hazardous substances are present in the soil.  *United States v. Carolina Transformer Co.*, 739

24  F.Supp.,1030, 1036 (E.D.N.C. 1989), *aff'd.*, 978 F.2d 832 (4th Cir. 1992).
          [2] Whether DTSC's costs are "not inconsistent" with the National Contingency Plan

25  ("NCP"), however, is not an element of DTSC's prima facie case to prove liability:  "Failure to comply with the NCP is not a defense to liability, but rather a factual issue affecting damages."

26  *Washington State Dept. of Transp. v. Washington Natural Gas Co.*, 59 F.3d 793, 798 (9th Cir. 1995) (*citing Cadillac Fairview/California Inc. v. Dow Chem. Co.*, 840 F.3d 691, 695 (9th Cir.

27  1988).  *See also Mid Valley Bank v. North Valley Bank*, 764 F. Supp. 1377, 1389-90 (E.D. Cal. 1991).

28

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION FOR PARTIAL
SUMMARY JUDGMENT ON THE LIABILITY OF DEF. DAVID VAN OVER (2:14-cv-00595-WBS-EFB)

1  term includes virtually any place where a hazardous substance has come to be located. *3550*

2  *Stevens Creek Assoc. v. Barclays Bank*, 915 F.2d 1355, 1360 n. 10 (9th Cir. 1990) (term "facility"

3  has been broadly construed by the courts); *Uniroyal Chemical Co., Inc. v. Deltech Corp.*, 160

4  F.3d 238, 245 (5th Cir. 1998) ("facility is defined in the broadest possible terms, encompassing

5  far more than traditional waste sites").

6      Investigations conducted at the Site detected contaminants, including chromium, arsenic,

7  and copper, in the soil and groundwater at the Site.  SUF 2; SUF 3.  These contaminants are

8  designated as hazardous substances under CERCLA, 42 U.S.C. § 9601(14); 40 C.F.R., Part 302.4

9  (designation of CERCLA hazardous substances).  Paragraph 38 of the First Amended Complaint

10  alleges, "[t]he Site is a 'facility' within the meaning of section 101(9) of CERCLA, 42 U.S.C.

11  section 9601(9). In the Answer, Van Over states, "Van Over admits the averments contained in

12  paragraph 37 through 41 on the basis of information and belief."  Answer,  Docket No. 130, ¶ 13.

13      The Site is a facility under section 101(9) of CERCLA, because there is undisputed

14  evidence that hazardous substances have come to be located at the Site.

15          **2.     A Release or Threatened Release of Hazardous Substances Occurred**
                     **at the Site.**
16

17      The second element of liability under section 107(a) of CERCLA is that there has been a

18  release or threatened release of hazardous substances from the facility.  The term "release" means

19  "any spilling, leaking, pumping, pouring, emitting, emptying, discharging, injecting, escaping,

20  leaching, dumping, or disposing into the environment. . . ."  42 U.S.C. § 9601(22).

21  "Environment" is broadly defined to include "surface water, ground water, drinking water supply,

22  land surface or subsurface strata, or ambient air . . . ."  42 U.S.C. § 9601(8).  These expansive

23  definitions, taken together, provide that a release is established whenever hazardous substances

24  are present in the soil.  *United States v. Carolina Transformer Co.*, 739 F.Supp. 1030, 1036

25  (E.D.N.C. 1989), *aff'd.*, 978 F.2d 832 (4th Cir. 1992).  *See also Lincoln Property Ltd. v. Higgens*,

26  823 F. Supp. 1528, 1536 (E.D. Cal. 1992) ("the statutory definition [of release] is broad and

27  deliberately so.  It uses a profusion of terms, all slight variations on much the same theme, to

28

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION FOR PARTIAL
SUMMARY JUDGMENT ON THE LIABILITY OF DEF. DAVID VAN OVER (2:14-cv-00595-WBS-EFB)

1    encompass the entire universe of ways in which hazardous substances may come to exist in the

2    environment").

3         The analytical data from investigations at the Site indicate that hazardous substances,

4    including chromium, copper, and arsenic were released into the soil on the property, and leached

5    or migrated to the groundwater beneath the Site.  SUF 2; SUF 3.  It is beyond dispute that a

6    "release" or a "threatened release" of hazardous substances occurred at the Site.

