UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| CALIFORNIA DEPARTMENT OF TOXIC SUBSTANCES CONTROL and TOXIC SUBSTANCES CONTROL ACCOUNT,<br><br>    Plaintiffs,<br><br>    v.<br><br>DAVID VAN OVER,<br><br>    Defendant. | CIV. NO. 2:14-0595 WBS EFB<br><br>ORDER RE: MOTION FOR PARTIAL SUMMARY JUDGMENT |

----oo0oo----

Plaintiffs California Department of Toxic Substances Control and Toxic Substances Control Account brought this action against defendant David Van Over,[1] seeking recovery of costs they

---

[1] Five other defendants--Jim Dobbas, Inc.; Continental Rail, Inc.; Pacific Wood Preserving; West Coast Wood Preserving, LLC; and Collins & Aikman Products, LLC--were named in this action. (First Am. Compl. ¶¶ 9-10, 12-14 (Docket No. 77).) Jim Dobbas and West Coast Wood Preserving have settled their liability with plaintiffs. (Docket Nos. 141 and 150.) Default judgments have been entered against Continental Rail, Pacific Wood Preserving, and Collins & Aikman Products. (Docket Nos. 18,

1

incurred and declaratory relief for costs they may incur in the future in responding to the release and threatened release of hazardous chemicals on property owned by defendant Van Over. (Compl. (Docket No. 1).)

The property in question is located at 147 A Street, Elmira, California ("the Elmira property"). (See Decl. of Peter MacNicholl ¶ 2 (Docket No. 144).) Defendant Van Over has owned the Elmira property since February 2011. (See Decl. of Deena Stanley ¶ 10 (Docket No. 161).) He has not, to date, taken actions requested by plaintiffs to address or reimbursed the costs plaintiffs have expended in addressing release and threatened release of hazardous chemicals on the property. (See id. ¶¶ 10, 15.)

Plaintiffs now move for partial summary judgment against defendant Van Over, seeking a declaration that he is jointly and severally liable for costs they incurred and may incur in the future in responding to the release and threatened release of hazardous chemicals at the Elmira property ("response costs"), to the extent recovery of such costs is authorized under CERCLA. (Pls.' Mot. (Docket No. 156).) Plaintiffs do not seek a determination, at this time, of the amount of past response costs they are authorized to recover under CERCLA. (See Pls.' Mot., Mem. at 6, 16 (Docket No. 163).) The amount of past response costs they are authorized to recover under CERCLA, plaintiffs state, is to "be determined either by further motion or at trial of this matter." (See id.; Pls.' Proposed Order at 3 (Docket No.

---

19, and 129.) Van Over is the only defendant remaining in this action.

2

162).)

Defendant has filed a statement representing that he does not oppose the granting of plaintiffs' Motion, except that he requests the court note, in this Order, that "Plaintiff[s] still must prove that the particular alleged response costs for which [they] claim[] reimbursement come within CERCLA's definition of a recoverable response cost." (Docket No. 168.)

IT IS THEREFORE ORDERED that plaintiffs' Motion for partial summary judgment (Docket No. 156) be, and the same hereby is, GRANTED as follows:

(1) Defendant Van Over is jointly and severally liable for costs plaintiffs incurred and may incur in the future in responding to the release and threatened release of hazardous chemicals at the Elmira site, to the extent recovery of such costs is authorized under CERCLA.

(2) The amount of past response costs plaintiffs are authorized to recover under CERCLA is yet to be determined.

Dated: July 6, 2017

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE