|   |   |
|---|---|
| UNITED STATES DISTRICT COURT | |
| EASTERN DISTRICT OF CALIFORNIA | |

| | |
|---|---|
| CALIFORNIA DEPARTMENT OF TOXIC SUBSTANCES CONTROL, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>JIM DOBBAS, INC., et al.,<br><br>Defendants. | CIV. NO. 2:14-595 WBW EFB<br><br>MEMORANDUM AND ORDER RE: MOTION FOR JUDICIAL APPROVAL OF PROPOSED CONSENT DECREE |

Plaintiffs California Department of Toxic Substances Control and the Toxic Substances Control Account (collectively "DTSC") brought this action under the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), 42 U.S.C. §§ 9601 et seq., to recover cleanup costs incurred at 147 A Street in Elmira, California ("the Site") from several defendants, including settling defendant David Van Over ("Van Over"). DTSC has previously reached settlements or obtained default judgments against all of the other defendants (Docket Nos. 18, 19, 129, 141, 150), and Van Over is the last remaining

1

defendant in this action.  Before the court is DTSC's motion for judicial approval of a proposed consent decree between plaintiffs and Van Over.  (Docket No. 176.)  Van Over has not filed an opposition.

DTSC states that as of September 30, 2016, its unreimbursed response costs related to the Site exceeded $2.7 million.  This court has previously determined that Van Over is a responsible party pursuant to section 107(a) of CERCLA, 42 U.S.C. § 9607(a), and is therefore jointly and severally liable for the costs DTSC incurred at the Site.  (Order for Partial Summ. J. Against Van Over (Docket No. 170).)  DTSC has reviewed the financial information submitted by Van Over and determined that he is presently unable to pay penalties or a significant portion of the costs incurred, or the future costs to be incurred, at the Site.

After determining this, the parties were able to negotiate a settlement agreement resolving Van Over's liability in this case.  Pursuant to the proposed Consent Decree, Van Over shall pay $250,000 to DTSC in multiple installments: $5,000 must be paid within 30 days of the Consent Decree's effective date and additional payment(s) totaling up to $245,000 shall be made as follows: (a) within 10 days of each sale of all, or a portion of, the Site, in an amount equal to the Net Sale Proceeds; (b) within 10 days of receipt by Van Over of an Ability to Pay Determination.  Further, within 60 days of the Consent Decree's effective date, DTSC shall ensure that the existing property lien on the Site is replaced by a judgment lien for $245,000.  This judgment lien will remain in effect, accruing statutory interest,

until paid in full.  Additionally, if Van Over sells any portion of the Site, 100% of the Net Sale Proceeds of each such sale, up to a total of $245,000, shall be paid to DTSC to satisfy the judgment lien.  If the total net sale proceeds of such sales exceed $245,000, DTSC shall receive 80% of the excess sale proceeds.  However, Van Over will not be required to pay more than $2.89 million in excess sale proceeds.

"In order to approve a CERCLA consent decree, a district court must conclude that the agreement is procedurally and substantively 'fair, reasonable, and consistent with CERCLA's objectives.'" Arizona v. City of Tucson, 761 F.3d 1005, 1011-12 (9th Cir. 2014) (quoting United States v. Montrose Chem. Corp. of Cal., 50 F.3d 741, 748 (9th Cir. 1995)).  Parties seeking approval of a consent decree must provide "evidence sufficient to evaluate the terms of an agreement."  Id. at 1012.  Here, the parties agree that the Consent Decree has been negotiated in good faith, that the settlement of this matter will avoid prolonged and complicated litigation, and that this Consent Decree is fair, reasonable, in the public interest, and consistent with the purpose of CERCLA.

After reviewing the proposed Consent Decree and the Memorandum of Points and Authorities in Support of the decree (Docket No. 179), the court determines that the Consent Decree, which is the product of arms'-length settlement negotiations that took place over many months between DTSC and Van Over, is procedurally fair.  Even though Van Over represented himself, he participated in drafting the terms of the Consent Decree, and the parties exchanged multiple drafts of the decree.  Further, DTSC

published notice of the lodging of the Consent Decree in the California Regulatory Notice Register, published notice in a local newspaper, gave notice to the other defendants, and invited comments on the Consent Decrees. Additionally, the parties have demonstrated that DTSC evaluated and considered Van Over's ability to pay in arriving at the settlement, and thus the Consent Decree appears to be substantively fair as well. Also, by reaching a settlement, the parties have been able to avoid lengthy, complex, and costly litigation that would have entailed significant discovery and a trial.

Furthermore, the Consent Decree will be effective in ensuring cleanups of the Site and it will compensate the public for the costs incurred, and thus the court concludes that the parties have satisfied the "reasonableness" requirement as well. Finally, because the Consent Decree holds Van Over accountable and provides DTSC with funds necessary to protect the environment, it therefore satisfies the goals of CERCLA. For the foregoing reasons, the court approves of the Proposed Consent Decree.

IT IS THEREFORE ORDERED that plaintiffs' Motion for Judicial Approval of the Consent Decree between plaintiffs and Van Over (Docket No. 177) be, and the same hereby is, GRANTED. IT IS FURTHER ORDERED that all claims for contribution against Van Over arising out of response costs incurred at the Site be, and the same hereby are, DISMISSED pursuant to 42 U.S.C. § 9613(f)(2). The Clerk of Court is instructed to close the case.

Dated: March 20, 2018

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

4