XAVIER BECERRA
Attorney General of California
EDWARD H. OCHOA
Supervising Deputy Attorney General
OLIVIA W. KARLIN, State Bar No. 150432
LAURA J. ZUCKERMAN  (Counsel for service)
State Bar No. 161896
Deputy Attorneys General
 1515 Clay Street, 20th Floor
 Oakland, CA 94612
 Telephone:  (510) 879-1299
 Fax:  (510) 622-2270
 E-mail:  Laura.Zuckerman@doj.ca.gov
*Attorneys for Plaintiffs California
Department of Toxic Substances Control and the
Toxic Substances Control Account*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| **CALIFORNIA DEPARTMENT OF TOXIC SUBSTANCES CONTROL and the TOXIC SUBSTANCES CONTROL ACCOUNT,**<br><br>Plaintiffs,<br><br>v.<br><br>Defendants.<br><br>**JIM DOBBAS, INC., a California corporation; CONTINENTAL RAIL, INC., a Delaware corporation; DAVID VAN OVER, individually; PACIFIC WOOD PRESERVING, a dissolved California corporation; WEST COAST WOOD PRESERVING, LLC., a Nevada limited liability company; and COLLINS & AIKMAN PRODUCTS, LLC, a Delaware limited liability company,**<br><br>Defendants.<br><br>**AND RELATED COUNTERCLAIMS AND CROSS-CLAIMS** | 2:14-cv-00595-WBS-EFB<br><br>**DECLARATION OF ANTHONY WESTLAKE IN SUPPORT OF PLAINTIFFS' APPLICATION FOR ENTRY OF DEFAULT JUDGMENT BY COURT AGAINST DEFENDANT COLLINS & AIKMAN PRODUCTS, LLC**<br><br>FED. R. CIV. P. 55(b)<br><br>Date:       September 23, 2019<br>Time:      1:30 p.m.<br>Place:     Courtroom 5, 14th Floor<br>              501 I Street<br>              Sacramento, CA  95814<br>Trial:       September 13, 2017<br><br>Action Filed: March 3, 2014 |

1

DECL. OF ANTHONY WESTLAKE IN SUPPORT OF PLTFS' APPLICATION FOR ENTRY OF DEFAULT
JUDGMENT BY COURT AGAINST DEF. COLLINS & AIKMAN PRODUCTS, LLC (2:14-cv-00595-WBS-EFB)

I, Anthony R. Westlake, declare as follows:

1. The facts stated in this declaration are based on my personal knowledge and on my review of files that the Office of the California Attorney General maintains in the regular course of its official business, and which were created at or near the time of the events they describe. If called as a witness, I could and would competently testify to the following facts:

2. I am an Administrator I in the Accounting and Reimbursements Division of the Office of the Attorney General, California Department of Justice (hereafter, the "AGO"). My official address is 1300 "I" Street, 8th Floor, Sacramento, California. I have been working at the AGO for the past thirty-five years. I have held this position for approximately 6 months. Prior to being Administrator I, I was the Accounting Officer Specialist/Supervisor for approximately 18 years.

3. My staff and I have responsibility for accounting and reimbursements, specifically for the AGO's electronic "ProLaw" system. Attorneys and paralegals enter their hours worked on cases into the ProLaw computer program. Within this program, time can be allocated to various cases, tasks, and services performed. In addition, my office can collect and track litigation costs per case.

4. At the AGO, attorneys, paralegals, and analysts are required, for every case worked on, to enter their hours into the ProLaw case management system. For all open cases handled by the AGO, the hours are entered at or near the time the services are provided in order to accurately reflect the time expended and the name of the legal services provided.

5. Deputy Attorney General Laura J. Zuckerman has requested an accounting of all attorney and legal staff time and costs through May 31, 2019, entered into ProLaw in the matter of ProLaw Matter Name Jim Dobbas, Inc. (DTSC v.) (Elmira Site), ProLaw Matter ID LA2012602448 ("the Cost Recovery Matter").

6. In response to this request, with the assistance of my staff, I generated two reports from the ProLaw system: a Cost of Suit Summary report for the Cost Recovery Matter (Exhibit A); and a Matter Time Activity by Professional Type report for the Cost Recovery Matter (Exhibit B).

