IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| **CALIFORNIA DEPARTMENT OF TOXIC SUBSTANCES CONTROL and the TOXIC SUBSTANCES CONTROL ACCOUNT,**<br><br>Plaintiffs,<br><br>v.<br><br>**JIM DOBBAS, INC.**, a California corporation; **CONTINENTAL RAIL, INC.**, a Delaware corporation; **DAVID VAN OVER**, individually; **PACIFIC WOOD PRESERVING**, a dissolved California corporation; **WEST COAST WOOD PRESERVING, LLC.**, a Nevada limited liability company; and **COLLINS & AIKMAN PRODUCTS, LLC**, a Delaware limited liability company,<br><br>Defendants. | 2:14-cv-00595-WBS-EFB<br><br>**[PROPOSED] ORDER GRANTING APPLICATION FOR ENTRY OF DEFAULT JUDGMENT BY COURT AGAINST DEFENDANT COLLINS & AIKMAN PRODUCTS, LLC**<br><br>FED. R. CIV. P. 55(b)<br><br>Date:   September 23, 2019<br>Time:  1:30 p.m.<br>Place:  Courtroom 5, 14th Floor<br>         501 I Street<br>         Sacramento, CA  95814<br><br>Action Filed:  March 3, 2014 |
| **AND RELATED COUNTERCLAIMS AND CROSS CLAIMS** | |

1

# ORDER

GOOD CAUSE appearing, the Court hereby FINDS as follows:

1. Plaintiffs, the California Department of Toxic Substances Control and Toxic Substances Control Account (collectively, "DTSC" or "Plaintiffs") filed a motion for entry of judgment of default against defendant Collins & Aikman Products LLC ("C&A Products" or "Defendant") pursuant to Rule 55(b) of the Federal Rules of Civil Procedure, which was heard and considered by the Court.

2. Defendant is a non-natural person and is not subject to the potential exception to entry of a default judgment applicable to a minor or incompetent or a person in military service or otherwise exempted under the Servicemembers Civil Relief Act (50 U.S.C. App. § 521).

3. In 2005, Defendant declared bankruptcy. On or about December 8, 2014, a receiver was appointed for purposes of serving Defendant in this CERCLA lawsuit.

3. Despite having been duly served with the Summons and First Amended Complaint in this matter, Defendant failed to file a response to the First Amended Complaint within the date by which its responsive pleading was due, or at any time thereafter. Zuckerman Decl., ¶ 3. Defendant has not made an appearance in this action.

4. The default of Defendant was entered by the Clerk of the Court on March 26, 2015.

BASED ON THE ABOVE FINDINGS, the Court hereby ORDERS as follows:

1. DTSC is entitled to judgment against Defendant on account of the claims pleaded in the First Amended Complaint:

2. Pursuant to the First Cause of Action in the First Amended Complaint, DTSC shall recover $3,219,449.85 in public funds that it has spent through May 31, 2019, under the Comprehensive Environmental Response, Compensation and Liability Act of 1980, 42 U.S.C. § 9601-9675 ("CERCLA"), to clean up and remove hazardous waste at the real properties located at the intersection of A Street and Holdener Road, Elmira, Solano County, California, identified by

2

[PROPOSED] ORDER GRANTING APPLICATION FOR ENTRY OF DEFAULT JUDGMENT BY COURT AGAINST DEFENDANT COLLINS & AIKMAN PRODUCTS, LLC (2:14-cv-00595-WBS-EFB)

Solano County Assessor's Parcel Numbers 142-010-130, 142-010-140, and 142-042-010 (the "Site").

    3.    Pursuant to the Second Cause of Action in the First Amended Complaint, DTSC is entitled to a declaratory judgment pursuant to Section 113(g)(2) of CERCLA, 42 U.S.C. §9613(g)(2), that C&A Products is jointly and severally liable without regard to fault to the Plaintiffs for all costs incurred after May 31, 2019, and future response costs incurred by the Plaintiffs as a result of the release and threatened release of hazardous substances at and/or from the Site.

IT IS SO ORDERED.

Dated: _____, 2019

                                                                                            Honorable William B. Shubb
Senior United States District Judge

3

[PROPOSED] ORDER GRANTING APPLICATION FOR ENTRY OF DEFAULT JUDGMENT BY COURT AGAINST DEFENDANT COLLINS & AIKMAN PRODUCTS, LLC (2:14-cv-00595-WBS-EFB)