# CLYDE&CO

Clyde & Co US LLP
101 Second Street
24th Floor
San Francisco, California 94105
Telephone: (415) 365-9800
Facsimile: (415) 365-9801
www.clydeco.us

Alexander E. Potente
alex.potente@clydeco.us

**VIA EMAIL AND U.S. MAIL**

July 25, 2018

Olivia W. Karlin
Deputy Attorney General
Department of Justice State of California
300 S. Spring Street, Suite 1702
Los Angeles, CA 90013

**Re:   Travelers Insurance Policies Relating to California Department of Toxic Substances Control v. Jim Dobbas, Inc., et al.
United States District Court, Eastern District of California, Case No. 2:14-cv-00595**

Dear Ms. Karlin:

This firm represents The Travelers Indemnity Company ("Travelers") in connection with the matters raised in your letter dated June 7, 2018 (served on June 11, 2018), in which you state that the California Department of Toxic Substances Control ("DTSC") secured a judgment against Collins & Aikman Products, LLC and Pacific Wood Preserving in the above referenced lawsuit for costs incurred in response to the release of hazardous substances at the site located at 147A Street, Elmira, Solano County, California (the "Site").  We understand that DTSC seeks reimbursement of costs in excess of $3,400,000.  DTSC contends that Collins & Aikman Products, LLC's liability is covered under one or more Travelers policies issued to Wickes Corp. As discussed below, Collins & Aikman Products Co., formerly Collins & Aikman Group, Inc., Wickes Companies, Inc., and The Wickes Corporation (collectively "Collins & Aikman") settled the environmental claim for that Site, which was the subject of prior coverage litigation, and released Travelers from any and all such environmental claims.

The Travelers polices contain the following condition:

Action Against Company.  No action shall lie against the company unless, as a condition precedent thereto, there shall have been full compliance with all of the terms of this policy, nor until the amount of the insured's obligation to pay shall have been finally determined either by judgment against the insured after actual trial or by written agreement of the insured, the claimant and the company.

Clyde & Co US LLP is a Delaware limited liability partnership with offices in
Atlanta, Chicago, Long Beach, Los Angeles, Miami, New Jersey, New York, Orange County, San Francisco and Washington D.C.
Clyde & Co US LLP is affiliated with Clyde & Co LLP, a limited liability partnership registered in England and Wales.

3935726

> Any person or organization or the legal representative thereof who has secured such judgment or written agreement shall thereafter be entitled to recover under this policy to the extent of the insurance afforded by this policy....

At the outset we note that the clerk's entry of default against Collins & Aikman Products, LLC on 3/26/201 is not a final judgment against the insured after actual trial. According to the order, Collins & Aikman Products, LLC failed to appear, plead or answer the complaint within the time allowed by law. The mere fact that defendant's default has been entered does not constitute an adjudication of any of the issues raised in the underlying complaint. *See Arango v. Guzman Travel Advisors,* 761 F.2d 1527, 1530 (11th Cir. 1985); *Johnson v. Dayton Elec. Mfg. Co.,* 140 F.3d 781, 783 (8th Cir. 1998); *Bixler v. Foster,* 596 F.3d 751, 762 (10th Cir. 2010).

California Insurance Code Section 11580 authorizes a judgment creditor to recover directly against the insurer "on the policy and subject to its terms" when a judgment is secured against the insured. Cal. Ins. Code § 11580(b)(2). The effect of section 11580 is to make an injured party who obtains a final judgment against the insured a third party beneficiary of the insurance contract between the insured and his or her carrier. *See Murphy v. Allstate Ins. Co.*, 17 Cal. 3d 937, 943 (1976); *Hand v. Farmers Ins. Exchange* (1994) 23 Cal. App. 4th 1847, 1858 (1994). A third-party beneficiary of a contract can gain no greater rights under that contract than the contracting parties. *See Zahn v. Canadian Indem. Co*. 57 Cal. App. 3d 509, 513 (1976). Therefore, a judgment creditor stands in the shoes of the insured and has no greater rights than the insured.

DTSC acknowledged in the First Amended Complaint filed in Case No. 2:14-cv-00595 that Collins & Aikman had been addressing the environmental contamination at the Site for many years.

> From the 1980's through 2005, Wickes and its successor Collins & Aikman Products Co. took various actions under oversight of the Department and its predecessor agency to address environmental contamination at, around, and/or beneath the Site. Those actions included, among other things, soil excavation, installing an asphalt cap over contaminated soils, constructing a building and a drainage system over another contaminated area of the Site, installing and operating a groundwater extraction and treatment system, and groundwater monitoring.

DTSC's First Amended Complaint, ¶ 20. DTSC asserted a claim against Collins & Aikman and other defendants "under section 107(a) of CERCLA, 42 U.S.C. section 9607(a), for the recovery of response costs and interest on such response costs that Plaintiffs have incurred in connection with releases and threatened releases of hazardous substances, including arsenic, chromium, and copper, at, beneath, and/or from the approximately 7.5 acre property located northwest of the

**CLYDE&CO**

Olivia W. Karlin
July 25, 2018
Page 3

intersection of A Street and Holdener Road in the community of Elmira, Solano County, California." *Id*., ¶ 4.  DTSC alleged it incurred response costs related to the release and/or threatened release of hazardous substances at, around, and/or beneath the Site. *Id*., ¶ 34.  DTSC's alleged unpaid costs related to the Site were incurred beginning November 2005. *Id*., ¶ 35.

