# CLYDE&CO

Clyde & Co US LLP
101 Second Street
24th Floor
San Francisco, California 94105
Telephone: (415) 365-9800
Facsimile: (415) 365-9801
www.clydeco.us

Alexander E. Potente
alex.potente@clydeco.us

January 15, 2019

***VIA E-MAIL AND U.S. MAIL***

Olivia W. Karlin, Esq.
Deputy Attorney General
State of California Department of Justice
300 South Spring Street, Suite 1702
Los Angeles, CA 90013

Re:   California Department of Toxic Substances Control v. Jim Dobbas, Inc., et al.
      Clyde Ref:     10119309

Dear Ms. Karlin:

We are in receipt of your letter dated January 3, 2019 and acknowledge that you have returned the hard copy of the Confidential Settlement Agreement and Release between Travelers and Collins & Aikman Products Co. ("Collins & Aikman"), effective July 2000 (the "2000 Settlement Agreement") as agreed.

California Department of Toxic Substances Control ("DTS") was not a party to the 2000 Settlement Agreement. At the time the settlement agreement was executed, DTSC had not sued Collins & Aikman for recovery of response costs incurred in connection with releases and threatened releases of hazardous substances at the Elmira site. In fact, DTSC did not sue Collins & Aikman for fourteen more years: DTSC filed suit in 2014. Moreover, as alleged in that suit, DTSC did not suffer any loss until November 2005 when it began to take response actions and to incur costs related to the Elmira site. Thus, DTSC is not in the same position as the injured plaintiffs in *Shapiro v. Republic Indemnity Co. of America,* 52 Cal. 2d 437 (1959). In Shapiro, an automobile insurer, Republic Indemnity, reformed its policy <u>after</u> plaintiffs obtained a judgment of liability against the Republic Indemnity's insureds and after the third-party plaintiff had a vested right in the Republic Indemnity policy. In contrast to *Shapiro*, when Travelers and Collins & Aikman effectuated the Settlement Agreement in July of 2000, DTSC had no vested right as a third-party claimant. It had not even filed a suit or even suffered any liquidated damages.

Clyde & Co US LLP is a Delaware limited liability partnership with offices in
Atlanta, Chicago, Los Angeles, Miami, New Jersey, New York, Orange County, San Francisco and Washington D.C.
Clyde & Co US LLP is affiliated with Clyde & Co LLP, a limited liability partnership registered in England and Wales.

4253552

CLYDE&CO

Olivia W. Karlin, Esq.
Deputy Attorney General
January 15, 2019
Page 2

Furthermore, *Shapiro* merely held that the reformation judgment the insurer obtained did not preclude, by operation of res judicata, the injured plaintiffs from recovering under reformed insurance policy. *See Shapiro,* 52 Cal. 2d at 439. *Shapiro* still allowed the insurer to assert reformation as a defense to coverage against the third party plaintiff. *Id*. at 440. Similarly, in any action DTSC may file against Travelers, Travelers may similarly raise the defenses it has against Collins & Aikman, including the 2000 settlement of all environmental claims arising out of the Elmira site. *See* Cal. Ins. Code § 11580(b)(2) (judgment creditor authorized to recover against the insurer "on the policy and subject to its terms and limitations" when a judgment is secured).

No case has extended the holding of *Shapiro* to preclude a settlement between an insurer and its insured under circumstances remotely similar to those at issue here. Your assertion that Travelers and Collins & Aikman did not have legal authority to enter into the 2000 settlement agreement has no foundation in fact or law.

When the 1997 action instituted by Collins & Aikman against Travelers for coverage arising out of the Elmira site was settled, no suit had been filed by DTSC. Collins & Aikman was incurring the costs of investigating and remediating the alleged environmental contamination, under the oversight of DTSC. Under California law, the duty to defend does not extend to costs associated with an administrative investigation or other proceeding against an insured related to alleged environmental contamination. *See Foster-Gardner, Inc. v. National Union Fire Ins. Co*., 18 Cal. 4th 857 (1998) (rejecting the policyholder's argument that the insurers were required to defend it against an order from the DTSC requiring the policyholder to investigate potential contamination and prepare a remedial investigation and feasibility study and holding that administrative proceedings against an insured regarding alleged environmental contamination do not constitute a suit and that a suit is "a court proceeding initiated by the filing of a complaint").

Nor was the defense of the 2014 action DTSC filed against Collins & Aikman ever tendered to Travelers. California law, as articulated in California Supreme Court in *Aerojet–General Corp. v. Transport Indemnity Co*., 17 Cal. 4th 38 (1997), limits coverage for site investigation to those occurring "between tender of the defense and conclusion of the action." *Id.* at 61*; accord Foster–Gardner, Inc. v. Nat'l Union Fire Ins. Co*., 18 Cal.4th at 886 (holding that "site investigation expenses incurred prior to the instigation of a lawsuit against the insured are not defense costs the insurer must incur....because the insurer does not yet have a duty to defend the insured."). All of the costs incurred by DTSC occurred before tender of the defense of the DTSC action to Travelers and are not covered under the Travelers policies, regardless of the release, and are therefore not covered for this additional reason.

4253552

CLYDE&CO

Olivia W. Karlin, Esq.
Deputy Attorney General
January 15, 2019
Page 3

      We are available to discuss the above.

Very truly yours,

*Alex Potente*

Alexander E. Potente

AEP:tm