## Jung, John

| | |
|---|---|
| **From:** | Potente, Alex <Alex.Potente@clydeco.us> |
| **Sent:** | Friday, September 6, 2019 9:01 AM |
| **To:** | Laura.Zuckerman@doj.ca.gov |
| **Cc:** | Jung, John |
| **Subject:** | Wickes/Collins & Aikman -  DTSC v. Dobbas - Travelers intends to intervene |

Laura:  per my voicemail, I represent certain Travelers entities, which issued insurance policies to entities affiliated with Collins & Aikman Products, LLC.  Travelers intends to intervene in the matter DTSC v. Dobbas, EDCA, 2:14-cv-00595-WBS-EFB, and respectfully requests that the hearing of application for default judgment against Collins & Aikman Products be reset so that Travelers may first intervene in this matter.

Please call me at your convenience to discuss these matters.  Thank you.

**Alex Potente**
Partner | Clyde & Co US LLP
**Direct Dial:** 415 365 9869 | **Mobile:**  415 845 3049
alex.potente@clydeco.us



101 Second Street | 24th Floor | San Francisco | CA
94105 | USA
**www.clydeco.us**

1

## Jung, John

| | |
|---|---|
| **From:** | Potente, Alex <Alex.Potente@clydeco.us> |
| **Sent:** | Friday, September 6, 2019 6:04 PM |
| **To:** | Laura.Zuckerman@doj.ca.gov; Olivia W. Karlin |
| **Cc:** | Jung, John |
| **Subject:** | Wickes - DTSC v. Dobbas - please find the attached cases liberally allowing intervention by an insurer |
| **Attachments:** | Reliance Ins Co v Superior Court.doc; Kaufman And Broad Communities Inc v Performance Plastering Inc.doc; Utica Mut Ins Co v Hamilton Supply Co.doc; BGN Fremont Square Ltd v Chung.doc |

Ms. Karlin and Ms. Zuckerman:

As we discussed, please find the attached cases liberally allowing intervention by an insurer, including an insurer that has reserved its rights regarding whether coverage exists or has disclaimed coverage, to prevent a default judgment from being entered against its insured.  *See Kaufman & Broad Communities, Inc. v. Performance Plastering, Inc.*, 136 Cal. App. 4th 212 (2006) (holding that an insurer "must intervene in the action to protect its own interests"); *Reliance Ins. Co. v. Superior Court*, 84 Cal. App. 4th 383 (2000) (reversing trial court's refusal to allow insurer to intervene to vacate default of insured reasoning, "where the insurer may be subject to a direct action under Insurance Code section 11580 by a judgment creditor who has or will obtain a default judgment in a third party action against the insured, intervention is appropriate" and noting the "insurer may either intervene in that action prior to judgment or move under Code of Civil Procedure section 473 to set aside the default judgment."); *Utica Mut Ins. Co. v. Hamilton Supply Co.*, 2007 WL 32566485,  at *3 (N.D. Cal. 2007) (permitting insurer proceeding under reservation of rights to intervene under Rule 24 and vacating default judgment); *B.G.N. Freemont Square LTD. v. Chung*, 2011 WL 13129968, at *3 ("In short, California law provides that an insurer has a protectable interest in litigation brought against its suspended insured, that its failure to intervene could subject it to liability for default judgment subject to any coverage defenses that it may have, and that it can intervene without waiving those coverage defenses by giving notice of its reservation of rights.").

Please let me know as soon as practicable DTSC's position regarding Travelers' intended request to intervene and whether DTSC will agree to continue the pending hearing for application of default judgment against C&A Products currently set for September 25, 2019.  We would be happy to meet and confer with you about a suitable revised briefing schedule.

Thank you.

