**CLYDE & CO US LLP**
Alexander E. Potente, State Bar No. 208240
Email: alex.potente@clydeco.us
Hyunki ("John") Jung, State Bar No. 318887
101 Second Street, 24th Floor
San Francisco, CA 94105
Telephone: 415.365.9800
Facsimile: 415.365.9801

Attorney for Proposed Intervenor
THE TRAVELERS INDEMNITY COMPANY

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| CALIFORNIA DEPARTMENT OF TOXIC SUBSTANCES CONTROL, et al., <br><br> Plaintiffs, <br><br> v. <br><br> JIM DOBBAS, INC., a California corporation, et al. <br><br> Defendants, | Case No. 2:14-CV-00595-WBS-EFB <br><br> **PROPOSED INTERVENOR THE TRAVELER INDEMNITY COMPANY'S *EX PARTE* APPLICATION FOR AN ORDER TO CONTINUE HEARING ON PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT, OR, ALTERNATIVELY, FOR AN ORDER SHORTENING TIME FOR HEARING ON TRAVELERS' PROPOSED MOTION TO INTERVENE AND TO VACATE DEFAULT** <br><br> [Filed concurrently with Memorandum of Points and Authorities, Declaration of Alexander E. Potente, and [Proposed] Order] <br><br> Complaint Filed: March 3, 2014 |

4703262

TRAVELERS' EX PARTE APPLICATION RE MOTON FOR INTERVENTION

**TO THE HONORABLE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that the proposed intervenor, The Travelers Indemnity Company ("Travelers"), as putative insurer of underlying defendant Collins & Aikman Products, LLC ("C&A Products, LLC"), a cancelled Delaware limited liability company, hereby applies *ex parte* for an order to continue the hearing on Plaintiff California Department of Toxic Substances Control, *et al.*'s ("DTSC") motion for default judgment against C&A Products, LLC (ECF No. 184) in this action (the "*DTSC* Action"), currently set for September 25, 2019, to allow for Travelers to intervene in this action by way of its Motion to Intervene and to Vacate Default ("Motion"), which Travelers has filed and served contemporaneously with this *ex parte* application, and raise arguments on the merits as to why default should be vacated and why default judgment should not be entered against C&A Products, LLC.  In the alternative, Travelers hereby applies for an *ex parte* order shortening the time for hearing on Travelers' proposed Motion, so that it may be heard before DTSC's pending motion for application of default judgment against C&A Products, LLC.

This *ex parte* application is made on the grounds that the following good cause exists:

(1) If DTSC's application for default judgment is heard before Travelers' Motion to Intervene and to Vacate Default is decided, and Travelers is not allowed to intervene to argue why default judgment should not be entered against C&A Products, LLC and allowed to move to vacate the default against it, then Travelers will be prejudiced.  C&A Products, LLC, a cancelled Delaware corporation, has no assets and no means to defend itself.  To protect its rights as the putative insurer of a judgment debtor under California law, California substantive law requires Travelers to intervene.  Travelers needs to intervene before DTSC's motion for entry of default judgment is heard to protect Travelers' rights.  If the Court grants DTSC's requested relief to enter default judgment against C&A Products, LLC in the amount of $3,219,449.85 (ECF No. 185, p. 6 of 21), Travelers would be required to move to vacate that default judgment instead of merely setting aside the default that has been entered against C&A Products, LLC.  This would result in

CLYDE & CO US LLP
101 Second Street, 24th Floor
San Francisco, California 94105
Telephone: (415) 365-9800

judicial inefficiency and would prejudice Travelers, as the standard for vacating a default judgment is more rigorously applied than the standard for vacating an entry of default.

(2) Travelers has made a good faith attempt to stipulate with DTSC to continue the hearing date for its application for default judgment against C&A Products, LLC. DTSC has refused to continue the hearing it set without consultation with, or notice to, Travelers, despite Travelers having engaged in discussion with DTSC regarding the default over 8 months ago. Travelers learned of DTSC's application for entry of default only by its own diligence in monitoring the Court's docket. Travelers is without fault in creating the need for the *ex parte* relief it seeks.

