# EXHIBIT A

## IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE

|  |  |
|---|---|
| IN RE:<br>COLLINS & AIKMAN PRODUCTS, LLC,<br>a cancelled Delaware limited liability company | )<br>)<br>)<br>)<br>)    C.A. No. 10348-CB |

## MOTION TO TERMINATE RECEIVERSHIP

Brian M. Rostocki, as Receiver for Collins & Aikman Products, LLC, ("Receiver"), hereby moves this Court to terminate the receivership. The grounds for Receiver's motion are as follows:

1.      Receiver was appointed as the receiver for Collins & Aikman Products, LLC on December 8, 2014 "for the limited purpose of allowing Collins & Aikman Products, LLC to be sued in the action entitled *California Department of Toxic Substances Control, et al. v. Jim Dobbas, Inc., et al.*, No. 2:14-cv-00595-WBS-EFB (E.D. Cal., filed Mar. 3, 2014) ('*DTSC v. Dobbas*'), and with the power, but not the obligation, to defend, in the name of Collins & Aikman Products, LLC, any claims made against it in *DTSC v. Dobbas*." *See* D.I. 8 at ¶ 1. Receiver was to "act as registered agent in the State of Delaware for service of process on Collins & Aikman Products, LLC, including, without limitation, for service of process in *DTSC v. Dobbas*." *Id.* at ¶ 2.

2.      There have been no significant developments in this matter since my report of February 9, 2016. *See* D.I. 10.

3.     As stated in my most recent reports of December 12, 2017 (D.I. 13) and January 30, 2019 (D.I. 14), I have maintained periodic contact with counsel for Petitioner to determine Petitioner's position on whether the receivership should remain in effect and Petitioner's reasoning therefor.

4.     As of our most recent e-mail exchange on February 22, 2019, Petitioner's counsel explained they were "doing additional research," and requested until March 1, 2019 to let Receiver know their position on whether the receivership should remain open and for how long.

5.     Petitioner has not requested the receivership remain open.  As such, and given the inactivity in this case, Receiver respectfully requests this Court enter an order terminating the receivership.

Dated:  April 9, 2019                    Respectfully submitted,

                                         REED SMITH LLP

                                         */s/ Benjamin P. Chapple*
                                         Benjamin P. Chapple (No. 5871)
                                         1201 N. Market Street, Suite 1500
                                         Wilmington, DE 19801
                                         (302) 778-7500

                                         *Counsel for Respondent*
                                         *Collins & Aikman Products, LLC*

## IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE

IN RE:                                          )
COLLINS & AIKMAN PRODUCTS, LLC,                 )      C.A. No. 10348-VCG
a cancelled Delaware limited liability company  )
                                                )

### CERTIFICATE OF SERVICE

I, Benjamin P. Chapple, hereby certify on this 9th day of April 2019, that I

caused true and correct copies of (i) the **_Motion to Terminate Receivership_**, and

(ii) the **_Affidavit and Report of Brian M. Rostocki_** to be served on the following

counsel of record via File & Serve*Xpress*:

Michael A. Wiedinger
Pinckney Weidinger Urban & Joyce LLC
1220 North Market Street, Suite 950
Wilmington, DE 19801

Dated:  April 9, 2019                        REED SMITH LLP

                                             _/s/ Benjamin P. Chapple_
                                             Benjamin P. Chapple (No. 5871)
                                             1201 N. Market Street, Suite 1500
                                             Wilmington, DE 19801
                                             (302) 778-7500

                                             *Attorney for Respondent*
                                             *Collins & Aikman Products, LLC*

## IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE

|  |  |
|---|---|
| IN RE:<br>COLLINS & AIKMAN PRODUCTS, LLC,<br>a cancelled Delaware limited liability company | )<br>)<br>)<br>)<br>)<br>)    C.A. No. 10348-CB |

### AFFIDAVIT AND REPORT OF BRIAN M. ROSTOCKI

Brian M. Rostocki, Esq., being duly sworn, deposes and says:

1.  I am an attorney at Reed Smith LLP.  On December 8, 2014, I was appointed as the Receiver for Collins & Aikman Products, LLC ("Collins & Aikman") in the above-captioned action.  I am duly authorized to make this affidavit and report.

