**CLYDE & CO US LLP**
Alexander E. Potente, State Bar No. 208240
Email: alex.potente@clydeco.us
Hyunki ("John") Jung, State Bar No. 318887
Email: john.jung@clydeco.us
101 Second Street, 24th Floor
San Francisco, CA 94105
Telephone: 415.365.9800
Facsimile: 415.365.9801

Attorney for Proposed Intervenor
THE TRAVELERS INDEMNITY COMPANY

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| CALIFORNIA DEPARTMENT OF TOXIC SUBSTANCES CONTROL, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>JIM DOBBAS, INC., a California corporation, et al.<br><br>Defendants, | Case No. 2:14-CV-00595-WBS-EFB<br><br>**REPLY MEMORANDUM IN SUPPORT OF PROPOSED INTERVENOR THE TRAVELER INDEMNITY COMPANY'S *EX PARTE* APPLICATION FOR AN ORDER TO CONTINUE HEARING ON PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT, OR, ALTERNATIVELY, FOR AN ORDER SHORTENING TIME FOR HEARING ON TRAVELERS' PROPOSED MOTION TO INTERVENE AND TO VACATE DEFAULT**<br><br>Chief Magistrate Judge Edmund F. Brennan<br><br>Complaint Filed:    March 3, 2014 |

4713591

1

TRAVELERS' REPLY IN SUPPORT OF ITS *EX PARTE* APPLICATION RE MOTON FOR INTERVENTION

## I.  INTRODUCTION

The Travelers Indemnity Company ("Travelers") has shown good cause to continue plaintiffs Department of Toxic Substances Control and the Toxic Substances Control Account's (collectively, "DTSC") application for entry of default judgment against Collins & Aikman Products, LLC ("C&A Products, LLC"). Federal law strongly favors adjudication on the merits of an action – not by default. Travelers' Motion to Intervene and to Vacate Default (the "Motion") should be heard on the merits before DTSC's hearing on the application to enter default judgment against C&A Products, LLC. If Travelers' *ex parte* application is not granted, Travelers would be prejudiced, as it would not have the opportunity to raise arguments on the merits as to why default should be vacated and why default judgment should not be entered against C&A Products, LLC. DTSC has asserted no cognizable prejudice to Travelers' *ex parte* request. DSTC's representation that the Receiver may re-file a motion to terminate the receivership on October 15, 2019, is both misleading and irrelevant, as such a motion could not be granted because the matter is active and has not terminated.

## II.  ARGUMENT

### A.  Travelers Has Shown Good Cause To Continue DTSC's Motion Hearing

DTSC waited almost four years after entry of default to seek default judgment against C&A Products, LLC. In sharp contrast, Travelers promptly filed its Motion within days after DTSC brought its application for entry of default judgment. (ECF No. 196). Travelers did not file this Motion sooner because it reasonably believed that DTSC would not attempt to enter default against C&A Products, LLC after Travelers explained that C&A Products had issued a release that governed DTSC's claims. (*See* ECF No. 197, pp. 2-3 of 5 at ¶¶3, 4).

DTSC continues to claim that Travelers is liable for any judgment against C&A Products, LLC, which has no assets and no means to defend itself. In its Opposition, DTSC cryptically suggests that perhaps it does not intend to enforce its judgment against Travelers after all. (ECF No. 199, p 5 of 6) ("DTSC has *not* 'stated in legal filings that it will seek to enforce its judgment against Travelers [and] tenders have been sent to multiple insurance companies, not just to Travelers.'"). If DTSC does not intend to pursue Travelers and will hold Travelers harmless from

1  any contribution action by other insurers, it should simply say so and this entire dispute will
2  vanish.  DTSC's conduct, however, belies its newly minted suggestion that it does not intend to
3  pursue Travelers.  Less than two weeks ago, on September 10, 2019, DTSC's insurance consultant
4  sent a letter to Travelers demanding that Travelers "indemnify and defend" C&A Products, LLC.
5  There is nothing cryptic about that demand.

6       As explained in Travelers' Motion, under such circumstances, substantive California law
7  allows Travelers to intervene on behalf of a cancelled corporation – a corporation that has no
8  employees, no assets other than putative insurance, and no means to mount a defense.  *See B.G.N.*
9  *Fremont Square LTD. v. Chung*, CV 10-9749 GAF (RZx), 2011 WL 13129968, at *4 (C.D. Cal.
10 Sep. 27, 2011) (holding, "[i]n short, California law provides that an insurer has a protectable
11 interest in litigation brought against its suspended insured, that its failure to intervene could
12 subject it to liability for default judgment subject to any coverage defenses that it may have, and
13 that it can intervene without waiving those coverage defenses by giving notice of its reservation of
14 rights"); *Kaufman & Broad Communities, Inc. v. Performance Plastering, Inc.*, 136 Cal. App. 4th
15 212, 216 (2006) (holding that an insurer must intervene or challenge the default judgment after it
16 is entered to protect its interest or risk waiver of such a challenge).  If the Court does not grant
17 Travelers' *ex parte* application, Travelers will be forced to move to vacate a default judgment, as
18 opposed to merely vacate a default – an inefficient remedy that imposes more rigorous standard on
19 Travelers for no valid reason.

