**CLYDE & CO US LLP**
Alexander E. Potente, State Bar No. 208240
Email: alex.potente@clydeco.us
Hyunki ("John") Jung, State Bar No. 318887
Email: john.jung@clydeco.us
101 Second Street, 24th Floor
San Francisco, CA 94105
Telephone: 415.365.9800
Facsimile: 415.365.9801

Attorney for Proposed Intervenor
THE TRAVELERS INDEMNITY COMPANY

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| CALIFORNIA DEPARTMENT OF TOXIC SUBSTANCES CONTROL, et al., <br><br> Plaintiffs, <br><br> v. <br><br> JIM DOBBAS, INC., a California corporation, et al. <br><br> Defendants, | Case No. 2:14-CV-00595-WBS-EFB <br><br> **PROPOSED INTERVENOR THE TRAVELER INDEMNITY COMPANY'S OPPOSITION TO PLAINTIFFS' INITIAL *EX PARTE* REQUEST FOR CONTINUANCE OF HEARING ON THE TRAVELERS INDEMNITY COMPANY'S MOTION TO INTERVENE AND VACATE DEFAULT; DECLARATION OF ALEXANDER E. POTENTE** <br><br> Hon. William B. Shubb <br><br> Complaint Filed: March 3, 2014 |

4752488

1

TRAVELERS' OPPOSITION TO PLAINTIFFS' *EX PARTE* REQUEST

## I.     INTRODUCTION

Travelers opposes the *ex parte* request of the California Department of Toxic Substances Control and Toxic Substances Control Account (collectively "DTSC") to continue the hearing on Travelers' Motion to Intervene and to Vacate Default ("Motion") against Travelers' insured, Collins & Aikman Products, LLC ("C&A Products"). Travelers has a present interest in this action that merits immediate intervention, and no legitimate reason exists to further delay hearing Travelers' Motion as originally noticed. Ironically, DTSC has previously argued that Travelers' "delay" in vacating the default entered against Travelers' insured C&A Products, constitutes grounds to deny Travelers' Motion, yet seems to have no concern in further delay when it suits its own needs. Likewise, DTSC's claims that a continuance would "promote efficiency and judicial economy" are not persuasive as Continental Insurance Company's ("Continental") motion to intervene and to vacate default – which is merely a copy of Travelers's Motion – will be mooted if Travelers' Motion is granted. For these reasons, Travelers respectfully requests that the Court deny DTSC's request to continue hearing on Travelers' Motion until December 2, 2019, and hear the Motion as originally noticed on October 21, 2019.

## II.     FACTUAL BACKGROUND AND ARGUMENT

Travelers insured The Wickes Corporation ("Wickes"), the putative predecessor of C&A Products, a cancelled Delaware corporation. California substantive insurance law expressly provides that when a corporate insured is not able to defend itself because it has no employees and no assets other than insurance, its insurer may intervene to protect its own interests – as those are the only interests of the insured that remain. *See B.G.N. Fremont Square LTD. v. Chung*, CV 10-9749 GAF (RZx), 2011 WL 13129968, at *4 (C.D. Cal. Sep. 27, 2011) (holding, "[i]n short, California law provides that an insurer has a protectable interest in litigation brought against its suspended insured, that its failure to intervene could subject it to liability for default judgment subject to any coverage defenses that it may have, and that it can intervene without waiving those coverage defenses by giving notice of its reservation of rights"); *Kaufman & Broad Communities, Inc. v. Performance Plastering, Inc.*, 136 Cal. App. 4th 212, 216 (2006) (holding that an insurer

1  must intervene or challenge the default judgment for a defunct insured after it is entered to protect
2  its interest or risk waiver of such a challenge).

3  On September 18, 2019, after DTSC filed its application for entry of default judgment
4  against Travelers' insured, Travelers moved to intervene and to vacate the default against C&A
5  Products (ECF No. 196). In meet and confer sessions following DTSC's application for entry of
6  default judgment, DTSC refused Travelers' request to continue the hearing date for DTSC's
7  application in order to allow Travelers time to intervene. DTSC argued that any delay in the
8  hearing on its motion for default judgment would prejudice DTSC for two reasons: (1) the
9  Receiver for C&A Products, which DTSC was paying, had earlier indicated that he would move to
10 terminate his appointment if there was no activity in the case, and (2) Travelers had delayed in
11 seeking to vacate the default against C&A Products. Declaration of Alexander E. Potente, ¶2;
12 Exh. A (attaching September 12, 2019 letter from L. Zuckerman citing "unnecessary" delay by
13 Travelers in moving to vacate as grounds for not vacating the default).

14 Contradicting DTSC's earlier position that a continuance would harm it, DTSC now seeks
15 to delay any decision on its application for default judgment and on Travelers' request to vacate
16 default. DTSC argues that it has tendered claims for insurance coverage to other C&A Products'
17 insurers and those insurers should be given time to decide whether or not to also seek to intervene
18 in this action. One of them –Continental– filed a motion identical to Travelers' Motion. DTSC
19 argues that Travelers and Continental's motions should be heard together in December, along with
20 any other insurers that may intervene in the interim, and that Travelers will not be prejudiced by
21 the delay that DTSC proposes. Moreover, DTSC claims that such continuance would promote
22 "efficiency and judicial economy."

23 Travelers opposes delay in hearing its Motion. Under applicable law, no legitimate dispute
24 exists. Travelers is entitled to intervene to protect its interests in the face of a default entered
25 against a cancelled corporate insured that cannot defend itself. *See Reliance Ins. Co. v. Superior*
26 *Court*, 84 Cal. App. 4th 383, 386-87 (2000) (reversing trial court's refusal to allow insurer to
27 intervene to vacate default of insured reasoning, "where the insurer may be subject to a direct
28 action under Insurance Code section 11580 by a judgment creditor who has or will obtain a default

judgment in a third party action against the insured, intervention is appropriate" and noting the "insurer may either intervene in that action prior to judgment or move under Code of Civil Procedure section 473 to set aside the default judgment").

Default should be vacated against C&A Products as soon as practicable.  DTSC took this default with no notice to Travelers or any of C&A Products' other insurers, and now that it is known that DTSC seeks to move forward to enter default judgment and pursue the insurers for such default judgment, no reason exists to delay vacating the default against C&A Products. Further, the claimed "judicial economy" to which DTSC points is specious:  once Travelers is allowed to intervene and once default is vacated, Continental's motion to vacate will be mooted, and DTSC can consent to Continental's intervention.

### III.   CONCLUSION

For the foregoing reasons, Travelers respectfully requests that the Court deny DTSC's *ex parte* request for continuance of hearing on the Travelers' Motion to Intervene and Vacate Default.

Dated:  October 4, 2019

CLYDE & CO US LLP

By

*/s/ Alex Potente/*

Alexander E. Potente
Hyunki (John) Jung
Attorneys for Proposed Intervenor THE
TRAVELERS INDEMNITY COMPANY

1 **PROOF OF SERVICE**

2 **STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of San Francisco, State of California. My business address is 101 Second Street, 24th Floor, San Francisco, CA 94105.

On October 4, 2019, I served true copies of the following document(s) described as **PROPOSED INTERVENOR THE TRAVELER INDEMNITY COMPANY'S OPPOSITION TO PLAINTIFFS' INITIAL *EX PARTE* REQUEST FOR CONTINUANCE OF HEARING ON THE TRAVELERS INDEMNITY COMPANY'S MOTION TO INTERVENE AND VACATE DEFAULT** on the interested parties in this action as follows:

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on October 4, 2019, at San Francisco, California.

*/s/ Trish Marwedel*
Trish Marwedel

4752488