# EXHIBIT A

*XAVIER BECERRA*
*Attorney General*

State of California
**DEPARTMENT OF JUSTICE**

1515 CLAY STREET, 20TH FLOOR
P.O. BOX 70550
OAKLAND, CA  94612-0550

Public:  (510) 879-1300
Telephone:  (510) 879-1299
Facsimile:  (510) 622-2270
E-Mail:  Laura.Zuckerman@doj.ca.gov

September 12, 2019

**VIA E-MAIL ONLY**

Alexander E. Potente, Esq.
Clyde & Co. US LLP
101 Second Street
24th Floor
San Francisco, CA 94105
Alex.Potente@clydeco.us

RE: *California Department of Toxic Substances Control, et al. v. Jim Dobbas, Inc., et al.*
U.S. District Court, Eastern District of California, Case No. 2:14-cv-00595-WBS-EFB

Dear Mr. Potente:

In response to your recent inquiry, Plaintiffs the Department of Toxic Substances Control and the Toxic Substances Control Account (collectively, DTSC) are not willing either to stipulate to intervention by Travelers or to postpone the date of the September 25, 2019, hearing on the motion for default judgment so that Travelers may intervene, move to set aside C&A Products, LLC's default, and oppose DTSC's motion for default judgment.

Travelers has been aware of this lawsuit, and of the March 2015 clerk's entry of default, since at least June 7, 2018, yet waited until shortly before the upcoming hearing to take steps to seek intervention.  Travelers' motion to intervene under Rule 24 of the Federal Rules of Civil Procedure would be untimely.  This alone is reason enough for DTSC not to agree to postpone the hearing.

In addition, however, Travelers has no valid grounds for a motion to set aside the default under Rule 55(c) of the Federal Rules of Civil Procedure.  First, C&A Products, LLC, had no viable defense it could have asserted under CERCLA to contest liability, meaning that even if Travelers were to intervene to litigate the matter on the merits, the outcome would be the same.  Second, a delay at this point would prejudice DTSC, as the receivership is due to expire in October 2019.  Third, you have unnecessarily delayed any motion to set aside the default by 1 ¼ years.

Further, the authority you have provided is inapposite.  The reported cases concern intervention under California state law, which is different from federal intervention law, and the unreported federal cases you provide do not have fact patterns similar to DTSC's case.  None of the cases involves an insurer that disclaimed coverage, as Travelers did in your letter to us dated July 25,

Alexander E. Potente, Esq.
September 12, 2019
Page 2


2018, when you stated, "DTSC cannot assert a claim under the Travelers policies for this Site and has no right to reimbursement as a judgment creditor or otherwise for the sums it allegedly incurred . . . ."  July 25, 2018, Letter from Alexander E. Potente to Olivia W. Karlin, at 3.

If you decide to proceed with your motion to intervene or seek to obtain any other order from the Court, please provide us with an electronic courtesy copy of all filings the day you file them. Thank you for your attention to this matter.

    Sincerely,

    /S/  *Laura J. Zuckerman*

    LAURA J. ZUCKERMAN
    Deputy Attorney General

For    XAVIER BECERRA
    Attorney General

LA2012602448