**CLYDE & CO US LLP**
Alexander E. Potente, State Bar No. 208240
Email: alex.potente@clydeco.us
Hyunki ("John") Jung, State Bar No. 318887
Email: john.jung@clydeco.us
101 Second Street, 24th Floor
San Francisco, CA  94105
Telephone: 415.365.9800
Facsimile:  415.365.9801
San Francisco, California 94105

Attorneys for Proposed Intervenor
THE TRAVELERS INDEMNITY COMPANY

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| CALIFORNIA DEPARTMENT OF TOXIC SUBSTANCES CONTROL, et al.,<br><br>            Plaintiffs,<br><br>     v.<br><br>JIM DOBBAS, INC., a California corporation, et al.<br><br>            Defendants, | Case No. 2:14-CV-00595-WBS-EFB<br><br>**REPLY MEMORANDUM IN SUPPORT OF PROPOSED INTERVENOR THE TRAVELER INDEMNITY COMPANY'S MOTION TO INTERVENE AND TO VACATE DEFAULT**<br><br>[Pursuant to F.R.C.P. 24, 55(c)]<br><br>Date:        October 21, 2019<br>Time:       01:30 p.m.<br>Ctrm:       Courtroom 5, 14th Floor<br>                 501 I Street<br>                 Sacramento, CA 95814<br>Judge:      Hon. William B. Shubb<br><br>Complaint Filed:       March 3, 2014 |

4765685

TRAVELERS' REPLY IN SUPPORT OF ITS MOTION TO INTERVENE AND TO VACATE DEFAULT

# **TABLE OF CONTENTS**

**Page**

I. INTRODUCTION .................................................................................................................. 1

II. ARGUMENT ......................................................................................................................... 2

    A. Travelers Has Satisfied The Test For Intervention, And Refusing To Allow Travelers To Intervene Constitutes Reversible Error ............................................... 2

        1. Travelers' Intervention Request Is Timely And Does Not Prejudice DTSC .................................................................................................................. 3

        2. By Intervening, Travelers Seeks To Raise Substantive Defenses In Favor Of C&A Products, LLC, Conferring a Protectable Interest Under California Law ............................................................................................ 4

        3. Travelers' Interest Would Be Impaired If It Is Not Allowed To Intervene Because DSTC Has Stated It Will Seek To Enforce Any Default Judgment Against Travelers ............................................................... 5

        4. Travelers Also Meets The Test For Permissive Intervention ........................ 6

    B. Good Cause Exists To Set Aside Default Against C&A Products, LLC .................. 6

        1. Travelers Has Met The "Meritorious" Defense Standard, Both As To Liability And Damages ............................................................................. 6

        2. DTSC Has Shown No Cognizable Prejudice If The Default Is Vacated .................................................................................................... 8

III. CONCLUSION ..................................................................................................................... 9

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*B.G.N. Fremont Square LTD. v. Chung*,
  No. CV 10-9749 GAF (RZx), 2011 WL 13129968 (C.D. Cal. Sep. 27, 2011) ........................ 5

*Burlington Northern & Santa Fe Ry. v. U.S.*,
  556 U.S. 599 (2009) ............................................................................................................... 7

*Carson Harbor Village, Ltd. v. Unocal Corp.*,
  270 F.3d 864 (9th Cir. 2001) ................................................................................................. 7

*Choice Hotels Int'l, Inc. v. Kusum Vali, Inc.*,
  No. 11cv1277, 2012 WL 1570844 (S.D. Cal. May 3, 2012) ............................................. 7, 8

*Colton v. Am. Prom. Events*,
  2014 WL 12740640 (C.D. Cal. Aug. 15, 2014) ..................................................................... 7

*Falk v. Allen*,
  739 F.2d 461 (9th Cir. 1984) ................................................................................................. 6

*Gray v. Begley*,
  182 Cal. App. 4th 1509 (2010) .............................................................................................. 4

*Hyundai Motor America v. National Union Fire Insurance Co. of Pittsburgh, PA,*
  No. SACV 08-00020-JVS, 2010 WL 11468348 (C.D. Cal. Oct. 26, 2010) .......................... 4

