1 Thomas F. Vandenburg (State Bar No. 163446)
tvandenburg@wshblaw.com
2 Stratton P. Constantinides (State Bar No. 305103)
sconstantinides@wshblaw.com
3 **WOOD, SMITH, HENNING & BERMAN LLP**
10960 Wilshire Boulevard, 18th Floor
4 Los Angeles, California 90024-3804
Phone: 310-481-7600 ♦ Fax: 310-481-7650
5
6 Attorneys for Proposed Intervenor Century Indemnity Company as successor to CCI Insurance Company as successor to Insurance Company of North America

7

8 **UNITED STATES DISTRICT COURT**

9 **EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION**

10

| | |
|---|---|
| 11 CALIFORNIA DEPARTMENT OF TOXIC SUBSTANCES CONTROL and the TOXIC SUBSTANCES CONTROL ACCOUNT, <br><br> Plaintiffs, <br><br> v. <br><br> JIM DOBBAS, INC., a California corporation; CONTINENTAL RAIL, INC., a Delaware corporation; DAVID VAN OVER, individually; PACIFIC WOOD PRESERVING, a dissolved California corporation; WEST COAST WOOD PRESERVING, LLC., a Nevada limited liability company; and COLLINS & AIKMAN PRODUCTS, LLC, a Delaware limited liability company,, <br><br> Defendants. <br><br> AND RELATED CROSS-ACTIONS | Case No. 2:14-cv-0595-WBS-EFB <br><br> **CENTURY INDEMNITY COMPANY'S NOTICE OF MOTION AND MOTION TO INTERVENE AS ALLEGED INSURER OF DEFENDANT COLLINS & AIKMAN PRODUCTS, LLC AND TO VACATE DEFAULT; MEMORANDUM OF POINTS AND AUTHORITIES** <br><br> Date: December 2, 2019 <br> Time: 1:30 p.m. <br> Place: Courtroom 5, 14th Floor <br> 501 I Street <br> Sacramento, CA 95814 <br><br> The Hon. William B. Shubb <br><br> Trial Date: None Set |

25 **TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

26 PLEASE TAKE NOTICE that on December 2, 2019, at 1:30 p.m., or as soon

27 thereafter as the matter may be heard, in Courtroom 5 of the above Court, located at

28 14 Floor, 501 I Street, Sacramento, CA 95814, Proposed Intervenor CENTURY

LEGAL:10468-0108/12924886.1

---

CENTURY INDEMNITY COMPANY'S NOTICE OF MOTION AND MOTION TO INTERVENE AS ALLEGED INSURER OF DEFENDANT COLLINS & AIKMAN PRODUCTS, LLC AND TO VACATE DEFAULT

1  INDEMNITY COMPANY AS SUCCESSOR TO CCI INSURANCE COMPANY

2  AS SUCCESSOR TO INSURANCE COMPANY OF NORTH AMERICA

3  ("Century")  as a putative insurer of underlying Defendant Collins & Aikman

4  Products, LLC ("C&A Products, LLC"), a cancelled Delaware limited liability

5  company, as successor in interest to the Wickes Corporation and/or the Wickes

6  Companies, Inc., will move for an order permitting Century to intervene in the

7  above-captioned action, vacate default and oppose entry of judgment against C&A

8  Products, LLC.

9      This motion is made pursuant to Federal Rules of Civil Procedure, Rule 24,

10  on the grounds that Century has a direct interest in this litigation because C&A

11  Products, LLC is a cancelled Delaware limited liability company and lacks the

12  resources or capacity to defend itself in this matter, and because DTSC has

13  indicated that it seeks to recover any default judgment against putative insurers of

14  C&A Products, LLC.  Pursuant to Federal Rules of Civil Procedure, Rule 55(c),

15  good cause also exists to vacate the default taken by DTSC against C&A Products,

16  LLC.

17  / / /

18  / / /

19  / / /

20  / / /

21  / / /

22  / / /

23  / / /

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310-481-7600 ♦ FAX 310-481-7650

LEGAL:10468-0108/12924886.1

-2-

CENTURY INDEMNITY COMPANY'S NOTICE OF MOTION AND MOTION TO INTERVENE AS ALLEGED
INSURER OF DEFENDANT COLLINS & AIKMAN PRODUCTS, LLC AND TO VACATE DEFAULT

1    This Motion is based upon this Notice, the accompanying Memorandum of

2  Points and Authorities, the concurrently filed Declaration of Natalie M. Jacobs, all

3  pleadings and papers on file in this action, and such other matters as may be

4  properly presented to the Court at the time of the hearing.

5  DATED:  October 17, 2019          WOOD, SMITH, HENNING & BERMAN LLP

6

7

8                                    By:    /s/ Stratton P. Constantinides

9                                          THOMAS F. VANDENBURG
                                           STRATTON P. CONSTANTINIDES
10                                   Attorneys for Proposed Intervenor Century
                                     Indemnity Company as successor to CCI
11                                   Insurance Company as successor to Insurance
                                     Company of North America
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CENTURY INDEMNITY COMPANY'S NOTICE OF MOTION AND MOTION TO INTERVENE AS ALLEGED
INSURER OF DEFENDANT COLLINS & AIKMAN PRODUCTS, LLC AND TO VACATE DEFAULT

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310-481-7600 ♦ FAX 310-481-7650

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310-481-7600 ♦ FAX 310-481-7650

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    INTRODUCTION AND SUMMARY OF ARGUMENT**

Century moves to intervene in this action to protect its interests as C&A Products, LLC's putative insurer and to vacate the default against C&A Products, LLC.  Any rulings or judgment made against C&A Products, LLC in this case may impact Century's obligations, if any, to DTSC, if DTSC becomes a judgment creditor of C&A Products, LLC.

C&A Products, LLC is a cancelled Delaware limited liability company against which DTSC has obtained entry of default.  As C&A Products, LLC's alleged putative insurer, as successor in interest to the Wickes Corporation and/or the Wickes Companies, Inc., Federal Rules of Civil Procedure, Rule 24(a) and substantive California law allow Century to intervene as a matter of right. Century's request is timely within the meaning of Rule 24(a), Century has a "significantly protectable" interest regarding C&A Products, LLC's exposure in this action, disposition of this action without intervention may impair Century's interest, and Century's interest is not represented by any party to the action.  Pursuant to Federal Rules of Civil Procedure, Rule 55(c), good cause also exists to vacate the default taken by DTSC against C&A Products, LLC.  Century respectfully requests that this Court grant Century's motion to intervene and to vacate the default against C&A Products, LLC.

**II.    FACTUAL BACKGROUND**

**A.    The Site And Potentially Responsible Parties**

From 1972 until September 12, 1979, Pacific Wood Preserving conducted wood preserving operations at the property located at 147A Street, Elmira, California 95625 ("Site").  (ECF No. 77, ¶ 17.)[1]  In September 1979, Pacific Wood Preserving sold the Site and wood preserving business to The Wickes Corporation

---

[1] ECF Numbers referred to herein are references to pleadings within the above-entitled action.

