UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| CALIFORNIA DEPARTMENT OF TOXIC SUBSTANCES CONTROL and the TOXIC SUBSTANCES CONTROL ACCOUNT,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>JIM DOBBAS, INC. a California corporation; CONTINENTAL RAIL, INC., a Delaware corporation; DAVID VAN OVER, individually; PACIFIC WOOD PRESERVING, a dissolved California corporation; WEST COAST WOOD PRESERVING, LLC., a Nevada limited liability company; and COLLINS & AIKMAN PRODUCTS, LLC, a Delaware limited liability company,<br><br>　　　　　Defendants. | No. 2:14-CV-00595 WBS EFB<br><br><u>ORDER RE: MOTION TO INTERVENE AND SET ASIDE DEFAULT</u> |

----oo0oo----

　　　　Plaintiffs Department of Toxic Substances Control and the Toxic Substances Control Account (collectively "DTSC") sought recovery of costs and interest incurred during the cleanup of a

1

wood preserving operation in Elmira, California against multiple defendants under the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), 42 U.S.C. § 9601 et seq. (First Am. Compl. ("FAC") at ¶ 19.) DTSC obtained an entry of default against a canceled Delaware corporation, defendant Collins & Aikman Products, LLC ("C&A Products") in 2015 after it failed to respond to DTSC's First Amended Complaint. (Docket No. 129.) Presently before the court is The Travelers Indemnity Company's ("Travelers") motion to intervene as a defendant in this matter and vacate default against its insured, C&A Products. (Mot. to Intervene and Vacate Default ("Mot.") at 2 (Docket No. 196).)

I. Motion to Intervene

Travelers seeks to intervene as of right or, in the alternative, permissively under Federal Rule of Civil Procedure Rule 24. (Mot. at 6.)

In order to intervene as of right, the party must demonstrate that it has an interest in the litigation and that interest would be practically impaired if the intervention was not granted. Cal. Dep't. of Toxic Substances Control v. Commercial Realty Projects, Inc., 309 F.3d 1113, 1119 (9th Cir. 2002) (quoting United States v. State of Washington, 86 F.3d 1499, 1503 (9th Cir. 1996)). Ordinarily, insurance companies do not have an interest in actions between those they insure and another party when they deny coverage and refuse to provide a defense. Gray v. Begley, 182 Cal. App. 4th 1509, 1522 (2d Dist. 2010).

However, "an insurer providing a defense under a

2

reservation of rights has not lost its right to control the litigation" and thus retains an interest in the action. Hyundai Motor Am. v. Nat'l Union Fire Ins. Co. of Pittsburgh, No. SACV 08-00020-JVS (RNBx), 2010 WL 11468348, at *3 (C.D. Cal. Oct. 26, 2010) (citing Gray, 182 Cal. App. 4th at 1523-24)). Under California law, where the insured defendant is "legally incapacitated" because of suspension or cancelation, the insurer can intervene in the action under a reservation of rights because "if an insurer were unable to intervene . . . the insurer would be deprived of any opportunity to 'contest its insured's fault or the available damages.'" B.G.N. Fremont Square Ltd. v. Chung, No. CV 10-9749 GAF (RZx), 2011 WL 13129968, at *5 (C.D. Cal. Sep. 27, 2011) (citing APL Co. Pte. Ltd. v. Valley Forge Ins. Co., No. C 09-05641 MHP, 2010 WL 1340373, at *4 (N.D. Cal. Apr. 5, 2010).

But here, Travelers has both disclaimed coverage and any duty to defend C&A Products (See Decl. of Alexander E. Potente ("Potente Decl.") at Exs. B & C (Docket Nos. 197-2, 197-3)) and refused to provide a defense under a reservation of rights.[1] (Decl. of Laura J. Zuckerman ("Zuckerman Decl.") at 2 (Docket No. 215-1).) Accordingly, Travelers forfeited any direct interest in the action and the court will not permit it to intervene as of right.

Alternatively, permissive intervention may be granted by the district court under its broad discretion. Perry v. Schwarzenegger, 630 F.3d 898, 905 (9th Cir. 2011) (per curiam).

---

[1] DTSC offered to stipulate to Travelers' intervention if it provides a defense under a reservation of rights. Travelers refused. (Zuckerman Decl. at 2.)

3

Courts may consider the "nature and extent of the intervenors' interest" and "whether intervention will prolong or unduly delay the litigation." Id. at 905 (citing Spangler v. Pasadena Bd. of Educ., 552 F.2d 1326, 1329 (9th Cir. 1977)). For the reasons above, the court finds Travelers does not have an interest in this litigation and its intervention would only serve to prolong the action. The court will not permit Travelers to intervene permissively, and the court will deny Travelers' motion to intervene.

II. Motion to Vacate Default

Under Federal Rule of Civil Procedure Rule 55(c), a court may set aside an entry of default for good cause. To determine good cause, a court will consider: (1) whether the party seeking to set aside default engaged in culpable conduct that led to the default; (2) whether the party had a meritorious defense; and (3) whether reopening the default would prejudice the other party. United States v. Signed Personal Check No. 730 of Yubran Mesle, 615 F.3d 1085, 1091 (9th Cir. 2010) (internal quotations omitted). "[A] finding that any one of these factors is true is sufficient reason for the district court to refuse to set aside the default." Id.

Looking to the Signed Personal Check No. 730 of Yubran Mesle considerations, even if Travelers were permitted to intervene, it has failed to establish good cause to set aside C&A Products' default. First, although there is no claim that Travelers itself engaged in any culpable conduct, the conduct of its insured corporation, through its duly authorized receiver, can be considered culpable. C&A Products was a Delaware limited

liability company. Under Delaware law, a cancelled limited liability company can be sued if the Delaware Court of Chancery appoints a trustee or receiver for the company. 6 Del. C. § 18-805. The Court of Chancery's appointed receiver, Brian Rostocki, had "the power, but not the obligation, to defend, in the name of Collins & Aikman Products, LLC, any claims made against it in DTSC v. Dobbas." In re Collins & Aikman Prods., LLC, No. 10348-CB, 2014 WL 6907689, at *1-2 (Del. Ch. Dec. 8, 2014) (Docket No. 73-1). Mr. Rostocki accepted service of DTSC's First Amended Complaint and failed to respond, leading to the entry of default. (Docket No. 129.)

Second, Travelers has not offered or suggested any meritorious defense that C&A Products would have to the complaint if its default were set aside. Travelers' disagreement with Mr. Rostocki's decision not to respond does not rise to the level of a "meritorious defense" necessary to show good cause. Further, the court expresses no opinion as to the merits of Travelers' own declaratory relief action against DTSC, except to note that the relief sought in that action would not constitute a defense which C&A Products could assert to liability in this action.

Third, Travelers has failed to show that reopening the default would not prejudice DTSC. The harm here is "greater" than "simply delaying the resolution of the case." TCI Grp. Life Ins. Plan v. Knoebber, 244 F.3d 691, 701 (9th Cir. 2001), overruled on other grounds by Egelhoff v. Egelhoff ex rel. Breiner, 532 U.S. 141 (2001). DTSC sought entry of default against C&A Products in 2015. Neither C&T Products nor Travelers did anything to attempt to set aside that default for over three

5

years.  DTSC relied in good faith on that default and incurred the litigation expenses associated with preparing and filing a motion for entry of judgment on that default.  Accordingly, the court will deny Travelers' motion to vacate entry of default.

IT IS THEREFORE ORDERED that Traveler's Motion to Intervene and Motion to Vacate Default (Docket No. 196) be, and the same thereby is, DENIED.

Dated:  October 22, 2019

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE