Thomas F. Vandenburg (State Bar No. 163446)
tvandenburg@wshblaw.com
Stratton P. Constantinides (State Bar No. 305103)
sconstantinides@wshblaw.com
**WOOD, SMITH, HENNING & BERMAN LLP**
10960 Wilshire Boulevard, 18th Floor
Los Angeles, California 90024-3804
Phone: 310-481-7600 ♦ Fax: 310-481-7650

Attorneys for Proposed Intervenors Allianz Underwriters Insurance Company,
Chicago Insurance Company, and Fireman's Fund Insurance Company

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION

| | |
|---|---|
| CALIFORNIA DEPARTMENT OF TOXIC SUBSTANCES CONTROL and the TOXIC SUBSTANCES CONTROL ACCOUNT, <br><br> Plaintiffs, <br><br> v. <br><br> JIM DOBBAS, INC., a California corporation; CONTINENTAL RAIL, INC., a Delaware corporation; DAVID VAN OVER, individually; PACIFIC WOOD PRESERVING, a dissolved California corporation; WEST COAST WOOD PRESERVING, LLC., a Nevada limited liability company; and COLLINS & AIKMAN PRODUCTS, LLC, a Delaware limited liability company,, <br><br> Defendants. <br><br> AND RELATED CROSS-ACTIONS | Case No. 2:14-cv-0595-WBS-EFB <br><br> **ALLIANZ UNDERWRITERS INSURANCE COMPANY, CHICAGO INSURANCE COMPANY, AND FIREMAN'S FUND INSURANCE COMPANY'S NOTICE OF MOTION AND MOTION TO INTERVENE AS ALLEGED INSURER OF DEFENDANT COLLINS & AIKMAN PRODUCTS, LLC AND TO VACATE DEFAULT; MEMORANDUM OF POINTS AND AUTHORITIES** <br><br> Date:      December 2, 2019 <br> Time:     1:30 p.m. <br> Place:     Courtroom 5, 14th Floor <br>                501 I Street <br>                Sacramento, CA 95814 <br><br> The Hon. William B. Shubb <br><br> Trial Date:      None Set |

/ / /

/ / /

LEGAL:05971-0074/13099344.1

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310-481-7600 ♦ FAX 310-481-7650

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on December 2, 2019, at 1:30 p.m., or as soon thereafter as the matter may be heard, in Courtroom 5 of the above Court, located at 14 Floor, 501 I Street, Sacramento, CA 95814, Proposed Intervenors ALLIANZ UNDERWRITERS INSURANCE COMPANY, CHICAGO INSURANCE COMPANY, AND FIREMAN'S FUND INSURANCE COMPANY ("Allianz Intervenors") as putative insurers of the Wickes Companies, Inc. ("Wickes"), alleged predecessor of underlying Defendant Collins & Aikman Products, LLC ("C&A Products, LLC"), a cancelled Delaware limited liability company, will move for an order permitting Allianz Intervenors to intervene in the above-captioned action, vacate default and oppose entry of judgment against C&A Products, LLC.

This motion is made pursuant to Federal Rules of Civil Procedure, Rule 24, on the grounds that Allianz Intervenors have a direct interest in this litigation because C&A Products, LLC is a cancelled Delaware limited liability company and lacks the resources or capacity to defend itself in this matter, and because DTSC has indicated that it seeks to recover any default judgment against putative insurers of C&A Products, LLC.  Pursuant to Federal Rules of Civil Procedure, Rule 55(c), good cause also exists to vacate the default taken by DTSC against C&A Products, LLC.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310-481-7600 ♦ FAX 310-481-7650

1       This Motion is based upon this Notice, the accompanying Memorandum of

2   Points and Authorities, the concurrently filed Declaration of Joey D. Solomon and

3   exhibits attached thereto, all pleadings and papers on file in this action, and such

4   other matters as may be properly presented to the Court at the time of the hearing.

5

6   DATED:  November 4, 2019        WOOD, SMITH, HENNING & BERMAN LLP

7

8

9                  By:     */s/ Stratton P. Constantinides*

10                      THOMAS F. VANDENBURG

                    STRATTON P. CONSTANTINIDES

11          Attorneys for Proposed Intervenors Allianz

        Underwriters Insurance Company, Chicago

12          Insurance Company, and Fireman's Fund

        Insurance Company

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310-481-7600 • FAX 310-481-7650

ALLIANZ UNDERWRITERS INSURANCE COMPANY, CHICAGO INSURANCE COMPANY, AND
FIREMAN'S FUND INSURANCE COMPANY'S MOTION TO INTERVENE AND TO VACATE DEFAULT

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION AND SUMMARY OF ARGUMENT......................................................5

II.   FACTUAL BACKGROUND ........................................................................................5

    A.   The Site And Potentially Responsible Parties..............................................5

    B.   C&A Products Co.'s Bankruptcy And The Cessation Of Its Remedial
        Activities At The Site...................................................................................7

    C.   DTSC's 2014 Action Under CERCLA........................................................8

III.  LEGAL ARGUMENT ..............................................................................................10

    A.   As Putative Insurers Of C&A Products, LLC, Allianz Intervenors  Are
        Entitled To Intervene As A Matter Of Right To Protect Their  Own Interests........10

        1.   Allianz Intervenors' Motion To Intervene Is Timely ...................12

            (a)   There Has Been No Active Litigation on the Merits .......................13

            (b)   DTSC Will Not Be Prejudiced ...................................................13

            (c)   Allianz Intervenors Have Not Delayed Seeking the Relief
                  Sought Herein...................................................................................14

        2.   Allianz Intervenors Have A Significant Protectable Interest....................15

        3.   Allianz Intervenors' Interests May Be Impaired If....................17

    Intervention Is Not Permitted..................................................................17

        4.   The Existing Parties Do Not Represent Allianz Intervenors'....................18

    Interests..................................................................................18

IV.   CONCLUSION ........................................................................................27

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310-481-7600 ♦ FAX 310-481-7650

ALLIANZ UNDERWRITERS INSURANCE COMPANY, CHICAGO INSURANCE COMPANY, AND
FIREMAN'S FUND INSURANCE COMPANY'S MOTION TO INTERVENE AND TO VACATE DEFAULT

# TABLE OF AUTHORITIES

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310-481-7500 ♦ FAX 310-481-7650

**Page**

## CASES

*Bonita Packing Co. v. O'Sullivan*, 165 F.R.D. 610 ........................................................ 3

*Brandt v.* American Bankers Ins. Co. of Florida, 653 F.3d 1108 .................................... 3

*Carson Harbor Village v. County of Los Angeles*, 433 F.3d 1260 .................................. 6

*Choice Hotels Int'l, Inc. v. Kusum Vali, Inc.*, 11CV1277 BTM(WMc), 2012 WL 1570844 ........... 7

*Citizens for Balanced Use v. Mont. Wilderness Ass 'n*, 647 F.3d 893 ................ 11, 12, 15, 1

*City of Emeryville v. Robinson*, 621 F.3d 1251 ............................................................. 17

*Commodity Futures Trading Corn 'n v. American Bullion Exchange ABEX, Corp.*, No. SACV 10-1876 DOC (RNBx) ........................................................................ 2

*Coon v. Grenier*, 867 F.2d 73 .......................................................................................... 5

*E.Digital Corporation v. Ivideon LLC*, No. 15-cv-00691-JST .......................................... 3

*Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984) ........................................................... 9

*Forest Res. Council v. Glickman*, 82 F.3d 825 ............................................................... 12

*Franchise Holding II, LLC v. Huntington Rests. Group, Inc.*, 375 F.3d 922, 925-26 (9th Cir. 2004) ........................................................................................................ 9

*Fremont Square LTD. v. Chung*, CV 10-9749 GAP (RZx) ............................................. 16

*Gray v. Begley*, 182 Cal.App.4th 1509 ........................................................................... 11

*Joe Hand Promotions, Inc. v. Williams*, No. 2:14-cv-02663-JAM-AC ........................... 2

