Thomas F. Vandenburg (State Bar No. 163446)
tvandenburg@wshblaw.com
Stratton P. Constantinides (State Bar No. 305103)
sconstantinides@wshblaw.com
**WOOD, SMITH, HENNING & BERMAN LLP**
10960 Wilshire Boulevard, 18th Floor
Los Angeles, California 90024-3804
Phone: 310-481-7600 ♦ Fax: 310-481-7650

Attorneys for Proposed Intervenors Allianz Underwriters Insurance Company, Chicago Insurance Company, and Fireman's Fund Insurance Company

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION

| | |
|---|---|
| CALIFORNIA DEPARTMENT OF TOXIC SUBSTANCES CONTROL and the TOXIC SUBSTANCES CONTROL ACCOUNT,<br><br>      Plaintiffs,<br><br>     v.<br><br>JIM DOBBAS, INC., a California corporation; CONTINENTAL RAIL, INC., a Delaware corporation; DAVID VAN OVER, individually; PACIFIC WOOD PRESERVING, a dissolved California corporation; WEST COAST WOOD PRESERVING, LLC., a Nevada limited liability company; and COLLINS & AIKMAN PRODUCTS, LLC, a Delaware limited liability company,,<br><br>      Defendants.<br><br>AND RELATED CROSS-ACTIONS | Case No. 2:14-cv-0595-WBS-EFB<br><br>**DECLARATION OF JOEY D. SOLOMON IN SUPPORT OF ALLIANZ UNDERWRITERS INSURANCE COMPANY, CHICAGO INSURANCE COMPANY, AND FIREMAN'S FUND INSURANCE COMPANY'S MOTION TO INTERVENE AS ALLEGED INSURER OF DEFENDANT COLLINS & AIKMAN PRODUCTS, LLC AND TO VACATE DEFAULT**<br><br>Date:     December 2, 2019<br>Time:     1:30 p.m.<br>Place:     Courtroom 5, 14th Floor<br>          501 I Street<br>          Sacramento, CA 95814<br><br>The Hon. William B. Shubb<br><br>Trial Date:    None Set |

## DECLARATION OF JOEY D. SOLOMON

I, Joey D. Solomon, declare as follows:

1.    I am a Claim Adjuster at Allianz Reinsurance America, Inc.  I am over

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310-481-7600 ♦ FAX 310-481-7650

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310-481-7500 ♦ FAX 310-481-7650

1   18 years of age.  I know the following facts to be true of my own knowledge, and if
2   called to testify, I could competently do so.
3       2.      My employer, Allianz Reinsurance America, Inc., handles legacy
4   claims involving insurance policies issued by Proposed Intervenors Allianz
5   Underwriters Insurance Company, Chicago Insurance Company, and Fireman's
6   Fund Insurance Company ("Allianz Intervenors").
7       3.      On November 13, 2014, DTSC filed a Petition for the Appointment of
8   a Receiver for C&A Products, LLC with the Delaware Court of Chancery, so that it
9   could add C&A Products, LLC to this action, obtain a judgment and bring direct
10  actions against that entities' historic insurers.  Attached hereto as **Exhibit "A"** is a
11  true and correct copy of the Verified Petition for the Appointment of a Receiver for
12  a Cancelled Limited Liability Company.
13      4.      On December 11, 2014, the California Department of Toxic Substances
14  Control and the Toxic Substances Control Account (collectively, "DTSC") filed its
15  First Amended Complaint in *California Department of Toxic Substances Control, et*
16  *al. v. Jim Dobbas, Inc., et al.*, United States District Court, Eastern District of
17  California, Case No. 2:14-cv-00595-WBS-EFB I ("DTSC Action"), in which it
18  named Collins & Aikman Products, LLC ("C&A Products, LLC").
19      5.      Allianz Intervenors were first notified of the DTSC Action by letter
20  dated September 10, 2019 from Arcina Risk Group ("Arcina Letter"), which was
21  nearly five (5) years after naming C&A Products, LLC in the DTSC Action.  The
22  Arcina Letter further served as Allianz Intervenors' first notice of the pending
23  Application for Default Judgment, which was then scheduled for September 25,
24  2019.  Attached hereto as **Exhibit "B"** is a true and correct copy of the September
25  10, 2019 Arcina Letter.
26      6.      On September 23, 2019, Allianz Intervenors sent a response and
27  acknowledgement letter to Arcina Risk Group.  Attached hereto as **Exhibit "C"** is a
28  true and correct copy of the September 23, 2019 Response Letter.

