1  Thomas F. Vandenburg (State Bar No. 163446)
   tvandenburg@wshblaw.com
2  Stratton P. Constantinides (State Bar No. 305103)
   sconstantinides@wshblaw.com
3  **WOOD, SMITH, HENNING & BERMAN LLP**
   10960 Wilshire Boulevard, 18th Floor
4  Los Angeles, California 90024-3804
   Phone: 310-481-7600 ♦ Fax: 310-481-7650
5

6  Attorneys for Proposed Intervenors Allianz Underwriters Insurance Company,
   Chicago Insurance Company, and Fireman's Fund Insurance Company
7

8              **UNITED STATES DISTRICT COURT**

9  **EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION**

10

| | |
|---|---|
| 11 CALIFORNIA DEPARTMENT OF TOXIC SUBSTANCES CONTROL and the TOXIC SUBSTANCES CONTROL ACCOUNT, | Case No. 2:14-cv-0595-WBS-EFB |
| Plaintiffs, | **ALLIANZ UNDERWRITERS INSURANCE COMPANY, CHICAGO INSURANCE COMPANY, AND FIREMAN'S FUND INSURANCE COMPANY'S MEMORANDUM OF POINTS AND AUTHORITIES IN REPLY TO PLAINTIFFS' OPPOSITION TO MOTION TO INTERVENE AS ALLEGED INSURER OF DEFENDANT COLLINS & AIKMAN PRODUCTS, LLC AND TO VACATE DEFAULT** |
| v. | |
| JIM DOBBAS, INC., a California corporation; CONTINENTAL RAIL, INC., a Delaware corporation; DAVID VAN OVER, individually; PACIFIC WOOD PRESERVING, a dissolved California corporation; WEST COAST WOOD PRESERVING, LLC., a Nevada limited liability company; and COLLINS & AIKMAN PRODUCTS, LLC, a Delaware limited liability company,, | Date:       December 2, 2019 |
| Defendants. | Time:       1:30 p.m. |
| AND RELATED CROSS-ACTIONS | Place:      Courtroom 5, 14th Floor 501 I Street Sacramento, CA 95814 |
| | The Hon. William B. Shubb |
| | Trial Date:       None Set |

26  / / /

27  / / /

28  / / /

LEGAL:05971-0074/13272687.1

ALLIANZ INTERVENORS' MEMORANDUM OF POINTS AND AUTHORITIES IN REPLY TO PLAINTIFFS' OPPOSITION TO MOTION TO INTERVENE AND TO VACATE DEFAULT

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310-481-7600 ♦ FAX 310-481-7650

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310-481-7600 ♦ FAX 310-481-7650

**TO THE HONORABLE COURT, AND TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

Proposed Intervenors ALLIANZ UNDERWRITERS INSURANCE COMPANY, CHICAGO INSURANCE COMPANY, AND FIREMAN'S FUND INSURANCE COMPANY ("Allianz Intervenors") hereby submit their Memorandum of Points and Authorities in Reply to CALIFORNIA DEPARTMENT OF TOXIC SUBSTANCES CONTROL and the TOXIC SUBSTANCES CONTROL ACCOUNT (hereinafter, collectively, "DTSC" or "Plaintiffs") Opposition (Dkt. 227) to Allianz Intervenors' Motion to Intervene as excess insurers of the Wickes Companies, Inc. ("Wickes"), alleged predecessor of underlying Defendant Collins & Aikman Products, LLC ("C&A Products, LLC") and to Vacate Default (Dkt. 222).

## I.   INTRODUCTION

In its Opposition, DTSC has attempted to conflate the facts and questions of law in order to distract the Court from the grounds upon which Allianz Intervenors seek to intervene.  As an initial matter, the following facts are crucial for the Court to consider:

- Despite litigating this action for the past five (5) years, DTSC, DTSC's agent/appointed receiver, Brian Rostocki, and DTSC's agent, Arcina Risk Group failed to inform Allianz Intervenors of the pending action, even though they had knowledge of insurance policies that may apply to the instant claims.

