Thomas F. Vandenburg (State Bar No. 163446)
tvandenburg@wshblaw.com
Stratton P. Constantinides (State Bar No. 305103)
sconstantinides@wshblaw.com
**WOOD, SMITH, HENNING & BERMAN LLP**
10960 Wilshire Boulevard, 18th Floor
Los Angeles, California 90024-3804
Phone: 310-481-7600 ♦ Fax: 310-481-7650

Attorneys for Proposed Intervenor Century Indemnity Company as successor to CCI Insurance Company as successor to Insurance Company of North America

Sara M. Thorpe (SBN: 146529)
sthorpe@nicolaidesllp.com
Randall P. Berdan (SBN: 199623)
rberdan@nicolaidesllp.com
Nicolaides Fink Thorpe Michaelides Sullivan LLP
101 Montgomery Street, Suite 2300
San Francisco, CA 94104
Phone: 415-745-3770 / Fax: 415-745-3771

Attorneys for Proposed Intervenor The Continental Insurance Company

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION

| | |
|---|---|
| CALIFORNIA DEPARTMENT OF TOXIC SUBSTANCES CONTROL and the TOXIC SUBSTANCES CONTROL ACCOUNT,<br><br>Plaintiffs,<br><br>v.<br><br>JIM DOBBAS, INC., a California corporation; CONTINENTAL RAIL, INC., a Delaware corporation; DAVID VAN OVER, individually; PACIFIC WOOD PRESERVING, a dissolved California corporation; WEST COAST WOOD PRESERVING, LLC., a Nevada limited liability company; and COLLINS & AIKMAN PRODUCTS, LLC, a Delaware limited liability company,,<br><br>Defendants.<br><br>AND RELATED CROSS-ACTIONS | Case No. 2:14-cv-0595-WBS-EFB<br><br>**CENTURY INDEMNITY COMPANY AND THE CONTINENTAL INSURANCE COMPANY'S JOINT MEMORANDUM OF POINTS AND AUTHORITIES IN REPLY TO PLAINTIFFS' OPPOSITION TO MOTION TO INTERVENE AS ALLEGED INSURER OF DEFENDANT COLLINS & AIKMAN PRODUCTS, LLC AND TO VACATE DEFAULT**<br><br>Date:      December 2, 2019<br>Time:     1:30 p.m.<br>Place:    Courtroom 5, 14th Floor<br>             501 I Street<br>             Sacramento, CA 95814<br><br>The Hon. William B. Shubb<br>Trial Date:      None Set |

**TO THE HONORABLE COURT, AND TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

Proposed Intervenors CENTURY INDEMNITY COMPANY AS SUCCESSOR TO CCI INSURANCE COMPANY AS SUCCESSOR TO INSURANCE COMPANY OF NORTH AMERICA ("Century") and THE CONTINENTAL INSURANCE COMPANY ("Continental") (hereinafter, collectively, "Proposed Intervenors") hereby submit their Joint Memorandum of Points and Authorities in Reply to CALIFORNIA DEPARTMENT OF TOXIC SUBSTANCES CONTROL and the TOXIC SUBSTANCES CONTROL ACCOUNT (hereinafter, collectively, "DTSC" or "Plaintiffs") Opposition (Dkt. 227) to Century's Motion to Intervene as Alleged Insurer to Defendant Collins & Aikman Products, LLC ("C&A Products, LLC") and to Vacate Default (Dkt. 217) and to Continental's Motion to Intervene and Set Aside Default (Dkt. 205).

## I. INTRODUCTION

In its Opposition, DTSC conflates the facts and questions of law, missing the grounds upon which Proposed Intervenors seek to intervene. As an initial matter, the following facts are crucial for the Court to consider:

- By granting the requested intervention, insurers will indeed be defending the interests of the underlying insured, Defendant C&A Products, LLC, by allowing for its alleged liability and consequences to be given the first chance of adjudication.

