THOMAS F. VANDENBURG (SBN: 163446)
tvandenburg@wshblaw.com
STRATTON P. CONSTANTINIDES (SBN: 305103)
sconstantinides@wshblaw.com
WOOD, SMITH, HENNING & BERMAN LLP
10960 Wilshire Blvd., 18th Floor
Los Angeles, CA 90024
Telephone:    (310) 481-7600
Facsimile:    (310) 481-7650
Attorneys for Proposed Intervenors
Century Indemnity Company, Allianz Underwriters
Insurance Company, Chicago Insurance Company,
and Fireman's Fund Insurance Company

SARA M. THORPE (SBN: 146529)
sthorpe@nicolaidesllp.com
RANDALL P. BERDAN (SBN: 199623)
rberdan@nicolaidesllp.com
NICOLAIDES FINK THORPE
MICHAELIDES SULLIVAN LLP
101 Montgomery Street, Suite 2300
San Francisco, CA 94104
Telephone:    (415) 745-3770
Facsimile:    (415) 745-3771

Attorneys for Proposed Intervenor
The Continental Insurance Company

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA – SACRAMENTO DIVISION**

| | |
|---|---|
| CALIFORNIA DEPARTMENT OF TOXIC SUBSTANCES CONTROL, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>JIM DOBBAS, INC., a California corporation; et al.,<br><br>Defendants.<br><br>AND RELATED COUNTER CLAIMS AND CROSS CLAIMS. | 2:14-cv-00595-WBS-EFB<br><br>**JOINT NOTICE OF APPEAL TO THE UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT; REPRESENTATION STATEMENT**<br><br>Action Filed: March 3, 2014 |

PLEASE TAKE NOTICE that Century Indemnity Company, Allianz Underwriters Insurance Company, Chicago Insurance Company, Fireman's Fund Insurance Company, and The Continental Insurance Company, Proposed Intervenors in the above-named case, hereby appeal to the United States Court of Appeals for the Ninth Circuit from the order entered December 4, 2019 (ECF No. 237) denying Proposed Intervenors' respective motions to intervene and set aside/vacate default (ECF Nos. 205, 217, 222). The order is appealable pursuant to 28 U.S.C. section 1291.

The Representation Statement begins on the next page of this document. The order appealed from (ECF No. 237) is attached hereto as Exhibit A. Proposed Intervenors know of no related cases currently in the Ninth Circuit.

Respectfully submitted,

Dated: January 3, 2020

WOOD, SMITH, HENNING & BERMAN LLP

By: */s/ Stratton P. Constantinides*
Thomas F. Vandenburg
Stratton P. Constantinides
Attorneys for Century Indemnity Company, Allianz Underwriters Insurance Company, Chicago Insurance Company, and Fireman's Fund Insurance Company

Dated: January 3, 2020

NICOLAIDES FINK THORPE MICHAELIDES SULLIVAN LLP

By: */s/ Randall P. Berdan*
Sara M. Thorpe
Randall P. Berdan
Attorneys for The Continental Insurance Company

**REPRESENTATION STATEMENT**
**(FED. R. APP. P. 12(B); Circuit Rule 3-2(B))**

PLEASE TAKE FURTHER NOTICE THAT, in this appeal, the undersigned represent Century Indemnity Company, Allianz Underwriters Insurance Company, Chicago Insurance Company, and Fireman's Fund Insurance Company, Proposed Intervenors and appellants in this matter, and no other party:

THOMAS F. VANDENBURG (SBN: 163446)
tvandenburg@wshblaw.com
STRATTON P. CONSTANTINIDES (SBN: 305103)
sconstantinides@wshblaw.com
WOOD, SMITH, HENNING & BERMAN LLP
10960 Wilshire Blvd., 18th Floor
Los Angeles, CA 90024
Telephone:   (310) 481-7600
Facsimile:   (310) 481-7650

The undersigned represent The Continental Insurance Company, Proposed Intervenor and appellant in this matter, and no other party:

SARA M. THORPE (SBN: 146529)
sthorpe@nicolaidesllp.com
RANDALL P. BERDAN (SBN: 199623)
rberdan@nicolaidesllp.com
NICOLAIDES FINK THORPE
MICHAELIDES SULLIVAN LLP
101 Montgomery Street, Suite 2300
San Francisco, CA 94104
Telephone:   (415) 745-3770
Facsimile:   (415) 745-3771

