Thomas F. Vandenburg (State Bar No. 163446)
tvandenburg@wshblaw.com
Stratton P. Constantinides (State Bar No. 305103)
sconstantinides@wshblaw.com
**WOOD, SMITH, HENNING & BERMAN LLP**
10960 Wilshire Boulevard, 18th Floor
Los Angeles, California 90024-3804
Phone: 310-481-7600 ♦ Fax: 310-481-7650

Attorneys for Proposed Intervenors, Century Indemnity Company as successor to CCI Insurance Company as successor to Insurance Company of North America, Allianz Underwriters Insurance Company, Chicago Insurance Company, and Fireman's Fund Insurance Company

Sara M. Thorpe (SBN: 146529)
sthorpe@nicolaidesllp.com
Randall P. Berdan (SBN: 199623)
rberdan@nicolaidesllp.com
Nicolaides Fink Thorpe Michaelides Sullivan LLP
101 Montgomery Street, Suite 2300
San Francisco, CA 94104
Phone: 415-745-3770 / Fax: 415-745-3771

Attorneys for Proposed Intervenor, The Continental Insurance Company

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION

| | |
|---|---|
| CALIFORNIA DEPARTMENT OF TOXIC SUBSTANCES CONTROL and the TOXIC SUBSTANCES CONTROL ACCOUNT,<br><br>          Plaintiffs,<br><br>          v.<br><br>JIM DOBBAS, INC., a California corporation; CONTINENTAL RAIL, INC., a Delaware corporation; DAVID VAN OVER, individually; PACIFIC WOOD PRESERVING, a dissolved California corporation; WEST COAST WOOD PRESERVING, LLC., a Nevada limited liability company; and COLLINS & AIKMAN PRODUCTS, LLC, a Delaware limited liability company,,<br><br>          Defendants. | Case No. 2:14-cv-00595-WBS-EFB<br><br>**PROPOSED INTERVENORS' JOINT NOTICE OF MOTION AND MOTION FOR STAY PENDING APPEAL AND MEMORANDUM IN SUPPORT OF STAY OF PROCEEDINGS**<br><br>Date:       February 24, 2020<br>Time:       1:30 p.m.<br>Place:       Courtroom 5, 14th Floor<br>            501 I Street<br>            Sacramento, CA 95814<br><br>The Hon. William B. Shubb<br>Trial Date:       None Set |

LEGAL:10468-0108/13623337.1                     -1-

PROPOSED INTERVENORS' JOINT MOTION FOR STAY PENDING APPEAL AND MEMORANDUM IN
SUPPORT OF STAY OF PROCEEDINGS

010-8954-8864/1/AMERICAS

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310-481-7600 ♦ FAX 310-481-7650

1 | AND RELATED CROSS-ACTIONS

2

3 **TO THE HONORABLE COURT, AND TO ALL PARTIES AND**

4 **THEIR COUNSEL OF RECORD:**

5     PLEASE TAKE NOTICE that on February 24, 2020, at 1:30 p.m., or as soon

6 thereafter as the matter may be heard, in Courtroom 5 of the above Court, located at

7 14 Floor, 501 I Street, Sacramento, CA 95814, Proposed Intervenors, Century

8 Indemnity Company as successor to  CCI Insurance Company as successor to

9 Insurance Company of  North America ("Century"), Allianz Underwriters

10 Insurance Company, Chicago Insurance Company, and Fireman's Fund Insurance

11 Company (hereinafter, collectively, "Allianz Intervenors") and The Continental

12 Insurance Company ("Continental") (hereinafter, collectively, "Proposed

13 Intervenors"), will move the Court for an order staying further proceedings

14 regarding Plaintiffs' Motion for Default Judgment against C&A Products, LLC

15 (ECF No. 184), including the hearing of said motion scheduled for January 29,

16 2020, pursuant to the Court's December 18, 2019 Order (ECF No. 238) (the

17 "Order").  Proposed Intervenors request that the stay be for the duration of their

18 appeal (ECF No. 241) of the Court's ruling on Proposed Intervenors' respective

19 motions to intervene and vacate default (ECF No. 237).

20     This motion is made pursuant to Federal Rules of Appellate Procedure, Rule

21 8, on the grounds that the Order will result in irreparable harm and a waste of

22 judicial resources.  The sole purpose of Plaintiffs' Motion for Default Judgment

23 against C&A Products, LLC is to obtain a judgment that they can use to pursue

24 insurance proceeds from policies issued by Proposed Intervenors.  Plaintiffs are

25 precluded from enforcing any judgment against C&A Products, LLC.  (ECF No.

26 222-1, Exhibit A, ¶ 15.)  Given that Proposed Intervenors have filed a Notice of

27 Appeal (ECF No. 242) and intend to appeal the Court's denial on Proposed

28 Intervenors' respective motions to intervene and vacate entry of default against

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310-481-7600 ♦ FAX 310-481-7650

-2-

1   C&A Products, LLC, proceeding with the hearing and rendering judgment against

2   C&A Products, LLC will further prejudice Proposed Intervenors and, in the event

3   their appeal is successful, require additional motion practice to obtain relief from a

4   default judgment.  Proposed Intervenors submit this would be a waste of this

5   Court's resources and impose unnecessary expense on Proposed Intervenors.

6        This Motion is based upon this Notice, the accompanying Memorandum of

7   Points and Authorities, all pleadings and papers on file in this action, and such

8   other matters as may be properly presented to the Court at the time of the hearing.

9

10   DATED:  January 17, 2020          WOOD, SMITH, HENNING & BERMAN LLP

11

12

13   By:   _/s/ Stratton P. Constantinides_
                THOMAS F. VANDENBURG
14              STRATTON P. CONSTANTINIDES
         Attorneys for Proposed Intervenors,
15       Century Indemnity Company as successor to
         CCI Insurance Company as successor to
16       Insurance Company of North America, Allianz
         Underwriters Insurance Company, Chicago
17       Insurance Company, and Fireman's Fund
         Insurance Company
18

19

20

21   DATED:  January 17, 2020          NICOLAIDES FINK THORPE
                                        MICHAELIDES SULLIVAN LLP
22

23

24   By:   _/s/ Randall P. Berdan_
                SARA M. THORPE
25              RANDALL P. BERDAN
         Attorneys for Proposed Intervenor,
26       The Continental Insurance Company
27

28
PROPOSED INTERVENORS' JOINT MOTION FOR STAY PENDING APPEAL AND MEMORANDUM IN
SUPPORT OF STAY OF PROCEEDINGS

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310-481-7600 ♦ FAX 310-481-7650

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

Proposed Intervenors are insurers of C&A Products, LLC and/or one of its affiliates.  DTSC filed this action in early 2014 and obtained entry of default against C&A Products, LLC in 2015.  C&A Products, LLC has failed and continues to fail to communicate with Proposed Intervenors concerning these events.  For more than five years, DTSC also did nothing.  Not until September 10, 2019, after DTSC applied for a default judgment against C&A Products, LLC, did DTSC notify the Proposed Intervenors of the instant lawsuit and its intent to seek a default judgment.

