XAVIER BECERRA
Attorney General of California
EDWARD H. OCHOA
Supervising Deputy Attorney General
OLIVIA W. KARLIN, State Bar No. 150432
LAURA J. ZUCKERMAN (Counsel for service)
State Bar No. 161896
Deputy Attorneys General
1515 Clay Street, 20th Floor
Oakland, CA 94612
Telephone: (510) 879-1299
Fax: (510) 622-2270
E-mail: Laura.Zuckerman@doj.ca.gov

TIMOTHY M. THORNTON, JR., State Bar No. 106413
GRAY-DUFFY, LLP
15760 Ventura Blvd, 16th Fl.
Encino, CA 91436-3027
Telephone: (818) 907-4000
Fax: (818) 783-4551
E-mail: tthornton@grayduffylaw.com

*Attorneys for Plaintiffs California Department of Toxic Substances Control and the Toxic Substances Control Account*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| CALIFORNIA DEPARTMENT OF TOXIC SUBSTANCES CONTROL and the TOXIC SUBSTANCES CONTROL ACCOUNT,<br><br>Plaintiffs,<br><br>v.<br><br>JIM DOBBAS, INC., et al.,<br><br>Defendants.<br><br>AND RELATED COUNTERCLAIMS AND CROSS CLAIMS | 2:14-cv-00595-WBS-EFB<br><br>PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PROPOSED INTERVENORS' JOINT MOTION FOR STAY PENDING APPEAL<br><br>Date: February 24, 2020<br>Time: 1:30 p.m.<br>Judge: Hon. William Shubb<br>Place: Courtroom 5<br>Action Filed: March 3, 2014 |

**TABLE OF CONTENTS**

**Page**

INTRODUCTION ................................................... 1

BACKGROUND ..................................................... 2

LEGAL STANDARD ................................................. 3

ARGUMENT ....................................................... 3

    I.   The Proposed Intervenors Have Not Made a Strong Showing that They Are Likely to Succeed on the Merits. ................................................ 4

    II.  The Proposed Intervenors Have Not Established They Will be Irreparably Injured Absent a Stay. ........... 6

    III. Issuance of the Stay Would Substantially Injure DTSC. ................................................. 7

    IV.  The Public Interest Would Be Harmed by the Issuance of a Stay. .................................. 8

CONCLUSION ..................................................... 8

# INTRODUCTION

In this action under the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, 42 U.S.C. § 9601, *et seq*. ("CERCLA"), Plaintiffs Department of Toxic Substances Control and the Toxic Substances Control Account ("DTSC") applied to this Court in August 2019 to enter a default judgment against Defendant Collins & Aikman Products, LLC ("C&A Products"), a cancelled Delaware corporation.  Subsequently, six insurance carriers moved to intervene and vacate C&A Products' default.

After the Court denied the motions, five of the insurance carriers, The Continental Insurance Company ("Continental"), Century Indemnity Company ("Century"), and Allianz Underwriters Insurance Company, Chicago Insurance Company, and Fireman's Fund Insurance Company (collectively, "Allianz").  Continental, Century, and Allianz (collectively, the "Proposed Intervenors") filed a joint notice of appeal, followed by this motion for a stay pending appeal.  The Proposed Intervenors' motion for a stay should be denied, because the criteria for granting such a motion have not been met.  First, the Proposed Intervenors cannot show that they are likely to succeed on the merits of their appeal, as the motion provides no new facts or law in support of any claim that the Court's order denying their motions to intervene and vacate the default was erroneous.  Second, they will not be irreparably injured absent a stay, because they have not shown a significant protectable interest that would be impaired, and even if default judgment is entered against C&A Products, if the Proposed Intervenors have sufficient grounds (i.e., good cause),

1

they can move to set it aside.  Third, issuance of the stay would substantially injure DTSC, whose application for entry of default judgment has been pending, awaiting hearing, for more than five months.  Fourth, the public interest favors expediting the resolution of this matter.  In sum, because the Proposed Intervenors cannot meet the standard for granting a stay pending appeal, their motion should be denied.

**BACKGROUND**

In this action under CERCLA, DTSC seeks to recover unreimbursed taxpayer funds incurred to clean up a hazardous waste site in Elmira, California, which was formerly a wood treatment and preserving facility (the "Site").  DTSC sued and settled with multiple defendants for contaminating the Site.  In 2015, DTSC obtained entry of default against Defendant C&A Products after it failed to respond to DTSC's First Amended Complaint.  Docket No. 129.  After giving notice that it intended to seek a default judgment against C&A Products in order to determine whether historical insurance policies could provide coverage for DTSC's over $3,000,000 in unreimbursed response costs related to Site cleanup, six insurance carriers filed – or joined in - motions to intervene in this lawsuit and to vacate the default.[1]  Docket Nos. 196, 202, 205, 217, 222.

