```
 1  XAVIER BECERRA
    Attorney General of California
 2  EDWARD H. OCHOA
    Supervising Deputy Attorney General
 3  OLIVIA W. KARLIN,
    State Bar No. 150432
 4  LAURA J. ZUCKERMAN (Counsel for
    service)
 5  State Bar No. 161896
    Deputy Attorneys General
 6  1515 Clay Street, 20th Floor
    Oakland, CA 94612
 7  Telephone:  (510) 879-1299
    Fax:  (510) 622-2270
 8  E-mail:  Laura.Zuckerman@doj.ca.gov

 9  TIMOTHY M. THORNTON, JR.,
    State Bar No. 106413
10  GRAY-DUFFY, LLP
    15760 Ventura Blvd, 16th Fl.
11  Encino, CA 91436-3027
    Telephone:   (818) 907-4000
12  Fax:  (818) 783-4551
    E-mail:  tthornton@grayduffylaw.com
13
    Attorneys for Plaintiffs California
14  Department of Toxic Substances
    Control and the Toxic Substances
15  Control Account
```

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| CALIFORNIA DEPARTMENT OF TOXIC SUBSTANCES CONTROL and the TOXIC SUBSTANCES CONTROL ACCOUNT,<br><br>Plaintiffs,<br><br>v.<br><br>JIM DOBBAS, INC., et al.,<br><br>Defendants.<br><br>AND RELATED COUNTERCLAIMS AND CROSS CLAIMS | 2:14-cv-00595-WBS-EFB<br><br>DECLARATION OF TIMOTHY M. THORNTON, JR. IN SUPPORT OF PLAINTIFFS' OPPOSITION TO PROPOSED INTERVENORS' JOINT MOTION FOR STAY PENDING APPEAL<br><br>Date:   February 24, 2020<br>Time:   1:30 p.m.<br>Judge:  Hon. William Shubb<br>Place:  Courtroom 5<br>Action Filed: March 3, 2014 |

1

Declaration of Timothy M. Thornton, Jr. in Support of Plaintiffs' Opposition
to Prop. Intervenors' Mot. For Stay Pending Appeal (2:14-cv-00595-WBS-EFB)

I, Timothy M. Thornton, Jr., declare:

1. I am co-counsel representing Plaintiffs the California Department of Toxic Substances Control and the Toxic Substances Control Account (collectively, "DTSC" or "Plaintiffs") in this action. I make the following statements upon personal knowledge or upon my review of Gray Duffy, LLP files that Gray Duffy, LLP maintains in the regular course of business, and, if called as a witness, could testify competently to these statements. This declaration is made in support of Plaintiffs' Opposition to Proposed Intervenors' Joint Motion For Stay Pending Appeal.

2. Without the entry of default judgment against Collins & Aikman Products, LLC ("C&A Products"), DTSC has been unable to obtain necessary exhaustion and impairment information from C&A Products' historical insurance carriers, and thus has not determined which insurer(s) to proceed against.

3. On September 10, 2019 Arcina Risk Group wrote to The Continental Insurance Company ("Continental"), Century Indemnity Company ("Century"), and Allianz Underwriters Insurance Company, Chicago Insurance Company, and Fireman's Fund Insurance Company (collectively, "Allianz") and requested information including impairment information. To date, none of these insurers has provided impairment information or information regarding remaining aggregate limits of their policies.

4. Randall Berdan of Nicolaides Fink Thorpe Michaelides Sullivan LLP, counsel for The Continental Insurance Company and Transcontinental Companies, Inc. (collectively referred to as "CNA") wrote in a letter January 17, 2020 to me that: "DTSC (even if acting through Arcina) not the insured; it is a third-party

2

Declaration of Timothy M. Thornton, Jr. in Support of Plaintiffs' Opposition
to Prop. Intervenors' Mot. For Stay Pending Appeal (2:14-cv-00595-WBS-EFB)

claimant with no contractual relationship with CNA. DTSC does not have a judgment against Wickes and, therefore, is not a judgment creditor for which it could pursue a direct cause of action against CNA. DTSC therefore has no right to any insurance information from CNA. CNA therefore declines to provide any such information at this time." A true and correct copy of this letter is attached hereto as Exhibit 1.

