Thomas F. Vandenburg (State Bar No. 163446)
tvandenburg@wshblaw.com
Stratton P. Constantinides (State Bar No. 305103)
sconstantinides@wshblaw.com
**WOOD, SMITH, HENNING & BERMAN LLP**
10960 Wilshire Boulevard, 18th Floor
Los Angeles, California 90024-3804
Phone: 310-481-7600 ♦ Fax: 310-481-7650

Attorneys for Proposed Intervenors, Century Indemnity Company as successor to CCI Insurance Company as successor to Insurance Company of North America, Allianz Underwriters Insurance Company, Chicago Insurance Company, and Fireman's Fund Insurance Company

Sara M. Thorpe (State Bar No. 146529)
sthorpe@nicolaidesllp.com
Randall P. Berdan (State Bar No. 199623)
rberdan@nicolaidesllp.com
Nicolaides Fink Thorpe Michaelides Sullivan LLP
101 Montgomery Street, Suite 2300
San Francisco, CA 94104
Phone: 415-745-3770 / Fax: 415-745-3771

Attorneys for Proposed Intervenor, The Continental Insurance Company

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION**

|  |  |
|---|---|
| CALIFORNIA DEPARTMENT OF TOXIC SUBSTANCES CONTROL and the TOXIC SUBSTANCES CONTROL ACCOUNT,<br><br>            Plaintiffs,<br><br>        v.<br><br>JIM DOBBAS, INC., a California corporation; CONTINENTAL RAIL, INC., a Delaware corporation; DAVID VAN OVER, individually; PACIFIC WOOD PRESERVING, a dissolved California corporation; WEST COAST WOOD PRESERVING, LLC., a Nevada limited liability company; and COLLINS & AIKMAN PRODUCTS, LLC, a Delaware limited liability company,,<br><br>            Defendants.<br><br>AND RELATED CROSS-ACTIONS | Case No. 2:14-cv-00595-WBS-EFB<br><br>**PROPOSED INTERVENORS' MEMORANDUM OF POINTS AND AUTHORITIES IN REPLY TO PLAINTIFFS' OPPOSITION TO JOINT MOTION FOR STAY PENDING APPEAL**<br><br>Date:        February 24, 2020<br>Time:        1:30 p.m.<br>Place:       Courtroom 5, 14th Floor<br>             501 I Street<br>             Sacramento, CA 95814<br><br>The Hon. William B. Shubb<br>Trial Date:        None Set |

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310-481-7600 ♦ FAX 310-481-7650

LEGAL:10468-0108/13839752.1

PROPOSED INTERVENORS' REPLY TO PLAINTIFFS' OPPOSITION TO JOINT MOTION FOR STAY PENDING APPEAL

_____

**TO THE HONORABLE COURT, AND TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

Proposed Intervenors, Century Indemnity Company as successor to  CCI Insurance Company as successor to  Insurance Company of  North America ("Century"), Allianz Underwriters Insurance Company, Chicago Insurance Company, and Fireman's Fund Insurance Company (hereinafter, collectively, "Allianz Intervenors") and The Continental Insurance Company ("Continental") (hereinafter, collectively, "Proposed Intervenors"), hereby submit their Joint Memorandum of Points and Authorities in Reply to CALIFORNIA DEPARTMENT OF TOXIC SUBSTANCES CONTROL's and the TOXIC SUBSTANCES CONTROL ACCOUNT's (hereinafter, collectively, "DTSC" or "Plaintiffs") Opposition (Dkt. 248) to Proposed Intervenors' Joint Motion for Stay Pending Appeal (Dkt. 244).

I.    **INTRODUCTION**

Proposed Intervenors merely seek to temporarily stay DTSC's long-slumbering pursuit of the one remaining defendant while the Ninth Circuit considers the Appeal.  The Ninth Circuit has already set a briefing schedule which will be concluded by June 3, 2020.  A stay of the proceedings will prevent potential inconsistent rulings regarding Proposed Intervenors' right to intervene in the instant action, and will allow the Ninth Circuit to rule on Proposed Intervenors' right to protect their interests by contesting liability and damages.  This would include conducting discovery with DTSC, which would be the only discovery conducted in this matter.  It will also avoid unnecessary motion practice as suggested by DTSC. (Dkt. 248, Page 7, Lines 5-6 (suggesting a Motion for Relief from Default Judgment).)

