UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| CALIFORNIA DEPARTMENT OF TOXIC SUBSTANCES CONTROL and the TOXIC SUBSTANCES CONTROL ACCOUNT,<br><br>        Plaintiffs,<br><br>    v.<br><br>JIM DOBBAS, INC. a California corporation; CONTINENTAL RAIL, INC., a Delaware corporation; DAVID VAN OVER, individually; PACIFIC WOOD PRESERVING, a dissolved California corporation; WEST COAST WOOD PRESERVING, LLC., a Nevada limited liability company; and COLLINS & AIKMAN PRODUCTS, LLC, a Delaware limited liability company,<br><br>        Defendants. | No. 2:14-CV-00595 WBS EFB<br><br>ORDER RE: MOTION TO STAY |

----oo0oo----

Before the court is Century Indemnity Company ("Century"), Allianz Underwriters Insurance Company, Chicago Insurance Company, and Fireman's Fund Insurance Company

1

(collectively, "Allianz") and The Continental Insurance Company ("Continental") (collectively, "Proposed Intervenors") motion to temporarily stay proceedings in this court as they appeal the denial of their motions to intervene and vacate C&A Products' default. (Docket No. 244.)

A federal court can stay a proceeding pending the outcome of an interlocutory appeal. See Nken v. Holder, 556 U.S. 418, 421 (2009). The power to stay proceedings is "incidental to the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis v. N. Am. Co., 229 U.S. 248, 254 (1936). In the interests of judicial economy and based on the court's determination that minimal, if any, prejudice to plaintiff would result from a stay, the court will grant the motion to stay pending appeal.

Accordingly, all proceedings in this case are hereby STAYED pending Proposed Intervenors' appeal. The Status Conference set for March 2, 2020 (Docket No. 239) is VACATED.

IT IS SO ORDERED.

Dated: February 25, 2020

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE