UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| CALIFORNIA DEPARTMENT OF TOXIC SUBSTANCES CONTROL, et al.,<br><br>        Plaintiff,<br><br>   v.<br><br>JIM DOBBAS, INC., a California corporation, et al.,<br><br>        Defendant. | No. 2:14-cv-00595 WBS EFB<br><br>ORDER RE: MOTIONS TO SET ASIDE DEFAULT |

----oo0oo----

When the Ninth Circuit reversed this court's order denying the insurers' motions to intervene, the panel remanded the matter to this court with instructions to reconsider its denial of the motions to set aside the clerk's default of their insured, Collins & Aikman Products, LLC ("C&A Products"). See Cal. Dep't of Toxic Substances Control v. Jim Dobbas, Inc., 54 F.4th 1078 (9th Cir. 2022). The court does so now, and for the reasons discussed below concludes that the motions to set aside the default must now be granted.

1

In its Order of October 22, 2019 (Docket No. 221), this court denied Travelers' motion to vacate the default of C&A Products and explained in detail its reasons for the denial. The court first articulated the considerations which the Ninth Circuit has held must be taken into account in determining whether good cause exists under Rule 55(c) of the Federal Rules of Civil Procedure to set aside an entry of default. Those considerations are, as this court stated, (1) whether the party seeking to set aside default engaged in culpable conduct that led to the default; (2) whether the party had a meritorious defense; and (3) whether reopening the default would prejudice the other party. United States v. Signed Personal Check No. 730 of Yubran Mesle, 615 F.3d 1085, 1091 (9th Cir. 2010) (internal quotations omitted). "[A] finding that any one of these factors is true is sufficient reason for the district court to refuse to set aside the default." Id.

After specifically addressing each of those three considerations, this court concluded that even if Travelers were permitted to intervene, it had failed to establish good cause to set aside C&A's default. This court held:

> First, although there is no claim that Travelers itself engaged in any culpable conduct, the conduct of its insured corporation, through its duly authorized receiver, can be considered culpable. C&A Products was a Delaware limited liability company. Under Delaware law, a cancelled limited liability company can be sued if the Delaware Court of Chancery appoints a trustee or receiver for the company. 6 Del. C. § 18-805. The Court of Chancery's appointed receiver, Brian Rostocki, had "the power, but not the obligation, to defend, in the name of Collins & Aikman Products, LLC, any claims made against it in DTSC v. Dobbas." In re Collins & Aikman Prods., LLC, No. 10348-CB, 2014 WL 6907689, at *1-2 (Del. Ch. Dec. 8, 2014) (Docket No. 73-1). Mr. Rostocki accepted

2

      service of DTSC's First Amended Complaint and failed to respond, leading to the entry of default.  (Docket No. 129.)

      Second, Travelers has not offered or suggested any meritorious defense that C&A Products would have to the complaint if its default were set aside.  Travelers' disagreement with Mr. Rostocki's decision not to respond does not rise to the level of a "meritorious defense" necessary to show good cause.  Further, the court expresses no opinion as to the merits of Travelers' own declaratory relief action against DTSC, except to note that the relief sought in that action would not constitute a defense which C&A Products could assert to liability in this action.

      Third, Travelers has failed to show that reopening the default would not prejudice DTSC.  The harm here is "greater" than "simply delaying the resolution of the case."  TCI Grp. Life Ins. Plan v. Knoebber, 244 F.3d 691, 701 (9th Cir. 2001), overruled on other grounds by Egelhoff v. Egelhoff ex rel. Breiner, 532 U.S. 141 (2001).  DTSC sought entry of default against C&A Products in 2015.  Neither C&T Products nor Travelers did anything to attempt to set aside that default for over three years.  DTSC relied in good faith on that default and incurred the litigation expenses associated with preparing and filing a motion for entry of judgment on that default.

      For those reasons, the court denied Travelers' motion to vacate entry of default.

      Subsequently, the other insurers, Continental, Century, and Allianz, made similar motions to intervene and set aside the default, and in its order of December 4, 2019, this court denied those motions, noting that those insurers "offer many of the same arguments Travelers did in its motion, with some important differences."  (Docket No. 237 at 2-3.)  The court went on to discuss those differences, concluding that Continental's position was "substantially indistinguishable" from Traveler's and that Century "offers the same arguments Travelers did."  (Id. at 3.)  With regard to Allianz's motion, the court concluded that although it did not disclaim coverage it was an excess insurer,

and because the court could not conclude that primary coverage was exhausted, Allianz's motion to intervene would also be denied.  (Id. at 4-6.)

As none of the alleged distinctions between Travelers and the other insurers had any effect on the court's decision to deny the motion to set aside C&A Products' default, there was no need to readdress that motion.  That motion had already been denied, and that decision was the law of the case.

This court felt it had clearly explained the reasons for its denial of Travelers' motion to set aside the default, and there was no reason to restate those reasons when denying the exact same motions by the other insurers.  Nevertheless, the Ninth Circuit in its Opinion stated that this court denied the motions to set aside the default "for reasons that are unclear." Dobbas, 54 F.4th at 1081.  Although the panel expressed the view that it lacked jurisdiction over an appeal from an order denying a motion to set aside the entry of default alone, it seemingly went out of its way at the end of the Opinion to reiterate that the reasons for the denial of the insurers' motions to set aside the default were "unclear at best."  See id. at 1092 n.18.[1]

This court must assume that its orders of October 22, 2019, and December 4, 2019, were both before the Ninth Circuit on appeal.  This court cannot more clearly state its reasons for denial of the motions to set aside the default than it did in its October 22, 2019 order.  In light of the panel's assessment of this court's decision, the court must assume that if it were

---

[1] There is no indication that any party requested rehearing of that decision.  See Fed. R. App. P. 40.

1  again to deny the motions to set aside the default for the same
2  reasons, when the matter finally becomes ripe for appeal, the
3  Ninth Circuit would again find those reasons to be "unclear at
4  best" and thus insufficient.
5         There is another, more compelling, reason to grant the
6  motion this time around, however.  The Ninth Circuit held that
7  the insurers have a right to intervene in this action.  In
8  explaining its decision to allow the insurers to intervene, the
9  Ninth Circuit cited Clemmer v. Hartford Insurance Co., 587 P.2d
10 1098 (Cal. 1978), overruled on other grounds by Ryan v.
11 Rosenfeld, 395 P.3d 689 (Cal. 2017), for the proposition that an
12 insurer has an interest under the direct action statute in
13 preventing its noncooperating insured's default.  The Ninth
14 Circuit observed:

> The California Court of Appeal has since consistently
> followed Clemmer and repeatedly held that insurers
> have a protectable interest under § 11580 in
> preventing defaults by their insureds that are
> incapable of defending themselves or otherwise
> unwilling to do so.

19 Dobbas, 54 F.4th at 1090 (emphasis added).
20        In other words, the whole purpose of permitting the
21 insurers to intervene is to prevent the default of their insured.
22 That purpose would be defeated in this case if the court were to
23 permit the insured's default.  Obviously, intervention by the
24 insurers would be a meaningless sham if the default of their
25 insured has already been entered.  In short, permitting the
26 default of C&A Products would be inconsistent with the Ninth
27 Circuit's decision in this case allowing its insurers to
28 intervene.

          IT IS THEREFORE ORDERED that the insurers' motions to set aside the default of Collins & Aikman Products, LLC (Docket Nos. 196, 205, 217, 222) be, and the same hereby are, GRANTED.

Dated: February 16, 2023

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE