Thomas F. Vandenburg (State Bar No. 163446)
tvandenburg@wshblaw.com
Alice Charkhchyan (State Bar No. 332670)
acharkhchyan@wshblaw.com
505 North Brand Boulevard, Suite 1100
Glendale, California 91203
Phone: 818 551-6000 ♦ Fax: 818 551-6050

Attorneys for Intervenors THE CONTINENTAL
INSURANCE COMPANY; CENTURY
INDEMNITY COMPANY as successor to
CCI INSURANCE COMPANY as successor
to INSURANCE COMPANY OF NORTH
AMERICA; ALLIANZ UNDERWRITERS
INSURANCE COMPANY; CHICAGO
INSURANCE COMPANY; FIREMAN'S
FUND INSURANCE COMPANY, and
THE TRAVELERS INDEMNITY COMPANY
in each of their capacities as alleged insurers of
Wickes Companies, Inc., alleged predecessor of
Defendant COLLINS & AIKMAN PRODUCTS, LLC

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION**

| | |
|---|---|
| CALIFORNIA DEPARTMENT OF TOXIC SUBSTANCES CONTROL and the TOXIC SUBSTANCES CONTROL ACCOUNT,<br><br>          Plaintiffs,<br><br>     v.<br><br>JIM DOBBAS, INC., a California corporation; CONTINENTAL RAIL, INC., a Delaware corporation; DAVID VAN OVER, individually; PACIFIC WOOD PRESERVING, a dissolved California corporation; WEST COAST WOOD PRESERVING, LLC, a Nevada limited liability company; and COLLINS & AIKMAN PRODUCTS, LLC, a Delaware limited liability company,<br><br>          Defendants.<br><br>AND RELATED CROSS-ACTIONS | Case No. 2:14-cv-0595-WBS-JDP<br><br>**ANSWER-IN-INTERVENTION OF THE CONTINENTAL INSURANCE COMPANY; CENTURY INDEMNITY COMPANY; ALLIANZ UNDERWRITERS INSURANCE COMPANY; CHICAGO INSURANCE COMPANY; FIREMAN'S FUND INSURANCE COMPANY; AND THE TRAVELERS INDEMNITY COMPANY TO FIRST AMENDED COMPLAINT OF CALIFORNIA DEPARTMENT OF TOXIC SUBSTANCES CONTROL AND TOXIC SUBSTANCES CONTROL ACCOUNT; COUNTERCLAIMS**<br><br>**DEMAND FOR JURY TRIAL**<br><br>Assigned to Judge William B. Shubb<br><br>Trial Date:          None Set |

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310-481-7600 ♦ FAX 310-481-7650

Intervenors, THE TRAVELERS INDEMNITY COMPANY ("Travelers") THE CONTINENTAL INSURANCE COMPANY ("Continental"), CENTURY INSURANCE COMPANY, as successor to CCI INSURANCE COMPANY as successor to INSURANCE COMPANY OF NORTH AMERICA ("Century"), ALLIANZ UNDERWRITERS INSURANCE COMPANY, CHICAGO INSURANCE COMPANY, FIREMAN'S FUND INSURANCE COMPANY (collectively, "Allianz") (collectively, "Intervenors"), in each of their capacities as alleged insurers of Wickes Companies, Inc., alleged predecessor of Defendant, COLLINS & AIKMAN PRODUCTS, LLC ("Collins & Aikman"), hereby present this Answer-in-Intervention to respond to the First Amended Complaint ("FAC") of Plaintiffs, CALIFORNIA DEPARTMENT OF TOXIC SUBSTANCES CONTROL and THE TOXIC SUBSTANCES CONTROL ACCOUNT (collectively, "Plaintiffs").

1.   Collins & Aikman is a cancelled Delaware limited liability company.

2.   Intervenor Continental is a Pennsylvania corporation engaged in the insurance business with a statutory home office located in Chicago, Illinois. Continental is authorized to transact business, and has transacted business, in the state of California.

3.   Intervenor Century is a Pennsylvania corporation engaged in the insurance business, with a statutory home office located at 436 Walnut Street, Philadelphia, Pennsylvania, 19106.  Century is authorized to transact business, and has transacted business, in the state of California.

4.   Intervenor Allianz Underwriters Insurance Company is an Illinois corporation engaged in the insurance business, with a statutory home office located at Chicago, Illinois.  Allianz Underwriters Insurance is authorized to transact business, and has transacted business, in the state of California.

5.   Intervenor Chicago Insurance Company is an Illinois corporation engaged in the insurance business, with a statutory home office located at Chicago, Illinois. Chicago Insurance Company is authorized to transact business, and has transacted

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310-481-7600 ♦ FAX 310-481-7650

business, in the state of California.

6.     Intervenor Fireman's Fund Insurance Company is an Illinois corporation engaged in the insurance business, with a statutory home office located at Chicago, Illinois.   Fireman's Fund Insurance Company is authorized to transact business, and has transacted business, in the state of California.

