1  ROB BONTA
   Attorney General of California
2  LAURA J. ZUCKERMAN, State Bar No. 161896
   Supervising Deputy Attorney General
3  THOMAS SCHUMANN, State Bar No. 324559
   Deputy Attorney General
4    1300 I Street, Suite 125
     P.O. Box 944255
5    Sacramento, CA 94244-2550
     Telephone:  (916) 210-7790
6    Fax:
     E-mail:  Thomas.Schumann@doj.ca.gov
7  *Attorneys for Plaintiffs California Department of*
   *Toxic Substances Control and the Toxic Substances*
8  *Control Account*

9               IN THE UNITED STATES DISTRICT COURT

10             FOR THE EASTERN DISTRICT OF CALIFORNIA

11

12

13
   **CALIFORNIA DEPARTMENT OF TOXIC**          2:14-cv-00595-WBS-EFB
14 **SUBSTANCES CONTROL and the TOXIC**
   **SUBSTANCES CONTROL ACCOUNT,**
15                                             **MEMORANDUM OF POINTS AND**
                                               **AUTHORITIES IN SUPPORT OF**
16                            Plaintiffs,      **DTSC'S MOTION TO STRIKE THE**
                                               **AFFIRMATIVE DEFENSE OF**
17       v.                                    **COMPARATIVE AND**
                                               **CONTRIBUTORY NEGLIGENCE**
18 **JIM DOBBAS, INC., a California**          **FROM INTERVENORS' ANSWER IN**
   **corporation; CONTINENTAL RAIL, INC.,**   **INTERVENTION**
19 **a Delaware corporation; DAVID VAN**
   **OVER, individually; PACIFIC WOOD**       [Pursuant to Fed. R. Civ. P. 12(f)]
20 **PRESERVING, a dissolved California**
   **corporation; WEST COAST WOOD**
21 **PRESERVING, LLC., a Nevada limited**     Date: May 15, 2023
   **liability company; and COLLINS &**       Time: 1:30 pm
22 **AIKMAN PRODUCTS, LLC, a Delaware**       Courtroom: 5
   **limited liability company,**             Judge: Honorable William B. Shubb
23                                             Action Filed:  March 3, 2014
                              Defendants.
24

25                          **INTRODUCTION**

26         Plaintiffs California Department of Toxic Substances Control and the California Toxic

27 Substances Control Account (collectively, "DTSC") seek recovery of over $3.2 million in

28 response costs incurred in connection with releases and threatened releases of hazardous

                                       1

1  substances at, beneath, and/or from a property located at 147 A Street in Elmira, California

2  ("Site").  DTSC asserts claims against defendant Collins and Aikman Products, LLC ("C&A

3  Products"), a cancelled Delaware corporation that was revived and is currently represented by a

4  receiver, for cost recovery and declaratory relief under section 107(a) and 133(g)(2) of the

5  Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"). 42

6  U.S.C. §§ 9607(a), 9613(g)(2). Several historical insurers of C&A Products were permitted to

7  intervene in this litigation ("Intervenors"). Intervenors recently served an Answer in Intervention

8  ("Answer") to DTSC's First Amended Complaint ("FAC"), raising, inter alia, the affirmative

9  defense that negligence by DTSC contributed to release of hazardous substances at the Site. As

10 the Court properly ruled earlier in this case, comparative and contributory negligence is not an

11 available defense against DTSC's CERCLA claims. *See Cal. Dep't of Toxic Substances Control*

12 *v. Jim Dobbas, Inc.*, No. 2:14-595, 2014 WL 4627248, at *10 (E.D. Cal. Sept. 16, 2014).  DTSC

13 requests that the Court reaffirm this ruling and strike the Intervenors' comparative and

14 contributory negligence defense.

