UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| CALIFORNIA DEPARTMENT OF TOXIC SUBSTANCES CONTROL, and the TOXIC SUBSTANCES CONTROL ACCOUNT,<br><br>Plaintiffs,<br><br>v.<br><br>JIM DOBBAS, INC., a California corporation; CONTINENTAL RAIL, INC., a Delaware corporation; DAVID VAN OVER, individually, PACIFIC WOOD PRESERVING, a dissolved California corporation; WEST COAST WOOD PRESERVING, LLC; a Nevada limited liability company; and COLLINS & AIKMAN PRODUCTS, LLC, a Delaware limited liability company,<br><br>Defendants. | No. 2:14-cv-0595 WBS JDP<br><br>ORDER RE: INTERVENORS' MOTION FOR SUMMARY JUDGMENT |

----oo0oo----

This matter is before the court on the motion of Continental Insurance Company, Century Indemnity Company, Allianz Underwriters Insurance Company, Chicago Insurance Company,

1

1  Fireman's Fund Insurance Company, and the Travelers Indemnity
2  Company (collectively, "intervenors") for summary judgment.  As
3  the parties are familiar with the facts, the court need not
4  recite them here.  The crux of intervenors' motion is that
5  plaintiffs cannot prevail on their CERCLA and state law claims
6  because they did not designate an expert to provide testimony to
7  support those claims.  (See, e.g., Intervenors' Mot. for Summ. J.
8  at 7-8 (Docket No. 293); Intervenors' Reply in Supp. of Mot. for
9  Summ. J. at 2 (Docket No. 295).)
10           The elements of a government entity's claim under
11 § 9607(a) are (1) that the site of the contamination is a
12 "facility" under 42 U.S.C. § 9601(9), (2) where a "release" or
13 "threatened release" of a "hazardous substance" occurred, (3)
14 which caused plaintiffs to respond and incur costs which were
15 "necessary" and "consistent with the national contingency plan,"
16 and (4) defendants fall into one of four categories of persons
17 subject to liability under the statute.  United States v.
18 Chapman, 146 F.3d 1166, 1169 (9th Cir. 1998).
19           Neither CERCLA nor its case law requires that a
20 plaintiff produce expert testimony to prove any of the elements
21 of a claim under § 9607(a).  None of the cases intervenors cite
22 stand for such a proposition.  See United States v. Iron Mountain
23 Mines, Inc., 987 F. Supp. 1263, 1270 (E.D. Cal. 1997) (Levi, J.).
24 The opinion for the principal case which intervenors offer in
25 support of that premise does not even contain the word "expert."
26 Id.  The court cannot find on motion for summary judgment that
27 either side is required as a matter of law to produce expert
28 testimony to prove or disprove any of the elements of plaintiffs'

case.

IT IS THEREFORE ORDERED that intervenors' motion for summary judgment be, and the same hereby is, DENIED.

Dated: October 31, 2024

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE