UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| CALIFORNIA DEPARTMENT OF TOXIC SUBSTANCES CONTROL and the TOXIC SUBSTANCES CONTROL ACCOUNT,<br><br>        Plaintiffs,<br><br>  v.<br><br>JIM DOBBAS, INC., a California corporation; CONTINENTAL RAIL, INC., a Delaware corporation; DAVID VAN OVER, individually, PACIFIC WOOD PRESERVING, a dissolved California corporation; WEST COAST WOOD PRESERVING, LLC; a Nevada limited liability company; and COLLINS & AIKMAN PRODUCTS, LLC, a Delaware limited liability company,<br><br>        Defendants,<br><br>and<br><br>THE CONTINENTAL INSURANCE COMPANY, et al.,<br><br>        Defendant-Intervenors. | No. 2:14-cv-00595-WBS-JDP<br><br>FINAL PRETRIAL ORDER |

1

----oo0oo----

A Final Pretrial Conference was held in this matter, pursuant to the provisions of Rule 16(d) of the Federal Rules of Civil Procedure and Local Rule 282, on December 1, 2025. Jim Potter appeared as counsel for plaintiff, and Thomas Vandenbeurg appeared as counsel for defendant. Following the conference, the court enters this Final Pretrial Order:

I. Jurisdiction - Venue

Jurisdiction is predicated upon 28 U.S.C. §§ 1331 and 1367 and Section 113(b) of CERCLA, 42 U.S.C. § 9613(b). Venue is undisputed and is hereby found to be proper.

II. Jury - Non-Jury

Neither side demands trial by jury. Accordingly, this case will be tried before the court, sitting without a jury.

III. Proposed Findings of Fact and Conclusions of Law and Form of Judgment

No later than fourteen court days before the trial date, plaintiff shall lodge and serve the Findings of Fact and Conclusions of Law and form of judgment which plaintiff propose to be entered at the conclusion of the trial pursuant to Fed. R. Civ. P. 52. No later than seven court days before trial, defendant shall lodge and serve the Findings of Fact and Conclusions of Law and form of judgment which defendant propose be entered.

IV. Trial Briefs

No later than fourteen calendar days before the trial date, counsel for each party shall file trial briefs pursuant to

1  Local Rule 285.  Because this action is to be tried to the court
2  sitting without a jury, motions in limine are not appropriate.
3  However, counsel may alert the court to any legal issues they
4  anticipate will need to be addressed in their respective trial
5  briefs.
6         As discussed at the pretrial conference, one such issue
7  for briefing is likely to be the evidentiary relevance of
8  remedial actions overseen by plaintiff DTSC prior to the
9  bankruptcy of defendant Collins & Aikman Products, LLC ("Collins
10 & Aikman").  The parties are advised to prepare their briefs
11 accordingly, so that the court may familiarize itself with those
12 actions.
13        No later than five court days before trial, the parties
14 may file responses to the other side's trial briefs.
15 V.    Remaining Claims
16        Plaintiffs' sole claim for trial is for Recovery of
17 Costs pursuant to the Comprehensive Environmental Response,
18 Compensation and Liability Act ("CERCLA"), 42 U.S.C. §§ 9601-
19 9675.  Plaintiff requests costs for past expenses in the amount
20 of $4,233,957.96.  Past costs that may be recovered in this trial
21 are limited to those incurred up to June 30, 2023.  The court
22 makes no finding regarding costs incurred thereafter.
23 VI.   Witnesses
24        (A)   Plaintiffs anticipate calling the witnesses
25 identified at Exhibit "A" attached hereto.
26        (B)   Defendant anticipate calling the witnesses
27 identified at Exhibit "B" attached hereto.
28        (C)   Except for retained experts, each party may call

3

any witness designated by any other party.

    (D) No other witnesses will be permitted to testify at trial unless:

        (1) all parties stipulate that the witness may testify;

        (2) the party offering the witness demonstrates that the witness is for the purpose of rebutting evidence which could not have been reasonably anticipated at the time of the Pretrial Conference; or

        (3) the witness was discovered after the Pretrial Conference.