7              **3.    DTSC Incurred Costs in Response to the Releases and Threatened**
                       **Releases at the Site.**
8

9         The third element of CERCLA liability is that DTSC incurred costs in response to the

10   release of hazardous substances at the Site.  "Response" is broadly defined as "remove, removal,

11   remedy and remedial action."  42 U.S.C. § 9601(25).  CERCLA defines these terms to include the

12   clean up or removal of released hazardous substances form the environment, actions taken in the

13   event of the threat of release of hazardous substances, actions to monitor, assess and evaluate the

14   release or threat of release of hazardous substances, the disposal of removed material, and actions

15   consistent with a permanent remedy.  42 U.S.C. § 9601(23) and (24).

16        CERCLA authorizes the recovery of "all costs of removal or remedial action incurred by

17   . . . a State . . . not inconsistent with the national contingency plan."  42 U.S.C. § 9607(a)(4)(A).[3]

18   Recoverable "response costs" have been held to include oversight costs incurred by a government

19   agency in an effort to ensure that a site is being adequately investigated and remediated by

20   responsible parties, exactly the type of costs at issue here.  *State of Cal. Dept. of Toxic Substances*

21   *Control v. Snydergeneral Corp.*, 876 F. Supp. 222, 225 (E.D. Cal. 1994); *State of Cal. Dept. of*

22   *Toxic Substances Control  v. Celtor Chem. Corp.*, 901 F. Supp. 1481, 1489-90 (N.D. Cal. 1995);

23

24   _____
          [3] Whether DTSC's costs are "not inconsistent" with the National Contingency Plan
25   ("NCP"), however, is not an element of DTSC's prima facie case to prove liability:  "Failure to
     comply with the NCP is not a defense to liability, but rather a factual issue affecting damages."
26   *Washington State Dept. of Transp. v. Washington Natural Gas Co.*, 59 F.3d 793, 798 (9th Cir.
     1995) (*citing Cadillac Fairview/California Inc. v. Dow Chem. Co.*, 840 F.3d 691, 695 (9th Cir.
27   1988).  *See also Mid Valley Bank v. North Valley Bank*, 764 F. Supp. 1377, 1389-90 (E.D. Cal.
     1991).
28

1  *State of California ex. rel. Cal. Dept. of Toxic Substances Control  v. Neville Chem.  Co.*, 358

2  F.3d 661, 673 (9th Cir. 2004).

3       It is the fact of the response costs, not the amount, that is an element of liability under

4  CERCLA.  *Chapman*, 146 F.3d at 1169.  Where the government shows "some connection"

5  between the release at the site and the incurrence of response costs, those costs are recoverable.

6  *Louisiana-Pacific Corp. v. Beazer Materials & Services,* 811 F. Supp. 1421, 1430 (E.D. Cal.

7  1993).  DTSC is also entitled to recover attorneys' fees as part of its response costs expended for

8  the enforcement of this matter, as well as indirect costs, or overhead.  *United States v. Chapman,*

9  146 F.3d 1166, 1175 (9th Cir. 1988); *Neville Chem. Co.*, 358 F.3d at 673.

10      Recoverable "response costs" have been held to include oversight costs incurred by a

11  government agency in an effort to ensure that a site is being adequately investigated and

12  remediated by responsible parties, exactly the type of costs at issue here.   *State of California v.*

13  *Snydergeneral Corp.*, 876 F. Supp. 222, 225 (E.D. Cal. 1994); *State of California v. Celtor Chem.*

14  *Corp.*, 901 F. Supp. 1481, 1489-90 (N.D. Cal. 1995);  *Neville Chem.*, 358 F.3d at, 673.

15      There is indisputable evidence that DTSC has incurred costs in response to the releases of

16  hazardous substances at the Site.  SUF 5.  DTSC has incurred response costs related to its efforts

17  to repair and restart the groundwater extraction and treatment system, completion of a removal

18  investigation for site soils, preparation of the RAW, implementation of the RAW, and monitoring

19  of stormwater and groundwater.  Stanley Decl., ¶ 11.  DTSC has issued 18 invoices to Van Over,

20  all of which remain unpaid.  SUF 6.  As of December 31, 2016, DTSC's unreimbursed response

21  costs related to the Site exceed $2.3 million, inclusive of interest but excluding attorneys' fees.