2

DECL. OF ANTHONY WESTLAKE IN SUPPORT OF PLTFS' APPLICATION FOR ENTRY OF DEFAULT JUDGMENT BY COURT AGAINST DEF. COLLINS & AIKMAN PRODUCTS, LLC (2:14-cv-00595-WBS-EFB)

7. Exhibit A to this declaration is a true and correct copy of the Cost of Suit Summary report, which contains an accurate accounting record of all costs incurred in the Cost Recovery Matter from the date it was opened, February 17, 2012, through May 31, 2019.

8. Exhibit A itemizes costs from outside vendors for litigation-related tasks such as travel, deposition transcription, photo printing, expert consulting, witness fees, mediator fees, court fees, receivership fees, and document database management. As can be seen on Exhibit A, as of May 31, 2019, the total "Cost of Suit" for charges such as these was $68,724.57. Although Exhibit A also lists amounts for charges from Ace Messenger and Attorney Service under the heading for Cost of Suit, these charges are made pursuant to a statewide contract between the AGO and Ace Messenger and Attorney Service, and the ProLaw accounting system does not bill those charges to individual matters. In keeping with this practice and as indicated on Exhibit A, these charges have not been allocated to the Cost Recovery Matter, and they are not included in the total costs described in this declaration. Such omitted costs are referred to as "soft costs" in Exhibit A.

9. Like the Ace Messenger and Attorney Service costs, any cost charges with an asterisk next to the amount are soft costs that have not been billed to the Cost Recovery Matter. As Exhibit A indicates, legal professional travel costs are also considered soft costs and are not billed to the AGO's clients. No soft costs are included in the total costs described in this declaration.

10. Exhibit B is a true and correct copy of the Matter Time Activity by Professional report in the Cost Recovery Matter, which contains, among other things, a record of the number of hours billed by each timekeeper at the AGO, for the period February 17, 2012, through May 31, 2019.

11. Exhibit B includes information regarding hourly rates for various professionals (attorney, paralegal, etc.), number of hours worked on this matter, and total cost for those hours from February 17, 2012, through May 31, 2019. The professional rates are established under California Government Code sections 11044 and 11256 and approved by the California Department of Finance.

DECL. OF ANTHONY WESTLAKE IN SUPPORT OF PLTFS' APPLICATION FOR ENTRY OF DEFAULT JUDGMENT BY COURT AGAINST DEF. COLLINS & AIKMAN PRODUCTS, LLC (2:14-cv-00595-WBS-EFB)

12. The hourly billable rate for attorneys is $170.00 per hour. For the period February 17, 2012, to May 31, 2019, attorneys billed 3,334.75 hours in this matter, for a total charge of $566,907.50. The hourly billable rate for paralegals, Special Agents, and Special Investigators is $120.00 per hour. Paralegals, Special Agents, and Special Investigators billed 102.75 hours, for a total charge of $12,330.00. The hourly billable rate for legal analysts is $99.00 per hour. Legal analysts billed 68 hours, for a total charge of $6,732.00. As can be seen on Exhibit A, as of May 31, 2019, the total legal costs for the Cost Recovery Matter were $585,969.50.

13. I am familiar with how the data in Exhibit B is generated. Office Timekeepers record their time for each day's activities in quarter-hour increments, using the ProLaw computerized system. Except at the end of the month, timekeepers are required to complete their time entries for the week by the end of the following week, though some timekeepers enter their time daily. At the end of the month, timekeepers must have completed their time for that month by close of business on the last day of the month. Timekeepers enter their time directly into the ProLaw program using their computers, and each professional transfers that data electronically to the ProLaw database. ProLaw records the amount of time spent on a particular matter, and it also requires entry of at least one general category of activity such as "Discovery," "Pleadings/Briefs: Preparation & Review," or "Communications & Meetings."

14. The total amount that the AGO has billed to the Department of Toxic Substances Control ("DTSC") as of May 31, 2019, for its work representing DTSC in the Cost Recovery Matter is $654,694.07, the sum of the totals in Exhibits A and B.

I declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the foregoing is true and correct to the best of my knowledge and that this declaration was executed in Sacramento, California on August 12, 2019.

Anthony R. Westlake
Administrator I
Office of the California Attorney General

4

DECL. OF ANTHONY WESTLAKE IN SUPPORT OF PLTFS' APPLICATION FOR ENTRY OF DEFAULT JUDGMENT BY COURT AGAINST DEF. COLLINS & AIKMAN PRODUCTS, LLC (2:14-cv-00595-WBS-EFB)