To the extent DTSC is or becomes a judgment creditor, DTCS has no greater rights under the Travelers policies than does the insured, Collins & Aikman.  Collins & Aikman has released Travelers from any and all environmental claims by or against Collins & Aikman, including those in connection with the Site, and agreed that Travelers' obligations under the Travelers policies are fully discharged in connection with those claims.  Accordingly, DTSC cannot assert a claim under the Travelers policies for this Site and has no right to reimbursement as a judgment creditor or otherwise for the sums it allegedly incurred since Collins & Aikman has no such rights against Travelers.

By way of brief background, Collins & Aikman filed an action against The Travelers Indemnity Company in United States District Court for the Northern District of California, Case No. C 97-3639, on or about October 3, 1997.  Collins & Aikman asserted that the underlying claims asserted by DTSC and others for the cost of investigation and remediating the alleged environmental conditions at the Site were covered under the insurance policies issued by Travelers, including the policies identified in and attached to your letter.  A copy of Collins & Aikman's First Amended Complaint is attached.  Once the complaint was served on Travelers, the parties began discussing the resolution of the case outside of court.  *See* Plaintiff's Request for Dismissal dated January 7, 1998, also attached.  The parties initially entered into a Standstill and Tolling Agreement.  Ultimately, they settled the litigation and entered into the Confidential Settlement Agreement and Release, effective June 2000, whereby a settlement amount was paid in exchange of the release of all environmental claims, including those arising out of the Site.  As part of the settlement, Collins & Aikman dismissed the entire coverage action, Case No. C 97-3639, with prejudice on July 10, 2000.  *See* attached docket report.

As we have discussed with you, due to the confidentiality provisions in the settlement agreement, Travelers cannot disclose it to DTSC without Collins & Aikman's consent.  Collins & Aikman, the insured entity and party to the settlement agreement, has since dissolved and giving notice consistent with the provisions of the agreement would be futile.  Travelers is willing provide a redacted copy for purposes of addressing DTSC's present claim and enforcing the terms of the agreement, if you and Ms. Murai of DTSC will agree to maintain the confidentiality of the Confidential Settlement Agreement and then return the agreement to us, without retaining a copy.  We also understand that DTSC, as a public agency, needs to be able to document the settlement in the public record, such as with a declaration under penalty of perjury stating that the environmental claims regarding the Site were previously settled and released or a

3935726

# CLYDE&CO

Olivia W. Karlin
July 25, 2018
Page 4

more heavily redacted copy of the settlement agreement. We are in the process of addressing this issue with our client.

Please confirm that, upon DTSC being able to verify the settlement and release, DTSC will not be pursuing Travelers for its response costs incurred in connection with the Site.

Very truly yours,

*Alex Potente*

Alexander E. Potente

AEP:tm
Enclosures

3935726

**XAVIER BECERRA**
*Attorney General*

*State of California*
**DEPARTMENT OF JUSTICE**

300 SOUTH SPRING STREET, SUITE 1702
LOS ANGELES, CA 90013

Public: (213) 269-6000
Telephone: (213) 269-6333
Facsimile: (213) 897-2802
E-Mail: Olivia.Karlin@doj.ca.gov

January 3, 2019

Alex Potente, Esq.
Lenell McCallum, Esq.
101 Second Street, 24th Floor
San Francisco, CA 94105

RE: Travelers Insurance Policies Relating to California Department of Toxic Substances Control v. Jim Dobbas, Inc., et. al.
United States District Court, Eastern District of California, Case No. 2:14-CV-00595-WBS-EFB

Dear Mr. Potente and Ms. McCallum:

Thank you for providing us with a redacted copy of the Confidential Settlement Agreement and Release, between Collins & Aikman Products, Co. ("Collins & Aikman") and Travelers' Indemnity Company, the Travelers' Indemnity Company of Illinois, and the Travelers' Casualty and Surety Company (collectively "Travelers") entered into in July 2000 (the "2000 Settlement Agreement"). After reviewing the agreement, we have a few follow up questions for you.

The California Department of Toxic Substances Control ("DTSC") was not a party to the 2000 Settlement Agreement. Also, the 2000 Settlement Agreement specifically states it is not binding on non-parties to the agreement. (See Settlement Agreement, paragraph 11.) Does Travelers have evidence that DTSC was involved in the 2000 Settlement Agreement in any way? Absent DTSC being a party to the 2000 Settlement Agreement, it appears that the 2000 Settlement Agreement cannot affect DTSC's rights in the Travelers' insurance policies, and that DTSC may still have a claim as against those policies. When Travelers entered into the 2000 Settlement Agreement, what did Travelers calculate the insurance policy limits for all of the subject policies to be?

The law does not allow the insured and insurer to enter an agreement which extinguishes a third-party beneficiary's rights. (See *Shapiro v. Republic Indem. Co. of Am.* (1959) 52 Cal.2d 437, 440 [once coverage is triggered, the insured and insurer cannot modify policies in any manner that would affect the interest of the injured party; the injured party is a third party beneficiary of the insurance policy, whose interest in the policy must "not be altered or

conditioned by independent action of the insurer and the insured."])  Please let us know if you have legal authority to the contrary.

Accordingly, Travelers and Collins and Aikman did not have legal authority to enter any agreement that extinguishes DTSC's rights in the insurances policies.  Thus, the 2000 Settlement Agreement does not affect DTSC's rights in the Travelers' insurance policies.

Enclosed with the hard copy of this letter is the 2000 Settlement Agreement, which I am returning to you.  Please let us know if you would like to set up a time to discuss the questions set out in this letter.

Sincerely,

*[signature]*

OLIVIA W. KARLIN
Deputy Attorney General

For   XAVIER BECERRA
Attorney General

cc: Vivian Murai
    DTSC

OWK:jfa
Enclosure