**Alex Potente**
Partner | Clyde & Co US LLP
**Direct Dial:** +1 415 365 9869 | **Mobile:** +1 415 845 3049

**CLYDE&CO** | 101 Second Street | 24th Floor | San Francisco | CA 94105 | USA
**Main** +1 415 365 9800 | **Fax** +1 415 365 9801 | **www.clydeco.us**

1

## Jung, John

| | |
|---|---|
| **From:** | Potente, Alex <Alex.Potente@clydeco.us> |
| **Sent:** | Wednesday, September 11, 2019 9:05 PM |
| **To:** | Laura.Zuckerman@doj.ca.gov; Olivia W. Karlin |
| **Cc:** | Jung, John |
| **Subject:** | RE: Wickes - DTSC v. Dobbas - Follwo Up on Travelers' request to reschedule the hearing on DTSC's motion |

Ms. Karlin and Ms. Zuckerman:  I write to follow up on Travelers' request to reschedule the hearing on DTSC's motion for default judgment of C&A Products, LLC and whether DTSC will stipulate to Travelers' intervention in this action.

Please let me know DTSC's position on these two requests as soon as practicable, so that we may take the requisite steps if DTSC does not agree.

Thank you.


**Alex Potente**
Partner | Clyde & Co US LLP
**Direct Dial:** +1 415 365 9869 | **Mobile:** +1 415 845 3049



| | |
|---|---|
| | 101 Second Street | 24th Floor | San Francisco | CA 94105 | USA |
| | **Main** +1 415 365 9800 | **Fax** +1 415 365 9801 | **www.clydeco.us** |

**XAVIER BECERRA**
*Attorney General*

*State of California*
**DEPARTMENT OF JUSTICE**

1515 CLAY STREET, 20TH FLOOR
P.O. BOX 70550
OAKLAND, CA  94612-0550

Public:  (510) 879-1300
Telephone:  (510) 879-1299
Facsimile:  (510) 622-2270
E-Mail:  Laura.Zuckerman@doj.ca.gov

September 12, 2019

**VIA E-MAIL ONLY**

Alexander E. Potente, Esq.
Clyde & Co. US LLP
101 Second Street
24th Floor
San Francisco, CA 94105
Alex.Potente@clydeco.us

RE:     *California Department of Toxic Substances Control, et al. v. Jim Dobbas, Inc., et al.*
        U.S. District Court, Eastern District of California, Case No. 2:14-cv-00595-WBS-EFB

Dear Mr. Potente:

In response to your recent inquiry, Plaintiffs the Department of Toxic Substances Control and the Toxic Substances Control Account (collectively, DTSC) are not willing either to stipulate to intervention by Travelers or to postpone the date of the September 25, 2019, hearing on the motion for default judgment so that Travelers may intervene, move to set aside C&A Products, LLC's default, and oppose DTSC's motion for default judgment.

Travelers has been aware of this lawsuit, and of the March 2015 clerk's entry of default, since at least June 7, 2018, yet waited until shortly before the upcoming hearing to take steps to seek intervention.  Travelers' motion to intervene under Rule 24 of the Federal Rules of Civil Procedure would be untimely.  This alone is reason enough for DTSC not to agree to postpone the hearing.

In addition, however, Travelers has no valid grounds for a motion to set aside the default under Rule 55(c) of the Federal Rules of Civil Procedure.  First, C&A Products, LLC, had no viable defense it could have asserted under CERCLA to contest liability, meaning that even if Travelers were to intervene to litigate the matter on the merits, the outcome would be the same.  Second, a delay at this point would prejudice DTSC, as the receivership is due to expire in October 2019. Third, you have unnecessarily delayed any motion to set aside the default by 1 ¼ years.

Further, the authority you have provided is inapposite.  The reported cases concern intervention under California state law, which is different from federal intervention law, and the unreported federal cases you provide do not have fact patterns similar to DTSC's case.  None of the cases involves an insurer that disclaimed coverage, as Travelers did in your letter to us dated July 25,

Alexander E. Potente, Esq.
September 12, 2019
Page 2


2018, when you stated, "DTSC cannot assert a claim under the Travelers policies for this Site and has no right to reimbursement as a judgment creditor or otherwise for the sums it allegedly incurred . . . ."  July 25, 2018, Letter from Alexander E. Potente to Olivia W. Karlin, at 3.

If you decide to proceed with your motion to intervene or seek to obtain any other order from the Court, please provide us with an electronic courtesy copy of all filings the day you file them. Thank you for your attention to this matter.

        Sincerely,

        /S/  *Laura J. Zuckerman*

        LAURA J. ZUCKERMAN
        Deputy Attorney General

  For    XAVIER BECERRA
        Attorney General


LA2012602448