## COMPLIANCE WITH LOCAL RULE 144

Pursuant to Local Rule 144, on September 6, 2019 and again on September 11, 2019, upon learning of DTSC's filing of motion for default judgment against C&A Products, LLC, counsel for Travelers, Alexander E. Potente of Clyde & Co US LLP, contacted counsel for DTSC, Laura Zuckerman and Olivia W. Karlin of California Department of Justice, by telephone and by email to request to continue the hearing on DTSC's application for default judgment of C&A Products, LLC and to inquire whether DTSC would stipulate to Travelers' intervention in this action. Declaration of Alexander E. Potente ("Potente Decl."), ¶7, Exh. E.

On September 12, 2019, counsel for DTSC wrote to counsel for Travelers, providing that DTSC is "not willing either to stipulate to intervention by Travelers or to postpone the date of the September 25, 2019, hearing on the motion for default judgment so that Travelers may intervene, move to [vacate] C&A Products, LLC's default, and oppose DTSC's motion for default judgment." *Id.*

On September 17, 2019, counsel for Travelers contacted counsel for DTSC to inform DTSC that Travelers would file this *ex parte* application for continuance of the hearing date on DTSC's application for entry of default judgment and to move to intervene and to vacate the entry of default against C&A Products, LLC. Potente Decl., ¶8, Exh. F. Counsel for Travelers also inquired whether DTSC would be filing an opposition to Travelers' *ex parte* application. *Id.* On

1  the same date, counsel for DTSC notified counsel for Travelers that DTSC will file an opposition
2  to Travelers *ex parte* application. Potente Decl., ¶9, Exh. G.
3        This application is based on this Notice, the Memorandum of Points and Authorities, and
4  the Declaration of Alexander E. Potente, and all other pleadings and papers filed in this action.

Dated: September 18, 2019            CLYDE & CO US LLP

By: *Alex Potente*
Alexander E. Potente
Hyunki (John) Jung
Attorneys for Proposed Intervenor THE
TRAVELERS INDEMNITY COMPANY

4703262

4

TRAVELERS' *EX PARTE* APPLICATION RE MOTON FOR INTERVENTION

**TABLE OF CONTENTS**

**Page**

I. INTRODUCTION AND SUMMARY OF ARGUMENT ................................................... 1

II. STATEMENT OF FACTS .................................................................................................. 3

    A. First Notice Was Given to Travelers of the *DTSC* Action Almost Four Years After Filing And Three Years After Taking C&A Products, LLC's Default .................................................................................................................. 3

    B. The DTSC's Filing Of A Motion For Default Judgment ......................................... 4

III. ARGUMENT ....................................................................................................................... 5

    A. Good Cause Exists For An Order Granting Travelers' *Ex Parte* Application To Continue The Hearing Date On DTSC's Motion For Default Judgment ............ 5

        1. Travelers Will Be Prejudiced Unless DTSC's Hearing On Its Application For Entry Of Default Judgment Is Continued ........................... 6

        2. Travelers' *Ex Parte* Relief Promotes Judicial Efficiency And Avoids Further Prejudice To Travelers ................................................................... 7

        3. Travelers Is Without Fault In Creating The Need For *Ex Parte* Relief ............................................................................................................ 7

    B. In the Alternative, Travelers Requests That Its Proposed Motion To Intervene And To Vacate Default Be Heard Before DTSC's Scheduled Motion For Default Judgment ................................................................................. 8

IV. CONCLUSION .................................................................................................................... 9

CLYDE & CO US LLP
101 Second Street, 24th Floor
San Francisco, California 941105
Telephone: (415) 365-9800

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*B.G.N. Fremont Square LTD. v. Chung*, CV 10-9749 GAF (RZx), 2011 WL 13129968 (C.D. Cal. Sep. 27, 2011) .....6

*Benton v. Kearney*, No. CV 08-8228 CAS, 2009 WL 2711943 (C.D. Cal. Aug. 25, 2009) .....5

*Clark v. Time Warner Cable*, No. CV 07 1797 VBF(RCX), 2007 WL 1334965 (C.D. Cal. May 3, 2007) .....5

*E.Digital Corporation v. Ivideon LLC*, No. 15-cv-00691-JST, 2016 WL 4728550 (N.D. Cal. Sep. 12, 2016) .....2

*Joe Hand Promotions, Inc. v. Williams*, No. 2:14–cv–02663–JAM–AC, 2015 WL 5923611 (E.D. Cal. Oct. 9, 2015) .....5

*Kaufman & Broad Communities, Inc. v. Performance Plastering, Inc.*, 136 Cal. App. 4th 212 (2006) .....6