2.  I was appointed as the receiver for Collins & Aikman "for the limited purpose of allowing Collins & Aikman Products, LLC to be sued in the action entitled *California Department of Toxic Substances Control, et al. v. Jim Dobbas, Inc., et al.*, No. 2:14-cv-00595-WBS-EFB (E.D. Cal., filed Mar. 3, 2014) ('*DTSC v. Dobbas*'), and with the power, but not the obligation, to defend, in the name of Collins & Aikman Products, LLC, any claims made against it in *DTSC v. Dobbas*." *See* D.I. 8 at ¶ 1 (the "Receivership Order").  Pursuant to the Receivership Order, I was to "act as registered agent in the State of Delaware for service of process on Collins & Aikman Products, LLC, including, without limitation, for service of process in *DTSC v. Dobbas*." *Id.* at ¶ 2.

3.    On December 12, 2014, I sent an e-mail to Corporation Service Company ("CSC") enclosing the Receivership Order and requesting that all service upon Collins & Aikman through CSC be forwarded to me.

4.    On December 15, 2014, CSC responded to my December 12 e-mail, advising that I had been made the legal contact for Collins & Aikman and that I would have electronic access to any service of process documents.

5.    In a follow up e-mail dated December 15, 2014, I wrote to clarify that I should be added as an additional recipient and the previous contact should remain. CSC responded the same day confirming this arrangement.

6.    On December 16, 2014, I received an e-mail from Carol Chow of State of California Department of Justice attaching an unexecuted letter from Thomas G. Heller, Deputy Attorney General, on behalf of Kamala D. Harris, Attorney General, stating that enclosed therewith were a First Amended Complaint and related documents in the matter of *California Department of Toxic Substances Control, et al v. Jim Dobbas, Inc., et al.*, E.D. Cal., Case No. 2:14-cv-00595-WBS-EFB (the "California Action"). However, no such documents were enclosed with the unsigned letter. Through an e-mail exchange with Carol Chow, I was informed that the letter was a draft and that we have received it in error.

7.     On December 15, 2014, I received an e-mail from Thomas G. Heller attaching an order granting Plaintiffs' motion to amend the complaint to add Collins & Aikman as a defendant in the California Action (D.I. 75).

8.     On December 16, 2014, I received a letter from Thomas G. Heller, Deputy Attorney General, on behalf of Kamala D. Harris, Attorney General, enclosing: (i) Summons in a Civil Case; (ii) First Amended Complaint for Recovery of Response Costs, Declaratory Relief, Injunctive Relief, Treble Damages and Civil Penalties; (iii) Order regarding Status (Pretrial Scheduling) Conference; (iv) Notice of Availability of a Magistrate Judge to Exercise Jurisdiction and Appeal Instructions; (v) Notice of Availability Voluntary dispute Resolution; (vi) Status (Pretrial Scheduling) Order; and (vii) Order granting leave to file the First Amended Complaint.

9.     On December 18, 2014, I received a Notice of Service of Process from CSC enclosing another copy of the order granting Plaintiffs' motion to amend the complaint to add Collins & Aikman as a defendant in the California Action (D.I. 75).

10.     On December 19, 2014, I received a Notice of Service of Process from CSC enclosing a letter dated December 2, 2014 from Robert C. Mathers, Corporations Administrator with the State of Delaware Division of Corporations to Collins & Aikman purporting to enclose copies of a Summons and Complaint in

the California Action, but actually enclosing a copy of an order granting a motion to expedite in this action.

11.    On December 29, 2014, I received an Affidavit of Service of the Amended Complaint and supporting documents filed in the California Action.

12.    On December 30, 2014, I received a Notice of Service of Process from CSC regarding the Amended Complaint and Summons in the California Action.

13.    On February 20, 2015, I received an e-mail accepting receipt of: (i) Plaintiffs' Memorandum of Points and Authorities in Opposition to Defendant West Coast Wood Preserving, LLC's Motion for Summary Judgment; (ii) Declaration of Peter MacNicholl in Support of Plaintiffs' Opposition to Motion for Summary Judgment by Defendant West Coast Wood Preserving, LLC; (iii) Declaration of Laura J. Zuckerman in Support of Plaintiffs' Opposition to Motion for Summary Judgment by Defendant West Coast Wood Preserving, LLC; (iv) Plaintiffs' Request for Judicial Notice in Support of Opposition to Motion for Summary Judgment by Defendant West Coast Wood Preserving, LLC; and (v) Response of Plaintiffs to Request for Judicial Notice in Support of Opposition to Motion for Summary Judgment by Defendant West Coast Wood Preserving, LLC.