20 **B.**     **DTSC Has Asserted No Cognizable Prejudice To Travelers' *Ex Parte* Request**

21      DTSC argues that it would be prejudiced if Travelers' request for continuance is granted
22 because there is a "possibility" that the receivership could terminate in October 2019.  (ECF No.
23 199, pp. 2-3).  As the order appointing the Receiver unambiguously shows, the Receiver is
24 appointed through the conclusion of the *DTSC Action*, unless he makes a motion to terminate the
25 receivership that is approved by the Delaware Chancery Court.  (*See* ECF No. 197, p. 3-4 of 5 at
26 ¶7).  The Receiver has no pending motion to terminate the receivership, (ECF No. 197 at ¶7)
27 (Potente Decl.), nor would the Delaware court grant such a request, as the receivership is
28 obviously needed now that the matter is active and the receiver's purpose – to receive service on

behalf of C&A Products, LLC, has not been fulfilled.  DTSC faces no prejudice by allowing Travelers' Motion to be heard before DTSC's application for default judgment.

### C. Travelers Has Articulated A Meritorious Defense To Assert Against DTSC In Favor Of C&A Products, LLC

To obtain *ex parte* relief, Travelers need not show that it will win its motion to vacate default, and DTSC's arguments regarding Travelers' lack of grounds to set aside C&A Products, LLC's default should be properly addressed by the District Court on its opposition to Travelers' Motion, rather than on DTSC's opposition to Travelers' *ex parte* application.  Regardless, applicable law supports vacating the default against C&A Products on the merits.

DTSC argues that Travelers has no defense to its claims.  Travelers need not show that it will likely win at trial against DTSC to vacate the default:  it need merely show that it has a "meritorious defense," which applies to both issues of liability and to damages.  Travelers has substantively challenged both the liability and exposure of C&A Products, LLC: that DTSC's claimed response costs were not necessary and consistent with the national contingency plan and that the amount of recovery DTSC seeks is not supported under CERCLA.  (ECF No. 196, pp. 21-24 of 27).  Federal law, which strongly favors resolution of litigation on the merits, holds that upon a movant's showing of such a "meritorious defense," vacation of a default is warranted.  *See U.S. v. Signed Personal Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1094 (9th Cir. 2010) ("[a]ll that is necessary to satisfy the 'meritorious defense' requirement is to allege sufficient facts that, if true, would constitute a defense . . . [at] the later litigation."); *Coon v. Grenier*, 867 F.2d 73, 77 (1st Cir. 1989) (holding "[t]he 'meritorious defense' component of the test for setting aside a default does not go so far as to require that the movant demonstrate a likelihood of success on the merits. Rather, a party's averments need only plausibly suggest the existence of facts which, if proven at trial, would constitute a cognizable defense," and reversing the district court's denial of a motion to set aside default).  DTSC's argument regarding Travelers' lack of meritorious defense fails.

**D.      Travelers Has Protectable Interest**

Finally, DTSC argues that Travelers has disclaimed coverage, and therefore Travelers has no interest in a judgment against its putative insured C&A Products, LLC.  DTSC, of course, does not admit that it agrees that Travelers has no exposure from a judgment, deny that it will attempt to enforce that judgment against Travelers, or offer to indemnify Travelers from contribution claims of other insurers.  Under black-letter California substantive law, Travelers has a protectable interest here, and it is reversible error to deny Travelers' request to intervene.  *See Reliance Ins. Co. v. Superior Court*, 84 Cal. App. 4th 383, 386-87 (2000) (reversing trial court's refusal to allow insurer to intervene to vacate default of insured reasoning, "where the insurer may be subject to a direct action under Insurance Code section 11580 by a judgment creditor who has or will obtain a default judgment in a third party action against the insured, intervention is appropriate" and noting the "insurer may either intervene in that action prior to judgment or move under Code of Civil Procedure section 473 to set aside the default judgment").

### III.      CONCLUSION

Default was entered against C&A Products, LLC on March 26, 2015.  DTSC waited more than four years from this entry of default in seeking default judgment against C&A Products, LLC.  After discussions in 2018 and January 2019 with DTSC, Travelers reasonably believed that DTSC would not seek entry of default judgment, and Travelers promptly intervened when DTSC applied for C&A Products, LLC's default.  DTSC faces no prejudice from having Travelers' Motion heard before its application for entry of default judgment, just as DTSC faces no prejudice from Travelers' intervention or from vacating the default.  There is no risk that the C&A Products, LLC receivership will terminate in October 2019, Travelers can assert a "meritorious defense" to warrant vacation of the default against its putative insured C&A Products, LLC, and Travelers' protectable interest will be endangered absent intervention.  For these reasons, Travelers respectfully requests that the Court grant Travelers' *ex parte* application and hear Travelers' Motion to Intervene and to Vacate Default before DTSC's Application for Entry of Default Judgment.

Dated:  September 20, 2019                    CLYDE & CO US LLP

1
2              By  _____
3                  Alexander E. Potente
                   Hyunki (John) Jung
4                  Attorneys for Proposed Intervenors THE
                   TRAVELERS INDEMNITY COMPANY
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of San Francisco, State of California. My business address is 101 Second Street, 24th Floor, San Francisco, CA 94105.

On September 20, 2019, I served true copies of the following document(s) described as **TRAVELERS REPLY IN SUPPORT OF ITS EX PARTE APPLICATION RE MOTION FOR INTERVENTION** on the interested parties in this action as follows:

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on September 20, 2019, at San Francisco, California.


*/s/ Trish Marwedel*
Trish Marwedel

4713591

TRAVELERS' REPLY IN SUPPORT OF ITS *EX PARTE* APPLICATION RE MOTON FOR INTERVENTION