*Joe Hand Promotions, Inc. v. Williams*,
  No. 2:14–cv–02663–JAM–AC, 2015 WL 5923611 (E.D. Cal. Oct. 9, 2015) ....................... 6

*Key Bank of Maine v. Tablecloth Textile Co. Corp.*,
  74 F.3d 349 (1st Cir. 1996) ................................................................................................... 7

*Mendoza v. Wight Vineyard Management*,
  783 F.2d 941 (9th Cir. 1986) ................................................................................................. 8

*Reliance Ins. Co. v. Superior Court*,
  84 Cal. App. 4th 383 (2000) .................................................................................................. 5

*State Farm General Ins. Co. v. Mintarsih*,
  175 Cal. App. 4th 274 (2009) ................................................................................................ 5

*TCI Group Life Ins. Plan v. Knoebber*,
  244 F.3d 691 (9th Cir. 2001) ................................................................................................. 8

*U.S. v. Oregon*,
  913 F.2d 576 (9th Cir. 1990) .................................................................................................. 3

*WildEarth Guardians v. U.S. Forest Service*,
  573 F.3d 992 (10th Cir. 2009) ................................................................................................ 5

**Statutes**

Rule 24 (a) and (b) ........................................................................................................................ 2

CLYDE & CO US LLP
101 Second Street
Telephone: (415) 365-9800

# I. INTRODUCTION

The California Department of Toxic Substances Control and the Toxic Substances Control Account (collectively, "DTSC") argue that Travelers Indemnity Company ("Travelers") should not be allowed to intervene because it has "disclaimed all coverage" for Collins & Aikman Products, LLC ("C&A Products, LLC") and that an insurer who has refused to defend its insured forfeits the right to intervene to challenge a default. This is simply not the case here. In fact, Travelers' insured never sought coverage from Travelers as Travelers' insured no longer exists. Indeed, Travelers seeks to intervene to assert defense arguments on behalf of a cancelled company that has no employees, documents, or assets other than its insurance policies. Under well-established California substantive law, an insurer is expressly entitled to intervene to protect its own interests and to raise defense argument in favor of a defunct corporate insured, by appearing in the insurer's own name when the insured is not capable of defending itself. In fact, if it wishes to protect its own interests, it is <u>required</u> to do so.

C&A Products, LLC cannot effectively defend itself. Indeed, DTSC took its default in March 2015, over four years ago, more than three years before notifying Travelers of this lawsuit. Unlike viable, ongoing, individual or corporate insureds, C&A Products, LLC has no interests because it no longer exists. Indeed, DTSC's only stated purpose in pursuing C&A Products, LLC is to enforce a judgment against its historic insurers. If Travelers is not allowed to intervene, and DTSC seeks to enforce the default judgment against Travelers, (which it has indicated in the past it will do), then Travelers will not be able to challenge the judgment *or* its amount. Under California law, this constitutes a protectable interest, which is not adequately represented by any present party, and, as such, gives Travelers the right to intervene and to assert defenses on behalf of C&A Products, LLC now.

Travelers also meets the timeliness and "meritious defense" standards to vacate the default DTSC entered against C&A Products, LLC. DTSC took this default without notice to Travelers or any insurers. Over three years later, in June 2018, DTSC contacted Travelers, asserting that it had obtained a default judgment against C&A Products, LLC for which Travelers was liable. Travelers responded that no default judgment had been entered and, moreover, C&A Products,

4765685
1
TRAVELERS' REPLY IN SUPPORT OF ITS MOTION TO INTERVENE AND TO VACATE DEFAULT

LLC's predecessor had released Travelers from environmental liability at the Site. DTSC did nothing further, and Travelers reasonably assumed that DTSC would take no further action against C&A Products, LLC or Travelers. Nine months after their last communication, without notice to Travelers, and well over a year after DTSC obtained its last consent judgment in this case, DTSC moved to enter default judgment against C&A Products, LLC. Travelers immediately moved to intervene and set aside the default. Under applicable law, Travelers acted in a timely manner, and DTSC has offered no cognizable prejudice from Travelers' actions precluding the Court from vacating the default.