CENTURY INDEMNITY COMPANY'S NOTICE OF MOTION AND MOTION TO INTERVENE AS ALLEGED INSURER OF DEFENDANT COLLINS & AIKMAN PRODUCTS, LLC AND TO VACATE DEFAULT

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310-481-7600 ♦ FAX 310-481-7650

1   ("Wickes").  (ECF No. 77, ¶ 16.)  Wickes operated the Site from 1979 to 1982.  (Id)

2   Wickes and its successor Collins & Aikman Products Co. ("C&A Products Co."),

3   owned and operated the Site until March 20, 1997. (ECF No. 77, ¶¶ 15, 16.)  DTSC

4   claims C&A Products Co. became known as the defendant C&A Products, LLC on

5   December 6, 2007. (ECF No. 77,¶ 15.)

6       DTSC claims that during their respective wood preserving operations, Pacific

7   Wood Preserving and Wickes released hazardous substances, including arsenic,

8   chromium, and copper.  (ECF No. 77, ¶ 19.)  From the 1980s through 2005, DTSC

9   claims that Wickes and then C&A Products, Co. took responsive actions under

10  oversight of the DTSC and its predecessor agency to address environmental

11  contamination at the Site.  (ECF No. 77, ¶ 20.)  Those actions included soil

12  excavation, installing an asphalt cap over contaminated soils, constructing a

13  building and a drainage system over another contaminated area of the Site,

14  installing and operating a groundwater extraction and treatment system, and

15  groundwater monitoring.  (Id.)

16      In March 1996, DTSC and C&A Products Co. entered into the "Operation

17  and Maintenance Agreement," which certified implementation of the final remedial

18  action at the Site.  (ECF No. 23-3.)  C&A Products Co. agreed to perform soil

19  excavation and off-site disposal, install an asphalt cap, and conduct ground water

20  extraction and treatment in an on-site chemical treatment plant.  (ECF No. 23-3, ¶

21  7.A.) As part of the post-closure activities, C&A Products Co. was required to

22  continue to extract, treat, sample, and analyze ground water, sample and analyze

23  procedures associated with the on-site chemical treatment system and asphalt cap

24  from the Site.  (ECF No. 23-3, ¶ 12.A.)  On March 20, 1997, C&A Products Co.

25  allegedly sold the Site to defendants Jim Dobbas, Inc. and Continental Rail, Inc.,

26  while continuing to address environmental contamination at the Site. (ECF No. 77,

27  ¶ 22.)

28  / / /

LEGAL:10468-0108/12924886.1

CENTURY INDEMNITY COMPANY'S NOTICE OF MOTION AND MOTION TO INTERVENE AS ALLEGED
INSURER OF DEFENDANT COLLINS & AIKMAN PRODUCTS, LLC AND TO VACATE DEFAULT

**B.** **Settlement Agreement Between C&A Products Co. and Century**

On April 12, 2000, C&A Products Co., corporate predecessor to C&A Products, LLC, entered into a settlement agreement to address certain outstanding litigation concerning coverage for environmental investigation and remediation activities at certain properties ("Confidential Settlement Agreement"), including the Site which serves as the subject of the DTSC Action.  Declaration of Natalie M. Jacobs ("Jacobs Declaration") ¶ 5.  The Confidential Settlement Agreement was effective April 13, 2000.  Jacobs Decl. ¶ 5.

Under the terms of the Confidential Settlement Agreement, Century made a settlement payment to C&A Products Co. which, in exchange for that payment, released Century from certain claims, including the claims DTSC has now asserted against C&A Products, LLC arising out of or relating to the Site.  Jacobs Decl. ¶ 5. As part of the Confidential Settlement Agreement, C&A Products Co. dismissed its coverage actions against Century with prejudice.  Jacobs Decl. ¶ 5.

**C.** **C&A Products Co.'s Bankruptcy And The Cessation Of Its Remedial Activities At The Site**

On May 17, 2005, C&A Products Co. filed a Chapter 11 petition in the United States Bankruptcy Court for the Eastern District of Michigan, Case No. 05-55932, jointly administered with the bankruptcy cases of other debtors under Case No. 05-55927.  (ECF No. 77, ¶ 23.)  In the summer of 2005, while in Chapter 11 bankruptcy proceedings, C&A Products Co. stopped its remediation efforts.  (ECF No. 77, ¶ 24.)

In 2006, DTSC claims to have requested that Jim Dobbas, Inc. and Continental Rail, Inc., as the then owners of the Site, resume remediation efforts at the Site.  (ECF No. 77, ¶ 25.)  C&A Products, LLC was formed on or about December 6, 2007, as a conversion of the Delaware corporation Collins & Aikman Products Co.  (ECF No. 77, ¶ 15.)  In December 2007, after agreeing to perform certain remedial actions, Jim Dobbas, Inc. and Continental Rail, Inc. failed and

LEGAL:10468-0108/12924886.1

CENTURY INDEMNITY COMPANY'S NOTICE OF MOTION AND MOTION TO INTERVENE AS ALLEGED INSURER OF DEFENDANT COLLINS & AIKMAN PRODUCTS, LLC AND TO VACATE DEFAULT

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310-481-7600 ♦ FAX 310-481-7650

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310-481-7600 ♦ FAX 310-481-7650

1  refused to perform most of the actions formerly conducted by C&A Products Co. to

2  address contamination at the Site.  (ECF No. 77, ¶ 27.)  After Jim Dobbas, Inc. and

3  Continental Rail, Inc. sold the Site to defendant David Van Over in 2011, DTSC

4  allegedly issued an Imminent or Substantial Endangerment Determination Order

5  and Remedial Action Order requiring Jim Dobbas, Inc., Continental Rail, Inc., and

6  David Van Over to conduct additional remediation activities.  (ECF No. 77, ¶¶ 30-

7  31, and Ex. D.)  All three of those defendants allegedly failed to comply with these

8  orders.  (ECF No. 77, ¶ 32.)  As a result, the DTSC claims to have itself undertaken

9  the responsive actions to remediate the Site, thereby incurring unreimbursed

10  remediation costs.  (ECF No. 77, ¶¶ 33-36.)  Specifically, the response actions

11  DTSC claims to have taken included efforts to repair and restart the groundwater

12  extraction and treatment system, completion of a remedial investigation for site

13  soils, preparation of the "Removal Action Workplan," implementation of the that

14  plan in October and November 2011, and groundwater monitoring.  (ECF No. 77, ¶

15  33.)

16  **D.**   **The DTSC's 2014 Action Under CERCLA**

17       On March 3, 2014, the DTSC filed the present action (the "DTSC Action"),

18  seeking cost recovery under CERCLA, 42 U.S.C. § 9607, declaratory relief under

19  CERCLA, 42 U.S.C. § 9613(g), and damages, injunctive relief, and civil penalties

20  under the Hazardous Substance Account Act, Cal. Health & Safety Code §§ 25300,

21  *et seq*. against potentially responsible parties at the Site.