*Kaufman & Broad Communities, Inc. v. Performance Plastering, Inc.*, 136 ................... 16

*Key Bank of Maine v. Tablecloth Textile Co. Corp.*, 74 F.3d 349 .................................. 5

*Meadows v. Dominican Republic*, 817 F.2d 517 ............................................................. 4

*Mendoza v. Wight Vineyard Management*, 783 F.2d 941 ............................................ 3, 5

*NAACP v. New York*, 413 U.S. 345 ................................................................................. 12

*O'Connor v. Nevada*, 27 F.3d 357 ............................................................................... 4, 9

*Reliance Ins. v. Superior Court*, 84 .......................................................................... 14, 16

*Sosa v. Bridge Store, Inc.*, 1:10-CV-01494-OWW, 2011 ............................................... 8

*Southwest Center for Biological Diversity v. Berg*, 268 F.3d 810 ................................................... 15

*TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691 .................................................................. 4

*Thompson v. American Home Assur. Co.*, 95 F.3d 429, 433-34 (6th Cir. 1996) ............................. 9

*Tozer v. Charles A. Krause Milling Co.*, 189 F.2d 242 (3rd Cir. 1951).......................................... 9

*U.S. v. Oregon*, 913 F.2d 576 ........................................................................................... passim

*U.S.v. City of Los Angeles*, 288 F.3d 391 ...................................................................................... 16

*United States v. Consolidation Coal Co.*, 345 F.3d 409 (6th Cir. 2003) ............................... passim

*United States v. Signed Personal Check No. 730 of Yubran Mesle,* 615 F.3d 1085 ........................ 3

*Utica Mut. Ins. Co. v. Hamilton Supply Co.*, No. C 06-07846 SI ......................................... 13, 16, 9

## STATUTES

Cal. Health & Safety Code §§ 25300 ............................................................................................ 8

CERCLA, 42 U.S.C. § 9607 .......................................................................................................... 8

CERCLA, 42 U.S.C. § 9607(a) .................................................................................................. 6, 7

CERCLA, 42 U.S.C. § 9613(g) .................................................................................................. 8, 6

CERCLA, 42 U.S.C. § 9613(g)(2) ................................................................................................. 6

## OTHER AUTHORITIES

*TCI*, 244 F.3d at 697-98 ............................................................................................................... 4

## RULES

Fed. R. Civ. P. 24(a)........................................................................................................... 5, 10, 11

Fed. R. Civ. P. 24(a)..................................................................................................................... 10

Fed. R. Civ. Proc. 55(c) ......................................................................................................... passim

Fed. R. Civ. Proc. 60 .......................................................................................................... 17, 2, 4

Federal Rules of Civil Procedure, Rule 55(a) ................................................................................ 9

Rule 24(b)..................................................................................................................................... 1, 2

Rule 55 ..................................................................................................................................... passim

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310-481-7600 • FAX 310-481-7650

ALLIANZ UNDERWRITERS INSURANCE COMPANY, CHICAGO INSURANCE COMPANY, AND
FIREMAN'S FUND INSURANCE COMPANY'S MOTION TO INTERVENE AND TO VACATE DEFAULT

Rule 60(b)................................................................................................................ 3

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310-481-7600 ♦ FAX 310-481-7650

ALLIANZ UNDERWRITERS INSURANCE COMPANY, CHICAGO INSURANCE COMPANY, AND
FIREMAN'S FUND INSURANCE COMPANY'S MOTION TO INTERVENE AND TO VACATE DEFAULT

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310-481-7600 • FAX 310-481-7650

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION AND SUMMARY OF ARGUMENT

Allianz Intervenors move to intervene in this action to protect their interests as excess liability insurers of Wickes and to vacate the default against C&A Products, LLC.  Any rulings or judgment made against C&A Products, LLC in this case may impact Allianz Intervenors' obligations, if any, to DTSC, if DTSC becomes a judgment creditor of C&A Products, LLC.

C&A Products, LLC is a cancelled Delaware limited liability company against which DTSC has obtained entry of default.  As Wickes's putative insurer, alleged predecessor to C& A Products, LLC, Federal Rules of Civil Procedure, Rule 24(a) and substantive California law allow Allianz Intervenors to intervene as a matter of right.  Allianz Intervenors' request is timely within the meaning of Rule 24(a), Allianz Intervenors have a "significantly protectable" interest regarding C&A Products, LLC's exposure in this action, disposition of this action without intervention may impair Allianz Intervenors' interest, and Allianz Intervenors' interest is not represented by any party to the action.  Pursuant to Federal Rules of Civil Procedure, Rule 55(c), good cause also exists to vacate the default taken by DTSC against C&A Products, LLC.  Allianz Intervenors respectfully requests that this Court grant their motion to intervene and to vacate the default against C&A Products, LLC.

## II.   FACTUAL BACKGROUND

### A.   The Site And Potentially Responsible Parties

DTSC alleges the following:

- From 1972 until September 12, 1979, Pacific Wood Preserving conducted wood preserving operations at the property located at 147A Street, Elmira, California 95625 ("Site").  (ECF No. 77, ¶ 17.)[1]

---

[1] ECF Numbers referred to herein are references to pleadings within the above-entitled action.

- In September 1979, Pacific Wood Preserving sold the Site and wood preserving business to The Wickes Corporation (later known as Wickes Companies, Inc.).  (ECF No. 77, ¶ 16.)

- Wickes operated the Site from 1979 to 1982.  (Id.)  Wickes and its successor Collins & Aikman Products Co. ("C&A Products Co."), owned and operated the Site until March 20, 1997. (ECF No. 77, ¶¶ 15, 16.)

- C&A Products Co. became known as the defendant C&A Products, LLC on December 6, 2007. (ECF No. 77, ¶ 15.)

- During their respective wood preserving operations, Pacific Wood Preserving and Wickes released hazardous substances, including arsenic, chromium, and copper.  (ECF No. 77, ¶ 19.)

- From the 1980s through 2005, DTSC claims that Wickes and then C&A Products, Co. took responsive actions under oversight of the DTSC and its predecessor agency to address environmental contamination at the Site. (ECF No. 77, ¶ 20.)  Those actions included soil excavation, installing an asphalt cap over contaminated soils, constructing a building and a drainage system over another contaminated area of the Site, installing and operating a groundwater extraction and treatment system, and groundwater monitoring. (Id.)  In March 1996, DTSC and C&A Products Co. entered into the "Operation and Maintenance Agreement," which certified implementation of the final remedial action at the Site.  (ECF No. 23-3.)  C&A Products Co. agreed to perform soil excavation and off-site disposal, install an asphalt cap, and conduct ground water extraction and treatment in an on-site chemical treatment plant.  (ECF No. 23-3, ¶ 7.A.) As part of the post-closure activities, C&A Products Co. was required to continue to extract, treat, sample, and analyze ground water, sample and analyze procedures associated with the on-site chemical treatment system and asphalt cap from the Site. (ECF No. 23-3, ¶ 12.A.)

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310-481-7500 • FAX 310-481-7650

ALLIANZ UNDERWRITERS INSURANCE COMPANY, CHICAGO INSURANCE COMPANY, AND FIREMAN'S FUND INSURANCE COMPANY'S MOTION TO INTERVENE AND TO VACATE DEFAULT

- On March 20, 1997, C&A Products Co. sold the Site to defendants Jim Dobbas, Inc. and Continental Rail, Inc., while continuing to address environmental contamination at the Site. (ECF No. 77, ¶ 22.)

**B.    C&A Products Co.'s Bankruptcy And The Cessation Of Its Remedial Activities At The Site**

On May 17, 2005, C&A Products Co. filed a Chapter 11 petition in the United States Bankruptcy Court for the Eastern District of Michigan, Case No. 05-55932, jointly administered with the bankruptcy cases of other debtors under Case No. 05-55927.  (ECF No. 77, ¶ 23.)  DTSC claims that in the summer of 2005, while in Chapter 11 bankruptcy proceedings, C&A Products Co. stopped its remediation efforts.  (ECF No. 77, ¶ 24.)