1      7.     Upon receipt of the September 10, 2019 Arcina Letter, Allianz

2 Intervenors promptly initiated a search for the insurance policies identified by

3 Arcina Risk, commenced an investigation regarding the claims at issue and engaged

4 outside counsel to assist with intervention in the DTSC Action in order to protect

5 Allianz Intervenors' interests as putative insurers for Wickes.

6      I declare under penalty of perjury under the laws of the State of California

7 that the foregoing is true and correct.

8 Executed November 4, 2019, at Ipswich, Massachusetts.

9

10

11                          Joey D. Solomon

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310-481-7600 ♦ FAX 310-481-7650

LEGAL:05971-0074/13099274.1

-3-

DECLARATION OF JOEY D. SOLOMON IN SUPPORT OF MOTION TO INTERVENE AND TO VACATE DEFAULT

# EXHIBIT A

EFiled: Nov 13 2014 01:09PM EST
Transaction ID 56332830
Case No. 10348-

# IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| IN RE: | ) | |
| COLLINS & AIKMAN PRODUCTS, LLC, | ) | C.A. No. _____ |
| a cancelled Delaware limited liability company | ) | |

## VERIFIED PETITION FOR THE APPOINTMENT OF A RECEIVER FOR A CANCELLED LIMITED LIABILITY COMPANY

Petitioner California Department of Toxic Substances Control, a California state agency, on behalf of itself and California's Toxic Substances Control Account (collectively "DTSC"), petitions for appointment of a receiver under 6 Delaware Code § 18-805 as follows:

## INTRODUCTION

1.     DTSC requests an order under the Delaware Limited Liability Company Act (the "Act"), section 18-805 appointing a receiver for Collins & Aikman Products, LLC (C&A Products LLC), a Delaware limited liability company for which a Certificate of Cancellation was filed on or about August 28, 2013.  A true and correct copy of the Certificate of Cancellation attached as Exhibit 1.

2.     DTSC petitions for appointment of a receiver to allow DTSC to add C&A Products LLC as an additional defendant in a pending federal environmental cost recovery case entitled *California Dept. of Toxic Substances Control, et al. v. Jim Dobbas, Inc., et al.*, No. 2:14-cv-00595 (E.D. Cal., filed March 3, 2014)

1

(hereinafter *DTSC v. Dobbas*).  A copy of the complaint in that case is attached as Exhibit 2.

3.      DTSC wants to add C&A Products LLC as a defendant in *DTSC v. Dobbas* as the first step in pursuing historic insurance coverage of C&A Products LLC for DTSC's costs of cleaning up a contaminated property in California. Under California law, a judgment against C&A Products LLC is necessary before DTSC can pursue a direct action against the company's historic insurers.  DTSC seeks to add C&A Products LLC as a defendant in *DTSC v. Dobbas* to obtain such a judgment, which in turn would allow a direct action against the company's historic insurers.  DTSC will not seek enforcement of the judgment directly against C&A Products LLC, but only as a means to pursue a direct action against the company's historic insurers.  To ensure that C&A Products LLC has the capacity to be sued in *DTSC v. Dobbas*, DTSC requests that a receiver be appointed for the company under 6 *Del. C.* § 18-805.

## BACKGROUND

4.      DTSC is a public agency of the State of California, organized and existing under California Health and Safety Code section 58000 et seq.  It is responsible under California law for determining whether there has been, and for responding to, a release and/or threatened release of a hazardous substance into the environment.  The Toxic Substances Control Account is an account within the

State of California General Fund that DTSC administers to help pay for environmental cleanups.