- DTSC's and its agents' purposeful failures to inform have deprived Allianz Intervenors of their right to conduct discovery as to DTSC's allegations of contamination, and/or as to whether DTSC's remediation activities are consistent with the National Contingency Plan ("NCP") as statutorily required in a CERCLA action.

- DTSC is alleging that Allianz Intervenors are insurers against whom

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310-481-7600 ♦ FAX 310-481-7650

1  DTSC will seek to enforce any default judgment and that Allianz

2  Intervenors have an interest in the pending action, which serves as the

3  basis for the instant Motion.

4  • By DTSC's own admission, it waited until two weeks before the initial

5  hearing on DTSC's application for entry of default to inform Allianz

6  Intervenors of the pending litigation.

7  In addition, DTSC's arguments in opposition are refuted by a number of facts

8  and legal authority.  First, Allianz Intervenors' position is separate and distinct from

9  that of Travelers in that Allianz Intervenors had no notice of the present litigation

10  until September 10, 2019.  *See* Motion, Solomon Decl. ¶ 5, Exhibit B (Dkt. 222-1);

11  Zuckerman Decl. ¶ 7 (Dkt. 200).  This purposefully delayed notice has denied

12  Allianz Intervenors the opportunity to conduct discovery as to which entities

13  released each alleged contaminant and the quantity, timing and nature of each

14  release – all of which are relevant to the determination of which entity(ies) are

15  liable and the proportionate responsibility of said entities.  Allianz Interveners' clear

16  interest here stems from the fact that it only insured Wickes and, consequently,

17  contesting Wickes liability, as respects the other defendants, is of paramount

18  concern.  The late notice has also prejudiced Allianz's ability to rebut the DTSC's

19  alleged damages (i.e., consistency with the NCP under CERCLA cost-recovery

20  action) or to form a coverage position with respect to C&A Products, LLC.

21  Second, Allianz Interveners reserved all rights concerning coverage, which is

22  all that an excess insurer must do to preserve the right to intervene.

23  Third, DTSC misrepresents the standard under *Gray v. Begley*, and the

24  opinion in that case relies on facts distinguishable from the present lawsuit.

25  Fourth, DTSC is itself alleging that Allianz Intervenors *is* an insurer of

26  Wickes, so for DTSC to rely on arguments in Opposition that Allianz Intervenors

27  have no protectable interest is contrary to applicable law and is disingenuous at

28  best.

LEGAL:05971-0074/13272687.1

-3-

Finally, there are common questions of law and facts, specifically with respect to liability, apportionment and DTSC's claimed damages, that would serve to allow permissive intervention.

Here, DTSC specifically alleges numerous parties conducted operations that contributed to the alleged contamination.  No facts are alleged concerning the nature, quantity, timing or duration of any release of contaminants.  Nothing is alleged concerning the specific activities of Wickes that allegedly caused any contamination.  Certainly, Allianz has not been afforded the opportunity to contest the vague allegations concerning Wickes' operations.

DTSC has also alleged over $3.4 million in damages without providing to Allianz Intervenors, who are alleged by DTSC to be insurers for Wickes, sufficient documentary support or evidence to prove its damages, show that these costs are consistent with the NCP or establish apportionment of liability.

Although DTSC alleges that Allianz Intervenors are able to argue coverage under a separate action (impliedly admitting there is a protectable interest), the fact remains that denial of intervention *here* will solidify the actual prejudice to Allianz Intervenors due to the late notice, and preclude any ability to contest that its insured bears any true liability or the relative apportionment of fault.  Denial of intervention will also prevent Allianz Intervenors from contesting DTSC's costs and damages, including whether they are, in fact, consistent with the NCP as statutorily required in a cost-recovery CERCLA action.