- Despite litigating this action for the past five (5) years and having full knowledge of the existing insurance policies that may apply to the instant claims, DTSC, DTSC's agent/appointed receiver, Brian Rostocki, and DTSC's agent, Arcina Risk Group, failed to inform Proposed Intervenors of the pending action until after DTSC sought to have the Court enter a default judgment.

- DTSC's and its agents' failures to timely inform Proposed Intervenors

have completely deprived Proposed Intervenors of their right to conduct discovery and seek adjudication of DTSC's allegations of contamination and/or whether DTSC's remediation activities are consistent with the National Contingency Plan ("NCP") as statutorily required in a CERCLA action.

- DTSC is alleging that Proposed Intervenors are putative insurers, not of DTSC but of C&A Products, LLC, and that Proposed Intervenors have an interest in the pending action, which serves as the basis for the instant Motion.

- By DTSC's own admission, it waited over 4.5 years since its request for default and until a mere two weeks before the initial hearing on DTSC's application for entry of default judgment to inform Proposed Intervenors of the pending litigation.

DTSC's arguments in opposition are refuted by a number of facts and legal authority. First, Proposed Intervenors' position is separate and distinct from that of Travelers in that Proposed Intervenors had no notice of the present litigation until September 10, 2019. *See* Century's Motion, Jacobs Decl. ¶ 4, Exhibit A (Dkt. 217-1); Continental's Motion, Berdan Decl. ¶ 3, Exhibit A (Dkt. 205-1); Zuckerman Decl. ¶ 7 (Dkt. 200). This delayed notice has deprived Proposed Intervenors the opportunity to conduct discovery as to DTSC's damages (i.e., consistency with the NCP under CERCLA cost-recovery action).

Second, DTSC misapprehends the standard under *Gray v. Begley*, as that case does not hold that an insurer must either accept coverage or acknowledge a potential of coverage for it to intervene. Further, *Gray v. Begley* does not even apply to these circumstances where C&A Products, LLC is defunct and never tendered the lawsuit to its insurers to defend – providing a "defense" to C&A Products, LLC now would be an unnecessary fiction. DTSC only seeks insurance proceeds.

Third, DTSC is itself alleging that Proposed Intervenors *are* putative insurers of C&A Products, LLC, so for DTSC to argue that Proposed Intervenors have no protectable interest is incongruous.  DTSC wants Proposed Intervenors to pay its *unchallenged* costs, an inequity that Proposed Intervenors justifiably seek to avert.

Fourth, there are common questions of law and facts, specifically with respect to DTSC's claimed damages, that should allow permissive intervention.

Here, DTSC has alleged over $3.4 million in damages without providing to Proposed Intervenors, which DTSC specifically alleges are responsible insurers for C&A Products, LLC, sufficient documentary support or evidence to prove its damages or to show that these costs are consistent with the NCP.  Although DTSC alleges that Proposed Intervenors are able to argue coverage in a separate action, the fact remains that denial of intervention *here* will deprive Proposed Intervenors of the ability to determine whether DTSC's costs and damages were, in fact, consistent with the NCP as statutorily required in a cost-recovery CERCLA action.  DTSC, through its own dilatory approach and unreasonable delay in providing notice of the instant lawsuit, is attempting to shift the burden of proof of its own damages which is required in order to comply with statutory requirements for cost-effective remediation.  Should coverage be determined at a later date and/or in a separate action, denying intervention here will prevent Proposed Intervenors from disputing the nature and extent of DTSC's alleged damages, and will essentially give DTSC a "free pass" to skirt its statutory obligations under CERCLA.

As set forth in the Motions and instant Joint Reply, Proposed Intervenors have satisfied the enumerated requirements under FRCP Rule 24 for intervention.  Furthermore, Proposed Intervenors satisfy all three requirements to permit the Court to vacate default against C&A Products, LLC.  Accordingly, Proposed Intervenors respectfully request that the Court grant the instant Motions.