California Department of Toxic Substances Control and Toxic Substances Control Account, Plaintiffs and appellees in this matter are represented by:

Olivia W. Karlin
Laura J. Zukerman
laura.zukerman@doj.ca.gov
1515 Clay Street, 20th Floor
Oakland, CA 94612
Telephone:   (510) 879-1299
Facsimile:   (510) 622-2270

| | |
|---|---|
| Dated: January 3, 2020 | WOOD, SMITH, HENNING & BERMAN LLP |
| | |
| | By: */s/ Stratton P. Constantinides* |
| | Thomas F. Vandenburg |
| | Stratton P. Constantinides |
| | Attorneys for Century Indemnity Company, Allianz Underwriters Insurance Company, Chicago Insurance Company, and Fireman's Fund Insurance Company |
| | |
| Dated: January 3, 2020 | NICOLAIDES FINK THORPE MICHAELIDES SULLIVAN LLP |
| | |
| | By: */s/ Randall P. Berdan* |
| | Sara M. Thorpe |
| | Randall P. Berdan |
| | Attorneys for The Continental Insurance Company |

# EXHIBIT A

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| CALIFORNIA DEPARTMENT OF TOXIC SUBSTANCES CONTROL and the TOXIC SUBSTANCES CONTROL ACCOUNT,<br><br>Plaintiffs,<br><br>v.<br><br>JIM DOBBAS, INC. a California corporation; CONTINENTAL RAIL, INC., a Delaware corporation; DAVID VAN OVER, individually; PACIFIC WOOD PRESERVING, a dissolved California corporation; WEST COAST WOOD PRESERVING, LLC., a Nevada limited liability company; and COLLINS & AIKMAN PRODUCTS, LLC, a Delaware limited liability company,<br><br>Defendants. | No. 2:14-CV-00595 WBS EFB<br><br>ORDER RE: MOTIONS TO INTERVENE AND TO VACATE DEFAULT |

----oo0oo----

Plaintiffs Department of Toxic Substances Control and the Toxic Substances Control Account (collectively "DTSC") sought recovery of costs and interest incurred during the cleanup of a

1

wood preserving operation in Elmira, California against multiple defendants under the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), 42 U.S.C. § 9601 et seq. (First Am. Compl. ("FAC") at ¶ 19.) In 2015, DTSC obtained entry of default against a canceled Delaware corporation, defendant Collins & Aikman Products, LLC ("C&A Products") after it failed to respond to DTSC's First Amended Complaint. (Docket No. 129.) Presently before the court are motions to intervene and vacate C&A Products' default filed by The Continental Insurance Company ("Continental"), Century Indemnity Company ("Century"), and Allianz Underwriters Insurance Company, Chicago Insurance Company, and Fireman's Fund Insurance Company (collectively, "Allianz"), insurers of C&A Products. (Docket Nos. 205, 217, 222.)

        This is not the first time an insurance company has moved to intervene and set aside default in this matter. The Travelers Insurance Company ("Travelers") previously attempted to do so (Docket No. 196), but this court denied the motion after finding that Travelers' refusal to defend C&A Products under a reservation of rights forfeited its interest in the litigation and it could not establish good cause to set aside C&A Products' default.[1] (Order Re: Mot. to Intervene and Set Aside Default at 3-4 (Docket No. 221).) The moving parties before the court now offer many of the same arguments Travelers did in its motion,

---

[1] Allstate Insurance Company filed a notice of joinder (Docket No. 218) to Travelers' motion to intervene and did not file a separate motion to intervene. (Docket No. 196.) Traveler's motion to intervene was denied on October 22, 2019. (Docket No. 221.) Accordingly, Allstate's joinder fails.