Despite being kept in the dark for half a decade, Proposed Intervenors immediately sought to intervene and request relief from the entry of default.  However, the Court denied the relief typically afforded such insurers, particularly in situations like this where the insurers acted diligently and the DTSC acted dilatorily.  Proposed Intervenors timely filed Notice of Appeal (ECF No. 241) and intend on appealing this Court's Order denying Proposed Intervenors' respective motions to intervene and for relief from default (ECF No. 237).

Significantly, DTSC has resolved its dispute with all defendants except C&A Products, LLC.  But DTSC agreed that any judgment against C&A Products, LLC would only be used to pursue insurance policy benefits from Proposed Intervenors.  DTSC is expressly prohibited from enforcing any judgment against C&A Products, LLC, as it has not even existed for more than a decade.  (ECF No. 222-1, Exhibit A, ¶ 15.).  There is little doubt DTSC will attempt to pursue at least the primary insurers immediately upon securing a default judgment here.  Proposed Intervenors submit that a stay is necessary to prevent the prejudicial jeopardy DTSC has created by its unreasonable delay.

Proposed Intervenors merely seek to temporarily stay DTSC's long-slumbering pursuit of the one remaining defendant as the Court of Appeals

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310-481-7600 ◆ FAX 310-481-7650

considers the Proposed Intervenors' Appeal.  The balance of the equities also weigh heavily in favor of a stay.  Even DTSC would be harmed if it proceeds now and the appeal succeeds.  A stay is the best use of judicial resources and will prevent needless litigation and expense.

Accordingly, Proposed Intervenors respectfully request that this Court grant Proposed Intervenors' Joint Motion for Stay Pending Appeal.

## II.    FACTUAL BACKGROUND AND PROCEDURAL SUMMARY

### A.    The Site And Potentially Responsible Parties

From 1972 to 1979, Pacific Wood Preserving ("Pacific") conducted wood preserving operations at the property located at 147A Street, Elmira, California 95625 ("Site").  (ECF No. 77, ¶ 17.)[1]  In September 1979, Pacific sold the Site and wood preserving business to The Wickes Corporation ("Wickes").  (ECF No. 77, ¶ 16.)  Wickes operated at the Site from 1979 to 1982.  (*Id*.)  Wickes and its successor, Collins & Aikman Products Co. ("C&A Products Co."), owned and operated at the Site until March 20, 1997. (ECF No. 77, ¶¶ 15, 16.)  DTSC claims that C&A Products Co. became known as the defendant C&A Products, LLC on December 6, 2007. (ECF No. 77,¶ 15.)

DTSC claims that during their respective wood preserving operations, Pacific and Wickes released hazardous substances, including arsenic, chromium, and copper.  (ECF No. 77, ¶ 19.)  From the 1980s through 2005, DTSC claims that Wickes and then C&A Products, Co. took responsive actions under the oversight of DTSC and its predecessor agency to address environmental contamination at the Site.  (ECF No. 77, ¶ 20.)

In March 1996, DTSC and C&A Products Co. entered into the "Operation and Maintenance Agreement," which certified implementation of the final remedial action at the Site.  (ECF No. 23-3.)  C&A Products Co. agreed to perform soil

---

[1] ECF Numbers referred to herein are references to pleadings within the above-entitled action.

JOINT MOTION FOR STAY PENDING APPEAL AND MEMORANDUM IN SUPPORT OF STAY OF PROCEEDINGS

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310-481-7600 ♦ FAX 310-481-7650

excavation and off-site disposal, install an asphalt cap, and conduct groundwater extraction and treatment in an on-site chemical treatment plant.  (ECF No. 23-3, ¶ 7.A.) As part of the post-closure activities, C&A Products Co. was required to continue to extract, treat, sample, and analyze groundwater, sample and analyze procedures associated with the on-site chemical treatment system and asphalt cap from the Site.  (ECF No. 23-3, ¶ 12.A.)  On March 20, 1997, C&A Products Co. allegedly sold the Site to defendants Jim Dobbas, Inc. and Continental Rail, Inc. (collectively, "Subsequent Owners"), while continuing to address environmental contamination at the Site. (ECF No. 77, ¶ 22.)

**B.**     **C&A Products Co.'s Bankruptcy And The Cessation Of Its Remedial Activities At The Site**

On May 17, 2005, C&A Products Co. filed a Chapter 11 petition in the United States Bankruptcy Court for the Eastern District of Michigan, Case No. 05-55932, jointly administered with the bankruptcy cases of other debtors under Case No. 05-55927.  (ECF No. 77, ¶ 23.)  In the summer of 2005, while in Chapter 11 bankruptcy proceedings, C&A Products Co. stopped its remediation efforts.  (ECF No. 77, ¶ 24.)

As a result of the alleged failures of the Subsequent Owners of the Site to perform remedial actions, DTSC claims to have itself undertaken the responsive actions to remediate the Site, thereby incurring unreimbursed remediation costs. (ECF No. 77, ¶¶ 33-36.)  Specifically, the response actions DTSC claims to have taken included efforts to repair and restart the groundwater extraction and treatment system, completion of a remedial investigation for site soils, preparation of the "Removal Action Workplan," implementation of the that plan in October and November 2011, and groundwater monitoring.  (ECF No. 77, ¶ 33.)

**C.**     **DTSC's 2014 Action Under CERCLA**

On March 3, 2014, DTSC filed the present action (the "DTSC Action"), seeking cost recovery under CERCLA, 42 U.S.C. § 9607, declaratory relief under

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310-481-7600 ♦ FAX 310-481-7650

CERCLA, 42 U.S.C. § 9613(g), and damages, injunctive relief, and civil penalties under the Hazardous Substance Account Act, Cal. Health & Safety Code §§ 25300, *et seq*. against potentially responsible parties at the Site.