After full briefing, and after hearing argument on the motions to intervene and set aside the default, the Court denied each insurance carrier's motion.  Docket No. 221 (denial of The Travelers Indemnity Company's Motion to Intervene and Set Aside

---

[1] Despite a docket entry that suggested otherwise, Docket No. 218, Allstate did not file a motion to intervene and vacate C&A Products' default.

2

1  Default); Docket No. 237 (denial of motions filed by Continental,
2  Century, and Allianz) ("December 4 Order").  The Proposed
3  Intervenors filed a joint notice of appeal to the Ninth Circuit
4  of the Court's denial of their motions.  Docket No. 241.  This
5  motion for a stay pending appeal followed, prompting the
6  continuance of the hearing on DTSC's application for entry of a
7  default judgment, filed on August 21, 2019 and taken off calendar
8  once previously.  Pursuant to a minute order dated January 23,
9  2020, the application for entry of a default judgment was
10 postponed to March 4, 2020, at 10:00 a.m. in Courtroom 8 before
11 Magistrate Judge Brennan.

## LEGAL STANDARD

13   The decision to stay an action pending appeal lies within
14 the district court's sound discretion.  *See Nken v. Holder*, 556
15 U.S. 418, 433-34 (2009); *accord, e.g.*, *Leiva-Perez v. Holder,* 640
16 F.3d 962, 965 (9th Cir. 2011).  When determining whether to issue
17 a stay, courts consider the following four factors: "(1) whether
18 the stay applicant has made a strong showing that he is likely to
19 succeed on the merits; (2) whether the applicant will be
20 irreparably injured absent a stay; (3) whether issuance of the
21 stay will substantially injure the other parties interested in
22 the proceeding; and (4) where the public interest lies."  *Nken v.
23 Holder,* 556 U.S. at 433-34 (citation and internal quotation marks
24 omitted).  The first two of these factors are the most critical.
25 *Id.* at 434.

## ARGUMENT

27   Despite this Court's previous ruling finding no merit to the
28 Proposed Intervenors' motions to intervene and vacate C&A

3

Products' default, the Proposed Intervenors now seek an order to stay the proceedings — specifically, DTSC's application for entry of a default judgment against defendant C&A Products, which is all that is left of this case.  However, a stay pending appeal will not only delay final resolution of the litigation, which has been ongoing for six years; it will also delay DTSC's ability to recover any insurance proceeds (or to obtain necessary information from C&A Products' historical insurance carriers), because the insurers refuse to provide that information, citing the fact that DTSC is not the insured and is not yet a judgment creditor.  *See, e.g.*, Declaration of Timothy M. Thornton, Jr. in Support of Plaintiffs' Opposition to Proposed Intervenors' Joint Motion for Stay Pending Appeal ("Thornton Decl."), at ¶4.  As discussed in more detail below, the Proposed Intervenors have not met any of the four factors necessary to the granting of a motion for a stay pending appeal, and, for this reason, their motion should be denied.

**I.   THE PROPOSED INTERVENORS HAVE NOT MADE A STRONG SHOWING THAT THEY ARE LIKELY TO SUCCEED ON THE MERITS.**

The Proposed Intervenors cannot make any showing, much less a strong showing, that they are likely to succeed on the merits of their appeal.  The Court issued a thorough and well-reasoned opinion denying Proposed Intervenors' motions to intervene and to vacate C&A Products' default, and the Proposed Intervenors have presented no new facts or change in the law to warrant a reversal of this Court's decision.

The December 4 Order denied Continental's motion to intervene and to vacate C&A Products' default for the following

4

reasons: (1) Continental had neither admitted coverage nor agreed to defend C&A Products under a reservation of rights; (2) Continental had failed to respond to DTSC's offer to stipulate to Continental's intervention if it accepted coverage without a reservation of rights or defended C&A Products with a reservation of rights; and (3) Continental failed to advance any new argument to establish good cause to set aside C&A Products' default. Docket No. 237, at 3.  All of these reasons remain applicable here.

The December 4 Order denied Century's motion to intervene and to vacate C&A Products' default for similar reasons: (1) Century, like Travelers, had disclaimed coverage of any claims arising from the DTSC litigation, citing a settlement agreement it claimed to have entered into with C&A Products in 2000, and by implication had refused to defend C&A Products under a reservation of rights; and (2) Century had failed to respond to DTSC's offer to stipulate to its intervention if it accepted coverage without a reservation of rights or defended C&A Products with a reservation of rights.  Docket No. 237, at 3-4.  Again, the Court's rationale remains applicable.