     5.   Joey D. Solomon "on behalf of the Chicago Insurance Company, a Company of Allianz" (but "also handling this matter on behalf of Fireman's Fund Insurance Company and Allianz Underwriters Insurance Co. (fka Allianz Underwriters, Inc.), both of which are companies of Allianz" (collectively, "Allianz"), wrote a letter to Arcina Risk Group LLC dated January 2, 2020 referencing the present lawsuit. I received a copy of this letter on January 2, 2020 from G. David Godwin of Squire Patton Boggs (US) LLP, who identified himself as coverage counsel for Allianz with respect to the referenced matter. Mr. Solomon's letter states that, with regard to "information concerning impairment of policy limits[,]" Allianz is "concerned than any confidential insurance and claim information must be protected from unwarranted disclosure to third parties." Allianz states, "The DTSC is a third-party claimant . . . ." Allianz indicated it sought the contact for "the representative of the policyholder so we may forward the DTSC's request for its consideration." (The letter copied "Brian M. Rostocki – Receiver for Collins & Aikman Products, LLC"). A true and correct copy of this letter is attached hereto as Exhibit 2.

     6.   Proposed Intervenor Century Indemnity Company filed a

3

Declaration of Timothy M. Thornton, Jr. in Support of Plaintiffs' Opposition to Prop. Intervenors' Mot. For Stay Pending Appeal (2:14-cv-00595-WBS-EFB)

motion to intervene (ECF No. 271) and in support of that motion filed the declaration of Natalie M. Jacobs. In the declaration, Ms. Jacobs averred that her employer, Brandywine Holdings, handles legacy claims involving insurance policies issued by Proposed Intervenor Century Indemnity Company as successor to CCI Insurance Company as successor to Insurance Company of North America ("Century"). She asserted that Century has no obligations to DTSC because of a settlement agreement into which it entered. *See* Declaration of Natalie Jacobs, ECF No. 271-1, ¶ 5. Exhibit A to Ms. Jacob's Declaration was a copy of the September 10, 2019 letter from Arcina to Brandywine Group of Insurance and Reinsurance Companies seeking information including information regarding impairment. *Id*. Century has neither provided the settlement agreement, nor any information concerning aggregate limits impairment or remaining aggregate limits to DTSC.

   I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and that this declaration was executed in Encino, California, on February 10, 2020.

_____
                                Timothy M. Thornton, Jr.


Docket No.:  LA2012602448

4

Declaration of Timothy M. Thornton, Jr. in Support of Plaintiffs' Opposition to Prop. Intervenors' Mot. For Stay Pending Appeal (2:14-cv-00595-WBS-EFB)

EXHIBIT 1



101 Montgomery Street, Suite 2300, San Francisco, CA 94104

Randall P. Berdan
Direct dial: (415) 745-3773
rberdan@nicolaidesllp.com

January 17, 2020

<u>**Via Email to tthornton@grayduffylaw.com**</u>

Timothy M. Thornton
Gray Duffy LLP
15760 Ventura Blvd., 16th Floor
Encino, CA  91436

  Re: *California Department of Toxic Substances Control, et al. v. Jim Dobbas, Inc., et al.*, U.S. District Court, Eastern District, Case No. 2:14-00595-WBS-EFB

    Insurers: The Continental Insurance Company
        Transcontinental Insurance Company

Dear Mr. Thornton:

  As you are aware, we are counsel for Resolute Management Inc. which is handling this matter on behalf of The Continental Insurance Company ("Continental) and Transcontinental Insurance Company ("Transcontinental") (collectively, "CNA"), which insured Wickes Companies, Inc. et al. and The Wickes Corporation, et al. (collectively "Wickes").  As you also know, we are counsel of record in the above-referenced action (the "Action") for Proposed Intervenor Continental.  Continental, along with other Proposed Intervenor insurers ("Proposed Intervenors"), filed a Joint Notice of Appeal to the Ninth Circuit Court of Appeals regarding the district court's Order denying Proposed Intervenors' motions to intervene and set aside/vacate the default.