In the Opposition, DTSC fails to address one of the central reasons why

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310-481-7600 ♦ FAX 310-481-7650

1   intervention should be allowed to conduct this discovery – so that Proposed

2   Intervenors can challenge DTSC's alleged amount of damages for which the

3   insurers may be liable.  DTSC's argument that Proposed Intervenors' position is

4   meritless because they "have not presented any evidence that DTSC's response

5   costs are inconsistent with the national Contingency Plan" is circular reasoning.  A

6   stay is warranted while Proposed Intervenors pursue their rights to challenge DTSC

7   on the merits.

8   DTSC's other logical fallacy that there should be no stay pending appeal

9   because the Court has previously denied intervention is equally unreasoned and

10   fails to undermine Proposed Intervenors' position.   Furthermore, DTSC's

11   Opposition distracts the Court from DTSC's own delays and shortcomings in this

12   lawsuit and places the blame on Proposed Intervenors for DTSC's refusal to provide

13   notice of this action and litigate these issues for over five years.  Accordingly, an

14   impartial review of the applicable factors will demonstrate clearly for the Court that

15   there exists good cause for granting Proposed Intervenors' Joint Motion for Stay

16   Pending Appeal.

## II.   LEGAL ARGUMENT

18   In exercising its discretion for a stay pending appeal, the Court balances four

19   factors regarding party and public interests: (1) whether the applicant is likely to

20   succeed on the merits or has shown serious legal questions regarding the merits; (2)

21   whether the applicant has shown a likelihood of irreparable harm absent a stay; (3)

22   whether the balance of equities tips in the applicant's favor; and (4) the public

23   interest.  *Alliance for Wild Rockies v. Cottrell*, 632 F.3d 1127, 1132, 1135-1139

24   (9th Cir. 2011); *Latta v. Otter*, 771 F.3d 496, 498 (9th Cir. 2014) (per curiam); *see*

25   *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008); *Nken v.*

26   *Holder*,  556 U.S. 418, 434 (2009).

27   As set forth more fully below and in the Joint Motion, Proposed Intervenors

28   submit that all necessary elements are satisfied for a reasonable stay to be imposed

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310-481-7600 ♦ FAX 310-481-7650

PROPOSED INTERVENORS' REPLY TO PLAINTIFFS' OPPOSITION TO JOINT MOTION FOR STAY
PENDING APPEAL

1  in this case.  In fact, the Ninth Circuit has already put into place the parties'

2  appellate briefing schedule which will wrap up in a few short months.

### A.   First *Alliance* Factor: Proposed Intervenors Are Likely To Succeed On The Merits

5  Proposed Intervenors dispute the proposed facts and arguments set forth in

6  DTSC's Opposition.  DTSC argues that there should be no stay pending appeal

7  because the Court has previously denied Proposed Intervenors' respective motions to

8  intervene and vacate default.  DTSC spins this roundabout argument in order to try

9  to overcome the first *Alliance* factor set forth above.

10  While Proposed Intervenors respectfully disagree with this Court's opinion on

11  their respective motions to intervene and vacate default, reliance on the argument

12  proffered by DTSC would essentially, and unfairly and as a *fait accompli*, defeat

13  <u>any</u> motion to stay pending appeal.  The fact remains that here, as with any ruling

14  pending appellate review, Proposed Intervenors have set forth relevant facts and

15  legal arguments that they submit will cause the Court of Appeals to reverse.  That is

16  the essence of the judicial process that allows for a party to challenge the District

17  Court's ruling in this respect, and a motion to stay the proceedings based thereon

18  should be viewed within the purview of this judicial process.  Proposed Intervenors

19  maintain that statutory and case law authority support their position regarding

20  intervention and vacating default, which thereby serves as the basis for their appeal.

21  Consequently, the Court should not deny the instant request for stay solely on the

22  grounds that this Court denied Proposed Intervenors' respective motions to intervene

23  and vacate default.