7.     Intervenor Travelers is a Connecticut corporation engaged in the insurance business, with its principal place of business located in Hartford, Connecticut.  Travelers is authorized to transact business, and has transacted business, in the state of California.

8.     On March 3, 2014, Plaintiffs filed a Complaint seeking to recover response costs they incurred resulting from alleged releases of hazardous substances at a facility in Elmira, California.

9.     On December 11, 2014, Plaintiffs filed the First Amended Complaint naming amongst other parties, Collins & Aikman as a defendant to the action.  (ECF No. 77).

10.     Intervenors are each insurance companies or the successors to insurance companies, that issued insurance policies that are alleged to cover Collins & Aikman's alleged liability in this action.  On September 20, 2019, Intervenor, Continental, filed a Motion to Intervene to protect its interests and to vacate default.  (ECF No. 205).  On October 17, 2019, Intervenor, Century, similarly filed a Motion to Intervene to protect its interests and to vacate default.  (ECF No. 217).  On November 4, 2019, Intervenor, Allianz, also filed a Motion to Intervene to protect its interests and to vacate default (collectively, "Motions to Intervene").  (ECF No. 222).  The Court denied the Motions to Intervene in an order dated December 3, 2019.  (ECF No. 237).

11.     Following the Court's denial of the Motions to Intervene, Continental, Century, and Allianz filed a notice of appeal with the Ninth Circuit regarding the Court's Order denying the Motions to Intervene.  (ECF No. 241).  The Ninth Circuit heard oral argument on November 9, 2021.  On December 1, 2022, the Ninth Circuit

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310-481-7600 ♦ FAX 310-481-7650

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310-481-7600 ♦ FAX 310-481-7650

1   issued its ruling reversing this Court's order denying said Intervenors' Motions to

2   Intervene and remanded the case for further proceedings in this Court.

3       12.   On February 10, 2023, Plaintiffs and Intervenor Travelers filed a Joint

4   Stipulation with this Court requesting that the Court allow Intervenor Travelers to

5   intervene in this litigation in its own name.[1]  (ECF No. 265).  On February 15, 2023,

6   Plaintiffs and Intervenors Continental, Century, and Allianz filed a Joint Stipulation

7   with this Court requesting that the Court allow said Intervenors to intervene in this

8   litigation in their own names, respectively, and further requested that this Court allow

9   all Intervenors to file a joint responsive pleading to the FAC on or before March 15,

10  2023.  (ECF No. 268).

11      13.   On February 17, 2023, this Court issued an Order granting Intervenors'

12  request to intervene in this litigation in their own names, respectively.  (ECF No. 269).

13  In a separate Order, this Court granted the Intervenors' Motion to Set Aside Default of

14  Collins & Aikman.  (ECF No. 270).

15      14.   Intervenors intervene in this action in order to defend the claims asserted

16  against the interests of Collins & Aikman by Plaintiffs, and, if necessary, by others.

17      15.   Intervenors' defense is subject to Intervenors' complete reservation of

18  rights to contest the existence of coverage under any of the insurance policies issued to

19  Wickes Companies, Inc.  In defending and intervening in this action, Intervenors do

20  not waive or intend to be estopped from raising any coverage defenses, limits and

21  restrictions that may apply to claims for indemnity or defense under their respective

22  policies, or that may apply under the law, equity, public policy or otherwise. Intervenors

23  expressly reserve all rights, contractual and otherwise, to assert any and all terms,

24  conditions, exclusions and/or limitations of their policies and/or all defenses to

25  insurance coverage for the claims against Collins & Aikman by Plaintiffs and others in

26

27  ---

[1] Intervenor Travelers had previously filed a Motion to Intervene in order to protect its interests and to vacate default on September 18, 2019. (ECF No. 196). The Court denied Travelers' Motion to

28  Intervene in an order dated October 22, 2019. (ECF No. 221).

this action. Intervenors' defense and their intervention in this action is subject to their respective reservations of rights letters issued to Collins & Aikman and/or its representatives.

16.     By intervening, Intervenors do not seek to expand the issues raised in this action to include any issues of whether insurance coverage exists with respect to claims asserted against Collins & Aikman or the scope of said coverage. Intervenors submit that any such insurance coverage issues or disputes would properly be addressed in separate litigation filed or which may be filed in the future, and Intervenors reserve all of their respective rights and defenses in connection therewith. Therefore, the scope of this intervention is limited to contesting issues of legal liability and damages attributable to Collins & Aikman, if any.

17.     Intervenors answer Plaintiffs' FAC on their own behalf, as follows:

## I.

## ANSWER

## ANSWER TO JURISDICTION

18.     Paragraph 1 of the FAC sets forth legal conclusions to which no response is required.

## ANSWER TO VENUE

19.     Paragraph 2 of the FAC sets forth legal conclusions to which no response is required.

## ANSWER TO INTRA-DISTRICT ASSIGNMENT

20.     Paragraph 3 of the FAC sets forth legal conclusions to which no response is required.

## ANSWER TO STATEMENT OF THE ACTION

21.     Paragraph 4 of the FAC constitutes Plaintiffs' statement of the action, and is not directed at Intervenors nor Collins & Aikman, and thus, no response is required thereto.