15                        **FACTUAL AND PROCEDURAL HISTORY**

16     The FAC asserts claims against multiple defendants under sections 107(a) and 133(g)(2) of

17 CERCLA, 42 U.S.C. § 9601 *et seq.*, and California's Hazardous Substances Account Act, Health

18 and Safety Code § 225300 *et seq*. DTSC seeks recovery of over $3.2 million in response costs it

19 incurred in connection with releases and threatened releases of hazardous substances at, beneath,

20 and/or from the Site, which housed wood treatment and preserving operations that released

21 arsenic, chromium, and copper, all hazardous substances, into soil, surface water, and

22 groundwater at and around the Site.  Contamination is still present in soil and groundwater at the

23 Site and will require further response actions and associated costs.

24     DTSC filed its original complaint on March 3, 2014. Defendants West Coast Wood

25 Preserving, LLC, Jim Dobbas, Inc., and David Van Over settled their liability as alleged in the

26 complaint. These settlements are embodied in consent decrees approved by the Court on

27 September 16, 2015, November 18, 2015, and March 27, 2018. Docket Nos. 141, 150, 182. The

28 Clerk of the Court entered the defaults of Defendants Continental Rail, Inc. and Pacific Wood

                                        2

1  Preserving on June 22, 2014. Docket Nos. 18, 19. DTSC successfully petitioned the Delaware

2  Court of Chancery to appoint a receiver to revive C&A Products, a cancelled Delaware

3  corporation, and served the receiver, on behalf of C&A Products, with the complaint. No answer

4  was filed. The Clerk of the Court entered C&A Products' default on March 25, 2015.  Docket No.

5  129.

6       On August 12, 2019, DTSC filed an Application for Default Judgment by Court against

7  C&A Products, still in receivership. Docket No. 184. Subsequently, a motion to intervene and set

8  aside the default judgment against C&A Products was filed by C&A Products' insurer The

9  Travelers Indemnity Company ("Travelers"). Docket No. 196. The Court denied Travelers'

10  motion. Docket No. 221. A separate motion to intervene and set aside the default judgment

11  against C&A Products was filed by C&A Products' insurers Continental Insurance Company;

12  Century Indemnity Company, as successor to CCI Insurance Company, as successor to Insurance

13  Company of North America; and Allianz Underwriting Insurance Company on behalf of itself

14  and Chicago Insurance Company and Fireman's Fund Insurance Company. Docket No. 205. The

15  Court also denied this motion. Docket No. 237.

16       These insurers, except for Travelers, filed a joint notice of appeal, followed by a motion for

17  a stay pending appeal. The Court granted the motion for a stay, and in light of the stay, DTSC's

18  Motion for Default Judgment was administratively terminated. Docket Nos. 255, 256. On

19  December 1, 2022, the Ninth Circuit issued an opinion reversing this Court's denial of the

20  insurers' motions to intervene as of right, and dismissing the appeal of their motions to set aside

21  the clerk's entry of default ("Opinion"). Mandate issued on December 23, 2022. Docket No. 261.

22  On February 15, 2023, a joint stipulation was filed with the Court proposing that Intervenors be

23  allowed to intervene in the case. Docket No. 268. On February 16, 2023, the Court set aside the

24  default judgment against C&A Products and granted Intervenors' motion to intervene. Docket

25  Nos. 269, 270. On March 15, 2023, Intervenors served their Answer. Docket No. 271.

26  Intervenors' Answer raised several affirmative defenses, including that negligence by DTSC

27  contributed to release of hazardous substances at the Site.

28

1

**ARGUMENT**

2

**I.    THE COURT SHOULD GRANT DTSC'S MOTION TO STRIKE.**

3

   **A.    Legal Standard for Motion to Strike**

4

   Upon a party's or the Court's own motion, the Court may order stricken from any pleading

5

"an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Fed.

6

R. Civ. P. 12(f). While courts "disfavor[]" such motions, "they are often granted where the

7

insufficiency of the defense is clearly apparent.'" *United States v. Rohm and Haas Co.*, 939 F.

8

Supp. 1142, 1151 (D.N.J. 1996) (citations omitted). "The function of a 12(f) motion to strike is to

9

avoid the expenditure of time and money that must arise from litigating spurious issues by

10

dispensing with those issues prior to trial." *Whittlestone, Inc. v. Handi-Craft Co*., 618 F.3d 970,

11

973 (9th Cir. 2010) (citation and internal quotations omitted).