    (E) Testimony of a witness not designated in this Order, which is offered under paragraph VI(D)(3), above, upon the grounds that the witness was discovered after the Pretrial Conference, will not be permitted unless:

        (1) the testimony of the witness could not reasonably have been discovered prior to the Pretrial Conference;

        (2) the court and opposing counsel were promptly notified upon discovery of the testimony; and

        (3) counsel proffered the witness for deposition if time permitted or provided all opposing counsel a reasonable summary of the testimony if time did not permit a deposition.

VII. <u>Exhibits</u>

    (A) Plaintiffs intend to offer the exhibits identified at Exhibit "C" attached hereto.

    (B) Defendants intend to offer the exhibits identified at Exhibit "D" attached hereto.

    (C) Each party may offer any exhibit designated by any

4

1  other party.
2          (D)  No other exhibits will be received in evidence
3  unless:
4              (1)  all parties stipulate that the exhibit may be
5  received in evidence;
6              (2)  the party offering the exhibit demonstrates
7  that the exhibit is for the purpose of rebutting evidence which
8  could not have been reasonably anticipated at the time of the
9  Pretrial Conference; or
10             (3)  the exhibit was discovered after the Pretrial
11 Conference.
12         (E)  An exhibit not designated in this Order, which is
13 offered under paragraph VII(D)(3), above, upon the grounds that
14 the exhibit was discovered after the Pretrial Conference, will
15 not be received in evidence unless:
16             (1)  the exhibit could not reasonably have been
17 discovered prior to the Pretrial Conference;
18             (2)  the court and opposing counsel were promptly
19 notified upon discovery of the exhibit; and
20             (3)  counsel provided copies of the exhibit to all
21 opposing counsel if physically possible or made the exhibit
22 reasonably available for inspection by all opposing counsel if
23 copying was not physically possible.
24         (F)  Each party shall exchange copies of all exhibits
25 identified in this Order, or make them reasonably available for
26 inspection by all other parties, no later than seven calendar
27 days before the trial date.  Any and all objections to such
28 exhibits shall be filed and served not later than four calendar

5

```
 1 | days before the trial date.
 2 |           (G)  The attorney for each party is directed to appear
 3 | before trial and present an original (and if physically possible
 4 | one copy) of each exhibit to Deputy Clerk Karen Kirksey Smith at
 5 | 8:30 a.m. on the date of trial.
 6 |           (H)  Each exhibit which has been designated in this
 7 | Order and presented on the morning of the date of trial shall be
 8 | pre-marked by counsel.  Plaintiff exhibits shall bear numbers;
 9 | defenant exhibits shall bear letters.  If no objection has been
10 | made to such exhibit pursuant to paragraph VIII(F), above, such
11 | exhibit will require no further foundation and will be received
12 | in evidence upon the motion of any party at trial.
13 |           (I)  Pursuant to the discussion at the pretrial
14 | conference, the parties shall confer and exchange pertinent
15 | information to determine whether plaintiff's Annual Cost
16 | Summaries will be admissible as Summaries to Prove Content under
17 | Fed. R. Ev. 1006.  The parties have indicated their intention to
18 | establish admissibility through stipulation ahead of trial.
19 | VIII.  Further Discovery
20 |           No further discovery will be permitted except by the
21 | express stipulation of all parties or upon order of the court and
22 | upon a showing of manifest injustice.  Id.
23 | IX.  Use of Depositions or Interrogatories
24 |           No later than twenty calendar days before the trial
25 | date, counsel for each party shall file and serve a statement
26 | designating all answers to interrogatories and all portions of
27 | depositions intended to be offered or read into evidence, with
28 | the exception of portions to be used only for impeachment or
```

rebuttal.  No later than ten calendar days before the trial date, counsel for any other party may file and serve a counter-designation of other portions of the same depositions intended to be offered or read into evidence and may file evidentiary objections to any other parties' designation.  No later than seven calendar days before the trial date, the parties may file evidentiary objections to any other party's counter-designation.

X.   Date and Length of Trial

    The trial is set for **January 27, 2026,** in Courtroom 5. The court estimates that the trial will last approximately three days.

XII. Settlement

    Based upon the representations of counsel, the court declines to refer this matter for a settlement conference before a magistrate judge at this time but may do so later upon request of the parties.  The parties have represented to the court that mediation proceedings are ongoing.  The parties are instructed to promptly inform the court in the event a settlement is reached through mediation.