22  Stanley Decl., ¶ 15; Xiao Decl., ¶ 14 and Exhibit C.  DTSC is conducting ongoing monitoring at

23  the Site, and continues to incur response costs related to the Site.  Stanley Decl., ¶¶ 12-15.

24  DTSC estimates that its future response costs for investigation and  remediation of the

25  contaminated soil, as well as stormwater and groundwater monitoring, could reach approximately

26  $1.76 million, exclusive of interest, over the next ten years, if it continues conducting all the

27  response activities at the Site.  *Ibid.*

28

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION FOR PARTIAL
SUMMARY JUDGMENT ON THE LIABILITY OF DEF. DAVID VAN OVER (2:14-cv-00595-WBS-EFB)

1

          **4.**       **Van Over is a Responsible Party Under CERCLA as the Current Owner of the Site.**

2

3        The final element of liability under CERCLA is that the defendant falls within one of the

4  four classes of responsible parties in section 107(a) of the statute, 42 U.S.C. § 9607(a).  Under

5  section 107(a)(1) of CERCLA, the current owner or operator of a "facility" is a liable party.  42

6  U.S.C. section 9607(a)(1).  As discussed above, it is undisputed that the Site is a "facility" as

7  defined in CERCLA.  SUF 2.  It is undisputed that Van Over is the current owner of the Site.

8  SUF 1.  Indeed, Van Over admits this.  Paragraph 11 of the First Amended Complaint alleges,

9  "Defendant David van Over "("Van Over") is a citizen of California residing in Solano County,

10  California.  He currently owns and operates the Site."  In Van Over's Answer, Van Over admits,

11  "In response to paragraph 11, Van Over alleges that he resides in Yolo County.  Except as

12  specifically alleged, Van Over admits the averments contained in paragraph 11."  Answer, Docket

13  No. 130, ¶ 7.  Docket No. 130.  Also in his answer, Van Over admits to purchasing the Site from

14  Dobbas and CRI for $2.00 on or about February 11, 2011.  Answer, Docket No. 130, ¶ 9.

15  Therefore, it is undisputed that Van Over is liable under section 107(a)(1) of CERCLA as the

16  current owner of a "facility."

17     **B.**     **CERCLA Imposes Joint and Several Liability on Responsible Parties.**

18        CERCLA imposes joint and several liability, and each responsible party is jointly and

19  severally liable to the government for all costs unless the responsible party can carry its burden of

20  proving that a reasonable basis for apportionment exists.  *Burlington Northern & Santa Fe Ry Co.*

21  *v. United States*, 556 U.S. 599, 614-15 (2009).  CERCLA permits responsible parties to seek

22  contribution from other potentially responsible parties to the extent they have paid more than their

23  equitable share of the total costs associated with a site.  42 U.S.C. § 9613(f).

24       Paragraph 43 of the First Amended Complaint alleges, "Each of the Defendants is jointly

25  and severally liable, without regard to fault, under section 107(a) of CERCLA, 42 U.S.C. section

26  9607(a), for DTSC's costs incurred in response to the release or threatened release of hazardous

27  substances at or from the Site."  First Amended Complaint, Docket No. 77, ¶ 43.  In his Answer

28

1  to the First Amended Complaint, Van Over, states, "Van Over admits the averments contained in

2  paragraph 43."  Answer, Docket No. 130, ¶ 18.

3      As stated above, there is undisputed evidence that Van Over is liable under section

4  107(a)(1) of CERCLA as the current owner of the Site.  SUF 2.  Therefore, Van Over is jointly

5  and severally liable for DTSC's response costs incurred at the Site.  If DTSC's partial summary

6  judgment motion is granted, the Court will determine at trial whether all or a portion of DTSC's

7  response costs are recoverable under CERCLA.