*U.S. Commodity Futures Trading Com'n v. American Bullion Exchange ABEX, Corp.*, No. SACV 10–1876 DOC (RNBx), 2011 WL 4946810 (C.D. Cal. Oct. 17, 2011) .....2

*U.S. v. City of Los Angeles*, 288 F.3d 391 (9th Cir. 2002) .....7

*Wilson v. Conair Corporation*, NO. 1:14-00894 WBS SAB, 2016 WL 304311 (E.D. Cal. Jan. 25, 2016) .....8

**Statutes**

6 Delaware Code § 18-805 .....6

Insurance Code Section 11580 .....1

Fed. R. Civ. P. 27(a)(3) .....6

Fed. R. Civ. P. 6(d) .....8

Local Rule 144(e) .....8

Local Rule 230(b) .....8

Local Rules 135 and 230(b) .....9

Rule 12(b)(6) and 9(b)..................................................................................................................5

Rule 55(c) ....................................................................................................................................2

Rule 55(c) and Rule 60(b) ...........................................................................................................2

Rule 60(b)....................................................................................................................................2

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION AND SUMMARY OF ARGUMENT

DTSC noticed its application for entry of default judgment (ECF Nos. 184 and 194) for September 25, 2019.  Proposed intervenor Travelers requests this hearing date be continued until this Court rules on Travelers' proposed Motion to Intervene and to Vacate Default, which Travelers has filed and served contemporaneously with this *ex parte* application.  In the alternative, Travelers requests that this Court grant Travelers' *ex parte* application for an order shortening the time for hearing on Travelers' proposed Motion to Intervene and to Vacate Default so that Travelers' proposed Motion is heard before DTSC's scheduled motion for default judgment.

Good cause exists for Travelers' *ex parte* request.  Granting Travelers' *ex parte* application is necessary to prevent Travelers from being prejudiced and to avoid judicial inefficiency.  DTSC has stated that it will directly seek to enforce its judgment against Travelers under Insurance Code Section 11580 as C&A Products, LLC, a cancelled Delaware corporation, has no assets, no employees, and no means to defend itself.  Travelers has disclaimed coverage for DTSC's claims under Travelers' policies of insurance in connection with C&A Products, LLC's alleged liability for environmental contamination at the site at issue (the "Site") based on a confidential settlement and release agreement between the putative predecessor to C&A Products, LLC – Collins & Aikman Product Co. ("C&A Products Co.") – and Travelers ("Confidential Settlement Agreement").  Despite this disclaimer and despite that C&A Products, LLC is a cancelled corporation with no assets, DTSC is now pursuing a default judgment against C&A Products, LLC, which DTSC previously advised it would ultimately seek from Travelers.  Under these circumstances, California substantive law requires Travelers to intervene to protect its rights against a potential judgment creditor (DTSC) of Travelers' putative insured C&A Products, LLC. If DTSC's motion is heard without Travelers first being able to intervene and make arguments on the merits as to why default should be vacated and why default judgment should not be entered against C&A Products, LLC, Travelers would be prejudiced.  Absent intervention, Travelers will

not have the opportunity to explain to the Court as to why default judgment should not be entered against C&A Products, LLC and why the default against it should instead be vacated.

Furthermore, if the Court granted DTSC's requested relief to enter default judgment against C&A Products, LLC in the amount of $3,219,449.85 (ECF No. 185, p. 6 of 21), California law requires Travelers to move to vacate that default judgment, after it is entered, in order to protect its rights as the putative insurer of a judgment debtor. Forcing Travelers to attack a judgment once entered, instead of allowing it to intervene before judgment is entered would result in judicial inefficiency and would prejudice Travelers as the standard for vacating a default is less rigidly applied than the standard for vacating a default judgment.[1]

Second, DTSC has refused to stipulate to continuing the hearing date despite Travelers' good faith attempt to obtain a stipulation and DTSC's lack of coordination with Travelers regarding setting DTSC's motion for entry of default judgment. In January 2019, DTSC and Travelers met and conferred regarding the lack of coverage for DTSC's claims against C&A Products, LLC under the Travelers' policies given the scope of the release C&A Products Co. had provided Travelers when settling coverage litigation with Travelers in 2000. Following these discussions, DTSC did not continue to pursue Travelers as the putative insurer of C&A Products, LLC, and DTSC gave no indication that it would continue to pursue the default it previously had obtained against C&A Products, LLC, a cancelled corporation with no other assets other than insurance.