14.    On February 26, 2015, Thomas Heller informed me by e-mail that he was leaving the Office of the California Attorney General, and provided the contact information for his replacement, Olivia Karlin.

15.    On March 26, 2015, I received a FedEx package from Ryan Mallard of the Office of the Attorney General containing a copy of Plaintiffs' Request to Enter Default of Defendant Collins & Aikman Products in the California Action.

16.    On June 9, 2015, I received Certified Mail from King Williams & Gleason LLP containing a Summons, Jim Dobbas, Inc.'s First Amended Cross-Claim, and Proof of Service thereof.

17.    On October 7, 2015, I received a letter from Olivia Karlin, requesting my assistance in obtaining evidence of insurance coverage issued to Collins & Aikman or its predecessor, Wickes Companies.

18.    At Ms. Karlin's request, I sent a letter to Douglas Talley of Risk International on October 15, 2015, requesting copies of any and all insurance policies for Collins & Aikman, The Wicks Corporation, or Wickes Companies and any available information regarding the exhaustion of any such policies. I informed the Court of this in my status report dated February 9, 2016. *See* D.I. 10.

19.    Over the next couple of months, I coordinated with Mr. Talley and/or counsel for Petitioner regarding these insurance issues.

20.     After several months of no activity, I sent an e-mail to Olivia Karlin on August 14, 2017, requesting a status update.  I did not receive a response to my August 14 inquiry, so I followed up via e-mail on September 25, 2017.  Ms. Karlin responded by phone on October 9, 2017, informing my assistant that the California Action was still open and she would check to see whether the receivership needed to remain in effect.

21.     On December 5, 2017, having not heard back from Ms. Karlin regarding whether the receivership should remain in effect, I sent another e-mail to Ms. Karlin requesting an update.

22.     In an e-mail exchange with Laura Zuckerman on December 6, 2017, Ms. Zuckerman requested that the receivership remain open as counsel for Petitioner were still attempting to determine whether there was insurance coverage for Collins & Aikman, which had taken longer than anticipated.  I informed the Court of this explanation in my status report dated December 12, 2017.  *See* D.I. 13.

23.     In or around October 2017, I conducted research regarding disclosure of a certain settlement agreement between an insurance carrier and a successor to Collins & Aikman.

24.     I again reached out to counsel for Petitioner on January 16, 2019 to determine whether the receivership could be terminated.  Counsel for Petitioner

again requested that the receivership remain open, explaining that they were "doing additional research," and requesting until March 1 to determine whether the receivership should remain open and for how long. I informed the Court of this in my status report dated January 30, 2019. *See* D.I. 14.

25.   As stated in my most recent status report, dated February 27, 2019, it was agreed that counsel for Petitioner was to provide a sufficient basis for the receivership to remain open by March 1, 2019; otherwise, I would move to terminate the receivership.   Counsel for Petitioner has not requested that the receivership remain open.   I have filed a motion to terminate the receivership simultaneously herewith.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: April 9, 2019

*Brian M. Rostocki*

Brian M. Rostocki (No. 4599)
REED SMITH LLP
1201 Market Street, Suite 1500
Wilmington, DE  19801
(302) 778-7500

*Court Appointed Receiver for*
*Collins & Aikman Products, LLC*

STATE OF DELAWARE       )
                        ) SS:
COUNTY OF NEW CASTLE  )

SUBSCRIBED AND AFFIRMED to before me this 9th day of April 2019, by Brian M. Rostocki, who is personally known to me.

_Danielle Nicole Witt_

Danielle Nicole Witt
Notary Public, State of Delaware
My Commission Expires  5/16/20

- 8 -

## IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE

IN RE:                  )
COLLINS & AIKMAN PRODUCTS, LLC,  )     C.A. No. 10348-CB
a cancelled Delaware limited liability   )
company                   )

## PROPOSED ORDER

Upon consideration of the Motion to Terminate the Receivership (the "Motion"), and any response thereto:

IT IS HEREBY ORDERED this ___ day of _____ 2019 that the Motion is GRANTED, and:

1.      The receivership in this action is hereby terminated; and

2.      The Court retains jurisdiction to address any issue in connection with the Receiver's fees and costs.


                                 _____
                                 Chancellor Bouchard