Finally, DTSC argues that vacating the default would be futile because Travelers has not met its burden to prove that DTSC's response costs are inconsistent with the National Contingency Plan. To vacate default, Travelers need not make such an evidentiary showing, and – regardless – it has raised a host of arguments challenging the merits of DTSC's claims against C&A Products, LLC, which encompass both liability *and* the amount of recoverable damage that DTSC seeks. For these reasons, Travelers respectfully submits that it be allowed to intervene and raise arguments in the defense of C&A Products, LLC and that the Court vacate the default against it.

## II.   ARGUMENT

### A.   Travelers Has Satisfied The Test For Intervention, And Refusing To Allow Travelers To Intervene Constitutes Reversible Error

Travelers has satisfied all requirements for intervention as of right and permissive intervention under Rule 24 (a) and (b).[1] Its motion was timely and does not prejudice DTSC, and Travelers has a protectable interest under California law that would be impaired if the Court denies intervention.

---

[1] On October 2, 2019 after Travelers filed this Motion, the insurance archeologist that DTSC hired provided evidence of an excess policy that a Travelers' affiliate, The St. Paul Surplus Lines Insurance Company issued to the Wickes Company, Inc. This motion to intervene does not address that affiliate, its interest in this litigation, or whether it has a right to intervene. That affiliate may seek to intervene independently.

4765685

2

TRAVELERS' REPLY IN SUPPORT OF ITS MOTION TO INTERVENE AND TO VACATE DEFAULT

### 1. **Travelers' Intervention Request Is Timely And Does Not Prejudice DTSC**

DTSC contends that Travelers' request to intervene is untimely. Specifically, DTSC argues that Travelers waited too long to act and that DTSC – in contrast – acted in a timely manner. The record does not support DTSC's claims, as Travelers acted as soon as DTSC sought default judgment, something DTSC could have done as early as March 28, 2018, when the last consent judgment was entered:

- December 11, 2014: DTSC sued C&A Products, LLC. [ECF No. 77].
- March 26, 2015: DTSC took C&A Products, LLC's default. [ECF No. 129].
- March 28, 2018: Last consent decree other than C&A Products, LLC entered [ECF. No. 182].
- June 7, 2018: DTCS notified Travelers of its suit, wrongly claiming to have a default judgment against C&A Products, LLC. [ECF No. 197-1].
- January 15, 2018: Last communication between Travelers and DTSC. [ECF No. 197-3].
- August 21, 2019: DTSC filed an application for default judgment against C&A Products, LLC, without notice to Travelers. [ECF No. 184].
- August 22, 2019: Travelers learned of DTSC's application for entry of default judgment. [ECF No. 197 at ¶5].
- September 10, 2019: DTSC provided notice to C&A Products, LLC's insurers, including Travelers, of DTSC's application for default judgment against C&A Products, LLC. [ECF No. 200 at ¶7].
- September 18, 2019: Travelers moved to intervene and to vacate default. [ECF No. 196].

DTSC argues it is prejudiced as a result of the costs it incurred to file its application for default judgment. Had DTSC intended to avoid this cost, DTSC should have notified Travelers that it intended to seek entry of default judgment. Instead, DTSC made its motion without notice to Travelers or any of C&A Products, LLC's insurers.

DTSC cites *U.S. v. Oregon*, 913 F.2d 576, 588 (9th Cir. 1990), which identifies three factors to determine the timeliness of intervention: (1) the stage of the proceeding; (2) the prejudice to the other parties; and (3) the reason for and length of delay, if any, in moving to intervene. Each favors intervention. DTSC claims the litigation is in its "final stages," but the litigation is in precisely the same stage as when DTSC first notified Travelers of its suit in June

CLYDE & CO US LLP
101 Second Street
Telephone: (415) 365-9800

1  2018.  Other than filing its application for entry of default judgment, the docket in this case shows
2  no activity since that date, June 7, 2018.
3        Travelers moved to intervene within weeks of learning of DTSC's filing of an application
4  for entry of default judgment against C&A Products, LLC.  Travelers did not intervene earlier
5  because it reasonably believed that DTSC would not seek default judgment against C&A Products,
6  LLC after Travelers explained that C&A Products, LLC had released Travelers in 2000.  [ECF No.
7  197 at ¶¶ 3, 4; and ECF Nos. 197-2, 197-3].  Travelers' request to intervene is timely.