22       On December 8, 2014, Delaware Court of Chancery appointed Brian

23  Rostocki the receiver for C&A Products, LLC "for the limited purpose of allowing

24  Collins & Aikman Products, LLC to be sued [in the DTSC Action], and with the

25  power, but not the obligation, to defend, in the name of Collins & Aikman

26  Products, LLC, any claims made against it [in the DTSC Action]."  *See In re*

27  *Collins & Aikman Prods., LLC*, No. 10348-CB, 2014 WL 6907689, *1-2 (Del. Ch.

28  Dec. 8, 2014).   As receiver, Mr. Rostocki "act[ed] as registered agent in the State

1    of Delaware for service of process on Collins & Aikman Products, LLC, including,
2    without limitation, for service of process [in the DTSC Action].  *Id.* at * 1.

3         On December 11, 2014, DTSC filed its First Amended Complaint (the
4    "Amended Complaint") against C&A Products, LLC and other potentially
5    responsible parties in the DTSC Action. DTSC served Mr. Rostocki with the
6    Amended Complaint, and C&A Products, LLC did not respond or appear.  Century
7    received no notice of the original or Amended Complaint or service of the
8    Amended Complaint when it was filed and served on C&A Products, LLC.

9         DTSC took the defaults of Continental Rail, Inc. and Pacific Wood
10   Preserving on June 2, 2014.  (ECF Nos. 18 and 19.)  On March 25, 2015, without
11   notice to Century, DTSC took the default, under Federal Rules of Civil Procedure,
12   Rule 55(a), of C&A Products, LLC for having failed to answer the complaint in the
13   DTSC Action.  (ECF No. 126.)  On March 26, 2015, the clerk entered default
14   against C&A Products, LLC in the DTSC Action.  (ECF No. 129.)  Likewise,
15   Century did not receive notice of such default at that time.

16        DTSC then settled with defendants West Coast Wood Preserving for
17   $350,000, Jim Dobbas, Inc., for $265,000, and David Van Over for $250,000,
18   entering into public settlements and consent decrees with each of them.  (ECF No.
19   185, p. 10 of 21, ECF No. 141, ¶¶ 13, 23; ECF No. 150, ¶¶ 12, 22.; ECF No. 182,
20   ¶¶ 12, 25.)  The Court approved these consent decrees on September 16, 2015,
21   November 18, 2015, and March 28, 2018, respectively, again all long before
22   Century received notice of the DTSC Action.  (ECF Nos. 141, 150, 182.)

23        DTSC never provided notice to Century of the DTSC Action or the March
24   25, 2015 entry of default against C&A Products, LLC.  Jacobs Decl. ¶ 4.  Century
25   was first provided notice of the DTSC Action, including a tender of defense and
26   indemnity, in a September 10, 2019 letter from Arcina Risk Group ("Arcina
27   Letter"), which was nearly five (5) years after naming C&A Products, LLC in the
28   DTSC Action.  Jacobs Decl. ¶ 4, Exhibit A.  The Arcina Letter further served as

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310-481-7600 ♦ FAX 310-481-7650

CENTURY INDEMNITY COMPANY'S NOTICE OF MOTION AND MOTION TO INTERVENE AS ALLEGED
INSURER OF DEFENDANT COLLINS & AIKMAN PRODUCTS, LLC AND TO VACATE DEFAULT

Century's first notice of the pending Application for Default Judgment, scheduled for September 25, 2019.  Jacobs Decl. ¶ 4, Exhibit A.  After receiving this letter, Century promptly engaged outside counsel to assist with intervention in the DTSC Action in order to protect Century's interests as putative insurer for C&A Products, LLC.  Jacobs Decl. ¶ 4.

On August 21, 2019, DTSC moved for application for entry of default judgment against C&A Products, LLC. (ECF No. 184.)  DTSC served the application for entry of default judgment against C&A Products, LLC on Rostocki, but neither it nor Rostocki notified Century of the application.  Century, which only recently learned of this application for entry of default judgment by THE September 10, 2019 Arcina Letter, is now submitting this motion to intervene without delay.

## III.   LEGAL ARGUMENT

### A.   As Putative Insurer Of C&A Products, LLC, Century Is Entitled To Intervene As A Matter Of Right To Protect Its Own Interests

Federal Rule of Civil procedure 24(a) provides the criteria for intervention as a matter of right, and it allows for intervention here because DTSC likely intends to attempt to have Century pay any judgment against C&A Products, LLC:

> **(a) Intervention of Right.** On timely motion, the court must permit anyone to intervene who: (1) is given an unconditional right to intervene by a federal statute; or (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed. R. Civ. P. 24(a).

As an alleged putative insurer of C&A Products, LLC, Century can establish the four elements needed for intervention as a matter of right:

> (1) the intervention application is timely; (2) the applicant has a significant protectable interest relating to the property or transaction that is the subject of the action; (3) the disposition of the action may, as

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310-481-7600 ♦ FAX 310-481-7650

1        a practical matter, impair or impede the applicant's ability to protect its
2        interest; and (4) the existing parties may not adequately represent the
         applicant's interest.

3   *Citizens for Balanced Use v. Mont. Wilderness Ass 'n*, 647 F.3d 893, 897 (9th Cir.

4   2011) (reversing district court's denial of intervention in the ongoing litigation

5   because the proposed intervenor satisfied the four elements for intervention as of

6   right under Fed. R. Civ. P. 24(a)).  In determining whether to permit intervention, a

7   court is "guided primarily by practical considerations, not technical distinctions,"

8   and "the requirements are broadly interpreted in favor of intervention."  *Citizens for*

9   *Balanced Use*, 647 F.3d at 897 (emphasis added).

10           **1.**    <u>**Century's Motion To Intervene Is Timely**</u>

11       Century's motion to intervene is timely.  DTSC has merely taken C&A

12  Products, LLC's default.  DTSC has not otherwise advanced this litigation, and

13  DTSC utterly failed to notify Century of the DTSC Action or of the default.  In

14  fact, Century was not notified of the DTSC Action until nearly five (5) years after

15  its filing, and was not notified of the entry of default against C&A Products, LLC

16  until four and a half (4.5) years after entry, via the September 10, 2019 Arcina

17  Letter.  This notice did <u>not</u> come from DTSC, who has never contacted Century

18  regarding the pending DTSC Action.

19       In deciding whether a movant's motion is timely, the Ninth Circuit considers

20  the following three factors: (1) the stage of the proceeding; (2) whether the parties

21  would be prejudiced; and (3) the reason for the delay, if any, in moving to

22  intervene.  *See Nw. Forest Res. Council v. Glickman*, 82 F.3d 825, 836-37 (9th Cir.

23  1996).  The mere lapse of time alone does not necessarily preclude intervention.

24  *See U.S. v. Oregon*, 913 F.2d 576, 588 (9th Cir. 1990) (holding that although the

25  underlying action "had been underway for nearly twenty years when [the

26  intervenor] sought to intervene, <u>the length of time that has passed since a suit was</u>

27  <u>filed does not alone determine timeliness</u>") (emphasis added).  Timeliness is to "be

28  determined from all the circumstances," and is in the court's "sound discretion."