In 2006, DTSC claims to have requested that Jim Dobbas, Inc. and Continental Rail, Inc., as the then owners of the Site, resume remediation efforts at the Site.  (ECF No. 77, ¶ 25.)  C&A Products, LLC was purportedly formed on or about December 6, 2007, as a conversion of the Delaware corporation Collins & Aikman Products Co.  (ECF No. 77, ¶ 15.)  DTSC further asserts that in December 2007, after agreeing to perform certain remedial actions, Jim Dobbas, Inc. and Continental Rail, Inc. failed and refused to perform most of the actions formerly conducted by C&A Products Co. to address contamination at the Site.  (ECF No. 77, ¶ 27.)  After Jim Dobbas, Inc. and Continental Rail, Inc. sold the Site to defendant David Van Over in 2011, DTSC allegedly issued an Imminent or Substantial Endangerment Determination Order and Remedial Action Order requiring Jim Dobbas, Inc., Continental Rail, Inc., and David Van Over to conduct additional remediation activities.  (ECF No. 77, ¶¶ 30-31, and Ex. D.)  All three of those defendants allegedly failed to comply with these orders.  (ECF No. 77, ¶ 32.)  As a result, DTSC claims to have itself undertaken the responsive actions to remediate the Site, thereby incurring unreimbursed remediation costs.  (ECF No. 77, ¶¶ 33-36.)  Specifically, the response actions DTSC claims to have taken

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310-481-7600 ♦ FAX 310-481-7650

included efforts to repair and restart the groundwater extraction and treatment system, completion of a remedial investigation for site soils, preparation of the "Removal Action Workplan," implementation of the that plan in October and November 2011, and groundwater monitoring.  (ECF No. 77, ¶ 33.)

**C.    DTSC's 2014 Action Under CERCLA**

On March 3, 2014, DTSC filed the present action (the "DTSC Action"), seeking cost recovery under CERCLA, 42 U.S.C. § 9607, declaratory relief under CERCLA, 42 U.S.C. § 9613(g), and damages, injunctive relief, and civil penalties under the Hazardous Substance Account Act, Cal. Health & Safety Code §§ 25300, *et seq.* against potentially responsible parties at the Site.

On November 13, 2014, DTSC filed a Petition for the Appointment of a Receiver for C&A Products, LLC with the Delaware Court of Chancery, so that it could add C&A Products, LLC to this action, obtain a default judgment and bring direct actions against that entities' historic insurers.  Solomon Decl. ¶ 4, Exhibit A (¶¶ 2-3).  Significantly, DTSC admitted it had knowledge of the existence of C&A Products, LLC's historic insurance when it filed the Petition.  (Id. ¶ 12.)

On December 8, 2014, the Delaware Court of Chancery appointed Brian Rostocki the receiver for C&A Products, LLC "for the limited purpose of allowing Collins & Aikman Products, LLC to be sued [in the DTSC Action], and with the power, ***but not the obligation***, to defend, in the name of Collins & Aikman Products, LLC, any claims made against it [in the DTSC Action]."  *See In re Collins & Aikman Prods., LLC*, No. 10348-CB, 2014 WL 6907689, *1-2 (Del. Ch. Dec. 8, 2014) (emphasis added).   As receiver, Mr. Rostocki "act[ed] as registered agent in the State of Delaware for service of process on Collins & Aikman Products, LLC, including, without limitation, for service of process [in the DTSC Action].  *Id.* at * 1.  DTSC agreed to pay the reasonable costs of the receiver.  Solomon Decl. ¶ 4, Exhibit A (¶ 16).

On December 11, 2014, DTSC filed its First Amended Complaint (the

-8-

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310-481-7600 • FAX 310-481-7650

"Amended Complaint") against C&A Products, LLC and other potentially responsible parties in the DTSC Action.  DTSC served Mr. Rostocki with the Amended Complaint.  C&A Products, LLC did not respond or appear.

Despite DTSC's and C&A Products, LLC's knowledge of the historical insurers, Allianz Intervenors received no notice of the DTSC's Petition to Appoint Receiver, filing of the original or Amended Complaint or service of the Amended Complaint on C&A Products, LLC, at the time those events occurred, or at any time prior to September 10, 2019.

On March 25, 2015, without notice to Allianz Intervenors, DTSC took the default, under Federal Rules of Civil Procedure, Rule 55(a), of C&A Products, LLC for having failed to answer the complaint in the DTSC Action.  (ECF No. 126.)  On March 26, 2015, the clerk entered default against C&A Products, LLC in the DTSC Action.  (ECF No. 129.)  Allianz Intervenors did not receive notice of such default at that time, or at any time prior to September 10, 2019.

DTSC then settled with defendants West Coast Wood Preserving for $350,000, Jim Dobbas, Inc., for $265,000, and David Van Over for $250,000, entering into public settlements and consent decrees with each of them.  (ECF No. 185, p. 10 of 21, ECF No. 141, ¶¶ 13, 23; ECF No. 150, ¶¶ 12, 22.; ECF No. 182, ¶¶ 12, 25.)  The Court approved these consent decrees on September 16, 2015, November 18, 2015, and March 28, 2018, respectively, again all long before Allianz Intervenors received notice of the DTSC Action.  (ECF Nos. 141, 150, 182.)

Allianz Intervenors were first notified of the DTSC Action by letter dated September 10, 2019 from Arcina Risk Group ("Arcina Letter"), which was nearly five (5) years after naming C&A Products, LLC in the DTSC Action.  Solomon Decl. ¶ 5, Exhibit B.  Allianz Intervenors assume the DTSC retained, directed the actions of or is funding the cost of Arcina Risk Group, based on the fact that the DTSC committed to paying the Receiver's costs and the Arcina Letter directs all

ALLIANZ UNDERWRITERS INSURANCE COMPANY, CHICAGO INSURANCE COMPANY, AND
FIREMAN'S FUND INSURANCE COMPANY'S MOTION TO INTERVENE AND TO VACATE DEFAULT

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310-481-7600 • FAX 310-481-7650

responses to the DTSC and the Receiver.  The Arcina Letter further served as

Allianz Intervenors' first notice of the pending Application for Default Judgment,

which was then scheduled for September 25, 2019.  Solomon Decl. ¶ 5, Exhibit B.

On September 23, 2019, Allianz Intervenors sent a response and acknowledgement

letter to Arcina Risk Group.  Solomon Decl. ¶ 6, Exhibit C.  Furthermore, Allianz

Intervenors promptly initiated a search for the insurance policies identified by

Arcina Risk, commenced an investigation regarding the claims at issue and

engaged outside counsel to assist with intervention in the DTSC Action in order to

protect Allianz Intervenors' interests as putative insurers for Wickes.  Solomon

Decl. ¶ 7.

On August 21, 2019, DTSC moved for application for entry of default

judgment against C&A Products, LLC. (ECF No. 184.)  DTSC served the

application for entry of default judgment against C&A Products, LLC on Rostocki,

but neither it nor Rostocki notified Allianz Intervenors of the application.  Allianz

Intervenors, which only recently learned of this application for entry of default

judgment by the September 10, 2019 Arcina Letter, is now submitting this motion

to intervene without delay.

## III.  **LEGAL ARGUMENT**

### A.  **As Putative Insurers Of C&A Products, LLC, Allianz Intervenors Are Entitled To Intervene As A Matter Of Right To Protect Their Own Interests**

Federal Rule of Civil procedure 24(a) provides the criteria for intervention as

a matter of right, and it allows for intervention here because DTSC likely intends to

attempt to have Allianz Intervenors pay any judgment against C&A Products, LLC:

**(a) Intervention of Right.** On timely motion, the court must permit anyone to intervene who: (1) is given an unconditional right to intervene by a federal statute; or (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310-481-7600 • FAX 310-481-7650

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310-481-7600 • FAX 310-481-7650

1

2   Fed. R. Civ. P. 24(a).

3        As putative insurers of Wickes, Allianz Intervenors can establish the four

4   elements needed for intervention as a matter of right:

5        (1) the intervention application is timely; (2) the applicant has a
     significant protectable interest relating to the property or transaction
6        that is the subject of the action; (3) the disposition of the action may, as
     a practical matter, impair or impede the applicant's ability to protect its
7        interest; and (4) the existing parties may not adequately represent the
     applicant's interest.