5.     C&A Products LLC was formed on or about December 6, 2007, as a conversion of the Delaware corporation Collins & Aikman Products Co.  Collins & Aikman Products Co. was the successor by merger to the Delaware corporation Collins & Aikman Group, Inc., which was formerly known as Wickes Companies, Inc., and before that, The Wickes Corporation (collectively "Wickes").  True and correct copies of the records evidencing this corporate history are attached as Exhibit 3 through 7.

6.     From on or about September 12, 1979 through approximately 1982, Wickes conducted wood preserving operations at an approximately 7.5 acre property located northwest of the intersection of A Street and Holdener Road in the community of Elmira, Solano County, California.  Wickes and its successor Collins & Aikman Products Co. also owned the property from on or about September 12, 1979 until on or about March 20, 1997.  The property has a street address of 147 A Street, Elmira, Solano County, California 95625, and is referred to herein as "the Site."

7.     At various times since on or about September 12, 1979, Wickes and/or Collins & Aikman Products Co. released "hazardous substances" as defined in the Comprehensive Environmental Response, Compensation, and Liability Act

3

of 1980 ("CERCLA") (42 U.S.C. section 9601(14)), into the environment at and

from the Site.  These hazardous substances included arsenic, chromium, and

copper, which were constituents of wood preserving chemicals that Wickes used at

the Site.  The releases of those hazardous substances, along with those of a prior

owner and operator of the Site (Pacific Wood Preserving), contaminated the soil

and groundwater.

8.     Beginning in the 1980s, Wickes and Collins & Aikman Products Co.

took various actions under the oversight of DTSC and its predecessor agency to

address environmental contamination at, around, and/or beneath the Site.  Collins

& Aikman Products Co. sold the Site in 1997 to two other owners (Jim Dobbas,

Inc. and Continental Rail, Inc.), but continued to take those actions at the Site until

2005.  But in May 2005, Collins & Aikman Products Co. filed a Chapter 11

petition in the United States Bankruptcy Court for the Eastern District of Michigan,

Case No. 05-55932, and stopped taking actions to address contamination at,

around, and/or beneath the Site.  The two other owners of the Site also failed to

take the actions necessary to address that contamination.

9.     From November 2005 to the present, DTSC has taken "response"

actions of the Site, as that term is defined in CERCLA (42 U.S.C. § 9601(25)),

related to the release and/or threatened release of hazardous substances at the Site.

DTSC incurred expenses taking response actions at the Site; DTSC's unpaid costs

related to the Site from November 2005 through September 2013 total

$2,202,176.92, exclusive of interest.  DTSC expects to continue incurring

additional response costs related to the release and/or threatened release of

hazardous substances at, beneath, and/or from the Site

## BANKRUPTCY STIPULATION

10.    In the Chapter 11 bankruptcy of Collins & Aikman Products Co., the

bankruptcy court preserved DTSC's ability to sue Collins & Aikman Products Co.

in state or federal court in the future, and obtain a judgment against the company to

allow DTSC to pursue a direct action against the company's past insurers

concerning the Site.  True and correct copies of the stipulation containing these

terms, and the bankruptcy court's order approving it, are attached as Exhibits 8 and

9, respectively.  The bankruptcy court ordered that the automatic stay and

injunction under the confirmed plan of reorganization for Collins & Aikman

Products Co. and other debtors be modified to permit DTSC to prosecute legal or

administrative actions against the debtors with respect to the Site, up to and

including the entry of judgment against the debtors, provided that no such

judgment may be collected against the debtors, the trusts created under the

confirmed plan, and each of their respective officers, directors, employees, agents

and attorneys.  Furthermore, the bankruptcy court ordered that DTSC may file

actions against the debtors to establish liability and to seek recovery of debtors'

insurance proceeds in any non-bankruptcy forums, whether administrative, or in state or federal court, including in California, and none of the debtors could object on the ground that such action is barred by the bankruptcy.  Ex. 8 at 6-8, ¶¶ 6-11; Ex. 9 at 60, ¶ 114.