As set forth in the Motion and instant Reply, Allianz Intervenors have satisfied the enumerated requirements under FRCP Rule 24 for intervention.  Furthermore, Allianz Intervenors satisfy all three requirements to permit the Court to vacate default against C&A Products, LLC.  Accordingly, Allianz Intervenors respectfully request that the Court grant the instant Motion.

/ / /

/ / /

LEGAL:05971-0074/13272687.1

-4-

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310-481-7600 ♦ FAX 310-481-7650

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310-481-7600 ♦ FAX 310-481-7650

## II.   ALLIANZ INTERVENORS ARE ENTITLED TO INTERVENE IN THE LAWSUIT

### A.   DTSC's Unreasonable Delay In Providing Notice Of The Pending Action Has Prejudiced Allianz Intervenors

As noted, Allianz Intervenors' position is distinguishable from that of Travelers in that Allianz Intervenors had <u>no notice</u> of the present litigation until September 10, 2019, which was *after* DTSC had filed its application for entry of default judgment and a mere two weeks prior to the hearing on the application.  It appears that, despite having notice of potential insurers for C&A Products, LLC, DTSC, by and through its agent Arcina Risk Group, failed to provide notice of the pending litigation for the past five years.  *See* Zuckerman Decl. ¶ 7 (Dkt. 200).  Furthermore, after DTSC orchestrated the appointment of Brian Rostocki as Receiver for C&A Products, LLC in 2014 in order to obtain default, Mr. Rostocki failed to make a good faith effort to provide notice or make any tender of defense or indemnity to Allianz Intervenors with respect to this lawsuit.  Based on this timeline, any claim by DTSC that it would be "prejudiced" upon Allianz Intervenors' intervention is baseless and without merit, and any perceived prejudice that would occur is the result of DTSC's own dilatory tactics.

This failure to provide notice by DTSC and its agents, Arcina Risk Group and Mr. Rostocki, has resulted in actual prejudice to Allianz Intervenors by effectively precluding Allianz Intervenors the opportunity to conduct discovery as to DTSC's allegations of contamination and liability, the relative apportionment of responsibility, and the consistency of DTSC's remediation activities with the NCP (i.e., DTSC's alleged damages).  Moreover, DTSC's assertion that Allianz Intervenors failed to show a meritorious defense exists is due only to DTSC's own dilatory tactics which has prevented Allianz Intervenors from conducting any discovery with respect to these claims in order to formulate its defenses.

It is important for the Court to note that, should intervention be denied in the

present case, ***Allianz Intervenors will essentially be denied due process by depriving this insurer of a full and fair opportunity to evaluate DTSC's allegations of liability and claimed remediation costs within the framework of the NCP***.  Despite DTSC's claims in opposition, ***allowing an unchallenged entry of default will render Allianz Intervenors with <u>no recourse</u> to contest the issues within the scope of the default judgment***.  The purpose of the right to discovery and cross-examination is to allow the parties the ability to discover and present a meritorious defense.  Denial of intervention would solidify the actual prejudice to Allianz Interveners caused by the late notice at no fault of their own.

Based on the foregoing, it is clear that Allianz Intervenors, as putative insurers of Wickes, should be provided an opportunity to intervene in the instant lawsuit so as to permit discovery as to DTSC's claims and damages.

**B.** <u>***Gray v. Begley*** **Does Not Control The Court's Decision In This Case**</u>

In *Gray v. Begley*, the Court's holding is set forth in the first paragraph of the Court of Appeal opinion:

> "While this case presents a somewhat tortured procedural history, it also presents a significant question in the field of insurance litigation.  When an insurer provides an insured a defense under a reservation of rights, and the insured subsequently reaches a private settlement with the third party claimant without the participation of the insurer, may the insurer intervene in its own interests – including the right to seek a set-off of the judgment against the insured based upon a prior settlement by the claimant with another party?  We conclude that it may."