/ / /

/ / /

## II. PROPOSED INTERVENORS ARE ENTITLED TO INTERVENE IN THE LAWSUIT

### A. DTSC's Unreasonable Delay In Providing Notice Of The Pending Action Has Prejudiced Proposed Intervenors

In the present matter, Proposed Intervenors' position is distinguishable from that of Travelers in that Proposed Intervenors had <u>no notice</u> of the present litigation until September 10, 2019, which was nearly five years *after* the initial filing of the Complaint, more than four years *after* default was entered, more than two weeks *after* DTSC had filed its application for entry of default judgment, and a mere two weeks prior to the initially scheduled hearing on the application. It appears that, despite having notice of potential insurers for C&A Products, LLC, DTSC, by and through its agent Arcina Risk Group, failed to provide notice of the pending litigation for the past five years. *See* Zuckerman Decl. ¶ 7 (Dkt. 200). Furthermore, after DTSC arranged for the appointment of Brian Rostocki as Receiver for C&A Products, LLC in 2014 in order to obtain default, Mr. Rostocki failed to make a good faith effort to provide notice or make any tender of defense or indemnity to Proposed Intervenors with respect to this lawsuit. Based on this astonishing timeline, any claim by DTSC that it would be "prejudiced" upon Proposed Intervenors' intervention is baseless and without merit, and any perceived prejudice that would occur is the result of DTSC's own dilatory conduct.

This failure to provide notice by DTSC and its agents, Arcina Risk Group and Mr. Rostocki, has effectively denied Proposed Intervenors the opportunity to conduct discovery as to DTSC's allegations of contamination and liability and to the consistency of DTSC's remediation activities with the NCP (i.e., DTSC's alleged damages). Moreover, DTSC's assertion that Proposed Intervenors have failed to provide a meritorious defense as to damages is due only to DTSC's own making.

It is important for the Court to note that, should intervention be denied in the

present case, ***Proposed Intervenors will essentially be denied due process by depriving these putative insurers of a full and fair opportunity to evaluate DTSC's remediation costs within the framework of the NCP***. Despite DTSC's claims in opposition, ***allowing an unchallenged entry of default judgment will render Proposed Intervenors with <u>no recourse</u> to challenge DTSC's alleged damages, even if those damages were incurred in a manner statutorily inconsistent with the NCP***. The purpose of the right to discovery and cross-examination is to allow the parties the ability to discover and present a meritorious defense. Denial of intervention would severely prejudice Proposed Intervenors through no fault of their own, and, should coverage exist, would reward DTSC for its unreasonable delay in providing notice to C&A Products, LLC's insurers despite apparent knowledge of potentially applicable insurance policies for the underlying litigation.

Based on the foregoing, it is clear that Proposed Intervenors, as putative insurers of C&A Products, LLC, should be provided an opportunity to intervene in the instant lawsuit so as to permit discovery as to DTSC's claims and damages.

### B. *Gray v. Begley* Does Not Control The Court's Decision In This Case Involving A Defunct Insured

In *Gray v. Begley*, the Court's holding is set forth in the first paragraph of the Court of Appeal opinion:

> "While this case presents a somewhat tortured procedural history, it also presents a significant question in the field of insurance litigation. When an insurer provides an insured a defense under a reservation of rights, and the insured subsequently reaches a private settlement with the third party claimant without the participation of the insurer, may the insurer intervene in its own interests – including the right to seek a set-off of the judgment against the insured based upon a prior settlement by the claimant with another party? We conclude that it may."

182 Cal.App.4th 1509 (2010).

*Gray v. Begley* concerned a motorist who was injured in an automobile accident with an insured and brought an action against the insured. The insurance company, CNA, defended its insured under a reservation of rights. After a jury trial, the insured first filed a motion to vacate judgment, then reached an agreement without the insurer's participation, and thereafter withdrew its motion to vacate. The insurer intervened to file its own motion to vacate judgment. The trial court denied the insurer's motion to vacate as untimely. The insurer appealed, and the Court of Appeal reversed and remanded. 182 Cal.App.4th 1509, 1527.