2

1  with some important differences.  (Compare Docket Nos. 205, 217,
2  222, with Docket No. 196.)  Each will be discussed in turn.
3           First, the court will consider Continental's motion.
4  Continental's position is distinguishable from that of Travelers
5  in that it did not become aware of this lawsuit until after C&A
6  Products' default was entered.  However, it is substantially
7  indistinguishable in that Continental has neither admitted
8  coverage nor agreed to defend C&A Products on a reservation of
9  rights.  DTSC offered to stipulate to Continental's intervention
10 if it either (1) accepted coverage without a reservation of
11 rights or (2) defended C&A Products with a reservation of rights.
12 (Decl. of Laura Zuckerman ("Zuckerman Decl."), Ex. B (Docket No.
13 228).)  This was the same stipulation DTSC offered to Travelers
14 before its motion was heard.  Just as in Travelers' case,
15 Continental did not stipulate, although instead of affirmatively
16 refusing the stipulation, it failed to respond to plaintiffs'
17 offer.  (Zuckerman Decl. ¶ 4.)  Continental also does not advance
18 any new argument to establish good cause to set aside C&A
19 Products' default.  (Compare Docket No. 205, with Docket No.
20 196.)  Accordingly, Continental's motion will be denied.
21          Next, the court considers Century's motion.  Century,
22 too, offers the same arguments Travelers did in its motion to
23 intervene and set aside default.  (Compare Docket No. 217, with
24 Docket No. 196.)  Indeed, just like Travelers, Century disclaimed
25 coverage of any claims arising from the DTSC litigation, citing a
26 settlement agreement Century purportedly signed with C&A Products
27 in 2000.  (Century Mot. to Intervene at 6 (Docket No. 217).)
28 Like Continental, Century failed to respond to plaintiffs'

3

1    proposed stipulation, and by implication refuses to offer a
2    defense under a reservation of rights.  (Zuckerman Decl. ¶ 4.)
3    Because it has both disclaimed coverage and refused to defend C&A
4    Products under a reservation of rights, Century's motion to
5    intervene and set aside default will also be denied.  Finally,
6    the court will consider Allianz's motion.  In California, "where
7    the insured is unable to assert its rights, an insurer who seeks
8    to intervene and protect its coverage defenses may provide an
9    explicit reservation of rights to its client and allege that
10   reservation of rights within its pleading to put the plaintiff on
11   notice that the insurance company is reserving those rights and
12   asserting coverage defenses."  Kaufman & Broad Communities, Inc.
13   v. Performance Plastering, Inc., 136 Cal. App. 4th 212, 222 (3d
14   Dist. 2006).  Allianz expressly stated in its motion that it has
15   "reserved all rights to decline coverage on any applicable ground
16   and expressly ha[s] not waived or otherwise forfeited any direct
17   interest in the instant action that would serve to defeat Allianz
18   Intervenors' claim for intervention of right."  (Allianz Mot. to
19   Intervene at 11 (Docket No. 222).)  Furthermore, unlike Century
20   and Travelers, Allianz has not disclaimed coverage.  Instead, it
21   is purportedly "gathering information regarding coverage and or
22   duties" in the present action.[2]  (Id.)

23           However, Allianz was C&A Products' excess insurer.
24   (Opp. to Mot. to Intervene and Vacate Default at 2 n.2 (Docket
25   No. 227); see also Allianz Reply to Opp. to Mot. to Intervene at

---

[2]    Like Continental and Century, Allianz failed to respond to DTSC's proposed stipulation to allow them to intervene.  (Zuckerman Decl. ¶ 4.)

4

2 (Docket No. 230).) California law recognizes a distinction between primary and excess insurance coverage. "Primary coverage is insurance coverage whereby, under the terms of the policy, liability attaches immediately upon the happening of the occurrence that gives rise to the liability . . . "excess" or "secondary" insurance is coverage whereby, under the terms of that policy, liability attaches only after a predetermined amount of primary coverage has been exhausted." Residence Mut. Ins. Co. v. Travelers Indem. Co. of Conn., 26 F. Supp. 3d 965, 972-73 (C.D. Cal. 2014) (quoting Am. Cas. Co. v. Gen. Star Indem. Co., 125 Cal. App. 4th 1510, 1521 (2d Dist. 2005) (emphasis omitted)).

Normally, the policy limits of the underlying primary policy must be exhausted before excess insurers have the "right or duty to participate in the defense" of the insured. Ticor Title Ins. Co. v. Employers Ins. of Wausau, 40 Cal. App. 4th 1699, 1707 (1st Dist. 1995) (citing Signal Companies, Inc. v. Harbor Ins. Co., 27 Cal. 3d 359, 365 (1980)). In some instances, excess insurers may assume the obligations of the primary insurer before exhaustion occurs. Id. at 1708-09 (finding excess insurer could defend when the primary insurer was insolvent or refused to defend). But in the environmental context, primary coverage cannot be exhausted "until a remediation plan is approved which clearly establishes that the costs of remediation will exceed the primary indemnity limits." Cty. of Santa Clara v. USF & G, 868 F. Supp. 274, 280 (N.D. Cal. 1994).