On December 8, 2014, the Delaware Court of Chancery appointed Brian Rostocki the receiver for C&A Products, LLC "for the limited purpose of allowing Collins & Aikman Products, LLC to be sued [in the DTSC Action], and with the power, but not the obligation, to defend, in the name of Collins & Aikman Products, LLC, any claims made against it [in the DTSC Action]." *See In re Collins & Aikman Prods., LLC*, No. 10348-CB, 2014 WL 6907689, *1-2 (Del. Ch. Dec. 8, 2014). As receiver, Mr. Rostocki "act[ed] as registered agent in the State of Delaware for service of process on Collins & Aikman Products, LLC, including, without limitation, for service of process [in the DTSC Action]." *Id*. at * 1.

On December 11, 2014, DTSC filed its First Amended Complaint (the "Amended Complaint") against C&A Products, LLC and other potentially responsible parties in the DTSC Action. DTSC served Mr. Rostocki with the Amended Complaint, but C&A Products, LLC did not respond or appear. Proposed Intervenors received no notice from Mr. Rostocki or DTSC of the original or Amended Complaint or service of the Amended Complaint when it was filed and served on C&A Products, LLC.

DTSC took the defaults of Continental Rail, Inc. and Pacific Wood Preserving on June 2, 2014. (ECF Nos. 18 and 19.) On March 25, 2015, without notice to Proposed Intervenors, DTSC took the default, under Federal Rules of Civil Procedure, Rule 55(a), of C&A Products, LLC, for having failed to answer the Amended Complaint in the DTSC Action. (ECF No. 126.) On March 26, 2015, the clerk entered default against C&A Products, LLC in the DTSC Action. (ECF No. 129.) Likewise, Proposed Intervenors did not receive notice of such default at that time.

DTSC then settled with defendants West Coast Wood Preserving, Jim

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310-481-7600 ♦ FAX 310-481-7650

Dobbas, Inc., and David Van Over, entering into public settlements and consent decrees with each of them.  (ECF No. 185, p. 10 of 21; ECF No. 141, ¶¶ 13, 23; ECF No. 150, ¶¶ 12, 22.; ECF No. 182, ¶¶ 12, 25.)  The Court approved these consent decrees on September 16, 2015, November 18, 2015, and March 28, 2018, respectively, again all long before Proposed Intervenors received notice of the DTSC Action.  (ECF Nos. 141, 150, 182.)

DTSC never provided notice to Proposed Intervenors of the DTSC Action or the March 25, 2015 entry of default against C&A Products, LLC.  Proposed Intervenors were first provided notice of the DTSC Action on or around September 10, 2019 ("Arcina Letters").  (ECF No. 217-1, Exhibit A; ECF No. 205-1, Exhibit A; ECF No. 222-1, Exhibit B.)

The Arcina Letters further served as Proposed Intervenors' first notice of the Plaintiffs' Application for Default Judgment, then scheduled for hearing on September 25, 2019.  (ECF No. 217-1, Exhibit A; ECF No. 205-1, Exhibit A; ECF No. 222-1, Exhibit B.)  After receiving these letters, Proposed Intervenors promptly engaged outside counsel to assist with intervention in the DTSC Action in order to protect their interests as putative insurers for C&A Products, LLC.

Earlier, on August 21, 2019, DTSC moved for application for entry of default judgment against C&A Products, LLC.  (ECF No. 184.)  DTSC served the application for entry of default judgment against C&A Products, LLC on Rostocki, but neither it nor Rostocki notified Proposed Intervenors of the application.

### D.   Proposed Intervenors' Motions To Intervene And Vacate Default

On September 20, 2019, Continental filed its Motion to Intervene and Set Aside Default (ECF No. 205).  On October 17, 2019, Century filed its Motion to Intervene as Alleged Insurer to Defendant Collins & Aikman Products, LLC ("C&A Products, LLC") and to Vacate Default (ECF No. 217).  On November 4, 2019, Allianz Intervenors filed their Motion to Intervene as Alleged Insurer of Wickes and Vacate Default (ECF No. 222).

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310-481-7600 ♦ FAX 310-481-7650

JOINT MOTION FOR STAY PENDING APPEAL AND MEMORANDUM IN SUPPORT OF STAY OF PROCEEDINGS

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310-481-7600 ♦ FAX 310-481-7650

1    On November 18, 2019, Plaintiffs filed their Memorandum of Points and

2    Authorities in Opposition to Allianz Intervenors', Allstate's, Century's, and

3    Continental's Motions to Intervene and Vacate Default (ECF No. 227).

4    On November 25, 2019, Century and Continental filed their Joint

5    Memorandum of Points and Authorities in Reply to Plaintiffs' Opposition to

6    Motion to Intervene as Alleged Insurers of Collins & Aikman Products, LLC and to

7    Vacate Default (ECF Nos. 231, 232).  On November 25, 2019, Allianz Intervenors

8    filed their Reply to Plaintiffs' Opposition to Motion to Intervene as Alleged Insurer

9    of Wickes and to Vacate Default (ECF No. 230).

10   On December 2, 2019, the Court heard Proposed Intervenors' respective

11   motions to intervene and vacate default.  On December 4, 2019, the Court denied

12   Proposed Intervenors' respective motions to intervene and vacate default (ECF No.

13   237).  On December 18, 2019, the Court issued the Order setting the hearing on

14   Plaintiffs' Motion for Default Judgment (ECF No. 184) for January 29, 2020 (ECF

15   No. 238).

16   **E.   Appeal Of The Court's Denial Of Proposed Intervenors' Motions**

17   **To Intervene And Vacate Default**

18   On January 3, 2020, Proposed Intervenors filed a Joint Notice of Appeal of

19   the Court's denial of their respective motions to intervene and vacate default.  (ECF

20   No. 242.)

21   **III.  PENDING THE OUTCOME OF THE APPEAL ON PROPOSED**

22   **INTERVENORS' MOTIONS TO INTERVENE AND VACATE**

23   **DEFAULT, THE COURT SHOULD STAY THE PROCEEDINGS AND**

24   **THE HEARING ON PLAINTIFFS' MOTION FOR DEFAULT**

25   **JUDGMENT**

26   The Order and the proceedings in this case should be stayed because

27   Proposed Intervenors' appeal of the Court's ruling on their respective motions to

28   intervene and vacate default will directly impact the instant proceedings and

Plaintiffs' right to obtain default judgment against Defendant C&A Products, LLC. Imposing a stay will prevent further prejudice and result in substantial savings of the parties' and Court's time, efforts, and resources that otherwise would result in unnecessary litigation and lead to inconsistent rulings.