Finally, the December 4 Order denied the Allianz motion to intervene and to vacate the default, reasoning that "because DTSC has yet to determine which primary insurer, if any, will be responsible for C&A Products' damages, the parties and the court do not know what the 'primary indemnity limits' are.  Absent this information, the court cannot conclude that primary coverage is exhausted and that excess insurers can properly intervene." Docket No. 237, at 4-6.  Nothing has changed since the issuance

of the December 4 Order.  Without the entry of default judgment against C&A Products, DTSC has been unable to obtain necessary exhaustion and impairment information from its historical insurance carriers, and thus has not determined which primary insurer(s) to proceed against.  Thornton Decl., at ¶2.

Similarly, the Proposed Intervenors' arguments in support of setting aside C&A Products' default remain as meritless as before.  The Proposed Intervenors have not shown that C&A Products has any cognizable defense to CERCLA liability, and have not presented any evidence that DTSC's response costs are inconsistent with the National Contingency Plan.  Thus, granting the Proposed Intervenors' motion to stay would be futile, and a waste of judicial resources.

In sum, because the Proposed Intervenors advance the same arguments they did in their unsuccessful motions to intervene and to vacate C&A Products' default, because they cite no new facts or law, because they can assert no defense to CERCLA liability on behalf of C&A Products, and because the rationale of the December 4 Order still applies here, the Proposed Intervenors have failed to show that they are "likely to succeed on the merits," as required by law.  *Nken v. Holder*, 566 U.S. at 434; *Leiva-Perez v. Holder,* 640 F.3d at 964.

**II.   THE PROPOSED INTERVENORS HAVE NOT ESTABLISHED THEY WILL BE IRREPARABLY INJURED ABSENT A STAY.**

Because to date the Proposed Intervenors have asserted no protectable interest sufficient to permit them to intervene in the litigation, by definition, they can show no irreparable injury from denial of the stay motion.  If, after entry of

6

default judgment, they were to assert such a protectable interest (for example, if, after completion of their internal review, they agreed to accept coverage without a reservation of rights, or agreed to defend with a reservation of rights), they could dismiss their appeal and move to intervene and to vacate entry of the default judgment on a showing of good cause.  Because the standards for moving to set aside defaults under Federal Rule of Civil Procedure 55(c) and moving to set aside default judgments under Federal Rule of Civil Procedure 60(b) are very similar, *United States v. Signed Personal Check No. 730 of Yubran S. Mesle*, 615 F.3d 1084, 1091 (9th Cir. 2010), and because the Proposed Intervenors cannot meet either standard, that approach would leave them no worse off than they are now.  In addition, if DTSC files a direct action against one or more of the Proposed Intervenors, they will be able to assert all their coverage defenses in that action at that time.  Thus, the Proposed Intervenors will not be irreparably injured absent a stay.

**III. ISSUANCE OF THE STAY WOULD SUBSTANTIALLY INJURE DTSC.**

The Court should deny the motion to stay because granting it would substantially injure DTSC, which has had its application for entry of default judgment on file for over five months. Delaying resolution of the application for entry of default judgment will hinder DTSC's ability to obtain exhaustion and impairment information for C&A Products' historical insurance policies: the Proposed Intervenors have refused to provide that information on the ground that DTSC is not the insured and is not yet a judgment creditor.  *See*, *e.g.*, Thornton Decl., at ¶4.  The resulting delay in DTSC's receipt of exhaustion and impairment

information will make it impossible for DTSC to determine which of C&A Products' insurance carrier(s) to pursue in order to collect unreimbursed response costs for this contaminated Site, and it will delay the process of seeking reimbursement from these carriers. Moreover, the delay will lead to added costs for DTSC in the form of payments to C&A Products' receiver, who was appointed to revive, and accept service for, C&A Products in this CERCLA lawsuit.

**IV.   THE PUBLIC INTEREST WOULD BE HARMED BY THE ISSUANCE OF A STAY.**

Finally, a stay would harm the public interest, as it would delay resolution of the litigation and cause DTSC to expend unnecessary costs. This case involves the monitoring and cleanup of a contaminated hazardous waste site; delaying DTSC's efforts to recover insurance proceeds to reimburse it for response costs expended at the Site may reduce state funding available to pay for cleanups of this and other hazardous waste sites.

In sum, not one of the four factors courts consider when determining whether to grant a stay pending appeal favors the Proposed Intervenors here. Because the Proposed Intervenors have failed to meet the standard for the issuance of a stay, the Court should deny their motion.

**CONCLUSION**

For all the foregoing reasons, DTSC respectfully requests that the Court deny the Proposed Intervenors' motion for a stay

///

pending appeal.

Dated:  February 10, 2020          Respectfully Submitted,

XAVIER BECERRA
Attorney General of California
EDWARD H. OCHOA
Supervising Deputy Attorney General
OLIVIA W. KARLIN
Deputy Attorney General

/s/ Laura J. Zuckerman

LAURA J. ZUCKERMAN
Deputy Attorney General
*Attorneys for Plaintiffs California Department of Toxic Substances Control and the Toxic Substances Control Account*

Docket No.:  LA2012602448