  This responds to your letter to Sara Thorpe and counsel for Wickes' other insurers dated December 24, 2019 in which you make a number of misstatements and seek information to which your clients, plaintiffs California Department of Toxic Substances Control and Toxic Substances Control Account (collectively "DTSC"), are not entitled.  In your letter, you contend that Richard Janisch of Arcina Risk Group ("Arcina") sent a letter about the Action dated September 10, 2019 to the insurers for Wickes, including CNA, but that none of the insurers responded.

  You are mistaken, Resolute responded by letter emailed on September 13, 2019.  Mr. Janisch did not state in his letter that he was acting on behalf of the successor to Wickes, Collins & Aikman Products, LLC or its receiver, Brian Rostocki.  However, as requested by Mr. Jansich, Resolute sent its response to Mr. Rostocki, Michael Salem at Arcina, and Olivia Karlin for the DTSC.  Resolute acknowledged receipt of Mr. Janisch's letter, reserved rights, and sought further information.  Mr. Salem responded by email on September 16, 2019, requesting that Resolute direct future emails to him rather than Mr. Rostocki who, incidentally, Mr. Salem removed from the email thread.  Thereafter, Resolute, Arcina, and counsel for the DTSC

Timothy M. Thornton
January 17, 2020
Page 2

exchanged further emails.  I also communicated with Mr. Janisch, as well as with Mr. Salem by email or telephone on several occasions, including on October 3 and October 10, 2019.

You also contend that Mr. Janisch "tendered" the Action to Wickes' insurers, including CNA on September 10, 2019.  However, according to DTSC's filings in the Action, Arcina is DTSC's "agent."  Therefore, Arcina acts on DTSC's behalf, and neither Mr. Janisch nor Mr. Salem represented that Arcina was acting on behalf of Wickes.  Thus, the communication to CNA by Arcina could not have "tendered" the Action for defense and indemnity.  DTSC (even if acting through Arcina) is not the insured; it is a third-party claimant with no contractual relationship with CNA.  DTSC does not have a judgment against Wickes and, therefore, is not a judgment creditor for which it could pursue a direct cause of action against CNA.  DTSC therefore has no right to any insurance information from CNA.  CNA declines to provide any such information at this time.

        Very truly yours,

        *[signature]*

        RANDALL P. BERDAN

EXHIBIT 2



**Allianz Resolution Management®**

January 2, 2020

SENT VIA EMAIL AND REGULAR MAIL

rjanisch@arcinarisk.com

Richard Janisch
Arcina Risk Group LLC
835 Wilshire Blvd., Suite 400
Los Angeles, CA 90017

|  |  |
|---|---|
| Alleged Insured: | Wickes Corporation and Wickes Companies, Inc., et al |
| Claim No.: | 000-00-323623 |
| Site: | Elmira Site Contamination – Solano County California |
| Claimant/Suit: | California Department of Toxic Substances Control and the Toxic Substances Control Account v. Jim Dobbas, Inc., et al., U.S. District Court for the Eastern District of California, Civil Case No. 2:14-595 WBS EFB Elmira Site Contamination – Solano |

Dear Mr. Janisch,

This correspondence follows our September 23, 2019 acknowledgment of your letter of September 10, 2019, wherein you have requested that Chicago Insurance Company agree to defend and indemnify Collins and Aikman Products, LLC ("C&A") as the successor in interest to the Wickes Companies, Inc. and the Wickes Corporation in the above matter under excess policies 255-U 032341 and 255-U 033533 issued to Wickes Companies, Inc. Please note we are handling this matter on behalf of the Chicago Insurance Company, a Company of Allianz (referred herein as "Allianz").[1]  Please send future communications regarding this matter to my attention.