24  With respect to Proposed Intervenors' arguments in support of setting aside

25  the default of Collins & Aikman Products, LLC ("C&A Products, LLC"), DTSC

26  argues that Proposed Intervenors "have not shown that C&A Products has any

27  cognizable defense to CERCLA liability, and have not presented any evidence that

28  DTSC's response costs are inconsistent with the National Contingency Plan."  (Dkt.

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310-481-7600 ♦ FAX 310-481-7650

PROPOSED INTERVENORS' REPLY TO PLAINTIFFS' OPPOSITION TO JOINT MOTION FOR STAY PENDING APPEAL

248, Page 6, Lines 8-11.)  But here, DTSC's own years-long delay in prosecuting this action has prevented of any discovery and investigation.  Despite having their hands tied, Proposed Intervenors believe there is insufficient evidence to attribute all the alleged contamination to C&A Products, LLC.  Moreover, DTSC holds crucial information concerning its alleged damages, which it has not yet had to disclose in this matter.  These facts establish that DTSC's and C&A Products, LLC's own actions have (1) prejudicially prevented Proposed Intervenors from intervening in the instant lawsuit, and (2) prejudicially prevented Proposed Intervenors from conducting discovery as to potential CERCLA liability and DTSC's alleged damages.

Again, as set forth in the Joint Motion, Proposed Intervenors, as putative insurers of C&A Products, LLC or affiliated entities, are entitled to intervene in the instant lawsuit as a matter of right based on statutory and substantive Federal and California law.  As putative insurers who may be held to pay DTSC's claimed (yet unproven) damages, Proposed Intervenors have a "significantly protectable" interest regarding C&A Products, LLC's exposure in this action insofar as DTSC has claimed that its endgame is to pursue these insurers.  Because Proposed Intervenors "may" be subject to a direct action by DTSC as a judgment creditor, "intervention is appropriate."  *Reliance Ins. Co. v. Superior Court*, 84 Cal.App.4th 383, 386-87 (2000).  Accordingly, for reasons set forth in the Joint Motion and in this Reply, Proposed Intervenors are likely to succeed on the merits with respect to their appeal.

## B.   First *Alliance* Factor: Alternatively, Proposed Intervenors' Appeal Poses Serious Legal Questions On The Merits

DTSC's Opposition failed to address the alternative first factor concerning Proposed Intervenors' argument that the appeal poses serious legal questions on the merits.  As set forth in the Joint Motion, with respect to the first factor regarding intervention, when considering "serious legal questions" as an alternative basis to a "probability of success on the merits," a stay may be issued so long as the applicant

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310-481-7600 ♦ FAX 310-481-7650

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310-481-7600 ♦ FAX 310-481-7650

can show serious legal questions going to the merits and a hardship balance that tips sharply toward the applicant. *Alliance for Wild Rockies*, 632 F.3d at 1131-34. "Serious legal questions" refer to "substantial, difficult and doubtful" issues, so as "to make them a fair ground for litigation and thus for more deliberative investigation." *Gilder v. PGA Tour, Inc.*, 936 F.2d 417, 422 (9th Cir. 1991) (internal citations omitted).

Accordingly, for reasons set forth in the Joint Motion and pursuant to DTSC's failure to oppose these arguments, the pending appeal clearly poses serious legal questions on the merits sufficient to justify a stay of the District Court proceedings.

## C.   Second *Alliance* Factor: Proposed Intervenors Will Be Irreparably Harmed Should The Court Decline To Stay The Proceedings

As set forth above and at length in the Joint Motion, Proposed Intervenors will suffer irreparable harm should the Court deny this request for stay of the proceedings pending appeal.  This is because an entry of default judgment against C&A Products, LLC will prejudice Proposed Intervenors' ability to conduct discovery and/or challenge DTSC's blanket representations of liability and damages.  Proposed Intervenors again bring to the Court's attention that DTSC's costs and fees in connection with its CERCLA claim are statutorily required to be consistent with the National Contingency Program, yet DTSC has provided <u>no</u> evidence that it has conformed with these requirements.  An entry of default judgment against C&A Products, LLC will effectively reward DTSC's prejudicial delay in providing notice of the action to Proposed Intervenors, and will allow DTSC to avoid a true adversary process in proving its claimed liability and damages.

Moreover, DTSC also argues that the "standards for moving to set aside defaults under Federal Rule of Civil Procedure 55(c) and moving to set aside default judgments under Federal Rule of Civil Procedure 60(b) are very similar . . . and because the Proposed Intervenors cannot meet either standard, that approach

LEGAL:10468-0108/13839752.1

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310-481-7600 ♦ FAX 310-481-7650

1   would leave them no worse off than they are now."  (Dkt. 248, Page 7, Lines 7-13.)