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310-481-7600 ♦ FAX 310-481-7650

22. Paragraph 5 of the FAC constitutes Plaintiffs' statement of the action, and is not directed at Intervenors nor Collins & Aikman, and thus, no response is required thereto.

23. Paragraph 6 of the FAC constitutes Plaintiffs' statement of the action, and is not directed at Intervenors nor Collins & Aikman, and thus, no response is required thereto.

## ANSWER TO PLAINTIFFS

24. Intervenors lack sufficient information or knowledge to answer the allegations in Paragraph 7, and based upon such a lack of information or knowledge, deny, generally and specifically, each and every allegation thereof.

25. Intervenors lack sufficient information or knowledge to answer the allegations in Paragraph 8, and based upon such a lack of information or knowledge, deny, generally and specifically, each and every allegation thereof.

## ANSWER TO DEFENDANTS

26. Intervenors lack sufficient information or knowledge to answer the allegations in Paragraph 9, and based upon such a lack of information or knowledge, deny, generally and specifically, each and every allegation thereof.

27. Intervenors lack sufficient information or knowledge to answer the allegations in Paragraph 10, and based upon such a lack of information or knowledge, deny, generally and specifically, each and every allegation thereof.

28. Intervenors lack sufficient information or knowledge to answer the allegations in Paragraph 11, and based upon such a lack of information or knowledge, deny, generally and specifically, each and every allegation thereof.

29. Intervenors lack sufficient information or knowledge to answer the allegations in Paragraph 12, and based upon such a lack of information or knowledge, deny, generally and specifically, each and every allegation thereof.

30. Intervenors lack sufficient information or knowledge to answer the allegations in Paragraph 13, and based upon such a lack of information or knowledge,

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310-481-7600 ♦ FAX 310-481-7650

1  deny, generally and specifically, each and every allegation thereof.

2      31.   Intervenors lack sufficient information or knowledge to answer the

3  allegations in Paragraph 14, and based upon such a lack of information or knowledge,

4  deny, generally and specifically, each and every allegation thereof.

5      32.   Intervenors lack sufficient information or knowledge to answer the

6  allegations in Paragraph 15, and based upon such a lack of information or knowledge,

7  deny, generally and specifically, each and every allegation thereof.

8      33.   Intervenors lack sufficient information or knowledge to answer the

9  allegations in Paragraph 16, and based upon such a lack of information or knowledge,

10  deny, generally and specifically, each and every allegation thereof.

11  ## ANSWER TO GENERAL ALLEGATIONS

12      34.   Intervenors lack sufficient information or knowledge to answer the

13  allegations in Paragraph 17, and based upon such a lack of information or knowledge,

14  deny, generally and specifically, each and every allegation thereof.

15      35.   Intervenors lack sufficient information or knowledge to answer the

16  allegations in Paragraph 18, and based upon such a lack of information or knowledge,

17  deny, generally and specifically, each and every allegation thereof.

18      36.   Intervenors lack sufficient information or knowledge to answer the

19  allegations in Paragraph 19, and based upon such a lack of information or knowledge,

20  deny, generally and specifically, each and every allegation thereof.

21      37.   Intervenors lack sufficient information or knowledge to answer the

22  allegations in Paragraph 20, and based upon such a lack of information or knowledge,

23  deny, generally and specifically, each and every allegation thereof.

24      38.   Intervenors lack sufficient information or knowledge to answer the

25  allegations in Paragraph 21, and based upon such a lack of information or knowledge,

26  deny, generally and specifically, each and every allegation thereof.

27      39.   Intervenors lack sufficient information or knowledge to answer the

28  allegations in Paragraph 22, and based upon such a lack of information or knowledge,

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310-481-7600 ♦ FAX 310-481-7650

1   deny, generally and specifically, each and every allegation thereof.

2       40.     Intervenors lack sufficient information or knowledge to answer the

3   allegations in Paragraph 23, and based upon such a lack of information or knowledge,

4   deny, generally and specifically, each and every allegation thereof.

5       41.     Intervenors lack sufficient information or knowledge to answer the

6   allegations in Paragraph 24, and based upon such a lack of information or knowledge,

7   deny, generally and specifically, each and every allegation thereof.

8       42.     Intervenors lack sufficient information or knowledge to answer the

9   allegations in Paragraph 25, and based upon such a lack of information or knowledge,

10  deny, generally and specifically, each and every allegation thereof.

11      43.     Intervenors lack sufficient information or knowledge to answer the

12  allegations in Paragraph 26, and based upon such a lack of information or knowledge,

13  deny, generally and specifically, each and every allegation thereof.