12

   In particular, many courts have granted motions to strike insufficient CERCLA defenses,

13

as the defenses allowed under CERCLA are limited, and such orders enable courts to narrow the

14

issues in the earliest, most efficient manner.  *Id.* at 1151-54; *see also, e.g., California Dept. of*

15

*Toxic Substances Control v. Alco Pacific, Inc.*, 217 F. Supp. 2d 1028, 1033 (C.D. Cal. 2002).

16

   **B.    Limited Affirmative Defenses Are Available Under CERCLA.**

17

   The FAC asserts causes of action against C&A Products for cost recovery and declaratory

18

relief under sections 107(a) and 113(g)(2) of CERCLA, respectively. 42 U.S.C. §§ 9607(a),

19

9613(g)(2). Section 107(a) enumerates the entities that may be held liable for reimbursing

20

cleanup costs under the statute and provides that liability is "subject only to the defenses set forth

21

in subsection (b) of this section." § 9607(a). Section 107(b) lists three defenses: act of God, act

22

of war, and acts or omissions of certain third parties. 42 U.S.C. § 9607(b). Consistent with the plain

23

language of section 107, the Ninth Circuit has recognized that the three defenses listed in

24

subsection (b) are the only affirmative defenses available in a CERCLA cost-recovery action.

25

*California ex rel. Cal. Dep't of Toxic Substances Control v. Neville Chem. Co.*, 358 F.3d 661, 672

26

(9th Cir. 2004); *see also Levin Metals Corp. v. Parr-Richmond Terminal Co.*, 799 F.2d 1312,

27

1316-17 (9th Cir. 1986). Further, because section 113(g)(2) declaratory-relief actions are

28

derivative of cost-recovery actions, this Court has recognized that section 107 also provides the

4

exclusive defenses available in a declaratory relief action. *Cal. Dep't of Toxic Substances Control v. Jim Dobbas, Inc.*, No. 2:14-595, 2014 WL 4627248, at *8 (E.D. Cal. Sept. 16, 2014).

### C.   Comparative and Contributory Negligence Are Not Among the Defenses Available Under CERCLA Cost Recovery or Declaratory Relief Actions.

In their answer, Intervenors assert as an affirmative defense that DTSC is partially or wholly liable for recovery costs due to comparative and contributory negligence:

> Any and all injury or damage was caused, in whole or in part, by Plaintiffs' own negligence, carelessness, lack of due care and fault, or by the negligence, carelessness, lack of due care and fault of Plaintiffs' predecessors in interest, their agents, employees or tenants and/or third parties, excluding Collins & Aikman.

Answer 12:19-26, Docket No. 271.

Comparative and contributory negligence, however, are not among the exclusive affirmative defenses available in the CERCLA cost recovery and declaratory relief actions DTSC has filed against C&A Products, the Intervenors' insured. Indeed, the Court previously ruled in this case that comparative and contributory negligence are not valid CERCLA defenses, and ordered them stricken from defendant Jim Dobbas Inc.'s answer. The Court wrote, "[C]ourts have consistently "rejected negligence on the part of the government as a defense to liability in CERCLA actions." *Id.* at *10. The cases cited by the Court remain good law. *See id.* (citing *Cal. Dep't of Toxic Substances Control v. Alco Pac., Inc.*, 217 F. Supp. 2d 1028, 1039 (C.D. Cal. 2002) ("Courts have also rejected negligence on the part of the government as a defense to liability."); *United States v. Shell Oil Co.*, No. CV 91–589, 1992 WL 144296, at *9 (C.D. Cal. Aug. 9, 1992) ("[C]omparative fault and contributory negligence are not defenses to CERCLA actions.")). The Court should reaffirm its earlier ruling in this case by striking Intervenors' affirmative defense of comparative and contributory negligence.

### CONCLUSION

For the reasons set forth above, DTSC requests that the Court issue an order striking

Intervenors' affirmative defense of comparative and contributory negligence from the Answer.

Dated:  April 5, 2023

Respectfully submitted,

ROB BONTA
Attorney General of California
LAURA J. ZUCKERMAN
Supervising Deputy Attorney General


*/s/ Thomas Schumann*

THOMAS SCHUMANN
Deputy Attorney General
*Attorneys for Plaintiffs California
Department of Toxic Substances Control and
the Toxic Substances Control Account*

LA2012602448

6