XIII.  Evidence Presentation Equipment

    The parties have stated their intention to provide an electronic presentation at trial.  Further instruction along with questions concerning the use of audio-visual equipment will be communicated to the parties ahead of the trial date.

XIV.  Objections to Pretrial Order

    Any objections or suggested modifications to this Pretrial Order shall be filed and served within five court days from the file-stamped date of this Order.  All references herein

1 | to the date of this Order shall refer to the date the tentative
2 | order is filed and not to the date any amended order is filed.
3 | If no objections or modifications are made, this Order will
4 | become final without further order of the Court and shall control
5 | the subsequent course of the action, pursuant to Rule 16(e) of
6 | the Federal Rules of Civil Procedure.
7 |         IT IS SO ORDERED.
8 | Dated:  December 2, 2025

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

<u>Exhibit A: Plaintiff Witnesses</u>

a. <u>Live Testimony</u>

    i.   Percipient Witness: Jason Xiao

    ii.  Percipient Witness: Lan Nguyen

    iii. Retained Expert: Natasha DiPietro

    iv.  Retained Expert: McKinley Lewis

<u>Exhibit B: Defendant Witnesses</u>

a. Percipient Witness: Jason Xiao

b. Percipient Witness: Lan Nguyen

c. Retained Expert: McKinley Lewis

d. Retained Expert: Alborz Wozniak, P.E., BCEE

Exhibit C: Plaintiff Exhibits

    a. Court Order granting Plaintiffs' Motion for Partial Summary Judgment

    b. DTSC Cost Documents –- Annual Summaries, 2004-2023

    c. AGO Cost Documents -- Overall Summary, 2004-2023

    d. Expert Report of Natalie DiPietro

    e. Water Board, 1982, Cleanup and Abatement Order, ADMIN00010

    f. Wickes Companies, 1983, Remedial Action Proposal Letter, ADMIN000018

    g. Wickes Companies, 1983, Proposed Remedial Action Plan, ADMIN000030

    h. California DHS, 1989, Memorandum Regarding Certification of Wickes Forest Industries, ADMIN000087

    i. Levine-Fricke, 1991, Results of Hydrogeologic Investigations and Evaluation of Remedial Action Alterantives, ADMIN000193

    j. Levine-Fricke, 1991, Results of Soil Sample Analyses and Evaluation of Soil Remedial Alternatives, DTSC000853

    k. USEPA, 1992, Contaminants and Remedial Options at Wood Preserving Sites

    l. Levine-Fricke, 1994, Remedial Action Plan, Volume 1 of 2, ADMIN000493

    m. Levine-Fricke, 1994, Remedial Action Plan, Volume 2 of 2, ADMIN000589

    n. U.S. Congress Office of Technology, 1995, Cleaning Up Contaminated Wood-Treating Sites

    o. USEPA, 1995, Presumptive Remedies for Soil, Sediments, and Sludges at Wood Treater Sites

    p. Levine-Fricke, 2001, Five-Year Review Report, ADMIN002330

    q. Levine-Fricke, 2004, Results of a Laboratory Treatability Study and Work Plan to Conduct, ADMIN002503

    r. DTSC, 2005, DTSC Conditional Approval for Pilot Study Work Plan to Assess the Feasibility of Discontinuing Groundwater Extraction in the Northern, ADMIN003554

    s. DTSC, 2005, DTSC Letter – Project Update Request, ADMIN003728

    t. DTSC, 2005, DTSC email re Status of Groundwater Extraction System, ADMIN003734

11

     u. DTSC, 2006, Imminent and Substantial Endangerment Determination, ADMIN003747

     v. Kleinfelder, 2007, 2007 Groundwater Monitoring Report, ADMIN003819

     w. DTSC, 2008, - Approval to Modify the GWETS and Discharge to the Ditch, ADMIN04539

     x. URS Corporation, 2008, Remedial Investigation Work Plan, ADMIN 00450

     y. URS Corporation, 2008, Remedial Investigation Report, ADMIN004894

     z. DTSC, 2008, Start Work Order – 1-406-1.2-100164 (URS Corporation), ADMIN004972

     aa. URS Corporation, 2008, Groundwater Monitoring Report, ADMIN004985

     bb. Regional Water Quality Control Board, Central Valley 2009, Notice of Adoption Rescinding National Pollution Discharge Elimination System Permit, ADMIN005343