8      **C.      CERCLA Imposes Strict Liability on Responsible Parties.**

9      CERCLA imposes strict liability, without regard to the party's fault or state of mind.

10  *Carson Harbor Village, Ltd. v. Unocal Corp.*, 270 F.3d 863, 870 (9th Cir. 2001); *3550 Stevens*

11  *Creek Associates v. Barclays Bank*, 915 F.2d 1355, 1357 (9th Cir. 1990).  "In the case of an

12  actual release, the plaintiff need only prove that the defendant's hazardous materials were

13  deposited at the site, that there was a release at the site, and that the release caused it to incur

14  response costs."  *Carson Harbor Village Ltd. v. Unocal Corp.*, 287 F.Supp.2d 1118, 1186 (C.D.

15  Cal. 2003).  The CERCLA plaintiff "need not show that defendant's waste was the source of the

16  release or that defendant's waste caused it to incur response costs."  *Id.* (citations omitted.)

17      **D.      As The Current Owner of the Site, Van Over Cannot Prevail on any of His
          Affirmative Defenses to CERCLA Liability.**

18

19      DTSC has established the four elements of its prima facie case against Van Over under

20  CERCLA.  Van Over asserted forty-five affirmative defenses in his Answer.  Docket No. 130.

21  None of Van Over's affirmative defenses defeats his liability under CERCLA, as he is the current

22  owner of the Site.  Moreover, Van Over has presented no evidence, and there is none in the

23  record, that he is entitled to any of these affirmative defenses under CERCLA.  The burden now

24  shifts to Van Over to refute his liability, and he has not done so.  *Chapman,* 146 F.3d at 170.

25  **II.      DTSC IS ENTITLED TO DECLARATORY RELIEF UNDER CERCLA ON VAN OVER'S
          LIABILITY FOR FUTURE RESPONSE COSTS.**

26

27      In its complaint, DTSC requests a declaratory judgment pursuant to section 113(g) of

28  CERCLA, 42 U.S.C. § 9316(g), that the defendants are liable under CERCLA for future response

1    costs incurred at the Site.  Section 113(j) of CERCLA states, "In any such action [for recovery of

2    costs] described in this subsection, the court shall enter a declaratory judgment on liability for

3    response costs or damages that will be binding on any subsequent action or actions to recover

4    future response costs or damages."  42 U.S.C.§ 9613(j).

5         As set forth above, DTSC is currently remediating the Site.  DTSC anticipates incurring

6    future response costs that could exceed $1.76 million over the next 10 years, exclusive of interest,

7    in response to releases and threatened releases of hazardous substances at the Site, if it has to

8    continue conducting all the response activities at the Site.  Stanley Decl., ¶ 15.  Based on section

9    113(g)(2) and the undisputed facts of Van Over's liability under CERCLA section 107(a), DTSC

10   therefore requests that this Court issue a declaration stating that Van Over is jointly and severally

11   liable for future response costs incurred by DTSC at the Site.

12                                           **CONCLUSION**

13        For the reasons set forth above, DTSC respectfully requests that the Court grant DTSC's

14   Motion for Partial Summary Judgment on the Liability of Defendant David Van Over, and find

15   Van Over jointly and severally liable pursuant to 42 U.S.C. section 9607(a) to DTSC for the costs

16   incurred in responding to the release or threatened release of hazardous substances at and from

17   the Site.  DTSC further requests that the Court issue a declaratory judgment finding Van Over

18   jointly and severally liable to DTSC for future response costs incurred by DTSC in responding to

19   releases and threatened releases of hazardous substances at, beneath, and/or from the Site.

20   Dated:  May 5, 2017                              Respectfully submitted,
                                                      XAVIER BECERRA
21                                                    Attorney General of California
                                                      SARAH E. MORRISON
22                                                    Supervising Deputy Attorney General

23                                                    /S/ Olivia W. Karlin

24

25                                                    OLIVIA W. KARLIN
                                                      LAURA J. ZUCKERMAN
26                                                    Deputy Attorneys General
                                                      *Attorneys for Plaintiffs California*
27                                                    *Department of Toxic Substances Control*
                                                      *and the Toxic Substances Control Account*

28

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION FOR PARTIAL
SUMMARY JUDGMENT ON THE LIABILITY OF DEF. DAVID VAN OVER (2:14-cv-00595-WBS-EFB)