DTSC did not notify Travelers that it intended to seek default judgment against C&A Products, LLC before it filed its application, nor did it meet and confer with Travelers regarding

---

[1] The Ninth Circuit applies a "good cause" standard for vacating both an entry of default under Rule 55(c) and for vacating a default judgment under Rule 60(b), but the test for setting aside entry of default is less rigid and is more generous to the party in default. *See U.S. Commodity Futures Trading Com'n v. American Bullion Exchange ABEX, Corp.*, No. SACV 10–1876 DOC (RNBx), 2011 WL 4946810 at *1, 2 (C.D. Cal. Oct. 17, 2011) (granting motion to set aside entry of default, reasoning that "[t]he 'good cause' standard under Rule 55(c) is an easier burden for the allegedly defaulting party than the excusable neglect standard required to obtain relief from default judgment under Rule 60(b)"); *E.Digital Corporation v. Ivideon LLC*, No. 15-cv-00691-JST, 2016 WL 4728550 at *1 (N.D. Cal. Sep. 12, 2016) (granting motion to vacate entry of default, reasoning " '[W]hile the same test applies for motions seeking relief from default judgment under both Rule 55(c) and Rule 60(b), the test is more liberally applied in the Rule 55(c) context,' as where no judgment has been entered, 'there is no interest in the finality of the judgment with which to contend'").

4703262

2

TRAVELERS' *EX PARTE* APPLICATION RE MOTON FOR INTERVENTION

the September 25, 2019 hearing date. Travelers learned of DTSC's application for entry of default judgment only by Travelers' own due diligence in monitoring the Court's docket. Travelers offered to work with DTSC and stipulate to a briefing schedule that would allow Travelers to be heard on the merits, but DTSC refused to negotiate with Travelers, instead refusing to continue the hearing and indicating that it would not stipulate to Travelers' intervention to defend Travelers' interest as the only known putative primary insurer of C&A Products, LLC. Although the receivership shall remain effective until the conclusion of the *DTSC* Action and any appeals thereof, DTSC misstated that it would be prejudiced by a continuance because the Receiver's appointment for C&A Products, LLC is set to expire in October 2019. As such, DTSC would not be prejudiced by a continuance of a hearing on its motion for default judgment. Further, the lack of notice of DTSC's filing of a motion for default judgment against C&A Products, LLC and its counsel's unreasonable refusal to stipulate to continuance of the hearing date further supports Travelers' position that Travelers is without fault in creating the need for *ex parte* relief it seeks.

## II.   STATEMENT OF FACTS

### A.   First Notice Was Given To Travelers Of The *DTSC* Action Almost Four Years After Filing And Three Years After Taking C&A Products, LLC's Default

Travelers has set forth the factual background regarding the history of the instant *DTSC* Action and DTSC's claims against C&A Products, LLC in its concurrently filed Motion to Intervene and to Vacate Default. Relevant to this *ex parte* application, DTSC sued C&A Products, LLC on December 11, 2014, and took its default on March 25, 2015. DTSC provided notice to Travelers of the *DTSC* Action for the first time in a letter dated June 11, 2018, almost four years after it filed the *DTSC* Action and three years after entry of default against C&A Products, LLC. Potente Decl., ¶2; Exh. A. After receiving this letter, Travelers promptly engaged in discussions with DTSC, and provided a copy of the Confidential Settlement Agreement to DTSC for its review, explaining that Collins & Aikman Products Co. (the purported predecessor of C&A Products, LLC) had released Travelers from the liabilities for which DTSC is seeking a default judgment. Potente Decl., ¶¶3-4; Exhs. B-C. Following these discussions in January 2019, DTSC

did not continue to pursue Travelers, and Travelers had no reason to believe DTSC would pursue a default judgment against C&A Products, LLC.

B.     **The DTSC's Filing Of A Motion For Default Judgment**

Without further communication with Travelers, three weeks ago on August 21, 2019, DTSC filed a motion for default judgment against C&A Products, LLC.  Travelers only learned of DTSC's application for entry of default judgment because it was monitoring the docket.  Potente Decl., ¶5.