8        **2.**      **By Intervening, Travelers Seeks To Raise Substantive Defenses In**
9        **Favor Of C&A Products, LLC, Conferring a Protectable Interest**
10       **Under California Law**

11       DTSC argues that Travelers has "disclaimed coverage" and any "duty to defend or
12 indemnify" C&A Products, LLC, and therefore cannot intervene as it has no protectable interest.
13 However, C&A Products, LLC no longer exists.  As such, Travelers seeks to intervene to make
14 substantive CERCLA defense arguments on behalf of C&A Products, LLC, which cannot defend
15 itself because it no longer exists.
16       DTSC cites two cases noting – *in dicta* – that when insurer refuses to defend its insured,
17 the insurer has no protectable interest and cannot intervene in the underlying action.  Neither of
18 these two cases involved a defunct corporation.  Unlike the insureds referenced in the cases DTSC
19 cites, *Gray v. Begley*, 182 Cal. App. 4th 1509 (2010) and *Hyundai Motor America v. National*
20 *Union Fire Insurance Co. of Pittsburgh, PA,* No. SACV 08-00020-JVS (RNBx), 2010 WL
21 11468348, at *3 (C.D. Cal. Oct. 26, 2010), C&A Products, LLC has no employees, no assets, and
22 no independent interests because DTSC agreed not to execute any judgment against it, and instead
23 only pursue its insurance policies.  [ECF. No. 197 at ¶ 6 and ECF No. 197-4].
24       C&A Products, LLC has never sought a defense from Travelers.  Nor could it, as its
25 successor agreed to defend and even to hold Travelers harmless for any claims arising out of the
26 Site.  More importantly, Travelers seeks to intervene precisely to assert arguments that C&A
27 Products, LLC would have made in its defense were it viable.  Under this circumstance,
28 controlling California and federal law undisputedly recognize an insurer's protectable interest

CLYDE & CO US LLP
101 Second Street
Telephone: (415) 365-9800

4765685

4

TRAVELERS' REPLY IN SUPPORT OF ITS MOTION TO INTERVENE AND TO VACATE DEFAULT

because the insured cannot defend itself and any judgment may be enforced against its insurer. *See B.G.N. Fremont Square LTD. v. Chung*, No. CV 10-9749 GAF (RZx), 2011 WL 13129968, *4 (C.D. Cal. Sep. 27, 2011); *Reliance Ins. Co. v. Superior Court*, 84 Cal. App. 4th 383, 386-87 (2000) (holding that insurer's intervention is appropriate where the insurer may be subject to a direct action by a judgment creditor who has or will obtain a default judgment against the insured).[2] Travelers has a protectable interest warranting intervention.

### 3. **Travelers' Interest Would Be Impaired If It Is Not Allowed To Intervene Because DTSC Has Stated It Will Seek To Enforce Any Default Judgment Against Travelers**

DTSC contends that Travelers has no interest that will be impaired by the imposition of this action. However, Travelers "must show only that impairment of its substantial legal interest is possible if intervention is denied . . . ." *WildEarth Guardians v. U.S. Forest Service*, 573 F.3d 992, 995 (10th Cir. 2009) (emphasis added). It would be hard to overstate the impairment of Travelers' interest if not allowed to intervene. Again, DTSC has represented it will seek to collect any judgment entered against C&A Products, LLC from its insurers, including Travelers. DTSC now contends "it is not clear that DTSC will be proceeding against Travelers" and that it would be willing to "withdraw its tender to Travelers until a later point in time" (emphasis added). [ECF 215 at 11:11-17]. However, this is nothing but a red herring, as Travelers will have lost the opportunity to set aside the judgment and contest the amount of the judgment if it waits until DTSC obtains the default judgment against C&A Products, LLC.