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310-481-7600 ♦ FAX 310-481-7650

CENTURY INDEMNITY COMPANY'S NOTICE OF MOTION AND MOTION TO INTERVENE AS ALLEGED
INSURER OF DEFENDANT COLLINS & AIKMAN PRODUCTS, LLC AND TO VACATE DEFAULT

1  *NAACP v. New York*, 413 U.S. 345, 366 (1973).

2       Furthermore, DTSC has not materially advanced this action against C&A

3  Products, LLC; it has merely filed a complaint, sought default, and filed an

4  application for a default judgment against C&A Products, LLC.  *Utica Mut. Ins.*

5  *Co. v. Hamilton Supply Co.*, No. C 06-07846 SI, 2007 WL 3256485 (N.D. Cal.

6  Nov. 5, 2007) supports Century's position.  That, "although default was entered

7  against [the insured] prior to the [insurer's] application to intervene," the court

8  found that "this is not dispositive" because "plaintiff would suffer little to no

9  prejudice if the Court were to grant [insurer's] motion to intervene because plaintiff

10  has done little up to this point other than file a motion for default judgment."  *Id*. at

11  *3 - 4.

12       Moreover, no discovery has been conducted against C&A Products, LLC,

13  nor have any dispositive motions been filed, heard, and decided.  DTSC has taken

14  no discovery and has not proven the merits of any its claims against C&A Products,

15  LLC.  Century's intervention would therefore not "prejudice" DTSC within the

16  meaning of Rule 24, as intervention would merely require DTSC to prove its claims

17  against C&A Products, LLC.  This does not create "prejudice" under Rule 24.  *See*

18  *Utica*, 2007 WL 3256485 at *5 (holding that an insurer's intervention on behalf of

19  an insured and setting aside an entry of default did not prejudice plaintiff "in any

20  meaningful way" under Rule 24 because granting insurer's motion to intervene

21  "will not hamper discovery," which had not yet commenced).

22       Likewise, although DTSC filed suit on March 3, 2014, and named C&A

23  Products, LLC as a defendant in the DTSC Action on December 11, 2014, <u>DTSC</u>

24  <u>did not, at any time, provide notice</u> of suit and entry of default against C&A

25  Products, LLC to Century.  Jacobs Decl. ¶ 4.  As described above, Century did not

26  receive notice of the DTSC Action, March 2015 entry of default, and pending

27  Application for Entry of Default against C&A Products, LLC until the September

28  10, 2019 Arcina Letter.  Jacobs Decl. ¶ 4, Exhibit A.  After receiving notice of the

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310-481-7600 ♦ FAX 310-481-7650

1  default, Century promptly engaged outside counsel to protect Century's interests

2  and prepare the instant Motion to Intervene.  Jacobs Decl. ¶ 4.

3       Without notice to Century, on August 21, 2019, DTSC filed an application

4  for entry of default judgment against C&A Products, LLC.  (ECF No. 184.)

5  Century now moves to intervene. Under the liberal standard for intervention of

6  right under Rule 24, Century's motion to intervene is timely.

7                    **2.    Century Has A Significant Protectable Interest**

8       To warrant intervention as of right, Century must have a significant

9  protectable interest relating to the property or transaction that is the subject of the

10  action.  *See Citizens for Balanced Use*, 647 F.3d at 897 (holding that "[t]o

11  demonstrate a significant protectable interest, an applicant must establish that the

12  interest is protectable under some law and that there is a relationship between the

13  legally protected interest and the claims at issue") (reversing district court's denial

14  of intervention in the ongoing litigation).  An applicant for intervention has a

15  significantly protectable interest if "the interest is protectable under some law, and

16  there is a relationship between the legally protected interest and the claims at

17  issue*." Southwest Center for Biological Diversity v. Berg*, 268 F.3d 810, 818 (9th

18  Cir. 2001) (reversing district court's denial of motion for intervention).

19       Century has a significant protectable interest in the property and transaction

20  that are the subject matter of this litigation.  Although default has been entered,

21  judgment has not yet been entered against C&A Products, LLC.  If Century is not

22  allowed to intervene into this DTSC Action, Century expects that DTSC will seek

23  to enforce its judgment against Century under Insurance Code Sec. 11580, as it has

24  communicated to other putative insurers of C&A Products, LLC.  (ECF No. 197,

25  Exhibit D.)  Under such circumstances, both California and federal courts allow

26  insurers to intervene.  *See Reliance Ins. Co. v. Superior Court*, 84 Cal.App.4th 383,

27  386-87 (2000) (reversing trial court's refusal to allow insurer to intervene to vacate

28  default of insured reasoning, "where the insurer may be subject to a direct action

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310-481-7600 ♦ FAX 310-481-7650

LEGAL:10468-0108/12924886.1

-12-

1  under Insurance Code section 11580 by a judgment creditor who has or will obtain

2  a default judgment in a third party action against the insured, intervention is

3  appropriate" and noting the "insurer may either intervene in that action prior to

4  judgment or move under Code of Civil Procedure section 473 to set aside the

5  default judgment."); *Utica*, 2007 WL 3256485, at *3 (permitting insurer proceeding

6  under reservation of rights to preserve its coverage defenses to intervene under

7  Rule 24 and granting request of insurer to vacate default judgment against insured);

8  *B.G.N. Fremont Square LTD. v. Chung*, CV 10-9749 GAP (RZx), 2011 WL

9  13129968, *4 (C.D. Cal. Sep. 27, 2011) (holding, "[i]n short, California law

10  provides that an insurer has a protectable interest in litigation brought against its

11  suspended insured, that its failure to intervene could subject it to liability for default

12  judgment subject to any coverage defenses that it may have, and that it can

13  intervene without waiving those coverage defenses by giving notice of its

14  reservation of rights.").

15       Allowing Century to intervene now avoids Century from having to challenge

16  the default judgment after it is entered, reducing inefficient and duplicative

17  litigation between DTSC and Century.  *See U.S. v. City of Los Angeles*, 288 F.3d

18  391, 398 (9th Cir. 2002) ("By allowing parties with a practical interest in the

19  outcome of a particular case to intervene, we often prevent or simplify future

20  litigation involving related issues …"); *Kaufman & Broad Communities, Inc. v.*

21  *Performance Plastering, Inc.*, 136 Cal. App. 4 212, 216 (2006) (holding that an

22  insurer must intervene or challenge the default judgment after it is entered to

23  protect its interest or risk waiver of such a challenge).  Allowing Century to

24  intervene now also allows it to challenge the default under the more liberal standard

25  to vacate a default under Fed. R. Civ. Proc. 55(c), as opposed to vacating a default

26  judgment under Fed. R. Civ. Proc. 60.[2]  Under California law, both fairness and

27  _____

28  [2] The Ninth Circuit applies a "good cause" standard for vacating both an entry of default under Rule 55(c) and for

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310-481-7600 ♦ FAX 310-481-7650

1   efficiency dictate that Century be allowed to intervene in this action and defend its

2   interests against any potential judgment DTSC seeks against C&A Products, LLC

3   as DTSC may intend to enforce any such judgment against C&A Products, LLC's

4   putative insurers.  (ECF No. 197, Exhibit D.)