8

9   *Citizens for Balanced Use v. Mont. Wilderness Ass 'n*, 647 F.3d 893, 897 (9th Cir.

10   2011) (reversing district court's denial of intervention in the ongoing litigation

11   because the proposed intervenor satisfied the four elements for intervention as of

12   right under Fed. R. Civ. P. 24(a)).  In determining whether to permit intervention, a

13   court is "guided primarily by practical considerations, not technical distinctions,"

14   and "the requirements are broadly interpreted in favor of intervention." *Citizens for*

15   *Balanced Use*, 647 F.3d at 897 (emphasis added).

16        Furthermore, when coverage has not yet been denied, an insurer is allowed to

17   intervene while reserving  rights to contest coverage at a later date. *See Gray v.*

18   *Begley*, 182 Cal.App.4th 1509 (2010).

19        Here, unlike Travelers, ***Allianz Intervenors have <u>not</u> disclaimed coverage as***

20   ***related to the instant action***.  Instead, as Allianz Intervenors only received notice

21   of the instant action on September 10, 2019, Allianz Intervenors are still in the

22   process of gathering information regarding coverage and or duties as described

23   above.  As such, Allianz Intervenors have reserved all rights to decline coverage on

24   any applicable ground and expressly have not waived or otherwise forfeited any

25   direct interest in the instant action that would serve to defeat Allianz Intervenors'

26   claim for intervention of right.[2]

27   _____

28   [2] In the Court's Order re Travelers' Motion to Intervene and Set Aside Default (ECF No. 221), the Court based its

-11-

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310-481-7600 • FAX 310-481-7650

1    For these reasons, as well as satisfaction of the factors set forth in *Citizens*

2  *for Balanced Use* as described below, Allianz Intervenors should be entitled to

3  intervention as a matter of right in the instant action.

4    **1.    Allianz Intervenors' Motion To Intervene Is Timely**

5    Allianz Intervenors' motion to intervene is timely.  DTSC has merely taken

6  C&A Products, LLC's default.  DTSC has not otherwise advanced this litigation,

7  and has utterly failed to notify Allianz Intervenors of the DTSC Action or of the

8  default.  In fact, Allianz Intervenors were not notified of the DTSC Action until

9  nearly five (5) years after its filing, and were not notified DTSC's Petition for

10  Appointment of a Receiver or any of the events in this action, including the March

11  25, 2015 entry of default against C&A Products, LLC, until Allianz Intervenors

12  received the September 10, 2019 Arcina Letter.

13    In deciding whether a movant's motion is timely, the Ninth Circuit considers

14  the following three factors: (1) the stage of the proceeding; (2) whether the parties

15  would be prejudiced; and (3) the reason for the delay, if any, in moving to

16  intervene.  *See Nw. Forest Res. Council v. Glickman*, 82 F.3d 825, 836-37 (9th Cir.

17  1996).  The mere lapse of time alone does not necessarily preclude intervention.

18  *See U.S. v. Oregon*, 913 F.2d 576, 588 (9th Cir. 1990) (holding that although the

19  underlying action "had been underway for nearly twenty years when [the

20  intervenor] sought to intervene, the length of time that has passed since a suit was

21  filed does not alone determine timeliness") (emphasis added).  Timeliness is to "be

22  determined from all the circumstances," and is in the court's "sound discretion."

23  *NAACP v. New York*, 413 U.S. 345, 366 (1973).

24  / / /

25

26  denial of Travelers' motion on the grounds that (1) Travelers had sufficient prior notice of the action, and (2) Travelers had "disclaimed coverage and any duty to defend C&A Products...and refused to provide a defense under a reservation of rights."  Here, as distinguished from Travelers, DTSC has not offered to stipulate to Allianz Intervenors'

27  intervention in the instant action, and Allianz Intervenors have not disclaimed coverage, but have reserved its right to

28  disclaim coverage on all applicable grounds.

-12-

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310-481-7600 ♦ FAX 310-481-7650

### (a)     There Has Been No Active Litigation on the Merits

DTSC has not materially advanced this action against C&A Products, LLC; it has merely orchestrated appointment of a receiver who it then served with the Amended Complaint, sought default, and filed an application for a default judgment against C&A Products, LLC.

Moreover, no discovery has been conducted against C&A Products, LLC, nor have any dispositive motions been filed, heard, and decided. DTSC has taken no discovery and has not proven the merits of any its claims against C&A Products, LLC. Allianz Intervenors' intervention would therefore not "prejudice" DTSC within the meaning of Rule 24, as intervention would merely require DTSC to prove its claims against C&A Products, LLC. This does not create "prejudice" under Rule 24. *See Utica*, 2007 WL 3256485 at *5 (holding that an insurer's intervention on behalf of an insured and setting aside an entry of default did not prejudice plaintiff "in any meaningful way" under Rule 24 because granting insurer's motion to intervene "will not hamper discovery," which had not yet commenced).

### (b)     DTSC Will Not Be Prejudiced

No prejudice to DTSC will result by permitting Allianz Intervenors to intervene. As noted, DTSC has not advanced litigation of the merits in this action. *Utica Mut. Ins. Co. v. Hamilton Supply Co.*, No. C 06-07846 SI, 2007 WL 3256485 (N.D. Cal. Nov. 5, 2007) supports Allianz Intervenors' position. That, "although default was entered against [the insured] prior to the [insurer's] application to intervene," the court found that "this is not dispositive" because "plaintiff would suffer little to no prejudice if the Court were to grant [insurer's] motion to intervene because plaintiff has done little up to this point other than file a motion for default judgment." *Id.* at *3 - 4.

In contrast, Allianz Intervenors would suffer severe prejudice should the Court deny intervention. DTSC admits it had knowledge of the C&A Products,

-13-

1  LLC's historic insurers since at least November 2014.  However, it failed to notify

2  Allianz Intervenors that it had petitioned for appointment of a receiver for C&A

3  Products, LLC, added that entity as a defendant to this action on December 11,

4  2014, and obtained entry of default against C&A Products, LLC.  Solomon Decl. ¶

5  5.  Again, without notice to Allianz Intervenors, on August 21, 2019, DTSC filed

6  an application for entry of default judgment against C&A Products, LLC.  (ECF

7  No. 184.)  As described above, Allianz Intervenors did not receive notice of the

8  DTSC Action, the March 2015 entry of default, pending Application for Entry of

9  Default against C&A Products, LLC or any event associated with this action until

10  the September 10, 2019 Arcina Letter.  Solomon Decl. ¶ 5, Exhibit B.

11  The Arcina Letter requests that Allianz Intervenors indemnify and defend

12  C&A Products. LLC.  But this request comes after entry of default and without any

13  prior notice to Allianz Intervenors.  If Allianz Intervenors is not permitted to

14  intervene, and DTSC seeks to enforce a judgment adverse to C&A Products, LLC

15  against Allianz Intervenors, the failure of the putative insured and those acting on

16  its behalf, including the Receiver, to provide timely notice will constitute prejudice

17  to Allianz Intervenors.