## BASIS FOR THIS PETITION

11.     Section  18-805 of the Act authorizes the Court of Chancery to appoint a receiver for a cancelled Delaware limited liability company on application of "any person who shows good cause therefor, at any time:"

> When the certificate of formation of any limited liability company formed under this chapter shall be canceled by the filing of a certificate of cancellation pursuant to § 18-203 of this title, the Court of Chancery, on application of any creditor, member or manager of the limited liability company, or any other person who shows good cause therefor, at any time, may either appoint 1 or more of the managers of the limited liability company to be trustees, or appoint 1 or more persons to be receivers, of and for the limited liability company, to take charge of the limited liability company's property, and to collect the debts and property due and belonging to the limited liability company, with the power to prosecute and defend, in the name of the limited liability company, or otherwise, all such suits as may be necessary or proper for the purposes aforesaid, and to appoint an agent or agents under them, and to do all other acts which might be done by the limited liability company, if in being, that may be necessary for the final settlement of the unfinished business of the limited liability company. The powers of the trustees or receivers may be continued as long as the Court of Chancery shall think necessary for the purposes aforesaid.

12.     Here, there is good cause for appointment of a receiver for C&A Products LLC.  DTSC seeks to add C&A Products LLC as an additional defendant in *DTSC v. Dobbas*, as the first step in pursuing historic insurance coverage of C&A Products LLC.  DTSC has information that such historic policies exist and may not have been exhausted through other settlements or judgments in favor of other claimants.  Therefore, these historic insurance policies may be a source of payment for DTSC's response costs at the Site.

13.     Under California law, a judgment against an insured person or company is generally necessary before a third party claimant can pursue a direct action against the person's or company's insurer.  Cal. Ins. Code § 11580(b)(2); *Royal Indem. Co. v. United Enterprises, Inc.*, 162 Cal.App.4th 194, 205 (2008). None of the limited exceptions to this rule applies here, and DTSC therefore must obtain a judgment against C&A Products LLC for DTSC's response costs at the Site before DTSC can pursue a direct action against C&A Products LLC's historic insurers.  To do so, DTSC must first add C&A Products LLC as a defendant in *DTSC v. Dobbas*.

14.     To add C&A Products LLC as a defendant in *DTSC v. Dobbas*, DTSC must ensure that C&A Products LLC has the capacity to be sued in that case under Federal Rule of Civil Procedure 17(b)(3).  Under Rule 17(b)(3), capacity to be sued is generally determined "by the law of the state where the court is located,"

7

which for *DTSC v. Dobbas* is in California.  California law provides that "The law

of the state or other jurisdiction under which a foreign limited liability company

[such as C&A Products LLC] is formed governs . . . [t]he organization of the

limited liability company, its internal affairs, and the authority of its members and

managers."  Cal. Corp. Code § 17708.01(a).  Under this language and California's

choice of law rules, Delaware law governs the capacity of a Delaware limited

liability company to be sued in federal court in California.  *Parker v. Dean*

*Transportation, Inc.*, No. CV 13–02621, 2013 WL 7083269, *12 (C.D. Cal. Oct.

15, 2013), *abrogated on other grounds by Dilts v. Penske Logistics, LLC*, 769 F.3d

637 (9th Cir. 2014).  Under Delaware law, a cancelled limited liability company

may not be sued, unless a trustee or receiver is appointed under the procedure

described in section 18-805 of the Act or the certificate of cancellation is nullified.

6 Del. C. § 18-803(b); *Matthew v. Laudamiel*, C.A. No. 5957–VCN, 2012 WL

605589, *21 (Del. Ch. Feb. 21, 2012).  These authorities indicate that there is good

cause to appoint a receiver, to ensure that C&A Products LLC has the capacity to

be sued in *DTSC v. Dobbas*.

15.    Appointing a receiver for C&A Products LLC will not cause prejudice

to the limited liability company.  DTSC will not seek enforcement of any judgment

directly against C&A Products LLC; in fact, the bankruptcy court stipulation and

order described above prevent it.  DTSC only seeks such a judgment as a means to pursue a direct action against the company's historic insurers.