182 Cal.App.4th 1509 (2010).

*Gray v. Begley* concerned a motorist who was injured in an automobile accident with an insured and brought an action against the insured.  The insurance company, CNA, defended its insured under a reservation of rights.  After a jury

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310-481-7600 ♦ FAX 310-481-7650

1   trial, the Insured first filed a motion to vacate judgment, then reached an agreement

2   without the Insurer's participation, and thereafter withdrew its motion to vacate.

3   The Insurer intervened to file its own motion to vacate judgment. The trial court

4   denied the Insurer's motion to vacate as untimely.  The Insurer appealed, and the

5   Court of Appeal reversed and remanded.  *Id.* at 1527.

6       The Court's holding in *Gray v. Begley* is of very limited usefulness for this

7   Court when considering Allianz Intervenors' motion to intervene.  Here, in 2014,

8   DTSC filed suit and engineered the default against C&A Products, LLC, a

9   cancelled Delaware limited liability company, by paying for the Receiver, Brian

10  Rostocki, to be served with summons despite having no obligation to respond to the

11  same.  Then, despite having knowledge either directly or by and through its agents

12  (which DTSC does not deny), neither DTSC, Mr. Rostocki, nor Arcina Risk Group

13  provided notice to Allianz Intervenors of the lawsuit.  DTSC then proceeded to

14  obtain default against C&A Products, LLC, without the involvement of its potential

15  insurers, on March 26, 2015.  On August 21, 2019, DTSC moved for entry of a

16  judgment of default against C&A Products, LLC, and yet DTSC *still* waited

17  another three weeks before providing notice to Allianz Intervenors of the lawsuit

18  and pending application for default judgment on September 10, 2019.  In response,

19  Allianz Intervenors (as distinguished from Travelers) promptly filed its motion to

20  intervene and vacate default.

21      Because C&A Products, LLC, a cancelled Delaware limited liability

22  company, no longer exists, and because C&A Products, LLC (i.e., Mr. Rostocki)

23  never sought a defense from any of its insurers, it is clear that DTSC positioned this

24  lawsuit solely to pursue compensation from those historical insurers.   As such,

25  these insurers are now seeking to intervene directly in the litigation as is standard

26  practice, specifically because there is no longer an existing entity with any interest

27  left to defend (C&A Products, LLC has been cancelled).  If the Court allows DTSC

28  to secure an unchallenged default judgment against a defunct C&A Products, LLC,

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310-481-7600 ♦ FAX 310-481-7650

ALLIANZ INTERVENORS' MEMORANDUM OF POINTS AND AUTHORITIES IN REPLY TO PLAINTIFFS'
OPPOSITION TO MOTION TO INTERVENE AND TO VACATE DEFAULT

1  "This result would have the effect of punishing [Allianz Intervenors] for something

2  it did not do, since '[i]nsurers have no control over the solvency or corporate

3  viability of their insureds.'" *Reliance Ins. Co. v. Superior Court*, 84 Cal.App.4th

4  383, 389 (citation omitted).  Additionally, it is well-settled under California law

5  that "an excess or secondary policy does not cover a loss, nor does any duty to

6  defend the insured arise, until all of the primary insurance has been exhausted."

7  *Community Redevelopment Agency v. Aetna Cas. & Sur. Co.*, 50 Cal. App. 4th 329,

8  339 (1996).  Based on these facts, Allianz Intervenors indisputably have sought to

9  intervene in a timely manner, and unquestionably have a protectable interest under

10 California Insurance Code section 11580, *et seq*.

11      This Court should not rest its decision in this case upon the Court's holding

12 in *Gray v. Begley*.  The instant case differs from *Gray v. Begley* in virtually every

13 procedural aspect.  The two cases have completely different factual backgrounds.

14 The substantive law covering each case is wholly different – the instant case is a

15 CERCLA cost recovery action, while *Gray v. Begley* was a state law tort matter.

16 Allianz Intervenors submit that the Court's holding in *Gray v. Begley* fails to

17 control, or even inform, the Court's decision in this case.