The Court's holding in *Gray v. Begley* is of very limited usefulness for this Court when considering Proposed Intervenors' motions to intervene. Here, in 2014, DTSC filed suit and engineered the default against C&A Products, LLC, a cancelled Delaware limited liability company, by paying for the Receiver, Brian Rostocki, to be served with summons despite having no obligation to respond to the same. Then, despite having knowledge either directly or by and through its agents (which DTSC does not deny), neither DTSC, Mr. Rostocki, nor Arcina Risk Group provided notice to Proposed Intervenors of the lawsuit. DTSC then proceeded to obtain default against C&A Products, LLC, without the involvement of its potential insurers, on March 26, 2015. On August 21, 2019, DTSC moved for entry of a judgment of default against C&A Products, LLC, and yet DTSC *still* waited another three weeks before providing notice to Proposed Intervenors of the lawsuit and pending application for default judgment on September 10, 2019. In response, Proposed Intervenors (as distinguished from Travelers) promptly filed their respective motions to intervene and vacate default.

Because C&A Products, LLC, a cancelled Delaware limited liability company, no longer exists, and because C&A Products, LLC (i.e., Mr. Rostocki) never sought a defense from any of its putative insurers, it is clear that DTSC positioned this lawsuit solely to pursue compensation from those historical insurers.

As such, these insurers are now seeking to intervene directly in the litigation as is standard practice, specifically because there is no longer an existing entity left to defend (C&A Products, LLC has been cancelled).  If the Court allows DTSC to secure an unchallenged default judgment against a defunct C&A Products, LLC, "This result would have the effect of punishing [Proposed Intervenors] for something [they] did not do, since '[i]nsurers have no control over the solvency or corporate viability of their insureds.'" *Reliance Ins. Co. v. Superior Court*, 84 Cal.App.4th 383, 389 (citation omitted).  Based on these facts, Proposed Intervenors indisputably have sought to intervene in a timely manner, and unquestionably have a protectable interest under California Insurance Code section 11580, *et seq*.

Due to the unreasonably delayed notice of the pending action, as well as the historical nature of coverage and the underlying potential liability, Proposed Intervenors are not in a position to either disclaim or accept coverage for C&A Products, LLC.  This is due, in large part, to the fact that Proposed Intervenors has not yet had an opportunity at all to investigate potential coverage issues, nor to conduct discovery as to the allegations against C&A Products, LLC, as it only received notice of these claims on September 10, 2019.  ***Simply put, the instant motion is distinguishable from Gray on the facts but consistent with that decision's rationale because Proposed Intervenors are attempting to <u>defend</u> the interests of its insured under these policies.***  Accordingly, the Court should allow Proposed Intervenors' intervention in the instant lawsuit.

### C. Proposed Intervenors Have A Protectable Interest Under FRCP Rule 24(a), And Denial Of This Motion Will Impair Proposed Intervenors' Ability To Protect Their Interests

Pursuant to DTSC's own allegations that Proposed Intervenors are insurers of C&A Products, LLC, Proposed Intervenors' protectable interests in this case include vetting of DTSC's alleged damages.  As set forth more fully above, should

C&A Products, LLC be deemed covered by Proposed Intervenors' policies at a later date, Proposed Intervenors may be responsible for payment of DTSC's alleged damages, which include alleged indirect costs and enforcement costs that would otherwise be unrecoverable in a CERCLA action. However, should intervention be denied by this Court, Proposed Intervenors will be unable to challenge DTSC's alleged damages and the consistency of remediation costs with the NCP, and it will prevent Proposed Intervenors from demonstrating that a reasonable basis for apportionment exists.

As in any CERCLA case, DTSC is required in a cost recovery action to prove liability on the part of the defendant, allocation of liability among the parties, as well as show that the costs it seeks to recover were incurred in a manner consistent with the NCP. CERCLA provides that when responding to releases of hazardous substances into the environment, a State has the right to recover all costs of a removal or remedial action that are "not inconsistent with" the NCP. 42 U.S.C. § 9607 (a)(4)(A); *see also* 40 C.F.R. § 300 *et seq.* (setting forth NCP). Response costs incurred by a State are presumed to not be inconsistent with the NCP, and a potentially responsible party has the burden of proving any inconsistency. *Wash. State Dept. of Transp. v. Wash. Nat. Gas Co., Pacificorp,* 59 F.3d 793, 799–800 (9th Cir. 1995).