While DTSC vaguely seeks to recover cleanup costs from C&A Products' "historic insurers" (Docket No. 197-4), DTSC has yet to obtain judicial approval for C&A Products' portion of the

5

remediation plan³ and failed to determine "which of C&A Products' insurers, if any, to proceed against." (Opp. to Mot. to Intervene and Vacate Default at 6 n.5.) Consequently, because DTSC has yet to determine which primary insurer, if any, will be responsible for C&A Products' damages, the parties and the court do not know what the "primary indemnity limits" are. Absent this information, the court cannot conclude that primary coverage is exhausted and that excess insurers can properly intervene. See Cty. of Santa Clara, 868 F. Supp. at 280. Accordingly, Allianz's motion to intervene and set aside default will also be denied.

IT IS THEREFORE ORDERED that the motions to intervene and vacate default filed Continental (Docket No. 205), Century (Docket No. 217), and Allianz (Docket No. 222), be, and the same thereby are, DENIED.

Dated: December 3, 2019

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

---

³ Plaintiffs did not include the amount they sought to recover in their First Amended Complaint, but have since asserted C&A Products owes them $3,219,449.85 in their motion for default judgment. (Mot. for Default J. ¶ 5(a) (Docket No. 184).) This court expresses no opinion as to the merit of that determination and may hold a "prove-up" hearing in the future.

6

# PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California.  I am over the age of eighteen years and not a party to the within action.  My business address is 10960 Wilshire Boulevard, 18th Floor, Los Angeles, CA 90024-3804.

On January 3, 2019, I served the following document(s) described as **JOINT NOTICE OF APPEAL TO THE UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT; REPRESENTATION STATEMENT** on the interested parties in this action as follows:

## SEE ATTACHED SERVICE LIST

**BY CM/ECF NOTICE OF ELECTRONIC FILING:**  I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system.  Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.  Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on January 3, 2019, at Los Angeles, California.

*/s/ Christina Samayoa*
Christina Samayoa

LEGAL:10468-0108/13507359.1 JOINT NOTICE OF APPEAL; REPRESENTATION STATEMENT
3

# SERVICE LIST

*California Dept. of Toxic Substances Control, et al. v. Jim Dobbas, Inc., et al,
United States District Court, Eastern District of California*
**Case No. 2:14-cv-0595-WBS-EFB**

| | |
|---|---|
| XAVIER BECERRA<br>Attorney General of California<br>EDWARD H. OCHOA<br>Supervising Deputy Attorney General<br>OLIVIA W. KARLIN, State Bar No. 150432<br>LAURA J. ZUCKERMAN (Counsel for service)<br>State Bar No. 161896<br>Deputy Attorneys General<br>1515 Clay Street, 20th Floor<br>Oakland, CA 94612<br>Telephone: (510) 879-1299<br>Fax: (510) 622-2270<br>E-mail: Laura.Zuckerman@doj.ca.gov **Attorneys for Plaintiffs California Department of Toxic Substances Control and the Toxic Substances Control Account** | Alexander Eugene Potente<br>Clyde & Co US LLP<br>101 2nd Street, Suite 2400<br>San Francisco, CA 94105<br>Telephone: (415) 365-9800<br>Fax: (415) 365-9801<br>Email: alex.potente@clydeco.us<br>LEAD ATTORNEY<br>ATTORNEY TO BE NOTICED<br>**Attorneys for Proposed Intervenor, THE TRAVELERS INDEMNITY COMPANY** |
| U.S. MAIL<br><br>Brian M. Rostocki<br>Reed Smith LLP - Delaware<br>1201 Market Street - Suite 1500<br>Wilmington, DE 19801<br>**Registered Agent for C&A Products, LLC** | Sara M. Thorpe<br>Randall P. Berdan<br>Nicolaides Fink Thorpe Michaelides Sullivan LLP<br>101 Montgomery Street, Suite 2300<br>San Francisco, CA 94104<br>Telephone: (415) 745-3772<br>Fax: (415) 745-3771<br>Email: ssthorpe@nicolaidesllp.com<br>LEAD ATTORNEY<br>ATTORNEY 70 BE NOTICED<br>**Attorneys for Proposed Intervenor, THE CONTINENTAL INSURANCE COMPANY** |