**A.**    **The Court Has Authority To Stay A Case Pending The Outcome of Another Court's Decision**

Federal Rules of Appellate Procedure, Rule 8(a), permits the District Court to grant a stay of this Court's Order and related proceedings on Plaintiffs' Motion for Default Judgment pending appeal. *Fed. R. App. Proc.* Rule 8(a)(1)(A). District Courts have broad discretion to stay proceedings resulting from their power to control their dockets. *Clinton v. Jones*, 520 U.S. 681, 706-07 (1997); *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936). "The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis*, 299 U.S. at 254. "A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979).

In exercising its discretion for a stay pending appeal, the Court balances four factors regarding party and public interests: **(1) whether the applicant is likely to succeed on the merits or has shown serious legal questions regarding the merits; (2) whether the applicant has shown a likelihood of irreparable harm absent a stay; (3) whether the balance of equities tips in the applicant's favor; and (4) the public interest**. *Alliance for Wild Rockies v. Cottrell*, 632 F.3d 1127, 1132, 1135-1139 (9th Cir. 2011); *Latta v. Otter*, 771 F.3d 496, 498 (9th Cir. 2014) (per curiam); *see Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008); *Nken v. Holder*, 556 U.S. 418, 434 (2009).

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310-481-7600 ♦ FAX 310-481-7650

JOINT MOTION FOR STAY PENDING APPEAL AND MEMORANDUM IN SUPPORT OF STAY OF PROCEEDINGS

Proposed Intervenors submit that all necessary elements are satisfied for a reasonable, brief stay to be imposed in this case.

**B.      Proposed Intervenors Are Likely To Succeed On The Merits**

Proposed Intervenors are likely to succeed on the merits on appeal.  As set forth in their respective motions to intervene and vacate default (ECF Nos. 205, 217, 222) and Joint Reply Brief (ECF No. 227), Proposed Intervenors as putative insurers for underlying defendant C&A Products, LLC or its predecessor are entitled to intervene and protect their interests in the instant action.

1.      Motion for Intervention

C&A Products, LLC is a cancelled Delaware limited liability company against which DTSC has obtained a default.  As the putative insurers, Federal Rules of Civil Procedure, Rule 24(a), and substantive California law allow Proposed Intervenors to intervene as a matter of right.  Proposed Intervenors' request for intervention was timely made within the meaning of Rule 24(a)and they have a "significantly protectable" interest regarding C&A Products, LLC's exposure in this action insofar as DTSC has claimed that its endgame is to pursue these insurers. Disposition of this action without intervention, therefore, will further impair Proposed Intervenors' interest and as this case is currently structured, Proposed Intervenors' interest is not represented by any party to the action.  Furthermore, pursuant to Federal Rules of Civil Procedure, Rule 55(c), good cause also exists to vacate the default taken by DTSC against C&A Products, LLC.

Federal Rule of Civil procedure 24(a) provides the criteria for intervention as a matter of right, and it allows for intervention here because DTSC intends to attempt to have Proposed Intervenors pay any judgment against C&A Products, LLC.  As alleged putative insurers of C&A Products, LLC or its predecessor, Proposed Intervenors can establish the four elements needed for intervention as a

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310-481-7600 ♦ FAX 310-481-7650

1    matter of right.[2]  In determining whether to permit intervention, a court is "guided

2    primarily by practical considerations, not technical distinctions," and "the

3    requirements are broadly interpreted in favor of intervention."  *Citizens for*

4    *Balanced Use*, 647 F.3d at 897.

5         As set forth in their respective motions, and based on the delayed notice of the

6    pending litigation by DTSC (by and through Arcina's September 10, 2019 letters to

7    Proposed Intervenors, which occurred *after* the filing of DTSC's motion for default

8    judgment), it is clear that Proposed Intervenors' motions to intervene were timely.

9         Further, Proposed Intervenors have a significantly protectable interest in the

10   instant lawsuit.  *See Citizens for Balanced Use*, 647 F.3d at 897.  An applicant for

11   intervention has a significantly protectable interest if "the interest is protectable

12   under some law, and there is a relationship between the legally protected interest

13   and the claims at issue*."  Southwest Center for Biological Diversity v. Berg*, 268

14   F.3d 810, 818 (9th Cir. 2001) (reversing district court's denial of motion for

15   intervention).

16        Here, although default has been entered, judgment has not yet been entered

17   against C&A Products, LLC.  If default judgment is entered in this action, Proposed

18   Intervenors expect that DTSC will seek to enforce its judgment against Proposed

19   Intervenors under Insurance Code Sec. 11580, as DTSC has communicated to other

20   putative insurers of C&A Products, LLC.  (ECF No. 197, Exhibit D.)  **Under such**

21   **circumstances, both California and federal courts allow insurers to intervene.**

22   ***See Reliance Ins. Co. v. Superior Court*, 84 Cal.App.4th 383, 386-87 (2000)**

23   **(reversing trial court's refusal to allow insurer to intervene to vacate default of**

24   **insured reasoning, "where the insurer may be subject to a direct action under**

25   **Insurance Code section 11580 by a judgment creditor who has or will obtain a**

26

27   [2] Factors: (1) the intervention application is timely; (2) the applicant has a significant protectable interest relating to
the property or transaction that is the subject of the action; (3) the disposition of the action may, as a practical matter,
impair or impede the applicant's ability to protect its interest; and (4) the existing parties may not adequately represent

28   the applicant's interest. *Citizens for Balanced Use v. Mont. Wilderness Ass'n*, 647 F.3d 893, 897 (9th Cir. 2011).

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310-481-7600 ♦ FAX 310-481-7650

1   **default judgment in a third party action against the insured, intervention is**

2   **appropriate" and noting the "insurer may either intervene in that action prior**

3   **to judgment or move under Code of Civil Procedure section 473 to set aside**

4   **the default judgment."**); *B.G.N. Fremont Square LTD. v. Chung*, CV 10-9749

5   GAP (RZx), 2011 WL 13129968, *4 (C.D. Cal. Sep. 27, 2011) (holding, "[i]n

6   short, California law provides that an insurer has a protectable interest in litigation

7   brought against its suspended insured, that its failure to intervene could subject it to

8   liability for default judgment subject to any coverage defenses that it may have, and

9   that it can intervene without waiving those coverage defenses by giving notice of its

10  reservation of rights.").