---

[1] We are also handling this matter on behalf of Fireman's Fund Insurance Company and Allianz Underwriters Insurance Co. (fka Allianz Underwriters, Inc.), both of which are companies of Allianz. We received a separate notice letter from you dated September 10, 2019, for certain excess liability policies issued by those two underwriting entities issued to Wickes Companies, Inc. Those policies

**Allianz Reinsurance America, Inc.**
1465 N. McDowell Blvd., Suite 100
Petaluma, CA 94954
USA

As we have indicated, we initiated a search for copies of the identified Chicago Insurance Company policies.  Through counsel, we also made inquiries on November 6 and 7, 2019, concerning the referenced claim and policy documentation, to former C&A counsel Louis Solomon of Reed Smith and  Michael Salem of Arcina, respectively.  Neither has provided any of the requested information.

Chicago Insurance Company also sought to intervene and obtain relief from the default of C&A promptly following receipt of your September 10 letter.  The grounds for intervention and for relief from default are set forth in its briefs.  The DTSC opposed this effort and, unfortunately, the court denied both intervention and relief from entry of default.  Had C&A timely provided notice of this lawsuit, Chicago Insurance Company would have had an opportunity to defend the DTSC's claims.  The late notice has resulted in actual prejudice to Chicago Insurance Company, which is confirmed by the court's denial of intervention and relief from default.  Late notice provides a complete defense to coverage under these circumstances and should the DTSC attempt to enforce any default judgment under the referenced policies, Chicago Insurance Company reserves the right to deny coverage on grounds of late notice and all other applicable grounds.

We recently received a letter dated December 24, 2019 from counsel for the DTSC, asking that we provide you with information concerning impairment of policy limits.  Counsel references your September 10 correspondence.  With respect to the further exchange of information between us, we are concerned that any confidential insurance and claim information must be protected from unwarranted disclosure to third parties.  An initial step we must take is to first confirm that the policyholder consents to the disclosure of its confidential insurance information, including historic claim information unrelated to the DTSC's claim.  Your September 10 correspondence does not indicate who retained your services or who you represent.

The DTSC is a third-party claimant and the Receiver was paid by and appointed at its request for the purpose of receiving service of the DTSC's complaint.  Consequently, we ask that you confirm whether you are acting on behalf of the DTSC or on behalf of the person or entity who is the lawful representative of the policyholder?  If not on behalf of the policyholder, please provide any contact information you have for the representative of the policyholder so we may forward the DTSC's request for its consideration.

Neither this letter nor our investigation into this matter should be construed to change, waive or modify any of the terms, conditions or provisions of the alleged and/or confirmed policies issued by Chicago Insurance Company to C&A or its predecessors. The acknowledgment of this matter and any further actions taken in regard to this matter are undertaken subject to a complete reservation of rights under the terms, conditions and provisions of any and all such policies, and in law and equity. No action taken by Allianz shall constitute an admission of liability or coverage under any policies issued to or alleged to have been issued to C&A or its predecessors and should

---

are not included in DTSC counsel's December 24, 2019 correspondence.  Allianz reserves all rights to deny coverage under those policies if, and when, coverage is sought for the referenced claim.

not be construed as a waiver of any rights or estoppel from asserting any right to disclaim or limit coverage.

If you have any questions regarding this correspondence, or should you wish to discuss it further, please do not hesitate to contact the undersigned via direct dial at (415)899-3932 or via email at joey.solomon@allianzrm-us.com.

Sincerely,

Joey D. Solomon
Claims Specialist
Chicago Insurance Company

cc:   VIA EMAIL ONLY

Brian M. Rostocki - Receiver for Collins & Aikman Products, LLC
ReedSmith LLP
1201 Market Street, Suite 1500
Wilmington, DE 19801
brostocki@reedsmith.com

and

Olivia W. Karlin
Deputy Attorney General
State of California Department of Justice
300 South Spring Street
Los Angeles, CA 90013
Olivia.Karlin@doj.ca.gov