2   This is a serious and dangerous misrepresentation by DTSC.

3        The Ninth Circuit applies a "good cause" standard for vacating both an entry

4   of default under Rule 55(c) and for vacating a default judgment under Rule 60(b),

5   but the test for setting aside entry of default is less rigid and is more generous to the

6   party in default.  *See U.S. Commodity Futures Trading Comm'n v. American*

7   *Bullion Exchange ABEX, Corp.*, No. SACV 10-1876 DOC (RNBx), 2011 WL

8   4946810 at *1, 2 (C.D. Cal. Oct. 17, 2011) (granting motion to set aside entry of

9   default, reasoning that "[t]he 'good cause' standard under Rule 55(c) is an easier

10  burden for the allegedly defaulting party than the excusable neglect standard

11  required to obtain relief from default judgment under Rule 60(b)"); *E.Digital*

12  *Corporation v. Ivideon LLC*, No. 15-CV-00691-JST, 2016 WL 4728550 at *1

13  (N.D. Cal. Sep. 12, 2016) (granting motion to vacate entry of default, reasoning "

14  '[W]hile the same test applies for motions seeking relief from default judgment

15  under both Rule 55(c) and Rule 60(b), the test is more liberally applied in the Rule

16  55(c) context,' as where no judgment has been entered, 'there is no interest in the

17  finality of the judgment with which to contend'").

18       Furthermore, DTSC argues that Proposed Intervenors will be able to assert

19  all coverage defenses in a separate action brought by DTSC after the entry of

20  default judgment.  Issues of coverage have no relevance here.  The sole issue in

21  question is Proposed Intervenors' contractual right to defend against the underlying

22  DTSC claim.  Consequently, the argument that Proposed Intervenors must first

23  establish a protectable interest based on whether the claim is covered or, in the case

24  of Allianz Intervenors that underlying limits must be shown to be insufficient,

25  improperly forces questions of coverage into the required analysis.  Proposed

26  Intervenors have a contractual right, acknowledged by California law, to contest

27  underlying liability and damages against their insureds for which there *may* be

28  coverage.  As such, DTSC's argument in these respects are without merit.

LEGAL:10468-0108/13839752.1

Accordingly, both fairness and efficiency dictate that Proposed Intervenors *will* be irreparably harmed should the Court deny the Joint Motion, and therefore this second *Alliance* factor holds in favor of Proposed Intervenors.

### D.    <u>Third *Alliance* Factor: A Stay Would Not Substantially Injure DTSC, And The Balance Of Equities Tips In Proposed Intervenors' Favor</u>

DTSC argues that it would be substantially injured if the request for stay is granted because its application for entry of default judgment has been on file for over five months.  This shoddy argument is insufficient for three reasons: (1) DTSC obtained an entry of default against C&A Products, LLC in 2015 and then waited nearly *five years* to file its application for entry of default judgment, (2) DTSC failed to provide notice of this action to Proposed Intervenors until *after* it filed its application for entry of default judgment, and (3) DTSC has not shown how it would be substantially injured should the instant request for stay be granted by this Court.

Upon filing the Notice of Appeal, the Ninth Circuit has since informed the parties of the following briefing schedule:

| | |
|---|---|
| April 13, 2020 | Appellants' [Proposed Intervenors'] Deadline to Serve and File Opening Brief and Excerpts of Record |
| May 13, 2020 | Appellee's [DTSC's] Deadline to Serve and File Answering Brief and Excerpts of Record |
| June 3, 2020 | Appellant's [Proposed Intervenors'] Deadline to  Serve and File Reply Brief |

This briefing schedule illustrates that the issuance of a stay pending appeal would continue DTSC's application for entry of default judgment, currently set for hearing on March 4, 2020, for a fraction of the time it took DTSC to file its application.  Consequently, any "delay" that DTSC complains of with respect to Proposed Intervenors' request for stay pending appeal is a mere "drop in the bucket"

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310-481-7600 ♦ FAX 310-481-7650

1    compared to DTSC's five-year long delay in filing its application to obtain default

2    judgment against C&A Products, LLC.