14      44.     Intervenors lack sufficient information or knowledge to answer the

15  allegations in Paragraph 27, and based upon such a lack of information or knowledge,

16  deny, generally and specifically, each and every allegation thereof.

17      45.     Intervenors lack sufficient information or knowledge to answer the

18  allegations in Paragraph 28, and based upon such a lack of information or knowledge,

19  deny, generally and specifically, each and every allegation thereof.

20      46.     Intervenors lack sufficient information or knowledge to answer the

21  allegations in Paragraph 29, and based upon such a lack of information or knowledge,

22  deny, generally and specifically, each and every allegation thereof.

23      47.     Intervenors lack sufficient information or knowledge to answer the

24  allegations in Paragraph 30, and based upon such a lack of information or knowledge,

25  deny, generally and specifically, each and every allegation thereof.

26      48.     Intervenors lack sufficient information or knowledge to answer the

27  allegations in Paragraph 31, and based upon such a lack of information or knowledge,

28  deny, generally and specifically, each and every allegation thereof.

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310-481-7600 ♦ FAX 310-481-7650

49.     Intervenors lack sufficient information or knowledge to answer the allegations in Paragraph 32, and based upon such a lack of information or knowledge, deny, generally and specifically, each and every allegation thereof.

50.     Intervenors lack sufficient information or knowledge to answer the allegations in Paragraph 33, and based upon such a lack of information or knowledge, deny, generally and specifically, each and every allegation thereof.

51.     Intervenors lack sufficient information or knowledge to answer the allegations in Paragraph 34, and based upon such a lack of information or knowledge, deny, generally and specifically, each and every allegation thereof.

52.     Intervenors lack sufficient information or knowledge to answer the allegations in Paragraph 35, and based upon such a lack of information or knowledge, deny, generally and specifically, each and every allegation thereof.

53.     Intervenors lack sufficient information or knowledge to answer the allegations in Paragraph 36, and based upon such a lack of information or knowledge, deny, generally and specifically, each and every allegation thereof.

## **ANSWER TO FIRST CLAIM FOR RELIEF**

(Claim for Recovery of Response Costs Pursuant to Section 107(a) of CERCLA, 42 U.S.C. §9607(a)).

(Against All Defendants)

54.     Intervenors incorporate by reference their responses to allegations contained in paragraphs 1-36 of the FAC.

55.     Intervenors lack sufficient information or knowledge to answer the allegations in Paragraph 38, and based upon such a lack of information or knowledge, deny, generally and specifically, each and every allegation thereof, except those allegations that constitute legal conclusions, to which no response is required.

56.     Intervenors lack sufficient information or knowledge to answer the allegations in Paragraph 39, and based upon such a lack of information or knowledge, deny, generally and specifically, each and every allegation thereof, except those

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310-481-7600 ♦ FAX 310-481-7650

1  allegations that constitute legal conclusions, to which no response is required.

2       57.    Intervenors lack sufficient information or knowledge to answer the

3  allegations in Paragraph 40, and based upon such a lack of information or knowledge,

4  deny, generally and specifically, each and every allegation thereof, except those

5  allegations that constitute legal conclusions, to which no response is required.

6       58.    Intervenors lack sufficient information or knowledge to answer the

7  allegations in Paragraph 41, and based upon such a lack of information or knowledge,

8  deny, generally and specifically, each and every allegation thereof, except those

9  allegations that constitute legal conclusions, to which no response is required.

10       59.    Intervenors lack sufficient information or knowledge to answer the

11  allegations in Paragraph 42, and based upon such a lack of information or knowledge,

12  deny, generally and specifically, each and every allegation thereof, except those

13  allegations that constitute legal conclusions, to which no response is required.

14       60.    Intervenors lack sufficient information or knowledge to answer the

15  allegations in Paragraph 43, and based upon such a lack of information or knowledge,

16  deny, generally and specifically, each and every allegation thereof, except those

17  allegations that constitute legal conclusions, to which no response is required.

18  ## ANSWER TO SECOND CLAIM FOR RELIEF

19  (Declaratory Relief Pursuant to Section 113(g)(2) of CERCLA, 42 U.S.C.

20  §9613(g)(2))

21  (Against All Defendants)

22       61.    Intervenors incorporate by reference their responses to allegations

23  contained in paragraphs 1-43 of the FAC.

24       62.    Intervenors lack sufficient information or knowledge to answer the

25  allegations in Paragraph 45, and based upon such a lack of information or knowledge,

26  deny, generally and specifically, each and every allegation thereof, except those

27  allegations that constitute legal conclusions, to which no response is required.

28

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310-481-7600 ♦ FAX 310-481-7650

## ANSWER TO THIRD CLAIM FOR RELIEF

(Failure and Refusal to Comply with Imminent or Substantial Determination Order and Remedial Action Order – California Health and Safety Code sections 25355.5, 25358.3, 25359, 25359.2, 25367)

(Against Defendants Dobbas, CRI, and Van Over)

63.     Paragraphs 46-54 of the FAC are not directed at Intervenors nor Collins & Aikman, and thus, no response is required thereto.