     cc. DTSC, 2010, DTSC Email – Fact Sheet for RAW, ADMIN005934

     dd. URS Corporation, 2010, Removal Action Workplan (RAW), ADMIN006202

     ee. Arcadis, 2001, Revised Removal Action Implementation Plan, ADMIN007379

     ff. Arcadis, 2012, Removal Action Completion Report, ADMIN007845

     gg. URS Corporation, 2013, Well Destruction Report, ADMIN009967

     hh. Geocon, 2017, Semi-Annual Groundwater Monitoring Report – June 2017

     ii. Geocon, 2019, Semi-Annual Groundwater Monitoring Report – June 2018 (Revised)

     jj. Geoncon, 2019, Semi-Annual Groundwater Monitoring Report – December 2018

Exhibit D: Defendant Exhibits

a. URS, 2008. Remedial Investigation Work Plan. April.

b. Kleinfelder, 2007. Sampling and Analysis Plan. March 21.

c. DHS, 1987. Memo re: Site History and Status. October 16. DTSC016526

d. EDR, 2004. Aerial Photographs Decade Package.

e. LF, 1994. Remedial Action Plan. February 25. ADMIN000493

f. Water Board, 1982. Cleanup and Abatement Order. June 9. ADMIN000010

g. Water Board, 1982. Cleanup and Abatement Order. October 4. ADMIN000013

h. DHS and Water Board 1984. Settlement Agreement and Schedule of Compliance. February 26. DTSC015684

i. DTSC, 1992. Enforceable Agreement. February 5. ADMIN000403

j. DTSC, 1996. Enforceable Agreement. February 26. DTSC018554

k. DTSC, 2006. Imminent and Substantial Endangerment Determination for the Wickes Forest Industries Site. November 13. ADMIN003747.

l. DTSC, 2011. Notice of Issuance of Imminent or Substantial Endangerment Order and Remedial Action Order. March 17. ADMIN006825.

m. D&S, 1981. Site Investigation – Elmira Facility, June 25, DTSC015063

n. Woodward Clyde, 1983. Interim Phase I Report. April 28. DTSC015207

o. Woodward Clyde, 1983. Interim Phase II Data Report. August 19. DTSC015526

p. DHS, 1989. Certification of Wickes Forest Industries, Solano County. May 10. ADMIN000088.

q. LF, 1991. Results of Hydrogeologic Investigation and Evaluation of Remedial Action Alternatives. March 29. ADMIN00193.

r. Wickes, 1983. Remedial Action Proposal Letter. September 9. ADMIN000018.

s. DTSC, 1992. Report of Completion of Removal Action. June 12. ADMIN0000413

t. JRM, 1983. Progress Report, Wickes Elmira Remedial

13

Actions. December 19. DTSC029141

u. LF, 1994. Remedial Action Plan. February 25. ADMIN000493

v. DTSC, 1996. Site Certification. March 12. ADMIN002204.

w. LF, 1994. Remedial Action Plan. February 25. ADMIN000692.

x. Levine Fricke, 1989. Work Order Number 1. February 14. DTSC029086

y. LFR, 2001. Five-Year Review Report. July 27. ADMIN002330.

z. LFT, 2004. Results of a Laboratory Treatability Study and Work Plan to Conduct a Pilot Scale Study for In-Situ Treatment. March 25. ADMIN002503

aa. DTSC, 2007. State Orphan Site. July. DTSC038117

bb. DTSC, 2008. URS Start Work Order 1-406-1.0-100164 re: Source Area Soils Investigation. February 1. DTSC068255

cc. URS, 2008. Remedial Investigation Work Plan. April. Page 8. ADMIN004540

dd. URS, 2008. Remedial Investigation Work Plan. July. Page 17. ADMIN004894

ee. Levine Fricke, 1991. Results of Soil Sample Analyses and Evaluation of Soil Remedial Alternatives. July 31. DTSC000853

ff. URS, 2008. Remedial Investigation Work Plan. July. Page 14. ADMIN004894

gg. DTSC, 2008. URS Start Word Order 1-406-1.2-100164 re: GW Removal Action Workplan. October 31. DTSC068225

hh. LFR, 2004. Results of a Laboratory Treatability Study and Work Plan to Conduct a Pilot-Scale Study for In Situ Treatment. March 25. ADMIN002503.

ii. URS, 2010. Removal Action Work Plan. July. Page 1-1. ADMIN006202

jj. URS, 2010. Removal Action Work Plan. July. Page 4-3. ADMIN006202

kk. DTSC, 2010. Removal Action Work Plan. July. Page 5-10. ADMIN006202

ll. DTSC, 2011. Work Order Amendment. November 7. ADMIN007604

mm. URS, 2012. Removal Action Completion Report. April 24. ADMIN007845

nn. ADMIN000548.

oo. ADMIN000516

pp. DTSC, 1994. Letter re: Remedial Action Design. July 27.