On September 6, 2019, counsel for Travelers requested that DTSC stipulate to continue the hearing on DTSC's motion for default judgment against C&A Products, LLC, and requested that DTSC stipulate to allowing Travelers to intervene to raise a meritorious defense to DTSC's claims against C&A Products, LLC, as C&A Products, LLC is not able to defend itself because, as a cancelled Delaware corporation, it has no assets or employees.  Potente Decl., ¶7; Exh. E.  After hearing nothing, Travelers' counsel again e-mailed counsel for DTSC on September 11, 2019, reiterating Travelers' request for DTSC's stipulation.  *Id.*  On September 12, 2019, counsel for DTSC sent a letter to counsel for Travelers and stated that DTSC is "not willing either to stipulate to intervention by Travelers or to postpone the date of the September 25, 2019, hearing on the motion for default judgment so that Travelers may intervene, move to vacate C&A Products, LLC's default, and oppose DTSC's motion for default judgment." *Id.*

On September 17, 2019, counsel for Travelers contacted counsel for DTSC via email to inform it of Travelers' intent to move to intervene and to vacate the entry of default against C&A Products, LLC, and to file this *ex parte* application for continuance of the hearing date on DTSC's motion for default judgment.  Potente Decl., ¶8, Exh. F.  In the same e-mail, counsel for Travelers also inquired whether DTSC would be filing an opposition to Travelers' *ex parte* application.  *Id.*  On September 17, 2019, counsel for DTSC notified counsel for Travelers that DTSC will file an opposition to Travelers *ex parte* application.   Potente Decl., ¶9, Exh.G.

### III. ARGUMENT

**A. Good Cause Exists For An Order Granting Travelers' *Ex Parte* Application To Continue The Hearing Date On DTSC's Motion For Default Judgment**

*Ex parte* application will be granted upon the movant's "adequate showing of good cause," and if the moving party can show that it is "without fault in creating the crisis or that the crisis occurred as a result of excusable neglect." *Clark v. Time Warner Cable*, No. CV 07 1797 VBF(RCX), 2007 WL 1334965, at *1 (C.D. Cal. May 3, 2007) (granting an *ex parte* application for an order continuing a motion for class certification, reasoning that good cause exists because motion to dismiss under Rule 12(b)(6) and 9(b) raises issues that should be resolved before the court adjudicated plaintiff's motion for class certification); *see also Benton v. Kearney*, No. CV 08-8228 CAS (JTLx), 2009 WL 2711943, at *2 (C.D. Cal. Aug. 25, 2009) (granting *ex parte* application to continue hearing on application for default judgment until after motion to vacate clerk's entry of default was heard, reasoning that "cases should be decided on the merits as opposed to by default").

Good cause exists to continue the hearing on DTSC's application for entry of default judgment. Hearing Travelers' Motion to Intervene and to Vacate Default first affords Travelers the opportunity to move to vacate the default against C&A Products, LLC. This potentially moots DTSC's application for entry of default judgment. With the application for entry of default judgment, DTSC has shown that it intends to pursue C&A Products, LLC and Travelers as its putative insurer, despite Travelers advising DTSC that coverage is not available. As such, Travelers should have the opportunity to litigate DTSC's claims on the merits, and continuing DTSC's application for entry of default judgment against C&A Products, LLC accomplishes this goal. *See Benton*, 2009 WL 2711943, at *2 ("As a general rule, cases should be decided on the merits as opposed to by default, and therefore 'any doubts as to the propriety of a default are usually resolved against the party seeking a default judgment.'"); *Joe Hand Promotions, Inc. v. Williams*, No. 2:14–cv–02663–JAM–AC, 2015 WL 5923611 at * 2 (E.D. Cal. Oct. 9, 2015) (granting motion to vacate the entry of default and default judgment, reasoning that "judgment by

1 default is a drastic step appropriate only in extreme circumstances; <u>a case should, whenever possible, be decided on the merits</u>.") (emphasis added).

### 1. **<u>Travelers Will Be Prejudiced Unless DTSC's Hearing On Its Application For Entry of Default Judgment Is Continued</u>**

Travelers will be prejudiced unless the hearing on DTSC's motion for default judgment is continued. By its proposed Motion to Intervene and to Vacate Default, Travelers seeks leave of this Court to intervene in the *DTSC* Action to protect its interests as C&A Products, LLC's putative insurer and to vacate the entry of default against C&A Products, LLC. Absent intervention, Travelers would not have an opportunity to make arguments in favor of the cancelled defendant C&A Products, LLC. *See* Fed. R. Civ. P. 27(a)(3) (allowing only a party to file a response to a pending motion).