DTSC argues that the filing of the coverage action by Travelers means that Travelers does not need to intervene in DTSC's suit because Travelers' interests are already protected in the

---

[2] DTSC also argues that the existence of the declaratory relief complaint shows that Travelers thought a "potential for coverage" existed, demonstrating that it owed C&A Products, LLC a duty to defend. [ECF 215 at 15:1]. A potential for coverage and duty to defend arise only when a factual dispute exists regarding coverage. *See State Farm General Ins. Co. v. Mintarsih*, 175 Cal. App. 4th 274, 284 fn. 6 (2009) ("any factual dispute affecting the existence of coverage creates a potential for coverage and a duty to defend. There is no 'potential for coverage' and no duty to defend, however, if the existence of coverage depends solely on the resolution of a legal question . . . .") (internal citation omitted) (emphasis added). In its declaratory relief action, Travelers asserts a legal ground for no coverage – a release and indemnity by C&A Products Co. for the Site. Legal questions do not give rise to a duty to defend merely because they are subject to a declaratory relief action.

4765685

5

TRAVELERS' REPLY IN SUPPORT OF ITS MOTION TO INTERVENE AND TO VACATE DEFAULT

1 coverage action. [ECF No. 215 at 7:9-12]. This is blatantly incorrect. The two actions seek to
2 adjudicate two entirely different issues. This DTSC action will determine whether DTSC can
3 obtain a judgment against C&A Products, LLC, and for how much. Travelers' coverage action
4 will determine whether that judgment is covered under the Travelers' policies. In the coverage
5 action, Travelers may not raise any CERCLA defenses to the judgment or challenge its amount.
6 In this action, Travelers may not raise insurance coverage defenses.

### 4. Travelers Also Meets The Test For Permissive Intervention

DTSC argues that Travelers cannot permissively intervene because its request was untimely. Again, Travelers' request was not untimely. It moved to intervene when it learned that DTSC was going to move forward and seek entry of default judgment. DTSC argues that it waited until after the last consent order was entered to seek entry of default judgment against C&A Products, LLC. DTSC, however, waited 18 months from entry of the last consent order to move to enter default judgment against C&A Products, LLC. DTSC cannot equitably complain of delay by Travelers while Travelers waited to see if DTSC would move forward or not against C&A Products, LLC.

### B. Good Cause Exists To Set Aside Default Against C&A Products, LLC

"[J]udgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits." *Joe Hand Promotions, Inc. v. Williams*, No. 2:14–cv–02663–JAM–AC, 2015 WL 5923611, at *2 (E.D. Cal. Oct. 9, 2015) (citing cases); *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984) (containing same quotation). Good cause to vacate default exists because Travelers has claimed meritorious defenses to liability and damages and DTSC has shown no cognizable prejudice.

### 1. Travelers Has Met The "Meritorious" Defense Standard, Both As To Liability And Damages

DTSC argues that it has established a *prima facie* case for its claimed response costs. It claims that the burden then shifts to Travelers, which DTSC claims offers no "specific facts" to rebut DTSC's showing that default should not be vacated. DTSC is wrong for several independent reasons. First, it misstates the test: "The burden for satisfying the 'meritorious

CLYDE & CO US LLP
101 Second Street
Telephone: (415) 365-9800

defense' requirement is minimal." *Colton v. Am. Prom. Events*, Case No. ED CV 09-01864 PSG (SSx), 2014 WL 12740640, at *3 (C.D. Cal. Aug. 15, 2014) (vacating default based on defendant's allegations in answer).  "A defendant need only 'allege sufficient facts that, if true, would constitute a defense.'" *Id.*  If allowed to intervene, Travelers will challenge that DTSC's claimed response costs are consistent with the National Contingency Plan.  DTSC expanded the remediation at the Site beyond its agreement with C&A Products Co., after it sought bankruptcy protection and had stopped performing remediation.  [ECF No. 77, ¶ 24].  Travelers is entitled to discovery to marshal facts to determine whether the National Contingency Plan warranted this additional work.