5   **3.    Century's Interests May Be Impaired If Intervention Is Not**

6   **Permitted**

7       It is Century's position that the Confidential Settlement Agreement applies to

8   DTSC's claims.  However, in the event that DTSC is able to establish coverage

9   under Century's alleged policies of insurance, Century's interests would be

10  significantly impaired if it were not allowed to intervene in this DTSC Action

11  because it would be potentially liable for any judgment against C&A Products,

12  LLC.  "A party has a sufficient interest for intervention purposes if it will suffer a

13  practical impairment of its interests as a result of the pending litigation."  *City of*

14  *Emeryville v. Robinson*, 621 F.3d 1251, 1259 (9th Cir. 2010).

15      As a proposed intervenor, Century "must show only that impairment of its

16  substantial legal interest is possible if intervention is denied.  This burden is

17  minimal." *WildEarth Guardians v. U.S. Forest Service*, 573 F.3d 992, 995 (10th

18  Cir. 2009) (emphasis added); *see also Citizens for Balanced Use*, 647 F.3d at 898

19  (the standard is whether "the disposition of this action may, as a practical matter,

20  impair or impede Applicants' ability to protect their interest [and] '[i]f an absentee

21  would be substantially affected in a practical sense by the determination made in an

22  action, he should, as a general rule, be entitled to intervene …'") (emphasis added).

---

24  vacating a default judgment under Rule 60(b), but the test for setting aside entry of default is less rigid and is more generous to the party in default.  *See U.S. Commodity Futures Trading Corn 'n v. American Bullion Exchange ABEX, Corp.*, No. SACV 10-1876 DOC (RNBx), 2011 WL 4946810 at *1, 2 (C.D. Cal. Oct. 17, 2011) (granting motion to

25  set aside entry of default, reasoning that "[t]he 'good cause' standard under Rule 55(c) is an easier burden for the allegedly defaulting party than the excusable neglect standard required to obtain relief from default judgment under Rule 60(b)"); *E.Digital Corporation v. Ivideon LLC*, No. 15-CV-00691-JST, 2016 WL 4728550 at *1 (N.D. Cal. Sep.

26  12, 2016) (granting motion to vacate entry of default, reasoning " '[W]hile the same test applies for motions seeking relief from default judgment under both Rule 55(c) and Rule 60(b), the test is more liberally applied in the Rule 55(c)

27  context,' as where no judgment has been entered, 'there is no interest in the finality of the judgment with which to contend'").

28

LEGAL:10468-0108/12924886.1

CENTURY INDEMNITY COMPANY'S NOTICE OF MOTION AND MOTION TO INTERVENE AS ALLEGED
INSURER OF DEFENDANT COLLINS & AIKMAN PRODUCTS, LLC AND TO VACATE DEFAULT

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310-481-7600 ♦ FAX 310-481-7650

1   Again, if DTSC obtains a judgment against C&A Products, LLC, it may try to

2   enforce that judgment against Century if DTSC establishes coverage under

3   Century's alleged policies of insurance, in which case Century will not be able to

4   challenge the existence or amount of the judgment.  Accordingly, Century should

5   be allowed to intervene.

**4.    The Existing Parties Do Not Represent Century's Interests**

7        Century also satisfies the fourth requirement for intervention of right.  None

8   of the parties present in this action represent Century's interests.  In determining

9   adequacy of representation, courts consider the following factors in assessing

10  adequate representation:

> (1) whether the interest of a present party is such that it will undoubtedly make all of a proposed intervenor's arguments; (2) whether the present party is capable and willing to make such arguments; and (3) whether a proposed intervenor would offer any necessary elements to the proceeding that other parties would neglect.

14  *Citizens for Balanced Use*, 647 F.3d at 898 (noting, "[t]he 'most important factor' in

15  assessing the

16  adequacy of representation is 'how the interest compares with the interests of

17  existing parties'").

18       The existing parties do not represent Century's interests.  DTSC is adverse to

19  Century and C&A Products, LLC. C&A Products, LLC has no assets and made no

20  effort to defend itself, let alone even appear.  Furthermore, as noted above, DTSC

21  has represented that it "will not seek enforcement of the judgment directly against

22  C&A Products, LLC, but only as a means to pursue a direct action against the

23  company's historic insurers."  (ECF No. 197, Exhibit D.)

**B.    Alternatively, Century Should Be Permitted To Intervene Pursuant To Rule 24(b)**

26       If the Court determines that Century is not entitled to intervene as a matter of

27  right, the Court should nonetheless exercise its discretion to allow Century to

28  intervene under Rule 24(b) which allows a permissive intervention. Rule 24(b)

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310-481-7600 ♦ FAX 310-481-7650

1  provides:

2    **(b) Permissive Intervention.** (1) In General. On timely motion, the court may permit anyone to intervene who: (A) is given a conditional right to intervene by a federal statute; or (B) has a claim or defense that shares with the main action a common question of law or fact. . . . In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights.

3

4

5

6  Fed R. Civ. P. 24(b) (emphasis added).

7    Here, Century's defense for entry of judgment against C&A Products, LLC

8  and DTSC's claims against C&A Products, LLC share common questions of law

9  and fact.  DTSC seeks to establish C&A Products, LLC's liability in the DTSC

10  Action.  Century seeks to challenge C&A Product, LLC's liability and the amount

11  of the proposed judgment.  As such, Century fulfills the threshold requirement for

12  the Court to allow Century's permissive intervention under Rule 24(b).

13    **C.    Century Has Shown Good Cause To Vacate The Entry Of Default**

14    Rule 55 provides that a "court may set aside an entry of default for good

15  cause . ..." Fed. R. Civ. Pro. 55(c).  The Ninth Circuit's good cause standard for

16  vacating entry of default is the same as that for vacating default judgments under

17  Rule 60(b), but the test for vacating an entry of default is much less rigid and is

18  more generous to the party in default. *See Joe Hand Promotions, Inc. v. Williams*,

19  No. 2:14-cv-02663-JAM-AC, 2015 WL 5923611 at * 2 (E.D. Cal. Oct. 9, 2015)

20  (granting motion to set aside the entry of default and default judgment, reasoning

21  that '"judgment by default is a drastic step appropriate only in extreme

22  circumstances; a case should, whenever possible, be decided on the merits.'"); *U.S.*

23  *Commodity Futures Trading Corn 'n v. American Bullion Exchange ABEX, Corp.*,

24  No. SACV 10-1876 DOC (RNBx), 2011 WL 4946810 at * 1 -2 (C.D. Cal. Oct. 17,

25  2011) (granting a motion to set aside entry of default, reasoning that "[t]he 'good

26  cause' standard under Rule 55(c) is an easier burden for the allegedly defaulting

27  party than the excusable neglect standard required to obtain relief from default

28  judgment under Rule 60(b)"); *E.Digital Corporation v. Ivideon LLC*, No. 15-cv-

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310-481-7600 ♦ FAX 310-481-7650

CENTURY INDEMNITY COMPANY'S NOTICE OF MOTION AND MOTION TO INTERVENE AS ALLEGED
INSURER OF DEFENDANT COLLINS & AIKMAN PRODUCTS, LLC AND TO VACATE DEFAULT

1   00691-JST, 2016 WL 4728550 at *1 (N.D. Cal. Sep. 12, 2016) (granting motion to

2   vacate entry of default, reasoning " '[W]hile the same test applies for motions

3   seeking relief from default judgment under both Rule 55(c) and Rule 60(b), the test

4   is more liberally applied in the Rule 55(c) context,' as where no judgment has been

5   entered, 'there is no interest in the finality of the judgment with which to contend'").