18  ### (c)   Allianz Intervenors Have Not Delayed Seeking the

19  ### Relief Sought Herein

20  After receiving notice in mid-September of this action and the default of

21  C&A Products, LLC, Allianz Intervenors promptly acknowledge receipt of the

22  Arcina Letter, initiated a search for the insurance policies identified by Arcina Risk,

23  commenced an investigation regarding the claims at issue and engaged outside

24  counsel to protect Allianz Intervenors' interests and prepare the instant Motion to

25  Intervene.  Solomon Decl. ¶¶ 6-7, Exhibit C.  Allianz Intervenors' investigation and

26  search efforts are not yet complete, and all rights under policies issued to Wickes as

27  well as under any other agreement involving those policies or the site at issue have

28  been reserved.  Under such circumstances, California law permits the insurer to

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310-481-7600 • FAX 310-481-7650

-14-

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310-481-7600 • FAX 310-481-7650

1  intervene and protect its interests.  *See Reliance Ins. v. Superior Court,* 84

2  Cal.App.4th 385 (2000) (abuse of discretion not to allow liability insurer to

3  intervene); *Grey v. Begley,* 182 Cal.App.4th 1509 (insurer who reserves its right to

4  deny coverage may intervene).

5      Allianz Intervenors submit that the relief sought was timely made when

6  considering the above facts.  It is also justified in light of what appears to be a

7  designed effort to obtain entry of default and enforcement of the same against

8  putative insurers without providing notice and allowing those insurers the

9  opportunity to defend their interests.  As excess insurers of Wickes, it is crucial that

10  Allianz Intervenors be permitted, at a minimum, to conduct discovery into and

11  contest DTSC's alleged damages.  Accordingly, Allianz Intervenors now move to

12  intervene and, under the liberal standard for intervention of right under Rule 24,

13  Allianz Intervenors' motion to intervene is timely.

14      **2.    Allianz Intervenors Have A Significant Protectable Interest**

15      To warrant intervention as of right, Allianz Intervenors must have a

16  significant protectable interest relating to the property or transaction that is the

17  subject of the action.  *See Citizens for Balanced Use,* 647 F.3d at 897 (holding that

18  "[t]o demonstrate a significant protectable interest, an applicant must establish that

19  the interest is protectable under some law and that there is a relationship between

20  the legally protected interest and the claims at issue") (reversing district court's

21  denial of intervention in the ongoing litigation).  An applicant for intervention has a

22  significantly protectable interest if "the interest is protectable under some law, and

23  there is a relationship between the legally protected interest and the claims at

24  issue.*"  Southwest Center for Biological Diversity v. Berg,* 268 F.3d 810, 818 (9th

25  Cir. 2001) (reversing district court's denial of motion for intervention).

26      Allianz Intervenors have a significant protectable interest in the property and

27  transaction that are the subject matter of this litigation.  Although default has been

28  entered, judgment has not yet been entered against C&A Products, LLC.  If Allianz

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310-481-7600 ♦ FAX 310-481-7650

1   Intervenors are not allowed to intervene, Allianz Intervenors expect that DTSC will

2   seek to enforce its judgment against Allianz Intervenors under Insurance Code Sec.

3   11580, as it has communicated to other putative insurers of C&A Products, LLC.

4   (ECF No. 197, Exhibit D.)  Under such circumstances, both California and federal

5   courts allow insurers to intervene.  *See Reliance Ins. Co. v. Superior Court*, *supra*,

6   84 Cal.App.4th at 386-87 (reversing trial court's refusal to allow insurer to

7   intervene to vacate default of insured reasoning, "where the insurer may be subject

8   to a direct action under Insurance Code section 11580 by a judgment creditor who

9   has or will obtain a default judgment in a third party action against the insured,

10  intervention is appropriate" and noting the "insurer may either intervene in that

11  action prior to judgment or move under Code of Civil Procedure section 473 to set

12  aside the default judgment."); *Utica*, 2007 WL 3256485, at *3 (permitting insurer

13  proceeding under reservation of rights to preserve its coverage defenses to

14  intervene under Rule 24 and granting request of insurer to vacate default judgment

15  against insured); *B.G.N. Fremont Square LTD. v. Chung*, CV 10-9749 GAP (RZx),

16  2011 WL 13129968, *4 (C.D. Cal. Sep. 27, 2011) (holding, "[i]n short, California

17  law provides that an insurer has a protectable interest in litigation brought against

18  its suspended insured, that its failure to intervene could subject it to liability for

19  default judgment subject to any coverage defenses that it may have, and that it can

20  intervene without waiving those coverage defenses by giving notice of its

21  reservation of rights.").

22      As set forth in the preceding section, as excess insurers for Wickes , Allianz

23  Intervenors should be permitted to conduct discovery as to and contest DTSC's

24  alleged damages, as excess policies only respond once the loss exceeds stated

25  underlying limits.  Furthermore, allowing Allianz Intervenors to intervene now

26  avoids Allianz Intervenors from having to challenge the default judgment after it is

27  entered, reducing inefficient and duplicative litigation between DTSC and Allianz

28  Intervenors.  *See U.S.v. City of Los Angeles*, 288 F.3d 391, 398 (9th Cir. 2002) ("By

-16-

allowing parties with a practical interest in the outcome of a particular case to intervene, we often prevent or simplify future litigation involving related issues …"); *Kaufman & Broad Communities, Inc. v. Performance Plastering, Inc.*, 136 Cal. App. 4 212, 216 (2006) (holding that an insurer must intervene or challenge the default judgment after it is entered to protect its interest or risk waiver of such a challenge).  Allowing Allianz Intervenors to intervene now also allows them to challenge the default under the more liberal standard to vacate a default under Fed. R. Civ. Proc. 55(c), as opposed to vacating a default judgment under Fed. R. Civ. Proc. 60.[3]

Under California law, both fairness and efficiency dictate that Allianz Intervenors be allowed to intervene under a reservation of rights in this action and defend their interests against any potential judgment DTSC seeks against C&A Products, LLC as DTSC may intend to enforce any such judgment against C&A Products, LLC's putative insurers.  (ECF No. 197, Exhibit D.)

### 3. Allianz Intervenors' Interests May Be Impaired If Intervention Is Not Permitted

In the event that, in a separate action, DTSC is able to establish coverage under Allianz Intervenors' alleged policies of insurance, Allianz Intervenors' interests would be significantly prejudiced if they were not allowed to intervene because they would be potentially liable for any judgment against C&A Products, LLC.  "A party has a sufficient interest for intervention purposes if it will suffer a

[3] The Ninth Circuit applies a "good cause" standard for vacating both an entry of default under Rule 55(c) and for vacating a default judgment under Rule 60(b), but the test for setting aside entry of default is less rigid and is more generous to the party in default.  *See U.S. Commodity Futures Trading Corn 'n v. American Bullion Exchange ABEX, Corp.*, No. SACV 10-1876 DOC (RNBx), 2011 WL 4946810 at *1, 2 (C.D. Cal. Oct. 17, 2011) (granting motion to set aside entry of default, reasoning that "[t]he 'good cause' standard under Rule 55(c) is an easier burden for the allegedly defaulting party than the excusable neglect standard required to obtain relief from default judgment under Rule 60(b)"); *E.Digital Corporation v. Ivideon LLC*, No. 15-CV-00691-JST, 2016 WL 4728550 at *1 (N.D. Cal. Sep. 12, 2016) (granting motion to vacate entry of default, reasoning " '[W]hile the same test applies for motions seeking relief from default judgment under both Rule 55(c) and Rule 60(b), the test is more liberally applied in the Rule 55(c) context,' as where no judgment has been entered, 'there is no interest in the finality of the judgment with which to contend'").

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310-481-7600 • FAX 310-481-7650

-17-

practical impairment of its interests as a result of the pending litigation." *City of Emeryville v. Robinson*, 621 F.3d 1251, 1259 (9th Cir. 2010).