16.     C&A Products LLC has no known assets apart from the historic insurance policies referenced above.  Therefore, DTSC agrees to pay the reasonable costs of the receiver appointed by the Court, unless and until an insurer of C&A Products LLC begins defending the company.

WHEREFORE, DTSC respectfully requests that the Court enter an Order pursuant to 6 *Del. C.* § 18-805, in the form filed herewith, appointing a receiver for Collins & Aikman Products, LLC.

Dated: November 13, 2014          PINCKNEY, WEIDINGER, URBAN
                                                    & JOYCE LLC

                                                    */s/ Michael A. Weidinger*
                                                    Michael A. Weidinger (DE No. 3330)
                                                    1220 N. Market Street, Suite 950
                                                    Wilmington, DE 19801
                                                    Telephone:  (302) 504-1497
                                                    Facsimile:   (302) 655-5123
                                                    Email:        mweidinger@pwujlaw.com

                                                    *Counsel for Petitioner*

9

# EXHIBIT B



September 10, 2019

**Via U.S. Mail and E-Mail**
newlossnotice@ffic.com

Allianz Resolution Management
P.O. Box 13340
Sacramento, CA 95813

**IMMEDIATE ATTENTION REQUIRED**

Re:   Notice of Suit:        *California Department of Toxic Substances Control and the Toxic Substances Control Account v. Jim Dobbas, Inc., et al., U.S. District Court for the Eastern District of California, Civil Case No.* 2:14-595 WBS EFB
                          Elmira Site Contamination – Solano County California
        Insured:            Wickes Corporation and Wickes Companies, Inc., et al
        Insurer(s):         Allianz Underwriters Insurance Co., Inc.
                          Fireman's Fund Insurance Company
        Policy Numbers:     Allianz: AUX 5201182 for the period 5/1/1981 to 4/24/1982
                          Allianz: AUX 5201482 for the period 4/24/1982 to 4/24/1983
                          Allianz: AUX 5201083 for the period 4/24/1983 to 4/24/1984
                          Fireman's Fund: XLX 1620264 for the period 4/241984 to 7/24/1985

Dear Allianz Claims:

This letter is to tender and advise you of an Application for Default Judgment pending against your insured Collins and Aikman Products, LLC (C&A).  C&A is the successor in interest to the Wickes Companies, Inc. and the Wickes Corporation. This tender is under the identified policies and any other applicable policies that the company may have issued to the Wickes Companies, Inc. or the Wickes Corporation.

Attached hereto please find the Amended Notice of Hearing, setting the hearing on September 25, 2019.  The Application for Default Judgment and Memorandum of Points and Authorities are also attached hereto.  The Department of Toxic Substances Control and the Toxic Substances Control Account (collectively, DTSC) seek to recover $3,219,449.85 in unreimbursed public funds that DTSC has spent through May 31, 2019 under CERCLA, and a declaration that C&A is liable for DTSC's future response costs at the Elmira Site.

We understand that Travelers intends to seek to intervene in the matter.

Allianz Underwriters Insurance Co., Inc. and Fireman's Fund Insurance Company (Allianz)
*Re: Elmira Site*
September 10, 2019
Page 2

As per the policy terms and conditions, we request that you indemnify and defend your insured immediately.  Please direct any future correspondence and communication to the undersigned with copies to:

> Brian M. Rostocki  - Receiver for Collins & Aikman Products, LLC
> ReedSmith LLP
> 1201 Market Street, Suite 1500
> Wilmington, DE 19801
> brostocki@reedsmith.com

and

> Olivia W. Karlin
> Deputy Attorney General
> State of California Department of Justice
> 300 South Spring Street
> Los Angeles, CA 90013
> Olivia.Karlin@doj.ca.gov

We request that you contact us for additional information regarding the Elmira Site and pending application for a default judgment.

We continue to search for additional coverage for these matters.  **We kindly request you search your archives and underwriting materials and notify us of ANY information, including impairment, related to policies issued to the Wickes Corporation or Wickes Companies, Inc. with respect to the Elmira Site.**

**We also kindly ask that you provide us with copies of any policies, claims, files and underwriting materials in your possession immediately related to policies issued between 1979 and 1987.  Materials may be sent by email to rjanisch@arcinarisk.com or by mail.**

We look forward to hearing from you.