18  **C.**   **Allianz Intervenors Have A Protectable Interest Under FRCP**

19        **Rule 24(a), And Denial Of This Motion Will Impair Allianz**

20        **Intervenors' Ability To Protect Their Interest**

21      Furthermore, pursuant to DTSC's own allegations that Allianz Intervenors

22 are insurers of Wickes, Allianz Intervenors' protectable interests in this case include

23 the respective liability of Wickes, as opposed to the other defendant entities and

24 DTSC's alleged damages.  As set forth more fully above, DTSC plans to pursue

25 Allianz Intervenors in a direct action for payment of DTSC's alleged damages.

26 However, Wickes' respective responsibility, if any, may in fact be a small fraction

27 of that assignable to the other defendant parties.  DTSC's damages may also include

28 indirect costs and enforcement costs that would otherwise be unrecoverable in a

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310-481-7600 ♦ FAX 310-481-7650

LEGAL:05971-0074/13272687.1                    -8-

1   CERCLA action.  However, should intervention be denied by this Court, Allianz

2   Intervenors will be unable to challenge liability and DTSC's alleged damages and

3   the consistency of remediation costs with the NCP, and it will prevent Allianz

4   Intervenors from demonstrating that a reasonable basis for apportionment exists.

5       As in any CERCLA case, DTSC is required in a cost recovery action to prove

6   liability on the part of the defendant, allocation of liability among the parties, as well

7   as show that the costs it seeks to recover were incurred in a manner consistent with

8   the NCP.  CERCLA provides that when responding to releases of hazardous

9   substances into the environment, a State has the right to recover all costs of a

10  removal or remedial action that are "not inconsistent with" the NCP.  42 U.S.C. §

11  9607(a)(4)(A); *see also* 40 C.F.R. § 300, *et seq.* (setting forth NCP).  Response costs

12  incurred by a State are presumed to not be inconsistent with the NCP, and a

13  potentially responsible party has the burden of proving any inconsistency.  *Wash.*

14  *State Dept. of Transp. v. Wash. Nat. Gas Co., Pacificorp,* 59 F.3d 793, 799–800 (9th

15  Cir. 1995).

16      To prove that a response action was inconsistent with the NCP, a defendant

17  must prove that the agency's response action was arbitrary and capricious.  *Cal. ex*

18  *rel. Cal. Dept. of Toxic Substances Control v. Neville Chem. Co.,* 358 F.3d 661, 673

19  (9th Cir. 2004) (citations omitted).  The standard of review applicable to a State's

20  response action is set forth in the Code of Federal Regulations, which states:

21  "Actions under [CERCLA section 107(a)] will not be considered 'inconsistent with

22  the NCP,'[…] based on immaterial or insubstantial deviations from the provisions of

23  40 C.F.R. part 300."  40 C.F.R. § 300.700(c)(4).  States cannot recover costs

24  inconsistent with the response methods outlined in the NCP.  *State of N.Y. v. Shore*

25  *Realty Group,* 759 F.2d 1032, 1047–48 (2d. Cir. 1985).

26      In the present case, and again due to DTSC's and its agents' dilatory tactics

27  and unreasonable delay in providing notice of this case to C&A Products, LLC's

28  putative insurers, Allianz Intervenors have been deprived of the ability to obtain

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310-481-7600 ♦ FAX 310-481-7650

LEGAL:05971-0074/13272687.1

ALLIANZ INTERVENORS' MEMORANDUM OF POINTS AND AUTHORITIES IN REPLY TO PLAINTIFFS'
OPPOSITION TO MOTION TO INTERVENE AND TO VACATE DEFAULT

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310-481-7600 ♦ FAX 310-481-7650

1   evidence through discovery of DTSC's potential material and substantial deviations

2   from basic NCP requirements during its response to contamination at the Site.

3   Thus, because denial of intervention here would bar Allianz Intervenors from

4   disputing DTSC's claimed damages, Allianz Intervenors' protectable interest herein

5   is DTSC's investigation and remediation costs and the whether these costs were

6   incurred in a manner consistent with the NCP.