To prove that a response action was inconsistent with the NCP, a defendant must prove that the agency's response action was arbitrary and capricious. *Cal. ex rel. Cal. Dept. of Toxic Substances Control v. Neville Chem. Co.,* 358 F.3d 661, 673 (9th Cir. 2004) (citations omitted). The standard of review applicable to a State's response action is set forth in the Code of Federal Regulations, which states: "Actions under [CERCLA section 107(a)] will not be considered 'inconsistent with the NCP,'[…] based on immaterial or insubstantial deviations from the provisions of 40 C.F.R. part 300." 40 C.F.R. § 300.700(c)(4). States cannot recover costs inconsistent with the response methods outlined in the NCP. *State of N.Y. v. Shore*

1  *Realty Group,* 759 F.2d 1032, 1047–48 (2d. Cir. 1985).

2        In the present case, and again due to DTSC's and its agents' dilatory tactics
3  and unreasonable delay in providing notice of this case to C&A Products, LLC's
4  putative insurers, Proposed Intervenors have been deprived of the ability to obtain
5  evidence through discovery of DTSC's potential material and substantial deviations
6  from basic NCP requirements during its response to contamination at the Site.
7  Thus, because denial of intervention here would bar Proposed Intervenors from
8  disputing DTSC's claimed damages, Proposed Intervenors' protectable interest
9  herein is DTSC's investigation and remediation costs and whether these costs were
10 incurred in a manner consistent with the NCP.

11       Moreover, contrary to DTSC's assertion, Proposed Intervenors' interests
12 herein are not adequately represented by any other party.  This is primarily due to
13 the fact that there *are no other parties to this lawsuit* other than DTSC, as C&A
14 Products, LLC is a defunct entity that has not appeared, and the remaining
15 defendants have all settled out of the case prior to Proposed Intervenors' knowledge
16 of the pending litigation.

17       Based on the foregoing, it is clear that there is good cause to permit Proposed
18 Intervenors' intervention in this case so as to allow Proposed Intervenors to
19 represent their own protectable interests as putative insurers of C&A Products, LLC.
20 To deny such intervention would effectively deny Proposed Intervenors their right
21 to due process and to contest damages as a putative insurer would be permitted to do
22 in any other CERCLA action.  DTSC should not be rewarded for its shrewd tactics
23 and unreasonable delay in providing notice of the pending action to C&A Products,
24 LLC's putative insurers, and should be required to rebut any evidence uncovered by
25 Proposed Intervenors with respect to damages upon a full and fair opportunity to
26 conduct discovery related to the same.  Accordingly, as putative insurers of C&A
27 Products, LLC, Proposed Intervenors should be allowed to intervene as a matter of
28 right to protect their own interests.

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310-481-7600 ♦ FAX 310-481-7650

### D. There Are Common Questions Of Law And Fact Sufficient To Allow For Permissive Intervention

Under FRCP Rule 24(b), the Court may permit intervention by a party who has a claim or defense that shares with the main action a common question of law or fact. Fed. R. Civ. P. 24(b)(1). Here, as stated above, the common questions of law and fact are directly related to DTSC's claimed costs for investigation and remediation in response to contamination at the Site, and whether those costs were incurred in a manner consistent with the NCP. As such, Proposed Intervenors' intervention will not "serve only to prolong the action" or "unduly delay the litigation" as claimed by DTSC, but will allow those parties potentially responsible for payment of DTSC's alleged damages the full and fair opportunity to conduct discovery and seek adjudication as to these damages and afford due process to insurers that DTSC alleges are responsible for payment of C&A Products, LLC's liabilities. As such, Proposed Intervenors should also be permitted to intervene under the permissive intervention statute of FRCP Rule 24(b).