11  Furthermore, Proposed Intervenors are likely to succeed on the merits

12  because their interests will be significantly impaired if intervention is not permitted.

13  For intervention, Proposed Intervenors "must show only that impairment of [their]

14  substantial legal interest is possible if intervention is denied.  This burden is

15  minimal." *WildEarth Guardians v. U.S. Forest Service*, 573 F.3d 992, 995 (10th

16  Cir. 2009); *see also Citizens for Balanced Use*, 647 F.3d at 898 (the standard is

17  whether "the disposition of this action may, as a practical matter, impair or impede

18  Applicants' ability to protect their interest [and] '[i]f an absentee would be

19  substantially affected in a practical sense by the determination made in an action,

20  he should, as a general rule, be entitled to intervene …'").  Absent intervention,

21  Proposed Intervenors will be prejudicially denied the opportunity to challenge the

22  validity or amount of the judgment.

23  Alternatively, even if the Ninth Circuit determines that Proposed Intervenors

24  are not entitled to intervene as a matter of right, Proposed Intervenors are likely to

25  succeed on the merits under its request for permissive intervention under Rule

26  24(b).  Here, Proposed Intervenors' defense for entry of judgment against C&A

27  Products, LLC and DTSC's claims against C&A Products, LLC share common

28  questions of law and fact.  DTSC seeks to establish C&A Products, LLC's liability

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310-481-7600 ♦ FAX 310-481-7650

JOINT MOTION FOR STAY PENDING APPEAL AND MEMORANDUM IN SUPPORT OF STAY OF
PROCEEDINGS

in the DTSC Action.  Proposed Intervenors seek to challenge C&A Products, LLC's liability and the amount of the proposed judgment.  As such, Proposed Intervenors fulfill the threshold requirement for the Court to allow Proposed Intervenors' permissive intervention under Rule 24(b).

### 2.   Motion to Vacate Default

Proposed Intervenors are also likely to succeed on the merits on their respective motions to vacate default.  Rule 55 provides that a "court may set aside an entry of default for good cause..." Fed. R. Civ. Pro. 55(c).  The Ninth Circuit's good cause standard for vacating entry of default is the same as that for vacating default judgments under Rule 60(b), but the test for vacating an entry of default is much less rigid and is more generous to the party in default.  *See Joe Hand Promotions, Inc. v. Williams*, No. 2:14-cv-02663-JAM-AC, 2015 WL 5923611 at *2 (E.D. Cal. Oct. 9, 2015) (granting motion to set aside the entry of default and default judgment, reasoning that "'judgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits.'"); *U.S. Commodity Futures Trading Comm'n v. American Bullion Exchange ABEX, Corp.*, No. SACV 10-1876 DOC (RNBx), 2011 WL 4946810 at *1-2 (C.D. Cal. Oct. 17, 2011); *E.Digital Corporation v. Ivideon LLC*, No. 15-cv-00691-JST, 2016 WL 4728550 at *1 (N.D. Cal. Sep. 12, 2016).

To determine "good cause" for vacating default under Rule 55, a court must "consider [ ] three factors: (1) whether [the party seeking to set aside the default] engaged in culpable conduct that led to the default; (2) whether [the moving party] had [no] meritorious defense; or (3) whether reopening the default judgment would prejudice the other party".  *Joe Hand Promotions, Inc. v. Williams*, 2015 WL 5923611 at *2 (internal citation omitted); *Brandt v. American Bankers Ins. Co. of Florida*, 653 F.3d 1108, 1111 (9th Cir. 2011) (setting forth same factors and affirming the district court's decision to grant insurer's motion to set aside default judgment).  In addition, "[t]he law does not favor defaults," and "therefore, any

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310-481-7600 ♦ FAX 310-481-7650

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310-481-7600 ♦ FAX 310-481-7650

1   doubts as to whether a party is in default should be decided in favor of the

2   defaulting party." *Bonita Packing Co. v. O'Sullivan*, 165 F.R.D. 610, 614 (C.D. Cal.

3   1995); *Pena v. Seguros La Comercial, S.A.*, 770 F.2d 811, 814 (9th Cir. 1985)

4   ("[D]efault judgments are generally disfavored.  Whenever it is reasonably

5   possible, cases should be decided upon their merits."); *O'Connor v. Nevada*, 27

6   F.3d 357, 364 (9th Cir. 1994) (holding same).

7          Here, Proposed Intervenors satisfy all three factors of the above-referenced

8   considerations under *Joe Hand Promotions*.  First, there have been no allegations of

9   culpable conduct on the part of Proposed Intervenors by any party to the instant

10  lawsuit.  In the Ninth Circuit, analysis of "culpability" for the purposes of

11  demonstrating "good cause" under Rule 55(c) overlaps with the standard for

12  "excusable neglect" under Rule 60(b)(l).  *TCI Group Life Ins. Plan v. Knoebber*,

13  244 F.3d 691, 695-96 (9th Cir. 2001); *see also Meadows v. Dominican Republic*,

14  817 F.2d 517, 522 (9th Cir. 1987).  The Ninth Circuit finds a negligent failure to

15  respond excusable if the defaulting party offers a credible, good-faith explanation

16  for the delay that negates "any intention to take advantage of the opposing party,

17  interfere with judicial decision making, or otherwise manipulate the legal process."

18  *TCI*, 244 F.3d at 697-98.  Here, Proposed Intervenors had no notice that DTSC

19  sued C&A Products, LLC in the 2014 DTSC Action until the September 10, 2019

20  Arcina Letter.  (ECF No. 217-1, Exhibit A; ECF No. 205-1, Exhibit A; ECF No.

21  222-1, Exhibit B.)  This was nearly four and a half (4.5) years after DTSC obtained

22  a default against C&A Products, LLC on March 25, 2015. (ECF No. 126.)  As such,

23  DTSC's own failure to notify Proposed Intervenors of the DTSC Action and of the

24  default should not be projected upon Proposed Intervenors who moved to intervene

25  and vacate default within weeks of their receiving notice in 2019.  Accordingly,

26  Proposed Intervenors have not engaged in "culpable conduct" within the meaning

27  under Rule 55.