3         In its Opposition, DTSC further conjures up the unfounded claim that this

4    delay will "make it impossible for DTSC to determine which of C&A Products'

5    insurance carrier(s) to pursue in order to collect unreimbursed response costs for

6    this contaminated Site, and it will delay the process of seeking reimbursement from

7    these carriers."  (Dkt. 248, Page 8, Lines 1-5.)  DTSC provides no factual support

8    for this claim.

9         Additionally, DTSC has provided no supporting facts to show that any

10   additional costs to C&A Products, LLC's receiver would "substantially injure"

11   DTSC.

12        Again, any theoretical harm DTSC may sustain because of a stay does not

13   outweigh the unjustifiable waste of time and money that would result from

14   proceeding with litigation in this Court before the Ninth Circuit decides that

15   Proposed Intervenors had the right to participate in them.  Proposed Intervenors do

16   not seek an indefinite stay of the DTSC Action, but instead only seek to stay the

17   DTSC Action pending the resolution of the appeal.  At most, the requested stay

18   would be a "mere delay" insufficient to overcome the appropriateness of an order

19   staying the case.  *See San Francisco Technology, Inc. v. The Glad Products Co.*,

20   No. 10-CV-00966, 2010 WL 2943537, at *3 (N.D. Cal., July 26, 2010) ("[B]ecause

21   a stay will promote judicial economy, prevent unnecessary expenditure of resources

22   and cause no prejudice to Plaintiffs, the Court will grant the instant motions to

23   stay...."); *see also Noriega v. Pastrana,* No. 07-CV-22816-PCH, 2008 WL 331394,

24   at *3 (S.D. Fla., Jan. 31, 2008) ("A short delay during the appeal will not, in any

25   meaningful way, harm or otherwise adversely affect France's prosecution of

26   Noriega or the diplomatic relationship between the United States and France.").

27        If a stay is granted, but Proposed Intervenors ultimately lose their appeal,

28   Plaintiffs will have suffered no irreparable harm from having to wait a short time to

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310-481-7600 ♦ FAX 310-481-7650

PROPOSED INTERVENORS' REPLY TO PLAINTIFFS' OPPOSITION TO JOINT MOTION FOR STAY
PENDING APPEAL

1 litigate its claims in court.  The balance of harms thus clearly weighs in favor of a

2 stay.  As such, any claim of substantial injury by way of the requested stay is

3 unfounded and without merit.

4       **E.**       **Fourth *Alliance* Factor: The Public Interest Favors A Stay Of This**

5                   **Action**

6       As explained in the preceding section, and for the same reasons set forth

7 therein, a relatively brief delay pending Proposed Intervenors' appeal will cause no

8 irreparable harm to DTSC or to the public interest.  DTSC will not be forced to

9 expend unnecessary costs as, whether or not the stay is granted, DTSC will still

10 need to incur costs related to the appeal.  In contrast, a stay of these proceedings

11 pending appeal will *save* DTSC money as, should the appeal prove successful,

12 DTSC will not have unnecessarily expended costs for the following: (1) hearing on

13 application for entry of default judgment, and (2) filing of separate coverage actions

14 against putative insurers.

15       The public interest in efficient and non-duplicative use of the court systems

16 would be served by staying the Order and all further proceedings pending final

17 determination of the issue of whether Proposed Intervenors are entitled to intervene

18 and defend the action on the merits.  Allowing this Court to hear and rule upon

19 substantive motions would be supremely wasteful and expensive in the event that

20 the Ninth Circuit reverses this Court's orders. Accordingly, this factor weighs in

21 favor of granting Proposed Intervenors' request for stay pending appeal.

22 / / /

23 / / /

24 / / /

25 / / /

26 / / /

27 / / /

28 / / /

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310-481-7600 ♦ FAX 310-481-7650

1

## III.  <u>CONCLUSION</u>

2      For the reasons set forth herein and in Proposed Intervenors' Joint Motion for

3   Stay Pending Appeal, Proposed Intervenors respectfully request that this Court stay

4   the Order and all future proceedings in the instant action pending appeal of the

5   Court's denial of Proposed Intervenors' respective motions to intervene and vacate

6   default.