64.     The prayer for relief in the FAC contains legal conclusions, to which no response is required.

## II.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

(Act of God)

Collins & Aikman is not liable to Plaintiffs to the extent the alleged release or threat of release of a hazardous substance and the alleged damages resulting therefrom were caused solely by an act of God, pursuant to CERCLA § 107(b)(1), 42 U.S.C. §9607(b)(1).

## SECOND AFFIRMATIVE DEFENSE

(Act of War)

Collins & Aikman is not liable to Plaintiffs to the extent that the alleged release or threat of release of a hazardous substances and the alleged damages resulting therefrom were caused solely by an act of war, pursuant to CERCLA §107(b)(2), 42 U.S.C., §9607(b)(2).

## THIRD AFFIRMATIVE DEFENSE

(Act of Third Party)

Collins & Aikman is not liable to Plaintiffs to the extent that the alleged release or threat of release of a hazardous substance and the alleged damages resulting therefrom were caused solely by an act or omission of a third party, pursuant to

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310-481-7600 ♦ FAX 310-481-7650

1  CERCLA §107(b)(3), 42 U.S.C. §9607(b)(3).

## FOURTH AFFIRMATIVE DEFENSE

### (Cause-in-Fact)

No act or omission of Collins & Aikman, or by any person or entity for which Collins & Aikman may be responsible, was the cause-in-fact of any damages alleged in the FAC.

## FIFTH AFFIRMATIVE DEFENSE

### (Proximate Cause)

No act or omission of Collins & Aikman, or by any person or entity for which Collins & Aikman, may be responsible was the proximate cause of any damages alleged in the FAC.

## SIXTH AFFIRMATIVE DEFENSE

### (Superseding Cause)

Any act or omission of Collins & Aikman was not a substantial factor in bringing about the alleged injuries and damages, and was not a contributing cause thereof, but was superseded by the acts and omissions of third parties, which were independent, intervening, and the proximate cause of any damages complained by Plaintiffs.

## SEVENTH AFFIRMATIVE DEFENSE

### (Contributory and Comparative Negligence)

Any and all injury or damage was caused, in whole or in part, by Plaintiffs' own negligence, carelessness, lack of due care and fault, or by the negligence, carelessness, lack of due care and fault of Plaintiffs' predecessors in interest, their agents, employees or tenants and/or third parties, excluding Collins & Aikman. Accordingly, the FAC, and each claim therein, is barred, in whole or in part, by Plaintiffs' contributory or comparative fault.

/ / /

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310-481-7600 ♦ FAX 310-481-7650

## EIGHTH AFFIRMATIVE DEFENSE

(Reservation of Rights)

The FAC does not describe its claims or events with sufficient particularity to allow Intervenors to ascertain what other affirmative defenses may exist, and Intervenors, therefore, reserve the right to assert all affirmative defenses which may pertain to the FAC once the precise nature of the claims is ascertained.

## PRAYER FOR RELIEF

WHEREFORE, Intervenors pray for judgment against Plaintiffs as follows:

1. That Plaintiffs' FAC be dismissed, and that Plaintiffs take nothing by their FAC;

2. For costs of suit; and

3. For such other and further relief as the Court may deem just and proper.

DATED:  March 15, 2023

WOOD. SMITH. HENNING & BERMAN LLP

By: ___*/s/Thomas F. Vandenburg*___
     THOMAS F. VANDENBURG
     ALICE CHARKHCHYAN
Attorneys for Intervenors, THE CONTINENTAL INSURANCE COMPANY; CENTURY INDEMNITY COMPANY as successor to CCI INSURANCE COMPANY as successor to INSURANCE COMPANY OF NORTH AMERICA; ALLIANZ UNDERWRITERS INSURANCE COMPANY; CHICAGO INSURANCE COMPANY; FIREMAN'S FUND INSURANCE COMPANY; and THE TRAVELERS INDEMNITY COMPANY in each of their capacities as alleged insurers of Wickes Companies, Inc., alleged predcessor to COLLINS & AIKMAN PRODUCTS. LLC

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310-481-7600 ♦ FAX 310-481-7650

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310-481-7600 ♦ FAX 310-481-7650

## III.

## COUNTERCLAIMS

Intervenors and counter-claimants, THE CONTINENTAL INSURANCE COMPANY and, CENTURY INDEMNITY COMPANY as successor to CCI INSURANCE COMPANY as successor to INSURANCE COMPANY OF NORTH AMERICA (collectively, "Counter-Claimant Intervenors"), hereby counterclaim against Plaintiff, CALIFORNIA DEPARTMENT OF TOXIC SUBSTANCES CONTROL ("Counter-Defendant").   Counter-Claimant Intervenors make the following allegations upon information and belief as to all matters, other than those allegations specifically referring to Counter-Claimant Intervenors, which they make based upon their own knowledge:

### JURISDICTION

1.    The Court has jurisdiction over these counterclaims pursuant to 28 United States Code ("U.S.C.") section 1331, and 42 U.S.C. section 9613(b).  The Court has supplemental jurisdiction pursuant to 28 U.S.C. section 1367 because the claims brought under California state law arise from the same nucleus of operative facts.