1  ADMIN000832
2      qq. CAPCo, 1995. Covenant to Restrict Use of Property. October 27. ADMIN002190
3      rr. DTSC, 1996. Site Certification. March 12. ADMIN002204
4      ss. DTSC, 1996. Press Release of Site Certification. March 26. ADMIN002312
5
6      tt. LFR, 2004. Annual Groundwater Monitoring Report November 2003 through October 2004. November 15. ADMIN002887
7      uu. LFR, 1995. Operation and Maintenance Manual for the Ground-water Extraction and Treatment System. October 16. DTSC003364
8
9      vv. DTSC, 1996. Enforceable Agreement. February 26. ADMIN002204
10     ww. CAPCO-Dobbas-CRI, 1997. Access and Remediation Agreement. March 21. ADMIN002315
11
12     xx. LFR, 2005. Asphalt Cap Report, Condition, Maintenance, Effectiveness and Recommendations. March 1, ADMIN003183
13     yy. DTSC, 2004. Letter re: Deed Restriction and Operation and Maintenance Agreement Inspection. August 20. DTSC008804
14
15     zz. Geocon, 2016. 2016 Five-Year Review Report. November. Page 10. IDSUPP004003
16     aaa. DTSC, 2007. Internal email re: Wickes cost estimate for fiscal 07/08. May 23. DTSC038115
17     bbb. 1997, USEPA. Rules of Thumb for Superfund Remedy Selection. August. EPA. 540-R-97-013
18
19     ccc. DTSC, 1992. Policy on Oversight and Supervision of Investigations and Removal and Remedial Actions at Hazardous Substances Sites, Section III.c.SM-92-01. July 1.
20
21     ddd. DHS, 1983. Memo re: Wickes Forest Industries Facility Proposed Remedial Action Proposal. September 20. DTSC029469
22     eee. DTSC, 1991. Letter to Wickes re: August 15, 1991 Meeting Agreement Summary, August 29. DTSC028708
23     fff. DTSC, 1991. Letter to Wickes re: Response to letters dated September 9 and 10, 1991. October 18. DTSC017487
24
25     ggg. DTSC, 1992. Report of Completion of Removal Action. June 12. ADMIN000413
26     hhh. DTSC, 1992. Letter to Wickes re: Departments' position regarding the scope of the RAP. January 17. DTSC028699.
27
28     iii. Pillsbury Madison & Sutro, 1992. Letter to DTSC re: Former Wickes Forest Industries, Elmira Site. January 28.

15

DTSC028397

    jjj. URS, 2010. Removal Action Work Plan. June. ADMIN006202

    kkk. DTSC, 1996. Remedial Action Certification. March 6. ADMIN002266.

    lll. CAPCo, 1996. Letter re: Detailed Cost Estimate for Operation and Maintenance of the Groundwater Extraction and Treatment System. March 6. DTSC018248

    mmm. DTSC, 1996. Letter re: Operations and Maintenance Cost Estimate. May 31. DTSC018221

    nnn. CAPCo, 1996. Letter re: Financial Assurances Test. July 3. DTSC018219

    ooo. California DOJ, 2007. Letter to DTSC re: CAPCo Bankruptcy. October 15. AGO000498

    ppp. DTSC, 2007. State Orphan Site, Wickes Forest Industries, July. DTSC038117

    qqq. URS, 2010. Removal Action Workplan. July. ADMIN006202

    rrr. Arcadis 2012. Removal Action Completion Report. April 24. ADMIN007845

    sss. 2024, Geocon. Semi-Annual Groundwater Monitoring Report, June 2023. February.

    ttt. IDSUPP000056

[SIGNATURE]

16