As the putative insurer of C&A Products, LLC, Travelers has "significantly protectable interest" in this action, which would be impaired if it not able to challenge entry of judgment against its putative insured on the merits. C&A Products, LLC, a cancelled Delaware corporation, has no assets and no means to defend itself. In its petition to the Delaware Court of Chancery for appointment of a receiver for the C&A Products, LLC under 6 Delaware Code § 18-805, DTSC represented that it "will not seek enforcement of the judgment directly against C&A Products, LLC, but only as a means to pursue a direct action against the company's historic insurers [including Travelers]." Potente Decl., ¶6, Exh. D.

As explained in Travelers' Motion to Intervene and to Vacate Default, filed herewith, under such circumstances both California and federal courts allow insurers to intervene. *See B.G.N. Fremont Square LTD. v. Chung*, CV 10-9749 GAF (RZx), 2011 WL 13129968, at \*4 (C.D. Cal. Sep. 27, 2011) (holding, "[i]n short, California law provides that an insurer has a protectable interest in litigation brought against its suspended insured, that its failure to intervene could subject it to liability for default judgment subject to any coverage defenses that it may have, and that it can intervene without waiving those coverage defenses by giving notice of its reservation of rights"); *Kaufman & Broad Communities, Inc. v. Performance Plastering, Inc.*, 136 Cal. App. 4th 212, 216 (2006) (holding that an insurer must intervene or challenge the default

1  judgment after it is entered to protect its interest or risk waiver of such a challenge).  For these
2  reasons, Travelers will be prejudiced if its Motion to Intervene and to Vacate Default is not heard
3  before DTSC's application for default judgment.

4        **2.**      **Travelers' *Ex Parte* Relief Promotes Judicial Efficiency And Avoids Further**
5             **Prejudice To Travelers**

6        Continuing the hearing on DTSC's application for entry of default judgment pending the
7  hearing on Travelers' Motion to Intervene and to Vacate Default also supports judicial efficiency.
8  If the Court grants DTSC's requested relief to enter default judgment against C&A Products, LLC
9  in the amount of $3,219,449.85 (ECF No. 185, p. 6 of 21), Travelers would have to move to
10 vacate that default judgment instead of merely setting aside the default that has been entered
11 against C&A Products, LLC, resulting in judicial inefficiency in the Court proceeding and further
12 prejudicing Travelers by having to meet a more rigorous standard in setting aside a default
13 judgment rather than a default.  Instead, by simply continuing the DTSC's hearing date on its
14 motion for default judgment and allowing Travelers' proposed Motion to Intervene and to Vacate
15 Default to be heard first, the Court can avoid such judicial inefficiency.  *See U.S. v. City of Los*
16 *Angeles*, 288 F.3d 391, 398 (9th Cir. 2002) ("By allowing parties with a practical interest in the
17 outcome of a particular case to intervene, we often prevent or simplify future litigation involving
18 related issues . . . .")

19       **3.**      **Travelers Is Without Fault In Creating The Need For *Ex Parte* Relief**
20       Travelers did not create the need for *ex parte* relief, and it is without fault.  Despite initially
21 claiming that Travelers would be ultimately responsible for any judgment against C&A Products,
22 LLC, Travelers promptly engaged in discussions with DTSC and continued to meet and confer
23 with it until January 2019 to explain why the Confidential Settlement Agreement between C&A
24 Products, LLC and Travelers precluded coverage for any claim by DTSC against Travelers as a
25 potential judgment creditor of C&A Products, LLC.  Potente Decl., ¶¶3, 4; Exhs. B, C.  Thereafter,
26 Travelers heard nothing further from DTSC, leading Travelers reasonably to believe that DTSC
27 would take no further action against C&A Products, LLC and ultimately Travelers as its putative
28 insurer.  Potente Decl., ¶4; Exh. C.  However, three weeks ago on August 21, 2019, DTSC filed a

4703262      7
TRAVELERS' *EX PARTE* APPLICATION RE MOTON FOR INTERVENTION

motion for default judgment against C&A Products, LLC without notice to, or consultation with, Travelers. Potente Decl., ¶5. Travelers only learned of DTSC's application for entry of default judgment because it was monitoring the docket. *Id.* After it learned of DTSC's motion, Travelers contacted DTSC regarding the need to continue DTSC's hearing to allow Travelers to intervene and be heard. Potente Decl., ¶7; Exh. E. By its letter dated September 12, 2019, DTSC refused to agree to any form of stipulation, demanding that its request for entry of default judgment be entered on the schedule that was set without notice to, or consultation with, Travelers. Potente Decl., ¶7; Exh. E. DTSC further stated that it would be prejudiced by a continuance because the Receiver's appointment for C&A Products, LLC is set to expire in October 2019. *Id.* During telephone conversation with the receiver on September 17, 2019, however, the Receiver confirmed, pursuant to the Delaware Court of Chancery's December 14, 2014 order granting DTSC's petition for the appointment of a receiver, that his appointment does not expire until the conclusion of the *DTSC* Action and any appeals thereof. Potente Decl., ¶7. The *DTSC* Action and appeals thereof, if any, have not concluded.