Travelers also raises issues of divisibility, *see Burlington Northern & Santa Fe Ry. v. U.S.*, 556 U.S. 599, 614 (2009) (holding that when "there is a reasonable basis for determining the contribution of each cause to a single harm" CERCLA does not impose joint and several liability), and the scope of damages DTSC may recover.  Divisibility allows a defendant to avoid joint and several liability by establishing that it caused only a divisible portion of the harm.  *See Carson Harbor Village, Ltd. v. Unocal Corp.*, 270 F.3d 864, 871 (9th Cir. 2001).  DTSC seeks to recover from Travelers and other C&A Products, LLC's insurers all of DTSC's unrecovered response costs.  DTSC admits that releases occurred many years before C&A Products, LLC's putative predecessor purchased the Site in September 1979.  [ECF No. 189, ¶ 16].  These facts give rise to a severability defense.  Similarly, Travelers challenges the scope of damages DTSC claims, and a challenge to damages also warrants vacating the default.  *See Choice Hotels Int'l, Inc. v. Kusum Vali, Inc.*, No. 11cv1277, 2012 WL 1570844, *4 (S.D. Cal. May 3, 2012) (vacating default and finding a meritorious defense, noting the "defense can be to the issue of liability or amount of damages."); *Key Bank of Maine v. Tablecloth Textile Co. Corp.*, 74 F.3d 349, 354-55 (1st Cir. 1996) (holding that the defendants possessed a potentially meritorious defense that the figures upon which the default judgment was premised were erroneous).  Travelers need not demonstrate likelihood of success on the merits of its argument.  *See TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 700 (9th Cir. 2001) (reversing denial of request to set aside default judgment); *Mendoza v. Wight Vineyard Management*, 783 F.2d 941, 945-46 (9th Cir. 1986) (holding that

when "the movant has a meritorious defense, doubt, if any, should be resolved in favor of the motion to set aside the default so that cases may be decided on their merits."). Travelers has met the minimal standard to show that it has a "meritorious defense" to set aside default.

### 2. DTSC Has Shown No Cognizable Prejudice If The Default Is Vacated

As discussed above, DTSC will not be prejudiced if the Court sets aside the default against C&A Products, LLC. Again, DTSC claims prejudice because it incurred costs to file its application for entry of default judgment. These costs do not constitute a recognized ground for prejudice or warrant denying a request to vacate a default. *See TCI*, 244 F.3d at 697-98 (reversing trial court refusal to vacate default, reasoning that the defaulting party offered a credible, good-faith explanation for the delay negating "any intention to take advantage of the opposing party, interfere with judicial decision making, or otherwise manipulate the legal process."). DTSC decided to file its request for entry of default judgment without notice to Travelers or C&A Products, LLC's other identified insurers – the parties against whom DTSC hopes to enforce the judgment. DTSC shoulders the effect and cost of its own tactical, litigation decision made in the hopes that it could obtain a default judgment without opposition.

DTSC also argues that vacating the default would delay resolution of the case. Delay, for an adjudication of liability and damages on the merits, does not constitute grounds to deny a request to vacating a default. *See TCI*, 244 F.3d at 701 ("To be prejudicial, the setting aside of a judgment must result in greater harm than simply delaying resolution of the case."); *See Choice Hotels*, 2012 WL 1570844 at *3 ("To be prejudicial, the setting aside of a default must result in greater harm than simply delaying resolution of the case.").

4765685

8

TRAVELERS' REPLY IN SUPPORT OF ITS MOTION TO INTERVENE AND TO VACATE DEFAULT

### III. CONCLUSION

For the foregoing reasons, Travelers respectfully requests that the Court grant Travelers' Motion to Intervene and to Vacate Default against C&A Products, LLC.

Dated:  October 14, 2019

CLYDE & CO US LLP

By  _/s/ Alex Potente_

Alexander E. Potente
Hyunki (John) Jung
Attorneys for Proposed Intervenor THE TRAVELERS INDEMNITY COMPANY

# PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of San Francisco, State of California. My business address is 101 Second Street, 24th Floor, San Francisco, CA 94105.

On October 11, 2019, I served true copies of the following document(s) described as **TRAVELERS' REPLY IN SUPPORT OF ITS MOTION TO INTERVENE AND VACATE DEFAULT** on the interested parties in this action as follows:

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on October 11, 2019, at San Francisco, California.

*/s/ Trish Marwedel*
Trish Marwedel

CLYDE & CO US LLP
101 Second Street
Telephone: (415) 365-9800

4765685

TRAVELERS' REPLY IN SUPPORT OF ITS MOTION TO INTERVENE AND TO VACATE DEFAULT