6           In evaluating relief from an entry of default against C&A Products, LLC, the

7   "court's discretion is 'especially broad'" to grant relief.  *Brady v. U.S.*, 211 F.3d 499,

8   504 (9th Cir. 2000) (emphasis added) (finding that the district court did not abuse

9   its discretion in granting a motion to set aside the default); *see also Mendoza v.*

10  *Wight Vineyard Management*, 783 F.2d 941, 945 (9th Cir. 1986) (holding that a

11  "decision on a motion to set aside a default is not an abuse of discretion unless the

12  court is 'clearly wrong' in its determination of good cause").

13          To determine "good cause," a court must "consider [ ] three factors: (1)

14  whether [the party seeking to set aside the default] engaged in culpable conduct that

15  led to the default; (2) whether [the moving party] had [no] meritorious defense; or

16  (3) whether reopening the default judgment would prejudice the other party".  *Joe*

17  *Hand Promotions*, 2015 WL 592361 1 at *2 (internal citation omitted) Brandt v.

18  American Bankers Ins. Co. of Florida, 653 F.3d 1108, 1111 (9th Cir. 2011) (setting

19  forth same factors and affirming the district court's decision to grant insurer's

20  motion to set aside default judgment).

21          In addition, "[t]he law does not favor defaults," and "therefore, any doubts as

22  to whether a party is in default should be decided in favor of the defaulting party."

23  *Bonita Packing Co. v. O'Sullivan*, 165 F.R.D. 610, 614 (C.D. Cal. 1995); *Pena v.*

24  *Seguros La Comercial*, S.A., 770 F.2d 811,814 (9th Cir. 1985) ("[D]efault

25  judgments are generally disfavored.  Whenever it is reasonably possible, cases

26  should be decided upon their merits."); *O'Connor v. Nevada*, 27 F.3d 357, 364 (9th

27  Cir. 1994) (holding same).

28  / / /

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310-481-7600 ♦ FAX 310-481-7650

CENTURY INDEMNITY COMPANY'S NOTICE OF MOTION AND MOTION TO INTERVENE AS ALLEGED
INSURER OF DEFENDANT COLLINS & AIKMAN PRODUCTS, LLC AND TO VACATE DEFAULT

1

**1.   Century Did Not Engage In Culpable Conduct**

In the Ninth Circuit, analysis of "culpability" for the purposes of demonstrating "good cause" under Rule 55(c) overlaps with the standard for "excusable neglect" under Rule 60(b)(l).   *TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 695-96 (9th Cir. 2001); *see also Meadows v. Dominican Republic*, 817 F.2d 517, 522 (9th Cir. 1987).   The Ninth Circuit finds a negligent failure to respond excusable if the defaulting party offers a credible, good-faith explanation for the delay that negates "any intention to take advantage of the opposing party, interfere with judicial decision making, or otherwise manipulate the legal process." *TCI*, 244 F.3d at 697-98.

Here, Century had no notice that DTSC sued C&A Products, LLC in the 2014 DTSC Action until the September 10, 2019 Arcina Letter.   Jacobs Decl. ¶ 4. This was nearly four and a half (4.5) years after DTSC obtained a default against C&A Products, LLC on March 25, 2015. (ECF No. 126.)

Without knowledge of the DTSC Action or entry of default against C&A Products, LLC, Century was not willful in failing to intervene and moving to vacate the default sooner.   When Century learned of the default, it immediately engaged outside counsel to assist with intervention in the DTSC Action in order to protect Century's interests as putative insurer for C&A Products, LLC.   Jacobs Decl. ¶ 4, Exhibit A.   Given these facts, Century has not engaged in "culpable conduct" within the meaning of Rule 55.   Century has not sought to take unfair advantage of DTSC or to interfere with or otherwise to manipulate the judicial decision-making process.

**2.   Century Has A Meritorious Defense To Assert Against DTSC in Favor Of C&A Products, LLC**

The "meritorious defense" component of test for setting aside an entry of default pursuant to Rule 55(c) does not require that movant demonstrate likelihood of success on merits.   Rather, "[a]ll that is necessary to satisfy the 'meritorious

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310-481-7600 ♦ FAX 310-481-7650

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310-481-7600 ♦ FAX 310-481-7650

1   defense' requirement is to allege sufficient facts that, if true, would constitute a

2   defense .. . [at] the later litigation." *U.S. v. Signed Personal Check No. 730 of*

3   *Yubran S. Mesle*, 615 F.3d 1085, 1094 (9th Cir. 2010) (finding that good cause

4   warranted setting aside default); *see also Coon v. Grenier*, 867 F.2d 73, 77 (1st Cir.

5   1989) (holding "[t]he 'meritorious defense' component of the test for setting aside a

6   default does not go so far as to require that the movant demonstrate a likelihood of

7   success on the merits.  Rather, a party's averments need only plausibly suggest the

8   existence of facts which, if proven at trial, would constitute a cognizable defense,"

9   and reversing the district court's denial of a motion to set aside default).  When "the

10  movant has a meritorious defense, doubt, if any, should be resolved in favor of the

11  motion to set aside the default so that cases may be decided on their merits."

12  *Mendoza*, 783 F.2d at 945-46 (finding that the district court did not err in setting

13  aside the default).  The meritorious defense can be to the issue of liability or

14  amount of damages. *See Key Bank of Maine v. Tablecloth Textile Co. Corp.*, 74

15  F.3d 349, 354-55 (1st Cir. 1996) (holding that the defendants possessed a

16  potentially meritorious defense that the figures upon which the default judgment

17  was premised were erroneous).