As a proposed intervenor, Allianz Intervenors "must show only that impairment of its substantial legal interest is possible if intervention is denied. This burden is minimal." *WildEarth Guardians v. U.S. Forest Service*, 573 F.3d 992, 995 (10th Cir. 2009) (emphasis added); *see also Citizens for Balanced Use*, 647 F.3d at 898 (the standard is whether "the disposition of this action may, as a practical matter, impair or impede Applicants' ability to protect their interest [and] '[i]f an absentee would be substantially affected in a practical sense by the determination made in an action, he should, as a general rule, be entitled to intervene …'") (emphasis added). Again, if DTSC obtains a judgment against C&A Products, LLC, it would be entitled to proceed directly against Allianz Intervenors to enforce the judgment. Accordingly, Allianz Intervenors should be allowed to intervene.

### 4. The Existing Parties Do Not Represent Allianz Intervenors' Interests

Allianz Intervenors also satisfies the fourth requirement for intervention of right. None of the parties present in this action represent Allianz Intervenors' interests. In determining adequacy of representation, courts consider the following factors in assessing adequate representation:

> (1) whether the interest of a present party is such that it will undoubtedly make all of a proposed intervenor's arguments; (2) whether the present party is capable and willing to make such arguments; and (3) whether a proposed intervenor would offer any necessary elements to the proceeding that other parties would neglect.

*Citizens for Balanced Use*, 647 F.3d at 898 (noting, "[t]he 'most important factor' in assessing the adequacy of representation is 'how the interest compares with the interests of existing parties'").

The existing parties do not represent Allianz Intervenors' interests. DTSC is adverse to Allianz Intervenors and C&A Products, LLC. C&A Products, LLC has no assets and made no effort to defend itself. Neither DTSC nor C&A Products, LLC provided timely notice of suit. Furthermore, as noted above, DTSC has represented that it "will not seek enforcement of the judgment directly against C&A Products, LLC, but only as a means to pursue a direct action against the company's historic insurers." (ECF No. 197, Exhibit D.)

///

-18-

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310-481-7600 ♦ FAX 310-481-7650

**B.**    <u>Alternatively, Allianz Intervenors Should Be Permitted To Intervene Pursuant To Rule 24(b)</u>

If the Court determines that Allianz Intervenors are not entitled to intervene as a matter of right, the Court should nonetheless exercise its discretion to allow Allianz Intervenors to intervene under Rule 24(b) which allows a permissive intervention. Rule 24(b) provides:

> **(b) Permissive Intervention.** (1) In General. On timely motion, the court may permit anyone to intervene who: (A) is given a conditional right to intervene by a federal statute; or (B) has a claim or defense that shares with the main action a common question of law or fact. . . . In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights.

Fed R. Civ. P. 24(b) (emphasis added).

Here, Allianz Intervenors' defense for entry of judgment against C&A Products, LLC and DTSC's claims against C&A Products, LLC share common questions of law and fact. DTSC seeks to establish C&A Products, LLC's liability in the DTSC Action. Allianz Intervenors seeks to challenge C&A Products, LLC's liability and the amount of the proposed judgment. As such, Allianz Intervenors fulfill the threshold requirement for the Court to allow Allianz Intervenors' permissive intervention under Rule 24(b).

**C.**    <u>Allianz Intervenors Have Shown Good Cause To Vacate The Entry Of Default</u>

Rule 55 provides that a "court may set aside an entry of default for good cause . ..." Fed. R. Civ. Pro. 55(c). The Ninth Circuit's good cause standard for vacating entry of default is the same as that for vacating default judgments under Rule 60(b), but the test for vacating an entry of default is much less rigid and is more generous to the party in default. *See Joe Hand Promotions, Inc. v. Williams*, No. 2:14-cv-02663-JAM-AC, 2015 WL 5923611 at * 2 (E.D. Cal. Oct. 9, 2015) (granting motion to set aside the entry of default and default judgment, reasoning that "'judgment by default is a drastic step appropriate only in extreme

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310-481-7500 ♦ FAX 310-481-7650

-19-

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310-481-7600 ♦ FAX 310-481-7650

circumstances; a case should, whenever possible, be decided on the merits.'"); *U.S. Commodity Futures Trading Corn 'n v. American Bullion Exchange ABEX, Corp.*, No. SACV 10-1876 DOC (RNBx), 2011 WL 4946810 at * 1 -2 (C.D. Cal. Oct. 17, 2011) (granting a motion to set aside entry of default, reasoning that "[t]he 'good cause' standard under Rule 55(c) is an easier burden for the allegedly defaulting party than the excusable neglect standard required to obtain relief from default judgment under Rule 60(b)"); *E.Digital Corporation v. Ivideon LLC*, No. 15-cv-00691-JST, 2016 WL 4728550 at *1 (N.D. Cal. Sep. 12, 2016) (granting motion to vacate entry of default, reasoning " '[W]hile the same test applies for motions seeking relief from default judgment under both Rule 55(c) and Rule 60(b), the test is more liberally applied in the Rule 55(c) context,' as where no judgment has been entered, 'there is no interest in the finality of the judgment with which to contend'").

In evaluating relief from an entry of default against C&A Products, LLC, the "court's discretion is 'especially broad'" to grant relief. *Brady v. U.S.*, 211 F.3d 499, 504 (9th Cir. 2000) (emphasis added) (finding that the district court did not abuse its discretion in granting a motion to set aside the default); *see also Mendoza v. Wight Vineyard Management*, 783 F.2d 941, 945 (9th Cir. 1986) (holding that a "decision on a motion to set aside a default is not an abuse of discretion unless the court is 'clearly wrong' in its determination of good cause").

To determine "good cause," a court will consider three factors: (1) whether the party seeking to set aside the default engaged in culpable conduct that led to the default; (2) whether the moving party had a meritorious defense; and (3) whether reopening the default judgment would prejudice the other party. *United States v. Signed Personal Check No. 730 of Yubran Mesle,* 615 F.3d 1085, 1091 (9th Cir. 2010); *Joe Hand Promotions*, 2015 WL 592361 1 at *2 (internal citation omitted) *Brandt v.* American Bankers Ins. Co. of Florida, 653 F.3d 1108, 1111 (9th Cir. 2011) (setting forth same factors and affirming the district court's decision to grant insurer's motion to set aside default judgment).

-20-

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
10960 WILSHIRE BOULEVARD  18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310-481-7600 • FAX 310-481-7650

1   In addition, "[t]he law does not favor defaults," and "therefore, any doubts as

2   to whether a party is in default should be decided in favor of the defaulting party."

3   *Bonita Packing Co. v. O'Sullivan*, 165 F.R.D. 610, 614 (C.D. Cal. 1995); *Pena v.*

4   *Seguros La Comercial*, *S.A.*, 770 F.2d 811,814 (9th Cir. 1985) ("[D]efault

5   judgments are generally disfavored.  Whenever it is reasonably possible, cases

6   should be decided upon their merits."); *O'Connor v. Nevada*, 27 F.3d 357, 364 (9th

7   Cir. 1994) (holding same).

8         **1.    Allianz Intervenors Did Not Engage In Culpable Conduct**

9         In the Ninth Circuit, analysis of "culpability" for the purposes of

10   demonstrating "good cause" under Rule 55(c) overlaps with the standard for

11   "excusable neglect" under Rule 60(b)(l).  *TCI Group Life Ins. Plan v. Knoebber*,

12   244 F.3d 691, 695-96 (9th Cir. 2001); *see also Meadows v. Dominican Republic*,

13   817 F.2d 517, 522 (9th Cir. 1987).  The Ninth Circuit finds a negligent failure to

14   respond excusable if the defaulting party offers a credible, good-faith explanation

15   for the delay that negates "any intention to take advantage of the opposing party,

16   interfere with judicial decision making, or otherwise manipulate the legal process."

17   *TCI*, 244 F.3d at 697-98.

18         Here, Allianz Intervenors had no notice that DTSC sued C&A Products, LLC

19   in the 2014 DTSC Action until the September 10, 2019 Arcina Letter.  Solomon

20   Decl. ¶ 5, Exhibit B.  This was nearly four and a half (4.5) years after DTSC

21   obtained a default against C&A Products, LLC on March 25, 2015. (ECF No. 126.)