Sincerely,

Richard A. Janisch

RAJ/fr
Enclosures

cc:   brostocki@reedsmith.com
      Olivia.Karlin@doj.ca.gov
      msalem@arcinarisk.com

# EXHIBIT C



**Allianz Resolution Management®**

September 23, 2019

<u>SENT VIA EMAIL AND REGULAR MAIL</u>
rjanisch@arcinarisk.com

Richard Janisch
Arcina Risk Group LLC
835 Wilshire Blvd., Suite 400
Los Angeles, CA  90017

|  |  |
|---|---|
| Alleged Insured: | Wickes Corporation and Wickes Companies, Inc., et al |
| Claim No.: | |
| Site: | Elmira Site Contamination – Solano County California |
| Claimant/Suit: | California Department of Toxic Substances Control and the Toxic Substances Control Account v. Jim Dobbas, Inc., et al., U.S. District Court for the Eastern District of California, Civil Case No. 2:14-595 WBS EFB Elmira Site Contamination – Solano |

Dear Mr. Janisch,

This correspondence serves to acknowledge receipt of your letter of September 10, 2019, wherein you have requested that Chicago Insurance Company agree to defend and indemnify Collins and Aikman Products, LLC ("C&A") as the successor in interest to the Wickes Companies, Inc. and the Wickes Corporation in the above matter under policies 255 UO 32341 and 255 UO 33533.  Please note we are handling this matter on behalf of the Chicago Insurance Company, a Company of Allianz (referred herein as "Allianz").  Please send future communications regarding this matter to my attention.

We have initiated a search for copies of alleged policies 255 UO 32341 and 255 UO 33533, as well as any additional policies that may have been issued to Wickes Companies, Inc. or the Wickes Corporation by Allianz.  If you have copies of these alleged policies, or any secondary evidence of the issuance of these alleged policies to Wickes Companies, Inc. or the Wickes Corporation, please forward them to my attention at your earliest opportunity.  We will review any policies and/or secondary evidence, along with the facts and allegations associated with this claim, and advise you of C&A's rights to coverage, if any, for the above claim under the alleged policies.  If necessary, we may request additional information.

**Allianz Reinsurance America, Inc.**
1465 N. McDowell Blvd., Suite 100
Petaluma, CA 94954
USA

Allianz is in the process of evaluating our potential obligations to C&A under 255 UO 32341 and 255 UO 33533 with respect to this matter. In the interim, Allianz reserves all of its rights as to insurance coverage issues that may potentially arise from this matter, including the right to deny coverage entirely in the event that our investigation indicates that this loss is outside the scope of coverage provided under any policies.

While our policy search and investigation proceeds, we ask that you please provide us with a copy of the operative complaint in this suit as soon as possible:

Neither this letter nor our investigation into this matter should be construed to change, waive or modify any of the terms, conditions or provisions of the alleged and/or confirmed policies issued by Allianz to C&A. The acknowledgment of this matter and any further actions taken in regard to this matter are undertaken subject to a complete reservation of rights under the terms, conditions and provisions of any and all policies issued to C&A, and in law and equity. No action taken by Allianz shall constitute an admission of liability or coverage under any policies issued to or alleged to have been issued to C&A and should not be construed as a waiver of any rights or estoppel from asserting any right to disclaim or limit coverage under policies issued to C&A.

If you have any questions regarding this correspondence, or should you wish to discuss it further, please do not hesitate to contact the undersigned via direct dial at (415)899-3932 or via email at joey.solomon@allianzrm-us.com.

Sincerely,

Joey D. Solomon
Claims Specialist
Chicago Insurance Company

cc:              VIA EMAIL ONLY

Brian M. Rostocki - Receiver for Collins & Aikman Products, LLC
ReedSmith LLP
1201 Market Street, Suite 1500
Wilmington, DE 19801
brostocki@reedsmith.com

and

Olivia W. Karlin
Deputy Attorney General
State of California Department of Justice
300 South Spring Street
Los Angeles, CA 90013
Olivia.Karlin@doj.ca.gov

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310-481-7600 ♦ FAX 310-481-7650

1   **PROOF OF SERVICE**

2      I am employed in the County of Los Angeles, State of California.  I am over
the age of eighteen years and not a party to the within action.  My business address
3   is 10960 Wilshire Boulevard, 18th Floor, Los Angeles, CA 90024-3804.