7        Moreover, contrary to DTSC's assertion, Allianz Intervenors' interests herein

8   are not adequately represented by any other party.  This is primarily due to the fact

9   that there *are no other parties to this lawsuit* other than DTSC, as C&A Products,

10  LLC is a defunct entity that has not appeared, and the remaining defendants have all

11  settled out of the case prior to Allianz Intervenors' knowledge of the pending

12  litigation.

13       Additionally, Allianz Intervenors as <u>excess</u> insurers for Wickes creates a

14  unique situation with respect to representation of interests.  As an initial matter, it is

15  important for the Court to note that if no primary insurer is permitted to intervene in

16  this lawsuit, then Allianz Intervenors will have no party representing its interests in

17  the litigation.  In *County of Orange v. Great Lakes Reinsurance (UK) PLC*, 2013

18  U.S. Dist. LEXIS 197988*, the Central District of California held that, although the

19  excess insurer has a protectable interest, intervention as of right was denied because

20  the underlying primary insurer had appeared in the case such that the excess

21  insurer's interests were protected.  Here, we have the opposite set of facts wherein

22  the underlying insurer has *not* appeared in the case, rendering the Allianz

23  Interveners unable to have their interests represented in the instant lawsuit.  This

24  serves to support Allianz Intervenors' argument for intervention herein.

25       Based on the foregoing, it is clear that there is good cause to permit Allianz

26  Intervenors' intervention in this case so as to allow Allianz Intervenors to represent

27  its own protectable interests as putative excess insurers of Wickes, LLC.  To deny

28  such intervention would effectively deny Allianz Intervenors their right to due

Case 2:14-cv-00595-WBS-JDP   Document 230   Filed 11/25/19   Page 11 of 15

1  process and to contest liability, apportionment and damages as a putative insurer

2  would be permitted to do in any other CERCLA action.  DTSC should not be

3  rewarded for its shrewd tactics and unreasonable delay in providing notice, and

4  should be required to rebut any evidence uncovered  by Allianz Intervenors with

5  respect to liability and damages upon a full and fair opportunity to conduct

6  discovery related to the same.

7         **D.**     **There Common Questions Of Law And Fact Sufficient To Allow**

8             **For Permissive Intervention**

9        Under FRCP Rule 24(b), the Court may permit intervention by a party who

10  has a claim or defense that shares with the main action a common question or law

11  or fact.  Fed. R. Civ. P. 24(b)(1).  Here, as stated above, the common questions of

12  law and fact are directly related to DTSC's claimed costs for investigation and

13  remediation in response to contamination at the Site, and whether those costs were

14  incurred in a manner consistent with the NCP.  As such, Allianz Intervenors'

15  intervention will not "serve only to prolong the action" or "unduly delay the

16  litigation" as claimed by DTSC, but will allow those parties potentially responsible

17  for payment of DTSC's alleged damages the full and fair opportunity to conduct

18  discovery as to these damages and afford due process to an insurer that DTSC

19  alleges is responsible for payment of C&A Products, LLC's liabilities.

20        Moreover, as set forth above in the analysis of *Great Lakes Reinsurance*,

21  since no primary insurers have appeared, Allianz Intervenors (as excess insurers)

22  are unable to have their interests represented in the instant lawsuit.  This serves to

23  support Allianz Intervenors' argument for permissive intervention herein.

24        As such, Allianz Intervenors should also be permitted to intervene under the

25  permissive intervention statute of FRCP Rule 24(b).