## III. GOOD CAUSE EXISTS TO VACATE DEFAULT UNDER FRCP RULE 55(c)

As with its argument concerning intervention, DTSC again conflates the facts and law cited in opposition to Proposed Intervenors' motions to vacate default. DTSC claims that, because Proposed Intervenors have not presented a meritorious defense to potential liability on the part of C&A Products, LLC, it would be futile to reopen judgment in the present case. This argument fails for two reasons.

First, as described in detail above, DTSC's own delay in providing notice of this action is the sole reason that Proposed Intervenors have been unable to conduct discovery necessary to present a meritorious defense against DTSC's claims. Thus, DTSC should not be allowed to profit from its own failure to provide timely notice to putative insurers of C&A Products, LLC.

Second, it would not be futile to reopen judgment because DTSC's claimed

costs for responding to contamination at the Site may have been incurred in a manner inconsistent with the NCP. This would impact DTSC's ability to recover its claimed damages against putative insurers of C&A Products, LLC.

Good cause clearly exists to vacate default in this case. The "meritorious defense" component of the test for setting aside an entry of default pursuant to Rule 55(c) does not require that movant demonstrate likelihood of success on merits. DTSC's assertion that "[t]he Insurers have produced no evidence that DTSC's costs were inconsistent with the NCP" is not the standard here. (*See* Plaintiff's Opposition, Page 23, Lines 16-17.) Rather, "[a]ll that is necessary to satisfy the 'meritorious defense' requirement is to allege sufficient facts that, if true, would constitute a defense ... [at] the later litigation." *U.S. v. Signed Personal Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1094 (9th Cir. 2010). Again, Proposed Intervenors are representing here that a meritorious defense may exist with respect to DTSC's incursion of costs inconsistent with the NCP as detailed in Proposed Intervenors' opening briefs.

Based on the foregoing, it is clear that there is a potential meritorious defense as to DTSC's claims herein. With respect to the second factor for the Court to consider, DTSC admitted that Proposed Intervenors have not engaged in any culpable conduct. *See* Plaintiff's Opposition, Page 15, Lines 26-27. On the third factor concerning alleged prejudice to DTSC, as outlined above, the intended intervention at this later stage of litigation is due solely to DTSC's unreasonable delay in providing notice of the same. Furthermore, DTSC has not conducted any discovery in this litigation concerning C&A Products, LLC or its putative insurers. Thus, if there is any prejudice to DTSC (which Proposed Intervenors expressly deny), that prejudice was brought on solely by DTSC's strategy to wait until after filing its application for default judgment to notify Proposed Intervenors of this lawsuit. For these reasons, the Court should vacate the default against C&A Products, LLC.

## IV. CONCLUSION

In summary, DTSC claims that Proposed Intervenors have not presented any evidence sufficient to overcome the alleged "prima facie" case of CERCLA liability and damages, but ignores the fact that its own unreasonable delay and dilatory tactics have prejudicially deprived Proposed Intervenors of the ability to do so. Therefore, for the foregoing reasons, Proposed Intervenors respectfully request that this Court permit Proposed Intervenors to intervene in the instant lawsuit as putative insurers of underlying Defendant C&A Products, LLC, and to vacate the default against C&A Products, LLC.

DATED:  November 25, 2019         WOOD, SMITH, HENNING & BERMAN LLP


By: */s/ Stratton P. Constantinides*
THOMAS F. VANDENBURG
STRATTON P. CONSTANTINIDES
Attorneys for Proposed Intervenor
Century Indemnity Company as successor to
CCI Insurance Company as successor to
Insurance Company of North America


DATED:  November 25, 2019         NICOLAIDES FINK THORPE
MICHAELIDES SULLIVAN LLP


By: */s/ Randall P. Berdan*
SARA M. THORPE
RANDALL P. BERDAN
Attorneys for Proposed Intervenor
The Continental Insurance Company

LEGAL:10468-0108/13272404.1

-1-

CENTURY INDEMNITY COMPANY AND THE CONTINENTAL INSURANCE COMPANY'S REPLY TO PLAINTIFFS' OPPOSITION TO MOTION TO INTERVENE AND TO VACATE DEFAULT

# PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within action. My business address is 10960 Wilshire Boulevard, 18th Floor, Los Angeles, CA 90024-3804.