28          Second, as set forth in more detail in their respective motions to intervene,

LEGAL:10468-0108/13623337.1

JOINT MOTION FOR STAY PENDING APPEAL AND MEMORANDUM IN SUPPORT OF STAY OF
PROCEEDINGS

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310-481-7600 ♦ FAX 310-481-7650

1  Proposed Intervenors have numerous meritorious defenses to Plaintiffs' claims

2  sufficient to satisfy the second factor re intervention.  "All that is necessary to

3  satisfy the 'meritorious defense' requirement is to allege sufficient facts that, if true,

4  would constitute a defense ... [at] the later litigation."  *U.S. v. Signed Personal*

5  *Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1094 (9th Cir. 2010) (finding

6  that good cause warranted setting aside default); *see also Coon v. Grenier*, 867 F.2d

7  73, 77 (1st Cir. 1989).  When "the movant has a meritorious defense, doubt, if any,

8  should be resolved in favor of the motion to set aside the default so that cases may

9  be decided on their merits."  *Mendoza*, 783 F.2d at 945-46 (finding that the district

10  court did not err in setting aside the default).  The meritorious defense can be to the

11  issue of liability or amount of damages.  *See Key Bank of Maine v. Tablecloth*

12  *Textile Co. Corp.*, 74 F.3d 349, 354-55 (1st Cir. 1996) (holding that the defendants

13  possessed a potentially meritorious defense that the figures upon which the default

14  judgment was premised were erroneous).

15  Here, based in large part on the delayed notice of the DTSC Action,

16  Proposed Intervenors have not even been afforded the opportunity to review or

17  rebut any evidence submitted by DTSC regarding response costs and the alleged

18  consistency of these costs with the National Contingency Plan ("NCP").

19  Additionally, C&A Products, LLC also has a meritorious defense to DTSC's

20  alleged amount of damages.  *See, e.g., Choice Hotels Int'l, Inc. v. Kusum Vali, Inc.*,

21  11CV1277 BTM(WMc), 2012 WL 1570844, at *4 (S.D. Cal. May 3, 2012)

22  (finding a meritorious defense where defendants "estimate[d]" that the monetary

23  sums contained in the complaint, upon which plaintiff based its cause of action,

24  were wrong; and explaining that "[w]hether [d]efendants' figures are accurate need

25  not be decided by the Court at this time [because] [d]efendants have alleged

26  sufficient facts to support a potentially meritorious defense regarding the amount of

27  damages").

28  Furthermore, C&A Products, LLC also has a meritorious defense to

prejudgment interest DTSC seeks, as prejudgment interest is only available if DTSC demanded a sum certain from each defendant and DTSC did not do so in the instant lawsuit. *See United States v. Consolidation Coal Co.*, 345 F.3d 409, 416 (6th Cir. 2003) (holding that complaint was not sufficient to satisfy Section 107(a)'s written demand requirement because it did not specify the specific amount sought from each defendant). Finally, Proposed Intervenors also have a meritorious defense to the attorney's fees which DTSC seeks to recover. Neither CERCLA Section 107 (the liabilities and defenses provision) nor Section 113 (which authorizes contribution claims) "expressly calls for the recovery of attorney's fees by the prevailing party." *See Key Tronic Corp. v. U.S.*, 511 U.S. 809, 817 (1994) (holding that litigation-related attorney's fees were not recoverable in a CERCLA litigation). Accordingly, since Proposed Intervenors have stated a factual and cognizable defense, they have met the second requirement to vacate the entry of default in this action and thus shown a likelihood of success on the merits on this factor. *See Sosa v. Bridge Store, Inc.*, 1:10-CV-01494-OWW, 2011 WL 1332049, *3 (E.D. Cal. Apr. 6, 2011) (holding that, that "[d]efendants have no obligation to prove their contentions to establish a meritorious defense for purposes of being relieved from an entry of default [and] [defendant's factual allegation . . . is an allegation that will be tested for truth and accuracy later in the litigation.") (citations omitted).

Third, Proposed Intervenors are likely to succeed on this motion because DTSC would not be prejudiced by setting aside the entry of default. To be prejudicial, courts have determined that the setting aside of a default must result in greater harm than simply requiring plaintiff to try the case on the merits or delaying resolution of the case. *See Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984) ("the standard is whether [plaintiff's] ability to pursue his claim will be hindered"); *Thompson v. American Home Assur. Co.*, 95 F.3d 429, 433-34 (6th Cir. 1996) (to be considered prejudicial, "the delay must result in tangible harm such as loss of

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310-481-7600 ♦ FAX 310-481-7650

1  evidence, increased difficulties of discovery, or greater opportunity for fraud or

2  collusion"); *Franchise Holding II*, 75 F.3d at 925-26; *O'Connor*, 27 F.3d at 364.

3  "To be prejudicial, the setting aside of a judgment must result in greater harm than

4  simply delaying resolution of the case." *TCI*, 244 F.3d at 701; *Utica Mut. Ins. Co.*

5  *v. Hamilton Supply Co.*, No. C 06-07846 SI, 2007 WL 3256485, at *3 (N.D. Cal.

6  Nov. 5, 2007) (granting request of insurer to vacate default judgment against

7  insured, and finding that delay in intervening and requesting to vacate default did

8  not constitute prejudice).  DTSC would not be prejudiced if the Court vacated the

9  default against C&A Products, LLC, and its ability to pursue its claims would not

10  be hindered as a result of setting aside the default.  DTSC filed this action more

11  than five years ago and it has not attempted to advance this litigation against C&A

12  Products, LLC since 2015.  **No discovery has been conducted, no dispositive**

13  **motions have been filed or heard, and DTSC has done nothing except for filing**

14  **a complaint, obtaining a default, and filing an application for a default**

15  **judgment.**

16          As such, since Proposed Intervenors did not engage in culpable conduct,

17  have numerous meritorious defenses in the instant lawsuit, and no prejudice to

18  DTSC will result by the Court's decision to vacate the entry of default of C&A

19  Products, LLC, Proposed Intervenors are likely to succeed on the merits on their

20  respective motions to vacate default and the pending appeal.

21      **C.**      **Alternatively, Proposed Intervenors' Appeal Poses Serious Legal**

22              **Questions On The Merits**

23          With respect to the first factor regarding intervention, when considering

24  "serious legal questions" as an alternative basis to a "probability of success on the

25  merits," a stay may be issued so long as the applicant can show serious legal

26  questions going to the merits and a hardship balance that tips sharply toward the

27  applicant. *Alliance for Wild Rockies*, 632 F.3d at 1131-34.  "Serious legal

28  questions" refer to "substantial, difficult and doubtful" issues, so as "to make them

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310-481-7600 ♦ FAX 310-481-7650

JOINT MOTION FOR STAY PENDING APPEAL AND MEMORANDUM IN SUPPORT OF STAY OF
PROCEEDINGS

a fair ground for litigation and thus for more deliberative investigation." *Gilder v. PGA Tour, Inc.*, 936 F.2d 417, 422 (9th Cir. 1991) (internal citations omitted).