7

8   DATED:  February 14, 2020        WOOD, SMITH, HENNING & BERMAN LLP

9

10

11                                   By:   */s/ Stratton P. Constantinides*
                                          THOMAS F. VANDENBURG
12                                        STRATTON P. CONSTANTINIDES
                                     Attorneys for Proposed Intervenors,
13                                   Century Indemnity Company as successor to
                                     CCI Insurance Company as successor to
14                                   Insurance Company of North America, Allianz
                                     Underwriters Insurance Company, Chicago
15                                   Insurance Company, and Fireman's Fund
                                     Insurance Company
16

17

18

19   DATED:  February 14, 2020        NICOLAIDES FINK THORPE
                                     MICHAELIDES SULLIVAN LLP
20

21

22                                   By:   */s/ Randall P. Berdan*
                                          SARA M. THORPE
23                                        RANDALL P. BERDAN
                                     Attorneys for Proposed Intervenor,
24                                   The Continental Insurance Company
25

26

27

28

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310-481-7600 ♦ FAX 310-481-7650

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310-481-7600 ♦ FAX 310-481-7650

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **PROOF OF SERVICE**

I am employed in the County of Los Angeles, State of California.  I am over the age of eighteen years and not a party to the within action.  My business address is 10960 Wilshire Boulevard, 18th Floor, Los Angeles, CA 90024-3804.

On February 14, 2020, I served the following document(s) described as **PROPOSED INTERVENORS' JOINT NOTICE OF MOTION AND MOTION FOR STAY PENDING APPEAL AND MEMORANDUM IN SUPPORT OF STAY OF PROCEEDINGS** on the interested parties in this action as follows:

### **SEE ATTACHED SERVICE LIST**

**BY CM/ECF NOTICE OF ELECTRONIC FILING:**  I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system.  Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.  Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on February 14, 2020, at Los Angeles, California.

  */s/ Maria T. Brown*
Maria T. Brown

PROPOSED INTERVENORS' REPLY TO PLAINTIFFS' OPPOSITION TO JOINT MOTION FOR STAY PENDING APPEAL

1

**SERVICE LIST**

2

*California Dept. of Toxic Substances Control, et al. v. Jim Dobbas, Inc., et al,*
*United States District Court, Eastern District of California*
**Case No. 2:14-cv-0595-WBS-EFB**

3

4

5

XAVIER BECERRA
Attorney General of California
6 EDWARD H. OCHOA
Supervising Deputy Attorney General
7 OLIVIA W. KARLIN, State Bar No. 150432
LAURA J. ZUCKERMAN (Counsel for service)
8 State Bar No. 161896
Deputy Attorneys General
9 1515 Clay Street, 20th Floor
Oakland, CA 94612
10 Telephone: (510) 879-1299
Fax: (510) 622-2270
11 E-mail: Laura.Zuckerman@doj.ca.gov **Attorneys for**
**Plaintiffs California Department of Toxic**
12 **Substances Control and the Toxic Substances**
**Control Account**

Alexander Eugene Potente
Clyde & Co US LLP
101 2nd Street, Suite 2400
San Francisco, CA 94105
Telephone: (415) 365-9800
Fax: (415) 365-9801
Email: alex.potente@clydeco.us
LEAD ATTORNEY
ATTORNEY TO BE NOTICED
**Attorneys for Proposed Intervenor,**
**THE TRAVELERS INDEMNITY**
**COMPANY**

13

14

U.S. MAIL

15

16 Brian M. Rostocki
Reed Smith LLP - Delaware
17 1201 Market Street - Suite 1500
Wilmington, DE 19801
18 **Registered Agent for C&A Products, LLC**

Sara M. Thorpe
Randall P. Berdan
Nicolaides Fink Thorpe Michaelides
Sullivan LLP
101 Montgomery Street, Suite 2300
San Francisco, CA 94104
Telephone: (415) 745-3772
Fax: (415) 745-3771
Email: ssthorpe@nicolaidesllp.com
LEAD ATTORNEY
ATTORNEY 70 BE NOTICED
**Attorneys for Proposed Intervenor,**
**THE CONTINENTAL INSURANCE**
**COMPANY**

19

20

21

22

23

24

25

26

27

28

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310-481-7600 ♦ FAX 310-481-7650

LEGAL:10468-0108/13839752.1

PROPOSED INTERVENORS' REPLY TO PLAINTIFFS' OPPOSITION TO JOINT MOTION FOR STAY
PENDING APPEAL