### VENUE

2.    Venue is proper in this district pursuant to 28 U.S.C. section 1391(b) and 42 U.S.C. section 9613(b) because the alleged acts and omissions relate to the alleged hazardous substances releases giving rise to Counter-Defendant's claims asserted in the First Amended Complaint for Recovery of Response Costs; Declaratory Relief; Injunctive Relief; Treble Damages; and Civil Penalties ("FAC") on file herein, and relate to the real property located at or near 147 A Street, Elmira, Solano County, California.

/ / /

/ / /

**PARTIES**

3.      Counter-Claimant Intervenors are informed and believe and thereupon allege that Collins & Aikman Products, LLC ("Collins & Aikman") is a cancelled Delaware limited liability company.

4.      Counter-Claimant Intervenor Continental is a Pennsylvania corporation engaged in the insurance business with a statutory home office located in Chicago, Illinois.  Continental is authorized to transact business, and has transacted business, in the state of California.

5.      Counter-Claimant Intervenor Century is a Pennsylvania corporation engaged in the insurance business, with a statutory home office located at 436 Walnut Street, Philadelphia, Pennsylvania, 19106.  Century is authorized to transact business, and has transacted business, in the state of California.

6.      Counter-Claimant Intervenors are informed and believe, and thereon allege, that Counter-Defendant, California Department of Toxic Substances Control ("DTSC"), is a public agency of the State of California, organized and existing under California *Health and Safety Code* section 58000 *et seq*. DTSC's predecessor agency was the California Department of Public Health.

**GENERAL ALLEGATIONS**

7.      Counter-Claimant Intervenors are informed and believe, and thereon allege that Counter-Defendant, and/or its predecessor agency, the California Department of Health Services, has been involved with the property located at or near 147 A Street, Elmira, Solano County, California ("Site") for more than thirty-five years.

8.      Counter-Claimant Intervenors are informed and believe, and thereon allege that DTSC approved a remedial action plan for the Site in or around the year 1983 ("1983 Remedial Action Plan").  A copy of the 1983 Remedial Action Plan is attached hereto as **Exhibit A** and incorporated by this reference as though fully stated herein.

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310-481-7600 ♦ FAX 310-481-7650

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310-481-7600 ♦ FAX 310-481-7650

9.      Counter-Claimant Intervenors are informed and believe, and thereon allege that subsequent to approval and implementation of the 1983 Remedial Action Plan, Counter-Defendant has undertaken additional response actions at, on, and/or near the Site and surrounding properties.

10.      Counter-Claimant Intervenors are informed and believe, and thereon allege that, on or about March 6, 1996, Counter-Defendant issued a Certification of Remedial Action for the Site ("1996 Certification of Remedial Action").  A copy of the 1996 Certification of Remedial Action is attached hereto as **Exhibit B** and incorporated by this reference as though fully stated herein.

11.      Counter-Claimant Intervenors are informed and believe, and thereon allege that subsequent to Counter-Defendant's 1996 Certification of Remedial Action for the Site, Counter-Defendant continued to be actively involved in the Site and surrounding property.

12.      Counter-Claimant Intervenors are informed and believe, and thereon allege that since 2005, DTSC has undertaken "efforts to repair and restart the groundwater extraction and treatment system, completion of a remedial investigation for site soils, preparation of the Removal Action Workplan in October and November 2011, groundwater monitoring, and other tasks."  First Amended Complaint ["FAC"] at 8:27-9:2, ¶33.

13.      Counter-Claimant Intervenors are informed and believe, and thereon allege that as part of its efforts, "[o]n January 19, 2007, DTSC contracted with Kleinfelder Inc. to resume operation of the [groundwater extraction and treatment system], groundwater monitoring and reporting and maintenance of the asphalt cap.  FAC at Ex. D, 7.  DTSC actively operated the groundwater extraction and treatment system despite its 2001 report stating the "ground water pump and treat system would likely be unsuccessful in meeting the remedial action objections," *Id*. at Ex. D, 8-9.  A Site inspection in 2010 also revealed that there were "numerous cracks in the asphalt cap" that DTSC contracted to maintain in 2007.  *Id*. at Ex. D, 4-5.

14.     Counter-Claimant Intervenors are informed and believe, and thereon allege that a factfinder could determine that DTSC had authority to control the cause of the contamination at the time the hazardous substances were released into the environment and/or that DTSC's actions and operations at, and with regard to, the Site contributed to or caused the leakage or disposal of hazardous waste, or decisions about compliance with environmental regulations.