Given the lack of notice of DTSC's filing of a motion for default judgment against C&A Products, LLC and its counsel's unreasonable refusal to stipulate to continuance of the hearing date, Travelers is without fault in creating the need for the *ex parte* relief it seeks.

**B.    In The Alternative, Travelers Requests That Its Proposed Motion To Intervene And To Vacate Default Be Heard Before DTSC's Scheduled Motion For Default Judgment**

Alternatively, Travelers respectfully requests that this Court shorten the time for hearing, such that Travelers' proposed Motion to Intervene and to Vacate Default be heard before DTSC's scheduled motion for default judgment. Federal Rule of Civil Procedure 6(d) and Local Rule 230(b) require that a motion be noticed at least 28 calendar days before the hearing date. This Court, however, may grant an *ex parte* application to shorten time upon showing of Travelers' satisfactory explanation of the need for the issuance of such an order. Local Rule 144(e); *Wilson v. Conair Corporation*, NO. 1:14-00894 WBS SAB, 2016 WL 304311, at *1 (E.D. Cal. Jan. 25, 2016) (granting an *ex parte* application to shorten time on a motion to leave to file a first amended complaint).

1   As stated herein, good cause exists to shorten the time for hearing on Travelers' proposed
2  Motion to Intervene and to Vacate Default because granting Travelers' *ex parte* application is
3  necessary to prevent Travelers from being prejudiced and to avoid any judicial inefficiency in the
4  Court proceeding.  Furthermore, despite Travelers' good faith attempt, DTSC has refused to
5  stipulate to continuing the hearing date.  Travelers, which did not receive notice of the hearing on
6  DTSC's motion for default judgment and learned of it only by its own due diligence in monitoring
7  the Court's docket, is without fault in creating the need for *ex parte* relief it seeks.
8   Shortly before filing this application, counsel for Travelers was informed by the Court that
9  the Judge Shubb's next available hearing date on Travelers' proposed Motion to Intervene and to
10  Vacate Default, in conformance with noticing requirement under Local Rules 135 and 230(b),
11  would be October 21, 2019.  Travelers respectfully requests that Travelers' proposed Motion to
12  Intervene and to Vacate Default be heard before DTSC's motion for default judgment, currently
13  scheduled for September 25, 2019.

## IV.  CONCLUSION

15   For the foregoing reasons, Travelers respectfully requests this Court grant Travelers' *ex*
16  *parte* application for an order to continue the currently set September 25, 2019 hearing date on
17  DTSC's motion for default judgment or, alternatively, for an order shortening the time for hearing
18  on Travelers' proposed Motion to Intervene and to Vacate Default, filed concurrently herewith,
19  and that Travelers' proposed Motion to Intervene be heard before DTSC's scheduled motion for
20  default judgment.

21  Dated:  September 18, 2019         CLYDE & CO US LLP

                                      By

                                      _____
                                      Alexander E. Potente
                                      Hyunki (John) Jung
                                      Attorneys for Proposed Intervenors THE
                                      TRAVELERS INDEMNITY COMPANY

# PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of San Francisco, State of California. My business address is 101 Second Street, 24th Floor, San Francisco, CA 94105.

On September 18, 2019, I served true copies of the following document(s) described as **PROPOSED INTERVENOR THE TRAVELER INDEMNITY COMPANY'S *EX PARTE* APPLICATION FOR AN ORDER TO CONTINUE HEARING ON PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT, OR, ALTERNATIVELY, FOR AN ORDER SHORTENING TIME FOR HEARING ON TRAVELERS' PROPOSED MOTION TO INTERVENE AND TO VACATE DEFAULT** on the interested parties in this action as follows:

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on September 18, 2019, at San Francisco, California.

*/s/ Trish Marwedel*
Trish Marwedel

4703262

TRAVELERS' *EX PARTE* APPLICATION RE MOTON FOR INTERVENTION