18      DTSC's essential claim against C&A Products, LLC is that C&A Products,

19  LLC's alleged predecessors entered an operation and maintenance agreement in

20  which they agreed to maintain the cap and operation of the ground water extraction

21  and treatment system to treat contaminated groundwater.  DTSC further alleges that

22  after C&A Products Co. sought Chapter 11 bankruptcy, its successors in interest

23  stopped remediating the Site.  DTSC allegedly advanced the clean-up costs, and it

24  now alleges, in its first claim for relief, that each of the defendants, including C&A

25  Products, LLC is jointly and severally liable, without regard to fault, under section

26  107(a) of CERCLA, 42 U.S.C. section 9607(a), for DTSC's costs allegedly incurred

27  in response to the alleged release or threatened release of hazardous substances at

28  or from the Site.  (ECF No. 77, ¶ 43.)  DTSC also contends, in its second claim for

1  relief, that under section 113(g)(2) of CERCLA, 42 U.S.C. section 9613(g)(2),

2  DTSC is entitled to a declaratory judgment that each of the defendants, including

3  C&A Products, LLC, is jointly and severally liable in any subsequent action or

4  actions by the DTSC to recover any further costs incurred in response to the release

5  and/or threatened release of hazardous substances into the environment at or from

6  the Site.  (ECF No. 77, ¶ 45.)

7      To establish a claim for recovery of response costs under Section 107(a),

8  plaintiff must demonstrate:

9      (1) the property at issue is a "facility" as defined in 42 U.S.C. §
       9601(9); (2) a "release" or "threatened release" of a "hazardous
10      substance" has occurred; (3) the "release" or "threatened release" has
       caused the plaintiff to incur response costs that were "necessary" and
11      "consistent with the national contingency plan,"; and (4) the defendants
       are in one of four classes of persons subject to the liability.
12

13  *Carson Harbor Village v. County of Los Angeles*, 433 F.3d 1260, 1265 (9th Cir.

14  2006) (affirming the district court's decision that does not allow a party to recover

15  its response cost for cleanup).  CERCLA also contains a provision for declaratory

16  relief.  Section 9613(g)(2) provides that in any initial cost-recovery action under

17  section 107, "the court shall enter a declaratory judgment on liability for response

18  costs or damages that will be binding on any subsequent action or actions to

19  recover further response costs or damages."  42 U.S.C. § 9613(g)(2).  Here, based

20  in large part on the delayed notice of the DTSC Action (which was not even

21  provided by DTSC, but by another entity), Century has not even been afforded the

22  opportunity to review or rebut any evidence submitted by DTSC regarding response

23  costs and the alleged consistency of these costs with the National Contingency Plan

24  (NCP).

25      Moreover, C&A Products, LLC also has a meritorious defense to DTSC's

26  alleged amount of damages.  In its June 7, 2018 letter, DTSC asserts that it has

27  unreimbursed response costs that exceed $3,400,000.  (ECF No. 197, Exhibit A.)

28  This amount is disputed, and DTSC should be required to prove this amount.  *See,*

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310-481-7600 ♦ FAX 310-481-7650

1    *e.g., Choice Hotels Int'l, Inc. v. Kusum Vali, Inc.*, 11CV1277 BTM(WMc), 2012

2    WL 1570844, at *4 (S.D. Cal. May 3, 2012) (finding a meritorious defense where

3    defendants "estimate[d]" that the monetary sums contained in the complaint, upon

4    which plaintiff based its cause of action, were wrong; and explaining that

5    "[w]hether [d]efendants' figures are accurate need not be decided by the Court at

6    this time [because] [d]efendants have alleged sufficient facts to support a

7    potentially meritorious defense regarding the amount of damages").

8         Furthermore, C&A Products, LLC also has a meritorious defense to

9    prejudgment interest DTSC seeks.  The Amended Complaint seeks interest on the

10   response costs DTSC allegedly incurred from each defendant as provided under

11   Section 107(a) of CERCLA, 42 U.S.C. section 9607(a).  Prejudgment interest is

12   only available if DTSC demanded a sum certain from each defendant.  *See United*

13   *States v. Consolidation Coal Co.*, 345 F.3d 409, 416 (6th Cir. 2003) (holding that

14   complaint was not sufficient to satisfy Section 107(a)'s written demand requirement

15   because it did not specify the specific amount sought from each defendant).

16        Here, C&A Products, LLC was added as a defendant to DTSC's Amended

17   Complaint in the DTSC Action on December 18, 2014, which named many

18   defendants.  C&A Products, LLC has a meritorious defense, under Consolidation,

19   that prejudgment interest is not available because DTSC's Amended Complaint was

20   not sufficient to satisfy Section 107(a)'s written demand requirement in that the

21   amount DTSC seeks from C&A Products, LLC is not specific enough.  Further,

22   even if the DTSC is entitled to prejudgment interests, the amount is disputed, and

23   DTSC should be required to prove this amount at trial.

24        Finally, C&A Products, LLC also has a meritorious defense to attorney's fees

25   DTSC seeks.  Neither Section 107, the liabilities and defenses provision, nor

26   Section 113, which authorizes contribution claims, "expressly calls for the recovery

27   of attorney's fees by the prevailing party."  *See Key Tronic Corp. v. U.S.*, 511 U.S.

28   809, 817 (1994) (holding that litigation-related attorney's fees were not recoverable

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310-481-7600 ♦ FAX 310-481-7650

1  in a CERCLA litigation).  Further, even if DTSC is entitled to attorney's fees, the

2  amount is disputed, and DTSC should be required to prove this amount at trial.

3     Since Century has stated a factual and cognizable defense, it has met the

4  second requirement to vacate the entry of default in this action.  *See Sosa v. Bridge*

5  *Store, Inc.*, 1:10-CV-01494-OWW, 2011 WL 1332049, *3 (E.D. Cal. Apr. 6, 2011)

6  (holding that, that "[d]efendants have no obligation to prove their contentions to

7  establish a meritorious defense for purposes of being relieved from an entry of

8  default [and] [defendant's factual allegation . . . is an allegation that will be tested

9  for truth and accuracy later in the litigation.") (citations omitted).

## 3.   DTSC Will Not Be Prejudiced By Setting Aside The Entry Of Default

12     Because relief from a default entry or judgment essentially is a matter of

13  fairness and judicial discretion, the single most persuasive reason for denying a

14  Rule 55(c) motion is prejudice to the non-defaulting party caused by reopening the

15  action.  *See Tozer v. Charles A. Krause Milling Co.*, 189 F.2d 242 (3rd Cir. 1951);

16  *Franchise Holding II, LLC v. Huntington Rests. Group, Inc.*, 375 F.3d 922, 925-26

17  (9th Cir. 2004); *O'Connor*, 27 F.3d at 364.  To be prejudicial, courts have

18  determined that the setting aside of a judgment must result in greater harm than

19  simply requiring plaintiff to try the case on the merits or delaying resolution of the

20  case. *See Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984) ("the standard is whether

21  [plaintiffs] ability to pursue his claim will be hindered"); *Thompson v. American*

22  *Home Assur. Co.*, 95 F.3d 429, 433-34 (6th Cir. 1996) (to be considered prejudicial,

23  "the delay must result in tangible harm such as loss of evidence, increased

24  difficulties of discovery, or greater opportunity for fraud or collusion"); *Franchise*

25  *Holding II*, 75 F.3d at 925-26; *O'Connor*, 27 F.3d at 364. "To be prejudicial, the

26  setting aside of a judgment must result in greater harm than simply delaying

27  resolution of the case." *TCI*, 244 F.3d at 701 ; Utica, 2007 WL 32566485, at *3

28  (N.D. Cal. 2007) (granting request of insurer to vacate default judgment against

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310-481-7600 ♦ FAX 310-481-7650

CENTURY INDEMNITY COMPANY'S NOTICE OF MOTION AND MOTION TO INTERVENE AS ALLEGED
INSURER OF DEFENDANT COLLINS & AIKMAN PRODUCTS, LLC AND TO VACATE DEFAULT

1  insured and finding that delay in intervening and requesting to vacate default did

2  not constitute prejudice before mere delay in entering judgment did not constitute

3  prejudice).