22         Without knowledge of the DTSC Action or entry of default against C&A

23   Products, LLC, Allianz Intervenors were not willful in failing to intervene and

24   moving to vacate the default sooner.  When Allianz Intervenors learned of the

25   default, they immediately engaged outside counsel to assist with intervention in the

26   DTSC Action in order to protect Allianz Intervenors' interests as putative insurers

27   for Wickes.  Solomon Decl. ¶ 7.  Allianz Intervenors submit these facts establish it

28   did not engage in any culpable conduct.

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310-481-7600 • FAX 310-481-7650

1   By comparison, the DTSC orchestrated the appointment of a Receiver for

2   C&A Products, LLC, agreed to pay the receiver's costs, obtained an order from the

3   Delaware Court of Chancery that expressly provided the Receiver was not

4   obligated to defend C&A Products, LLC, obtained entry of default, sought entry of

5   judgment thereon and then, and only then, did DTSC provide notice to Allianz

6   Intervenors.  Given these facts, Allianz Intervenors request that the Court find no

7   culpable conduct occurred within the meaning of Rule 55.

8   **2.   Allianz Intervenors Have Meritorious Defenses To Assert**

9   **Against DTSC in Favor Of C&A Products, LLC**

10   The "meritorious defense" component of test for setting aside an entry of

11   default pursuant to Rule 55(c) does not require that movant demonstrate likelihood

12   of success on merits.  Rather, "[a]ll that is necessary to satisfy the 'meritorious

13   defense' requirement is to allege sufficient facts that, if true, would constitute a

14   defense .. . [at] the later litigation." *U.S. v. Signed Personal Check No. 730 of*

15   *Yubran S. Mesle*, 615 F.3d 1085, 1094 (9th Cir. 2010) (finding that good cause

16   warranted setting aside default); *see also Coon v. Grenier*, 867 F.2d 73, 77 (1st Cir.

17   1989) (holding "[t]he 'meritorious defense' component of the test for setting aside a

18   default does not go so far as to require that the movant demonstrate a likelihood of

19   success on the merits.  Rather, a party's averments need only plausibly suggest the

20   existence of facts which, if proven at trial, would constitute a cognizable defense,"

21   and reversing the district court's denial of a motion to set aside default).  When "the

22   movant has a meritorious defense, doubt, if any, should be resolved in favor of the

23   motion to set aside the default so that cases may be decided on their merits."

24   *Mendoza*, 783 F.2d at 945-46 (finding that the district court did not err in setting

25   aside the default).  The meritorious defense can be to the issue of liability or

26   amount of damages. *See Key Bank of Maine v. Tablecloth Textile Co. Corp.*, 74

27   F.3d 349, 354-55 (1st Cir. 1996) (holding that the defendants possessed a

28   potentially meritorious defense that the figures upon which the default judgment

-22-

was premised were erroneous).

DTSC's essential claim against C&A Products, LLC is that C&A Products, LLC's alleged predecessors entered an operation and maintenance agreement in which they agreed to maintain the cap and operation of the ground water extraction and treatment system to treat contaminated groundwater. DTSC further alleges that after C&A Products Co. sought Chapter 11 bankruptcy, its successors in interest stopped remediating the Site. DTSC allegedly advanced the clean-up costs, and it now alleges, in its first claim for relief, that each of the defendants, including C&A Products, LLC is jointly and severally liable, without regard to fault, under section 107(a) of CERCLA, 42 U.S.C. § 9607(a), for DTSC's costs allegedly incurred in response to the alleged release or threatened release of hazardous substances at or from the Site. (ECF No. 77, ¶ 43.) DTSC also contends, in its second claim for relief, that under section 113(g)(2) of CERCLA, 42 U.S.C. § 9613(g)(2), DTSC is entitled to a declaratory judgment that each of the defendants, including C&A Products, LLC, is jointly and severally liable in any subsequent action or actions by the DTSC to recover any further costs incurred in response to the release and/or threatened release of hazardous substances into the environment at or from the Site. (ECF No. 77, ¶ 45.)

To establish a claim for recovery of response costs under Section 107(a), plaintiff must demonstrate:

> (1) the property at issue is a "facility" as defined in 42 U.S.C. § 9601(9); (2) a "release" or "threatened release" of a "hazardous substance" has occurred; (3) the "release" or "threatened release" has caused the plaintiff to incur response costs that were "necessary" and "consistent with the national contingency plan,"; and (4) the defendants are in one of four classes of persons subject to the liability.

*Carson Harbor Village v. County of Los Angeles*, 433 F.3d 1260, 1265 (9th Cir. 2006) (affirming the district court's decision that does not allow a party to recover its response cost for cleanup). CERCLA also contains a provision for declaratory relief. Section 9613(g)(2) provides that in any initial cost-recovery action under

-23-

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310-481-7600 ♦ FAX 310-481-7650

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310-481-7600 • FAX 310-481-7650

1   section 107, "the court shall enter a declaratory judgment on liability for response

2   costs or damages that will be binding on any subsequent action or actions to

3   recover further response costs or damages."   42 U.S.C. § 9613(g)(2).

4        Moreover, C&A Products, LLC also has a meritorious defense to DTSC's

5   alleged amount of damages.  In its June 7, 2018 letter, DTSC asserts that it has

6   unreimbursed response costs that exceed $3,400,000.  (ECF No. 197, Exhibit A.)

7   This amount is disputed, and DTSC should be required to prove this amount.  *See,*

8   *e.g., Choice Hotels Int'l, Inc. v. Kusum Vali, Inc.*, 11CV1277 BTM(WMc), 2012

9   WL 1570844, at *4 (S.D. Cal. May 3, 2012) (finding a meritorious defense where

10  defendants "estimate[d]" that the monetary sums contained in the complaint, upon

11  which plaintiff based its cause of action, were wrong; and explaining that

12  "[w]hether [d]efendants' figures are accurate need not be decided by the Court at

13  this time [because] [d]efendants have alleged sufficient facts to support a

14  potentially meritorious defense regarding the amount of damages").

15       Here, based in large part on the delayed notice of the DTSC Action, Allianz

16  Intervenors have not even been afforded the opportunity to review or rebut any

17  evidence DTSC may offer regarding response costs and the alleged consistency of

18  these costs with the National Contingency Plan (NCP).  Without being provided the

19  ability to conduct discovery to which they would be entitled with respect to DTSC's

20  alleged costs (and potential inconsistency with the NCP), Allianz Intervenors will

21  be prevented from conducting the very investigation that could serve to provide a

22  meritorious defense to the instant action.  It would be unfair to both C&A Products,

23  LLC and its putative insurers to enter judgment in favor of DTSC with respect to

24  these costs without allowing those parties potentially responsible for paying

25  DTSC's damages the ability to investigate or address whether these costs are

26  reasonable and consistent with the NCP.

27       Furthermore, C&A Products, LLC also has a meritorious defense to

28  prejudgment interest DTSC seeks.  The Amended Complaint seeks interest on the

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310-481-7600 • FAX 310-481-7650

response costs DTSC allegedly incurred from each defendant as provided under Section 107(a) of CERCLA, 42 U.S.C. § 9607(a). Prejudgment interest is only available if DTSC demanded a sum certain from each defendant. *See United States v. Consolidation Coal Co.*, 345 F.3d 409, 416 (6th Cir. 2003) (holding that complaint was not sufficient to satisfy Section 107(a)'s written demand requirement because it did not specify the specific amount sought from each defendant).

Here, C&A Products, LLC was added as a defendant to DTSC's Amended Complaint in the DTSC Action on December 18, 2014, which named many defendants. C&A Products, LLC has a meritorious defense, under *Consolidation*, that prejudgment interest is not available because DTSC's Amended Complaint was not sufficient to satisfy Section 107(a)'s written demand requirement in that the amount DTSC seeks from C&A Products, LLC is not specific enough. Further, even if DTSC is entitled to prejudgment interests, the amount is disputed, and DTSC should be required to prove this amount at trial.