4      On November 4, 2019, I served the following document(s) described as
**DECLARATION OF JOEY D. SOLOMON IN SUPPORT OF ALLIANZ**
5   **UNDERWRITERS INSURANCE COMPANY, CHICAGO INSURANCE**
**COMPANY, AND FIREMAN'S FUND INSURANCE COMPANY'S MOTION**
6   **TO INTERVENE AS ALLEGED INSURER OF DEFENDANT COLLINS &**
**AIKMAN PRODUCTS, LLC AND TO VACATE DEFAULT** on the interested
7   parties in this action as follows:

8      **SEE ATTACHED SERVICE LIST**

9      **BY CM/ECF NOTICE OF ELECTRONIC FILING:**  I electronically filed
the document(s) with the Clerk of the Court by using the CM/ECF system.
10   Participants in the case who are registered CM/ECF users will be served by the
CM/ECF system.  Participants in the case who are not registered CM/ECF users will
11   be served by mail or by other means permitted by the court rules.

12      I declare under penalty of perjury under the laws of the United States of
America that the foregoing is true and correct and that I am employed in the office
13   of a member of the bar of this Court at whose direction the service was made.

14      Executed on November 4 , 2019, at Los Angeles, California.

15

16                                    _/s/ Christina Samayoa_____
                                   Christina Samayoa
17

18

19

20

21

22

23

24

25

26

27

28

1

**SERVICE LIST**

2

*California Dept. of Toxic Substances Control, et al. v. Jim Dobbas, Inc., et al,*
*United States District Court, Eastern District of California*
**Case No. 2:14-cv-0595-WBS-EFB**

3

4

5   XAVIER BECERRA
    Attorney General of California

6   EDWARD H. OCHOA
    Supervising Deputy Attorney General

7   OLIVIA W. KARLIN, State Bar No. 150432
    LAURA J. ZUCKERMAN (Counsel for

8   service) State Bar No. 161896
    Deputy Attorneys General

9   1515 Clay Street, 20th Floor
    Oakland, CA 94612

10  Telephone: (510) 879-1299
    Fax: (510) 622-2270

11  E-mail: Laura.Zuckerman@doj.ca.gov
    **Attorneys for Plaintiffs California**

12  **Department of Toxic Substances Control**
    **and the Toxic Substances Control Account**

13

14  Brian M. Rostocki
    Reed Smith LLP - Delaware

15  1201 Market Street - Suite 1500
    Wilmington, DE 19801

16  **Registered Agent for C&A Products, LLC**

Alexander Eugene Potente
Clyde & Co US LLP
101 2nd Street, Suite 2400
San Francisco, CA 94105
Telephone: (415) 365-9800
Fax: (415) 365-9801
Email: alex.potente@clydeco.us
LEAD ATTORNEY
ATTORNEY TO BE NOTICED
**Attorneys for Intervenor, THE**
**TRAVELERS INDEMNITY**
**COMPANY**

Sam M. Thorpe
Nicolaides Fink Thorpe
Michaelides Sullivan LLP
101 Montgomery Street, Suite 2300
San Francisco, CA 94104
Telephone: (415) 745-3772
Fax: (415) 745-3771
Email: ssthorpe@nicolaidesllp.com
LEAD ATTORNEY
ATTORNEY 70 BE NOTICED
**Attorneys for the Intervenor,**
**THE CONTINENTAL**
**INSURANCE COMPANY**

17

18

19

20

21

22

23

24

25

26

27

28

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310-481-7500 ♦ FAX 310-481-7650

DECLARATION OF JOEY D. SOLOMON IN SUPPORT OF MOTION TO INTERVENE AND TO VACATE
DEFAULT