26  **III.**    **GOOD CAUSE EXISTS TO VACATE DEFAULT UNDER FRCP**

27         **RULE 55(a)**

28        As with its argument concerning intervention, DTSC again attempts to

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310-481-7600 ♦ FAX 310-481-7650

ALLIANZ INTERVENORS' MEMORANDUM OF POINTS AND AUTHORITIES IN REPLY TO PLAINTIFFS'
OPPOSITION TO MOTION TO INTERVENE AND TO VACATE DEFAULT

1   conflate the facts and law cited in opposition to Allianz Intervenors' motion to

2   vacate default.  DTSC claims that, because Allianz Intervenors have not presented a

3   meritorious defense to potential liability on the part of C&A Products, LLC, that it

4   would be futile to reopen judgment in the present case.  This argument fails for two

5   reasons.

6          First, as described in detail above, DTSC's own delay in providing notice of

7   this action is the sole reason that Allianz Intervenors have been unable to conduct

8   discovery necessary to present a meritorious defense against DTSC's claims.  Thus,

9   DTSC should not be allowed to profit off of its own failure to provide timely notice

10  to putative insurers of C&A Products, LLC.

11         Second, it would not be futile to reopen judgment because DTSC's claimed

12  costs for responding to contamination at the Site may have been incurred in a

13  manner inconsistent with the NCP.  This would impact DTSC's ability to recover its

14  claimed damages against putative insurers of C&A Products, LLC.

15         Good cause clearly exists to vacate default in this case.  The "meritorious

16  defense" component of test for setting aside an entry of default pursuant to Rule

17  55(c) does not require that movant demonstrate likelihood of success on merits.

18  Rather, "[a]ll that is necessary to satisfy the 'meritorious defense' requirement is to

19  allege sufficient facts that, if true, would constitute a defense .. . [at] the later

20  litigation."  *U.S. v. Signed Personal Check No. 730 of Yubran S. Mesle*, 615 F.3d

21  1085, 1094 (9th Cir. 2010).  Again, Allianz Intervenors are representing here that a

22  potential meritorious defense may exist with respect to liability, apportionment and

23  DTSC's incursion of costs inconsistent with the NCP.

24         Based on the foregoing, it is clear that there is a potential meritorious defense

25  as to DTSC's claims herein.  With respect to the second factor for the Court to

26  consider, DTSC admitted that Allianz Intervenors has not engaged in any culpable

27  conduct.  *See* Plaintiff's Opposition, Page 15, Lines 26-27.  On the third factor

28  concerning alleged prejudice to DTSC, as outlined above the intended intervention

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310-481-7600 ♦ FAX 310-481-7650

ALLIANZ INTERVENORS' MEMORANDUM OF POINTS AND AUTHORITIES IN REPLY TO PLAINTIFFS'
OPPOSITION TO MOTION TO INTERVENE AND TO VACATE DEFAULT

1   at this later stage of litigation is due solely to DTSC's unreasonable delay in

2   providing notice of the same.  Furthermore, DTSC has not conducted any discovery

3   in this litigation concerning C&A Products, LLC or its putative insurers.  Thus, if

4   there is any prejudice to DTSC (which Allianz Intervenors expressly deny), that

5   prejudice was brought on solely by DTSC's strategy to wait until after filings its

6   application for default judgment to notify Allianz Intervenors of this lawsuit.  For

7   these reasons, the Court should vacate the default against C&A Products, LLC.

8   **IV.**     **CONCLUSION**

9        In summary, DTSC claims that Allianz Intervenors have not presented any

10   evidence sufficient to overcome the alleged "prima facie" case of CERCLA liability

11   and damages, but ignores the fact that its own unreasonable delay and dilatory

12   tactics have prejudicially deprived Allianz Intervenors of the ability to do so.

13   Therefore, for the foregoing reasons, Allianz Intervenors respectfully request that

14   this Court permit Allianz Intervenors to intervene in the instant lawsuit as putative

15   insurers of underlying Wickes , and to vacate the default against C&A Products,

16   LLC.

17

18   DATED:  November 25, 2019          WOOD, SMITH, HENNING & BERMAN LLP

19

20

21                                       By:   _/s/ Stratton P. Constantinides_

22                                            THOMAS F. VANDENBURG
                                             STRATTON P. CONSTANTINIDES

23                                       Attorneys for Proposed Intervenors
                                         Allianz Underwriters Insurance Company,

24                                       Chicago Insurance Company, and Fireman's
                                         Fund Insurance Company

25

26

27

28

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310-481-7600 ♦ FAX 310-481-7650

LEGAL:05971-0074/13272687.1

-13-

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310-481-7600 ♦ FAX 310-481-7650

# PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California.  I am over the age of eighteen years and not a party to the within action.  My business address is 10960 Wilshire Boulevard, 18th Floor, Los Angeles, CA 90024-3804.