On November 25, 2019, I served the following document(s) described as **CENTURY INDEMNITY COMPANY AND THE CONTINENTAL INSURANCE COMPANY'S JOINT MEMORANDUM OF POINTS AND AUTHORITIES IN REPLY TO PLAINTIFFS' OPPOSITION TO MOTION TO INTERVENE AS ALLEGED INSURER OF DEFENDANT COLLINS & AIKMAN PRODUCTS, LLC AND TO VACATE DEFAULT** on the interested parties in this action as follows:

## SEE ATTACHED SERVICE LIST

**BY MAIL:** I placed true copies of the foregoing document(s) enclosed in sealed envelopes addressed as shown on the Service List. I am "readily familiar" with Wood, Smith, Henning & Berman's practice for collecting and processing correspondence for mailing with the United States Postal Service. Under that practice, it would be deposited with the United States Postal Service that same day in the ordinary course of business. Such envelope(s) were placed for collection and mailing with postage thereon fully prepaid at Los Angeles, California, on that same day following ordinary business practices.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on November 25, 2019, at Los Angeles, California.

*/s/ Christina Samayoa*
Christina Samayoa

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310-481-7600 ♦ FAX 310-481-7650

LEGAL:10468-0108/13272404.1

-1-

CENTURY INDEMNITY COMPANY AND THE CONTINENTAL INSURANCE COMPANY'S REPLY TO PLAINTIFFS' OPPOSITION TO MOTION TO INTERVENE AND TO VACATE DEFAULT

# SERVICE LIST

*California Dept. of Toxic Substances Control, et al. v. Jim Dobbas, Inc., et al,*
*United States District Court, Eastern District of California*
**Case No. 2:14-cv-0595-WBS-EFB**

| | |
|---|---|
| XAVIER BECERRA<br>Attorney General of California<br>EDWARD H. OCHOA<br>Supervising Deputy Attorney General<br>OLIVIA W. KARLIN, State Bar No. 150432<br>LAURA J. ZUCKERMAN (Counsel for service) State Bar No. 161896<br>Deputy Attorneys General<br>1515 Clay Street, 20th Floor<br>Oakland, CA 94612<br>Telephone: (510) 879-1299<br>Fax: (510) 622-2270<br>E-mail: Laura.Zuckerman@doj.ca.gov<br>**Attorneys for Plaintiffs California Department of Toxic Substances Control and the Toxic Substances Control Account** | Alexander Eugene Potente<br>Clyde & Co US LLP<br>101 2nd Street, Suite 2400<br>San Francisco, CA 94105<br>Telephone: (415) 365-9800<br>Fax: (415) 365-9801<br>Email: alex.potente@clydeco.us<br>LEAD ATTORNEY<br>ATTORNEY TO BE NOTICED<br>**Attorneys for Intervenor, THE TRAVELERS INDEMNITY COMPANY** |
| U.S.MAIL<br><br>Brian M. Rostocki<br>Reed Smith LLP - Delaware<br>1201 Market Street - Suite 1500<br>Wilmington, DE 19801<br>**Registered Agent for C&A Products, LLC** | Sam M. Thorpe<br>Nicolaides Fink Thorpe Michaelides Sullivan LLP<br>101 Montgomery Street, Suite 2300<br>San Francisco, CA 94104<br>Telephone: (415) 745-3772<br>Fax: (415) 745-3771<br>Email: ssthorpe@nicolaidesllp.com<br>LEAD ATTORNEY<br>ATTORNEY TO BE NOTICED<br>**Attorneys for the Intervenor, THE CONTINENTAL INSURANCE COMPANY** |

LEGAL:10468-0108/13272404.1

-2-

CENTURY INDEMNITY COMPANY AND THE CONTINENTAL INSURANCE COMPANY'S REPLY TO
PLAINTIFFS' OPPOSITION TO MOTION TO INTERVENE AND TO VACATE DEFAULT