Proposed Intervenors' appeal of the Court's denial of their respective motions to intervene and vacate default poses serious legal questions on the merits sufficient to satisfy the first factor of the balancing test set forth in *Alliance for Wild Rockies*. Proposed Intervenors argue that they have a significant protectable interest in the property and transaction that are the subject matter of this litigation.  This is due to the fact that DTSC alleges that Proposed Intervenors, as putative insurers for C&A Products, LLC or its predecessor, may be held liable for payment of DTSC's claimed damages in this action.  Here, DTSC has alleged over $3.4 million in damages without providing to Proposed Intervenors sufficient documentary support or evidence to prove liability or its damages, including whether these costs are consistent with the NCP.  DTSC's and its agent's failures to timely inform Proposed Intervenors have completely deprived Proposed Intervenors of their right to conduct discovery and seek adjudication of DTSC's allegations of contamination and/or whether DTSC's remediation activities are consistent with the NCP as statutorily required in a CERCLA action.

Denial of this motion and entry of judgment against C&A Products, LLC before allowing Proposed Intervenors' appeal to be heard by the Ninth Circuit will further prejudice Proposed Intervenors by depriving Proposed Intervenors of the ability to determine the proportionate liability of defendants or whether DTSC's costs and damages were, in fact, consistent with the NCP as statutorily required in a cost-recovery CERCLA action.  As a partial basis for their appeal, Proposed Intervenors argue that DTSC, through its own dilatory approach and unreasonable delay in providing notice of the instant lawsuit, is attempting to shift the burden of proof of its own damages which is required in order to comply with statutory requirements for cost-effective remediation.  Should coverage be determined at a later date and/or in a separate action, denying intervention here could prevent

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310-481-7600 ♦ FAX 310-481-7650

JOINT MOTION FOR STAY PENDING APPEAL AND MEMORANDUM IN SUPPORT OF STAY OF PROCEEDINGS

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310-481-7600 ♦ FAX 310-481-7650

1  Proposed Intervenors from disputing the nature and extent of DTSC's alleged
2  damages, and will essentially give DTSC a "free pass" to skirt its statutory
3  obligations under CERCLA.

4  The above clearly illustrates that the argument that serves as the basis for
5  Proposed Intervenors' appeal is a "serious legal question" that is substantial and
6  difficult so as to warrant this treatment.  As such, Proposed Intervenors have
7  satisfied the first factor of this balancing test.

8  **D.     Proposed Intervenors Will Be Irreparably Harmed Should The**
9  **Court Decline To Stay The Proceedings**

10  As set forth above, Proposed Intervenors have filed a Joint Notice of Appeal
11  of the Court's denial of their respective motions to intervene and vacate default.
12  (ECF No. 242.)  Generally, Proposed Intervenors are requesting a reversal of the
13  district court rulings on these motions.  If Proposed Intervenors' appeal is
14  successful, Proposed Intervenors will be permitted to intervene in the instant
15  lawsuit and to conduct discovery concerning Plaintiffs' allegations of liability and
16  damages, which Plaintiffs claim are attributable to the underlying insured
17  defendant, C&A Products, LLC.

18  However, if the instant request for stay of proceedings is denied and the
19  Court proceeds to enter default judgment against the underlying insured Defendant
20  C&A Products, LLC before the Ninth Circuit hears Proposed Intervenors' appeal,
21  Proposed Intervenors will be materially prejudiced by a potentially inconsistent
22  ruling, additional unnecessary litigation and associated costs.

23  A stay of the proceedings pending Proposed Intervenors' appeal will prevent
24  potential inconsistent rulings regarding Proposed Intervenors' right to intervene in
25  the instant action, and will allow the Ninth Circuit to rule on Proposed Intervenors'
26  right to conduct discovery in this action prior to an entry of judgment.

27  **E.     The Balance Of Equities Tips In Proposed Intervenors' Favor**

28  Any theoretical harm Plaintiffs may sustain because of a stay does not

LEGAL:10468-0108/13623337.1

-17-

JOINT MOTION FOR STAY PENDING APPEAL AND MEMORANDUM IN SUPPORT OF STAY OF
PROCEEDINGS

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310-481-7600 ♦ FAX 310-481-7650

1   outweigh the unjustifiable waste of time and money that would result from

2   proceeding with litigation in this Court before the Ninth Circuit decides that

3   Proposed Intervenors had the right to participate in them.  Proposed Intervenors do

4   not seek an indefinite stay of the DTSC Action.  Instead, Proposed Intervenors only

5   seek to stay the DTSC Action pending the resolution of the appeal.  At most, a stay

6   of the Order would be a "mere delay" insufficient to overcome the appropriateness

7   of an order staying the case.  *See San Francisco Technology, Inc. v. The Glad*

8   *Products Co.*, No. 10-CV-00966, 2010 WL 2943537, at *3 (N.D. Cal., July 26,

9   2010) ("[B]ecause a stay will promote judicial economy, prevent unnecessary

10  expenditure of resources and cause no prejudice to Plaintiffs, the Court will grant

11  the instant motions to stay...."); *see also Noriega v. Pastrana,* No. 07-CV-22816-

12  PCH, 2008 WL 331394, at *3 (S.D. Fla., Jan. 31, 2008) ("A short delay during the

13  appeal will not, in any meaningful way, harm or otherwise adversely affect France's

14  prosecution of Noriega or the diplomatic relationship between the United States and

15  France.").

16       Furthermore, Proposed Intervenors will suffer further prejudice if a stay is

17  not granted and, conversely, Plaintiffs are unlikely to suffer any harm if a stay is

18  granted.  A stay will aid Plaintiffs in the same way it will aid Proposed Intervenors,

19  by relieving Plaintiffs from being forced to expend resources and time in court re-

20  litigating claims if it is decided that Proposed Intervenors had a right to intervene.

21  To the extent that Plaintiffs contend that any delay in litigating their claims will

22  constitute irreparable harm, that contention, in and of itself, is insufficient.