15.     Counter-Claimant Intervenors are informed and believe, and thereon allege that Counter-Defendant's selection and implementation of response actions at, on, and/or near the Site and surrounding properties were, and continue to be, negligent, grossly negligent and/or constitute intentional misconduct.

16.     Counter-Claimant Intervenors are informed and believe, and thereon allege that Counter-Defendant through its response actions at the Site, is a liable party pursuant to 42 U.S.C. section 9607(a), and California *Health and Safety Code* section 25323.5.

## FIRST COUNTERCLAIM
### (Costs Recovery Under §107 of CERCLA)

17.     Counter-Claimant Intervenors reallege and incorporate by reference the allegations contained in paragraphs 1 through 16, inclusive.

18.     Counter-Defendant alleges in its FAC that the Site is a "facility" within the meaning of section 101(9) of CERCLA, 42 U.S.C. section 9601(9).  If such allegation is true, the Site is a "facility."

19.     Counter-Defendant is a "person" within the meaning of section 101(21) of CERCLA, 42 U.S.C. section 9601(21).

20.     Counter-Defendant is an "operator," or was an "operator," of the Site "at the time of disposal of a hazardous substance" there, as those terms are used in section 107(a) of CERCLA, 42 U.S.C. section 9607(a).

21.     Counter-Defendant negligently selected and implemented response actions at, on, and/or near the Site and surrounding properties.

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310-481-7600 ♦ FAX 310-481-7650

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310-481-7600 ♦ FAX 310-481-7650

22.     Counter-Defendant has engaged in gross negligence and/or intentional misconduct at and with respect to the Site, in violation of 42 U.S.C. section 9607(d).

23.     Neither Counter-Claimant Intervenors nor Collins & Aikman caused or contributed to any "hazardous substance," "release," or "threatened release" at or from the Site.

24.     Counter-Claimant Intervenors deny that they or Collins & Aikman are liable for any costs incurred as the result of the alleged release or threatened release of hazardous substances at or from the Site. This denial notwithstanding, Collins & Aikman has incurred costs in response to the release or threatened release of hazardous substances at or from the Site in a manner that satisfies the requirements of Section 107(a) of CERCLA, 42 U.S.C. section 9607(a).

25.     Counter-Defendant is jointly and severally liable, without regard to fault, under section 107(a) of CERCLA, 42, U.S.C. section 9607(a), for Collins & Aikman's costs incurred in response to the release or threatened release of hazardous substances at or from the Site.

## SECOND COUNTERCLAIM
### (Contribution under CERCLA § 113(f))

26.     Counter-Claimant Intervenors reallege and incorporate by reference the allegations contained in paragraphs 1 through 25, inclusive.

27.     Counter-Defendant alleges in its FAC that the Site is a "facility" within the meaning of section 101(9) of CERCLA, 42 U.S.C. section 9601(9).   If such allegation is true, the Site is a "facility."

28.     Counter-Defendant is a "person" within the meaning of section 101(21) of CERCLA, 42 U.S.C. section 9601(21).

29.     Counter-Defendant is an "operator," or was an "operator," of the Site "at the time of disposal of a hazardous substance" there, as those terms are used in section 107(a) of CERCLA, 42 U.S.C. section 9607(a).

30. Counter-Defendant negligently selected and implemented response actions at, on, and/or near the Site and surrounding properties.

31. Counter-Defendant has engaged in gross negligence and/or intentional misconduct at and with respect to the Site, in violation of 42 U.S.C. section 9607(d).

32. Neither Counter-Claimant Intervenors nor Collins & Aikman caused or contributed to any "hazardous substance" "release" or "threatened release" at or from the Site.

33. Counter-Claimant Intervenors deny that they or Collins & Aikman are liable for any costs incurred as the result of the alleged release or threatened release of hazardous substances at or from the Site. This denial notwithstanding, Collins & Aikman has incurred costs in response to the release or threatened release of hazardous substances at or from the Site.

34. Counter-Defendant is liable to Counter-Claimant Intervenors and/or Collins & Aikman for contribution under CERCLA section 113(f), 42 U.S.C. section 9613(f) for some of all amounts Collins & Aikman incurred and may, in the future, incur as a result of any release or threatened release of hazardous substances at and from the Site, in that Counter-Defendant is a liable party under CERCLA section 107(a), 42 U.S.C. section 9607(a).

## THIRD COUNTERCLAIM

### (Declaratory Relief under CERCLA § 113(g), 42 U.S.C. § 9613(g))

35. Counter-Claimant Intervenors reallege and incorporate by reference the allegations contained in paragraphs 1 through 34, inclusive.

36. An actual, substantial, and justiciable controversy exists between Intervenors, Collins & Aikman, and Counter-Defendant, and each of them, regarding their respective rights and obligations for response costs that Collins & Aikman may incur to respond to the release and/or threatened release of hazardous substances into the soil and/or groundwater at and from the Site.