4       DTSC would not be prejudiced if the Court vacated the default against C&A

5  Products, LLC.  DTSC filed this action more than five years ago, and it has not

6  attempted to advance this litigation against C&A Products, LLC since 2015.

7  DTSC's ability to pursue its claims will not be hindered.  No discovery has been

8  conducted, and DTSC has done nothing except for filing a complaint, obtaining a

9  default, and filing an application for a default judgment.  No dispositive motions

10 have been filed, heard, and decided.  Since DTSC would not be prejudiced by the

11 Court's decision to vacate the entry of default of C&A Products, LLC, Century has

12 also met the third requirement to vacate the entry of default in this action.

13 **IV.    CONCLUSION**

14      For the foregoing reasons, Century respectfully requests that this Court allow

15 Century to intervene in the instant lawsuit as a putative insurer of underlying

16 Defendant Collins & Aikman Products, LLC ("C&A Products, LLC"), a cancelled

17 Delaware limited liability company, as successor in interest to the Wickes

18 Corporation and/or the Wickes Companies, Inc., and to vacate the default against

19 C&A Products, LLC.

20 DATED:  October 17, 2019     WOOD, SMITH, HENNING & BERMAN LLP

23      By:    /s/ Stratton P. Constantinides

24      THOMAS F. VANDENBURG

     STRATTON P. CONSTANTINIDES

25      Attorneys for Proposed Intervenor Century

26      Indemnity Company as successor to CCI

     Insurance Company as successor to Insurance

27      Company of North America

LEGAL:10468-0108/12924886.1
CENTURY INDEMNITY COMPANY'S NOTICE OF MOTION AND MOTION TO INTERVENE AS ALLEGED
INSURER OF DEFENDANT COLLINS & AIKMAN PRODUCTS, LLC AND TO VACATE DEFAULT

<div style="text-align: left; writing-mode: vertical">
WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310-481-7600 ♦ FAX 310-481-7650
</div>

1

**PROOF OF SERVICE**

2
     I am employed in the County of Los Angeles, State of California.  I am over the age of eighteen years and not a party to the within action.  My business address
3
is 10960 Wilshire Boulevard, 18th Floor, Los Angeles, CA 90024-3804.

4
     On October 17, 2019, I served the following document(s) described as
**CENTURY INDEMNITY COMPANY'S NOTICE OF MOTION AND**
5
**MOTION TO INTERVENE AS ALLEGED INSURER OF DEFENDANT**
**COLLINS & AIKMAN PRODUCTS, LLC AND TO VACATE DEFAULT;**
6
**MEMORANDUM OF POINTS AND AUTHORITIES** on the interested parties
in this action as follows:
7

**SEE ATTACHED SERVICE LIST**
8

     **BY CM/ECF NOTICE OF ELECTRONIC FILING:**  I electronically filed
9
the document(s) with the Clerk of the Court by using the CM/ECF system.
Participants in the case who are registered CM/ECF users will be served by the
10
CM/ECF system.  Participants in the case who are not registered CM/ECF users will
be served by mail or by other means permitted by the court rules.
11

12
     I declare under penalty of perjury under the laws of the United States of
America that the foregoing is true and correct and that I am employed in the office
13
of a member of the bar of this Court at whose direction the service was made.

14
     Executed on October 17, 2019, at Los Angeles, California.

15

16
                      /s/ Jacqueline V. Wilburn
                      Jacqueline V. Wilburn

17

18

19

20

21

22

23

24

25

26

27

28

LEGAL:10468-0108/12924886.1

-24-

CENTURY INDEMNITY COMPANY'S NOTICE OF MOTION AND MOTION TO INTERVENE AS ALLEGED
INSURER OF DEFENDANT COLLINS & AIKMAN PRODUCTS, LLC AND TO VACATE DEFAULT

1

**SERVICE LIST**

2

*California Dept. of Toxic Substances Control, et al. v. Jim Dobbas, Inc., et al,*
*United States District Court, Eastern District of California*
**Case No. 2:14-cv-0595-WBS-EFB**

3

4

5    XAVIER BECERRA                                  Alexander Eugene Potente
     Attorney General of California                  Clyde & Co US LLP
6    EDWARD H. OCHOA                                  101 2nd Street, Suite 2400
     Supervising Deputy Attorney General             San Francisco, CA 94105
7    OLIVIA W. KARLIN, State Bar No. 150432           Telephone: (415) 365-9800
     LAURA J. ZUCKERMAN (Counsel for                  Fax: (415) 365-9801
8    service) State Bar No. 161896                    Email: alex.potente@clydeco.us
     Deputy Attorneys General                         LEAD ATTORNEY
9    1515 Clay Street, 20th Floor                     ATTORNEY TO BE NOTICED
     Oakland, CA 94612                                **Attorneys for Intervenor, THE**
10   Telephone: (510) 879-1299                        **TRAVELERS INDEMNITY**
     Fax: (510) 622-2270                              **COMPANY**
11   E-mail: Laura.Zuckerman@doj.ca.gov
     **Attorneys for Plaintiffs California**
12   **Department of Toxic Substances Control**
     **and the Toxic Substances Control Account**

13

     Brian M. Rostocki                               Sam M. Thorpe
14   Reed Smith LLP - Delaware                       Nicolaides Fink Thorpe
     1201 Market Street - Suite 1500                 Michaelides Sullivan LLP
15   Wilmington, DE 19801                            101 Montgomery Street, Suite 2300
     **Registered Agent for C&A Products, LLC**      San Francisco, CA 94104
16                                                    Telephone: (415) 745-3772
                                                      Fax: (415) 745-3771
17                                                    Email: ssthorpe@nicolaidesllp.com
                                                      LEAD ATTORNEY
18                                                    ATTORNEY 70 BE NOTICED
                                                      **Attorneys for the Intervenor,**
19                                                    **THE CONTINENTAL**
                                                      **INSURANCE COMPANY**

20

21

22

23

24

25

26

27

28

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310-481-7600 ♦ FAX 310-481-7650

LEGAL:10468-0108/12924886.1

CENTURY INDEMNITY COMPANY'S NOTICE OF MOTION AND MOTION TO INTERVENE AS ALLEGED
INSURER OF DEFENDANT COLLINS & AIKMAN PRODUCTS, LLC AND TO VACATE DEFAULT