Finally, C&A Products, LLC has a meritorious defense to the attorney's fees DTSC seeks. Neither Section 107, the liabilities and defenses provision, nor Section 113, which authorizes contribution claims, "expressly calls for the recovery of attorney's fees by the prevailing party." *See Key Tronic Corp. v. U.S.*, 511 U.S. 809, 817 (1994) (holding that litigation-related attorney's fees were not recoverable in a CERCLA litigation). Further, even if DTSC is entitled to attorney's fees, the amount is disputed, and DTSC should be required to prove this amount at trial.

Since Allianz Intervenors have stated factual and cognizable defenses, they have met the second requirement to vacate the entry of default in this action. *See Sosa v. Bridge Store, Inc.*, 1:10-CV-01494-OWW, 2011 WL 1332049, *3 (E.D. Cal. Apr. 6, 2011) (holding that, that "[d]efendants have no obligation to prove their contentions to establish a meritorious defense for purposes of being relieved from an entry of default [and] [defendant's factual allegation . . . is an allegation that will be tested for truth and accuracy later in the litigation.") (citations omitted).

### 3.   DTSC Will Not Be Prejudiced By Setting Aside The Entry Of Default

Because relief from a default entry or judgment essentially is a matter of fairness and judicial discretion, the single most persuasive reason for denying a Rule 55(c) motion is prejudice to the non-defaulting party caused by reopening the action. *See Tozer v. Charles A. Krause Milling Co.*, 189 F.2d 242 (3rd Cir. 1951); *Franchise Holding II, LLC v. Huntington Rests. Group, Inc.*, 375 F.3d 922, 925-26 (9th Cir. 2004); *O'Connor*, 27 F.3d at 364.  To be prejudicial, courts have determined that the setting aside of a judgment must result in greater harm than simply requiring plaintiff to try the case on the merits or delaying resolution of the case. *See Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984) ("the standard is whether [plaintiffs] ability to pursue his claim will be hindered"); *Thompson v. American Home Assur. Co.*, 95 F.3d 429, 433-34 (6th Cir. 1996) (to be considered prejudicial, "the delay must result in tangible harm such as loss of evidence, increased difficulties of discovery, or greater opportunity for fraud or collusion"); *Franchise Holding II*, 75 F.3d at 925-26; *O'Connor*, 27 F.3d at 364. "To be prejudicial, the setting aside of a judgment must result in greater harm than simply delaying resolution of the case." *TCI*, 244 F.3d at 701 ; Utica, 2007 WL 32566485, at *3 (N.D. Cal. 2007) (granting request of insurer to vacate default judgment against insured and finding that delay in intervening and requesting to vacate default did not constitute prejudice before mere delay in entering judgment did not constitute prejudice).

DTSC would not be prejudiced if the Court vacated the default against C&A Products, LLC.  It cannot be disputed that Allianz Intervenors' first notice of this action was approximately one month ago, when it received the Arcina Letter.  In contrast, DTSC filed this action more than five years ago, and has not attempted to advance this litigation against C&A Products, LLC since 2015.  DTSC's ability to pursue its claims will not be hindered.  No discovery has been conducted, and

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310-481-7600 • FAX 310-481-7650

-26-

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310-481-7600 • FAX 310-481-7650

DTSC has done nothing except for filing a complaint, obtaining a default, and filing an application for a default judgment.  No dispositive motions have been filed, heard, and decided.

Furthermore, DTSC admits to having knowledge of C&A Products, LLC's historic insurance in 2014 but failed to provide notice of the instant action to Allianz Intervenors, as Allianz Intervenors only received notice of the action and pending default on September 10, 2019.  Since DTSC would not be prejudiced by the Court's decision to vacate the entry of default of C&A Products, LLC, Allianz Intervenors have also met the third requirement to vacate the entry of default in this action.

## IV.   **CONCLUSION**

For the foregoing reasons, Allianz Intervenors respectfully request that this Court allow Allianz Intervenors to intervene in the instant lawsuit as putative insurers of Wickes, alleged predecessor to underlying Defendant Collins & Aikman Products, LLC ("C&A Products, LLC"), a cancelled Delaware limited liability company, and to vacate the default against C&A Products, LLC.

DATED:  November 4, 2019          WOOD, SMITH, HENNING & BERMAN LLP


By:    */s/ Stratton P. Constantinides*
            THOMAS F. VANDENBURG
            STRATTON P. CONSTANTINIDES
       Attorneys for Proposed Intervenors Allianz
       Underwriters Insurance Company, Chicago
       Insurance Company, and Fireman's Fund
       Insurance Company

**PROOF OF SERVICE**

  I am employed in the County of Los Angeles, State of California.  I am over the age of eighteen years and not a party to the within action.  My business address is 10960 Wilshire Boulevard, 18th Floor, Los Angeles, CA 90024-3804.

  On November 4, 2019, I served the following document(s) described as **ALLIANZ UNDERWRITERS INSURANCE COMPANY, CHICAGO INSURANCE COMPANY, AND FIREMAN'S FUND INSURANCE COMPANY'S NOTICE OF MOTION AND MOTION TO INTERVENE AS ALLEGED INSURER OF DEFENDANT COLLINS & AIKMAN PRODUCTS, LLC AND TO VACATE DEFAULT; MEMORANDUM OF POINTS AND AUTHORITIES** on the interested parties in this action as follows:

<div align="center"><strong>SEE ATTACHED SERVICE LIST</strong></div>

  **BY CM/ECF NOTICE OF ELECTRONIC FILING:**  I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system.  Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.  Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

  I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

  Executed on November 4, 2019, at Los Angeles, California.

*/s/ Christina Samayoa*
Christina Samayoa

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310-481-7600 • FAX 310-481-7650

ALLIANZ UNDERWRITERS INSURANCE COMPANY, CHICAGO INSURANCE COMPANY, AND FIREMAN'S FUND INSURANCE COMPANY'S MOTION TO INTERVENE AND TO VACATE DEFAULT

<div style="writing-mode: vertical">WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310-481-7600 ♦ FAX 310-481-7650</div>

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## SERVICE LIST

*California Dept. of Toxic Substances Control, et al. v. Jim Dobbas, Inc., et al,*
*United States District Court, Eastern District of California*
**Case No. 2:14-cv-0595-WBS-EFB**

XAVIER BECERRA
Attorney General of California
EDWARD H. OCHOA
Supervising Deputy Attorney General
OLIVIA W. KARLIN, State Bar No. 150432
LAURA J. ZUCKERMAN (Counsel for
service) State Bar No. 161896
Deputy Attorneys General
1515 Clay Street, 20th Floor
Oakland, CA 94612
Telephone: (510) 879-1299
Fax: (510) 622-2270
E-mail: Laura.Zuckerman@doj.ca.gov
**Attorneys for Plaintiffs California**
**Department of Toxic Substances Control**
**and the Toxic Substances Control Account**

Brian M. Rostocki
Reed Smith LLP - Delaware
1201 Market Street - Suite 1500
Wilmington, DE 19801
**Registered Agent for C&A Products, LLC**

Alexander Eugene Potente
Clyde & Co US LLP
101 2nd Street, Suite 2400
San Francisco, CA 94105
Telephone: (415) 365-9800
Fax: (415) 365-9801
Email: alex.potente@clydeco.us
LEAD ATTORNEY
ATTORNEY TO BE NOTICED
**Attorneys for Intervenor, THE**
**TRAVELERS INDEMNITY**
**COMPANY**

Sam M. Thorpe
Nicolaides Fink Thorpe
Michaelides Sullivan LLP
101 Montgomery Street, Suite 2300
San Francisco, CA 94104
Telephone: (415) 745-3772
Fax: (415) 745-3771
Email: ssthorpe@nicolaidesllp.com
LEAD ATTORNEY
ATTORNEY 70 BE NOTICED
**Attorneys for the Intervenor,**
**THE CONTINENTAL**
**INSURANCE COMPANY**

-29-