On November 25, 2019, I served the following document(s) described as **ALLIANZ UNDERWRITERS INSURANCE COMPANY, CHICAGO INSURANCE COMPANY, AND FIREMAN'S FUND INSURANCE COMPANY'S MEMORANDUM OF POINTS AND AUTHORITIES IN REPLY TO PLAINTIFFS' OPPOSITION TO MOTION TO INTERVENE AS ALLEGED INSURER OF DEFENDANT COLLINS & AIKMAN PRODUCTS, LLC AND TO VACATE DEFAULT** on the interested parties in this action as follows:

## SEE ATTACHED SERVICE LIST

**BY MAIL:**  I placed true copies of the foregoing document(s) enclosed in sealed envelopes addressed as shown on the Service List.  I am "readily familiar" with Wood, Smith, Henning & Berman's practice for collecting and processing correspondence for mailing with the United States Postal Service.  Under that practice, it would be deposited with the United States Postal Service that same day in the ordinary course of business.  Such envelope(s) were placed for collection and mailing with postage thereon fully prepaid at Los Angeles, California, on that same day following ordinary business practices.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on November 25, 2019, at Los Angeles, California.


*/s/ Christina Samayoa*
Christina Samayoa

1

**SERVICE LIST**

2

*California Dept. of Toxic Substances Control, et al. v. Jim Dobbas, Inc., et al,*
*United States District Court, Eastern District of California*

3

**Case No. 2:14-cv-0595-WBS-EFB**

4

5

XAVIER BECERRA
Attorney General of California

6

EDWARD H. OCHOA
Supervising Deputy Attorney General

7

OLIVIA W. KARLIN, State Bar No. 150432
LAURA J. ZUCKERMAN (Counsel for

8

service) State Bar No. 161896
Deputy Attorneys General

9

1515 Clay Street, 20th Floor
Oakland, CA 94612

10

Telephone: (510) 879-1299
Fax: (510) 622-2270

11

E-mail: Laura.Zuckerman@doj.ca.gov
**Attorneys for Plaintiffs California**

12

**Department of Toxic Substances Control**
**and the Toxic Substances Control Account**

13

14

Brian M. Rostocki
Reed Smith LLP - Delaware

15

1201 Market Street - Suite 1500
Wilmington, DE 19801

16

**Registered Agent for C&A Products, LLC**

Alexander Eugene Potente
Clyde & Co US LLP
101 2nd Street, Suite 2400
San Francisco, CA 94105
Telephone: (415) 365-9800
Fax: (415) 365-9801
Email: alex.potente@clydeco.us
LEAD ATTORNEY
ATTORNEY TO BE NOTICED
**Attorneys for Intervenor, THE**
**TRAVELERS INDEMNITY**
**COMPANY**

Sam M. Thorpe
Nicolaides Fink Thorpe
Michaelides Sullivan LLP
101 Montgomery Street, Suite 2300
San Francisco, CA 94104
Telephone: (415) 745-3772
Fax: (415) 745-3771
Email: ssthorpe@nicolaidesllp.com
LEAD ATTORNEY
ATTORNEY 70 BE NOTICED
**Attorneys for the Intervenor,**
**THE CONTINENTAL**
**INSURANCE COMPANY**

17

18

19

20

21

22

23

24

25

26

27

28

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310-481-7600 ♦ FAX 310-481-7650

LEGAL:05971-0074/13272687.1

-2-