23  Although a "litigant is always harmed if judicial relief is delayed, such harm does

24  not automatically rise to the irreparable level." *I.A.M. Nat'l Pension Fund Benefit*

25  *Plan A v. Cooper Indus.*, 789 F.2d 21, 24 (D.C. Cir. 1986).  In any case, Proposed

26  Intervenors' appeal of this Court's denial of Proposed Intervenors' Motion to

27  Intervene and Vacate Default will likely be resolved in a relatively short period as

28  compared to the delay of more five years during which Plaintiffs did nothing, and

JOINT MOTION FOR STAY PENDING APPEAL AND MEMORANDUM IN SUPPORT OF STAY OF
PROCEEDINGS

as such, granting this stay request will not cause "substantial injury" to Plaintiffs. *See, e.g., In re Wirecomm Wireless, Inc*., 2008 WL 3056491 at *5 (E.D. Cal., Aug. 1, 2008).

If a stay is granted, but Proposed Intervenors ultimately lose their appeal, Plaintiffs will have suffered no irreparable harm from having to wait a short time to litigate its claims in court.  The balance of harms thus clearly weighs in favor of a stay.

Accordingly, the third factor likewise weighs in favor of a stay of the Order and subsequent proceedings pending the outcome of Proposed Intervenors' appeal.

## F.     <u>The Public Interest Favors A Stay Of This Action</u>

The fourth factor, which considers the public interest, also favors a stay.  The public interest in efficient and non-duplicative use of the court systems would be served by staying the Order and all further proceedings pending final determination of the issue of whether Proposed Intervenors are entitled to intervene and defend the action on the merits.  As discussed more fully above, allowing this Court to hear and rule upon substantive motions would be supremely wasteful and expensive in the event that the Ninth Circuit reverses this Court's orders.

Against this background, the public interest factor, like each of the preceding three factors, favors the issuance of a stay.  Proposed Intervenors respectfully submit that consideration of the pertinent factors strongly supports their request that this litigation be stayed pending the resolution of the appeal of the Court's denial of the motions to intervene and vacate default.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310-481-7600 ♦ FAX 310-481-7650

JOINT MOTION FOR STAY PENDING APPEAL AND MEMORANDUM IN SUPPORT OF STAY OF PROCEEDINGS

## IV.    CONCLUSION

For the foregoing reasons, Proposed Intervenors respectfully request that this Court stay the Order and all future proceedings in the instant action pending appeal of the Court's denial of Proposed Intervenors' respective motions to intervene and vacate default.

DATED:  January 17, 2020          WOOD, SMITH, HENNING & BERMAN LLP



By:    /s/ Stratton P. Constantinides
　　　　THOMAS F. VANDENBURG
　　　　STRATTON P. CONSTANTINIDES
Attorneys for Proposed Intervenors,
Century Indemnity Company as successor to
CCI Insurance Company as successor to
Insurance Company of North America, Allianz
Underwriters Insurance Company, Chicago
Insurance Company, and Fireman's Fund
Insurance Company


DATED:  January 17, 2020          NICOLAIDES FINK THORPE
                                  MICHAELIDES SULLIVAN LLP



By:    /s/ Randall P. Berdan
　　　　SARA M. THORPE
　　　　RANDALL P. BERDAN
Attorneys for Proposed Intervenor,
The Continental Insurance Company

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310-481-7600 ♦ FAX 310-481-7650

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310-481-7600 ♦ FAX 310-481-7650

1

## PROOF OF SERVICE

2      I am employed in the County of Los Angeles, State of California.  I am over the age of eighteen years and not a party to the within action.  My business address is 10960 Wilshire

3  Boulevard, 18th Floor, Los Angeles, CA 90024-3804.

4      On January 17, 2020, I served the following document(s) described as **PROPOSED INTERVENORS' JOINT NOTICE OF MOTION AND MOTION FOR STAY**

5  **PENDING APPEAL AND MEMORANDUM IN SUPPORT OF STAY OF PROCEEDINGS** on the interested parties in this action as follows:

6

### SEE ATTACHED SERVICE LIST

7

8      **BY CM/ECF NOTICE OF ELECTRONIC FILING:**  I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system.  Participants in the case

9  who are registered CM/ECF users will be served by the CM/ECF system.  Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

10

11      I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this

12  Court at whose direction the service was made.

13      Executed on January 17, 2020, at Los Angeles, California.

14

15      _/s/ Christina Samayoa_
      Christina Samayoa

16

17

18

19

20

21

22

23

24

25

26

27

28

LEGAL:10468-0108/13623337.1

JOINT MOTION FOR STAY PENDING APPEAL AND MEMORANDUM IN SUPPORT OF STAY OF PROCEEDINGS

**SERVICE LIST**

*California Dept. of Toxic Substances Control, et al. v. Jim Dobbas, Inc., et al,*
*United States District Court, Eastern District of California*
**Case No. 2:14-cv-0595-WBS-EFB**

XAVIER BECERRA
Attorney General of California
EDWARD H. OCHOA
Supervising Deputy Attorney General
OLIVIA W. KARLIN, State Bar No. 150432
LAURA J. ZUCKERMAN (Counsel for service)
State Bar No. 161896
Deputy Attorneys General
1515 Clay Street, 20th Floor
Oakland, CA 94612
Telephone: (510) 879-1299
Fax: (510) 622-2270
E-mail: Laura.Zuckerman@doj.ca.gov **Attorneys for Plaintiffs California Department of Toxic Substances Control and the Toxic Substances Control Account**

Alexander Eugene Potente
Clyde & Co US LLP
101 2nd Street, Suite 2400
San Francisco, CA 94105
Telephone: (415) 365-9800
Fax: (415) 365-9801
Email: alex.potente@clydeco.us
LEAD ATTORNEY
ATTORNEY TO BE NOTICED
**Attorneys for Proposed Intervenor, THE TRAVELERS INDEMNITY COMPANY**

U.S. MAIL

Brian M. Rostocki
Reed Smith LLP - Delaware
1201 Market Street - Suite 1500
Wilmington, DE 19801
**Registered Agent for C&A Products, LLC**

Sara M. Thorpe
Randall P. Berdan
Nicolaides Fink Thorpe Michaelides Sullivan LLP
101 Montgomery Street, Suite 2300
San Francisco, CA 94104
Telephone: (415) 745-3772
Fax: (415) 745-3771
Email: ssthorpe@nicolaidesllp.com
LEAD ATTORNEY
ATTORNEY 70 BE NOTICED
**Attorneys for Proposed Intervenor, THE CONTINENTAL INSURANCE COMPANY**

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310-481-7600 ♦ FAX 310-481-7650

JOINT MOTION FOR STAY PENDING APPEAL AND MEMORANDUM IN SUPPORT OF STAY OF PROCEEDINGS