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310-481-7600 ♦ FAX 310-481-7650

37.     Counter-Claimant Intervenors seeks declaratory judgment against Counter-Defendant under CERCLA section 133(g)(2), 42 U.S.C. section 9613(g)(2), that will be binding in any subsequent action to recover further response costs, holding Counter-Defendant liable for an equitable share (all or some portion) of any response costs Collins & Aikman may pay to respond to any release and/or threatened release of hazardous substances into the soil and/or ground water at and from the Site.

## FOURTH COUNTERCLAIM

### (Contribution and Indemnity Under California Health and Safety Code Section 25300 et seq.)

38.     Counter-Claimant Intervenors reallege and incorporate by reference the allegations contained in paragraphs 1 through 37, inclusive.

39.     Counter-Defendant caused or permitted a release or threatened release of substances governed by the Hazardous Substances Account Act ("HSAA") (California Health and Safety Code section 25300 et seq.) into, on, or about the Site and surrounding properties.

40.     Counter-Defendant is a "liable person" within the meaning of California *Health and Safety Code* section 25323.5.

41.     Counter-Defendant negligently selected and implemented response actions at, on, and/or near the Site and surrounding properties.

42.     Neither Counter-Claimant Intervenors nor Collins & Aikman have caused or contributed to any release or threatened release of substances governed by the HSAA into, on, about or from the Site or surrounding properties and, therefore, is not a "liable person" as defined by California *Health and Safety Code* section 25323.5.

43.     As a direct, legal, and proximate result of Counter-Defendant's acts and/or omissions, pursuant to California *Health and Safety Code* sections 25320 and 25323.5, Collins & Aikman has incurred and/or may, in the future, incur costs in response to the release or threatened release of hazardous substances at or from the Site.

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310-481-7600 ♦ FAX 310-481-7650

**PRAYER FOR RELIEF**

WHEREFORE, Counter-Claimant Intervenors pray that judgment be entered for Counter- Intervenors and Collins & Aikman, and against Counter-Defendant as follows:

1.     For judgment that Counter-Defendant is jointly and severally liable without regard to fault pursuant to CERCLA section 107(a), 42 U.S.C. section 9607(a), for all response costs incurred as a result of the release and threatened release of hazardous substances at and from the Site, in an amount according to proof;

2.     For contribution pursuant to CERCLA section 113(f), 42 U.S.C. section 9613(f), in the amount of any judgment entered or settlement approved in favor of Counter-Defendant, or any other party, against Counter-Claimant Intervenors and/or Collins & Aikman for costs incurred and/or to be incurred in response to the release and/or threatened release of hazardous substances at or from the Site;

3.     For contribution and indemnification pursuant to HSAA section 25300 *et seq,* for all costs incurred and/or to be incurred by Collins & Aikman in response to the release and/or threatened release of hazardous substances at or from the Site;

4.     For litigation expenses and costs of suit incurred herein, including reasonable expert fees;

5.     For an award of interest at the maximum legal rate on any and all damages from the earliest date permitted by law;

6.     For a declaration and judgment of this Court in favor of Counter-Claimant Intervenors and Collins & Aikman, and against the Counter-Defendant, and an order retaining jurisdiction to effectuate a declaration that Counter-Defendant is liable for all costs that Collins & Aikman may incur to respond to the release and/or threatened release of hazardous substances at and from the Site.

/ / /

/ / /

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310-481-7600 ♦ FAX 310-481-7650

**JURY TRIAL DEMAND**

Intervenors, THE CONTINENTAL INSURANCE COMPANY; CENTURY INDEMNITY COMPANY as successor to CCI INSURANCE COMPANY as successor to INSURANCE COMPANY OF NORTH AMERICA; ALLIANZ UNDERWRITERS INSURANCE COMPANY; CHICAGO INSURANCE COMPANY; FIREMAN'S FUND INSURANCE COMPANY, and THE TRAVELERS INDEMNITY COMPANY demand a trial by jury on all issues so triable.

DATED:  March 15, 2023          WOOD, SMITH, HENNING & BERMAN LLP

By:  _/s/Thomas F. Vandenburg_
          THOMAS F. VANDENBURG
          ALICE CHARKHCHYAN
Attorneys for Intervenors, THE CONTINENTAL INSURANCE COMPANY; CENTURY INDEMNITY COMPANY as successor to CCI INSURANCE COMPANY as successor to INSURANCE COMPANY OF NORTH AMERICA; ALLIANZ UNDERWRITERS INSURANCE COMPANY; CHICAGO INSURANCE COMPANY; FIREMAN'S FUND INSURANCE COMPANY; and THE TRAVELERS INDEMNITY COMPANY in each of their capacities as alleged insurers of Wickes Companies, Inc., alleged predecessor of Defendant, COLLINS & AIKMAN PRODUCTS. LLC

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310-481-7600 ♦ FAX 310-481-7650